Liebler, Ivey, Conner, Berry & St. Hilaire
By:     Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

Klein, Zelman, Rothermel, & Dichter, L.L.P.
By:     Peter J. Glantz, Esq. & Sean Moynihan, Esq.
485 Madison Avenue
New York, New York 10022
Telephone Number (212) 935-6020
Facsimile Number (212) 753-8101
Attorneys for Defendant
Impulse Marketing Group, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| JAMES S. GORDON, JR.,<br>an individual residing in<br>Benton County, Washington,<br><br>      Plaintiff,<br><br>vs.<br><br>IMPULSE MARKETING GROUP, INC.,<br>A Nevada Corporation<br><br>      Defendant. | No. CV-04-5125-FVS<br><u>DECLARATION OF DAVID<br>O. KLEIN, ESQ. IN SUPPORT<br>OF DEFENDANT'S MOTION<br>TO DISMISS PLAINTIFF'S<br>COMPLAINT</u><br><br>DATE: January 25, 2005 |

David O. Klein, being duly sworn, deposes and says:

1. My name is David O. Klein and I am a partner at the law firm of Klein, Zelman, Rothermel & Dichter, L.L.P. ("KZRD"). I serve as corporate and litigation counsel to Impulse Marketing Group, Inc. ("Impulse").

2. I prepared this Declaration in support of Impulse's motion to dismiss the instant action pursuant to Federal Rules of Evidence §12(b)(6).

{00068364;1}

3. In support of the Impulse res judicata argument set forth in the Memorandum of Law, there is a legal relationship between Commonwealth Marketing Group, Inc. ("CMG") and Impulse arising out of a Website Development and Marketing Services Agreement (the "Agreement") entered into on or about December 10, 2001. See Exhibit "E," annexed to the Declaration of Phillip Huston, dated January 21, 2005.

4. Pursuant to the terms of the Agreement, Impulse, a permission-based marketing company, agreed to market and advertise CMG's USA Gold Card program via the Internet (the "Program"). See Exhibit "E."

5. The Program allowed individuals to apply for a USA Gold Card online and, upon acceptance of the individual's application, use their USA Gold Card to shop online and purchase products offered by USA Shop Smart, as well as receive pre-approval for an unsecured Visa credit card. See Exhibit "E" at p. 1.

6. The Agreement indicates that Impulse would indemnify and hold CMG harmless, in certain instances, from and against any liability, claim, deficiency, loss, damage, penalty, or injury suffered or incurred by CMG arising from, *inter alia*, any act outside the scope of Impulse's duties in connection with the marketing or distribution of the Program. See Exhibit "E" at pp 6-7.

7. Based upon this indemnification provision, CMG tendered its defense to Impulse in a substantially identical related action brought by Mr. Gordon against CMG (the "Related Action") for CMG's alleged violation of the State of Washington Commercial Electronic Mail Statute, RCW §§19.190.20, 19.190.30, 19.190.40(1) and the State of Washington Consumer Protection Act, RCW §19.86 et seq.

8. The Related Action arose out of the receipt of the same commercial e-mails as allegedly transmitted by Impulse to Mr. Gordon in the instant litigation.

9. Impulse retained KZRD to examine whether it had a contractual obligation to indemnify CMG in the Related Action pursuant to the terms of the Agreement.

10. After examining the terms of the Agreement, an understanding between CMG and Impulse to defend and indemnify it in the Related Action could not be reached. As such, Impulse did not defend, indemnify and/or hold CMG harmless in the Related Action.

11. Based upon the terms of the Agreement, however, Impulse had, and still has, an express legal relationship with CMG and, throughout the course of the Related Action, maintained a significant interest in its outcome.

12. While Impulse was not a party to the Related Action, KZRD, on behalf of Impulse, closely monitored the Related Action out of concern that CMG might seek contractual indemnification from it in a third party action, or that CMG might name Impulse as a defendant in the Related Action.

13. For this reason, Impulse authorized KZRD to: 1) provide counsel for CMG with any and all information requested in connection with its defense in the Related Action including, but not limited to, documentation evidencing plaintiff's express consent to receiving the commercial e-mail messages at issue in the Related Action; 2) examine all pleadings and discovery disclosures produced in the Related Action; and 3) continuously monitor and communicate with counsel for CMG concerning developments in the Related Action.

14. In support of CMG's defense of the Related Action, Impulse disclosed to CMG, certain Impulse business records that are annexed to the Declaration of Phillip Huston, dated January 21, 2005, as Exhibit "F."

15. The claims in the instant litigation and the Related Action are identical.

16. The Related Action was dismissed on its merits as ordered by Hon. Hon. Alan A. McDonald.

17. There exists a legal relationship between Impulse and CMG sufficient to establish privity between them.

18. Mr. Gordon should, therefore, be estopped from continuing with the instant litigation based upon the doctrine of res judicata.

19. Accordingly, Impulse respectfully requests that this Court dismiss plaintiff's Complaint, in its entirety, pursuant to Federal Rules of Civil Procedure §12(b)(6) on the grounds that, *inter alia*, plaintiff's claims are barred by the doctrine of res judicata.

20. I certify and declare, under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

Dated this 25th day of January, 2005

David O. Klein

Sworn to and subscribed before me
this 25 day of January 2005

Notary Public

DANA CHARLTON
Notary Public, State of New York
No. 60-4512786
Qualified in Westchester County
Commission Expires November 30, 20 05