Klein, Zelman, Rothermel, & Dichter, L.L.P.
By:   Peter J. Glantz, Esq. & Sean Moynihan, Esq.
485 Madison Avenue
New York, New York 10022
Telephone Number (212) 935-6020
Facsimile Number (212) 753-8101
Attorneys for Defendant
Impulse Marketing Group, Inc.

Liebler, Ivey, Conner, Berry & St. Hilaire
By:   Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| JAMES S. GORDON, JR., an individual residing in Benton County, Washington, <br><br>　　　　Plaintiff, <br><br>　　vs. <br><br>IMPULSE MARKETING GROUP, INC., A Nevada Corporation <br><br>　　　　Defendant. | No. CV-04-5125-FVS <br> <u>DECLARATION OF PHIL HUSTON IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u> <br><br> DATE: January 21, 2005 |

PHIL HUSTON, being duly sworn, deposes and says:

1. My name is Phil Huston. I am Vice President of Marketing for Defendant Impulse Marketing Group, Inc. ("Impulse"), a duly formed corporation in the State of Nevada.

2. Impulse has its principal place of business headquartered in Atlanta, Georgia.

{00068327;1}

3. Upon information and belief, plaintiff, Mr. James S. Gordon, Jr., served a Summons and Complaint against Commonwealth Marketing Group, Inc. ("CMG") in the Superior Court of Washington, Benton County, Case Number 03-2-02677-5. <u>See</u> Exhibit "A," annexed hereto, for a copy of this Complaint.

4. Upon information and belief, this action was subsequently removed from the Superior Court of Washington in and for the County of Benton to the United States District Court (Spokane) for the Eastern District of Washington pursuant to 28 U.S.C. §§ 1441 and 1446. <u>See</u> Exhibit "B," annexed hereto, for a copy of the Docket Report of the Related Action.

5. The new Case Number is 2:04-cv-05003. <u>See</u> Exhibit "B."

6. Upon information and belief, plaintiff amended his Complaint on June 24, 2004 and July 25, 2004 (hereinafter, collectively referred to as the "Related Action"). <u>See</u> Exhibit "C," annexed hereto, for copies of the Amended Complaints.

7. Impulse was never a defendant in the Related Action.

8. According to the United States District Court (Spokane) docket report, Hon. Alan A. McDonald dismissed the Related Action <u>with prejudice</u> (emphasis supplied). <u>See</u> Exhibit "B."

9. The dismissal was entered on or about October 20, 2004 and was filed as a "text-only entry." <u>See</u> Exhibit "B."

10. On November 23, 2004, plaintiff filed and served the instant action against Impulse. <u>See</u> Exhibit "D," annexed hereto, for a copy of the Complaint in the instant action.

11. On or about December 10, 2001, two (2) years prior to Mr. Gordon's action against CMG, Impulse and CMG entered into a Website Development and Marketing Services Agreement (the "Agreement"). <u>See</u> Exhibit "E," annexed hereto, for a copy of the Agreement.

12. Impulse, a permission based marketing company, agreed to market and advertise CMG's USA Gold Card program over the Internet (the "Program"). <u>See</u> Exhibit "E."

13. The Program allowed individuals to apply for a USA Gold Card online and, upon acceptance of the individual's application, use their USA Gold Card to shop online and purchase products offered by USA Shop Smart as well as receive pre-approval for an unsecured Visa credit card. <u>See</u> Exhibit "E" at p 1.

14. The Agreement stated that Impulse indemnify and hold CMG harmless from and against any liability, claim, deficiency, loss, damage, penalty, or injury suffered or incurred by CMG arising from, *inter alia*, any act outside the scope of Impulse's duties in connection with the marketing or distribution of the Program. <u>See</u> Exhibit "E" at pp 6-7.

15. Based upon this indemnification provision, CMG tendered its defense to Impulse. I retained the law firm of Klein, Zelman, Rothermel & Dichter, LLP ("KZRD") to examine whether Impulse should indemnify CMG in the Related Action.

16. Upon the advice of counsel, and, unable to reach an agreement with CMG to defend them in the Related Action, Impulse did not indemnify and hold CMG harmless in the Related Action. Accordingly, Impulse denied CMG's request to defend it in the Related Action.

17. Based on the foregoing, Impulse had a significant interest in the Related Action and, while not a party to the Related Action, participated in the Related Action by directing KZRD to protect the interests of Impulse by participating in the Related Action.

18. I directed and authorized KZRD, on behalf of Impulse, to: 1) provide counsel for CMG with any and all information requested including, but not limited to, documentation that plaintiff expressly consented or "opted-in" to receiving the commercial e-mail at issue in both the Related Action and, now, the instant litigation; 2) examine all pleadings and discovery disclosures from the Related Action; and 3) continuously communicate with counsel for CMG and monitor the Related Action and the lawsuits potential financial and legal ramifications and obligations that Impulse may have had and, may continue to have, toward CMG.

19. According to Impulse's records, annexed hereto as Exhibit "F," plaintiff "opted-in" to receiving commercial e-mail from Impulse and/or CMG on January 7, 2002, August 30, 2002, April 9, 2003, September 3, 2003, September 10, 2003, September 15, 2003, September 17, 2003, October 20, 2003 and January 14, 2004.

20. The precise times of theses "opt-ins" are set forth in Exhibit "F."

21. According to the Impulse business records, plaintiff consented to receive commercial e-mail from Impulse and/or CMG on the following websites that marketed the Program: www.tigeremaildirect.com, www.emaildirect.com, www.americangreeting.com, www.fridaysales.com and www.emailprize.com.

22. Plaintiff's submission of his e-mail address at these websites that marketed the Program serve as affirmative consent to the receipt of commercial e-mail from Impulse and/or CMG.

23. Therefore, plaintiff's consent to receiving the commercial e-mail at issue must preclude any cause of action against Impulse for a violation of the State of Washington Commercial Electronic Mail Statute, RCW §§19.190.20(1)(a) et seq. as a matter of law.

24. Based upon the foregoing, Impulse respectfully requests that this Court dismiss plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure, 12(b)(6) on the grounds that: a) plaintiff's claims are barred by the doctrine of collateral estoppel; b) plaintiff's claims are preempted by Federal law; and (c) plaintiff cannot possibly plead a proper violation of the State of Washington Commercial Electronic Mail Statute, RCW §§19.190.20, 19.190.30, 19.190.40(1) and the State of Washington Consumer Protection Act, RCW 19.86 et seq. Defendant also respectfully requests that this Court grant such other and further relief as it deems just and proper.

Dated this 20th day of January, 2005

*/s/ Phillip Huston*
Phillip Huston
Vice President of Marketing
Impulse Marketing Group, Inc.

Sworn to and subscribed before me
this 20th day of January 2005

*/s/ Jacqueline Reynolds*
Notary Public

{00068327;1}                                    5

Notary Public, Cobb County, Georgia
My Commission Expires April 29, 2005