DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| JAMES S. GORDON, JR,<br>an individual residing in<br>Benton County, Washington.<br><br>   Plaintiff,<br><br>vs.<br><br><br><br>IMPULSE MARKETING<br>GROUP, INC.,<br>a Nevada Corporation<br><br><br><br>   Defendant. | NO. CV-04-5125-FVS<br><br>Plaintiff's Response to<br>Defendant's Motion to Dismiss<br>Plaintiff's Complaint;<br>Certificate of Service<br><br>JURY TRIAL DEMANDED |

COMES NOW the plaintiff, James S. Gordon, Jr., and files this

response to the Defendant's Motion to Dismiss Plaintiff's Complaint.

Plaintiff's Response to Defendant's
Motion to Dismiss Plaintiff's
Complaint., Certificate of Service

1

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

## I. RES JUDICATA DOES NOT BAR MR. GORDON'S CLAIMS

**PROCEDURAL BACKGROUND**

Mr. Gordon does not contest the bulk of the defendant's recitation of the procedural history of Mr. Gordon's prior lawsuit against Commonwealth Marketing Group, Inc., ("CMG"). Mr. Gordon filed an action against CMG in Benton County Superior Court (the "CMG suit") on December 15, 2003. The CMG suit was then removed to this Federal Court and assigned to Senior Judge Alan McDonald. The CMG suit was dismissed with prejudice on October 20, 2004. Notably, it was at Mr. Gordon's request that the suit was dismissed.

Mr. Gordon denies virtually all of the defendant's remaining allegations concerning the relationship between the CMG suit and the now pending claims against Impulse. Mr. Gordon contends that the doctrine of res judicata is inapplicable to the facts before the Court, and Mr. Gordon further contends that even if the Court applies the doctrine of res judicata, the claims against Impulse cannot be barred because 1) they are not the same claims as those asserted and dismissed in the CMG suit and 2) there

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

2

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

is no privity between Impulse and CMG. Accordingly, the present claims cannot be barred by the doctrine of res judicata as a matter of law.

## **RES JUDICATA DOES NOT APPLY TO THE DISPUTE**

Washington's Commercial Electronic Email Statute, RCW 19.190 et seq. (hereafter the "Act") generally prohibits falsity and deception in commercial electronic mail messages. Overlapping prohibitions in the Act simultaneously apply to those who "initiate the transmission" of false or deceptive messages, to those who "conspire with another to initiate the transmission" of false or deceptive messages, and to those who "assist [in] the transmission" of false or deceptive messages. See RCW 19.190.020. It is obvious from a plain reading of the Act that several persons may each violate separate prohibitions in the Act in the transmission of a single commercial electronic mail message, (eg. one individual may have liability for "initiating" transmission, and another for "assisting" transmission of the same message).

In seeking to apply the principles of res judicata, Impulse is in effect asking the court to ignore this structure in the Act, and to instead treat the matter as a contract or tort dispute between Mr. Gordon, CMG and

Impulse. However, this is not the proper framework to analyze the action. The court should instead view Mr. Gordon's action as enforcing Washington law in a "private attorney general" capacity against Impulse.

The purpose of the Act is clearly punitive in nature. Before passing the Act, the Washington State legislature heard copious testimony that the specific conduct prohibited by the Act cost businesses in the state of Washington thousands of hours in lost productivity and millions of dollars in wasted costs.[1] The Washington legislature sought to discourage that conduct by exposing persons sending, assisting in sending, and conspiring to send false and deceptive commercial mail messages to significant financial liability, often vastly exceeding actual damages. To enforce the Act, the legislature designed the statute to allow Washington's Attorney General to prosecute violations by defining violations of the Act as "per se" violations of Washington's Consumer Protection Statute, RCW 19.86. Both Washington's Consumer Protection Statute and Washington's

---

[1] No official transcripts were made of the testimony before the Washington State Legislature. Instead, the testimony was recorded, and has been made available by the State at http://198.239.32.151/ramgen/Archives/199904/

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

4

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Commercial Electronic Email Statute further authorize citizens, such as Mr. Gordon, to bring actions against persons violating the Act.

Thus, as prescribed by the Act and Washington's Consumer Protection statute, Mr. Gordon is seeking to impose a penalty for Impulse's ongoing violations of the Act. Impulse, and previously CMG, stand accused as separate entities, each of whom are accountable for their own violations of the Act. Just as the prior conviction of a criminal does not operate to prevent the subsequent prosecution of a different criminal, the doctrine of res judicata simply does not apply to separate entities each accused of individually violating the Act.

Generally speaking, the pursuit of a claim against one individual will not bar the pursuit of the same claim against another. *See* Restatement (Second) of Judgments § 49 (1982) ("A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be who may be liable therefore."); *id.* § 49 cmt. a ("Accordingly, a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor."). Each defendant is liable for their own conduct regardless of the disposition of a separate prosecution against a different

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

5

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

party for their separate conduct, even if the various defendants' prohibited acts were related. Res judicata is therefore simply inapplicable, and the entire analysis need not even be conducted.

However, if the court does apply the principles of res judicata, it is still clear that the requirements for dismissal as set forth by the 9th Circuit are not met, and Mr. Gordon's suit against Impulse is not properly dismissed.

## **THE PRESENT CLAIMS DERIVE FROM A DIFFERENT SET OF FACTS THAN THE CMG SUIT**

To dismiss an action as barred by res judicata, the Ninth Circuit requires an 1) identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties. Owens v. Kaiser Foundation Health Plan, Inc. 244 F.3d 708, 713 (9th Cir. 2001). If any of the three prongs are not met, res judicata is inapplicable, and the action is not barred. City of Martinez v. Texaco Trading and Transp. 353 F.3d 758 Ca. (9th Cir. 2003). Addressing the first and second prongs, there is neither identity of claims nor a final judgment on the merits, because the claims before this Court include claims that could not be asserted, and were not asserted, in the CMG suit.

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

6

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

## IMPULSE'S CLAIM THAT THE EMAILS ARE "THE SAME" IS BOTH DISINGENUOUS AND FALSE

Until the filing of this brief, Mr. Gordon had never revealed to Impulse which commercial electronic mail messages formed the basis for the claims now asserted against Impulse. See ¶ 2 of "Declaration of James S. Gordon, Jr. in Support of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint." The sworn statement of the defendant's attorney David O. Klein is therefore puzzling. Mr. Klein states:

> "The Related Action [the CMG suit] arose out of the receipt of the same commercial e-mails as allegedly transmitted by Impulse to Mr. Gordon in the instant litigation."

See ¶ 8. of "Declaration of David O. Klein, Esq. in Support of Defendant's Motion to Dismiss Plaintiff's Complaint"

Unless Mr. Klein is clairvoyant, he cannot possibly have known which emails Mr. Gordon was referencing in his complaint. Even if one assumes that Mr. Klein had detailed and specific knowledge of the commercial e-mails that were at issue in the CMG suit, he still cannot possibly have known that the commercial e-mails at issue in the present suit were "the same." In fact, since Impulse continued to send Mr. Gordon commercial e-mail messages that violate RCW 19.190 et seq long *after* the

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

7

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

date the CMG suit was dismissed, Mr. Klein and Impulse had good reason to suspect that many of the commercial e-mails asserted in the present suit were *not* the same as those asserted in the CMG suit.

Regardless of Mr. Klein's misstatement of this material fact, the present suit inarguably includes emails that were sent by Impulse that were *not* a part of any claims asserted by Mr. Gordon in the CMG suit.  See ¶¶ 11 and 12 of "Declaration of James S. Gordon, Jr. in Support of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint." Notably, these unrelated and distinct emails number over 300 to date, and thus give rise to damages that are more than sufficient to satisfy the requirements of diversity jurisdiction standing on their own.

## THE PRESENT CLAIMS INCLUDE CLAIMS ARISING FROM EMAILS THAT WERE NOT A PART OF THE CMG SUIT

The claims against Impulse can be divided into three categories. The first category comprises claims arising from commercial electronic messages sent by Impulse that offered products from companies other than CMG.  Mr. Gordon obviously could not, and did not, assert claims against CMG arising from these emails, as they were unrelated to CMG.  Claims against Impulse and derived from this first category of emails indisputably

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

8

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

fail to satisfy any of the requirements of <u>Owens</u>.  These claims lack identity of both claims and parties, and a final judgment on the merits, because they were not asserted against CMG.

The second category comprises claims related to emails that were sent *after* the CMG suit was dismissed.  Claims arising from these emails also cannot possibly meet the requirements of <u>Owens</u> as these claims are derived from acts that had not yet occurred at the time the CMG suit was dismissed.  At a minimum, claims arising from emails sent by Impulse after the conclusion of the CMG suit lack identity and a final judgment on the merits, because were not asserted against CMG and were not contemplated by the Court's dismissal.

The third category of emails related to Mr. Gordon's claims against Impulse are emails that were part of the basis for Mr. Gordon's claims in the CMG suit.  Mr. Gordon's claims related to these emails are also not properly barred under the doctrine of res judicata because the third prong of the <u>Owens</u> test cannot be met, as there can be no privity between CMG and Impulse.

Plaintiff's Response to Defendant's
Motion to Dismiss Plaintiff's
Complaint., Certificate of Service

9

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

# CLAIMS ARISING FROM EMAILS THAT WERE AT ISSUE IN THE CMG SUIT STILL INVOLVE DIFFERENT PARTIES WHO WERE NOT IN PRIVITY; FTC V. GARVEY CONTROLS THE PRIVITY ANALYSIS AND DICTATES THAT THE DEFENDANT'S REQUEST FOR DISMISSAL BASED ON RES JUDICATA BE DENIED

In FTC v. Garvey 383 F.3d 891 C.A.9 (Cal.), 2004, (decided a mere 7 weeks before the CMG suit was dismissed at Mr. Gordon's request), the 9th Circuit Court of Appeals examined a case virtually identical to the case now before this Court. The FTC had brought two separate but virtually identical actions, each seeking to enforce sections 5 and 12 of the FCTA, 15 U.S.C. § 45 and 52; (the federal counterpart to Washington's Consumer Protection statute).

The first action was brought against Enforma, who had been accused of selling a dietary product by using false and misleading television advertising. The second action was against the "Modern Interactive Defendants," who had produced the accused television advertising for Enforma. The FTC had entered into a Stipulated Final Order with Enforma, settling the Enforma suit, and the Modern Interactive Defendants sought to have the FTC's complaint against them dismissed as a result of that settlement on the basis of res judicata. After the district court granted

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

10

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

the Modern Interactive Defendant's motion to dismiss, the 9th Circuit reversed.

The 9th Circuit recognized that the two suits involved the exact same television advertising, and further recognized the fact that Enforma had agreed to indemnify the Modern Interactive Defendants. Nevertheless, the 9th Circuit found that the Enforma defendants were "not sufficiently connected" with the Modern Interactive Defendants to create privity and justify barring the FTC's claims under the doctrine of res judicata. The rational for the 9th Circuit's September 1, 2004 opinion reads:

> This conclusion is supported by evidence that Enforma knew that the FTC was pursuing and intended to continue pursuing other defendants around the time that the Stipulated Final Order was entered. An FTC attorney submitted a declaration stating that he gave Enforma's counsel notice that the FTC was pursuing additional parties and that the settlement would not bar subsequent enforcement actions against those parties.

Just as the FTC had informed Enforma that it intended on pursuing the Modern Interactive Defendants prior to settling, Mr. Gordon had repeatedly and specifically informed CMG that he viewed Impulse's liability as independent and separate from CMG's, and that he fully intended to bring a separate action against Impulse. See ¶ 9 of "Declaration of James S. Gordon, Jr. in Support of Plaintiff's Response to

Plaintiff's Response to Defendant's
Motion to Dismiss Plaintiff's
Complaint., Certificate of Service

11

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Defendant's Motion to Dismiss Plaintiff's Complaint." The facts in the case before this court are thus virtually identical to those before the 9th Circuit in <u>FTC v. Garvey</u>, and where they differ, they do so in ways that further argue against privity and res judicata.

The FTC's suits against Enforma and the Modern Interactive Defendants arose from violations based on the exact same fraudulent advertising. While there is some overlap, the fraudulent email advertising in the present suit is at least partially distinct from that asserted in the CMG suit. Just as Enforma was told the FTC intended to pursue claims against the Modern Interactive Defendants, Mr. Gordon specifically informed CMG that he intended to bring this action against Impulse. Finally, Enforma indemnified the Modern Interactive Defendants. However, in the present action, Impulse itself flatly states that it refused to accept liability for Mr. Gordon's claims against CMG. In paragraph 10 of the declaration of David O. Klein, Mr. Klein states:

> "After examining the terms of the Agreement, and understanding between CMG and Impulse to defend and indemnify it in the Related Action [the CMG suit] could not be reached. As such, Impulse did not defend, indemnify and/or hold CMG harmless in the Related Action [the CMG suit]."

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

12

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

See ¶ 10. of "Declaration of David O. Klein, Esq. in Support of Defendant's Motion to Dismiss Plaintiff's Complaint"

Thus, by Impulse's own admission, Impulse did not and does not agree that it had any liability for claims asserted by Mr. Gordon in the CMG suit. How then can Impulse plausibly claim that it is in "privity" with the prior claims against CMG? Impulse simply asks the court to turn the doctrine of privity on its head.

## IMPULSE'S ANALYSIS OF HEADWATERS INC. V. U.S. FOREST SERVICE IS FLAWED

Impulse asks this Court to contort the Ninth Circuit's ruling in Headwaters Inc. v. U.S. Forest Service 382 F.3d 1025 C.A.9 (Or.), 2004.[2] to shoehorn Impulse into privity with CMG. However, the ruling in Headwaters was rendered on facts that are the mirror image of the facts presently before this Court.

In Headwaters, the 9th Circuit barred an environmental group from bringing a subsequent suit on behalf of the public. The suit alleged the same claims against the same defendant (the US Forest Service) as a

---

[2] The Defendant's have incorrectly cited the case as Headwaters, Inc. v Forest Conservation Counsel , 2004 U.S. App. LEXIS 18930 (9th Cir. 2004)

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

13

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

previous suit. The previous suit was brought by a "related" environmental group and was also on behalf of the public. The court reasoned that "privity" existed between the original plaintiff and the subsequent plaintiff because the stated interests of the litigants were not simply "closely aligned," they were "the same," and the relief sought was "identical."

The present case presents the opposite circumstance. The present case does not involve identical defendants. Impulse is not the same as CMG. They are entirely separate and distinct entities. Even if successful, Mr. Gordon's claims do not seek any relief from CMG and there is no chance whatsoever that the present litigation will result in a judgment against CMG. Thus, if CMG has an interest in the outcome Mr. Gordon's claims against Impulse, it is based entirely on the possibility that Impulse might bring suit against CMG. The interests of CMG and Impulse are not "closely aligned" or "the same." The interests of CMG and Impulse are directly adversarial.

## **ADVERSARIAL PARTIES CANNOT BE IN PRIVITY**

In Bianchi v. Walker, 163 F.3d 564, (9th Cir. 1998), the 9th Circuit considered a claim of privity between adverse parties. The Court held:

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

14

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

> Bianchi also maintains that this court's decision in Bianchi v. Perry, 140 F.3d 1294 (9th Cir. 1998) is res judicata on the question whether the Bank is entitled to recover the amount owing on the VECP claim pursuant to the assignment agreement. This contention lacks merit. Bianchi v. Perry cannot serve as a bar to the Bank's claim because it was not a party or privy to that action.  Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim. See In Re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). The Bank and the Government are not in privity, they are adverse parties. Accordingly, neither Bank of America nor Bianchi v. Perry bars the Bank's rights under the assignment agreement.

Accordingly, any claim of privity between Impulse and CMG is in direct contradiction to Impulse's own conduct in refusing to indemnify CMG, and the binding precedent of the 9th Circuit Court of Appeals.  The Defendant's request for dismissal under the doctrine of res judicata should therefore be denied.

## II. WASHINGTON'S COMMERCIAL ELECTRONIC MAIL STATUTE WAS NOT PREEMPTED BY THE FEDERAL CAN SPAM LEGISLATION

Impulse's arguments related to federal preemption are entirely disingenuous.  Here is the part of the federal Can Spam legislation Impulse quotes in it's memorandum:

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

15

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

> This Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages . . .

Here is the language of the legislation that follows immediately thereafter, which Impulse saw fit to remove with the ellipse:

> , except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto. 15 USCA § 7707 (West Supp. 2003).

The intent of Congress could not be more plain. Statutes such as Washington's, which prohibit nothing but "falsity and deception," are deliberately excepted from federal preemption.

Washington's Commercial Electronic Mail statute was among a small handful of state statutes existed during the debate and passage of the CAN SPAM Act. Congress specifically and deliberately crafted the language of the CAN SPAM Act to allow the Washington statute to continue in full force and effect. The Defendant's request for dismissal under a claim of federal preemption is contradicted by the plain language of the CAN SPAM Act, appears to be a deliberate effort to mislead the Court, and should therefore be denied.

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

16

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

### III. IMPULSE'S CLAIM THAT IT "COULD NOT HAVE VIOLATED" THE ACT "AS A MATTER OF LAW" IS SOPHISTRY.

Impulse further seeks to have the claims dismissed claiming that Impulse "could not have violated" the law because Impulse asserts that Mr. Gordon "consented" to receiving Impulse's fraudulent email. Mr. Gordon contests this assertion, and further points out that even if Mr. Gordon did at one point "opt in" to receive email at some of Mr. Gordon's email addresses, the records produced by Impulse show that Mr. Gordon immediately "opted out." See Exhibit "F" of Impulse's motion to dismiss.

In either event, the question of whether Mr. Gordon "consented" to receiving the emails is irrelevant. Nowhere does RCW 19.190 et seq. distinguish between solicited and unsolicited email. The Act simply requires that commercial email (whether solicited or not) 1) not use a third party's internet domain name without permission of the third party, 2) not misrepresent or obscure any information in identifying the point of origin or the transmission path of a commercial electronic mail message; and 3) not contain false or misleading information in the subject line. Lack of "consent" is simply not an element for a violation of the Act. A party's

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service

17

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

"consent," or lack thereof, cannot and does not excuse another party's violations of the Act.

Finally, Impulse argues that Impulse should not be required to check the WAISP database to determine if Mr. Gordon is a Washington resident, and for that reason should be excused from its violations of the Act. Assuming, *arguendo*, that Impulse is not required to conduct this check, Impulse has admitted that it had actual knowledge Mr. Gordon was a Washington resident for over a year, and during that time Impulse has continued to send emails that violate the Act to Mr. Gordon.[3]  Given that Impulse continued to send fraudulent email to Mr. Gordon long after they know him to be a Washington resident, Impulse's complaints about "due process" are clearly a ruse.  Impulse couldn't care less who is or isn't a Washington resident.  Impulse simply wants this Court to hold that the Act does not apply to them.

Regardless of whether Impulse had a duty to check the WAISP database, the Act further provides that "a person knows that the intended

---

[3] Impulse claims in its memorandum that it participated in the CMG suit by providing documents and examining pleadings and discovery.  As such, Impulse was plainly aware that Mr. Gordon is and was a Washington resident.

recipient of a commercial electronic mail message is a Washington resident if that information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address." See RCW 19.190.120(2) In his complaint, Mr. Gordon states that he is the registrant of the "gordonworks.com" domain name, and that this information was available on request from Mr. Gordon. Impulse was therefore on notice that Mr. Gordon was a Washington resident.

Impulse relies on <u>Cybersell, Inc. v. Cybersell Inc.</u> 130 F.3d 414 (9th Cir. 1997) to argue that application of the Act violates their "due process" rights. However, the issue in the <u>Cybersell</u> case was personal jurisdiction. Impulse has not contested personal jurisdiction, or the fact that they are doing business in the state of Washington. Rather, Impulse simply argues that Washington's laws are sufficiently inconvenient that they should not apply to them. The Court should dismiss this nonsense out of hand.

## IV. CONCLUSION

None of Impulse's bases for dismissal under FRCP 12(b)(6) are sound. Res judicata is not applicable to the facts before the Court, and even if it were, an analysis under 9th Circuit precedent still shows that Mr.

Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint., Certificate of Service     19     DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Gordon's claims should not be barred. Washington's Commercial Electronic Mail statute was deliberately exempted from federal preemption, and Impulse's arguments that Washington's Commercial Electronic Mail statute doesn't apply to them or violates their due process rights are entirely specious. Accordingly, the Court should deny their motion to dismiss in its entirety, and grant such other and further relief as it deems just and proper.

DATED this <u>3rd</u> day of February, 2005

                                       S/ DOUGLAS E. MCKINLEY, JR.
                                       WSBA# 20806
                                       Attorney for Plaintiff
                                       P.O. Box 202
                                       Richland, Washington 99352
                                       Phone (509) 628-0809
                                       Fax (509) 628-2307
                                       Email: doug@mckinleylaw.com

Certificate of Service

I hereby certify that on February 3, 2005, I electronically filed the foregoing, together with a Declaration of James S. Gordon, Jr., with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Floyd Ivey, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: Peter J. Glantz, Sean A. Moynihan.

                                       S/ DOUGLAS E. MCKINLEY, JR.
                                       WSBA# 20806
                                       Attorney for Plaintiff
                                       P.O. Box 202
                                       Richland, Washington 99352
                                       Phone (509) 628-0809
                                       Fax (509) 628-2307
                                       Email: doug@mckinleylaw.com