DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

JAMES S. GORDON, JR,
an individual residing in
Benton County, Washington.

    Plaintiff,

vs.

IMPULSE MARKETING
GROUP, INC.,
a Nevada Corporation

    Defendant.

NO. CV-04-5125-FVS

Plaintiff's Response to
Defendant's Motions for
Mr. Klein, Mr. Glantz, and
Mr. Moynihan to participate
Pro Hac Vice;
Certificate of Service

JURY TRIAL DEMANDED

Plaintiff's Response to Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice, Certificate of Service

1

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

COMES NOW the plaintiff, James S. Gordon, Jr., and files this response to the Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice.

## **The participation of Mr. Klein, Mr. Glantz, and Mr. Moynihan Pro Hac Vice would appear to violate Rule 3.7 of the Rules of Professional Conduct**

This Court is currently scheduled to hear the Defendant's motion to dismiss the Plaintiff's complaint on February 25, 2005. In substantial part, the Defendant's motion seeks to dismiss the Plaintiff's complaint as being barred by the doctrine of "res judicata." To support the Defendant's contention, the Defendant has sought to convince the Court that the present litigation involves "the same" commercial email messages as those involved in a prior lawsuit against another party, and to further convince the court that "privity" exists between the present Defendant and the defendant in this prior lawsuit. The Defendant has urged the Court to accept these conclusions, and has further urged the Court to treat these conclusions as dispositive with respect to its motion to dismiss.

Plaintiff's Response to Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice, Certificate of Service

2

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

To establish both of these conclusions, Mr. Klein, (who now seeks admission to argue this same motion before this Court), has submitted a declaration, sworn to be true and under penalty of perjury, testifying that "[t]he Related Action [the prior suit] arose out of the receipt of the same commercial e-mails as allegedly transmitted by Impulse to Mr. Gordon in the instant litigation." (See ¶ 8, "Declaration of David O. Klein Esq. in support of Defendant's Motion to Dismiss Plaintiff's Complaint," dated January 25, 2005, hereafter the "Klein declaration")  Notably, no other evidence exists before the Court setting forth this assertion, and the Plaintiff has vigorously contested the truth of this assertion. (See page 7 of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint). Mr. Klein has further concluded that "[t]here exists a legal relationship between CMG and Impulse sufficient to establish privity between them" and has testified to numerous factual assertions in an attempt to bolster his conclusion. (See ¶¶ 9-13, 17, of the Klein Declaration). The Defendant has also vigorously disputed this conclusion. (See pages 10-16 of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint). Thus, the Defendants are urging the Court to

Plaintiff's Response to Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice, Certificate of Service

3

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

dismiss the Plaintiff's complaint based on disputed evidence that, in whole or in part, is *only* before the Court as a result of Mr. Klein's testimony at the same time they are seeking admission for Mr. Klein to argue the Defendant's motion based on that same evidence. Such conduct would appear to run afoul of Rule 3.7 of the Washington State Court Rules of Professional Conduct.

RPC 3.7 states:

A lawyer shall not act as advocate at a trial in which the lawyer or another lawyer in the same law firm is likely to be a necessary witness except where:
   (a) The testimony relates to an issue that is either uncontested or a formality;
   (b) The testimony relates to the nature and value of legal services rendered in the case; or
   (c) The lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate; or
   (d) The trial judge finds that disqualification of the lawyer would work a substantial hardship on the client and that the likelihood of the lawyer being a necessary witness was not reasonably foreseeable before trial.

As set forth above, Mr. Klein's testimony is not uncontested. Mr. Klein's testimony is also not a formality. Indeed, if the Court accepts both the Defendant's arguments regarding res judicata and further accepts Mr. Klein's testimony as factual, it is dispositive. Mr. Klein's testimony has nothing to do with the value of legal services, nor is it before the Court as a

Plaintiff's Response to Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice, Certificate of Service

4

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

result of any action on the part of the plaintiff. Mr. Klein's testimony was obviously foreseeable; it was on the Defendant's own initiative that it was entered into evidence. Finally, the disqualification of Mr. Klein would not appear to work a substantial hardship on the Defendant. Mr. Ivey has been representing the Defendant throughout the entire duration of the proceedings, is a member in good standing of both the bar of the State of Washington and this court, and is well versed in both the substantive Washington law that governs this case and the rules and regulations governing the procedural aspects of practice before this Court. On all of these issues, Mr. Klein's motion for admission Pro Hac Vice at this late date speaks for itself.

      With respect to Mr. Glantz, and Mr. Moynihan, both are partners or associates of Mr. Klein. Accordingly, the appearance of either would also appear to violate RPC 3.7. The Washington State Bar Association addressed this issue in its formal published opinion No. 110. The opinion reads as follows:

    Formal Opinion 110
    (1962)
    Lawyers as Witnesses

Plaintiff's Response to Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice, Certificate of Service

5

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

You have requested the opinion of the Committee on certain situations involving lawyers as witnesses. You have given us certain hypothetical cases and queries which we shall set forth in the order given to us followed by our opinions.

"1. A, B, C and D is a law partnership representing a client in a personal injury action. X is an employed associate of that partnership. The partnership represents a personal injury plaintiff on a basis of a contingent fee. During the trial of the case, X, the associate, is called as a witness to testify to the existence or non-existence of material facts relating to the main issues (as distinguished from purely formal facts). X did not have prior knowledge of any of these facts but went to investigate the subject of his testimony after the case arose and was referred to A, B, C and D.

"Query: Is there any difference in principle in this situation and in the situation of *In Re Thorstensen's Estate*, 28 Wn. 2d. 837, and *Leoas v. Dewey* 33 Wn. 2d. 232, and other such similar cases?"

Opinion: The opinions of the American Bar Association and the statements of the courts and particularly our own Supreme Court indicate that Canon 19 is to be strictly construed with certain exceptions that are not applicable here. This canon reads as follows: 'When a lawyer is a witness for his client except as to merely formal matters such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

It has been held in numerous opinions that the disability of a partner in a law firm is the disability of all the partners. It is the opinion of the Committee that the same disability exists as far as employed associates of the law firm are concerned and that it is not ethical for a lawyer, his partner, or his associate to testify in court in behalf of his client except as to merely formal matters.

We believe that the same principles and logic which made the canon necessary would apply to the lawyer's associates as well as his partner.

The Plaintiff realizes that motions to admit attorneys Pro Hac Vice are rarely, if ever, contested.  However, the facts of the instant case appear to present a unique and troubling circumstance.  Since the Washington

Plaintiff's Response to Defendant's Motions for Mr. Klein, Mr. Glantz, and Mr. Moynihan to participate Pro Hac Vice, Certificate of Service

6

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

State Supreme Court's rulings and the Washington State Bar's ethics opinions all seem to regard either a lawyer or his partners and associates appearing as an advocate in a matter where the lawyer has provided material testimony as unethical, the Plaintiff respectfully requests that the Court deny the motions of Mr. Klein, Mr. Glantz and Mr. Moynihan to participate pro hac vice.

DATED this 15th day of February, 2005

    S/ DOUGLAS E. MCKINLEY, JR.
    WSBA# 20806
    Attorney for Plaintiff
    P.O. Box 202
    Richland, Washington 99352
    Phone (509) 628-0809
    Fax (509) 628-2307
    Email: doug@mckinleylaw.com

## Certificate of Service

I hereby certify that on February 3, 2005, I electronically filed the foregoing, together with a Declaration of James S. Gordon, Jr., with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Floyd Ivey, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: David O. Klein, Peter J. Glantz, Sean A. Moynihan.

    S/ DOUGLAS E. MCKINLEY, JR.
    WSBA# 20806
    Attorney for Plaintiff
    P.O. Box 202
    Richland, Washington 99352
    Phone (509) 628-0809
    Fax (509) 628-2307
    Email: doug@mckinleylaw.com