DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### AT RICHLAND

JAMES S. GORDON, JR,
an individual residing in
Benton County, Washington.

        Plaintiff,

vs.

IMPULSE MARKETING
GROUP, INC.,
a Nevada Corporation

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.  CV-04-5125-FVS

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint;
Certificate of Service

JURY TRIAL DEMANDED

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

1

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

COMES NOW the plaintiff, James S. Gordon, Jr., and files this Second Response to the Defendant's Motion to Dismiss Plaintiff's Complaint.

## **BACKGROUND**

The Defendant previously brought a motion to dismiss the Plaintiff's complaint under FRCP 12(b)(6) arguing that 1) the Plaintiff's claims were barred by Res Judicata, 2) the Plaintiff's claims were barred by federal preemption, and 3) the Plaintiff's claims were barred because the Defendant "could not have violated" Washington's Commercial Electronic Mail Act "as a matter of law." Oral argument on the Defendant's motion was held March 31, 2005, and the Court advised the Parties that the Court was not persuaded by the Defendant's arguments on any of these grounds, and that the Court was therefore inclined to deny the Defendant's motion to dismiss under FRCP 12(b)(6).

The March 31 hearing then turned to an argument that the Defendant had made in its reply brief related to the heightened pleading requirements of FRCP 9(b). The Court correctly noted that this argument had not been raised in the Defendant's original motion and, as such, the Plaintiff had not

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

been given the opportunity to brief the issue to the Court.  In its ruling of March 31, 2005, the Court directed the Plaintiff to file this memoranda briefing the Court on the applicability of the heightened pleading requirements of FRCP 9(b) to the Plaintiff's complaint.

**THE HEIGHTENED PLEADING REQUIREMENTS OF FRCP 9(b) DO NOT APPLY TO THE PLAINTIFF'S CLAIMS UNDER RCW 19.190 et seq BECAUSE THE PLAINTIFF'S CLAIMS UNDER RCW 19.190 et seq ARE NOT "GROUNDED IN FRAUD"**

The Plaintiff's complaint does not allege fraud.  Instead, the Plaintiff's complaint alleges that the Defendant violated the provisions of RCW 19.190 et seq.  FRCP 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Thus, the question before the court is whether violations of RCW 19.190 constitute "averments of fraud or mistake" and thus trigger the applicability of FRCP 9(b).  A comparison of

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

3

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

the elements of fraud and the requirements of a violation of RCW 19.190 makes plain that they do not.

The elements of fraud consist of 1) a false representation in reference to 2) a material fact made with 3) knowledge of its falsity and with 4) the intent to deceive with 5) action taken in reliance upon the representation.  Hart v. McLucas, 535 F.2d 516, 519 (9th Cir.1976) (citing Pence v. United States, 316 U.S. 332, 338, 62 S.Ct. 1080, 86 L.Ed. 1510 (1942)).  In contradistinction, a violation of both RCW 19.190.020 and RCW 19.190.030 occurs when a person initiates the transmission, conspires with another to initiate the transmission, or assists the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that:

(a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or

(b) Contains false or misleading information in the subject line.

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

4

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Accordingly, there is no requirement that the Plaintiff establish the elements of fraud to prove a violation of RCW 19.190. RCW 19.190 does not require that the sender "know" that the information in the subject line or transmission path is "false or misleading." RCW 19.190 does not require that "false or misleading information" in the subject line or transmission path be "material." RCW 19.190 does not require that the person who sent the message have "knowledge" of the "falsity" in the subject line or transmission path. RCW 19.190 does not require that the person sending an email that violates the statute do so with "the intent to deceive." RCW 19.190 does not require that the recipient of an email that violates the statute take any "action" in "reliance upon the representation." In short, RCW 19.190 requires none of the scienter, intent, damages, or interplay between the actors, that are all required in an action for fraud.

Instead, RCW 19.190 simply imposes strict liability for violations of the statute. Neither intent on the part of the sender, nor reliance or damages on the part of the recipient, are required. All a successful complaint for a violation of RCW 19.190 must prove is that a commercial electronic mail message was sent that violated the technical requirements

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

of the statute, and that it was received by a Washington resident.  Applying

the heightened pleading requirements of FRCP 9(b) would thus force the

Plaintiff to plead numerous facts that the Plaintiff will NOT be required to

prove at trial to establish that the Plaintiff is entitled to relief under RCW

19.190 et seq.  Such a result is plainly not warranted under FRCP 9(b).


        In addition to RCW 19.190.020, Plaintiff has also complained of

violations of RCW 19.190.030, and RCW 19.86, the Washington

Consumer Protection Statute.  However, all of these statutes amount to the

same complaint, as the language of RCW 19.190.030 simply repeats RCW

19.190.020, and defines a violation of RCW 19.190.030 as a violation of

RCW 19.86.  RCW 19.190.030 also extends liability those who "assist in

the transmission of a commercial electronic mail message, when the person

providing the assistance knows, or consciously avoids knowing, that the

initiator of the commercial electronic mail message is engaged, or intends

to engage, in any act or practice that violates the consumer protection act."

Liability for "providing assistance" to one violating RCW 19.190.030 and

RCW 19.86 is thus triggered by "knowing" that the initiator is violating the

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

6

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

statute, but it can also be triggered simply by "consciously avoiding

knowing."  Accordingly, this element of the Plaintiff's complaint also does

not trigger the heightened pleading requirements of FRCP 9(b), as it is also

not an allegation of fraud, and it further falls squarely within the exception

of the second sentence in the rule; "Malice, intent, <u>knowledge</u>, and other

condition of mind of a person may be averred generally." (underline

added)

   In setting forth Defendant's argument, the Defendant relies on

<u>Fidelity Mortgage Corp. V. Seattle Times Company</u>, 213 F.R.D. 573; 2003

U.S. Dist. LEXIS 4508; 32 Media L. Rep. 1094.  However, <u>Fidelity</u> is

readily distinguished from the instant case, and, as a decision of the US

District Court for the Western District of Washington, is not binding

precedent on this Court even if it were not.  Unlike the present case, the

complaint in <u>Fidelity</u> specifically alleged an "ongoing consumer fraud."

The Court in Fidelity further found that all three of the additional statutory

claims were "premised on the allegation that the Seattle Times Co.

'knowingly publish[ed] false, deceptive, and/or misleading information'

damaging to the plaintiff," and that "this cause of action, while plead under

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

7

federal and state statutes, mirrors the elements of an action for fraud." Id.

In contradistinction, the Plaintiff has made no allegation of fraud, nor has

the Plaintiff complained of being damaged by the misleading acts of the

Defendant.  Instead, the Plaintiff has claimed that he is entitled to relief

because RCW 19.190 imposes strict liability for violations of the Act.  As

has already pointed out, the elements of fraud are simply NOT required in

proving a violation of the statutes that form the basis of the Plaintiff's

complaint.

To the knowledge of the undersigned, the United States Court of

Appeals for the Ninth Circuit has not considered whether a complaint for a

violation of RCW 19.190 triggers the heightened pleading requirements of

FRCP 9(b).  The Court did consider the application of FRCP 9(b) to a

diversity class action complaint against psychiatric associations and

manufacturers of prescription pharmaceuticals alleging that defendants

increased sales of particular prescription drug in violation of California

Consumers Legal Remedies Act (CLRA) and California's unfair business

practice laws.  In Vess v. Ciba-Geigy Corp., 317 F.3d 1097, (9TH Cir.

2003), 54 Fed.R.Serv.3d 1032, 3 Cal. Daily Op. Serv. 970, 2003 Daily

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

8

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Journal D.A.R. 1265 the Ninth Circuit established the framework for

analyzing the applicability of FRCP 9(b).  In pertinent part, the Court

states:

> "The text of Rule 9(b) requires only that in "all *averments of fraud*
> ..., the circumstances constituting fraud ... shall be stated with
> particularity." Fed.R.Civ.P. 9(b) (emphasis added). The rule does not
> require that allegations supporting a claim be stated with
> particularity when those allegations describe non-fraudulent
> conduct." Id. at 1104.

Plainly, RCW 19.190 imposes liability for non-fraudulent conduct,

and the only claims the Plaintiff has set forth in his complaint are for

violations of RCW 19.190.  Accordingly, the rule does not require that

allegations supporting these claims be stated with particularity.  Finally,

the Plaintiff would bring to the attention a recent decision by the United

States District Court for the Southern District of New York, In re: Initial

Public Offering Securities Litigation, 241 F.Supp.2d 281, Fed. Sec. L. Rep.

P 92,282, which analyzed the 9th Circuit's opinion in Vess v. Ciba-Geigy

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

9

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Corp.. while considering a case, such as the one now before this Court, where a defendant sought to have the Court extend the pleading requirements of FRCP 9(b) to cases which do not allege fraud.  Beginning with a quote from the United States Supreme Court, New York's Southern District Court observed:

> "Whatever merits these and other policy arguments may have, it is not the province of [the courts] to rewrite the statute [or Rules] to accommodate them." Artuz v. Bennett, 531 U.S. 4, 10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). *See also* Badaracco v. Commissioner, 464 U.S. 386, 398, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.").  Indeed, in the last decade the Supreme Court has *twice* admonished the lower courts for augmenting federal pleading requirements: "A requirement of greater specificity for particular claims is a result that *'must* be obtained by the process of amending the Federal Rules, and *not* by judicial interpretation.' " Swierkiewicz, 534 U.S. at 515, 122 S.Ct. 992 (quoting Leatherman, 507 U.S. at 168, 113 S.Ct. 1160)

Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

(emphasis added). In fact, in <u>Swierkiewicz</u>, the Defendant tried to persuade the Court on policy grounds by asserting that "allowing lawsuits based on conclusory allegations of discrimination to go forward will burden the courts and encourage disgruntled employees to bring unsubstantiated suits." *Id.* at 514, 122 S.Ct. 992. The Court responded: "Whatever the practical merits of this argument, the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." *Id.* at 514-15, 122 S.Ct. 992.  Id. 340-341.

Just as the Southern District Court in New York analyzed our own 9th Circuit opinion in <u>Vess v. Ciba-Geigy Corp.</u> to find that the Court should not allow the heightened pleading standard for certain violations of securities law,  so also should this Court decline to extend the heightened pleading standard for violations of RCW 19.190 and RCW 19.86.

## <u>CONCLUSION</u>

Just as the Court found that none of the Defendant's purported grounds for dismissal under FRCP 12(b)(6) had any basis in law or fact, Defendant's purported grounds for dismissal under FRCP 9(b) is also

Plaintiff's Second Response to
Defendant's Motion to Dismiss
Plaintiff's Complaint, Certificate of
Service

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1  without merit.  The Plaintiff therefore respectfully requests that the Court

2

3  deny the Defendant's motion to dismiss in its entirety, order the Defendant

4  to file its answer within twenty days, and enter an order of default in the

5  event that the Defendant does not file its answer within the time limit set

6

7  by the Court.  In the event that the Court determines that the Plaintiff's

8  complaint is subject to the heightened pleading requirements of FR 9(b),

9  the Plaintiff respectfully requests that the Court grant the Plaintiff forty

10 days[1] leave to amend its Complaint to comply with FR 9(b).  Finally, the

11

12 Plaintiff respectfully requests that the Court grant such other and further

13 relief as it deems just and proper.

14

15         DATED this 21st day of April, 2005

16

17         .                    S/ DOUGLAS E. MCKINLEY, JR.
                                 WSBA# 20806
18                               Attorney for Plaintiff
                                 P.O. Box 202
19                               Richland, Washington 99352
                                 Phone (509) 628-0809
20                               Fax (509) 628-2307
                                 Email: doug@mckinleylaw.com
21

22                       Certificate of Service

23

     ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
24       [1] At the Defendant's request, the Plaintiff allowed the Defendant numerous extensions of time
     to answer or otherwise plead prior to Defendant's Rule 12(b)(6) motion.  In the event that the Court
25   requires to the Plaintiff to amend its complaint, forty days time is fair time limit in light of those
     extensions.
26   Plaintiff's Second Response to            12        DOUGLAS E. MCKINLEY, JR.
     Defendant's Motion to Dismiss                           Attorney At Law
     Plaintiff's Complaint, Certificate of                     P.O. Box 202
     Service                                           Richland, Washington 99352
                                                    Phone 628-0809 Fax (509) 628-2307

1   I hereby certify that on April 21, 2005, I electronically filed the foregoing,
    together with a Declaration of James S. Gordon, Jr., with the Clerk of the
2   Court using the CM/ECF System which will send notification of such filing
    to the following:  Floyd Ivey, and I hereby certify that I have mailed by
3   United States Postal Service the documents to the following non-CM/ECF
    participants:  Peter J. Glantz, Sean A. Moynihan, David O. Klein.

4
                                        S/ DOUGLAS E. MCKINLEY, JR.
5          .                            WSBA# 20806
                                        Attorney for Plaintiff
6                                       P.O. Box 202
                                        Richland, Washington 99352
7                                       Phone (509) 628-0809
                                        Fax (509) 628-2307
8                                       Email: doug@mckinleylaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Plaintiff's Second Response to              13              DOUGLAS E. MCKINLEY, JR.
    Defendant's Motion to Dismiss                                    Attorney At Law
    Plaintiff's Complaint, Certificate of                             P.O. Box 202
    Service                                                    Richland, Washington 99352
                                                            Phone 628-0809 Fax (509) 628-2307