Liebler, Ivey, Conner, Berry & St. Hilaire
By:     Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

Klein, Zelman, Rothermel, & Dichter, L.L.P.
By:     Peter J. Glantz, Esq. & Sean Moynihan, Esq.
485 Madison Avenue
New York, New York 10022
Telephone Number (212) 935-6020
Facsimile Number (212) 753-8101
Attorneys for Defendant
Impulse Marketing Group, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
### AT RICHLAND

| | |
|---|---|
| JAMES S. GORDON, JR., )<br>an individual residing in )<br>Benton County, Washington, )<br>                         )<br>      Plaintiff, )<br>                         )<br>    vs.                  )<br>                         )<br>IMPULSE MARKETING GROUP, INC., )<br>A Nevada Corporation )<br>                         )<br>      Defendant. )<br>_____ ) | **No. CV-04-5125-FVS**<br>SUPPLEMENTAL<br>MEMORANDUM IN SUPPORT<br>OF DEFENDANT'S MOTION<br>TO DISMISS PLAINTIFF'S<br>COMPLAINT<br><br><br>DATE: May 5, 2005 |

### BACKGROUND

This Supplemental Memorandum of Law is submitted by defendant, Impulse Marketing

Group, Inc. ("Impulse" or the "Defendant") in support of Defendant's Motion to Dismiss

1

00066095;1

Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure, §§12(b)(6) and 9(b) ("Defendant's Motion").

Defendant, *inter alia*, moved to dismiss Plaintiff's Complaint on the ground that Plaintiff's Complaint failed to plead, with specificity, allegations that Defendant violated Washington's Commercial Electronic Mail Statute, RCW §19.190 et seq. ("RCW §19.190 et seq.") and the Washington Consumer Protection Act, RCW §19.86 et seq. ("RCW §19.86 et seq.") (collectively, the "Washington Statutes") as required by FRCP 9(b).

Contrary to page 2 lines 7-19 of Plaintiff's Second Response to Defendant's Motion to Dismiss Plaintiff's Complaint ("Plaintiff's Second Response"), there was no basis for either party to discern from the oral argument held on March 31, 2005, that this Court was "not persuaded" by Defendant's argument that Plaintiff's claims were barred by Res Judicata.  Such an assertion is misleading and misrepresents the Court's Order.  To be clear, the Court simply directed Plaintiff to brief the applicability of the heightened pleading requirement in the context of the Washington Statutes.

## LEGAL ARGUMENT

## THE HEIGHTENED PLEADING REQUIREMENTS OF FRCP 9(b) APPLY TO PLAINTIFF'S ALLEGATIONS THAT DEFENDANT VIOLATED THE WASHINGTON STATUTES BECAUSE PLAINTIFF'S CLAIMS "SOUND IN" AND ARE "GROUNDED IN FRAUD"

### A.    The Legislative Intent Behind The Procurement of The Washington Statutes

Any and all allegations against Defendant for violations of the Washington Statutes "sound in," or are "grounded in fraud."  See Fidelity Mortgage Corp. v. Seattle Times Company, 213 F.R.D. 573; 2003 U.S. Dist. LEXIS 4508; 32 Media L. Rep.1094. (holding that cases that

2

are "grounded in fraud" or "sound in fraud" must satisfy the particularity requirement of FRCP §9(b).)

A violation of RCW §19.190 et seq. occurs when a person initiates a transmission, conspires with another to initiate the transmission, or assists in the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that: (a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or (b) Contains false or misleading information in the subject line (emphasis added).

Violations of RCW §19.190 et seq. can trigger breaches of RCW §19.86 et seq.  In this regard, and pursuant to the express language of the RCW §19.190 et seq., Plaintiff pleads that Defendant: 1) made various "misrepresentations;" 2) "obscured" certain information; and 3) utilized "false" and "misleading" information.

Such averments "sound in," or are "grounded in fraud."[1]  To determine whether violations of the Washington Statutes trigger the heightened pleading requirements of FRCP §9(b), we respectfully request that the Court be directed to the legislative history and intent of RCW §19.86.920, which states that:

> The legislature hereby declares that the purpose of this act is to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive, and fraudulent acts or

---

[1] The case of Swierkiewicz, 534 U.S. at 515, 122 S.Ct. 992 is irrelevant to the instant matter because the court in Swierkiewicz was adjudicating an employment discrimination complaint filed by an individual under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, not a fraud based consumer protection statute.

3

practices in order to protect the public and foster fair and honest
competition (emphasis added).

It is therefore clear that the legislative intent of the RCW §19.86.920 was to protect the public specifically against "fraudulent," "unfair," and "deceptive" acts. As violations of RCW §19.190 et seq. can trigger breaches of RCW §19.86 et seq., the Court must reasonably infer that the legislative intent behind the procurement of RCW §19.190 et sq., is to confront similar "fraudulent" "unfair" and "deceptive" acts. In fact, the express language of RCW §19.190 et seq. speaks to acts that "misrepresent," "mislead," contain "falsities," and/or "obscure" information. The use of these adjectives is not coincidental. In truth, the essence of these terms certainly "sound in" or are "grounded in fraud."

**B.     Plaintiff's Attempt To Distinguish <u>Fidelity</u> Is Baseless**

Plaintiff efforts to differentiate <u>Fidelity</u> to the instant case by contending that <u>Fidelity</u> is distinguishable because Plaintiff has made <u>no</u> allegations that he is being damaged by the "misleading acts of Defendant" is disingenuous. <u>See</u> Plaintiff's Second Response p.8 lines 2-5. Such a contention is, in and of itself, misleading because Plaintiff's pleading alleges, an integral element of RCW §191.90, that Defendant used "misleading" information in the subject line of its email. As such, Plaintiff's differentiation of <u>Fidelity</u> is meritless. In truth, <u>Fidelity</u> is remarkably similar to the instant case. In <u>Fidelity</u>, Plaintiff's claims rested on the allegation that defendant, Seattle Time Co., "knowingly" published false, deceptive, and/or misleading interest rates in their print and online publications. <u>Id</u>. at 576. The court held that plaintiff's complaint failed to allege, *inter alia*, why the information published by the defendant was false or misleading. The court dismissed plaintiff's complaint because of the heightened-pleading requirements under FRCP §9(b). Similarly, Plaintiff's claim rests on allegations that Impulse

4

"knew" or "consciously avoided knowing" that the emails at issue violated the Washington Statutes and that the emails simply "misrepresented or obscured information."

## C.  Public Policy Behind FRCP §9(b)

As stated above, FRCP §9(b) sets forth more stringent pleading requirements in cases involving allegations of fraud or mistake.  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP §9(b).  Said rule is properly applied as the standard of pleading for each count of Plaintiff's Complaint, since each count involves allegations directly related to alleged fraud.

FRCP §9(b) serves three (3) purposes: 1) to assure a defendant of fair notice of the nature of plaintiff's claim and the ground upon which it rests; 2) to protect a defendant from harm that would befall its goodwill when it is charged with serious wrongdoing; and 3) to diminish the possibility that plaintiff with a largely groundless claim will be able to use the threat of extensive discovery to impose in terrorem increase on a settlement value.  See Cowen & Co. v. Merriam, S.D.N.Y. 1990, 745 F. Supp. 925;  U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc., S.D.Ga. 1990, 755 F.Supp. 1055 (see also The Segal Comp. v. Amazon.com, 280 F. Supp. 2d 1229 (9th Cir. 2003)).  In the instant matter, each of these factors is implicated.  For example, Plaintiff's Complaint fails to allege: a) what is "deceptive" and "misleading" about the emails; b) why the emails are "misleading;" c) the time, place, and statements contained in the emails that are "deceptive" or "misleading;" d) an explanation of how the emails are "misleading" and/or "deceptive;" e) how the subject line of the emails contained "false" or "misleading" information; and f) how the point of origin or the transmission path of the emails were "obscured" or "misrepresented."  Plaintiff's Complaint is

5

void of any of these details and fails to provide Defendant with sufficient notice of specific misconduct, particularly in light of Plaintiff's allegation that he received hundreds of offending emails. Accordingly, Defendant questions whether the lack of particularity of Plaintiff's Complaint in this regard, is an attempt by Plaintiff to shield Defendant from definitively establishing that Plaintiff's claims are identical to the Related Action and are barred by res judicata.

**D.        Compelling Authority of Other Jurisdictions**

To our knowledge, this is a case of first impression for the Ninth Circuit. As such, we respectfully refer the Court to case law in other jurisdictions wherein similar issues arose to the ones herein.

For example, in Collegenet, Inc. v. XAP Corp., 2004 U.S. Dist. LEXIS 21059 the United States District Court of Oregon held that the basic thrust of defendant's motion to dismiss an unfair competition claim against defendant was that plaintiff's claims "sounded in" fraud and thus, had to satisfy FRCP §9(b). The court held that plaintiff's violations of an unfair competition statute were "grounded in" fraud and that plaintiff failed to meet the heightened pleading requirements of FRCP §9(b). The Collegenet court further held that if a plaintiff alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim, the claim is "grounded in" fraud. Id. at 21509. Further, the Court indicated that labeling a claim as something other than "fraud" does not shield a plaintiff from the heightened pleading requirements of FRCP §9(b). In the instant case, Plaintiff alleges a unified course of conduct by Defendant for violations of an analogous fraud/unfair competition statute. Plaintiff relies on such a course of conduct as the basis of his entire claim. Averments of such claims that

6

"sound in" or are "grounded in fraud" must state the time, place and specific content of the false representations allegedly made by Defendant.  No such averments are contained in Plaintiff's Complaint.

Secondly, in <u>Greenburg v. Compuware Corp.</u>, 889 F. Supp. 1012, 1016 (E.D. Mich. 1995), the Court did not permit Plaintiff to perform a "fishing expedition" to discover if any wrongdoing had, in fact, occurred. In <u>Greenburg</u>, the court held that plaintiff's complaint only contained vague, conclusions intimating general wrongdoing and loss, without apprising the defendants of the particular circumstances and facts necessary to support such claims.

Further, in <u>Pickens v. Kanawha River Towing</u>, 916 F.Supp. 702, 706 (S.D. Ohio 1996), the Court held the heightened pleading requirement under FRCP§9(b) was applicable to allegations that "related" to fraud.

Lastly, in <u>United States v. The Boeing Comp.</u>, 184 F.R.D. 107, 109 (S.D. Ohio 1998), fairness dictated that a party be notified of the alleged wrongdoing in order to furnish a proper defense to plaintiff's claims.

## <u>CONCLUSION</u>

Accordingly, Plaintiff has failed to sufficiently plead with specificity, allegations that Defendant violated the Washington Statutes as required by FRCP §9(b).  Since there is no indication anywhere in Plaintiff's Complaint as to the misleading and/or deceptive nature of the subject line or point of origin of the emails and Plaintiff, Plaintiff's Complaint must be dismissed.

7

Should the Court be inclined to grant Defendant's Motion without prejudice, Impulse has no objection to granting Plaintiff's request to be given forty (40) days to re-plead his Complaint with specificity.

Based upon the foregoing, Impulse respectfully requests, *inter alia*, that this Court dismiss Plaintiff's Complaint in its entirety pursuant to FRCP §12(b)(6) and §9(b) and on the ground that Plaintiff failed to sufficiently plead with specificity, allegations that Defendant violated the Washington Statutes.  Defendant also respectfully requests that this Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
        May 5, 2005

                                    /s/ Floyd E. Ivey_____
                                    Liebler, Ivey, Conner, Berry & St. Hilaire
                                    By:     Floyd E. Ivey
                                    1141 N. Edison, Suite C
                                    P.O. Box 6125
                                    Kennewick, Washington 99336
                                    Local Counsel for Defendant
                                    Impulse Marketing Group, Inc.


                                    _____
                                    Sean A. Moynihan & Peter J. Glantz
                                    Klein, Zelman, Rothermel & Dichter, LLP
                                    485 Madison Avenue, 15th Floor
                                    New York, New York 10022
                                    (212) 935-6020
                                    (212) 753-8101 (fax)

8

00066095;1

I hereby certify that on February 23, 2005, I electronically filed the **Notice of Hearing for March 31, 2005** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Douglas E. McKinley, Jr., and I hereby certify that I have sent via internet email the document to the following non-CM/ECF participants: David O. Klein, Peter J. Glantz, Sean A. Moynihan.

S/ FLOYD E. IVEY
FLOYD E. IVEY

9

00066095;1