DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| JAMES S. GORDON, JR, an individual residing in Benton County, Washington.<br><br>　　　　Plaintiff,<br><br>vs.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada Corporation<br><br>　　　　Defendant. | NO. CV-04-5125-FVS<br><br>Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint; Certificate of Service<br><br>JURY TRIAL DEMANDED |

Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

1

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Dockets.Justia.com

COMES NOW the plaintiff, James S. Gordon, Jr., and files this Third Response to the Defendant's Motion to Dismiss Plaintiff's Complaint.

## ARGUMENT

On or about May 20, 2005, the Defendant submitted a pleading entitled "Defendant's Additional Supplemental Response Re: Defendant's Motion To Dismiss." In this pleading, the Defendant seeks to convince the Court that the "sole" exceptions to federal preemption are found at Sections 8(b)(2)(A)&(B) of the CAN SPAM Act. In making this argument, the Defendant has, for a second time, left out key sections of the Act in what appears to be yet another deliberate attempt to mislead the Court.[1] As a result of this omission, the Plaintiff felt compelled to submit this Response to insure that the Court was not mislead.

---

[1] In Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint, filed February 3, 2005, Plaintiff explained the Defendant's prior omission to the Court as follows:

"Impulse's arguments related to federal preemption are entirely disingenuous. Here is the part of the federal Can Spam legislation Impulse quotes in it's memorandum:

This Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages . . .

Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

2

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

In this latest attempt to mislead the Court, the Defendant argues that Section 8(b)(2) is the "sole" section of the statute providing exceptions to Federal preemption. The Defendant is plainly mistaken. As previously noted by the Plaintiff, it is Section 8(b)(1) which provides the critical exception. The relevant language states: "This Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, *except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto*." The Plaintiff is simply

---

Here is the language of the legislation that follows immediately thereafter, which Impulse saw fit to remove with the ellipse:

, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto. 15 USCA § 7707 (West Supp. 2003).

The intent of Congress could not be more plain. Statutes such as Washington's, which prohibit nothing but "falsity and deception," are deliberately excepted from federal preemption.

Washington's Commercial Electronic Mail statute was among a small handful of state statutes existed during the debate and passage of the CAN SPAM Act. Congress specifically and deliberately crafted the language of the CAN SPAM Act to allow the Washington statute to continue in full force and effect. The Defendant's request for dismissal under a claim of federal preemption is contradicted by the plain

Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

3

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

amazed that the Defendant has, for a second time, made representations to the Court about preemption under the Act while omitting this language.

Contrary to the Defendant's assertion, a plain reading of Section 8(b)(2) shows that this section of the Act merely provides the Act does not effect any state laws that are unrelated to electronic mail.  This is <u>in addition</u> to the more general exceptions to preemption under Section 8(b)(1) of the Act.  The beginning of Section 8(b), which reads: "STATE LAW NOT SPECIFIC TO ELECTRONIC MAIL" makes this distinction crystal clear.  As with the language the Defendant omitted in Section 8(b)(1), the Defendant has also omitted this language from the Defendant's recitation of Section 8(b)(2).[2]

---

language of the CAN SPAM Act, appears to be a deliberate effort to mislead the Court, and should therefore be denied."

[2] For the Court's convenience, Section 8 is quoted below in its entirety:

**SEC. 8. EFFECT ON OTHER LAWS.**

    (a) FEDERAL LAW- (1) Nothing in this Act shall be construed to impair the enforcement of section 223 or 231 of the Communications Act of 1934 (47 U.S.C. 223 or 231, respectively), chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, United States Code, or any other Federal criminal statute.

    (2) Nothing in this Act shall be construed to affect in any way the Commission's authority to bring enforcement actions under FTC Act for materially false or deceptive representations or unfair practices in commercial electronic mail messages.

Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

4

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

The Defendant's next argument is that Section 8(b)(2)(B)'s reference to "fraud" triggers the heightened pleading requirements of FRCP 9(b). However, it is plain that Section 8(b)(2)(B) can have no effect whatsoever on the pleading requirements. By its own terms, Section 8(b)(2)(B) specifically does not apply to the claims founded in "state law" that are "specific to electronic mail." Having conceded that the claims brought in the Plaintiff's complaint <u>are</u> founded in state law specific to electronic mail, the Defendant's motivation to hide this language from the Court is clear. Nevertheless, it is plain that neither Section 8(b)(2)(B) or

---

(b) STATE LAW-

    (1) IN GENERAL- This Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

    (2) STATE LAW NOT SPECIFIC TO ELECTRONIC MAIL- This Act shall not be construed to preempt the applicability of--
        (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or

        (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

    (c) NO EFFECT ON POLICIES OF PROVIDERS OF INTERNET ACCESS SERVICE- Nothing in this Act shall be construed to have any effect on the lawfulness or unlawfulness, under any other provision of law, of the adoption, implementation, or enforcement by a provider of Internet access service of a policy of declining to transmit, route, relay, handle, or store certain types of electronic mail messages.

Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

5

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

its reference to "fraud" can properly be applied to the Plaintiff's claims, as Section 8(b)(2)(B) applies only to "state law not specific to electronic mail" and the Defendant concedes that the Plaintiff's claims are founded in just such a state law.

Finally, Section 8(b)(2)(B)'s use of the term "fraud" is plainly distinct and separate from the use of the term "falsity and deception" in Section 8(b)(1). Accordingly, it is clear that Congress' use of the term "falsity and deception" in describing state laws specific to electronic mail was intended to mean something different than Congress' use of the term "fraud" in describing state laws that are not related to electronic mail. Congress could have used the term "fraud" in both sections, but chose not to. Congress' use of the term "falsity and deception" in Section 8(b)(1) thus demonstrates that the Congress did not intend for the term to mean the same thing as the term "fraud" in Section 8(b)(2)(B), which in turn demonstrates that Congress did not intend for the heightened pleading requirements of FRCP 9(a) to apply to claims brought under state laws excepted from Federal preemption by Section 8(b)(1).

## **CONCLUSION**
Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

6

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

The Plaintiff respectfully requests that the Court deny the Defendant's motion to dismiss in its entirety, order the Defendant to file its answer within twenty days, and enter an order of default in the event that the Defendant does not file its answer within the time limit set by the Court.

DATED this 20th day of May, 2005

>S/ DOUGLAS E. MCKINLEY, JR.
>WSBA# 20806
>Attorney for Plaintiff
>P.O. Box 202
>Richland, Washington 99352
>Phone (509) 628-0809
>Fax (509) 628-2307
>Email: doug@mckinleylaw.com

Certificate of Service

I hereby certify that on May 20, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Floyd Ivey, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: Peter J. Glantz, Sean A. Moynihan, David O. Klein.

>S/ DOUGLAS E. MCKINLEY, JR.
>WSBA# 20806
>Attorney for Plaintiff
>P.O. Box 202
>Richland, Washington 99352
>Phone (509) 628-0809
>Fax (509) 628-2307
>Email: doug@mckinleylaw.com

Plaintiff's Third Response to Defendant's Motion to Dismiss Plaintiff's Complaint, Certificate of Service

7

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307