1  Liebler, Ivey, Conner, Berry & St. Hilaire
2  By:    Floyd E. Ivey
   1141 N. Edison, Suite C
3  P.O. Box 6125
   Kennewick, Washington 99336
4  Local Counsel for Defendant
   Impulse Marketing Group, Inc.
5
6  Klein, Zelman, Rothermel, & Dichter, L.L.P.
   By:    Sean Moynihan, Esq.
7  485 Madison Avenue
   New York, New York 10022
8  Telephone Number (212) 935-6020
   Facsimile Number (212) 753-8101
9  Attorneys for Defendant
   Impulse Marketing Group, Inc.
10

11           **IN THE UNITED STATES DISTRICT COURT**
        **FOR THE EASTERN DISTRICT OF WASHINGTON**
12                    **AT RICHLAND**

13

14 JAMES S. GORDON, JR.,      )     No. CV 04-5125-FVS
                        )
15     Plaintiff(s),          )   **DEFENDANT'S ANSWER TO THE**
                        )    **COMPLAINT OF JAMES S.**
16 v.                      )  **GORDON, JR., COUNTERCLAIMS**
                        )  **AGAINST JAMES S. GORDON, JR.**
17 IMPULSE MARKETING GROUP, INC., )  **AND THIRD PARTY COMPLAINT**
                        )
18     Defendant(s).         )     **JURY TRIAL REQUESTED**
                        )
19                      )
20 IMPULSE MARKETING GROUP, INC., ) _____
                        )
21     Third-Party Plaintiff,    )
                        )
22 v.                      )
                        )
23 BONNIE GORDON, JAMES S. GORDON, )
24 III, JONATHAN GORDON, JAMILA     )
   GORDON, ROBERT PRITCHETT, EMILY )
25 ABBEY and LEW REED,        )
                        )
26     Third-Party Defendants.   )

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint    -PAGE 1 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA 99336
(509) 735-3581

Dockets.Justia.com

Defendant, Impulse Marketing Group ("IMG" or "Defendant") by its undersigned counsel, as and for its Answer to the James S. Gordon, Jr. Complaint (the "Complaint"), denies each and every allegation not specifically addressed herein and admits, avers and denies as follows (the paragraph numbers below correspond to the paragraph numbers of the Complaint):

1.     PARTIES

1.1     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.1 of the Complaint.

1.2     Admits the allegations contained in paragraph 1.2 of the Complaint.

2.     JURISDICTION

2.1     Denies the allegations contained in paragraph 2.1.

2.2     The allegations contained in paragraph 2.2 of the Complaint call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendant denies same.

2.3     The allegations contained in paragraph 2.3 of the Complaint call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendant denies same.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 2 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

2.4     The allegations contained in paragraph 2.4 of the Complaint call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendant denies same.

3.     CAUSE OF ACTION

3.1     Defendant repeats and reiterates each and every answer set forth in paragraphs 1 through 2.4 above, inclusive, as though set forth herein.

3.2     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.2 of the Complaint.

3.3     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.3 of the Complaint.

3.4     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.4 of the Complaint.

3.5     The allegations contained in paragraph 3.5 of the Complaint call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendant denies same.

3.6     Denies the allegations contained in paragraph 3.6.

3.7     Denies the allegations contained in paragraph 3.7.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 3 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

3.7.1  Denies the allegations contained in paragraph 3.7.1.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.7.2  Denies the allegations contained in paragraph 3.7.2.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.8     Denies the allegations contained in paragraph 3.8.    To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.9     Denies the allegations contained in paragraph 3.9.

3.9.1  Denies the allegations contained in paragraph 3.9.1.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.9.2  Denies the allegations contained in paragraph 3.9.2.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.10   Denies the allegations contained in paragraph 3.10.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 4 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

3.11    Denies the allegations contained in paragraph 3.11.

3.12    Denies the allegations contained in paragraph 3.12.

3.12.1 Denies the allegations contained in paragraph 3.12.1.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.12.2 Denies the allegations contained in paragraph 3.12.2.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

3.12.3 Denies the allegations contained in paragraph 3.12.3.  To the extent said Plaintiff's paragraph alleges fraud or misrepresentation, plaintiff has failed to set forth said allegation with particularity as required by FRCP 9(b).

4.    PRAYER FOR RELIEF

4.1    Denies the allegations contained in paragraphs 4.1 through 4.7.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 5 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as moot.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### SEVEN AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant is not liable.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action would violate the First Amendment to the United States Constitution.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 6 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA 99336
(509) 735-3581

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and/or indispensable parties to this action.

## ELEVENTH AFFIRMATIVE DEFENSE

The allegations in the Complaint, in whole or in part, are preempted by Federal law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages due to Defendant's alleged actions in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and Plaintiff should be estopped from bringing this lawsuit.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages, if any.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 7 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant is found liable for violating Washington law, any award of damages are, at the most, nominal.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant is found liable for violating Washington law, Plaintiff assumed the risk and contributed to his own damages, if any, by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

## EIGHTHENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has plead fraud or misrepresentation, Plaintiff has failed to plead with particularity in accord with FRCP 9(b).

WHEREFORE, Defendant prays that the Court:

1.    Dismiss the Complaint with prejudice and enter judgment for Defendant;

2.    Award Defendant its reasonable attorney's fees, disbursements, and costs; and

3.    Grant Defendant such other and further relief as the Court may deem just and proper.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 8 OF 22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

## FIRST COUNTERCLAIM AGAINST PLAINTIFF
### Fraud and Deceit

Defendant as and for its counterclaims against Plaintiff, alleges as follows upon information and belief:

1.     Plaintiff engaged in deceitful conduct by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages (the "Scheme").

2.     In furtherance of the Scheme, Plaintiff instructed other individuals that use the Domain to actively and affirmatively solicit commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

3.     This conduct was deceitful and at the time such conduct occurred, Plaintiff knew that his conduct was deceitful.

4.     As part of the Scheme, Plaintiff intended to actively and affirmatively solicit the commercial email messages for his own benefit and to Defendant's detriment by suing Defendant.

5.     As part of the Scheme, Plaintiff made false representations and took deceitful actions to induce Defendant.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 9 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

6.      Defendant justifiably relied on Plaintiff's representations including, Plaintiff's Scheme, causing Defendant to incur excessive business operational costs and associated expenditures with running its business.

7.      Defendant believed that Plaintiff's representations were true and were ignorant of their falsity at the time when Plaintiff actively and affirmatively solicited commercial email messages for the sole purpose of filing multiple lawsuits.

8.      As a proximate result of Defendant's reliance on the Scheme and Plaintiff's deceitful representations, Defendant was damaged in an amount to be determined at trial.

9.      In doing the acts herein alleged, Plaintiff acted with oppression, deceit, fraud, and malice, and Defendant is entitled to punitive damages in an amount to be proven at the time of trial.

## SECOND COUNTERCLAIM AGAINST PLAINTIFF
### Tortious Interference with Business Relationships

10.      Defendant incorporates by reference paragraphs 1 through 9, above, as though fully set forth herein.

11.      Defendant provides permission based marketing services to its customers and on-line business partners.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint      -PAGE 10 OF 22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

12.    Defendant has developed business relationships with its on-line business partners over time.

13.    Defendant relied on Plaintiff's active and affirmative representations to solicit commercial email messages by negotiating and fulfilling marketing agreements with Defendant's third party business partners.

14.    Due to Plaintiff's actions and the Scheme, Defendant is likely to sustain a loss of business relationships with its on-line marketing business partners.

15.    As a result of the foregoing, Defendant has sustained monetary losses in an amount to be determined at trial.

16.    Defendant is also entitled to punitive damages in an amount to be proven at the time of trial.

### THIRD COUNTERCLAIM AGAINST PLAINTIFF
### Malicious Prosecution

17.    Defendant incorporates by reference paragraphs 1 through 16, above, as though fully set forth herein.

18.    Plaintiff participated in the commencement and maintenance of a civil proceeding against Defendant.

19.    Plaintiff acted without probable cause in the commencement and maintenance of said civil proceeding against Defendant.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint          -PAGE 11 OF 22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

20.    Plaintiff acted maliciously in commencing and maintaining said action against Defendant by intending to vex, annoy, and injure it.

21.    As an actual, legal and proximate result of the foregoing, Defendant suffered general damage, loss of business earnings and damage to its business reputation.

## FOURTH COUNTERCLAIM AGAINST PLAINTIFF
## Breach of Contract

22.    Defendant incorporates by reference paragraphs 1 through 21, above, as though fully set forth herein.

23.    Defendant provides its consumer's with online permission based marketing services.

24.    Plaintiff accepted and consented to receiving permission-based marketing services by agreeing to receive commercial email.

25.    Plaintiff had a duty to accept the commercial email in a proper manner without negating the benefit conferred upon Plaintiff by Defendant.

26.    Plaintiff breached this duty by participating in the Scheme.

27.    Defendant failed to receive the benefit of the bargain because Plaintiff never intended to allow Defendant to have a proper bargained for exchange of consideration.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 12 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

28.     Plaintiff, in his individual capacity or as owner of the Domain, supplemented, extended, or created a contract, by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

29.     Defendant has performed all of the obligations on its part to be performed under the agreement.

30.     As a proximate result of the breach of the agreement, including those express communications, solicitations and representations made by Plaintiff, personally or as owner of the Domain, Defendant has sustained monetary damages, in the amount to be determined at trial.

## FIFTH COUNTERCLAIM AGAINST PLAINTIFF
### Injunctive Relief

31.     Defendant incorporates by reference paragraphs 1 through 30, above, as though fully set forth herein.

32.     Defendant has suffered and will continue to suffer irreparable damages unless Defendant is granted injunctive relief.

33.     If Defendant is unable to stop Plaintiff's Scheme and further schemes by Plaintiff, Defendant will suffer irreparable damages.

34.     For this harm and damage, Defendant has no adequate remedy at law.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 13 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

35.    These damages are continuing, and to a large degree will be incalculable.

36.    Defendant therefore requests the Court to enter a preliminary injunction enjoining Plaintiff, his agents, servants, employees, and those acting in concert with him from receiving value by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.  Defendant further requests upon trial of this counterclaim, that the preliminary injunction be made into a permanent injunction so enjoining Plaintiff.

WHEREFORE, Defendant respectfully prays for the following relief:

a.    Judgment against Plaintiff and an award of money damages, in an amount to be determined at trial;

b.    An award of punitive damages against Plaintiff due to Plaintiff's acts of oppression, fraud, and malice in an amount to be determined at trial;

c.    An order enjoining Plaintiff, his agents, servants, employees, and those acting in concert with him from receiving value by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of commercial email messages;

d.    An award of Plaintiffs' costs of litigation, including attorney's fees, costs and expenses;

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 14 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

e.      Trial by jury on all issues for which a trial by jury is available; and

f.      Such other and further relief as this Court deems just and proper.

## THIRD PARTY COMPLAINT AGAINST BONNIE GORDON, JAMES S. GORDON, III, JONATHAN GORDON, JAMILA GORDON, ROBERT PRITCHETT, EMILY ABBEY, AND LEW REED
### First Cause of Action
### Indemnification and Contribution

In the event that damages are awarded to Plaintiff, which the Defendant, vehemently denies, Third party plaintiff, Impulse Marketing Group ("Third Party Plaintiff") as and for its third party complaint against third party defendants Bonnie Gordon, James S. Gordon, III, Jonathan Gordon, Jamila Gordon, Robert Pritchett, Emily Abbey, and Lew Reed (collectively, "Third Party Defendants"), alleges as follows:

1.      Third Party Defendants are, to the knowledge of the Third Party Plaintiff, residents of Benton County or of other Washington State Counties which are within the Eastern District of Washington State.  The amount in dispute exceeds $75,000.00.  Jurisdiction is proper.  Third Party Defendants assisted in the transmission of commercial electronic messages to the Domain by actively and affirmatively soliciting commercial emails for the sole purpose of filing

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint       -PAGE 15 OF 22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

multiple lawsuits arising out of the receipt of these commercial email messages (the "Scheme").

2.     Third Party Defendants knew or consciously avoided knowing that by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages that they would receive commercial email messages to the Domain.

3.     Third Party Defendants provided substantial assistance or support that enabled the formulation, composition, origination, initiation, or transmission of commercial email messages to the Domain.

4.     Third Party Defendants knew or consciously avoided knowing that they were participating in the Scheme.

5.     If Defendant/Third Party Plaintiff is found to be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts of said liability.

## Second Cause of Action
## Fraud and Deceit

6.     Third Party Plaintiff incorporates by reference paragraphs 1 through 5, above, as though fully set forth herein.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 16 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

7.     Third Party Defendants engaged in deceitful conduct by actively and affirmatively soliciting commercial emails for the sole purpose of aiding and abetting James Gordon ("Plaintiff") to file multiple lawsuits arising out of the receipt of these commercial email messages.

8.     This conduct was deceitful and at the time such conduct occurred, Third Party Defendants knew that his conduct was deceitful.

9.     As part of the Scheme, Third Party Defendants intended to actively and affirmatively solicit the commercial email messages for their own and Plaintiff's benefit and to Third Party Plaintiff's detriment.

10.    As part of the Scheme, Third Party Defendants made false representations and took deceitful actions to induce Third Party Plaintiff.

11.    Third Party Plaintiff justifiably relied on Third Party Defendants' representations including, Third Party Defendants' Scheme, causing Third Party Plaintiff to incur excessive business operational costs and associated expenditures with running its business.

12.    Third Party Plaintiff believed that Third Party Defendants' representations were true and were ignorant of their falsity at the time when Third Party Defendants actively and affirmatively solicited commercial email messages for the sole purpose of aiding and abetting Plaintiff in filing multiple lawsuits.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 17 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

13.     As a proximate result of Defendant's reliance on the Scheme and Third Party Defendants' deceitful representations, Defendant was damaged in an amount to be determined at trial.

14.     In doing the acts herein alleged, Third Party Defendants acted with oppression, deceit, fraud, and malice, and Third Party Plaintiff is entitled to punitive damages in an amount to be proven at the time of trial.

### Third Cause of Action
### Tortious Interference with Business Relationships

15.     Third Party Plaintiff incorporates by reference paragraphs 1 through 14, above, as though fully set forth herein.

16.     Third Party Plaintiff provides permission based marketing services to its customers and on-line business partners.

17.     Third Party Plaintiff has developed business relationships with its on-line business partners over time.

18.     Third Party Plaintiff relied on Third Party Defendants' active and affirmative representations to solicit commercial email messages by negotiating and fulfilling marketing agreements with Third Party Plaintiff's third party business partners.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 18 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

19.     Due to Third Party Defendants' actions and the Scheme, Third Party Plaintiff is likely to sustain a loss of business relationships with its on-line marketing business partners.

20.     As a result of the foregoing, Third Party Plaintiff has sustained monetary losses in an amount to be determined at trial.

21.     Third Party Plaintiff is also entitled to punitive damages in an amount to be proven at the time of trial.

### Fourth Cause of Action
### Breach of Contract

22.     Third Party Plaintiff incorporates by reference paragraphs 1 through 21, above, as though fully set forth herein.

23.     Third Party Plaintiff provides its consumer's with online permission based marketing services.

24.     Third Party Defendants accepted and consented to receiving permission-based marketing services by agreeing to receive commercial email.

25.     Third Party Defendants had a duty to accept the commercial email in a proper manner without negating the benefit conferred upon Third Party Defendants by Third Party Plaintiff.

26.     Third Party Defendants breached this duty by participating in the Scheme.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 19 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

27.    Third Party Plaintiff failed to receive the benefit of the bargain because Third Party Defendants never intended to allow Third Party Plaintiff to have a proper bargained for exchange of consideration.

28.    Third Party Defendants, in their individual capacity or as user of the Domain, supplemented, extended, or created a contract, by actively and affirmatively soliciting commercial emails for the sole purpose of assisting Plaintiff in filing multiple lawsuits arising out of the receipt of these commercial email messages.

29.    Third Party Plaintiff has performed all of the obligations on its part to be performed under the agreement.

30.    As a proximate result of the breach of the agreement, including those express communications, solicitations and representations made by Third Party Defendants, personally or as users of the Domain, Third Party Plaintiff has sustained monetary damages, in the amount to be determined at trial.

### Fifth Cause of Action
### Injunctive Relief

31.    Third Party Plaintiff incorporates by reference paragraphs 1 through 30, above, as though fully set forth herein.

32.    Third Party Plaintiff has suffered and will continue to suffer irreparable damages unless Third Party Plaintiff is granted injunctive relief.

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint    -PAGE 20 OF 22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

33.     If Third Party Plaintiff is unable to stop Third Party Defendants' Scheme and further schemes by Third Party Defendants, Third Party Plaintiff will suffer irreparable damages.

34.     For this harm and damage, Third Party Plaintiff has no adequate remedy at law.

35.     These damages are continuing, and to a large degree will be incalculable.

36.     Third Party Plaintiff therefore requests the Court to enter a preliminary injunction enjoining Third Party Defendants, their agents, servants, employees, and those acting in concert with them from receiving value by actively and affirmatively soliciting commercial emails for the sole purpose of aiding and abetting Plaintiff to file multiple lawsuits arising out of the receipt of commercial email messages.  Third Party Plaintiff further requests upon trial of this counterclaim, that the preliminary injunction be made into a permanent injunction so enjoining Third Party Defendants.

WHEREFORE, Defendant/Third Party Third Party Defendants respectfully requests that this Court grant judgment and relief against Third Party Defendants as follows:

1.     Compensatory damages in an amount to be determined at trial;

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 21 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581

2.     An award of attorneys' fees and costs; and

3.     Such other and further relief as this Court deems appropriate.

Dated:     August 1, 2005

 s/ FLOYD E. IVEY
Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

 s/ SEAN A. MOYNIHAN
Sean A. Moynihan, Esq.(admitted pro hac vice)
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
(212) 753-8101 Fax
Attorneys for Defendant
Impulse Marketing Group, Inc.

I hereby certify that on August 1, 2005, I electronically filed the

**Defendant's Answer to the Complaint of James S. Gordon, Jr.,**

**Counterclaims against James S. Gordon, Jr. and Third Party Complaint**

with the Clerk of the Court using the CM/ECF System which will send

notification of such filing to the following: Douglas E. McKinley, Jr., and I

hereby certify that I have sent via internet email the document to the following

non-CM/ECF participants: David O. Klein, Peter J. Glantz, Sean A. Moynihan.

S/ FLOYD E. IVEY
FLOYD E. IVEY

Defendant's Answer to the Complaint of
James S. Gordon, Jr., Counterclaims Against
James S. Gordon, Jr. and Third Party Complaint     -PAGE 22 OF
22-

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
ATTORNEYS AT LAW
1141 North Edison, Suite C
Kennewick, WA  99336
(509) 735-3581