| | |
|---|---|
| DOUGLAS E. MCKINLEY, JR.<br>Attorney At Law<br>P.O. Box 202<br>Richland, Washington 99352<br>Phone 628-0809 Fax (509) 628-2307 | THE HONORABLE FRED VAN SICKLE |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| JAMES S. GORDON, JR,<br><br>Plaintiff,<br><br>v.<br><br>IMPULSE MARKETING GROUP, INC.,<br><br>Defendant<br><br>IMPULSE MARKETING GROUP, INC.,<br><br>Third Party Plaintiff<br><br>v.<br><br>BONNIE GORDON, JAMES S. GORDON, III, JONATHAN GORDON, JAMILA GORDON, ROBERT PRITCHETT, EMILY ABBEY, and LEW REED<br><br>Third Party Defendants | NO. CV-04-5125-FVS<br><br>PROPOSED ORDER DISMISSING COUNTERCLAIMS AND THIRD PARTY DEFENDANTS UNDER FRCP 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT UNDER FRCP 56 OR IN THE ALTERNATIVE TO DISMISS UNDER FRCP (9)(b)<br><br>Jury Trial Demanded |

THIS MATTER comes before the court on the Motion to Dismiss

PROPOSED ORDER, PLAINTIFFS MOTION TO DISMISS

– No. CV-04-5125-FVS

Page 1 of 5

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Dockets.Justia.com

Counterclaims and Third Party Defendants under FRCP 12(b) (6) or in the alternative for summary judgment under FRCP 56 or in the alternative to dismiss under FRCP (9)(b) filed by Plaintiff James S. Gordon, Jr., the Court hereby finds as follows:

1. The Plaintiff never authorized the Defendant to send the Plaintiff commercial electronic messages (spam).

2. All of the spam that form the basis of the Plaintiff's claims in this matter were sent by the Defendant after the Plaintiff had requested that the Defendant stop sending spam to the Plaintiff.

3. Even if the Defendant's assertion that the Third Party Defendants "actively and affirmatively solicited commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages" were true, such conduct does not form the basis of a cognizable claim for any of the five causes of action, captioned "fraud and deceit," "tortious interference with business relationships," "breach of contract," "injunctive relief," and "indemnification and contribution," as set forth in the Defendant's claims against the Third Party Defendants.

4. Even if the Defendant's assertion that the Third Party Defendants "actively and affirmatively solicited commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages" formed the basis of a cognizable claim for the Defendant's claims captioned "fraud and deceit," "tortious interference with business relationships," "breach of contract," "injunctive relief," and "indemnification and contribution" as set forth in the Defendant's claims against the Third Party Defendants, such claims

PROPOSED ORDER, PLAINTIFFS MOTION TO DISMISS – No. CV-04-5125-FVS

Page 2 of 5

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1  are defeated by the fact that all of the spam that form the basis of the Plaintiff's
2  claims in this matter were sent by the Defendant after the Plaintiff had requested
3  that the Defendant stop sending spam to the Plaintiff.
4       5.      Even if the Defendant's assertion that the Plaintiff "actively and
5  affirmatively solicited commercial emails for the sole purpose of filing multiple
6  lawsuits arising out of the receipt of these commercial email messages" were true,
7  such conduct does not form the basis of a cognizable claim for any of the five
8  causes of action, captioned "fraud and deceit," "tortious interference with business
9  relationships," "breach of contract," "injunctive relief," and "malicious
10 prosecution," as set forth in the Defendant's counterclaims against the Plaintiff.
11      6.      Even if the Defendant's assertion that the Plaintiff "actively and
12 affirmatively solicited commercial emails for the sole purpose of filing multiple
13 lawsuits arising out of the receipt of these commercial email messages" formed the
14 basis of a cognizable claim for the Defendant's counterclaims captioned "fraud and
15 deceit," "tortious interference with business relationships," "breach of contract,"
16 "injunctive relief," or "indemnification and contribution" as set forth in the
17 Defendant's counterclaims against the Plaintiff, such claims are defeated by the fact
18 that all of the spam that form the basis of the Plaintiff's claims in this matter were
19 sent by the Defendant after the Plaintiff had requested that the Defendant stop
20 sending spam to the Plaintiff.
21      7.      The Defendant's counterclaims against the Plaintiff titled "fraud and
22 deceit" fail to comply with the requirements of FRCP 9(a).
23      8.      The Defendant's claims against the Third Party Defendants captioned
24 "fraud and deceit" fail to comply with the requirements of FRCP 9(a).
25
26 WHEREFORE, it is hereby ORDERED that:

a. The Defendant's claims against the Third Party Defendants captioned "fraud and deceit," "tortious interference with business relationships," "breach of contract," "injunctive relief," and "indemnification and contribution" each fail to state a claim upon which relief may be granted under FRCP 12(b)(6), and are therefore stricken.

b. When the evidence is read in the light most favorable to the Defendant, the evidence cannot sustain any of the Defendant's claims against the Third Party Defendants captioned, "fraud and deceit," "tortious interference with business relationships," "breach of contract," "injunctive relief," and "indemnification and contribution."  Accordingly, the Plaintiff's request for Summary Judgment is granted, and the Defendant's claims against the Third Party Defendants are dismissed with prejudice.

c. The Defendant's counterclaims against the Plaintiff captioned "fraud and deceit," "tortious interference with business relationships," "breach of contract," "injunctive relief," and "indemnification and contribution" each fail to state a claim upon which relief may be granted under FRCP 12(b)(6), and are therefore stricken.

d. When the evidence is read in the light most favorable to the Defendant, the evidence cannot sustain any of the Defendant's counterclaims against the Plaintiff, captioned "fraud and deceit," "tortious interference with business relationships," "breach of contract," "injunctive relief," and "indemnification and

PROPOSED ORDER, PLAINTIFFS MOTION TO DISMISS – No. CV-04-5125-FVS

Page 4 of 5

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

contribution." Accordingly, the Plaintiff's request for Summary Judgment is granted, and the Defendant's counterclaims against the Plaintiff are dismissed with prejudice.

  e. The Defendant's counterclaims against the Plaintiff titled "fraud and deceit" fail to comply with the requirements of FRCP 9(a) and are therefore stricken.

  f. The Defendant's claims against the Third Party Defendants captioned "fraud and deceit" fail to comply with the requirements of FRCP 9(a) and are therefore stricken.

IT IS HEREBY ORDERED

DATED this _____ day of _____, 2005.

              _____
              HON. FRED VAN SICKLE
              UNITED STATES DISTRICT JUDGE

Presented by:

S/ DOUGLAS E. MCKINLEY, JR.
WSBA# 20806
Attorney for Plaintiff
James S. Gordon, Jr.
P.O. Box 202
Richland, Washington 99352
Phone (509) 628-0809
Fax (509) 628-2307
Email: doug@mckinleylaw.com