DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

THE HONORABLE FRED VAN
SICKLE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

JAMES S. GORDON, JR,

    Plaintiff,

v.

IMPULSE MARKETING GROUP,
INC.,

    Defendant

IMPULSE MARKETING GROUP,
INC.,

    Third Party Plaintiff

v.

BONNIE GORDON, JAMES S.
GORDON, III, JONATHAN
GORDON, JAMILA GORDON,
ROBERT PRITCHETT, EMILY
ABBEY, and LEW REED

    Third Party Defendants

NO.  CV-04-5125-FVS

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS AND THIRD
PARTY DEFENDANTS UNDER FRCP
12(b)(6) OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT UNDER
FRCP 56 OR IN THE ALTERNATIVE
TO DISMISS UNDER FRCP (9)(b)

Jury Trial Demanded

COMES NOW the Plaintiff, James S. Gordon, Jr., and files this

MEMORANDUM IN SUPPORT

– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Dockets.Justia.com

memorandum in support of Plaintiff's motion to dismiss counterclaims and claims against Third Party Defendants under FRCP 12(b)(6), or in the alternative for summary judgment under FRCP 56, or in the alternative to dismiss under FRCP (9)(b).

<u>Introduction</u>

The Defendant Impulse Marketing Group has filed five counterclaims against Plaintiff James Gordon, and has further expanded this litigation by naming all of the immediate members of Mr. Gordon's family, together with several of Mr. Gordon's friends and associates, as Third Party Defendants.  As will be shown below, no factual basis whatsoever exists for any of the Defendant's counterclaims or claims against the Third Party Defendants, and even if one assumes that all of the facts alleged by the Defendant are true, the Defendant still fails to state a claim upon which relief can be granted.

All of the Defendant's counterclaims against the Plaintiff, and all of the Defendant's claims against the Third Party Defendants, ultimately rest on the factual allegation that the Plaintiff and the Third Party Defendants "actively and affirmatively solicited commercial email messages" from the Defendant, and the legal proposition that such solicitation somehow gives rise to a right of recovery under the various theories espoused by the Defendant.

MEMORANDUM IN SUPPORT

– No. CV-04-5125-FVS

Page 2 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

As shown in the declaration of James Gordon, this allegation is false as a factual matter. Mr. Gordon never solicited any commercial email messages (spam) from the Defendant. In fact, shortly after the Defendant began sending spam to Mr. Gordon, Mr. Gordon immediately contacted the Defendant to have such conduct stopped. THIS IS CONFIRMED BY THE DEFENDANT'S OWN SWORN TESTIMONY. Exhibit F of the Declaration of Phil Huston filed with the Court January 21, 2005, shows that the Plaintiff "opted out" of receiving future commercial emails from the Defendant on October 15, 2003. Further, as established by the affidavit of Mr. Eric Castelli, the Defendant has a long history of failing to honor consumer requests to stop sending spam, and in fact punishes consumers who make such requests by arranging to send them even more spam.

However, even if Court were to ignore this evidence and assume that the Third Party Defendants and the Plaintiff "actively and affirmatively solicited commercial email messages" from the Defendant, and further assume that the Plaintiff never requested that they stop sending these email messages, the act of "soliciting commercial email messages" is still insufficient to form a basis for liability under any of the theories offered by the Defendant. Under Washington law, it is immaterial whether commercial email is "solicited" or "unsolicited," as liability attaches to both "solicited" or "unsolicited" commercial email provided it

MEMORANDUM IN SUPPORT

– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1    does not comply with the requirements of RCW 19.190 et seq.

2        Common to the Defendant's claims against the Plaintiff and the Third Party
3
4    Defendants are claims for "fraud and deceit," "tortious interference with business
5    relationships," "breach of contract," and "injunctive relief."  Examining each in
6
7    order reveals that even if the Court accepts all of the factual allegations contained
8    within each claim, they still fail to state a claim upon which relief can be granted.
9        <u>The Defendant's claims for "fraud and deceit" fail to state a claim upon which</u>
10
11                            <u>relief may be granted</u>
12       Under Washington law, to be entitled to recovery founded in fraud the
13   Defendant must show the following nine elements: (1) representation of an existing
14
15   fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent
16   of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance
17   of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's
18
19   right to rely upon it; and (9) damages suffered by the plaintiff.   *Stiley v.*
20   *Block* 130 Wn.2d 486, 505 (1996).  Within its pleadings, the Defendant does not
21   state what representation of fact the Plaintiff or the Third Party Defendants made to
22
23   the Defendant.  In fact, the only communication that the Defendant identifies at all
24   is the allegation that the Plaintiff and the Third Party Defendants "affirmatively
25   solicited commercial email messages" from the Defendant.  Assuming this
26

27   MEMORANDUM IN SUPPORT
28   – No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

allegation to be true, it merely means that the Plaintiff and the Third Party

Defendants communicated true, working email addresses to the Defendant.  If these

email addresses were "false," then the Plaintiff never would have received the

emails that form the basis of the Plaintiff's complaint, and there would be no

dispute between the parties.  Since the Defendant's pleading premises all of its

claims against the Plaintiff and the Third Party Defendants upon the Plaintiff's

receipt of these emails, the Defendant's pleading admits that the sole

communication between the parties, the identity of the addresses to which these

emails were sent, was "true."  Accordingly, the Defendant's claim for relief against

both the Plaintiff and the Third Party Defendants for fraud should be stricken under

FRCP 12(b)(6).  Even if the court accepts as fact everything contained within the

Defendant's pleadings, the pleading still admits that the only information the

Defendant identifies as ever having been communicated between the parties, the

email addresses, was true, correct, and accurate information.  As such, the pleadings

fail to set forth a claim upon which relief can be granted.

Alternatively, the Court should grant both the Plaintiff and the Third Party

Defendants Summary Judgment under FRCP 56.  As established by the affidavit of

James S. Gordon, Jr., and admitted in Exhibit F of the Declaration of Phil Huston

filed by the Defendant with the Court January 21, 2005, all of the emails that form

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

the basis of the dispute between the parties were sent by the Defendant and received

by the Plaintiff after the Plaintiff had affirmatively, actively, and repeatedly

requested that the Defendant stop sending any further email to the Plaintiff by

"opting out" of receiving further emails.  Accordingly, even if the Court accepts the

legal basis of the Defendant's fraud theory, the Defendant still cannot establish

facts that would allow it to prevail against either the Plaintiff or the Third Party

Defendants.  Even if the Court assumes that both the Plaintiff and the Third Party

Defendants somehow "fraudulently" requested at some point that the Defendant

send the Plaintiff email, the facts plainly demonstrate that any such request had

been revoked before any of the emails that form the basis of the dispute between the

Parties were actually sent.

The Plaintiff also notes that the Defendant repeatedly alleges that the

Plaintiff and the Third Party Defendants solicited emails for the "sole purpose of

filing multiple lawsuits."  Even if the Plaintiff and the Third Party Defendants

"intended" that the Plaintiff would file suit, no cause of action could possibly arise

until and unless the Defendant actually sent emails that violate the RCW 19.190

(the statute).  Since the Plaintiff had no control whatsoever over either the

Defendant's sending of emails or compliance with the statute, the Plaintiff's

"intent" prior to the Defendant's act of sending email that violated the statute is

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1
2
3

irrelevant to any and all of the Defendant's claims and counterclaims, including the fraud claim.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Finally, if the Court declines to strike the Defendant's claim for relief against both the Plaintiff and the Third Party Defendants for fraud under FRCP 12(b)(6), or to grant both the Plaintiff and the Third Party Defendants Summary Judgment under FRCP 56, the Court should still dismiss the Defendant's claim for relief against both the Plaintiff and the Third Party Defendants under FRCP 9(b).  Plainly, even though the pleading admits that a required element is missing, the Defendant has nevertheless made an allegation of fraud against both the Plaintiff and the Third Party Defendants.  The Court should require that the Defendant comply with the requirements of FRCP 9(b) and state with particularity the circumstances constituting fraud by identifying the content of any and all statements made by the Plaintiff and the Third Party Defendants that the Defendant alleges were fraudulent, together with the date, time, place, mode of communication, and recipients of any such statements.  Since the Plaintiff has not done so, its complaint for fraud should be dismissed.

22
23
24

<u>The Defendant's claims for "tortious interference with business relationships" fail to state a claim upon which relief may be granted</u>

25
26
27
28

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

Page 7 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

Under Washington law, to be entitled to recovery founded in tortuous interference with a business relationship, the Defendant must show the following five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) Resultant damages. *Sintra, Inc. v. Seattle*, 119 Wn.2d 1, 28, (1992). Within its pleadings, the Defendant does not even allege elements 2 and 3, and the Defendant contradicts itself with respect to element 5.

The Defendant's pleading does not claim that either the Plaintiff or the Third Party Defendants "had any knowledge of a valid contractual relationship or business expectancy" on the part of the Defendant. The Defendant's pleading does not claim that either the Plaintiff or the Third Party Defendants "intentionally interfered" with any such contractual relationship or business expectancy, or that such intentional interference "induced or caused a breach or termination of the relationship or expectancy." In fact, the Defendant's pleading does not even claim that a breach or termination of any relationship or expectancy has even occurred. Instead, the Defendant alleges that a loss of business relationships is "likely" to occur.

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

Page 8 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1

2

3    While the Defendant's pleading does claim that "as a result of the forgoing"

4    the Defendant "has sustained monetary damages," it is unclear how that is possible,

5    since the Defendant has not alleged that any loss of business has actually occurred.

6    The Defendant has instead specifically plead that any damages are entirely

7    prospective.

8    Accordingly, the Defendant's claim for relief against both the Plaintiff and

9    the Third Party Defendants for tortuous interference with a business relationship

10   should be stricken under FRCP 12(b)(6).  Even if the court accepts as fact

11   everything contained within the Defendant's allegations, the pleading fails to state a

12   claim upon which relief may be granted, as it fails to even allege at least two of the

13   elements necessary to sustain an action for tortuous interference with business

14   relationship.

15   Alternatively, the Court should grant both the Plaintiff and the Third Party

16   Defendants Summary Judgment under FRCP 56.  As established by the affidavit of

17   James S. Gordon, Jr., and admitted in Exhibit F of the Declaration of Phil Huston

18   filed by the Defendant with the Court January 21, 2005, all of the emails that form

19   the basis of the dispute between the parties were sent by the Defendant and received

20   by the Plaintiff after the Plaintiff had requested that the Defendant stop sending any

21   further email to the Plaintiff.  Accordingly, even if the Court accepts the legal basis

MEMORANDUM IN SUPPORT

– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

of the Defendant's tortuous interference with business relationship theory, the Defendant still cannot prevail against either the Plaintiff or the Third Party Defendants.   Mr. Gordon's request that the Defendant stop sending emails effectively negated any prior request by either Mr. Gordon or the Third Party Defendants to do otherwise.  Once Mr. Gordon had made the request that the emails stop, if there is any future interference with the Defendant's business, it is due solely to the conduct of the Defendant, and not to the conduct of the Plaintiff or the Third Party Defendants.

<u>The Defendant's claims for "breach of contract" fail to state a claim upon which relief may be granted</u>

The Defendant's claims for "breach of contract" allege that both the Plaintiff and the Third Party Defendants "created a contract" with the Defendant by "soliciting commercial emails" for the "sole purpose" of "filing multiple lawsuits." However, the Defendant's pleadings also assert that both the Plaintiff and the Third Party Defendants "never intended to allow Defendant to have a proper bargained for exchange of consideration."  Accepting these facts in the Defendant's pleading to be true, then no contract was ever formed as a matter of law.  If the Plaintiff and the Third Party Defendants "never intended to allow Defendant to have a proper bargained for exchange of consideration," then no contract was ever formed

MEMORANDUM IN SUPPORT

– No. CV-04-5125-FVS

Page 10 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

because two essential elements of contractual formation, consideration and mutual assent, are missing.

As set forth by the Washington Supreme Court, "the burden of proving a contract, whether express or implied, is on the party asserting it, and he must prove each essential fact, including the existence of a mutual intention." *Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840, (1983) (citing *Johnson v. Nasi*, 50 Wn.2d 87, 91, (1957))." Within its pleadings, the Defendant alleges that both the Plaintiff and the Third Party Defendants "never intended to allow Defendant to have a proper bargained for exchange of consideration." The Defendant's pleadings thus demonstrate conclusively that there was no mutual intention or exchange of consideration, and thus that no contract was ever formed.

Assuming, arguendo, that there was a mutual assent, an exchange of consideration and a contract was formed, the question then becomes where is the breach? If the Court accepts the Defendant's pleadings as true, then both the Plaintiff and the Third Party Defendants "solicit[ed] commercial emails for the sole purpose of filing multiple lawsuits." If true, then the filing of lawsuits cannot possibly form the basis for a breach, as the filing of lawsuits forms the very basis upon which the contracts were formed!

The Defendants cannot have it both ways. If the Defendants want to allege

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

Page 11 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

that the fact that the Plaintiff's filed a lawsuit somehow constitutes a breach of a

contract, then the Defendant must plead that the Plaintiff and the Third Party

Defendants somehow agreed not to file suit as a condition of their "soliciting

commercial emails." But they have not. Perhaps they have not because they

recognize the absurdity of arguing that everyone who ever opted into their spam list

somehow agreed not to sue them for their future illegal conduct in the process.

Instead, the Defendant has plead that the Plaintiff and the Third Party Defendants

entered into contracts "for the sole purpose of filing multiple lawsuits." If one

accepts the Defendant's pleadings as true, then the right to file those lawsuits was

intended by the Plaintiff and the Third Party Defendants to be a term of the

contract. Accordingly, there can be no breach.

The Defendant's claim for relief against both the Plaintiff and the Third Party

Defendants for breach of contract should therefore be stricken under FRCP

12(b)(6). If the court accepts as fact everything contained within the Defendant's

allegations, the pleading admits that at least two of the elements necessary to form a

contract are missing, and further admits that even if a contract was formed, the

conduct alleged to be a breach was in fact a requirement of the contract.

Alternatively, the Court should grant both the Plaintiff and the Third Party

Defendants Summary Judgment under FRCP 56. As established by the affidavit of

MEMORANDUM IN SUPPORT

– No. CV-04-5125-FVS

Page 12 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

James S. Gordon, Jr., and admitted in Exhibit F of the Declaration of Phil Huston, all of the emails that form the basis of the dispute between the parties were sent by the Defendant and received by the Plaintiff after the Plaintiff had requested that the Defendant stop sending any further email to the Plaintiff.  Accordingly, even if the Court accepts the dubious proposition that "contracts" were somehow formed as a result of the actions of the Plaintiff and the Third Party Defendants opting into the Defendant's spam lists, Mr. Gordon's request that the Defendant stop sending emails effectively terminated any such contracts.

<u>The Defendant's claims for "injunctive relief" fail to state a claim upon which relief may be granted</u>

The Defendant's claims for "injunctive relief" allege that if the Defendant is "unable to stop" both the Plaintiff and the Third Party Defendant's "scheme and further schemes" the Defendant will suffer "irreparable damages."  The Defendant asks the Court to enter a preliminary injunction enjoining Plaintiff and the Third Party Defendants from "actively and affirmatively soliciting commercial emails."

Regardless of whether the Plaintiff's or the Third Party Defendants "actively and affirmatively solicit commercial emails," it is entirely within the Defendant's control whether any such emails are actually sent.  In fact, compliance with the federal CAN SPAM statute *requires* that the Defendant have the capability to

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

remove email addresses from the Defendant's spam lists.  While the Plaintiff notes that the Plaintiff has consistently sought to have the Defendant stop sending spam, (the polar opposite of the conduct alleged by the Defendant), there is no statutory or common law prohibition against soliciting commercial email, even if it is done with the intention to sue the sender.  The Defendant's pleadings admit this, stating "Defendant has no adequate remedy at law."  Perhaps the reason there is no such law is because any such law would be entirely unnecessary, as a spammer faced with such solicitations has a ready and simple defense; simply don't send commercial email that violates the statute.

Accordingly, the Defendant's claims for injunctive relief against both the Plaintiff and the Third Party Defendants should be stricken under FRCP 12(b)(6).  Even if the court accepts as fact everything contained within the Defendant's allegations, the mere act of requesting emails, whether by the Plaintiff, the Third Party Defendants, or anyone else, is perfectly legal conduct even if the person requesting emails intends to sue the sender.  Further, the mere act of requesting emails, whether by the Plaintiff, the Third Party Defendants, or anyone else, is insufficient by itself to expose the Defendant to any liability.  It is only when the Defendant actually sends spam, an act over which the Defendant is in complete, total, and sole control, and further sends spam that does not comply with the statute,

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

that any liability attaches.

Alternatively, the Court should grant both the Plaintiff and the Third Party Defendants Summary Judgment under FRCP 56.  As established by the affidavit of James S. Gordon, Jr., and admitted in Exhibit F of the Declaration of Phil Huston filed by the Defendant January 21, 2005, Mr. Gordon has repeatedly requested that the Defendant stop sending any further email to the Plaintiff.  Unfortunately, as is shown in the affidavit of Mr. Eric Castelli, such requests are futile, because the Defendant chooses to ignore them, or worse, to punish the consumer making such a request by sending them even more spam.  Accordingly, the facts plainly establish that the Defendant is not entitled to the injunctive relief sought because it is the Defendant's own conduct that is the sole, proximate, and legal source of the Defendant's liability and damages.

### The Defendant's claims for "indemnification and contribution" fail to state a claim upon which relief may be granted

The Defendant has brought a claim for "indemnification and contribution" against the Third Party Defendants.  Through this claim, the Defendant is asking the Court to assign liability to the Third Party Defendants for emails the Defendant sent to the Plaintiff.  While the Defendant has not explicitly plead RCW 19.190 et seq., absent the statute, there is no basis in law for recovery.  Perhaps recognizing

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

Page 15 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

this, the Defendant has plead most of the elements of the statute, and has asked the Court to extend liability to those who provide "assistance or support" in the sending of emails, as is outlined in RCW 19.190 et seq.

While the Court should dismiss this claim, the Court should also make careful note of the Defendant's own view of RCW 19.190 et seq. in advancing these claims.   By arguing that the mere act of subscribing to a spam list is all that need be done to establish liability for "assisting" the transmission of commercial electronic mail under the statute, the Defendant have set a very low threshold for "assisting."  In so doing, the Defendant has conceded that their own much more involved conduct in transmitting the subject emails constitutes "assisting" the transmission of prohibited commercial electronic mail.

While the Plaintiff does not agree that the mere act of subscribing another to a spam list constitutes "assisting" the transmission of a commercial electronic email message under RCW 19.190 et seq., or that this conduct ever occurred, the Court need not make this determination to dismiss this claim under FRCP 12(b)(6).

RCW 19.190 et seq. also requires that the party providing the assistance know or have reason to know that the email (a) uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

Page 16 of 21

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

commercial electronic mail message; or (b) contains false or misleading

information in the subject line.  For obvious reasons, the Defendant has not

included in its pleading an allegation that the emails in question contained any of

these violations.  In fact, the Defendant's pleading "wholly denies" that any such

violations are present when it "wholly denies" any liability for any of these emails.

Absent this element, the Defendant's pleading fails to state a claim upon which

relief can be granted.  Absent a violation of the statute, there is no liability for

sending spam, or assisting others in sending spam.  Since the Defendant's pleading

does not include an allegation that the emails in question violated the statute, and in

fact denies that this underlying violation occurred, it fails to state a claim upon

which relief can be granted.

Alternatively, the Court should grant the Third Party Defendants Summary

Judgment under FRCP 56.  As established by the affidavit of James S. Gordon, Jr.,

and admitted in Exhibit F of the Declaration of Phil Huston filed by the Defendant

January 21, 2005, all of the emails that form the basis of the dispute between the

parties were sent by the Defendant and received by the Plaintiff after the Plaintiff

had requested that the Defendant stop sending any further email to the Plaintiff.

Accordingly, even if the Court accepts the dubious proposition that the Third Party

Defendants would be liable for subscribing email addresses at the

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

"gordonworks.com" domain to the Defendant's spam lists, Mr. Gordon's request that the Defendant stop sending these emails effectively terminated any such liability.

<u>The Defendant's claims for "malicious prosecution" fail to state a claim upon which relief may be granted</u>

At common law, an action for malicious prosecution required the plaintiff to prove (1) the defendant instituted or maintained the alleged malicious prosecution; (2) lack of probable cause to institute or continue the prosecution; (3) malice; (4) the proceedings ended on the merits in favor of the plaintiff or were abandoned; and (5) the plaintiff suffered injury or damage as a result. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558, 852 P.2d 295 (1993). The Legislature altered the fourth element by permitting a defendant to assert a counterclaim for malicious prosecution under RCW 4.24.350. *Brin v. Stutzman*, 89 Wn. App. 809, 818-19, (1998). Further, Washington limits civil malicious prosecution actions to instances in which the plaintiff can prove two additional elements: (1) arrest or seizure of property, and (2) special injury which would not necessarily result in similar suits. *Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 965, (1979); *Clark v. Baines*, 114 Wn. App. 19, 25 n.5 (2002). Actions for malicious prosecution are not favored in the law. *Hanson*, 121 Wn.2d at 557. Proof of probable cause is an

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1
2
3
absolute defense to a claim of malicious prosecution. *Hanson v. City of Snohomish*,

121 Wn.2d at 558.

4
5
6
7
8
9
10
11
    The Defendant's claims for malicious prosecution fail to state a claim upon

which relief may be granted because they fail to allege an arrest or seizure of

property, or special injury which would not necessarily result in similar suits.

Accordingly, the Defendant's claim for relief against both the Plaintiff and the

Third Party Defendants claim for malicious prosecution should be stricken under

FRCP 12(b)(6).

12
13
14
15
16
17
18
19
20
21
22
23
24
    Alternatively, the Court should grant the Plaintiff Summary Judgment

under FRCP 56.   As established by the Washington State Supreme Court, the

hurdle Plaintiff must clear to defeat the Defendant's claims for malicious

prosecution is not very high, and the affidavit filed by Mr. Gordon herewith clears

it by a mile.  Before filing suit, Mr. Gordon took the emails to Detective Lew Reed,

a police officer with expertise in cybercrime.  Officer Reed reviewed the

transmission paths of hundreds of the emails sent to Mr. Gordon by the Defendant,

and confirmed that they violated RCW 19.190 et seq. because they all contained

omissions or mischaracterizations in the transmission paths.  Clearly, Mr. Gordon

had more than probable cause to file this action.

25
26
27
28

MEMORANDUM IN SUPPORT
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1

<u>Sanctions</u>

2

3

      The Plaintiff has not moved for sanctions under Rule 11 at this time on

4

the advice of counsel, as the undersigned generally regards such motions as a

5

distraction.  This should not take away from the fact that both the undersigned and

6

the Plaintiff regard the Defendant's act of naming the Plaintiff's friends, family and

7

8

law enforcement witnesses as opposing parties to this litigation as perhaps the most

9

odious tactic as can be imagined.  The Plaintiff will be interested to see if, in

10

response to this motion, the Defendant is able to articulate any good faith basis for

11

12

their allegation that each of Third Party Defendants "actively solicited commercial

13

emails" to the Plaintiff's domain.  Should the sole basis for this allegation be the

14

15

mere fact that these individuals were designated by the Plaintiff as witnesses in a

16

prior lawsuit, the Plaintiff is confident the Court will take appropriate action sua

17

sponte.

18

19

## **CONCLUSION**

20

      The Plaintiff respectfully requests that the Court grant the Plaintiff's motion

21

to dismiss the Defendant's counterclaims against the Plaintiff, and claims against

22

23

the Third Party Defendants, under FRCP 12(B)(6) or in the alternative grant

24

summary judgment under FRCP 56, or in the alternative dismiss under FRCP

25

(9)(b).

26

27

MEMORANDUM IN SUPPORT

28

– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307

1

2
DATED this <u>17th</u> day of August, 2005

3
S/ DOUGLAS E. MCKINLEY, JR.
WSBA# 20806
4          .
Attorney for Plaintiff
P.O. Box 202
5
Richland, Washington 99352
Phone (509) 628-0809
6
Fax (509) 628-2307
Email: doug@mckinleylaw.com
7

8
Certificate of Service

9
I hereby certify that on August 17, 2005, I electronically filed the foregoing, together
with the declaration of Eric Castelli and the declaration of James S. Gordon, Jr. with
10
the Clerk of the Court using the CM/ECF System which will send notification of such
filing to the following:  Floyd Ivey, and I hereby certify that I have mailed by United
11
States Postal Service the documents to the following non-CM/ECF participants:  Peter
J. Glantz, Sean A. Moynihan, David O. Klein.
12
S/ DOUGLAS E. MCKINLEY, JR.
13         .
WSBA# 20806
Attorney for Plaintiff
14
P.O. Box 202
Richland, Washington 99352
15
Phone (509) 628-0809
Fax (509) 628-2307
16
Email: doug@mckinleylaw.com

17

18

19

20

21

22

23

24

25

26

27
MEMORANDUM IN SUPPORT

28
– No. CV-04-5125-FVS

DOUGLAS E. MCKINLEY, JR.
Attorney At Law
P.O. Box 202
Richland, Washington 99352
Phone 628-0809 Fax (509) 628-2307