Liebler, Ivey, Conner, Berry & St. Hilaire
By:     Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

Klein, Zelman, Rothermel, & Dichter, L.L.P.
By:     Sean Moynihan, Esq.
485 Madison Avenue
New York, New York 10022
Telephone Number (212) 935-6020
Facsimile Number (212) 753-8101
Attorneys for Defendant
Impulse Marketing Group, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**
**AT RICHLAND**

| | |
|---|---|
| JAMES S. GORDON, JR., ) | |
|     Plaintiff, ) | |
| ) | **No. CV-04-5125-FVS** |
| vs. ) | |
| IMPULSE MARKETING GROUP, INC., ) | FIRST AMENDED ANSWER, |
| ) | AMENDED COUNTERCLAIMS |
|     Defendant, ) | AND THIRD PARTY AMENDED |
| ) | COMPLAINT |
| IMPULSE MARKETING GROUP, INC., ) | |
| ) | |
|     Third-Party Plaintiff, ) | DATE:  September 6, 2005 |
| vs. ) | |
| BONNIE GORDON, JAMES S. GORDON, III, ) | |
| JONATHAN GORDON, JAMILA GORDON, ) | |
| ROBERT PRITCHETT and EMILY ABBEY, ) | |
| ) | |
| ) | |
|     Third-Party Defendants. ) | |

**FIRST AMENDED ANSWER, AMENDED COUNTERCLAIMS AND**
**THIRD PARTY AMENDED COMPLAINT**

    Defendant, Impulse Marketing Group ("IMG" or "Defendant") by its undersigned

counsel, as and for its First Amended Answer to the James S. Gordon, Jr. Complaint (the

{00072883;1}

"Complaint"), denies each and every allegation not specifically addressed herein and admits, avers and denies as follows (the paragraph numbers below correspond to the paragraph numbers of the Complaint):

1. PARTIES

    1.1    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.1 of the Complaint.

    1.2    Admits that Defendant is a Nevada corporation but denies that Defendant's principal place of business is located at Five Concourse Parkway #1950, Atlanta, Georgia 30328.

2. JURISDICTION

    2.1    Denies the allegations contained in paragraph 2.1.

    2.2    The allegations contained in paragraph 2.2 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendant denies same.

    2.3    The allegations contained in paragraph 2.3 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendant denies same.

    2.4    The allegations contained in paragraph 2.4 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that a response is required, Defendant denies same.

3. CAUSE OF ACTION

    3.1    Defendant repeats and reiterates each and every answer set forth in paragraphs 1 through 2.4 above, inclusive, as though set forth herein.

3.2     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.2 of the Complaint.

3.3     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.3 of the Complaint.

3.4     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.4 of the Complaint.

3.5     The allegations contained in paragraph 3.5 of the Complaint call for a legal conclusion to which no responsive pleading is required.  To the extent that a response is required, Defendant denies same.

3.6     Denies the allegations contained in paragraph 3.6.

3.7     Denies the allegations contained in paragraph 3.7.

3.7.1   Denies the allegations contained in paragraph 3.7.1.

3.7.2   Denies the allegations contained in paragraph 3.7.2

3.8     Denies the allegations contained in paragraph 3.8.

3.9     Denies the allegations contained in paragraph 3.9.

3.9.1   Denies the allegations contained in paragraph 3.9.1.

3.9.2   Denies the allegations contained in paragraph 3.9.2.

3.10    Denies the allegations contained in paragraph 3.10.

3.11    Denies the allegations contained in paragraph 3.11.

3.12    Denies the allegations contained in paragraph 3.12.

3.12.1  Denies the allegations contained in paragraph 3.12.1.

3.12.2  Denies the allegations contained in paragraph 3.12.2.

3.12.3  Denies the allegations contained in paragraph 3.12.3.

    4.      PRAYER FOR RELIEF

    4.1    Denies the allegations contained in paragraphs 4.1 through 4.7.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as moot.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by Plaintiff was proximately caused by the acts of third parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by Plaintiff was caused by independent contractors for whose actions Defendant is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

The relief sought by Plaintiff in this action would violate the First Amendment to the United States Constitution.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join all necessary and/or indispensable parties to this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

The allegations in the Complaint, in whole or in part, are preempted by Federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages due to Defendant's alleged actions in the Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and Plaintiff should be estopped from bringing this lawsuit.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate damages, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Defendant is found liable for violating Washington law, any award of damages are, at the most, nominal.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant is found liable for violating Washington law, Plaintiff assumed the risk and contributed to his own damages, if any, by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

WHEREFORE, Defendant prays that the Court:

1. Dismiss the Complaint with prejudice and enter judgment for Defendant;

2. Award Defendant its reasonable attorney's fees, disbursements, and costs; and

3. Grant Defendant such other and further relief as the Court may deem just and proper.

## FIRST AMENDED COUNTERCLAIM AGAINST PLAINTIFF
### Fraud and Deceit

Defendant as and for its amended counterclaims against Plaintiff, alleges as follows upon information and belief:

1. Plaintiff engaged in deceitful conduct by untruthfully and inaccurately actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages (the "Scheme").

2. In furtherance of the Scheme, Plaintiff either misrepresented his actual identity or instructed other individuals that use the Domain to actively and affirmatively solicit commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

3. This conduct was deceitful and at the time such conduct occurred, Plaintiff knew that his conduct was deceitful.

4.  Plaintiff misrepresented his identity and registration information to Defendant, or its marketing partners.

5.  Plaintiff fraudulently certified that the registration information provided to Defendant, or its marketing partners, was true and accurate.

6.  As part of the Scheme, Plaintiff intended to actively and affirmatively solicit the commercial email messages for his own benefit and to Defendant's detriment by suing Defendant.

7.  As part of the Scheme, Plaintiff made false representations and took deceitful actions to induce Defendant.

8.  In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.homeforfreestuff.com fraudulently representing to Defendant, or its marketing partners, that he was Jonathan Gordon.

9.  In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Defendant, or its marketing partners, that he was Jonathan Gordon.

10. In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Defendant, or its marketing partners, that he was Jamila Gordon.

11. In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Defendant, or its marketing partners, that he was James S. Gordon, III.

12. In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Defendant, or its marketing partners, that he was Bonnie Gordon.

13. In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Defendant, or its marketing partners, that he was Robert Pritchett.

14. In September 2003, Plaintiff opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Defendant, or its marketing partners, that he was Emily Abbey.

15. Defendant justifiably relied on Plaintiff's fraudulent representations including, Plaintiff's Scheme, causing Defendant to incur excessive business operational costs and associated expenditures with running its business.

16. Defendant believed that Plaintiff's representations were true and were ignorant of their falsity at the time when Plaintiff actively and affirmatively solicited commercial email messages for the sole purpose of filing multiple lawsuits.

17. As a proximate result of Defendant's reliance on the Scheme and Plaintiff's deceitful representations, Defendant was damaged in an amount to be determined at trial.

18. In doing the acts herein alleged, Plaintiff acted with oppression, deceit, fraud, and malice, and Defendant is entitled to punitive damages in an amount to be proven at the time of trial.

## SECOND AMENDED COUNTERCLAIM AGAINST PLAINTIFF
### Tortious Interference with Business Relationships

19. Defendant incorporates by reference paragraphs 1 through 18, above, as though fully set forth herein.

20. Defendant provides permission based marketing services to its customers and on-line business partners.

21. Defendant has developed business relationships with its on-line business partners over time.

22. Defendant relied on Plaintiff's active and affirmative representations to solicit commercial email messages by negotiating and fulfilling marketing agreements with Defendant's third party business partners.

23. Due to Plaintiff's actions and the Scheme, Defendant is likely to sustain a loss of business relationships with its on-line marketing business partners.

24. As a result of the foregoing, Defendant has sustained monetary losses in an amount to be determined at trial.

25. Defendant is also entitled to punitive damages in an amount to be proven at the time of trial.

### THIRD AMENDED COUNTERCLAIM AGAINST PLAINTIFF
### Malicious Prosecution

26. Defendant incorporates by reference paragraphs 1 through 25, above, as though fully set forth herein.

27. Plaintiff participated in the commencement and maintenance of a civil proceeding against Defendant.

28. Plaintiff acted without probable cause in the commencement and maintenance of said civil proceeding against Defendant.

29. Plaintiff acted maliciously in commencing and maintaining said action against Defendant by intending to vex, annoy, and injure it.

30.     As an actual, legal and proximate result of the foregoing, Defendant suffered general damage, loss of business earnings and damage to its business reputation.

## FOURTH AMENDED COUNTERCLAIM AGAINST PLAINTIFF
### Breach of Contract

31.     Defendant incorporates by reference paragraphs 1 through 30, above, as though fully set forth herein.

32.     Defendant provides its consumer's with online permission based marketing services.

33.     Plaintiff accepted and consented to receive permission-based marketing services by agreeing to receive commercial email.

34.     Plaintiff contractually represented and certified that the registration information provided to Defendant, or its marketing partners, was true and accurate.

35.     Plaintiff had a duty to accept the commercial email in a proper manner without negating the benefit conferred upon Plaintiff by Defendant.

36.     Plaintiff had a duty to accurately represent and certify that the registration information provided to Defendant, or its marketing partners, was true and accurate.

37.     Plaintiff breached this duty by participating in the Scheme.

38.     Plaintiff breached this duty by providing Defendant, or its marketing partners, with inaccurate and untruthful registration information.

39.     Defendant failed to receive the benefit of the bargain because Plaintiff never intended to allow Defendant to have a proper bargained for exchange of consideration.

40.     Plaintiff, in his individual capacity or as owner of the Domain, supplemented, extended, or created a contract, by actively and affirmatively soliciting commercial emails for

the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

41.    Defendant has performed all of the obligations on its part to be performed under the agreement.

42.    As a proximate result of the breach of the agreement, including those express communications, solicitations and representations made by Plaintiff, personally or as owner of the Domain, Defendant has sustained monetary damages, in the amount to be determined at trial.

### FIFTH AMENDED COUNTERCLAIM AGAINST PLAINTIFF
### Injunctive Relief

43.    Defendant incorporates by reference paragraphs 1 through 42, above, as though fully set forth herein.

44.    Defendant has suffered and will continue to suffer irreparable damages unless Defendant is granted injunctive relief.

45.    If Defendant is unable to stop Plaintiff's Scheme and further schemes by Plaintiff, Defendant will suffer irreparable damages.

46.    For this harm and damage, Defendant has no adequate remedy at law.

47.    These damages are continuing, and to a large degree will be incalculable.

48.    Defendant therefore requests the Court to enter a preliminary injunction enjoining Plaintiff, his agents, servants, employees, and those acting in concert with him from receiving value by actively and affirmatively soliciting commercial emails using inaccurate and untruthful registration information for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages. Defendant further requests upon trial of this amended counterclaim, that the preliminary injunction be made into a permanent injunction so enjoining Plaintiff.

WHEREFORE, Defendant respectfully prays for the following relief:

a. Judgment against Plaintiff and an award of money damages, in an amount to be determined at trial;

b. An award of punitive damages against Plaintiff due to Plaintiff's acts of oppression, fraud, and malice in an amount to be determined at trial;

c. An order enjoining Plaintiff, his agents, servants, employees, and those acting in concert with him from receiving value by untruthfully and inaccurately actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of commercial email messages;

d. An award of Plaintiffs' costs of litigation, including attorney's fees, costs and expenses;

e. Trial by jury on all issues for which a trial by jury is available; and

f. Such other and further relief as this Court deems just and proper.

**THIRD PARTY AMENDED COMPLAINT AGAINST BONNIE GORDON, JAMES S. GORDON, III, JONATHAN GORDON, JAMILA GORDON, ROBERT PRITCHETT AND EMILY ABBEY**

Third party plaintiff, Impulse Marketing Group ("Third Party Plaintiff") as and for its third party amended complaint against third party defendants Bonnie Gordon, James S. Gordon, III, Jonathan Gordon, Jamila Gordon, Robert Pritchett and Emily Abbey (collectively, "Third Party Defendants"), alleges as follows:

**First Cause of Action**
**Indemnification and Contribution**

1. Third Party Defendants assisted in the transmission of commercial electronic messages to the "gordonworks.com" domain (the "Domain") by actively and affirmatively

soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages (the "Scheme").

2.  Third Party Defendants knew or consciously avoided knowing that by actively and affirmatively soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages that they would receive commercial email messages to the Domain.

3.  Third Party Defendants provided substantial assistance or support that enabled the formulation, composition, origination, initiation, or transmission of commercial email messages to the Domain.

4.  Third Party Defendants knew or consciously avoided knowing that they were participating in the Scheme.

5.  Third Party Defendants knew or consciously avoided knowing that Plaintiff was providing Third Party Plaintiff with inaccurate and untruthful registration information.

6.  If Defendant/Third Party Plaintiff is found to be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts of said liability.

## Second Cause of Action
## Fraud and Deceit

7.  Third Party Plaintiff incorporates by reference paragraphs 1 through 6, above, as though fully set forth herein.

8.  Third Party Defendants engaged in deceitful conduct by actively and affirmatively soliciting commercial emails for the sole purpose of aiding and abetting Plaintiff in filing multiple lawsuits arising out of the receipt of these commercial email messages.

{00072883;1}

9. Third Party Defendants misrepresented their identity and registration information to Defendant by permitting Plaintiff to use their registration information in an untruthful and inaccurate manner.

10. This conduct was deceitful and at the time such conduct occurred, Third Party Defendants knew that this conduct was deceitful.

11. As part of the Scheme, Third Party Defendants intended to actively and affirmatively solicit the commercial email messages for their own and Plaintiff's benefit and to Third Party Plaintiff's detriment.

12. As part of the Scheme, Third Party Defendants made false representations including, but not limited to, submitting to Third Party Plaintiff, or its marketing partners, untruthful and inaccurate information, and other existing facts.

13. Third Party Defendants took deceitful actions to induce Third Party Plaintiff.

14. As part of the Scheme, Third Party Defendants represented and certified to Third Party Plaintiff that they would provide Third Plaintiff with accurate and truthful information.

15. On September 16, 2003, Third Party Defendant, Jonathan Gordon, opted-in to receive e-mail at the website located at www.homeforfreestuff.com fraudulently representing to Third Party Plaintiff, or its marketing partners, that he was Jonathan Gordon.

16. On September 17, 2003, Third Party Defendant, Jonathan Gordon, opted-in to receive e-mail at the website located at www.emailprize.com from IP address 4.5.74.214 fraudulently representing to Third Party Plaintiff, or its marketing partners, that he was Jonathan Gordon.

17.     On September 17, 2003, Third Party Defendant, Jamila Gordon, opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Third Party Plaintiff, or its marketing partners, that she was Jonathan Gordon.

18.     On September 3, 2003, Third Party Defendant, James S. Gordon, III, opted-in to receive e-mail at the website located at www.emailprize.com from IP address 4.5.74.214 fraudulently representing to Third Party Plaintiff, or its marketing partners, that he was James S. Gordon, III.

19.     On September 17, 2003, Third Party Defendant, Bonnie Gordon, opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Third Party Plaintiff, or its marketing partners, that she was Bonnie Gordon.

20.     In September 2003, Third Party Defendant, Robert Pritchett, opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Third Party Plaintiff, or its marketing partners, that he was Robert Pritchett.

21.     In September 2003, Third Party Defendant, Emily Abbey, opted-in to receive e-mail at the website located at www.emailprize.com fraudulently representing to Third Party Plaintiff, or its marketing partners, that she was Emily Abbey.

22.     Third Party Plaintiff justifiably relied on Third Party Defendants' untruthful, inaccurate and fraudulent representations, causing Third Party Plaintiff to incur excessive business operational costs and associated expenditures with running its business.

23.     Third Party Plaintiff believed that Third Party Defendants' representations were true and accurate and were ignorant of their falsity at the time when Third Party Defendants submitted their personal registration information to Third Party Plaintiff, or its marketing partners.

24.     Third Party Plaintiff believed that Third Party Defendants' representations were true and accurate and were ignorant of their falsity at the time when Third Party Defendants actively and affirmatively solicited commercial email messages for the sole purpose of aiding and abetting Plaintiff in filing multiple lawsuits.

25.     As a proximate result of Third Party Plaintiff's reliance on the Scheme and Third Party Defendants' deceitful, untruthful and inaccurate representations, Third Party Plaintiff was damaged in an amount to be determined at trial.

26.     In doing the acts herein alleged, Third Party Defendants acted with oppression, deceit, fraud, and malice, and Third Party Plaintiff is entitled to punitive damages in an amount to be proven at the time of trial.

### Third Cause of Action
### Tortious Interference with Business Relationships

27.     Third Party Plaintiff incorporates by reference paragraphs 1 through 26, above, as though fully set forth herein.

28.     Third Party Plaintiff provides permission based marketing services to its customers and on-line business partners.

29.     Third Party Plaintiff has developed business relationships and entered into a valid contractual relationship with its on-line business partners over time.

30.     Third Party Defendants had knowledge of Third Party Plaintiff's contractual business relationships.

31.     Third Party Plaintiff relied on Third Party Defendants' active, affirmative, untruthful and inaccurate representations to solicit commercial email messages by negotiating and fulfilling marketing agreements with Third Party Plaintiff's third party business partners.

32. Due to Third Party Defendants' untruthful and inaccurate representations, their improper actions and the Scheme, Third Party Plaintiff is likely to sustain and has sustained a loss of business relationships with its on-line marketing business partners.

33. Third Party Defendants' intentional untruthful and inaccurate actions and the Scheme have caused a loss of contractual business relationships with Third Party Plaintiff's on-line marketing business partners.

34. As a result of the foregoing, Third Party Plaintiff has sustained monetary losses in an amount to be determined at trial.

35. Third Party Plaintiff is also entitled to punitive damages in an amount to be proven at the time of trial.

### Fourth Cause of Action
### Breach of Contract

36. Third Party Plaintiff incorporates by reference paragraphs 1 through 35, above, as though fully set forth herein.

37. Third Party Plaintiff provides its consumer's with online permission based marketing services.

38. Third Party Defendants accepted and consented to receiving permission-based marketing services by agreeing to receive commercial email.

39. Third Party Defendants contractually represented and certified that the registration information provided to Third Party Plaintiff, or its marketing partners, was true and accurate.

40. Third Party Defendants had a duty to accept the commercial email in a proper manner without negating the benefit conferred upon Third Party Defendants by Third Party Plaintiff.

{00072883;1}
17

41. Third Party Defendants had a contractual duty to accurately represent and certify that the registration information provided to Third Party Plaintiff, or its marketing partners, was true and accurate.

42. Third Party Defendants breached this duty by providing Third Party Plaintiff, or its marketing partners, with inaccurate and untruthful registration information.

43. Third Party Plaintiff failed to receive the benefit of the bargain because Third Party Defendants never intended to allow Third Party Plaintiff to have a proper bargained for exchange of consideration.

44. Third Party Defendants, in their individual capacity or as a user of the Domain, supplemented, extended, or created a contract, by untruthfully and inaccurately soliciting commercial emails for the sole purpose of filing multiple lawsuits arising out of the receipt of these commercial email messages.

45. Third Party Plaintiff has performed all of the obligations on its part to be performed under the agreement.

46. As a proximate result of the breach of the agreement, including those express communications, solicitations and inaccurate and untruthful representations made by Third Party Defendants, personally or as a user of the Domain, Third Party Plaintiff has sustained monetary damages, in the amount to be determined at trial.

## Fifth Cause of Action
## Injunctive Relief

47.     Third Party Plaintiff incorporates by reference paragraphs 1 through 46, above, as though fully set forth herein.

48.     Third Party Plaintiff has suffered and will continue to suffer irreparable damages unless Third Party Plaintiff is granted injunctive relief.

49.     If Third Party Plaintiff is unable to stop Third Party Defendants' Scheme and further schemes by Third Party Defendants, Third Party Plaintiff will suffer irreparable damages.

50.     For this harm and damage, Third Party Plaintiff has no adequate remedy at law.

51.     These damages are continuing, and to a large degree will be incalculable.

52.     Third Party Plaintiff therefore requests the Court to enter a preliminary injunction enjoining Third Party Defendants, their agents, servants, employees, and those acting in concert with them from receiving value by actively and affirmatively soliciting commercial emails for the sole purpose of aiding and abetting Plaintiff to file multiple lawsuits arising out of the receipt of commercial email messages.  Third Party Plaintiff further requests upon trial of this counterclaim, that the preliminary injunction be made into a permanent injunction so enjoining Third Party Defendants.

{00072883;1}

19

WHEREFORE, Defendant/Third Party Plaintiff respectfully requests that this Court grant judgment and relief against Third Party Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. An award of attorneys' fees and costs; and

3. Such other and further relief as this Court deems appropriate.

Dated: September 6, 2005

           s/ FLOYD E. IVEY
           WSBA #6888
           Liebler, Ivey, Conner, Berry & St. Hilaire
           By:  Floyd E. Ivey
           1141 N. Edison, Suite C
           P.O. Box 6125
           Kennewick, Washington 99336
           Local Counsel for Defendant
           Impulse Marketing Group, Inc.

           s/ FLOYD E. IVEY for
           Sean A. Moynihan, Esq. (admitted pro hac vice)
           Klein, Zelman, Rothermel & Dichter, LLP
           485 Madison Avenue, 15th Floor
           New York, NY 10022
           (212) 935-6020
           (212) 753-8101 Fax
           Attorneys for Defendant
           Impulse Marketing Group, Inc.

I hereby certify that on September 6, 2005, I electronically filed **First Amended Answer, Amended Counterclaims and Third party Amended Complaint** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Douglas E. McKinley, Jr. and transmitted via internet to Peter Glantz.

           s/ FLOYD E. IVEY