FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 1 5 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF WASHINGTON AT RICHLAND

James S. Gordon, Jr.,

    Plaintiff,

    vs.

Impulse Marketing Group, Inc.,

Defendant


Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

 v.

Emily Abbey,

Third-Party Defendant

Case No.: CV-04-5125-FVS

MOTION TO DISMISS

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

Dockets.Justia.com

1    COMES NOW the Third-Party Defendant, Emily Abbey, and

2  files this motion to dismiss Third-Party Plaintiff's claims under

3  FRCP 12(b)(6).

4                          Introduction

5

6    The undersigned is a pro se Third-Party Defendant in the

7  above captioned case.  Even if all of the allegations of the Third-

8  Party Plaintiff are assumed to be true, the allegations nevertheless

9  
10  fail to state a claim upon which relief can be granted.

11    The Third-Party Plaintiff has articulated claims against me for

12  "indemnification and contribution", "fraud and deceit," "tortious

13  interference with business relationships," "breach of contract," and

14  
15  "injunctive relief."  Each claim amounts to nothing more than an

16  allegation that I "actively and affirmatively solicited commercial

17  email messages" from the Third-Party Plaintiff, and "represented"

18  myself as myself in so doing.  Such allegations are insufficient to

19  
20  form a basis for liability under any of the theories offered by the

21  Third-Party Plaintiff.

22

23

24    The Third-Party Plaintiff's claims for "indemnification and

25  contribution"  fail to state a claim upon which relief may be granted

MOTION TO DISMISS - PRO SE - 2

The Third-Party Plaintiff has brought a claim for "indemnification and contribution" against me. Through this claim, the Third-Party Plaintiff is asking the Court to assign liability to me for emails the Third-Party Plaintiff sent to me. As the Third-Party Plaintiff has not explicitly pled RCW 19.190 et seq., absent the statute, there is no basis in law for recovery. Perhaps recognizing this, the Third-Party Plaintiff has pled most of the elements of the statute and has asked the Court to extend liability to those who provide "assistance or support" in the sending of emails, as is outlined in RCW 19.190 et seq.

While I believe this claim should be dismissed, I ask the Court to also note the Third-Party Plaintiff's own view of RCW 19.190 et seq. in advancing these claims. By arguing that the mere act of subscribing to a spam list is all that need be done to establish liability for "assisting" the transmission of commercial electronic mail under the statute, the Third-Party Plaintiff has conceded that its own much more involved conduct in transmitting the subject emails constitutes "assisting" the transmission of prohibited commercial electronic mail.

I do not agree that the mere act of subscribing oneself or

1    another to a spam list constitutes "assisting" the transmission of a

2    commercial electronic email message under RCW 19.190 et seq - or

3    that such conduct by me ever occurred.  Even if it did, the Court

4    should still dismiss this claim under FRCP 12(b)(6).

5

6        RCW 19.190 et seq. requires that the party providing the

7    assistance knows or has reason to know that the email (a) uses a

8    Third-Party's internet domain name without permission of the

9    Third-Party, or otherwise misrepresents or obscures any

10   information in identifying the point of origin or the transmission

11   path of a commercial electronic mail message; or (b) contains false

12

13   or misleading information in the subject line.  The Third-Party

14   Plaintiff's pleading "wholly denies" that any such violations are

15   present when it "wholly denies" any liability for any of these emails.

16

17   Since the Third-Party Plaintiff's pleading does not include an

18   allegation that the emails in question violated the statute, and in

19   fact denies that this underlying violation occurred, it fails to state a

20   claim upon which relief can be granted.

21

22

23

24        <u>The Third-Party Plaintiff's claims for "fraud and deceit"</u>

25        <u>fail to state a claim upon which relief may be granted</u>

1    Within its amended pleadings, Third-Party Plaintiff alleges that

2    I "affirmatively solicited commercial email messages" from the

3    Third-Party Plaintiff and misrepresented my identity in so doing.

4
    However, the Third-Party Plaintiff's sole factual allegation
5

6    concerning that misrepresentation is that I "fraudulently

7    represented" that I was myself.

8
    Under Washington law, to be entitled to recovery founded in
9

10    fraud the Third-Party Plaintiff must show the following nine

11    elements: (1) representation of an existing fact; (2) materiality; (3)

12
    falsity; (4) the speaker's knowledge of its falsity; (5) intent of the
13

14    speaker that it should be acted upon by the plaintiff; (6) plaintiff's

15    ignorance of its falsity; (7) plaintiff's reliance on the truth of the

16    representation; (8) plaintiff's right to rely upon it; and (9) damages

17
    suffered by the plaintiff.   *Stiley v. Block* 130 Wn.2d 486, 505
18

19    (1996). If the Court accepts as true the Third-Party Plaintiff's sole

20    factual allegation that I represented myself as myself, the allegation

21
    does not and cannot constitute fraud.  If I represented myself as
22

23    myself, such would be a true statement, and therefore, it could not,

24    by definition, be fraudulent.   Thus, the Third-Party Plaintiff has

25    failed to present a claim for which relief can be granted.

I also note that the Third-Party Plaintiff repeatedly alleges that I and the other Third-Party Defendants solicited emails for the "sole purpose of filing multiple lawsuits." However, even if we "intended" to file suit, no cause of action could possibly arise until and unless the Third-Party Plaintiff actually sent emails that violate the RCW 19.190 (the statute). Since neither I nor any of the Third-Party Defendants had any control whatsoever over the Third-Party Plaintiff's sending of emails or compliance with the statute, our "intent" prior to the Third-Party Plaintiff's act of sending email that violated the statute is irrelevant to any and all of the Third-Party Plaintiff's claims and counterclaims, including the fraud claim.

Finally, if the Court declines to strike the Third-Party Plaintiff's claim for relief against me for fraud under FRCP 12(b)(6), the Court should require that the Third-Party Plaintiff comply with the requirements of FRCP 9(b) and state with particularity the circumstances constituting fraud by identifying the content of any and all statements made by me that the Third-Party Plaintiff alleges were fraudulent, together with the date, time, place, mode of communication, and recipients of any such statements. Since the only factual allegation the Third-Party Plaintiff has made that I

1  "fraudulently represented" that I was myself is a true statement by

2  definition, the Third-Party Plaintiff's complaint for fraud should be

3  dismissed on this basis.

4

5

6  <u>The Third-Party Plaintiff's claims for "tortious interference with</u>

7  <u>business relationships" fail to state a claim upon which relief may</u>

8  <u>be granted</u>

9

10  Under Washington law, to be entitled to recovery founded in

11  tortious interference with a business relationship, the Third-Party

12  Plaintiff must show the following five elements: (1) the existence of a

13  valid contractual relationship or business expectancy; (2) that

14  Third-Party Defendants had knowledge of that relationship; (3) an

15  intentional interference inducing or causing a breach or termination

16  of the relationship or expectancy; (4) that Third-Party Defendants

17  interfered for an improper purpose or used improper means; and (5)

18  Resultant damages. *Sintra, Inc. v. Seattle*, 119 Wn.2d 1, 28, (1992).

19  Within its pleadings, the Third-Party Plaintiff's sole allegation

20  related to element 4 is the allegation that I "affirmatively solicited

21  commercial email messages" from the Third-Party Plaintiff and

22  misrepresented my identity in so doing.  As it cannot be an

MOTION TO DISMISS - PRO SE - 7

1   "improper purpose" or an "improper means" to accurately represent

2   oneself as oneself, the Third-Party Plaintiff's claim for relief for

3   tortious interference with a business relationship fails to state a

4   claim upon which relief should be granted and should be stricken

5

6   under FRCP 12(b)(6).

7

8   <u>The Third-Party Plaintiff's claims for "breach of contract" fail</u>

9

10  <u>to state a claim upon which relief may be granted</u>

11      The Third-Party Plaintiff's claims for "breach of contract" again

12  rest solely on the factual allegation concerning that alleged

13

14  misrepresentation is that I "fraudulently represented" that I was

15  myself.  As discussed above, such cannot form the basis of a

16  breach, because even if I represented myself as myself, it could not,

17

18  by definition, constitute a "breach."  Further, as set forth by the

19  Washington Supreme Court, "the burden of proving a contract,

20  whether express or implied, is on the party asserting it, and he

21  must prove each essential fact, including the existence of a mutual

22

23  intention." *Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840,

24  (1983) (citing *Johnson v. Nasi*, 50 Wn.2d 87, 91, (1957))."  Within its

25  pleadings, the Third-Party Plaintiff alleges that I "never intended to

MOTION TO DISMISS - PRO SE - 8

allow Third-Party Plaintiff to have a proper bargained for exchange of consideration." The Third-Party Plaintiff's pleadings thus demonstrate conclusively that there was no mutual intention or exchange of consideration, and thus that no contract was ever formed.

Even if, for the sake of argument, there was a mutual assent, an exchange of consideration and a contract formed, the question then becomes where is the breach? If the Court accepts the Third-Party Plaintiff's pleadings as true, that I "solicit[ed] commercial emails for the sole purpose of filing multiple lawsuits," then the filing of lawsuits cannot possibly form the basis for a breach, as the filing of lawsuits forms the very basis upon which the contracts were formed!

The Third-Party Plaintiff cannot have it both ways. If the Third-Party Plaintiff wants to allege the fact that the Plaintiff filing a lawsuit somehow constitutes a breach of a contract, then the Third-Party Plaintiff must plead that the Plaintiff somehow agreed not to file suit as a condition for "soliciting commercial emails." Perhaps the Third-Party Plaintiff recognizes the absurdity of arguing that everyone who ever opted into their spam list somehow agreed not to

1    sue them for their future illegal conduct in the process.  Instead,

2    the Third-Party Plaintiff has pled that the Plaintiff entered into

3    contracts "for the sole purpose of filing multiple lawsuits."  If the

4    Third-Party Plaintiff's pleadings are accepted as true, then the right

5    to file those lawsuits was intended to be a term of the contract.

6    Accordingly, there can be no breach.

7

8        The Third-Party Plaintiff's claim for relief against me for breach

9    of contract should therefore be stricken under FRCP 12(b)(6).  If the

10   court accepts as fact everything contained within the Third-Party

11   Plaintiff's allegations, the sole factual allegation of breach in the

12   pleading is an allegation that I "misrepresented" myself as myself.

13   If I had somehow misrepresented myself as someone else, no

14   evidence of this misrepresentation has been entered into the record

15   of this case. Even if a contract was formed, the conduct alleged to

16   be a breach was in fact a requirement of the contract. However,

17   even if the Court accepts the dubious proposition that "contracts"

18   were somehow formed as a result of our actions of opting into the

19   Third-Party Plaintiff's spam lists, the Third-Party Plaintiff has not

20   articulated any conduct by us that would constitute a breach of

21   those alleged contracts.

MOTION TO DISMISS - PRO SE - 10

## The Third-Party Plaintiff's claims for "injunctive relief" fail
## to state a claim upon which relief may be granted

By virtue of the fact that Third-Party Plaintiff has not stated a claim on which relief can be granted concerning its first four claims, it is counterintuitive to seek or be granted an injunction based on the absence of a single actionable event by me.

The Third-Party Plaintiff's claims for "injunctive relief" allege that if the Third-Party Plaintiff is "unable to stop" our alleged "scheme and further schemes," the Third-Party Plaintiff will suffer "irreparable damages." The Third-Party Plaintiff has asked the Court to enter a preliminary injunction enjoining me from "actively and affirmatively soliciting commercial emails." However, regardless of whether I or any of the Third-Party Defendants "actively and affirmatively solicit commercial emails," it is entirely within the Third-Party Plaintiff's control whether any such emails are actually sent. And, it is entirely within their control to have all emails compliant with the strict requirements of state and federal laws. In fact, compliance with the federal CAN SPAM statute *requires* that the Third-Party Plaintiff have the capability to remove

email addresses from the Third-Party Plaintiff's spam lists. The Plaintiff has consistently sought to have the Third-Party Plaintiff stop sending spam, (the polar opposite of the conduct alleged by the Third-Party Plaintiff). There is no statutory or common law prohibition against soliciting commercial email, even if it is done with the intention to sue the sender. The Third-Party Plaintiff's pleadings admit this, stating "Third-Party Plaintiff has no adequate remedy at law." Any such law would be entirely unnecessary, as a spammer faced with such solicitations has a ready and simple defense; simply refrain from sending commercial email that violates the statute.

Accordingly, the Third-Party Plaintiff's claims for injunctive relief against me should be stricken under FRCP 12(b)(6). Even if the court accepts as fact everything contained within the Third-Party Plaintiff's allegations, the mere act of requesting emails, whether by the Plaintiff, the Third-Party Defendants, or anyone else, is perfectly legal conduct even if the person requesting emails intends to sue the sender. Further, the mere act of requesting emails, whether by the Plaintiff, the Third-Party Defendants, or anyone else, is insufficient by itself to expose the Third-Party

Plaintiff to any liability.  It is only when the Third-Party Plaintiff

actually sends spam, an act over which the Third-Party Plaintiff is

in complete, total, and sole control, and further sends spam that

does not comply with the statute, that any liability attaches.

## CONCLUSION

The undersigned respectfully requests that the Court grant

this motion to dismiss with prejudice the Third-Party Plaintiff's

counterclaims against me under FRCP 12(B)(6).


Emily H. Abbey

1407 2nd Ave West Apt. 608

Seattle, WA 98119

206-217-0466


Dated this 10th day of November, 2005

_Emily H Abbey_
_____

I, hereby, certify that on November 15, 2005, I filed with this Court
a Motion to Dismiss Third-Party Plaintiff's Claims Against Third-
Party Defendants. The Clerk of the Court will provide electronic
notification using the CM/ECF, which will send an electronic copy
of this Certificate of Service to Douglas E. McKinley, Jr., Peter J.
Glantz, Sean A. Moynihan, and Floyd E. Ivey. I have served all non-
CM/ECF participants, Jamila Gordon, James Gordon III, Jonathan
Gordon, Bonnie Gordon, and Robert Pritchett by other means.