Floyd E. Ivey
Liebler, Ivey, Connor, Berry & St. Hilaire
P. O. Box 6125
Kennewick, WA 99336-0125
509-735-3581

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., <br>     Plaintiff, <br> vs. <br> IMPULSE MARKETING GROUP, INC., <br>     Defendant <br> _____ <br> IMPULSE MARKETING GROUP, INC., <br>     Third-Party Plaintiff, <br> vs. <br> BONNIE GORDON, et al., <br>     Third-Party Defendants. | No. CV-04-5125-FVS <br><br> SECOND AMENDED <br> THIRD PARTY COMPLAINT |

## SECOND AMENDED THIRD PARTY COMPLAINT AGAINST BONNIE GORDON, JAMES S. GORDON, III, JONATHAN GORDON, JAMILA GORDON, ROBERT PRITCHETT AND EMILY ABBEY

Third party plaintiff, Impulse Marketing Group ("Impulse," "Defendant" or "Third Party Plaintiff") as and for its second amended third party complaint against third party defendants Bonnie Gordon, James S. Gordon, III, Jonathan Gordon, Jamila Gordon, Robert Pritchett and Emily Abbey (collectively, "Third Party Defendants"),

Defendant's Memorandum Supporting Motion to Amend Answer - 1.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

alleges as follows:

## **Background**

1. Impulse is a permission-based on-line marketing company that collects personally identifiable information from individuals who sign up to receive free products and/or services at websites run by Impulse and/or its marketing partners.

2. In reciprocal consideration for receiving free products and/or services from an Impulse-related website, Impulse requires that individuals using its websites agree to submit to Impulse accurate personal subscriber information ("Subscriber Profile") in return.

3. By submitting their Subscriber Profile to Impulse, individuals grant Impulse the right to use their Subscriber Profile for, *inter alia*, transferring the Subscriber Profile to third parties for marketing purposes.

4. Impulse derives substantial revenue from the licensing and/or use of accurate Subscriber Profiles. This quid pro quo is the fundamental business model of on-line marketing.

5. An accurate and truthful Subscriber Profile for the products and/or services located at the applicable Impulse-related website is therefore of utmost significance to Impulse.

6. Any failure of an individual to provide Impulse with an accurate and truthful Subscriber Profile, in violation of the applicable website Terms and

Defendant's Memorandum Supporting Motion to Amend Answer - 2.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Conditions, adversely impacts Impulse's business revenue because an inaccurate Subscriber Profile in the open market is considered a bad lead for other third party marketing companies.

7. Licensing or using inaccurate Subscriber Profiles damages Impulse's reputation and negatively impacts Impulse's relationships with its third party marketing partners.

8. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by providing Impulse with false and/or inaccurate Subscriber Profiles at various Impulse-related websites.

9. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by conspiring with Plaintiff James Gordon ("Plaintiff") to provide Impulse with false and/or inaccurate Subscriber Profiles.

10. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by conspiring with Plaintiff to have Mr. Gordon claim to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else, to wit, Plaintiff.

11. There is no legitimate reason for Third Party Defendants to engage in a premeditated and systematic scheme to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate claims against Impulse based upon their

Defendant's Memorandum Supporting Motion to Amend Answer - 3.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

subjective belief that Impulse violated RCW 19.190 et seq.

12. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by failing to give Impulse the benefit of the bargain, particularly after Third Party Defendants received free products and/or services from the applicable Impulse-related website while Impulse received inaccurate, untruthful, or otherwise incomplete Subscriber Profiles in return.

13. Third Party Defendants had specific intent to drive email messages to the "gordonworks.com" domain (the "Domain") which emails they subjectively believed violated RCW 19.190 et seq., solely for the purposes of causing Impulse pecuniary and reputational harm while deliberately attempting to fabricate and exacerbate legal claims. Third Party Defendants' actions were undertaken in deliberate bad faith.

14. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by interfering with existing agreements between Impulse and its third party marketing partners.

## First Cause of Action
## Indemnification and Contribution

15. Third Party Plaintiff incorporates by reference paragraphs 1 through 14, above, as though fully set forth herein.

16. Plaintiff sued Defendant/Third Party Plaintiff on the theory that he received email messages that allegedly did not comport with RCW 19.190 et seq.

Defendant's Memorandum Supporting Motion to Amend Answer - 4.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

17. If Defendant/Third Party Plaintiff is found to be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts of said liability.

18. If Defendant/Third Party Plaintiff is found to be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts due to Third Party Defendants' scheme to drive email messages to the Domain which emails they subjectively believed violated RCW 19.190 et seq. Third Party Defendants' sole intention was to fabricate and exacerbate claims against Impulse.

19. If Defendant/Third Party Plaintiff is found to be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts of said liability because Third Party Defendants repeatedly solicited, unsubscribed and then repeatedly re-solicited email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq.

20. Based upon such conduct, if Defendant/Third Party Plaintiff is found to

Defendant's Memorandum Supporting Motion to Amend Answer - 5.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts of said liability.

### Second Cause of Action
### Fraud and Deceit

21. Third Party Plaintiff incorporates by reference paragraphs 1 through 20, above, as though fully set forth herein.

22. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by knowingly providing Impulse with false Subscriber Profiles at various Impulse-related websites.

23. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by directing and conspiring with Plaintiff to provide Impulse with false and/or inaccurate Subscriber Profiles.

24. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by falsely claiming to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else, to wit, Plaintiff.

25. Third Party Defendants had specific intent to fraudulently drive email messages to the Domain which emails they subjectively believed violated RCW

Defendant's Memorandum Supporting Motion to Amend Answer - 6.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

19.190 et seq. solely for the purpose of causing Third Party Plaintiff pecuniary and reputational harm while deliberately attempting to fabricate and exacerbate legal claims. Third Party Defendants' actions were undertaken in deliberate bad faith.

26. Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by fraudulently interfering with existing agreements between Impulse and its third party marketing partners.

27. Third Party Defendants are complicit in a premeditated and systematic effort to fraudulently cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Third Party Plaintiff based upon their subjective belief that Impulse violated RCW 19.190 et seq.

28. This conduct was deliberate and deceitful and at the time such conduct occurred, Third Party Defendants knew that this conduct was deceitful.

29. Third Party Defendants fraudulent conduct was for their own benefit and to Third Party Plaintiff's detriment.

30. Third Party Defendants deceitful actions were undertaken to induce Third Party Plaintiff and/or its marketing partners to incur excessive business operational costs and associated expenditures with running its business and to fabricate and exacerbate legal claims against Third party Plaintiff based upon their subjective belief that Impulse violated RCW 19.190 et seq.

Defendant's Memorandum Supporting Motion to Amend Answer - 7.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

31.     On September 16, 2003, and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, Jonathan Gordon, directed, permitted, or conspired with Plaintiff, for Jonathan Gordon's own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.homeforfreestuff.com and was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

32.     On September 17, 2003 and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, Jonathan Gordon, directed, permitted, or conspired with Plaintiff, for his own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.emailprize.com from an Internet Protocol Address located at 4.5.74.214 and was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

Defendant's Memorandum Supporting Motion to Amend Answer - 8.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

33. On September 17, 2003 and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, Jamila Gordon, Third Party Defendant, Jamila Gordon, directed, permitted, or conspired with Plaintiff, for Jamila Gordon's own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.emailprize.com was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

34. On September 3, 2003 and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, James S. Gordon, III, directed, permitted, or conspired with Plaintiff, for James S. Gordon, III's own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.emailprize.com from an Internet Protocol Address located at 4.5.74.214 and was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

Defendant's Memorandum Supporting Motion to Amend Answer - 9.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

35. On September 17, 2003 and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, Bonnie Gordon, directed, permitted, or conspired with Plaintiff, for Bonnie Gordon's own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.emailprize.com and was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

36. In September 2003 and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, Robert Pritchett, directed, permitted, or conspired with Plaintiff, for Robert Pritchett's own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.emailprize.com and was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

37. In September 2003 and upon information and belief, on numerous other dates to be provided after the completion of discovery, Third Party Defendant, Emily

Defendant's Memorandum Supporting Motion to Amend Answer - 10.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Abbey, directed, permitted, or conspired with Plaintiff, for Emily Abbey's own pecuniary benefit, to provide Impulse with an inaccurate and untruthful Subscriber Profile at the website located at www.emailprize.com and was complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq.

38. Third Party Plaintiff justifiably relied on Third Party Defendants' untruthful, inaccurate and fraudulent representations and Subscriber Profiles by negotiating and fulfilling marketing agreements with Impulse's third party business partners causing Third Party Plaintiff to incur excessive business operational costs and associated expenditures with running its business.

39. Third Party Plaintiff believed that Third Party Defendants' representations and Subscriber Profiles were true and accurate and were ignorant of their falsity at the time when Third Party Defendants submitted their Subscriber Profile to Third Party Plaintiff and/or its marketing partners.

40. As a proximate result of Third Party Plaintiff's reliance on Third Party Defendants' deceitful, untruthful and inaccurate representations and Subscriber Profiles, Third Party Plaintiff was damaged in an amount to be determined at trial.

41. In doing the acts herein alleged, Third Party Defendants acted with

Defendant's Memorandum Supporting Motion to Amend Answer - 11.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

oppression, deceit, fraud, and malice, and Third Party Plaintiff is entitled to punitive damages in an amount to be proven at the time of trial.

### Third Cause of Action
### Tortious Interference with Business Relationships

42. Third Party Plaintiff incorporates by reference paragraphs 1 through 41, above, as though fully set forth herein.

43. Third Party Plaintiff provides permission-based marketing services to its customers and on-line business partners.

44. Third Party Plaintiff has developed business relationships and entered into a valid contractual relationship with its on-line business partners over time.

45. Third Party Defendants had knowledge of Third Party Plaintiff's contractual business relationships based upon the Privacy Policy located at applicable Impulse-related websites.

46. Third Party Plaintiff relied on Third Party Defendants' untruthful and inaccurate representations and Subscriber Profiles by negotiating and fulfilling marketing agreements with Third Party Plaintiff's third party business partners.

47. Third Party Defendants' failure to provide Impulse with accurate and truthful Subscriber Profiles, in violation of the applicable website Terms and Conditions, damaged Impulse's reputation with its third party business partners and negatively impacted Impulse's business revenue because the Third Party Defendants'

Defendant's Memorandum Supporting Motion to Amend Answer - 12.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Subscriber Profiles in the open market were considered bad leads for other third party marketing companies.

48. Due to Third Party Defendants' untruthful and inaccurate representations and Subscriber Profiles, as well as Third Party Defendants' other improper actions, Third Party Plaintiff is likely to sustain and has sustained a loss of business relationships with its on-line marketing business partners.

49. Third Party Defendants' conduct in knowingly providing Impulse with untruthful and inaccurate Subscriber Profiles have caused a loss of contractual business relationships with Third Party Plaintiff's on-line marketing business partners.

50. As a result of the foregoing, Third Party Plaintiff has sustained monetary losses in an amount to be determined at trial.

51. Due to Third Party Defendants' deliberate scheme to harm Third Party Plaintiff and fabricate and exacerbate claims, Third Party Plaintiff is also entitled to punitive damages in an amount to be proven at the time of trial.

**Fourth Cause of Action**
**Breach of Contract**

52. Third Party Plaintiff incorporates by reference paragraphs 1 through 51, above, as though fully set forth herein.

Defendant's Memorandum Supporting Motion to Amend Answer - 13.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

53. Third Party Plaintiff provides its consumer's with online permission-based marketing services.

54. Third Party Defendants directly and/or by conspiring with Plaintiff, accepted and consented to receive permission-based marketing services by contractually agreeing to the Impulse-related website Terms and Conditions as well as the applicable website Privacy Policy in order to receive commercial email from Impulse and/or its third party marketing partners.

55. Third Party Defendants directly and/or by conspiring with Plaintiff, contractually represented and certified to Impulse and/or its third party marketing partners that their Subscriber Profiles provided to Third Party Plaintiff and/or its marketing partners, were true and accurate.

56. Third Party Defendants had a duty to accept the commercial email in a proper manner without negating the benefit conferred upon Third Party Defendants by Third Party Plaintiff.

57. Third Party Defendants had a contractual duty to accurately represent and certify that their Subscriber Profiles provided to Third Party Plaintiff, or its marketing partners, were true and accurate.

58. Third Party Defendants breached their contractual duty by being complicit in a premeditated and systematic effort to cause harm to Impulse by

Defendant's Memorandum Supporting Motion to Amend Answer - 14.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

providing Impulse with knowingly false and/or inaccurate Subscriber Profiles at various Impulse-related websites.

59. Third Party Defendants breached their contractual obligations by being complicit in a premeditated and systematic effort to cause harm to Impulse by falsely claiming to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else, to wit, Plaintiff.

60. Third Party Defendants breached their contractual obligations by being complicit in a premeditated and systematic effort to cause harm to Impulse by failing to give Impulse the benefit of the bargain particularly where Third Party Defendants received free products and/or services from the applicable Impulse-related website while Impulse received inaccurate, untruthful, or otherwise incomplete Subscriber Profiles in return.

61. Third Party Defendants breached their contractual obligations by having the specific intent to drive email messages to the Domain which emails they subjectively believed violated RCW 19.190 et seq. solely for the purpose of causing Third Party Plaintiff pecuniary and/or reputational harm and to fabricate and exacerbate legal claims.

62. Third Party Defendants breached their contractual obligations by being complicit in a premeditated and systematic effort to cause harm to Impulse by

Defendant's Memorandum Supporting Motion to Amend Answer - 15.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

interfering with existing agreements between Impulse and its third party marketing partners.

63.   Third Party Defendants breached their contractual obligations by being complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq.

64.   Third Party Plaintiff has performed all of the obligations on its part to be performed under the contractual agreement between the parties.

65.   As a proximate result of the breach of the agreement, including those express communications, solicitations and inaccurate and untruthful Subscriber Profiles submitted to Impulse by Third Party Defendants, personally or as a user of the Domain, Third Party Plaintiff has sustained monetary damages, in the amount to be determined at trial.

**Fifth Cause of Action**
**Injunctive Relief**

66.   Third Party Plaintiff incorporates by reference paragraphs 1 through 65, above, as though fully set forth herein.

67.   Third Party Plaintiff has suffered and will continue to suffer irreparable

Defendant's Memorandum Supporting Motion to Amend Answer - 16.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

damages unless Third Party Plaintiff is granted injunctive relief.

68. There is no legitimate reason for Third Party Defendants to repeatedly solicit, unsubscribe and then repeatedly re-solicit email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq.

69. If Third Party Plaintiff is unable to stop Third Party Defendants' conduct and further schemes by Third Party Defendants, Third Party Plaintiff will suffer irreparable damages including, but not limited to, its goodwill and reputation.

70. For this harm and damage, Third Party Plaintiff has no adequate remedy at law.

71. These damages are continuing, and to a large degree will be incalculable.

72. Third Party Plaintiff therefore requests the Court to enter a preliminary injunction enjoining Third Party Defendants, their agents, servants, employees, and those acting in concert with them from: (a) repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq.; and (b) knowingly provide Impulse and/or its marketing partners with false, inaccurate and untruthful Subscriber Profiles.

73. Third Party Plaintiff further requests upon trial of this Second Amended

Defendant's Memorandum Supporting Motion to Amend Answer - 17.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Third Party Complaint, that the preliminary injunction be made into a permanent injunction so enjoining Third Party Defendants.

WHEREFORE, Defendant/Third Party Plaintiff respectfully requests that this Court grant judgment and relief against Third Party Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. An award of attorneys' fees and costs;

3. Punitive damages for Third Party Defendants' willful bad faith and deliberate effort to cause Third Party Plaintiff pecuniary and reputational harm and to fabricate and exacerbate false claims against Third Party Plaintiff.

4. Such other and further relief as this Court deems appropriate.

Dated:     November 18, 2005

   /s/ FLOYD E. IVEY
Liebler, Ivey, Conner, Berry & St. Hilaire
By:   Floyd E. Ivey, WSBA #6888
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
   Local Counsel for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.


/S FLOYD E. IVEY FOR SEAN MOYNIHAN

Defendant's Memorandum Supporting Motion to Amend Answer - 18.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Sean A. Moynihan, Esq. (admitted pro hac vice)
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
(212) 753-8101 Fax
Attorneys for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.

I hereby certify that on November 18, 2005, I electronically filed **Third Party Plaintiff's Memorandum in Support of Defendant and Third Party Plaintiff's Motion to Amend Third Party Complaint** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Douglas E. McKinley, Jr., Peter J. Glantz and Sean A. Moynihan. I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily Abbey and Jamila Gordon.

S/ FLOYD E. IVEY
FLOYD E. IVEY

Defendant's Memorandum Supporting Motion to Amend Answer - 19.
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Pleadings\DefendantPleadings\Answer.SecondAmended\Answer.Second Amend.ThirdPartyComplaint.051118.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581