FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 21 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff,<br><br>vs.<br><br>Impulse Marketing Group, Inc.,<br>Defendant<br><br>Impulse Marketing Group, Inc.,<br>Third-Party Plaintiff,<br><br>v.<br><br>Bonnie Gordon,<br>Third-Party Defendant | Case No.: CV-04-5125-FVS<br><br>RESPONSE TO THIRD PARTY PLAINTIFF'S MOTIONS TO AMEND ITS AMENDED COMPLAINT AND MOTION TO EXPEDITE |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

1  Impulse is providing a moving target for third party defendant as it
2  seeks to amend its complaint each time it faces a 12(b)6 motion. It is
3  likely that this new motion to dismiss will elicit another iteration of
4  amendments to the recycled yet still specious lawsuit against third
5  party defendants.
6
7  The manner in which third party plaintiff is hurrying motions and
8  notices for hearing into the Court without actual notice to third party
9  defendants gives these communications the appearance or effect of ex
10 parte communications.
11
12 Third party defendant recognizes the concept of "unfairness" as a being
13 on a continuum between one party and the other party. At present, the
14 pendulum of unfairness hovers over third party defendant(s) as neither
15 I nor other third party defendants have been provided copies of the
16 motions and notices filed with this Court by third party plaintiff.
17 Typically, my first awareness of such a motion or notice is when the
18 Court has ruled on the motion.
19
20 Mr. Ivey is refusing to provide me or my children with required notices
21 and documentation. It is only through my husband's attorney that he
22 (Plaintiff) became aware of the motions of default, which Mr. Ivey
23 erroneously certified had been provided to me and my sons.
24
25

1. Responding to Impulse's motion to amend its complaint requires a lot more time for a pro se defendant to prepare than for an attorney. Impulse Marketing Group, Inc. has hired two law firms – each with a minimum of 5-6 attorneys, yet they are asking the Court for an extension of time to file its response to the third party defendant's motion to dismiss. This case was filed 12 months ago and is not scheduled for trial for another 10-11 months. Surely, with the manpower at their disposal, they should be able to meet their deadlines. Pro se third party defendants have yet to request an extension or expediting of a motion.

The fact that each pro se defendant must go out of his or her way to respond to numerous attempts by Impulse to cure a fatally flawed series of specious claims against me and other third party defendants entails a great deal of time and expense on the part of each of us.

False certifications by Impulse counsel notwithstanding, I ask that this Court compel defendant to pay me $1,500 (fifteen hundred dollars) for having to endure the stress and effort needed to reply to this amended complaint or, in the alternative, deny Impulse this opportunity to amend its complaint as the same claims are re-presented with a slightly different flavor, and/or such other rulings, which this Court deems appropriate to discourage the injudicious use of Court resources.

1. Bonnie F. Gordon
2. 9804 Buckingham Drive
3. Pasco, WA 99301
4. 509-210-1069
5.
6. Dated this 21st day of November, 2005
7. *[signature]*
8.                  Certificate of Service
9. I, hereby, certify that on November 21, 2005, I filed with this Court a Notice of Appearance. The Clerk of the Court will provide electronic
10. notification using the CM/ECF, which will send an electronic copy of this Notice to Douglas E. McKinley, Jr., Peter J. Glantz, Sean A.
11. Moynihan, and Floyd E. Ivey. I have served all non-CM/ECF participants, Jamila Gordon, James Gordon III, Jonathan Gordon,
12. Emily Abbey, and Robert Pritchett by other means.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.