FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 21 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | RESPONSE TO THIRD PARTY PLAINTIFF'S MEMORANDUM IN SUPPORT OF DEFENDANT AND THIRD PARTY PLAINTIFF'S MOTION TO AMEND THIRD PARTY COMPLAINT |
| Impulse Marketing Group, Inc., Defendant | |
| Impulse Marketing Group, Inc., Third-Party Plaintiff, | |
| v. | |
| Jonathan K. Gordon, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

# INTRODUCTION

Impulse has made some minor changes to the language of its amended complaint and re-submitted it for the third or fourth time to this Court. Even with these changes, Impulse fails to state a claim for which relief can be granted as no new cause of action or no new fact which would entitle Impulse for relief was proffered.

In fact, without admitting the fraud and deceit attendant to making fraudulent claims of prizes and money won, and then alleging my alleged involvement in this fraud (their fraudulent activities pre-existed any opt-in allegations made by Impulse), there can be no claim for which relief can be granted as their claims to date are mere sophistry.

The changes made to the complaint by Impulse include:

1. I no longer represented myself as myself, but rather my dad misrepresented himself as me (and others). No facts were proffered in support of that claim – a simple sign-up page with the related sign-up data would be helpful, but if such a document existed it would evidence the fraud of not fulfilling the alleged – but non-existent contract Impulse insists exists.
2. No facts are asserted by Impulse to support the claim of a conspiracy, which Impulse alleges. The alleged conspiracy concerns an alleged scheme to sue Impulse for sending commercial email that allegedly violates RCW 19.190. The notion of re-

1  subscribing repeatedly to these fraudulent offers once
2  unsubscribed is not supported by any facts.
3. Impulse did not claim or allege that they had sent any free gift or money won to me. And if they claim fraud and deceit were the reasons for not sending same, they must, necessarily, supply facts which support such alleged fraud and deceit, e.g. the sign-up page(s) which demonstrate same.

## Lack of Standing

Impulse does not have standing to assert claims on behalf of unnamed marketing partners. None of the sites referenced in Impulse's amended complaints belonged to Impulse at the time of the alleged opt-ins and Impulse fails to allege its ownership or provide facts concerning its ownership of same.

Lacking standing to assert claims concerning the 1) alleged misrepresentations by Plaintiff to unnamed marketing partners as Impulse did not allege or claim ownership of the named web sites  2) alleged conspiracy to defraud unnamed marketing partners as the named web sites belonged to unnamed parties 3) purported exchange of consideration as Impulse has not claimed or alleged that it or its unnamed marketing partners sent any free gift or money won to me or any third party defendant from web sites belonging to unnamed parties.

Therefore, Impulse's current claims and amended claims and any progeny should be dismissed under FRCP 12(b)6.

**Causes of Action by Impulse vs Third Party Defendant(s)**

Third party defendant re-asserts facts, claims, and information made in his motion to dismiss presently before this Court. Based on information and belief, Impulse lacks standing to assert rights and claims and causes of actions, which are the prerogative of the as of yet unnamed allegedly injured party, i.e. the party owning the web site that Plaintiff allegedly opted-in at. If any injury was sustained by Impulse it was the result of direct or indirect action or lack of action by its own unnamed marketing partners. The rightful unnamed web page owners' silence on these claims speaks to the temerity of Impulse in business as well as law.

Lacking standing to assert a claim or cause of action on the behalf of unnamed third party marketers for "indemnification and contribution", "fraud and deceit," "tortious interference with business relationships," "breach of contract," and "injunctive relief", Impulse fails to state a claim for which it can be granted relief. As a result, Impulse's lawsuit against me should be dismissed under FRCP 12(b)6 with prejudice.

Jonathan K. Gordon
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

Dated this 21st day of November, 2005

_____

Certificate of Service

I, hereby, certify that on November 21, 2005, I filed with this Court a Notice of Appearance. The Clerk of the Court will provide electronic notification using the CM/ECF, which will send an electronic copy of this Notice to Douglas E. McKinley, Jr., Peter J. Glantz, Sean A. Moynihan, and Floyd E. Ivey. I have served all non-CM/ECF participants, Bonnie Gordon, Jamila Gordon, James Gordon III, Emily Abbey, and Robert Pritchett by other means.