1    FLOYD E. IVEY
     Liebler, Ivey, Connor, Berry & St. Hilaire
2    P. O. Box 6125
     Kennewick, WA 99336-0125
3    509-735-3581
     Attorneys for Defendant
4    Impulse Marketing Group, Inc.
     and Third Party Plaintiff
5
     Klein, Zelman, Rothermel, & Dichter, L.L.P.
6    By:    Sean Moynihan, Esq.; Peter Glantz
     485 Madison Avenue
7    New York, New York 10022
     Telephone Number (212) 935-6020
8    Facsimile Number (212) 753-8101
     Attorneys for Defendant
9    Impulse Marketing Group, Inc.
     and Third Party Plaintiff
10
     DOUGLAS E. MCKINLEY, JR.
11   Attorney At Law
     P.O. Box 202 Richland, Washington 99352
12   509-628-0809
     Fax (509) 628-2307
13   Attorney for Plaintiff

14

15               UNITED STATES DISTRICT COURT FOR THE

16                  EASTERN DISTRICT OF WASHINGTON

17   JAMES S. GORDON, JR.,              )         No. CV-04-5125-FVS
                                        )
18              Plaintiff,              )
     vs.                                )         DEFENDANT AND THIRD PARTY
19                                      )         PLAINTIFF'S MEMORANDUM OF
     IMPULSE MARKETING GROUP,           )         LAW IN OPPOSITION TO THIRD
20   INC.,                              )         PARTY DEFENDANTS' MOTION
                                        )         TO DISMISS
21              Defendant              )
     _____)
22                                      )
     IMPULSE MARKETING GROUP,           )
23   INC.,                              )
                                        )
24         Third-Party Plaintiff,       )
     vs.                                )
25                                      )
     BONNIE GORDON, et al.,             )
26                                      )
            Third-Party Defendants.     )

27

28

Motion to Expedite Motion to Clarify Scheduling Order
Page 1 of 25

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## MEMORANDUM OF LAW IN OPPOSITION TO тHIRD PARTY DEFENDANTS' MOTION TO DISMISS IMPULSE MARKETING GROUP, INC.'S  THIRD PARTY AMENDED COMPLAINT

Impulse Marketing Group, Inc. ("Impulse," "Defendant," or "Third Party Plaintiff") submits this Memorandum of Law in opposition to the motion of third pary defendants Bonnie Gordon, James S. Gordon, III, Jonathan Gordon, Jamila Gordon, Robert Pritchett and Emily Abbey (collectively "Third Party Defendants") to dismiss Impulse's Third Party Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or 9(b) (the "Motion").

## Procedural History

In 2003, Plaintiff James Gordon ("Gordon" or "Plaintiff") filed a lawsuit against Commonwealth Marketing Group, Inc. ("CMG") (the "Related Action") for alleged violations of RCW 19.190 et seq.  On November 23, 2004, Plaintiff filed the instant lawsuit against Impulse (the "Instant Action") on similar grounds.[1]  Plaintiff and his attorney have filed multiple actions against various defendants using similar, if not identical, theories of recovery in each action.

On or about January 21, 2005, Impulse moved to dismiss the Instant Action, as a matter of law, pursuant to Rule 12(b)(6).  This Court denied Impulse's motion to dismiss Gordon's complaint on or about July 11, 2005 and did not require Plaintiff

---

[1] Plaintiff is neither a victim, nor an intended protected party under RCW 19.190 et seq.  Instead, Plaintiff systematically fabricated claims against legitimate businesses with the intent to coerce economic settlements.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

to plead his Complaint with specificity pursuant to Rule 9(b).  Accordingly, Impulse did not have an opportunity, until recently, to begin its examination of the voluminous e-mails at issue in the Instant Action.

On September 7, 2005, Impulse filed a Third Party Amended Complaint against each of the Third Party Defendants arising out of Third Party Defendants' wrongful and fraudulent conduct in connection with Plaintiff's claims false and fabricated against Impulse in the Instant Action.  Third Party Defendants have failed to interpose a timely Answer to the Third Party Amended Complaint.  Instead, pro se Third Party Defendants now, after the time respond to the Third Party Amended Complaint has long since expired, move to dismiss the Third Party Amended Complaint arguing that: (1) no factual basis exists for Impulse's Third Party Amended Complaint; and (2) even if one assumes the truth of all of Impulse's factual allegations contained in its Third Party Amended Complaint, Impulse still fails to state claims upon which relief can be granted.

**Introduction**

Impulse is a permission-based on-line marketing company that collects personally identifiable information from individuals who sign up to receive free products and/or services at websites run by Impulse and/or its marketing partners. (Second Am. Compl. ¶1.)  In reciprocal consideration for receiving free products and/or services from an Impulse-related website, Impulse requires that individuals

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

using its websites agree to submit to Impulse accurate personal subscriber information ("Registration Information" or "Subscriber Profile").  (Second Am. Compl. ¶2.) By submitting their Subscriber Profile to Impulse, individuals explicitly grant Impulse the right to use their Subscriber Profile for, *inter alia*, transferring the Subscriber Profile to third parties for marketing purposes.  (Second Am. Compl. ¶3.) Impulse derives substantial revenue from the licensing and/or use of accurate Subscriber Profiles.  (Second Am. Compl. ¶4.)  This quid pro quo is the fundamental business model of on-line marketing.  (Second Am. Compl. ¶4.)  An accurate and truthful Subscriber Profile for the products and/or services located at the applicable Impulse-related website is therefore of utmost significance to Impulse.  (Second Am. Compl. ¶5.) Any failure of an individual to provide Impulse with an accurate and truthful Subscriber Profile, in violation of the applicable website Terms and Conditions, adversely impacts Impulse's business revenue because an inaccurate Subscriber Profile in the open market is considered a bad lead for other third party marketing companies. (Second Am. Compl. ¶6.)  Licensing or using inaccurate Subscriber Profiles damages Impulse's reputation and negatively impacts Impulse's relationships with its third party marketing partners. (Second Am. Compl. ¶7.) Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by: (1) providing Impulse with false and/or inaccurate Subscriber Profiles at various Impulse-related websites; (2) conspiring with Plaintiff to provide Impulse

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

with false and/or inaccurate Subscriber Profiles; (3) conspiring with Plaintiff to have

Mr. Gordon claim to be said third parties when in fact, the individual certifying their

identity and accuracy of their Subscriber Profile was in fact someone else, to wit,

Plaintiff; (4) repeatedly soliciting, unsubscribing and then repeatedly re-soliciting

email from Impulse and/or its marketing partners in a scheme to fabricate and

exacerbate claims against Impulse based upon their subjective belief that Impulse

violated RCW 19.190 et seq.; (5) failing to give Impulse the benefit of the bargain,

particularly after Third Party Defendants received free products and/or services from

the applicable Impulse-related website while Impulse received inaccurate, untruthful,

or otherwise incomplete Subscriber Profiles in return; (6) having specific intent to

drive email messages to the "gordonworks.com" domain (the "Domain") which

emails Third Party Defendants subjectively believed violated RCW 19.190 et seq.,

solely for the purposes of causing Impulse pecuniary and reputational harm while

deliberately attempting to fabricate and exacerbate legal claims; and (7) interfering

with existing agreements between Impulse and its third party marketing partners.

Third Party Defendants' actions were undertaken in deliberate bad faith and there was

no legitimate reason for Third Party Defendants to engage in such a premeditated and

systematic scheme to cause harm to Impulse. (Second Am. Compl. ¶8-14.)

**Questions of Fact That Preclude Dismissal Under 12(b)(6)**

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

In addition to the explicit and exhaustive factual allegations contained in Impulse's Third Party Amended Complaint Plaintiff's declaration dated August 15, 2005 in support of Plaintiff's Motion to Dismiss Impulse's Amended Counterclaims (the "Gordon Declaration") contains several admissions that implicate Third Party Defendants.  The Gordon Declaration asserts, under penalties of perjury, that:

- Gordon created numerous e-mail addresses by fictitiously using the names of his friends and family members that he identified as witnesses in his Initial Disclosures in the Related Action[2] (the "Gordon Initial Disclosures").  See Exhibit "A" ¶3, that was previously annexed to the Declaration of James Bodie, dated September 23, 2005, for a copy of the Gordon Initial Disclosures in the Related Action (the "Bodie Declaration");

- Although the e-mail addresses related to Gordon's family members, all of the e-mail addresses were purportedly  "created and maintained" by Gordon, and e-mails sent to any of those e-mail addresses were "received" by Gordon himself.  See Exhibit "A" previously annexed to the Bodie Declaration ¶7 (emphasis added); and

- Gordon "used" certain e-mail addresses that belonged to his family and other witnesses.  See Exhibit "A" previously annexed to the Bodie Declaration ¶9.

By contrast, the Gordon Initial Disclosure in the Related Action reveals a factual inconsistency.  Specifically, the Gordon Initial Disclosures state that Robert Pritchett and Emily Abbey, rather than Gordon himself, received commercial e-mail.  See Exhibit "A" previously annexed to the Bodie Declaration ¶¶ 2-7 (emphasis

---

[2] This Court has already taken judicial notice of the Related Action in its Order Denying Defendant's Motion To Dismiss, dated July 11, 2005.

added).   As the Gordon Initial Disclosures were subject to Rule 11 requiring, at the time of the disclosure, reasonable inquiry and evidentiary support, the contradictory representations in the Gordon Declaration and the Gordon Initial Disclosures raise triable issues of fact in the Third Party action.  Such questions include:

- Whether or not Third Party Defendants, and not Gordon himself, received the commercial e-mail messages at issue in the Instant Action;

- Whether Third Party Defendants provided Impulse, and/or its marketing partners, with untruthful and inaccurate Subscriber Profiles in violation of the terms of the applicable Impulse-related website Terms and Conditions and Privacy Policy; and

- Whether Third Party Defendants directed or conspired with Plaintiff to misrepresent their identities to Impulse and/or its marketing partners.

- Whether Third Party Defendants derive pecuniary benefit from permitting Plaintiff to misuse their Subscriber Profiles.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2

### Standard of Review

3

4     Pursuant to Rule 12(b)(6), the Court "may not consider any material beyond

the pleadings in ruling." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir.

5

6     2001).  Further, a complaint should not be dismissed for failure to state a claim upon

7     which relief may be granted under F.R.C.P. 12(b)(6) unless it "appears <u>beyond doubt</u>

8     that a plaintiff can prove no set of facts in support of its claim which would entitle it

9

10    to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Johnson v. Knowles,</u> 113

11    F.3d 1114, 1117 (9th Cir. 1997) (emphasis added).  The Court is required to accept all

12    of Impulse's third party allegations as true and construe them in the light most

13

14    favorable to Impulse while giving Impulse the benefit of every inference that

15    reasonably may be drawn. <u>Tyler v. Cisneros</u>, 136 F.3d 603, 607 (9th Cir. 1998);

16

17    <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996).  When the legal

18    sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6),

19

20    "[r]eview is limited to the complaint." <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273,

21    1274 (9th Cir. 1993).

22

23    ### Contribution and Indemnification

24    Initially, Third Party Defendants admit that Impulse properly plead a cause of

25    action for contribution and indemnification.  Notwithstanding the foregoing, Third

26

27    Party Defendants maintain that because Impulse's pleading does not include an

28    admission that the e-mails in question violated RCW 19.190, it fails to state a claim

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

upon which relief can be granted.  Apparently, Third Party Defendants misinterpret Impulse's Third Party cause of action against them for contribution and indemnification because under Washington law, contribution distributes loss among parties by requiring each to pay his proportionate share, while indemnity shifts the entire loss from one party who has been compelled to pay damages to the shoulders of another who should bear it instead.  Zamora v. Mobil Corporation, 104 Wash.2d 211, 704 P.2d 591 (1985).

As this Court recalls, Plaintiff sued Defendant/Third Party Plaintiff on the theory that he received email messages that allegedly violated RCW 19.190 et seq. Impulse has asserted factual allegations against Third Party Defendants that demonstrate that in the event Defendant/Third Party Plaintiff is found to be in any way liable to Plaintiff, which liability Defendant/Third Party Plaintiff wholly denies, then will Defendant/Third Party Plaintiff demands judgment over and against, Third Party Defendants, for indemnity and contribution for the full amounts of said liability because: (1) Third Party Defendants specifically intended to drive email messages to the Domain which emails they subjectively believed violated RCW 19.190 et seq.; and (2) Third Party Defendants repeatedly solicited, unsubscribed and then repeatedly re-solicited email from Impulse and/or its marketing partners with the sole intention to fabricate and exacerbate claims against Impulse based upon their subjective belief

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

that Impulse violated RCW 19.190 et seq.  (First Am. Compl. ¶¶1-6; Second Am.

Compl. ¶¶17-20.)

Such improper and inequitable conduct violates conscience, good faith and

other equitable principles.  Further, such impermissible behavior raises a question of

fact. See Insurance Co. of North America 128 Cal. App.3d at 306.  Accordingly, the

Motion to dismiss Impulse's contribution and indemnification cause of action

pursuant to Rule 12(b)(6) should be denied in its entirety.

**Fraud and Deceit**

Contrary to Third Party Defendants' representations, Impulse's Third Party

Amended Complaint states prima facie cause of action for fraud and deceit.

In order to plead a valid cause of action for fraud under Washington law, the

following elements must be alleged: (1) a representation of an existing fact; (2) its

materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of

its truth; (5) his intent that it should be acted on by the person to whom it is made; (6)

ignorance of its falsity on the part of the person to whom it is made; (7) the latter's

reliance on the truth of the representation; (8) his right to rely upon it; and (9) his

consequent damage.  Baertschi v. Jordan, 68 Wash.2d 478, 482 413 P.2d 657 (1966).

With respect to Impulse's Third Party Amended Complaint, Impulse has

alleged sufficient facts tending to show all of the above-mentioned elements of a

prima facie fraud and deceit cause of action. Specifically, Impulse alleges facts

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

tending to show that Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by: (1) knowingly providing Impulse with false Subscriber Profiles at various Impulse-related websites; (2) directing and conspiring with Plaintiff to provide Impulse with false and/or inaccurate Subscriber Profiles; (3) falsely claiming to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else, to wit, Plaintiff; (4) having specific intent to fraudulently drive email messages to the Domain which emails they subjectively believed violated RCW 19.190 et seq. solely for the purpose of causing Impulse pecuniary and reputational harm while deliberately attempting to fabricate and exacerbate legal claims; (5) fraudulently interfering with existing agreements between Impulse and its third party marketing partners; and (6) repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq. (First Am. Compl. ¶¶15-26; Second Am. Compl. ¶¶22-30.)

This conduct was deliberate and deceitful and at the time such conduct occurred, Third Party Defendants knew that this conduct was deceitful. (First Am. Compl. ¶¶15-26; Second Am. Compl. ¶¶22-30.) Third Party Defendants fraudulent conduct was for their own benefit and to Impulse's detriment. (First Am. Compl.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

¶¶15-26; Second Am. Compl. ¶¶22-30.)  Third Party Defendants deceitful actions were undertaken to induce Impulse and/or its marketing partners to incur excessive business operational costs and associated expenditures with running its business and to fabricate and exacerbate legal claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq.  (First Am. Compl. ¶¶15-26; Second Am. Compl. ¶¶22-30.)  There is no legitimate reason for Third Party Defendants to be complicit in such a premeditated and systematic effort to fraudulently cause harm to Impulse. Third Party Defendants' actions were undertaken in deliberate bad faith.

Impulse respectfully refers the Court to its Second Cause of Action contained in its Third-Party Amended Complaint at paragraphs 8 through 14 that details the elements of fraud and deceit.[3]  Such allegations demonstrate that Impulse sufficiently pled all of the elements required to sustain its fraud and deceit cause of action. Specifically, Impulse alleges, *inter alia*, that Third Party Defendants misrepresented their identity and Subscriber Profile to Impulse, and/or its marketing partners, by permitting Third Party Defendants to use their Subscriber Profile in an untruthful and inaccurate manner.  Among other allegations, Impulse alleges facts that create a

---

[3] To the extent that Impulse failed to properly allege a valid fraud and deceit cause of action against Third Party Defendants, Impulse has sought leave to amend its Third Party Complaint for a second time prior to Third party Defendants' filing and serving a responsive pleading.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

question of fact as to the identity of the recipient of the commercial e-mail at issue.

As stated above, any intentional failure of an individual to provide Impulse with accurate and truthful Registration Information significantly impacts Impulse's business revenue because inaccurate and untruthful Registration Information in the open market is considered a bad lead for other third party marketing companies. An accurate and truthful individual Subscriber Profile of the utmost significance to Impulse as it derives substantial revenue from such accurate and truthful Registration Information.

### Fraud and Deceit Under Rule 9(b)

Third Party Defendants contend that this Court should, alternatively, require that Impulse plead its fraud and deceit causes of action with particularity pursuant to Rule 9(b). Third Party Defendants argue that Impulse should specifically allege and identify the content of any and all representations made by Third Party Defendants that Impulse alleges were fraudulent. However, Impulse's third-party cause of action for fraud and deceit provides sufficient specificity and particularity to comply with Rule 9(b). (First Am. Compl. ¶¶15-26; Second Am. Compl. ¶¶22-30.) For example, throughout the month of September 2003, and on numerous other dates to be provided after the completion of discovery, Third Party Defendants directed, permitted, or conspired with Plaintiff, for their own pecuniary benefit, to provide

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Impulse with an inaccurate and untruthful Subscriber Profiles at various websites that are specified in the Third Party Amended Complaint. (First Am. Compl. ¶¶15-26; Second Am. Compl. ¶¶22-30.)[4] Third Party Defendants were further complicit in a premeditated and systematic effort to cause harm to Impulse by repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon a subjective belief that Impulse violated RCW 19.190 et seq. (Second Am. Compl. ¶¶37.)

Based upon the specific allegations contained in Impulse's fraud and deceit third party cause of action, Impulse has complied with Rule 9(b).

**Tortious Interference With Business Relationships**

Third Party Defendants maintain that Impulse did not sufficiently allege a cause of action for tortious interference with a business relationship. Impulse has sufficiently alleged all of the elements for its tortious interference with a business

---

[4] In light of the fact that Impulse only recently received the emails at issue in the Instant Action, Impulse acknowledges that some of the allegations contained in its Third Party Amended Complaint require clarification. For example, any and all allegations providing that Third Party Defendants misrepresented their identity to Impulse as themselves was due to a scrivener error. To clarify these allegations, Impulse has sought leave to amend its Third Party Complaint. In truth, the allegations contained in the Third Party Amended Complaint demonstrate that the Third Party Defendants directed, permitted, or conspired with Plaintiff, for their own benefit, to provide Impulse with inaccurate and untruthful Subscriber Profiles at specified websites and Internet Protocol Addresses throughout September 2003. The ability to allege even more details and specific allegations is hampered by the amount of time and resources that it will take Impulse to review thousands of email messages.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

relationship cause of action against Third Party Defendants. Specifically, Impulse alleges, *inter alia,* that Third Party Defendants had knowledge of a valid contractual relationship between Impulse and/or its marketing partners. (First Am. Compl. ¶¶30-33; Second Am. Compl. ¶¶43-51.) Such knowledge is imputed to Third Party Defendant upon their acceptance of the applicable Impulse-related Privacy Policy and Terms and Conditions. (First Am. Compl. ¶¶30-33; Second Am. Compl. ¶¶43-51.)

Impulse further maintains that Third Party Defendants: (1) submitted their Subscriber Profile to Impulse and/or its third party marketing partners; (2) certified that their Subscriber Profiles were accurate and truthful pursuant to the applicable Impulse-related Terms and Conditions; and (3) entered into a Privacy Policy that permitted Impulse and/or its marketing partners to share the applicable participant's Subscriber Profile with contractually-bound third party marketers. (First Am. Compl. ¶¶28-35; Second Am. Compl. ¶¶8-14 and 43-51.) Accordingly, any denial by Third Party Defendants as to whether or not they had knowledge of Impulse's contractual business relationships is, at most, untrue, and, at least, for determination by a jury.

Under Washington law, in order to establish a prima facie case of the tort of intentional interference with business expectancy the following elements must be met: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference with Impulse's contractual relationships, thereby inducing or

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.  Ill will, spite, defamation, fraud, force, or coercion on the part of the interferer are not essential ingredients, although such elements are present in this action.  Pleas v. City of Seattle, 112 Wash.2d 794, 800, 774 P.2d 1158 (1989) (quoting Calbom v. Knudtzon, 65 Wash.2d 157, 162-63, 396 P.2d 148 (1964)).

Third Party Defendants' failure to provide Impulse with accurate and truthful Subscriber Profiles, in violation of the applicable website Terms and Conditions, damaged Impulse's reputation with its third party business partners and negatively impacted Impulse's business revenue because the Third Party Defendants' Subscriber Profiles in the open market were considered bad leads for other third party marketing companies.  (First Am. Compl. ¶¶28-35; Second Am. Compl. ¶¶8-14 and ¶¶43-51.) Due to Third Party Defendants' untruthful and inaccurate representations and Subscriber Profiles, as well as Third Party Defendants' other improper actions, such as conspiring with Plaintiff to have Mr. Gordon claim to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else, Impulse is likely to sustain and has sustained a loss of business relationships with its on-line marketing business partners.  (First Am. Compl. ¶¶28-35; Second Am. Compl. ¶¶8-14 and ¶¶43-51.) Third Party Defendants' conduct in knowingly providing Impulse with untruthful and inaccurate Subscriber

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Profiles have caused a loss of contractual business relationships with Impulse's on-line marketing business partners. (First Am. Compl. ¶¶28-35; Second Am. Compl. ¶¶8-14 and ¶¶43-51.) Based on the foregoing, Impulse has sufficiently alleged facts tending to show that: (1) there was a valid contractual relationship or business expectancy in existence; (2) Third Party Defendants had knowledge of the relationship or expectancy; (3) Third Party Defendants intentionally interfered with Impulse's contractual relationships thereby inducing or causing a breach or termination of the contractual relationship between Impulse and its third party marketing partners; and (4) Impulse suffered damages as a result of Third Party Defendants' conduct. (First Am. Compl. ¶¶28-35; Second Am. Compl. ¶¶8-14 and ¶¶43-51.)

**Breach of Contract**

Third Party Defendants directly and/or by conspiring with Plaintiff: (1) accepted and consented to receive permission-based marketing services by contractually agreeing to the Impulse-related website Terms and Conditions as well as the applicable website Privacy Policy; and (2) contractually represented and certified to Impulse and/or its third party marketing partners that their Subscriber Profiles provided to Impulse and/or its marketing partners, were true and accurate. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14 and ¶¶53-65.)

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Impulse is a permission-based on-line marketing company that collects personally identifiable information from individuals who sign up to receive free products and/or services at websites run by Impulse and/or its marketing partners. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14 and ¶¶53-65.) In reciprocal consideration for receiving free products and/or services from an Impulse-related website, Impulse requires that individuals using its websites agree to submit to Impulse accurate Subscriber Profiles. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14 and ¶¶53-65.) By submitting their Subscriber Profile to Impulse, individuals explicitly grant Impulse the right to use their Subscriber Profile for, *inter alia*, transferring the Subscriber Profile to third parties for marketing purposes. Impulse derives substantial revenue from the licensing and/or use of accurate Subscriber Profiles. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14 and ¶¶53-65.) This quid pro quo is the fundamental business model of on-line marketing. An accurate and truthful Subscriber Profile for the products and/or services located at the applicable Impulse-related website is therefore of utmost significance to Impulse. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14.) Any failure of an individual to provide Impulse with an accurate and truthful Subscriber Profile, in violation of the applicable website Terms and Conditions, adversely impacts Impulse's business revenue because an inaccurate Subscriber Profile in the open market is considered a bad lead for other third party marketing companies. (First Am.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14.)   Licensing or using inaccurate Subscriber Profiles damages Impulse's reputation and negatively impacts Impulse's relationships with its third party marketing partners.  (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14.)

Third Party Defendants argue that there was never a meeting of the minds if, as Impulse contends, Third Party Defendants never intended to confer the benefit of the bargain and intended to lie.  Such an argument is simply a red herring.  Using Third Party Defendants' rationale, the element of mutual assent for the formation of a contract would be a subjective standard.  However, the mutual assent necessary to form a contract cannot be based upon subjective intent, but rather must be founded upon an objective manifestation of mutual intent on the essential terms of the promise.  Swanson v. Holmquist, 13 Wash.App. 939, 539 P.2d 104, 105.  That is, would a reasonable person under the circumstances believe that there was a meeting of the minds between the parties.  The fact that Third Party Defendants were lying to Impulse from the very beginning of the formation of a contract is irrelevant.  In the case at bar, Impulse was reasonable is assuming that it and Third Party Defendants entered into an agreement.  As such, Third-Party Defendants argument that a contract was never formed is entirely specious.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

**Third Party Defendants' Contractual Duties**

Under the applicable Impulse-related website Terms and Conditions and Privacy Policy Third Party Defendants had a duty to: (1) accept the commercial email in a proper manner without negating the benefit conferred upon Third Party Defendants by Impulse; (2) accurately represent and certify that their Subscriber Profiles provided to Impulse, or its marketing partners, were true and accurate; and (3) conspire with Plaintiff to have Mr. Gordon claim to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶53-65.)

**Third Party Defendants' Breach Of Their Contractual Duty**

Third Party Defendants breached their contractual duty by: (1) being complicit in a premeditated and systematic effort to cause harm to Impulse by providing Impulse with knowingly false and/or inaccurate Subscriber Profiles at various Impulse-related websites; (2) falsely claiming to be said third parties when in fact, the individual certifying their identity and accuracy of their Subscriber Profile was in fact someone else, to wit, Plaintiff; (3) failing to give Impulse the benefit of the bargain, particularly where Third Party Defendants received free products and/or services from the applicable Impulse-related website while Impulse received inaccurate, untruthful, or otherwise incomplete Subscriber Profiles in return; (4) having the specific intent

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

to drive email messages to the Domain which emails they subjectively believed violated RCW 19.190 et seq. solely for the purpose of causing Impulse pecuniary and/or reputational harm and to fabricate and exacerbate legal claims against Impulse; (5) interfering with existing agreements between Impulse and its third party marketing partners; (6) repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶8-14 and ¶¶53-65.)

## Causation and Damages

Impulse has performed all of the obligations on its part to be performed under the contractual agreement between the parties.  As a proximate result of the breach of the agreement, including those express communications, solicitations and inaccurate and untruthful Subscriber Profiles submitted to Impulse by Third Party Defendants, personally or as a user of the Domain, Impulse has sustained monetary damages, in the amount to be determined at trial.

Impulse has alleged facts sufficient to support a prima facie breach of contract cause of action. (First Am. Compl. ¶¶37-46; Second Am. Compl. ¶¶53-65).

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Further, in light of the fact that this Court is required to take the allegations contained in Impulse's Third-Party Amended Complaint for breach of contract as true and construed in the light most favorable to Impulse while giving Impulse the benefit of every inference that reasonably may be drawn, the Motion based upon Rule 12(b)(6) should be denied.  Epstein 83 F.3d at 1140; Tyler 136 F.3d at 607.

## Injunctive Relief

Third Party Defendants contend that: (1) there is no statutory or common law prohibition against soliciting commercial e-mail, even if it is done with the intent to sue the sender; and (2) the mere act of requesting e-mails is perfectly legal conduct even if the person requesting e-mails intends to sue the sender.  Such an argument is patently false and an implied admission by Third Party Defendants that their conduct violated conscience, good faith and other equitable principles.  In Brader v. Minute Muffler Installation, Ltd., 81 Wash. App. 532, 538, 914 P.2d 1220, 1223 (Wash. App. 1996) at footnote 14 citing Dollar Systems, Inc. v. Avcar Leasing Systems, Inc., 890 F.2d 165, 173 (9th Cir. (Cal.) 1989) the court stated:

> "The application of the unclean hands doctrine raises primarily a question of fact. Insurance Co. of North America v. Liberty Mutual Ins. Co., 128 Cal. App.3d 297, 306, 180 Cal.Rptr. 244, 250 (1982). The doctrine bars relief to a Third-Party Defendants who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a Third-Party Defendants who has dirtied his hands in acquiring the right presently asserted. See Pond v. Insurance Co. of North America, 151

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2

3

4

5

> Cal.App.3d 280, 289-90, 198 Cal.Rptr. 517, 522 (1984). "It is fundamental to [the] operation of the doctrine that the alleged misconduct by the Third-Party Defendants relate directly to the transaction concerning which the complaint is made." Arthur v. Davis, 126 Cal.App.3d 684, 693-94, 178 Cal.Rptr. 920, 925 (1981) (quotation omitted)."

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Similarly, Third Party Defendants' hands are unclean due to Third Party Defendants deliberate, predatory, bad faith actions. Impulse has suffered and will continue to suffer irreparable damages unless Impulse is granted injunctive relief. There is no legitimate reason for Third Party Defendants to repeatedly solicit, unsubscribe and then repeatedly re-solicit email from Impulse and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq. (First Am. Compl. ¶¶48-52; Second Am. Compl. ¶¶8-14 and ¶¶66-73.) Damage to Impulse's good will and reputation are difficult to calculate. If Impulse is unable to stop Third Party Defendants' conduct and further schemes by Third Party Defendants, Impulse will suffer irreparable damages. For this harm and damage, Impulse has no adequate remedy at law. These damages are continuing, and to a large degree will be incalculable because it is extremely difficult to compute damages for lost of business relationship, to its reputation and good will. (First Am. Compl. ¶¶48-52; Second Am. Compl. ¶¶66-73.) Further, Third-Party Defendants failed to address how Impulse failed to allege facts tending to show a prima facie request for injunctive relief. As

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    such, the Motion based upon Rule §12(b)(6) should be denied.

2

3         WHEREFORE, Impulse requests that:

4         1.    Third Party Defendants' Motion to Dismiss Impulse's Third Party

5    Amended Complaint be denied in its entirety; and

6

7         2.    The Court grant such other and further relief that the Court considers

8    proper.

9

10   Respectfully Submitted,

11        DATED this 23rd day of  November, 2005.

12                                        **LIEBLER, IVEY, & CONNOR, P.S.**

13

14

15                                        **s/ Floyd E. Ivey**
16                                        **Floyd E. Ivey, WSBA #6888**
                                          **Attorneys for the Defendant Impulse**
17

18

19                                        **s/Floyd E. Ivey FOR Moynihan &**
                                          **Ghantz**
20                                        **Sean A. Moynihan & Peter J. Glantz**
21                                        **Klein, Zelman, Rothermel & Dichter, LLP**
                                          **485 Madison Avenue, 15th Floor**
22                                        **New York, New York 10022**
                                          **(212) 935-6020;**
23                                        **(212) 753-8101 (fax)**
24                                        **Attorneys for Defendant/Third Party Plaintiff**
                                          **Impulse Marketing Group, Inc.**
25

26

27

28        I hereby certify that on November 23, 2005, I electronically filed **Defendant**

1

**and Third Party Plaintiff's Memorandum of Law in Opposition to Third**

2

**Party Defendants' Motion to Dismiss** with the Clerk of the Court using the

3

CM/ECF System which will send notification of such filing to Douglas E.

4

McKinley, Jr., Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have

served the foregoing to the following non-CM/ECF participants by other means:

5

Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily

Abbey and Jamila Gordon.

6

7

8                     S/ FLOYD E. IVEY
                      FLOYD E. IVEY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581