```
           FILED IN THE
        U.S. DISTRICT COURT
     EASTERN DISTRICT OF WASHINGTON

           NOV 23 2005

        JAMES R. LARSEN, CLERK
        _____DEPUTY
          RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, <br> vs. <br> Impulse Marketing Group, Inc., <br> Defendant <br><br> Impulse Marketing Group, Inc., <br> Third-Party Plaintiff, <br> v. <br> Jamila E. Gordon, <br> Third-Party Defendant | Case No.: CV-04-5125-FVS <br><br> RESPONSE TO THIRD PARTY PLAINTIFF'S MOTIONS TO AMEND ITS AMENDED COMPLAINT AND MOTION TO EXPEDITE |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

1   Impulse is providing a moving target for third party defendant as
2   it seeks to amend its complaint each time it faces a 12(b)6 motion. It is
3   likely that this new motion to dismiss will elicit another iteration of
4   amendments to the recycled yet still specious lawsuit against third
5   party defendants.

7   The manner in which third party plaintiff is hurrying motions and
8   notices for hearing into the Court without actual notice to third party
9   defendants gives these communications the appearance or effect of ex
10  parte communications.

12  Third party defendant recognizes the concept of "unfairness" as a
13  being on a continuum between one party and the other party. At
14  present, the pendulum of unfairness hovers over third party
15  defendant(s) as neither I nor other third party defendants have been
16  provided copies of each of the motions and notices filed with this Court
17  by third party plaintiff. Typically, my first awareness of such a motion
18  or notice is when the Court has ruled on the motion.

20  Responding to Impulse's motion to amend its complaint requires a
21  lot more time for a pro se defendant to prepare than for an attorney.
22  Impulse Marketing Group, Inc. has hired two law firms – each with a
23  minimum of 5-6 attorneys, yet they are asking the Court for an
24  extension of time to file its response to the third party defendant's
25  motion to dismiss. This case was filed 12 months ago and is not

1  scheduled for trial for another 10-11 months. Surely, with the
2  manpower at their disposal, they should be able to meet their deadlines.
3  Pro se third party defendants have yet to request an extension or
4  expediting of a motion.

6  The fact that each pro se defendant must go out of his or her way
7  to respond to numerous attempts by Impulse to cure a fatally flawed
8  series of specious claims against me and other third party defendants
9  entails a great deal of time and expense on the part of each of us.

11  False certifications by Impulse counsel notwithstanding, I ask
12  that this Court compel defendant to pay me $1,500 (fifteen hundred
13  dollars) for having to endure the stress and effort needed to reply to
14  these amended complaints or, in the alternative, deny Impulse this
15  opportunity to amend its complaint as the same claims are re-presented
16  with a slightly different flavor, and/or such other rulings, which this
17  Court deems appropriate to discourage the injudicious use of Court
18  resources.

21  Jamila E. Gordon
22  9804 Buckingham Drive
23  Pasco, WA 99301
24  509-210-1069

Dated this 23rd day of November, 2005

*[signature]*

Certificate of Service

I, hereby, certify that on November 23, 2005, I filed with this Court a Notice of Appearance. The Clerk of the Court will provide electronic notification using the CM/ECF, which will send an electronic copy of this Notice to Douglas E. McKinley, Jr., Peter J. Glantz, Sean A. Moynihan, and Floyd E. Ivey. I have served all non-CM/ECF participants, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily Abbey, and Robert Pritchett by other means.