FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 28 2005

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, <br><br> vs. <br><br> Impulse Marketing Group, Inc., <br><br> Defendant <br><br><br> Impulse Marketing Group, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Bonnie F. Gordon, Jamila Gordon, James Gordon III, and Jonathan Gordon, Third-Party Defendants | Case No.: CV-04-5125-FVS <br><br> RESPONSE TO MOTION TO OPPOSE THIRD PARTY MOTION TO DISMISS, MOTION TO STRIKE PETER J. GLANTZ'S DECLARATION, AND AFFIDAVIT |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

The new "talking points" by Impulse include four "triable" issues of fact in its second or latest amendment to its third party complaint:

1. Impulse makes an issue of who, plaintiff or third party, received email from Impulse and its unnamed marketing partners. However, its causes of action are not predicated on the question of who received emails. The alleged acts are independent of the issue of who is receiving email.

2. Impulse focuses on allegedly untruthful and/or inaccurate subscriber profiles. Impulse and/or its unnamed marketing partners are still sending email to the email address bearing my name [through November 27, 2005]. One explanation is that Impulse is fraudulently selling profiles which it believes are bad leads. Another more plausible explanation is that the leads were never bad.

3. In the elaborate conspiracy theory spun by Impulse and allegedly directed by Plaintiff, Impulse did not allege any duty third party defendant allegedly had to unnamed marketing partner(s) – the actual owners of the web sites wherein Plaintiff allegedly opted-in. Impulse is attempting to "usurp" standing that is rightfully the dominion of unnamed third party marketers. Further, Impulse did not plead that it or its unnamed third party marketers had fulfilled or performed on the alleged contract by sending Plaintiff or third party defendant a free prize of any kind.

4. The alleged pecuniary benefit attributed to third party defendants is not an element giving rise to a cause of action in the instant case. And Impulse's pretext of third party defendant(s) generating

bad leads is trumped by the fact that Impulse is still selling my (our) subscriber profile(s). The continued emails that are being sent by Impulse foils or frustrates its specious claims for indemnification and contribution, fraud and deceit, breach of contract, tortious interference and the disingenuous claim for injunctive relief. Impulse has admitted that third party defendant had opted-out of its email or spam lists by January 2004. However, Impulse has only recently created the fiction of re-subscribing after the 12(b)6 motion – it has presented no facts in support of the re-subscription myth.

5. Impulse has not pled specific contractual duties to be exercised by unnamed third party marketers – the rightful owners of the websites named by Impulse. Impulse did not plead ownership of these unnamed third party web sites – trusting that standing would attach via osmosis or oversight. If there were contractual duties, and third party defendants deny that there were, the rights and responsibilities accrue to the unnamed third party marketers and third party defendants. No duty is owed to Impulse by third party defendants.

6. Under Impulse's reciprocal consideration, it failed to plead that it or unnamed third party marketers fulfilled any terms of the alleged contract. The quid pro quo was not upheld – no actual exchange was alleged.

7. As amended, Impulse's old and new causes, claims, counterclaims still fail to state a cause upon which relief may be granted. And its triable issues of fact are without substance. Even if the Court was

to find otherwise, any benefit of this or these arguments would accrue to the unnamed rightful owners of the web sites who have not joined this action. Impulse can not invoke rights that do not belong to it as they lack legal standing to do so.

Peter Glantz's declaration is simply a partial, inferior reiteration of pleadings in and around the latest amended complaint – it adds no substance to the record – unless Mr. Glantz has personal knowledge and would like to testify on his client's behalf. As such, third party defendant moves the Court to strike Mr. Glantz's declaration.

## AFFIDAVIT

1) I/we, Bonnie Gordon, Jamila Gordon, James Gordon III, and Jonathan K. Gordon, am/are the named third party defendant(s) in the above captioned lawsuit. I/we am/are over the age of 18 and am/are otherwise competent to testify.

2) The attached email and copies of email headers were sent to an email address which bears my/our name at the "gordonworks.com" domain. Exhibit 1

3) It is my/our belief that the email was sent by Impulse Marketing Group, Inc. or its unnamed marketing partners to whom Impulse has bought/sold my/our personally identifying information for profit as a subscriber profile.

4) Impulse or its unnamed marketing partners continue to send hundreds of emails each week to my/our email address(es).

5) Some of these emails are for counterfeit drugs, pornography, stock scams, mortgage scams, and the like.

Bonnie F. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 28th day of November, 2005.

_____

Jamila E. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 28th day of November, 2005.

_____
(Jim Gordon for Jamila Gordon)

James S. Gordon III

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 28th day of November, 2005.

_[signature: Jon Gordon for JS Gordon III]_

Jonathan K. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 28th day of November, 2005.

_[signature]_

**Certificate of Service**

We, hereby, certify that on November 28, 2005, we filed this response to motion with this Court. I have served Douglas E. McKinley, Jr., Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Emily Abbey, and Robert Pritchett by mail and/or other means.

_[signature]_

_[signature: Jon Gordon for Jamila Gordon]_

_[signature: Jon Gordon for JS Gordon III]_

_[signature]_

·· Pharmacy 24/7, 09:54 PM 11/27/2005 +0100, Cheap Phentermine Overnight  Page 1 of 1
Case 2:04-cv-05125-FVS    Document 222    Filed 11/28/2005

Exhibit 1

Delivered-To: 7-faye@gordonworks.com
Reply-To: "Pharmacy 24/7" <csskagpb@247medsavings.net>
From: "Pharmacy 24/7" <csskagpb@247medsavings.net>
To: "Cu stomer" <faye@gordonworks.com>
Subject: Cheap Phentermine Overnight
Date: Sun, 27 Nov 2005 21:54:25 +0100
X-Mailer: Microsoft Outlook Express 6.00.2800.1106

Dear Pharmacy Customer,

If you would like to order your Prescription Weight Loss medication without any hassles at a discount.

please click here: 247medsavings.net
If you have any other questions or would like to talk to a friendly customer service agent..

please contact us here.

Thank You,
Customer Service

Anti-Depressants
Antibiotics
Anxiety
Birth Control
Diuretic
Flu
Herpes
Men's Health
Migraine Headache
Muscle Relaxers
Pain Relief
Sexual Health
Sleep Aids
Weight Loss
Women's Health

### Header for Jamila Gordon's email

Delivered-To: 7-jamila@gordonworks.com
Date: Mon, 28 Nov 2005 01:00:37 +0200
From: "Evan Oliver" <CarloHinsonclone@dsouza.fsbusiness.co.uk>
To: jamila@gordonworks.com
Subject: valium brig
X-Mailer: WebMail Check v2.3.21 (2000-7-19)

### Header for Jay Gordon's email

Delivered-To: 7-jay@gordonworks.com
Date: Mon, 28 Nov 2005 03:39:51 -0900
From: "Weight Loss" <dietdputhbgjrr@247medsavings.net>
User-Agent: Mail System Express 6.00.2810.1106
**To: "Doctor MD" <jay@gordonworks.com>**
Subject: Prescription Diet Pills Overnight

### Header for Jonathan Gordon's email

Delivered-To: 7-jonathan@gordonworks.com
Date: Mon, 28 Nov 2005 09:32:11 -0700
From: "Weight Loss" <dietpyrxin@247medsavings.net>
User-Agent: Send EMail 7.0 for Windows US sub 118
**To: "Doctor MD" <jonathan@gordonworks.com>**
Subject: Easy Weight Loss