FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 0 2 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | RESPONSE TO THIRD PARTY PLAINTIFF'S MOTIONS TO AMEND ITS AMENDED COMPLAINT AND MOTION TO EXPEDITE |
| Impulse Marketing Group, Inc., Defendant | |
| Impulse Marketing Group, Inc., Third-Party Plaintiff, | |
| v. | |
| Emily Abbey, Third-Party Defendant | |

4

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

Dockets.Justia.com

1  Impulse is providing a moving target for Third-Party Defendant as it
2  seeks to amend its complaint each time it faces a 12(b)6 motion. No
3  doubt this new motion to dismiss will elicit another iteration of
4  amendments to the recycled yet still specious lawsuit against Third-
5  Party Defendants.
6
7  The manner in which third party plaintiff is hurrying motions and
8  notices for hearing into the Court without actual notice to Third-Party
9  Defendants gives these communications the appearance or effect of ex
10 parte communications.
11
12 The Third-Party Plaintiff has continually failed to provide to me, in a
13 consistent and timely manner, copies of motions and notices filed with
14 this Court by Third-Party Plaintiff. Typically, my first awareness of
15 such a motion or notice is when the Court has ruled on the motion. As a
16 pro se defendant, living over 200 miles from the Eastern Washington
17 Federal District Court, responding to motions and notices in a timely
18 manner is difficult when Mr. Ivey neglects to provide me with required
19 notices and documentation.
20
21 Responding to Impulse's motion to amend its complaint requires a lot
22 more time for a pro se defendant to prepare than for an attorney.
23 Impulse Marketing Group, Inc. has hired two law firms – each with a
24 minimum of 5-6 attorneys, yet they are asking the Court for an
25 extension of time to file its response to the Third-Party Defendant's

motion to dismiss. This case was filed 12 months ago and is not scheduled for trial for another 10-11 months. Surely, with the manpower at their disposal, they should be able to meet their deadlines. Pro se Third-Party Defendants have yet to request an extension or expediting of a motion.

The fact that each pro se defendant must go out of his or her way to respond to numerous attempts by Impulse to cure a fatally flawed series of specious claims against me and other Third-Party Defendants entails a great deal of time and expense on the part of each of us.

False certifications by Impulse counsel notwithstanding, I ask that this Court compel defendant to pay me $1,500 (fifteen hundred dollars) for having to endure the stress and effort needed to reply to this amended complaint, or, in the alternative, to deny Impulse this opportunity to amend its complaint as the same claims are re-presented with a slightly different flavor, and/or such other rulings, which this Court deems appropriate to discourage the injudicious use of Court resources.

Emily Abbey
1407 2nd Ave West Apt 608
Seattle, WA 98119
206-217-0466

1
2  Dated this 29st day of November, 2005
3  *Emily H Abbey*
4
5  **Certificate of Service**
6  I, hereby, certify that on December   , 2005, I filed this response to motions with this Court. I have served Douglas E. McKinley, Jr., Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, James
7  Gordon III, Jonathan Gordon, Bonnie Gordon, and Robert Pritchett by mail and/or other means.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25