FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 15 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | CORRECTION TO REPLY/ RESPONSE TO DEFENDANT AND THIRD |
| Impulse Marketing Group, Inc., | PARTY PLAINTIFF'S SECOND AMENDED THIRD PARTY |
| Defendant | COMPLAINT AND THIRD AFFIDAVIT OF THIRD-PARTY |
| | DEFENDANTS...AND |
| Impulse Marketing Group, Inc., | RESPONSE TO THIRD PARTY |
| Third-Party Plaintiff, | PLAINTIFF'S MEMORANDUM IN SUPPORT OF DEFENDANT |
| v. | AND THIRD PARTY |
| Bonnie F. Gordon, Jamila Gordon, | PLAINTIFF'S MOTION TO AMEND THIRD PARTY |
| James Gordon III, and Jonathan | COMPLAINT OF BONNIE F. |
| Gordon, Third-Party Defendants | GORDON, JAMILA GORDON, |
| | JAMES S. GORDON III, AND |
| | JONATHAN GORDON |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

Dockets.Justia.com

The following affidavit has been prepared to correct the assertion made by third party defendants that Impulse has not alleged that it has sent third party defendants gifts or prizes (Third Party Defendant's RESPONSE TO THIRD PARTY PLAINTIFF'S MEMORANDUM IN SUPPORT OF DEFENDANT AND THIRD PARTY PLAINTIFF'S MOTION TO AMEND THIRD PARTY COMPLAINT, No. 3) and to address the matter of "unclean hands".

Therefore, Third Party Defendant(s) declare(s) as follow(s):

1)  We, individually, are, Bonnie F. Gordon, Jamila Gordon, James Gordon III, and Jonathan Gordon - named third party defendant in the above captioned lawsuit.  We are each over the age of 18 and are otherwise competent to testify.

2)  On page 5, line 9 of document 213 in the above-captioned case, Impulse states that "...Third Party Defendants received free products and/or services from the applicable Impulse-related website while Impulse received inaccurate, untruthful, or otherwise incomplete Subscriber Profiles in return...".

3)  For No.2 to be true, Impulse or its agents would have to have had accurate and truthful subscriber profiles.

4)  We, individually, have NEVER received any money, gifts, or prizes from any Impulse web site or web site purportedly belonging to its agents. Even, if Impulse were to claim that all the gifts and prizes were returned to them due to inaccurate subscriber profiles, the third exhibit of third party defendants Reply and 3rd Affidavit shows a few of the thousands of emails

which bear accurate subscriber profiles. Of the 200,000+ emails have been sent to email addresses bearing the names of third party defendants by Impulse and its agents, it is a very reasonable assumption that not one of these emails has a false or inaccurate profile as each reached its intended target – a third party defendant. Daily, 100-200 more emails are added to this growing number.

5) The statement in No. 2 is, therefore, false. Impulse, has made other false certifications to this Court as noted by third party defendants in prior filings with this Court.

6) Third Party Defendants' REPLY/ RESPONSE TO DEFENDANT AND THIRD PARTY PLAINTIFF'S SECOND AMENDED THIRD PARTY COMPLAINT AND THIRD AFFIDAVIT OF THIRD-PARTY DEFENDANTS, BONNIE F. GORDON, JAMILA GORDON, JAMES S. GORDON III, AND JONATHAN GORDON contains an exhibit (#3), which shows three instances of true and accurate subscriber profile information – contrary to Impulse's false certifications. Impulse's assertion of "fact" did not qualify or otherwise limit the number of third party defendants who allegedly received free gifts and/or prizes, in any way. As written, one would assume that all third party defendants allegedly received gifts and/or prizes. No.4 above refutes this false certification.

7) Impulse's claim regarding unclean hands, conveniently leaves out the fact that its unwanted and illegal emails pre-date any alleged opt-ins (the event which appears to have precipitated

the charge of unclean hands) allegedly made by third party defendants. And its unclean hands pretext also leaves out the fact that Impulse was sent scores of cease and desist protestations - and its agents were sent thousands of additional, similar messages – only to have all of these communications ignored.

8)    In light of the facts and information presented above, we trust that this Court will dismiss all claims by Impulse under FRCP 12(b)6.


We, individually, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

We, individually, reserve the right to set forth affirmative defenses and numerous counterclaims/causes of action against Impulse and John Doe spammers – I/we demand a jury trial, in the event that my/our motion to dismiss Impulse's lawsuit against third party defendants is denied.


Bonnie F. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 14th day of December, 2005.

Jamila E. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 14th day of December, 2005.

_James Gordon for Jamila Gordon_

James S. Gordon III

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 14th day of December, 2005.

_John Gordon for James Gordon III_

Jonathan K. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 14th day of December, 2005.

## Certificate of Service

I/we, hereby, certify that on December 15, 2005, I/we filed this affidavit with this Court. I/we have served Douglas E. McKinley, Jr., Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Emily Abbey, and Robert Pritchett by mail and/or other means.