# LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

www.lieblerivey.com

*Attorneys at Law*

The Edison Professional Building

| | | |
|---|---|---|
| **Intellectual Property** | 1141 North Edison, Suite C | Craig M. Liebler |
| Floyd E. Ivey * | P.O. Box 6125 | William J. Connor |
| Registered Patent Attorney | Kennewick, Washington 99336-0125 | Alicia M. Berry |
| Patents, Trademarks, Copyrights, | Telephone 509-735-3581 | Ronald F. St. Hilaire |
| Licensing, Litigation and Other | Facsimile 509-735-3585 | |
| Intellectual Property Matters | | |

feivey@3-cities.com
*cell: 948-0943

February 22, 2006

**Via Email and Fax Only - 628-2307**
**Courtesy Copy to Mr. Siegel by email only**

Douglas E. McKinley, Jr.
Attorney at Law
P.O. Box 202
Richland, WA 99352

   Re: Gordon v. Impulse Marketing Group Inc.–Discovery

Dear Doug:

  I wrote last week requesting Plaintiff's Responses to Defendant's Discovery. You advised that Mr. Siegel would substitute. I have not received a Notice of Substitution and none, to my knowledge, has been filed with the Court.

  I have filed a Motion to Compel and to Expedite re: Plaintiff's Responses with those motions noted for Tuesday, February 28, 2006. I have emailed a courtesy copy to Mr. Siegel and have today received from Mr. Siegel purported Responses by Plaintiff to Interrogatories and Requests for Production.

  The responses are plainly non-responsive. I advise as follows, as a preliminary step to a LR 37.1 conference later today, of the inadequacies and of the continued schedule of the Motion to Compel for Tuesday, February 28, 2006:

**Responses to Defendant's First Interrogatories to Plaintiff**

  1. Interrogatory #2 requires Plaintiff to identify witnesses of any of the allegations and to describe in detail the subject matter about which each has knowledge. Mr. Gordon's answer offers a legal conclusion that identified witnesses knew that he received "spam". There has been no statement of "fact" of what witnesses know. Further, Mr. Gordon states unawareness of what they know beyond the statement of "spam". You are required to answer stating the "facts" of what the witnesses know.

  2. Interrogatory #3 requires Plaintiff to identify each entity of which Plaintiff is

Mr. Doug McKinley, Jr.
cc: Mr. Siegel
February 22, 2006
Page 2

an officer, etc, and to identify the purpose of each entity and to describe the duties of each person identified. Mr. Gordon's answer identifies "Omni Innovations, LLC but does not address other aspects of the interrogatory. The answer in part states "sole proprietor venture" while the Washington State Corporations Divisions lists Omni Innovations, LLC as a corporation registered in Washington. The answer is non-responsive.

      3. Interrogatory #4 requires Plaintiff to identify all email addresses that Plaintiff has used requiring statement of specific facts re: each email address. Mr. Gordon has not identified any email address and has asserted that Plaintiff's Rule 26 disclosure has identified email addresses pertinent and relevant. Plaintiff is required to state the email addresses and to provide information requested. The answer is non-responsive.

      4. Interrogatory #5 requires the Plaintiff to identify the following:
         a. each individual electronic mail message that Defendant itself allegedly transmitted to an email address allegedly owned and/or used by Plaintiff and
         b. to identify each individual electronic mail message that Defendant itself allegedly transmitted to other email addresses located at the domain "Gordonworks.com."
   Plaintiff's response is that "copies of offending emails have been provided to Defendant's counsel on cd format." The answer is non-responsive. Plaintiff is required to specifically identify the email called out in Interrogatory #5.

      5. Interrogatory #6 requires Plaintiff to state, "For each electronic mail message identified pursuant to Interrogatory No. 5, ...how Plaintiff came to the determination that each electronic mail message was transmitted by Defendant to Plaintiff and [to] identify the electronic mail address that received each individual electronic mail message. "
   Plaintiff's response is "See response to No. 5." The answer is non-responsive. Plaintiff is required to provide the detail called out in the Interrogatory.

      6. Interrogatory #7 requires Plaintiff to state, "For each such electronic mail message identified pursuant to Interrogatory No.5, also identify with specificity how each individual electronic mail message violated RCW 19.190 et seq. and RCW 19.86...." Examples of the information required are set forth in Interrogatory #7.
   Plaintiff's response is "See response to No. 5." The answer is non-responsive. Plaintiff is required to provide the detail called out in the Interrogatory.

      For the purpose of continuing the schedule of the Motion to Compel, the review of Plaintiff's responses to Interrogatories will continued later today or on Thursday. Additional non-responsive answers will be identified to Plaintiff counsel.

**Responses to Defendant's First Request for Production of Documents**

      1. Defendant's Request No. 3 requires Plaintiff to produce "Any document

Mr. Doug McKinley, Jr.
cc: Mr. Siegel
February 22, 2006
Page 3

identified, referenced, referred to, or relied upon in responding to Defendant's First Set of Interrogatories." Plaintiff's refers to the cd provided by Plaintiff as the Rule 26 disclosure. The email corresponding to the requirements of Defendant's First Interrogatories has not been produced. Plaintiff is required to produce documents which will correlate with the requirements of Defendant's First Interrogatories. The Production is non-responsive.

    2. Defendant's Request No. 4 requires Plaintiff to produce "A copy of each individual electronic mail message that Defendant itself allegedly transmitted to an email address used by Plaintiff." Again, Plaintiff solely refers to the cd provided by Plaintiff as the Rule 26 disclosure. The Production is non-responsive.

    3. Defendant's Request No. 5 requires Plaintiff to produce "A copy of each individual electronic mail message that Defendant itself allegedly transmitted to other email addresses at the domain located at "Gordonworks.com." Again, Plaintiff solely refers to the cd provided by Plaintiff as the Rule 26 disclosure. The Production is non-responsive.

    4. Defendant's Request No. 6 requires Plaintiff to produce "A copy of each individual electronic mail message that were allegedly transmitted by third persons, corporations, or other entities with whom Defendant conspired with or assisted in the transmission of such electronic mail message to an email address used by Plaintiff and other email addresses located at the "Gordonworks.com" domain." Again, Plaintiff solely refers to the cd provided by Plaintiff as the Rule 26 disclosure. The Production is non-responsive.

    For the purpose of continuing the schedule of the Motion to Compel, the review of Plaintiff's responses to Requests for Production will continued later today or on Thursday. Additional non-responsive Productions will be identified to Plaintiff counsel.

**Request for Discovery Conference per LR 37.1 and in Anticipation of continuing Scheduled Motion to Compel for Tuesday, February 28, 2006**

    The remainder of Plaintiff's responses will be reviewed and it is expected that prior to the end of this week that additional deficiencies will be identified. Defendant will ask the court to address all deficiencies on Tuesday, February 28, 2006.
    Counsel Floyd E. Ivey is available Wednesday morning and afternoon and will call shortly following the email and fax of this letter to attorney of record Mr. McKinley. A courtesy copy will be sent via email to Mr. Siegel. We anticipate proceeding with the motion as scheduled but will now request that the motion be scheduled for Oral Argument.

    You can reach me at both the office 735 3581 or cell 948 0943. Thank you.

Mr. Doug McKinley, Jr.
cc: Mr. Siegel
February 22, 2006
Page 4

                Yours very truly,

                /s/ FLOYD E. IVEY

                FLOYD E. IVEY


FEI:gs
cc: Moynihan, Glantz by email
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Correspondence\McKinley.06022.wpd