Floyd E. Ivey
Liebler, Ivey, Connor, Berry & St. Hilaire
P. O. Box 6125
Kennewick, WA 99336-0125
509-735-3581

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., <br>     Plaintiff, <br> vs. <br> IMPULSE MARKETING GROUP, INC., <br>     Defendant <br> _____ <br> IMPULSE MARKETING GROUP, INC., <br>     Third-Party Plaintiff, <br> vs. <br> BONNIE GORDON, et al., <br>     Third-Party Defendants. | No. CV-04-5125-FVS <br><br> **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** |

COMES NOW, defendant, Impulse Marketing Group, Inc. ("Defendant") and in accordance with the Federal Rules of Civil Procedure, requests you, the plaintiff, James S. Gordon, Jr. ("Plaintiff") answer the following interrogatories separately and fully under oath within thirty (30) days of the date of service of these first set of interrogatories upon you. In answering these interrogatories, you are required to furnish such information as is available to you, not merely information from your personal knowledge. This is intended to include any information in the possession of any agent, employee, officer, investigator or attorney you have employed.

## DEFINITIONS

Defendant's First Set of Interrogatories to Plaintiff
Page 1 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

1. "Document" shall mean any printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible matter in Plaintiff's possession, custody or control from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original and non-identical copy (whether different from the original because of any reason), including but not limited to, correspondence (including electronic mail), memoranda, reports, statements notes, calendars, diaries, computations, audio or video tape recordings, other digital recordings of any type, films, photographs, records, plans, appraisals, maps, deeds, mortgages, leases and pleadings. The term "document" is equivalent in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

2. "Possession, Custody or Control" shall include constructive possession such that such person or entity need not have actual physical possession. As long as the person or entity has a superior right to compel the production from a third party (including an agency, authority or representative), the person or entity has possession, custody or control.

3. "Plaintiff," "You" or "Your" means Plaintiff, James S. Gordon, Jr., and is meant to include your divisions, affiliates, agents, attorneys, servants, employees, representatives and any other person acting or purporting to act on your behalf.

4. "Defendant" shall mean Defendant Impulse Marketing Group, Inc.

5. "Person" shall mean any individual, firm, corporation, partnership, unincorporated association, trust as well as any other legal, business, regulatory or governmental entity.

6. "Communication" is used in the broadest sense permitted and includes any statement from one person to another, whether made orally or in writing, by telephone, by e-mail, in a document, at a meeting or otherwise.

7. Whenever used herein, the singular includes the plural and the plural

Defendant's First Set of Interrogatories to Plaintiff
Page 2 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First
Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

includes the singular; the words "and" and "or" are to read as both conjunctive and disjunctive; the work "including" shall mean "including without limitation."

    8.    "Identify" or to provide the "identity" of, means:

    a.  In the case of a natural person, to give, to the extent known, the person's full name, present or last known address and telephone number, and present or last known place of employment and telephone number.

    b.  In the case of an entity, to give, to the extent known, its full name, its present or last known address and telephone number.

    c.  In the case of a document, to give, to the extent known, the type of document, general subject matter, date of document, and author(s), addressee(s) and recipient(s).

    d.  In the case of an action or communication, to state whether such action or communication was written or oral, and where and when such action or communication occurred; to state each person who was present at or a party to any part of such action or communication; and to identify all documents embodying, recording, summarizing, or referring to such action or communication.

    e.  For the electronic mail messages at issue in this lawsuit, state the date of such electronic mail message, the recipient of such electronic mail message, the email address that received such electronic mail message, the from line of the electronic mail message, the subject line of the electronic mail message and the transmission path of such electronic mail message while giving an account of how and why such electronic mail message violates RCW 19.190 et seq.

Defendant's First Set of Interrogatories to Plaintiff
Page 3 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## INSTRUCTIONS

1. Responses to these interrogatories should reflect the knowledge, information, belief, or intent of the Plaintiff, your staff and attorneys at the time Plaintiff signs its answer.

2. This set of interrogatories shall be deemed continuing in accordance with FRCP 26(e) so far as to require further and supplemental responses if other, further or different information is secured or available between the time of initial response and the time of trial.

3. Plaintiff is requested to list all documents and/or identify any information withheld from production on the grounds of destruction, loss, privilege, or attorney work product by description and date, and if any objection is interposed to any interrogatory or part thereof, to specify the basis or reasons for any objection. If any document requested herein was formerly in Plaintiff's possession, custody or control and has been lost or destroyed, Plaintiff is requested to submit, in lieu of such a document, a written statement identifying the author(s), subject matter, date prepared, date the document was lost or destroyed, reasons for such destruction and the person(s) requesting and performing the destruction. With respect to any documents withheld from production on the grounds of privilege or attorney work product, Plaintiff is requested to identify each such document by author(s), recipient(s), subject matter, date, title, and nature of privilege claimed. If any information is withheld because it is stored electronically, Plaintiff is requested to identify the subject matter of the information, the place or places where such information is stored and maintained, and the custodian thereof.

4. If you elect to specify and produce business records in response to any interrogatory, the specification shall be in sufficient detail to permit the location and identification of the business records from which the answer may be ascertained.

Defendant's First Set of Interrogatories to Plaintiff
Page 4 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

# FIRST SET OF INTERROGATORIES

<u>Interrogatory No. 1</u>:  Identify each person who prepared or assisted in the preparation of your responses to these interrogatories.

<u>Response No. 1</u>:


<u>Interrogatory No. 2</u>:  Identify any person who was a witness to, or whom you claim has personal knowledge of, any of the allegations contained in Plaintiff's Complaint and describe in detail the subject matter about which each such individual has knowledge or information.

<u>Response No. 2</u>:


<u>Interrogatory No. 3</u>:  Identify each corporation, partnership, limited liability company, unincorporated association, fictitious business name, venture, or any other business entity, whether formally or informally created, of which Plaintiff is an officer, director, manager, supervisor, shareholder, or holds any interest in, and also identify the purpose of each such business entity, the registered address of each such business entity, each such entity's principal place of business and each such entity's officers, directors, managers, and employees, and describe their duties.

<u>Response No. 3</u>:


<u>Interrogatory No. 4</u>:    Identify all email addresses that Plaintiff has used, directly or indirectly, separately identifying each which Plaintiff alleges relate to the allegations contained in Plaintiff's Complaint. For each such email address, identify whether the email address was registered by or for another person or entity and, if

Defendant's First Set of Interrogatories to Plaintiff
Page 5 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

so, provide the name, address, telephone number, email address and any other electronic contact information for that person or entity and the Internet Service Provider that was used to register the email address.

Response No. 4:

Interrogatory No. 5: Identify each individual electronic mail message that Defendant itself allegedly transmitted to an email address allegedly owned and/or used by Plaintiff and identify each individual electronic mail message that Defendant itself allegedly transmitted to other email addresses located at the domain "Gordonworks.com."

Response No. 5:

Interrogatory No. 6: For each electronic mail message identified pursuant to Interrogatory No. 5, please identify how Plaintiff came to the determination that each electronic mail message was transmitted by Defendant to Plaintiff and identify the electronic mail address that received each individual electronic mail message.

Response No. 6:

Interrogatory No. 7: For each such electronic mail message identified pursuant to Interrogatory No. 5, also identify with specificity how each individual electronic mail message violated RCW 19.190 et seq. and RCW 19.86. For example, if Plaintiff maintains that each individual electronic mail message: (a) misrepresented or obscured information identifying the point of origin of the commercial electronic mail message as alleged in paragraph 3.7.1 of Plaintiff's

Defendant's First Set of Interrogatories to Plaintiff
Page 6 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First
Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Complaint, then explain why and how said electronic mail message misrepresented or obscured information identifying its point of origin; (b) misrepresented or obscured information identifying the transmission path of said electronic mail message as alleged in paragraph 3.7.2 of Plaintiff's Complaint, explain how and why said electronic mail message misrepresented or obscured information identifying its transmission path; and (c) contained false or misleading information in the subject line of each individual electronic mail message as alleged in paragraph 3.8 of Plaintiff's Complaint, explain how and why said electronic mail message contained false or misleading information in its subject line.

Response No. 7:

Interrogatory No. 8: Identify each individual electronic mail message that Plaintiff alleges was transmitted by any third person, corporation, or entity that Defendant conspired with and/or assisted in the transmission of said electronic mail message.

Response No. 8:

Interrogatory No. 9: Explain how and why Defendant: (a) knew or consciously avoided knowing that a third person, company, or entity that allegedly initiated the transmission of each individual electronic mail message was engaged in a practice that violated RCW 19.86; and (b) knew or consciously avoided knowing that the third person, company, or entity that allegedly initiated the transmission of each individual electronic mail message was engaged in a practice that violated RCW 19.86 as alleged in paragraph 3.11 of Plaintiff's Complaint. For example, if Plaintiff alleges that Defendant conspired with any third person,

Defendant's First Set of Interrogatories to Plaintiff
Page 7 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  corporation, or entity to transmit, or assisted any third person, corporation, or entity
2  to transmit electronic mail messages please identify: (a) such third person,
3  corporation or entity for each individual electronic mail message; and (b) explain
4  how and why Defendant knew or consciously avoided knowing that the third person,
5  company, or entity that allegedly initiated the transmission of each individual
6  electronic mail message was engaged in a practice that violated RCW 19.86.

7  <u>Response No. 9</u>:

10  <u>Interrogatory No. 10</u>:    For each such electronic mail message identified
11  pursuant to Interrogatory No. 8, identify and explain how each individual electronic
12  mail message violated RCW 19.190 et seq.  For example, if Plaintiff alleges that
13  each individual electronic mail message: (a) misrepresented or obscured information
14  identifying the point of origin of the commercial electronic mail message as alleged
15  in paragraph 3.9.1 of Plaintiff's Complaint, explain how and why said electronic
16  mail message misrepresented or obscured information identifying its point of origin;
17  (b) misrepresented or obscured information identifying the transmission path of each
18  individual electronic mail message as alleged in paragraph 3.9.2 of Plaintiff's
19  Complaint, explain how and why said individual electronic mail message
20  misrepresented or obscured information identifying the transmission path of each
21  individual electronic mail message; and (c) contained false or misleading
22  information in the subject line of each individual electronic mail message as alleged
23  in paragraph 3.10 of Plaintiff's Complaint, explain how and why each individual
24  electronic mail message contained false or misleading information in the subject line
25  of said individual electronic mail message.

26  <u>Response No. 10</u>:

Defendant's First Set of Interrogatories to Plaintiff
Page 8 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First
Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

<u>Interrogatory No. 11</u>: For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, identify each individual recipient of the electronic mail message including, but not limited to, the name, address and email address of each individual recipient as well as the date such electronic mail message was received.

<u>Response No. 11</u>:

<u>Interrogatory No. 12</u>: For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, please state whether Plaintiff has previously recovered any form of monetary damages by way of judgment, civil penalties, settlement or otherwise, arising out of the receipt of such electronic mail messages.

<u>Response No.12</u>:

<u>Interrogatory No. 13</u>: For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, also identify any website where Plaintiff submitted any personal information to, registered at, signed up to, gave permission to, subscribed to, opted-in to and/or provided any email address(es) to (collectively "Opt-in"), and specifically identify the date of Opt-In, the specific reason why Plaintiff Opted-In to such website, how many times Plaintiff Opted-in, the personally identifiable information submitted to such website including, but not limited to, the registrant's and/or subscriber's name, address, email address, telephone number, and/or date of birth, and the products and/or services received from such Opt-in. If no product and/or service was received, please explain the specific reason why Plaintiff Opted-in.

<u>Response No. 13</u>:
Defendant's First Set of Interrogatories to Plaintiff
Page 9 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

**Interrogatory No. 14:** For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, identify any website that Plaintiff unsubscribed to, opted-out to, objected to the receipt of and/or revoked consent to (collectively, "Opt-out") the mailing list affiliated with such website and identify the time of the Opt-out, the date of the Opt-out, whether the Opt-out was oral or in writing and how many times Plaintiff Opted-out.

**Response No. 14:**

**Interrogatory No. 15:** Identify all complaints by Plaintiff to any governmental agency or entity relating to the allegations contained in Plaintiff's Complaint.

**Response No. 15:**

**Interrogatory No. 16:** Please state whether Plaintiff has, prior to filing Plaintiff's Complaint, initiated, filed or commenced a lawsuit against any third person, company, or entity arising out of each individual electronic mail message identified pursuant to Interrogatory Nos. 5 and 8 and identify the caption of the lawsuit, the venue of the lawsuit, the case number of the lawsuit, the attorney representing Plaintiff in the lawsuit, whether the lawsuit has been resolved or is otherwise ongoing and the specific electronic mail messages at issue in that lawsuit.

**Response No. 16:**

Defendant's First Set of Interrogatories to Plaintiff
Page 10 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Interrogatory No. 17: For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, please identify how Plaintiff came to the determination that each individual electronic mail message was sent by Defendant, or other third persons, companies, or entities to Plaintiff.

Response No. 17:

Interrogatory No. 18: Identify each person whom you expect to call as an expert witness at trial, state in detail the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds and/or basis of each opinion.

Response No. 18:

Interrogatory No. 19: Set forth each and every element of Plaintiff's relief alleged in Plaintiff's Complaint, the monetary value which you attach to each such element of damages, and describe in detail the basis of your calculation of such monetary value.

Response No. 19:

Interrogatory No. 20: Identify any document that you contend supports any of the claims contained in Plaintiff's Complaint.

Response No. 20:

Interrogatory No. 21: Identify and state how Plaintiff is an interactive

Defendant's First Set of Interrogatories to Plaintiff
 Page 11 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

computer service as that term is defined in RCW 19.190 as Plaintiff alleges in paragraph 3.5 of his Complaint.

<u>Response No. 21</u>:


<u>Interrogatory No. 22</u>:   Identify any document that you contend supports any of Plaintiff's defenses and/or affirmative defenses to Defendant's Amended Counterclaims.

<u>Response No. 22</u>:


Dated:       December 23, 2005

_____
Liebler, Ivey, Conner, Berry & St. Hilaire
By:   Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.

_____
Sean A. Moynihan, Esq. (admitted pro hac vice)
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
Attorneys for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.

Defendant's First Set of Interrogatories to Plaintiff
Page 12 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   I hereby certify that the original and one copy of the foregoing was mailed this 23rd day of December, 2005, to:

Douglas E. McKinley, Jr.
Attorney at Law
P.O. Box 202
Richland, WA 99352.

_____

Defendant's First Set of Interrogatories to Plaintiff
Page 13 of 13
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Rogs to Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581