Floyd E. Ivey
Liebler, Ivey, Connor, Berry & St. Hilaire
P. O. Box 6125
Kennewick, WA 99336-0125
509-735-3581

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., ) <br> Plaintiff, ) <br> vs. ) <br> IMPULSE MARKETING GROUP, ) <br> INC., ) <br> Defendant ) <br> _____ ) <br> IMPULSE MARKETING GROUP, ) <br> INC., ) <br> Third-Party Plaintiff, ) <br> vs. ) <br> BONNIE GORDON, et al., ) <br> Third-Party Defendants. ) | No. CV-04-5125-FVS <br><br> **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Fed. R. Civ. P. 34, Defendant, Impulse Marketing Group, Inc. ("Defendant") by its undersigned counsel, hereby requests that the Plaintiff, James S. Gordon, Jr. ("Plaintiff"), produce for inspection and copying the documents described below in its possession, custody, or control. Documents to be produced should be delivered to the offices of Klein, Zelman, Rothermel & Dichter, L.L.P., 485 Madison Avenue, New York, New York 10022, not later than thirty (30) days from the date of this request or Plaintiff shall make arrangements for inspection by Defendant at the location where such documents are kept.

## DEFINITIONS

Defendant's First Request for Production of Documents
 Page 1 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

1. "Document" shall mean any printed, written, recorded, taped, electronic, graphic, computerized printout or other tangible matter in Plaintiff's possession, custody or control from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original and non-identical copy (whether different from the original because of any reason), including but not limited to, correspondence, memoranda, reports, statements notes, calendars, diaries, computations, audio tape recordings, films, photographs, records, plans, appraisals, maps, deeds, mortgages, leases and pleadings. The term "document" is equivalent in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

2. "Possession, Custody or Control" shall include constructive possession such that such person or entity need not have actual physical possession. As long as the person or entity has a superior right to compel the production from a third party (including an agency, authority or representative), the person or entity has possession, custody or control.

3. "Plaintiff", "You" or "Your" means Plaintiff, James S. Gordon, Jr., and is meant to include your divisions, affiliates, agents, attorneys, servants, employees, representatives and any other person acting or purporting to act on your behalf.

4. "Defendant" shall mean Defendant Impulse Marketing Group, Inc.

5. "Person" shall mean any individual, firm, corporation, partnership, unincorporated association, trust as well as any other legal, business, regulatory or governmental entity.

6. "Communication" is used in the broadest sense permitted and includes any statement from one person to another, whether made orally or in writing, by telephone, by e-mail, in a document, at a meeting or otherwise.

7. Whenever used herein, the singular includes the plural and the plural includes the singular; the words "and" and "or" are to read as both conjunctive and

Defendant's First Request for Production of Documents
Page 2 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First
Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

disjunctive; the work "including" shall mean "including without limitation."

8. "Identify" or to provide the "identity" of, means:

a. In the case of a natural person, to give, to the extent known, the person's full name, present or last known address and telephone number, and present or last known place of employment and telephone number.

b. In the case of an entity, to give, to the extent known, its full name, its present or last known address and telephone number.

c. In the case of a document, to give, to the extent known, the type of document, general subject matter, date of document, and author(s), addressee(s) and recipient(s).

d. In the case of an action or communication, to state whether such action or communication was written or oral, and where and when such action or communication occurred; to state each person who was present at or a party to any part of such action or communication; and to identify all documents embodying, recording, summarizing, or referring to such action or communication.

## INSTRUCTIONS

1. Unless otherwise specified, documents to be produced pursuant to this discovery request shall include any and all documents prepared at any time from the beginning of the investigation of this matter to the present, or which relate to that time period.

2. These requests shall be deemed to be continuing and, in the event your responses thereto may be enlarged, diminished or otherwise modified by additional facts, documents, information, or witnesses which become known to you after the filing of your initial responses, supplementary response should be served pursuant to Rule 26(e) of the Federal Rules of Civil Procedure and supplementary production should be made.

Defendant's First Request for Production of Documents
Page 3 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

3.      Plaintiff is requested to list all documents withheld from production on the grounds of destruction, loss, privilege, or attorney work product by description and date, and if any objection is interposed to any demand, to specify the basis or reasons for any objection. If any document requested herein was formerly in Plaintiff's possession, custody or control and has been lost or destroyed, Plaintiff is requested to submit, in lieu of such a document, a written statement identifying the author(s), subject matter, date prepared, date the document was lost or destroyed, reasons for such destruction and the person(s) requesting and performing the destruction. With respect to any documents withheld from production on the grounds of privilege or attorney work product, Plaintiff is requested to identify each such document by author(s), recipient(s), subject matter, date, title, and nature of privilege claimed. If any information is withheld because it is stored electronically, Plaintiff is requested to identify the subject matter of the information, the place or places where such information is stored and maintained, and the custodian thereof.

4.      Any description of documents requested that is specific in nature should not be interpreted to diminish the breadth of any more general request that may otherwise encompass such specified documents.

5.      All documents produced for copying and inspection pursuant to these requests are to be labeled to correspond with the categories in this request to which they are responsive.

6.      If any document referred to has been destroyed, is no longer within your control, or no longer exists for any reason, state the type of document, general subject matter of the document, the date of the document, such other information as is sufficient to identify the document, including the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other, state the disposition of that document, when and by whom it was disposed of, and the reason for its disposition.

Defendant's First Request for Production of Documents
 Page 4 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## REQUESTED DOCUMENTS

1. Any document upon which you will or may rely or that you will or may seek to introduce into evidence in any judicial proceeding in this case.

2. Any document identified, referenced or relied upon in Plaintiff's Complaint.

3. Any document identified, referenced, referred to, or relied upon in responding to Defendant's First Set of Interrogatories.

4. A copy of each individual electronic mail message that Defendant itself allegedly transmitted to an email address used by Plaintiff.

5. A copy of each individual electronic mail message that Defendant itself allegedly transmitted to other email addresses at the domain located at "Gordonworks.com."

6. A copy of each individual electronic mail message that were allegedly transmitted by third persons, corporations, or other entities with whom Defendant conspired with or assisted in the transmission of such electronic mail message to an email address used by Plaintiff and other email addresses located at the "Gordonworks.com" domain.

7. All audio tapes, recordings, memoranda, letters, electronic mail (email) messages, facsimiles, telephone records, purchase orders, complaints, commendations, or other documents regarding conversations and/or communications by and between Plaintiff and any third party with respect to the electronic mail messages at issue in this proceeding.

8. All documents which refer to or relate to Plaintiff, referring to the subject matter of this lawsuit, other than documents filed / served upon Defendant and Third Party Defendants in connection with this lawsuit.

9. Any document relating to the allegation contained in paragraph 3.5 of Plaintiff's Complaint that Plaintiff is an interactive computer service as that term is defined in RCW 19.190.

Defendant's First Request for Production of Documents
Page 5 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  10. Any document relating to Plaintiff's allegation that Plaintiff is the
2  registrant of the Internet domain name "Gordonworks.com" and that said domain is
3  registered with the Washington Association of Internet Service Providers' database.

5  Dated:  December 23, 2005

_____
Liebler, Ivey, Conner, Berry & St. Hilaire
By:   Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.

_____
Sean A. Moynihan, Esq. (admitted pro hac vice)
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
Attorneys for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.

Defendant's First Request for Production of Documents
Page 6 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First
Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  I hereby certify that the original and one copy of the foregoing was mailed this 23rd day of December, 2005, to:

2

3  Douglas E. McKinley, Jr.
   Attorney at Law
   P.O. Box 202
4  Richland, WA 99352.

5  _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's First Request for Production of Documents
 Page 7 of 7
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Discovery\First Request for Production Plaintiff 051223.wpd

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581