# LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

www.lieblerivey.com

*Attorneys at Law*

**The Edison Professional Building**

| **Intellectual Property** | | |
|---|---|---|
| Floyd E. Ivey * | 1141 North Edison, Suite C | Craig M. Liebler |
|   Registered Patent Attorney | P.O. Box 6125 | William J. Connor |
|   Patents, Trademarks, Copyrights, | Kennewick, Washington 99336-0125 | Alicia M. Berry |
|   Licensing, Litigation and Other | Telephone 509-735-3581 | Ronald F. St. Hilaire |
|   Intellectual Property Matters | Facsimile 509-735-3585 | |

feivey@3-cities.com
*cell: 948-0943

March 3, 2006

**Via Email and Fax Only - 206 624 0717**

Robert J. Siegel
Attorney at Law
1325 Fourth Avenue, Suite 940
Seattle, WA 98101-2509

        Re: Gordon v. Impulse Marketing Group Inc.–Discovery

Dear Mr. Siegel:

    During the week of February 13, 2006 I wrote attorney Mr. McKinley requesting assurance of receipt of responses to the Impulse Discovery to Plaintiff and in the alternative requesting a LR 37.1 conference preliminary to a Motion to Compel. Within a short time of my fax of this request to Mr. McKinley I received Mr. McKinley's advice that you would substitute. On February 15, 2006 I wrote asking for assurance that responses would be received by February 24, 2006 indicating my availability for a conference on the 15th, 16th or 17th. I did not receive assurance and noted an expedited Motion to Compel for February 28, 2006.

    On or about February 22, you or Mr. McKinley prompted Answers to Defendant's First Interrogatories to be sent by email and Responses to Defendant's First Request for Production of Documents to be delivered, in a CD format, here to my office. I immediately advised that the responses appeared non-responsive.

    I have previously provided you with objections to Mr. Gordon's Answers to Defendant's First Interrogatories #2 through 7 and objections to Mr. Gordon's Productions/Responses to Defendant's First Request for Production through #6. I have advised by email, on February 23, 2006, that Answers to Interrogatories via CD for Interrogatories 5 through 12, were non-responsive. In my email I stated the following:

> Responsive answers to Interrogatories 5 through 12 will require more than the delivery of a CD containing 1800 individual electronic messages. Each Interrogatory requires Plaintiff to state specific information for each message.

Mr. Robert Siegel
March 3, 2006
Page 2

It is not Defendant's burden

1. to sort the email to find evidence that transmission was by Impulse to an email address used by Plaintiff (Interrog No. 5), or

2. to determine how Plaintiff concludes that the email was transmitted by Defendant to Plaintiff (No. 6), or

3. to determine specifically how each individual email violated 19.190 and 19.86 (No. 7), or

4. to determine if the email is alleged to be transmitted by an entity conspiring with Defendant (No. 8), or

5. to determine how and why Defendant Impulse knew or avoided knowing that an entity transmitted such that 19.86 was violated or that Impulse knew or avoided knowing that the entity transmitting was engaged in practices violating 19,86 (No. 9), or

6. to determine how Plaintiff believes each email allegedly violates 19.190 (No. 10), or

7. to determine which email identified in No. 5 and 8 went to which individual recipients (No. 11), or

8. to determine whether or not Plaintiff has previ8oulsy recovered any damages related to any identified email (No. 12), or

9. to determine at which websites Plaintiff opted in (No. 13).

Mr. Gordon's assertion of confidentiality re: certain answers will not be sustained. He has no privilege.

I'll be addressing other interrogatories and RFP requests and responses and, unless you give assurances, will be asking for Mr. Gordon to pay the fees required for the Motion.

I now address Mr. Gordon's Answers to Interrogatories 13 and above.

You have asserted an objection to Interrogatory No. 13. Please note that the Objection is not timely and is waived by the failure of Plaintiff to respond in the time allowed. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. Ariz. 1981); FRCP 33(b)(4)..

Interrogatory No. 14: For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, identify any website that Plaintiff unsubscribed to, opted-out to, objected to the receipt of and/or revoked consent to (collectively, "Opt-out") the mailing list affiliated with such website and identify the time of the Opt-out, the date of

Mr. Robert Siegel
March 3, 2006
Page 3

the Opt-out, whether the Opt-out was oral or in writing and how many times Plaintiff Opted-out.

Response by Mr. Gordon is to refer to the CD and advises that the Defendant can sort the material provided to answer the interrogatory. The answer inherently shifts the burden of proof to the Defendant. The answer is non-responsive. Defendant requests that the Interrogatory be answered.

Interrogatory No. 15: Identify all complaints by Plaintiff to any governmental agency or entity relating to the allegations contained in Plaintiff's Complaint.

Response by Mr. Gordon is to refer to the CD and advises that the Defendant can sort the material provided to answer the interrogatory. The answer inherently shifts the burden of proof to the Defendant. The answer is non-responsive. Defendant requests that the Interrogatory be answered.

Interrogatory No. 16: Please state whether Plaintiff has, prior to filing Plaintiff's Complaint, initiated, filed or commenced a lawsuit against any third person, company, or entity arising out of each individual electronic mail message identified pursuant to Interrogatory Nos. 5 and 8 and identify the caption of the lawsuit, the venue of the lawsuit, the case number of the lawsuit, the attorney representing Plaintiff in the lawsuit, whether the lawsuit has been resolved or is otherwise ongoing and the specific electronic mail messages at issue in that lawsuit.

Mr. Gordon asserts privilege via settlement agreements without stating the authority for a privilege. the answer is non-responsive and defendant requests that the Interrogatory be answered.

Interrogatory No. 17: For each such electronic mail message identified pursuant to Interrogatory Nos. 5 and 8, please identify how Plaintiff came to the determination that each individual electronic mail message was sent by Defendant, or other third persons, companies, or entities to Plaintiff.

Mr. Gordon's answer "The name of the Defendant is in the email or the email is or was linked to a web site advertising products which Defendant was contracted to marked for Commonwealth Marketing Group. Inc of Uniontown, PA. The emails have all been provided (See Response to No. 5). and the emails speak for themselves. Defendant can easily determine on its own.which emails it sent, and on whose behalf." Thus Plaintiff refuses to "identify how plaintiff came to the determination that each individual electronic mail message was sent by Defendant..." and urges that the Defendant must itself make that determination. The answer is non-responsive and Defendant requests that Plaintiff answer.

Mr. Robert Siegel
March 3, 2006
Page 4

    <u>Interrogatory No. 18</u>: Identify each person whom you expect to call as an expert witness at trial, state in detail the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds and/or basis of each opinion.

Plaintiff solely offers a legal conclusion that email in the CD violates statutory prohibitions. Plaintiff does not provide a single email and the components thereof which violate any statute. The statement of Opinion by an "Expert" in the form of plaintiff Mr. Gordon is non-responsive.

    <u>Interrogatory No. 19</u>: Set forth each and every element of Plaintiff's relief alleged in Plaintiff's Complaint, the monetary value which you attach to each such element of damages, and describe in detail the basis of your calculation of such monetary value.

Plaintiff advises that perhaps thousands of email violating Washington Statutes exist and seeks the statutory penalty for each. Plaintiff's answer is non-responsive. Plaintiff should be required to demonstrate the dollar amount sought and the basis on which the claim is founded.

    <u>Interrogatory No. 20</u>: Identify any document that you contend supports any of the claims contained in Plaintiff's Complaint.

Plaintiff only refers to the CD and does not identify any document. The answer is non-responsive.

    <u>Interrogatory No. 22</u>: Identify any document that you contend supports any of Plaintiff's defenses and/or affirmative defenses to Defendant's Amended Counterclaims.

Plaintiff only refers to the CD and does not identify any document. The answer is non-responsive.

    Please advise of any intention or ability by Plaintiff to respond more fully to any of the interrogatories and Requests for Production which have been identified by Defendant as non-responsive.

    You can reach me at both the office 735 3581 or cell 948 0943. Thank you.

                                  Yours very truly,

                                  /s/ FLOYD E. IVEY

Mr. Robert Siegel
March 3, 2006
Page 5

FLOYD E. IVEY

FEI:gs
cc:Moynihan, Glantz by email
Z:\IPClient\ImpulseMarketingGroup v. Gordon\Correspondence\Siegel.060303.wpd