FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 0 6 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff,<br><br>vs.<br><br>Impulse Marketing Group, Inc.,<br><br>Defendant<br><br>Impulse Marketing Group, Inc.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>Bonnie F. Gordon, Third-Party Defendant | Case No.: CV-04-5125-FVS<br><br>THIRD-PARTY DEFENDANT, BONNIE F. GORDON'S MOTION TO COMPEL AND FOR SANCTIONS AND AFFIDAVIT RE: DISCOVERY |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

Third Party Defendant moves the Court for Sanctions and to Compel Third party Plaintiff's Responses to Third Party Defendant's Interrogatories and Request for Production of Documents. These documents were placed in US Mail on or about January 12, 2006. I initiated contact with Mr. Ivey to ensure the 30 day deadline was going to be met, he instead asked for a two-week extension. With that additional time, Impulse still failed to meet its discovery obligations. At the status conference in the Fall, Impulse sought 3+ additional months for discovery, it has squandered this time by not seeking any discovery of this (or other) third party defendant and will likely petition the Court for still more time.

Third Party Defendant's Motion to Compel is pursuant to FRCP 37(a)(2)(3)(4). Impulse has failed to make the required Rule 26 disclosures to the undersigned. Further, Impulse has provided evasive, incomplete disclosure, answer, or response to discovery propounded by the undersigned.

Examples of the foregoing are duplicated below. However, Impulse's entire response to discovery is replete with these examples.

INTERROGATORY NO. 1:

Please provide the full contact information (and URL or web address in the form of http://www.) for the owner of each opt-in web page that you allege that third party defendant opted in at.

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Further, Bonnie Gordon does not have standing to request information on behalf of all third party defendants. Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to the attachment appended hereto as "Updated Gordon Opt-In Information."

INTERROGATORY NO. 2:

Detail all personally identifying information which is collected by Impulse and/or its marketing partners

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to attachment appended hereto as "Updated Gordon Opt-in Information". This "document" appears to be a quickly thrown together Excel spreadsheet with information scattered about on it – basically useless.

INTERROGATORY NO. 3:

List all IP addresses and domains wherein marketing emails (spam) was sent from since August 1, 2003.

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to the attachment appended hereto as "Updated Gordon Opt-In Information."

INTERROGATORY NO. 18:

Provide full captioned information regarding all lawsuits that you have been a party to since 8/1/03.

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

The Request for Production (RFP) by Impulse is exemplified by the following: Responding to Request 1-6, Impulse states, "This Third Party Defendant Bonnie Gordon has no standing to propound discovery on behalf of Plaintiff or other Third Party Defendant's (sic). Notwithstanding this Objection, as to Third Party Plaintiff Bonnie

Gordon, continues its location of written documents and will supplement this production" In RFP 7-8, Impulse states, in part, "A response to this request for production will not lead to discovery of admissible evidence". No. 9 is simply called "irrelevant".

Third party Defendant asks the Court to award Sanctions per FRCP 37(a)(4) in an amount equal to or greater than the Sanctions demanded by Impulse of Plaintiff. Or, in the alternative, simply require/order compliance with the rules.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Bonnie F. Gordon, Pro Se

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 6th day of March, 2006.

_____

## Certificate of Service

I, hereby, certify that on March 6, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, James Gordon III, Jonathan Gordon, Emily Abbey, and Robert Pritchett by other means.

_____