1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff

5  Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff

10

11

12              **UNITED STATES DISTRICT COURT FOR THE**

13                 **EASTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| 14 | JAMES S. GORDON, JR., ) | No. CV-04-5125-FVS |
| 15 | Plaintiff, ) | DEFENDANT'S REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OPPOSITION TO IMPULSE MARKETING GROUP INC.'S MOTION TO COMPEL AND FOR SANCTIONS |
| 16 | vs. ) ) | |
| 17 | IMPULSE MARKETING GROUP, ) INC., ) | |
| 18 | Defendant ) | |
| 19 | _____ ) IMPULSE MARKETING GROUP, ) | |
| 20 | INC., ) ) | |
| 21 | Third-Party Plaintiff, ) vs. ) | |
| 22 | BONNIE GORDON, et al., ) | |
| 23 | Third-Party Defendants. ) | |

24

25

26          REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S
27       OPPOSITION TO IMPULSE MARKETING GROUP INC.'S MOTION TO
                        COMPEL AND FOR SANCTIONS
28

Reply Memorandum of Law in Response to Plaintiff's Opposition
to Impulse Marketing group Inc.'s Motion to Compel and for
\Sanctions
Page 1 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

1  This Reply Memorandum of Law is submitted by defendant, Impulse Marketing Group, Inc. ("Impulse" or the "Defendant") in further support of Defendant's Motion to Compel Discovery and for Sanctions ("Defendant's Motion").

## INTRODUCTION

On December 23, 2005, Defendant served its Request for the Production of Documents ("Document Request") and First Set of Interrogatories ("Interrogatories") upon Plaintiff. See Exhibit "A" annexed hereto for a copy of Defendant's Document Requests and Interrogatories, pages 11-29. Plaintiff failed to timely respond to Defendant's Document Request and Interrogatories.

On February 21, 2006, only after scores of good faith correspondence from Defendant's local counsel to Plaintiff's counsel demanding that Plaintiff immediately respond to Defendant's Document Requests and Interrogatories, Defendant moved to compel Plaintiff's response. Plaintiff made a conscious decision to bring thousands of causes of action causing Defendant an incredible amount of time and money. Now, Plaintiff refuses to provide Defendant with adequate discovery to support his claims.

Faced with a pending motion to compel and potential sanctions, Plaintiff provided a partial response to Defendant's Document Requests by disclosing to Defendant a CD containing scores of emails and a purported analysis of these emails.

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 2 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

In addition, Plaintiff disclosed an evasive and incomplete response to Defendant's Interrogatories. See Exhibit "B" annexed hereto for a copy of Plaintiff's responses to Defendant's Document Requests and Interrogatories attached as pages 30-32.

As additional measures of good faith, Defendant has repeatedly advised Plaintiff's counsel that Plaintiff's responses to Defendant's Interrogatories were deficient, evasive and incomplete. Plaintiff has declined to clarify his Interrogatory responses. As such, Defendant did not withdraw its motion to compel.

By failing to adequately respond to Defendant's Interrogatories, Plaintiff's counsel expressly intends to shift the burden onto Defendant to make out Plaintiff's prima facie case and Plaintiff's refusal to provide factual support for his allegations, has effectively taken away Defendant's ability to defend this case. Plaintiff maintains that the production of documents in response to Defendant's Document Request is an adequate and sufficient response to Defendant's Interrogatories. However, Defendant is left to guess how the thousands of emails violated RCW 19.190 et seq. For example, Plaintiff's counsel has repeatedly stated that:

- "[P]laintiff is required to do nothing more than provide the offending emails. If your client [Defendant] does not understand how they have violated the Washington CEMA, then I [Plaintiff's counsel] suggest that you provide them with a copy of it [the Washington CEMA]. See Exhibit "C" annexed hereto for a copy of an email sent by Plaintiff's counsel, Robert Siegel to Floyd Ivey, Defendant's local counsel, dated February 23. 2006, pages 33-37.

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 3 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

- Defendant's contention that Plaintiff insist that Defendant "explain in detail how each alleged offending email violated the [Washington] CEMA statute is improper." <u>See</u> Exhibit "D" annexed hereto for a copy of an email sent by Plaintiff's counsel, Robert Siegel to Floyd Ivey, Defendant's local counsel, dated March 6, 2006, pages 38-40 attached hereto.

- "[A]nything beyond the information already provided [the CD]…is simply a demand for Plaintiff to provide his trial preparation materials, and is clearly inappropriate." <u>See</u> Exhibit "D.", pages 38-40 attached hereto.

- "We [Plaintiff and his counsel] believe that the voluminous evidence [the CD] we [Plaintiff and his counsel] have already provided is responsive, and in fact, is all to which you [Defendant and its counsel] are entitled, and constitutes all that Plaintiff is obligated to provide." <u>See</u> Exhibit "D.", pages 38-40 attached hereto.

However, the very purpose of requesting answers to Interrogatories is to clarify matters of evidence and help to determine in advance what facts will be presented at any trial in the case. By not adequately responding to Defendant's Interrogatories and by shunning Defendant's good faith attempts to obtain adequate responses to its Interrogatories, Plaintiff's counsel ignores the very purpose of Interrogatories as an essential discovery mechanism and cripples Defendant's ability to defend this case.

## **ARGUMENT**

### **I. PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES IS <u>EVASIVE AND INCOMPLETE</u>**

Defendant moves to compel Plaintiff to adequately, non-evasively and completely respond to Defendant's Interrogatories pursuant to FRCP 37(a)(2). FRCP 37(a)(3) makes clear that an evasive or incomplete answer to discovery demands, is

Reply Memorandum of Law in Response to Plaintiff's Opposition
to Impulse Marketing group Inc.'s Motion to Compel and for
\Sanctions
Page 4 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

to be considered for purposes of FRCP(a), a failure to answer. The courts have consistently held that they have the power to compel adequate answers. See, e.g., Cone Mills Corp. v. Joseph Bancroft & Sons Co., 33 F.R.D. 318 (D. Del. 1963). This power is recognized and incorporated into the Rule.

### A. PLAINTIFF'S RESPONSE TO DEFENDANT'S INTERROGATORIES 5 THROUGH 13 IS EVASIVE AND INCOMPLETE

Plaintiff's response to Defendant's Interrogatories 5 through 13 is evasive and incomplete because Plaintiff failed:

- To demonstrate for each email that any alleged transmission was by Impulse to an email address used by Plaintiff (Interrogatory No. 5);

- To demonstrate how Plaintiff determined that the emails were transmitted by Defendant to Plaintiff (Interrogatory No. 6);

- To provide the factual basis of how each individual email violated RCW 19.190 et seq. and RCW 19.86 ((Interrogatory No. 7);

- To identify how and with whom Defendant conspired to transmit each of the emails to Plaintiff (Interrogatory No. 8);

- To explain how and why Defendant knew or avoided knowing that an entity transmitted email such that the transmission of the email violated RCW 19.86 or that Impulse knew or avoided knowing that the entity transmitting the email was engaged in practices violating RCW 19.86 (Interrogatory No. 9);

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 5 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

- To establish the factual basis of how Plaintiff believes each email allegedly violated RCW 19.190 et seq. (Interrogatory No. 10);

- To indicate which email identified in Interrogatories Nos. 5 and 8 correspond with each individual recipient (Interrogatory No. 11)[1];

- To advise whether or not Plaintiff has previously recovered any damages related to any identified email (Interrogatory No. 12); and

- To disclose at which websites Plaintiff opted in to receive the emails at issue in this lawsuit (Interrogatory No. 13).[2] See Exhibit "B.", pages 30-32.

### B.  PLAINTIFF'S RESPONSE TO INTERROGATORIES 14, 15, 20 AND 22 IS EVASIVE AND INCOMPLETE

Plaintiff's response to Defendants Interrogatories 14, 15, 20 and 22 simply refer Defendant to the CD, which CD was produced by Plaintiff in response to Defendant's Document Requests. Plaintiff's response to this group of Interrogatories suggest that Defendant has the burden of sorting through the material provided on the CD in order to answer Interrogatories 14, 15, 20 and 22.  However, such a response improperly shifts the burden of disclosing and clarifying the evidence contained on the CD to help to determine in advance what facts will be presented by Plaintiff at any

---

[1] There are thousands of emails and thousands of pages of documents that purportedly analyze the violative emails.  However, the email and the analysis of the emails do not correspond to one another.

[2] Plaintiff objects to Interrogatory No. 13.  However, the objection was not timely and was waived by the Plaintiff's failure to respond in the time allowed. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. Ariz. 1981); FRCP 33(b)(4).

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 6 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

trial in the case. The correspondence from Plaintiff's counsel to Defendant's local counsel set forth in the Introduction illustrates this point. See Exhibits "C", pages 33-37 hereto, and "D", pages 38-40 hereto.

### C. PLAINTIFF'S RESPONSE TO INTERROGATORIES 16, 17, 18, AND 19 IS EVASIVE AND INCOMPLETE

Moreover, Plaintiff asserts that a response to Interrogatory No. 16, which asks Plaintiff to state whether Plaintiff has filed, initiated or commenced lawsuits against any third person, company, or entity arising out of each individual email, is privileged information based upon the existence of an unknown settlement agreement, yet Plaintiff does not state any authority for the purported privilege, nor does he identify the settlement agreement referred to. As such, Defendant is prejudiced because, *inter alia*, Defendant's res judicata defense is hampered by Plaintiff's failure to disclose the requested information. Specifically, previous lawsuits arising from the same emails are highly relevant to Defendant's res judicata defense in the instant litigation.

Plaintiff's response to Interrogatory No. 17, which asks Plaintiff to identify how Plaintiff came to the determination that each individual email was sent by Defendant, is even more puzzling. Plaintiff responds to Interrogatory No. 17 by stating that:

> [T]he name of the Defendant is in the email or the email is or was linked to a web site advertising products which Defendant was contracted to marked for Commonwealth Marketing Group. Inc. of Uniontown, Pennsylvania. The emails have all been provided (See Response to No. 5) and

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 7 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

> the emails speak for themselves. Defendant can easily determine on its own which emails it sent, and on whose behalf. See Exhibit "B", pages 30-32.

Based on this evasive and incomplete response to Interrogatory No. 17, Plaintiff refuses to "identify how plaintiff came to the determination that each individual electronic mail message was sent by Defendant..." and urges that the Defendant must once again make that determination on its own. Moreover, Plaintiff's response is proof positive that at least some of the emails to which Plaintiff's seeks damages under this lawsuit, are identical to the emails that Plaintiff sued upon in the related action brought by Plaintiff against Commonwealth Marketing Group, Inc. Damages on behalf of these emails must be barred by the doctrine of res judicata. As such, Defendant is severely prejudiced by Plaintiff's evasive and incomplete response to Interrogatory No. 17 in not being able to determine whether its defense of res judicata is justified.

Further, Plaintiff solely offers a legal conclusion in response to Interrogatory No. 18 by stating that the emails contained in the CD that Plaintiff produced to Defendant "violate statutory prohibitions." The statement of opinion by an "expert" in the form of Plaintiff himself is a non-responsive, evasive and incomplete response.

In response to Interrogatory No. 19, Plaintiff advises that perhaps thousands of emails violating Washington Statutes exist and seeks the statutory penalty for each. However, Plaintiff must be required to demonstrate the dollar amount sought and the

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 8 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1 basis on which each individual claim is founded.

## II. **DEFENDANT IS ENTITLED TO SANCTIONS UNDER FRCP 37(a)(4)**

Defendant also seeks sanctions under FRCP 37(a)(4) given that Plaintiff, despite Defendant's continued notification to the contrary, repeatedly maintains that Plaintiff does not have the "obligation" to provide Defendant with adequate discovery including, but not limited to, non-evasive and complete responses to Defendant's Interrogatories. See Exhibits "C", pages 33-37, and "D", pages 38-40. Defendant's lead and local attorneys have expended numerous hours at a significant cost to Defendant addressing Plaintiff's failure to adequately, non-evasively and completely respond to Defendant's Interrogatories.

Defendant merely requests that Plaintiff provide it with the factual basis for how Defendant allegedly violated RCW 19.190 et seq. and RCW 19.86.

## **CONCLUSION**

Based on the foregoing, Defendant requests that this Court compel Plaintiff to adequately respond to Defendant's Interrogatories and grant sanctions against Plaintiff pursuant to Rule 37(a)(4).

DATED this 7th day of March, 2006.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

By s/ FLOYD E. IVEY
FLOYD E. IVEY, WSBA#6888

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 9 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Attorneys for Defendant
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

S/ SEAN MOYNIHAN & PETER J. GLANTZ
Sean A. Moynihan & Peter J. Glantz
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020
(212) 753-8101 (fax)

I hereby certify that on March 7, 2006, I electronically filed DEFENDANT'S REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OPPOSITION TO IMPULSE MARKETING GROUP INC.'S MOTION TO COMPEL AND FOR SANCTIONS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel, Peter J. Glantz and Sean A. Moynihan. I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Jamila Gordon and Emily Abbey.

S/ FLOYD E. IVEY
FLOYD E. IVEY

Reply Memorandum of Law in Response to Plaintiff's Opposition to Impulse Marketing group Inc.'s Motion to Compel and for \Sanctions
Page 10 of 10

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581