```
                                    FILED IN THE
                                U.S. DISTRICT COURT
                            EASTERN DISTRICT OF WASHINGTON

                                  MAR 0 7 2006

                              JAMES R. LARSEN, CLERK
                                              DEPUTY
                              RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, <br><br> vs. <br><br> Impulse Marketing Group, Inc., <br><br> Defendant <br><br> Impulse Marketing Group, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Robert L. Pritchett, Third-Party Defendant | Case No.: CV-04-5125-FVS <br><br> THIRD-PARTY DEFENDANT, ROBERT L. PRITCHETT'S MOTION TO COMPEL AND FOR SANCTIONS AND AFFIDAVIT RE: DISCOVERY |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

Third Party Defendant moves the Court for Sanctions and to Compel Third party Plaintiff's Responses to Third Party Defendant's Interrogatories and Request for Production of Documents. These documents were placed in US Mail on or about January 17, 2006. I contacted Mr. Ivey to ensure the 30 day deadline was going to be met, he accepted a two-week extension. With that additional time, Impulse still failed to meet its discovery obligations per FRCP 37 (a) (2) (3) (4).

At the status conference in the Fall of 2005, Impulse asked this Court for 3+ additional months for discovery. It has squandered this time by not seeking any discovery of this (or other) third party defendants and will likely petition this Court for still more time.

Third Party Defendant's Motion to Compel is pursuant to FRCP 37(a)(2)(3)(4). Impulse has failed to make the required Rule 26 disclosures to the undersigned. Further, Impulse has provided evasive, incomplete disclosure, answer, or response to discovery propounded by the undersigned.

Third party Defendant asks the Court to award Sanctions per FRCP 37(a)(4) in an amount equal to or greater than the Sanctions demanded by Impulse of Plaintiff. Or, in the alternative, simply require/order compliance with the rules.

Three examples of non-responsiveness in answers to interrogatories follows:

Interrogatory No 1:

Please identify full contact information for the sender of each email that plaintiff has provided IMG.

Response:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The inquiry does not address any issue relative to the Third Party Plaintiff's Causes of Action against this Third Party Defendant. Further, Robert Pritchett lacks understanding to request interrogatory respo9nses based upon each email that plaintiff James Gordon may or may not have provided OMG. As such, this interrogatory will not lead to discovery of admissible evidence relative to the Third Party Complaint Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R>D.55 (D.P.R.1966).

Interrogatory No 16:

What evidence exists which proves that plaintiff instructed others to use gordonworks.com to actively and affirmatively solicit commercial emails?

Response:

Impulse asserts the Ambiguity and Overbreadth Objections. Assuming that the inquiry refers to Plaintiff Mr. Gordon, this Third Party Defendant has no standing to inquire about claims against plaintiff Mr. Gordon or on behalf of "others". Notwithstanding the foregoing objections, Impulse is in possession of evidence, in the form of Mr. Gordon's Initial Disclosures in a related action against Commonwealth Marketing Group brought by Mr. Gordon, which evidence may ultimately prove that Mr. Gordon instructed Robert Pritchett to use the gordonworks.com domain to actively and affirmatively solicit commercial emails.

Interrogatory No 18:

What documentary evidence exists of an alleged scheme to solicit emails?

Response:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. Interrogatory No. 18 is ambiguous as to what scheme Mr. Pritchett refers. The information sought will not lead to the discovery of admissible evidence. Felix A. Thillett, Inc. v. Kelly Springfield Tire Co., 41 F.R.D. (D.P.R. 1966).

Two examples of non-responsiveness in request for production follows:

Request for Production #8:

Provide documents which represent false representations by plaintiff and/or third party defendants.

Response:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The topic of this request is Irrelevant to Impulse's Third Party Causes of Action. A response to this request for Production #8 will not lead to discovery of admissible evidence. Felix A. Thillett, Inc. v. Kelly Springfield Tire Co., 41 F.R.D. (D.P.R. 1966). Further, Robert Pritchett lacks understanding to request documents on behalf of plaintiff and/or other third party defendants. Notwithstanding the foregoing objections, Third Party Plaintiff continues to evaluate the documentary evidence supporting it allegations that Robert Pritchett made false representations to Impulse and will supplement this response.

Request for Production #11:

Produce documents on which IMG relied on that led to excessive costs and expenses as a result of plaintiff's and third party defendants' alleged actions.

Response:

Robert Pritchett lacks standing to request documents on behalf of plaintiff and/or other third party defendants. Notwithstanding the foregoing objection, Third Party Plaintiff continues to evaluate the documentary evidence supporting its allegations that Robert Pritchett made false representations to Impulse and will supplement this response accordingly.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Robert L. Pritchett
1952 Thayer Drive
Richland, WA 99354
509-210-0217

EXECUTED this 7th day of March, 2006.

_____ (signed)

## Certificate of Service

I, hereby, certify that on March 7, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily Abbey, and Jamila E. Gordon by other means.

_____ (signed)