```
 1                    UNITED STATES DISTRICT COURT
 2                    EASTERN DISTRICT OF WASHINGTON
 3
 4
 5  JAMES S. GORDON, JR., an individual
    residing in Benton County, Washington,     No. CV-04-5125-FVS
 6
                       Plaintiff,
 7                                             ORDER DENYING MOTIONS
                  v.                           TO DISMISS
 8
    IMPULSE MARKETING GROUP, INC., a Nevada
 9  Corporation,
10                     Defendant.
11  IMPULSE MARKETING GROUP, INC.,
12                     Third-Party Plaintiff,
13
    BONNIE GORDON, JAMES S. GORDON, III,
14  JONATHAN GORDON, JAMILA GORDON, ROBERT
    PRITCHETT and EMILY ABBEY,
15
                       Third-Party Defendants.
16
```

**BEFORE THE COURT** is Plaintiff's Motion to Dismiss Third-Party Defendants and Counterclaims Under FRCP 12(b)(6) or in the Alternative Motion for Summary Judgment under FRCP 56 or in the Alternative to Dismiss under FRCP 9(b) (Ct. Rec. 40); Jonathan Gordon's Motion to Dismiss (Ct. Rec. 155); Bonnie Gordon's Motion to Dismiss (Ct. Rec. 158); Robert Pritchett's Motion to Dismiss (Ct. Rec. 161); Motion to Dismiss by James S. Gordon, III (Ct. Rec. 164); Jamila Gordon's Motion to Dismiss (Ct. Rec. 167); and Emily Abbey's Motion to Dismiss (Ct. Rec. 177). Plaintiff is represented by Douglas McKinley. Defendant is represented by Floyd Ivey, Sean

ORDER DENYING MOTIONS TO DISMISS - 1

Moynihan, and Peter Glantz. The Third-Party Defendants are proceeding *pro se*.

**I.  BACKGROUND**

Plaintiff, James Gordon, is a Washington resident and the registered user of the internet domain name "Gordonworks.com." Defendant, Impulse Marketing Group, Inc. ("Impulse Marketing"), a Nevada corporation, is an electronic marketing company that transacts business with Washington by sending commercial electronic mail messages (email) to Washington state residents. Impulse Marketing operates by collecting personally identifiable information from individuals who sign up to receive free products and/or services at websites run by Impulse Marketing and/or its marketing partners. In consideration for receiving free products and/or services from an Impulse Marketing related website, it requires that individuals using its websites agree to submit accurate personal subscriber information ("Subscriber Profile"). By submitting their Subscriber Profile, individuals grant Impulse Marketing the right transfer the Subscriber Profiles to third parties for marketing purposes. Impulse Marketing subscribes revenue from the licensing and/or use of accurate Subscriber Profiles.

Plaintiff's Complaint alleges Impulse Marketing violated Washington's Commercial Electronic Mail Act, RCW § 19.190 et seq., and Washington's Consumer Protection Act, RCW § 19.86 et seq., by initiating and/or conspiring with others to initiate unsolicited commercial emails to various addresses at Plaintiff's domain, "Gordonworks.com". On July 1, 2005, the Court denied Impulse

ORDER DENYING MOTIONS TO DISMISS - 2

Marketing's motion to dismiss Plaintiff's Complaint. On September 6, 2005, Impulse Marketing filed five counterclaims against Plaintiff and five separate causes of action against each of the Third-Party Defendants. On November 28, 2005, Impulse Marketing filed a Second Amended Third-Party Complaint, which alleges claims against the Third-Party Defendants for (1) fraud and deceit; (2) tortious interference with business relationships; (3) contribution and indemnity; (4) breach of contract; and (5) injunctive relief. Impulse Marketing asserts these same causes of action as counterclaims against Plaintiff.

Plaintiff now moves to dismiss the counterclaims and the third-party defendants. Because Plaintiff lacks standing to bring a motion to dismiss on behalf of the Third-Party Defendants, his motion will be construed by the Court only as a motion to dismiss Impulse Marketing's counterclaims against Plaintiff. The Third-Party Defendants have each filed their own motion to dismiss. These motions assert the same legal arguments.

**II. DISCUSSION**

***A.   Standard of Review***

A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6),

"[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

### ***B.    Tortious Interference Claim***

Under Washington law, there are five elements to the tort of interference with a business expectancy or contract. A plaintiff must establish: (1) the existence of a valid contractual relationship or business expectancy; (2) that the defendant(s) had knowledge of the relationship or expectancy; (3) an intentional interference inducing or causing breach or termination of the relationship or expectancy; (4) that the defendant interfered for an improper purpose or used improper means; and (5) resultant damages. *Leingang v. Pierce County Med. Bureau*, 131 Wash.2d 133, 930 P.2d 288 (1997).

As to the first element, a valid business expectancy "includes any prospective contractual or business relationship that would be of pecuniary value." *Newton Ins. Agency v. Caledonian Ins. Group*, 114 Wash. App. 151, 158, 52 P.3d 30 (2002). Here, Impulse Marketing alleges it transfers its clients' Subscriber Profiles to third

ORDER DENYING MOTIONS TO DISMISS - 4

parties for marketing purposes and that in doing so, Impulse Marketing created business relationships and contract relationships with these on-line business partners. Second Amend. Complaint (hereinafter "Complaint"), ¶¶ 1-4, 43-44. Tortious interference with a contractual relationship requires a showing of a particular relationship or expectations and will not compensate a claimant for speculative or wishful thinking. Although Impulse Marketing has not pointed to any specific employers or relationships that were affected, its allegations are sufficient under general pleading standards to survive a motion to dismiss.

As to the second element, knowledge of the existence of a business relationship is an essential element in establishing liability for interference therein, but "it is sufficient if the evidence reveals that the alleged interferor had knowledge of facts giving rise to the existence of the relationship. It is not necessary that the interferor understand the legal significance of such facts." *Calbom v. Knudtzon*, 65 Wash.2d 157, 165, 396 P.2d 148, 153 (1964). Here, Impulse Marketing alleges the Third-Party Defendants had knowledge of the contracts and business relationships between Impulse Marketing and its on-line marketing partners. Complaint, ¶ 45. More specifically, Impulse Marketing maintains that the Third-Party Defendants submitted their Subscriber Profile to Impulse Marketing and/or its third-party marketing partners, certified that their Subscriber Profiles were accurate and truthful pursuant to the applicable terms and conditions, and entered into a Privacy Policy that permitted Impulse and/or its marketing partners

ORDER DENYING MOTIONS TO DISMISS - 5

1 to share the applicable participant's Subscriber Profile with
2 contractually-bound third party marketers. Complaint, ¶¶ 8-14, 43-
3 51. These allegations are sufficient to survive the second element
4 of a tortious interference cause of action.
5    As to the third element, interference with a business expectancy
6 is intentional if "the actor desires to bring about or if he knows
7 that the interference is certain or substantially certain to occur as
8 a result of his action." *Newton*, 114 Wash. App. at 158, 52 P.3d 30.
9 Impulse Marketing seems to be arguing that since the Third-Party
10 Defendants' act of providing inaccurate and untruthful Subscriber
11 Profiles was intentional, their interference is deemed intentional in
12 light of the terms of the Privacy Policy that permitted Impulse
13 and/or its marketing partners to share the applicable participant's
14 Subscriber Profiles. If Impulse Marketing can show the Third-Party
15 Defendants knew, or were substantially certain, their inaccurate
16 Subscriber Profiles would interfere with Impulse Marketing's business
17 relationships with its on-line marketing partners, intentional
18 interference would be sufficiently pled.
19    Although Impulse Marketing's responsive memorandum does not
20 address the fourth element, its Complaint adequately alleges facts
21 supporting this element. Impulse Marketing argues that the Third-
22 Party Defendants interfered for an improper purpose because they
23 intended to purposefully entice Impulse Marketing to send emails to
24 the "gordonworks.com" domain that the Third-Party Defendants believed
25 violated RCW 19.190 et seq., in an attempt to exacerbate legal
26 claims. Complaint, ¶¶ 22-30.

ORDER DENYING MOTIONS TO DISMISS - 6

With respect to the fifth element, Impulse Marketing alleges it has sustained money damages. Complaint, ¶ 50. Thus, Impulse Marketing has alleged facts sufficient to satisfy this final element.

The Court concludes Impulse Marketing has adequately alleged a cause of action for tortious interference, and the motions to dismiss are denied with respect to this claim.

### B.   Fraud & Deceit

To establish fraud, a plaintiff must prove, by clear and convincing evidence, (1) representation of an existing fact; (2) materiality; (3) falsity; (4) speaker's knowledge of its falsity; (5) speaker's intention that it shall be acted upon by the plaintiff; (6) plaintiff's ignorance of falsity; (7) reliance; (8) right to rely; and (9) damages. *Tran v. State Farm Fire and Cas. Co.*, 136 Wash.2d 214, 236, 961 P.2d 358, 369 (1998).

Impulse Marketing has adequately pled a cause of action for fraud. With respect the first four elements of fraud, the Complaint alleges the Third-Party Defendants knowingly provided Impulse Marketing with false Subscriber Profiles at various websites. Complaint, ¶¶ 22-24, 28. With respect to the fifth element, Impulse Marketing alleges the Third Party Defendants purposely intended to solicit email messages to the "gordonworks.com" domain that Plaintiff's believed were in violation of RCW 19.190, for the sole purpose of causing Impulse Marketing pecuniary harm and harm to its reputation, while attempting to create legal claims. Complaint, ¶ 25-30. Impulse Marketing also alleges the Third-Party Defendants repeatedly solicited, unsubscribed, then repeatedly re-solicited

email from Impulse Marketing and/or its marketing partners in an effort to fabricate and exacerbate claims against Impulse Marketing based on the Third-Party Defendants' belief that the emails received from Impulse Marketing violated RCW 19.190 et seq. Complaint, ¶¶ 31-37. With respect to the sixth element, Impulse Marketing alleges it was unaware of the inaccurate Subscriber Profiles provided by the Third-Party Defendants. Complaint, ¶ 39. With respect to the final three elements of fraud, Impulse Marketing alleges it justifiably relied upon Third-Party Defendants' untruthful, inaccurate and fraudulent representations in their Subscriber Profiles by negotiating and fulfilling marketing agreements with Impulse Marketing's third-party business partners, thereby causing Impulse Marketing to incur excessive business operational costs and associated expenditures with running its business. Complaint, ¶ 38.

Alternatively, Third Party Defendants argue Impulse Marketing failed to plead the elements of fraud with the required particularity required by Federal Rule of Civil Procedure 9(b). However, Impulse Marketing alleges specific dates throughout the month of September 2003, on which the Third-Party Defendants allegedly directed, permitted, or conspired with Plaintiff to provide inaccurate or untruthful Subscriber profiles. *See* Complaint, ¶¶ 31-37. The Court concludes this is sufficient to satisfy the heightened pleading standards for fraud. Accordingly, the motions to dismiss are denied with respect to Impulse Marketing's claim for fraud and deceit.

### *C.    Contribution and Indemnification*

Impulse Marketing asserts a claim against the Third-Party

Defendants for indemnity and contribution if Impulse Marketing is found liable in any way to Plaintiff. The Third-Party Defendants move to dismiss this cause of action because the Complaint does not allege or acknowledge that the emails in question violated Washington statute. However, this argument misinterprets Impulse Marketing's claims for contribution and indemnification. Contribution "distributes the loss among the tortfeasors by requiring each to pay his proportionate share" and indemnity "shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead." *Zamora v. Mobil Corp.*, 104 Wash.2d 211, 218, 704 P.2d 591, 596 (1985) (citation omitted). Impulse Marketing simply requests that if it is found liable for the emails sent to Plaintiff, it be permitted to seek indemnity and contribution from the Third-Party Defendants because they (1) specifically intended to drive email messages to the gordonworks.com domain; and (2) repeatedly solicited, unsubscribed, and then repeatedly re-solicited email from Impulse Marketing and its marketing partners with the sole intention of fabricating and exacerbating claims against Impulse Marketing based on the Third Party Defendants' belief that the emails violated RCW 19.190 et seq. Complaint, ¶¶ 17-20. The Court determines these allegations are sufficient to satisfy the general pleading standards. Therefore, the motions to dismiss Impulse Marketing's claims for indemnity and contribution are denied.

### D.  *Breach of Contract*

Impulse Marketing alleges the Third-Party Defendants violated

ORDER DENYING MOTIONS TO DISMISS - 9

the terms and conditions of Impulse Marketing's website and its Privacy Policy by failing to accurately and truthfully complete their Subscriber Profiles and by failing to accept the commercial email received in a proper manner without negating the benefit conferred upon them by Impulse Marketing. Complaint, ¶¶ 53-64. Further, Impulse Marketing alleges it sustained monetary damages as a consequence of the alleged breach. Complaint, ¶ 65.

At the motion to dismiss stage the Court does not engage in debating the terms of the applicable contract. Rather, the Court is only concerned with whether the Complaint alleges facts that, if proven, are sufficient to state a claim for relief. The Court concludes that Impulse Marketing has alleged facts sufficient to state a cause of action for breach of contract. Therefore, the motions to dismiss are denied with respect to Impulse Marketing's breach of contract claim.

### E.  *Injunctive Relief*

"The granting or withholding of an injunction is addressed to the sound discretion of the trial court to be exercised according to the circumstances of each case." *Wash. Federation of State Employees v. State*, 99 Wash.2d 878, 887, 665 P.2d 1337, 1343 (1983). In order to obtain injunctive relief, the plaintiff must establish (1) that he or she has a clear legal or equitable right, (2) that he or she has a well grounded fear of immediate invasion of that right by the one against whom the injunction is sought, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury. *Id.* at 888, 665 P.2d at 1343.

ORDER DENYING MOTIONS TO DISMISS - 10

Impulse Marketing requests the Court enjoin the Third-Party Defendants from soliciting, unsubscribing, and re-soliciting email from Impulse Marketing and/or its marketing partners. The Third-Party Defendants argue Impulse Marketing is not entitled to an injunction because the act of requesting commercial emails is perfectly legal conduct, even if the person requesting the emails intends to later sue the sender. Further, they argue that the mere act of requesting emails is insufficient to expose Impulse Marketing to liability. Rather, it is only when Impulse Marketing sends commercial email, an act over which the Third-Party Defendants contend they have no control, that liability attaches.

The Court determines that Impulse Marketing's Complaint satisfies the second and third elements necessary to establish injunctive relief. Although Impulse Marketing might not have a "legal" right to prevent the Third-Party Defendants from requesting commercial email, assuming the truth of the facts alleged in the Complaint, Impulse Marketing may have an equitable right. Thus, the Court denies the motions to dismiss Impulse Marketing's claim for injunctive relief. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Dismiss Third-Party Defendants and Counterclaims Under FRCP 12(b)(6) or in the Alternative Motion for Summary Judgment under FRCP 56 or in the Alternative to Dismiss under FRCP 9(b) (**Ct. Rec. 40**) is **DENIED.**

2. Motion to Dismiss by Jonathan Gordon (**Ct. Rec. 155**) is **DENIED.**

3. Motion to Dismiss by Bonnie Gordon (**Ct. Rec. 158**) is **DENIED.**

4.  Motion to Dismiss by Robert Pritchett (**Ct. Rec. 161**) is **DENIED**.

5.  Motion to Dismiss by James S. Gordon, III (**Ct. Rec. 164**) is **DENIED**.

6.  Motion to Dismiss by Jamila Gordon (**Ct. Rec. 167**) is **DENIED**.

7.  Motion to Dismiss by Emily Abbey (**Ct. Rec. 177**) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and to the **Third Party Defendants who are proceeding pro se**.

**DATED** this 9th day of March, 2006.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

ORDER DENYING MOTIONS TO DISMISS - 12