FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 09 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, <br> vs. <br> Impulse Marketing Group, Inc., <br> Defendant <br><br> Impulse Marketing Group, Inc., <br> Third-Party Plaintiff, <br> v. <br> Jamila E. Gordon, Third-Party Defendant | Case No.: CV-04-5125-FVS <br><br> THIRD-PARTY DEFENDANT, JAMILA E. GORDON'S MOTION TO COMPEL AND FOR SANCTIONS AND AFFIDAVIT RE: DISCOVERY |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

1  Third Party Defendant moves the Court for Sanctions and to Compel
2  Third Party Plaintiff's Responses to Third Party Defendant's
3  Interrogatories and Request for Production of Documents. These
4  documents were placed in US Mail on or about January 17, 2006. I
5  contacted Mr. Ivey to ensure the 30 day deadline was going to be met,
6  he instead sought a two-week extension. With that additional time,
7  Impulse still failed to meet its discovery obligations per FRCP 37 (a) (2)
8  (3) (4).

9
10 At the status conference in the Fall of 2005, Impulse asked this Court
11 for 3+ additional months for discovery. It has yet to propound the first
12 question or request the first document from me. Due to this
13 disingenuous request of the Court by Impulse close to four months of
14 time has been squandered by Impulse.

15 Third Party Defendant's Motion to Compel is pursuant to FRCP 37(a)(2)
16 (3)(4). Impulse has failed to make the required Rule 26 disclosures to
17 the undersigned. Further, Impulse has provided evasive, incomplete
18 disclosure, answer, or response to discovery propounded by the
19 undersigned.

20
21 Again, Impulse via its attorney is threatening me (and us) with
22 sanctions for exercising our rights. Mr. Ivey stated after the
23 teleconference with this Court that he would seek sanctions if we did
24 not withdraw our motion to compel as it was not properly plead. I trust
25 that such intimidation is not rewarded by the Court. Mr. Ivey is the
   same attorney that represented my dad in one or more legal matters

and turned around and represented Impulse and other parties even though my dad had discussed and corresponded about suing spammers -- an apparent breach of ethics Mr. Ivey - I have copies of the 15 or more emails between Mr. Ivey and my father.

My father, has a power of attorney that I have executed in Benton County, OR. Mr. Ivey has this document. I have asked my father, James S. Gordon, Jr. to represent my interests in this matter. Thus, Mr. Ivey shall interact directly with my father or develop another workaround as I do not wish to be contacted by Impulse or its attorneys in any manner.

### Interrogatories

Examples of the non-responsive answers to interrogatories by Impulse are the following:

**Interrogatory #11**: Who actually sets up and sends email on behalf of Impulse?

**Response:** Impulse asserts the Ambiguity, Irrelevancy, and Overbreadth Objections. The inquiry is not relevant to the issues alleged in the Third Party Complaint. The information sought will not lead to the discovery of admissible evidence. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. <u>Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

As Impulse has alleged that I was part of a scheme to defraud it and that I allegedly opted into its marketing partners' web sites, I have a

right to know if the offending emails were sent by the marketing partners or someone in its direct employ and control.

**Interrogatory #16:** List all IP addresses that you have used to send email from for the past 5 years – list all domains that you have used – who owned them during this period of time?

**Response:**

Impulse asserts the Ambiguity, Irrelevancy, and Overbreadth Objections. The interrogatory is irrelevant to the Third party Causes of action. The information sought will not lead to the discovery of admissible evidence. Further, this Interrogatory No. 16 comprises a mutipart interrogatory and thus comprises more that one interrogatories for the purpose of complying with the rules limitation of 25 interrogatories. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974) Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

Again, the analysis of the emails which bear my name are at issue, I have a right to know the genesis of same.

**Interrogatory #17:** Please provide evidence of all opt-ins for the domain, gordonworks.com, including personally identifiable information from each opt-in.

**Response:**

Impulse assers the ambiguity, Irrelevancy, and Overbreadth Objections. The interrogatory is irrelevant to the Third Party Causes of Action against this Third party Defendant. The information sought will not lead to the discovery of admissible evidence. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974) Felix A. Thillet, Inc. v. <u>Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing, Jamila Gordon is referred to the opt-in spreadsheet produced to her in response th her request for documents.

Impulse claims that I opted into web sites or participated in a scheme, I am entitled to know of any and all instances that I allegedly opted in per its records or the records of its agents.

### Requests for Production

In the following actual list of requests my me for documents, I will use "key words" [in brackets] from the responses by Impulse – including "irrelevant", "lack standing", or other as a synopsis of Impulse's objection.

1. Produce all correspondence – from and to IMG since 8/1/2003 - internal and external regarding the regulation, restriction, and quality control of email. **[Lacks Standing]**
2. Provide copies of all marketing contracts executed by Impulse and all marketing partners since 8/1/2003. **[Lacks Standing]**
3. Provide documentation pertaining to the discipline of any and all employees who have been disciplined regarding email abuse. **[Lacks Standing]**
4. Provide documentation pertaining to the discipline of any and all marketing partners who have been disciplined regarding email abuse. **[Lacks Standing]**

5. Provide documentation or correspondence regarding due diligence conducted on each prospective email marketer that you have contracted with. **[Irrelevant]**
6. Produce lists of all users (individuals) of the following domains: (List Omitted from this display) **[ Irrelevant]**
7. Produce an organization chart for IMG and any subsidiary and/or parent organizations. **[Lacks Standing]**
8. Produce documentary evidence of all quality control measures pertaining to email marketing. **[Irrelevant]**
9. Produce all documents on which IMG relied on that led to excessive costs and expenses as a result of plaintiff's and third party defendants' alleged actions. **[Impulse did not acknowledge this request for production]**
10. Produce a chronological list of all marketing partners and full contact information for each including the IP addresses and domains used by them. **[Impulse did not acknowledge this request for production]**
11. Provide documents which represent false representations by plaintiff and/or third party defendants. **[Impulse did not acknowledge this request for production]**
12. Produce contracts and other documents which detail a business relationship with the owners of the opt-in web sites wherein it is alleged that third party defendants opted in to receive email from defendant or its agents or marketing partners. **[Impulse did not acknowledge this request for production]**
13. Produce documentary evidence of all quality control measures pertaining to email marketing implemented by Impulse and/or its marketing partners. **[Impulse did not acknowledge this request for production]**

Third party Defendant asks the Court to award Sanctions per FRCP 37(a)(4) in an amount equal to or greater than the Sanctions demanded by Impulse of Plaintiff. Or, in the alternative, simply require/order compliance with the rules.

1  I declare under penalty of perjury under the laws of the United States
2  that the foregoing is true and correct.

3

4  Jamila E. Gordon, Pro Se

5  9804 Buckingham Drive

6  Pasco, WA 99301

7  509-210-1069

8

9  EXECUTED this 9th day of March, 2006.

10  _____ P o A _____

11

## Certificate of Service

13  I, hereby, certify that on March 9, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan,
14  Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily Abbey, and Robert Pritchett by other means.

15

16  _____ P o A _____