```
                                        FILED IN THE
                                     U.S. DISTRICT COURT
                                 EASTERN DISTRICT OF WASHINGTON

                                        MAR 09 2006

                                     JAMES R. LARSEN, CLERK
                                     _____ DEPUTY
                                       RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, <br><br> vs. <br><br> Impulse Marketing Group, Inc., <br><br> Defendant <br><br> Impulse Marketing Group, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Bonnie F. Gordon, Third-Party Defendant | Case No.: CV-04-5125-FVS <br><br> AMENDED MOTION TO COMPEL AND FOR SANCTIONS AND AFFIDAVIT RE: DISCOVERY |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

1. This amended motion to compel was prompted by Mr. Floyd Ivey's
2. veiled threat to seek sanctions against me for improperly pleading this
3. motion and the motion to expedite. I do not appreciate the strong arm
4. tactics of Impulse's legal team.
5.
6. Mr. Ivey appears to have a pattern of ethically-challenged decision-
7. making in terms of his clients and former clients. Mr. Ivey has
8. represented my husband, James S. Gordon, Jr., the Plaintiff. My
9. husband has discussed and corresponded at length with Mr. Ivey
10. regarding suing spammers, including the Commonwealth Marketing
11. and Impulse Marketing cabal. Mr. Ivey took that knowledge and used it
12. for the benefit of his more financially fit client, Impulse. Within the last
13. 5 years, Mr. Ivey has had another client sue and ultimately win a case
14. wherein Mr. Ivey should have disqualified himself. Exhibit 1
15. It is imperative that Mr. Ivey disqualify himself from any case involving
16. my husband. It is my position that appropriate sanctions should be
17. levied against Mr. Ivey. By the way, Glantz and Moynihan saw fit to
18. defend the repeat offender, Mr. Ivey.
19.
20. Third Party Defendant moves the Court for Sanctions and to Compel
21. Third Party Plaintiff's Responses to Third Party Defendant's
22. Interrogatories and Request for Production of Documents. These
23. documents were placed in US Mail on or about January 17, 2006. I
24. contacted Mr. Ivey to ensure the 30 day deadline was going to be met,
25. he instead sought a two-week extension. With that additional time,
    Impulse still failed to meet its burden under FRCP 37 (a)(2) (3)(4).

1  At the status conference in the Fall of 2005, Impulse asked this Court
2  for 3+ additional months for discovery. It has yet to propound the first
3  question or request the first document from me. Due to this
4  disingenuous request of the Court by Impulse close to four months of
5  time has been squandered by Impulse.

7  Third Party Defendant's Motion to Compel is pursuant to FRCP 37(a)(2)
8  (3)(4). Impulse has failed to make the required Rule 26 disclosures to
   the undersigned. Further, Impulse has provided evasive, incomplete
9  disclosure, answer, or response to discovery propounded by the
10 undersigned.

## Interrogatories

12 Examples of the non-responsive answers to interrogatories by Impulse
13 are the following:
14 INTERROGATORY NO. 1:

16 Please provide the full contact information (and URL or web address in the form of
   http://www.) for the owner of each opt-in web page that you allege that third party
17 defendant opted in at.

19 RESPONSE:

21 Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The
   information sought will not lead to the discovery of admissible evidence. <u>Bushman
22 v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-
   Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966). Further, Bonnie Gordon does not
23 have standing to request information on behalf of all third party defendants.
   Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to the
24 attachment appended hereto as "Updated Gordon Opt-In Information."

In previous filings with this Court, Impulse has alleged my involvement in a scheme to defraud it. Two of the web sites that were mentioned were emailprize.com and home4freestuff.com, as I recall. Impulse posturing about needing information to defend itself is also true of my need to defend myself against specious – libelous accusations.

INTERROGATORY NO. 2:

Detail all personally identifying information which is collected by Impulse and/or its marketing partners

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to attachment appended hereto as "Updated Gordon Opt-in Information". This "document" appears to be a quickly thrown together Excel spreadsheet with information scattered about on it – no source is cited for the data.

Impulse informed the Court that I allegedly placed false information into web pages, I am simply asking for evidence of this claim.

INTERROGATORY NO. 3:

List all IP addresses and domains wherein marketing emails (spam) was sent from since August 1, 2003.

RESPONSE:

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Notwithstanding the foregoing objections, Impulse refers Bonnie Gordon to the attachment appended hereto as "Updated Gordon Opt-In Information."

In order to defend myself against false claims regarding emails that were sent to an address bearing my name, I must have this information.

INTERROGATORY NO. 18:

Provide full captioned information regarding all lawsuits that you have been a party to since 8/1/03.

**RESPONSE:**

Impulse asserts the Ambiguity, Irrelevancy and Overbreadth Objections. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

This is discoverable information, which can aid my self-defense.

The Request for Production (RFP) by Impulse is exemplified by the following: Responding to Request 1-6, Impulse states, "This Third Party Defendant Bonnie Gordon has no standing to propound discovery on

1  behalf of Plaintiff or other Third Party Defendant's (sic).
2  Notwithstanding this Objection, as to Third Party Plaintiff Bonnie
3  Gordon, continues its location of written documents and will
4  supplement this production" In RFP 7-8, Impulse states, in part, "A
5  response to this request for production will not lead to discovery of
6  admissible evidence". No. 9 is simply called "irrelevant".

7  
8  Impulse wants to get information, but refuses to give information. I
9  trust that the Court will assist me in obtaining full responses and
10 answers to the discovery propounded to Impulse.

11  
12 Third party Defendant asks the Court to award Sanctions per FRCP
13 37(a)(4) in an amount equal to or greater than the Sanctions demanded
14 by Impulse of Plaintiff. Or, in the alternative, simply require/order
15 compliance with the rules.

16  
17 I declare under penalty of perjury under the laws of the United States
18 that the foregoing is true and correct.

19  
20 Bonnie F. Gordon, Pro Se
21 9804 Buckingham Drive
22 Pasco, WA 99301
23 509-210-1069
24 EXECUTED this 9th day of March, 2006.
25 _____

## Certificate of Service

I, hereby, certify that on March 9, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily Abbey, and Robert Pritchett by other means.

_____

SANDERS v. WOODS, 121 Wn. App. 593 (2004)

89 P.3d 312

RICHARD SANDERS d/b/a HOTEL LAMINATES, Appellant, v. TERESA WOODS and JOHN

DOE WOODS, a marital community, and TNT ENTERPRISES, a Washington

Business, Respondents and Cross-Appellants.

No. 21829-5-III.

The Court of Appeals of Washington, Division Three.

Panel Seven.

Filed: May 6, 2004.

Page 594

Nature of Action: A business owner sought damages from a former employee and an order restraining her from directly competing with his business. The plaintiff alleged violation of a covenant not to compete, misappropriation of trade secrets, unfair competition in violation of the Consumer Protection Act, breach of duties of trust and confidence, conversion, and tortious interference with contractual relationships and expectancies. The attorney representing the employee had represented the plaintiff in the past, and the plaintiff alleged that the attorney's partner had, on a recent occasion, reviewed for the plaintiff drafts of the plaintiff's noncompete and confidentiality agreements.

Superior Court: After denying the plaintiff's motion to disqualify the employee's attorney, the Superior Court for Benton County, No. 01-2-02256-1, Craig J. Matheson, J., on January 30, 2003, entered a summary judgment in favor of the employee, but denied her motion for attorney fees under CR 11.

Court of Appeals: Holding that the employee's attorney and the attorney's law firm are disqualified from representing the employee in the action, that the employee was not entitled to a summary judgment, and that trial court properly denied the employee's motion for attorney fees under CR 11, the court affirms the order denying attorney fees, reverses the judgment, and remands the case for further proceedings.

Page 595
Counsel for Appellant(s), Brandon L Johnson, Miller Mertens & Spanner, 1020 N Center Pkwy Ste B, Kennewick, WA 99336-7161.

Bruce Alan Spanner, Miller Mertens & Spanner PLLC, 1020 N Center Pkwy Ste B, Kennewick, WA 99336-7161.

Counsel for Respondent(s), Floyd Edwin Ivey, Attorney at Law, 1141 N Edison Ste C, PO Box 6125, Kennewick, WA 99336-0125.

Counsel for Respondent/Cross-Appellant, Floyd Edwin Ivey, Attorney at Law, 1141 N Edison Ste C, PO Box 6125, Kennewick, WA 99336-0125.

SCHULTHEIS, J.

Richard Sanders, on behalf of Hotel Laminates, sued a former employee, Teresa Woods, after she started her own business, which allegedly competed directly with his business

of selling advertising directories to hotels. Although Mr. Sanders filed claims for: (1) violation of the covenant not to compete; (2) misappropriation of trade secrets; (3) unfair competition in violation of the Consumer Protection Act; (4) breach of duties of trust and confidence; (5) conversion; and (6) tortious interference with contractual relationships and expectancies, the claims were dismissed on Ms. Woods' motion for summary judgment. Mr. Sanders appeals, claiming the trial court erred when it denied his motion to disqualify Ms. Woods' attorney, Floyd Ivey, based on his former representation of Mr. Sanders. He also contends the trial court erroneously granted the summary judgment motion. Ms. Woods cross-appeals, arguing the trial court erred in denying her request for attorney fees pursuant to CR 11. Because we find the trial court erred in (1) failing to disqualify Mr. Ivey, and (2) granting summary judgment, we reverse. The trial court's denial of Ms. Woods' CR 11 motion for attorney fees is affirmed. Page 596

FACTS

Mr. Sanders owns a business called Hotel Laminates, which supplies laminated advertising booklets to hotels. Teresa Woods worked for Hotel Laminates both as an independent contractor in sales and marketing, and as an employee in the position of temporary office manager. Mr. Sanders claims he requires all employees and independent contractors to sign confidentiality agreements and independent contractor agreements. Three former salespeople refute this claim. Mr. Sanders also contends Ms. Woods signed both agreements but destroyed all evidence of such after she was terminated from his employ. This statement is flatly denied by Ms. Woods.

By May 2001, Ms. Woods no longer provided independent contractor or office manager services for Hotel Laminates. Shortly thereafter, she started her own business selling advertising booklets to hotels, which, Mr. Sanders argues, competes directly with Hotel Laminates' services.

Mr. Sanders filed a lawsuit in Benton County Superior Court contending, among other things, that Ms. Woods had violated a covenant not to compete and had misappropriated trade secrets. He also successfully obtained a court order that temporarily restrained Ms. Woods from operating her business in direct competition with Hotel Laminates.

To defend her interests, Ms. Woods hired Floyd Ivey, a local patent attorney who was knowledgeable about trade secret claims. Mr. Sanders immediately objected to Mr. Ivey's representation since he had represented Mr. Sanders in the past. Mr. Sanders also claimed Mr. Ivey's business partner had professionally reviewed a noncompete agreement for Mr. Sanders and Hotel Laminates in the recent past, which created a conflict of interest for Mr. Ivey. Mr. Sanders' motion to disqualify Mr. Ivey was denied after the court determined the prior representation was not substantially similar to the claim for which Ms. Woods had hired him to defend.
Page 597

After discovery was underway, Ms. Woods filed a motion for summary judgment dismissal of Mr. Sanders' claims. She also filed a CR 11 motion for attorney fees, claiming the underlying suit was commenced and continued in bad faith. The court granted the summary judgment dismissal but ultimately denied the motion for attorney fees after hearing oral arguments on the matter.

On appeal, Mr. Sanders claims the trial court erred when it denied his motion to disqualify Mr. Ivey as counsel and when it granted the summary judgment dismissal. Ms. Woods cross-appeals, arguing the CR 11 motion was improperly decided.

ANALYSIS
1. Motion to Disqualify

We first determine whether the trial court erred when it denied Mr. Sanders' motion to disqualify Ms. Woods' legal counsel on the basis of conflict of interest pursuant to the Rules of Professional Conduct (RPC) 1.9. Review of a court's decision to grant or deny a motion to disqualify counsel is a legal question that is reviewed de novo. Eriks v. Denver, **118 Wn.2d 451**, **457-58**, **824 P.2d 1207** (1992).

RPC 1.9 provides: A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation and a full disclosure of the material facts; or

(b) Use confidences or secrets relating to the representation to the disadvantage of the former client, except as rule 1.6 would permit.

In order to successfully disqualify a lawyer from representing an adversary, a former client must show that the

Page 598

matters currently at issue are substantially related to the subject matter of the former representation. RPC 1.9; State v. Hunsaker, **74 Wn. App. 38**, **43**, **873 P.2d 540** (1994). To determine whether the two representations are substantially related, we must: (1) reconstruct the scope of the facts of the former representation; (2) assume the lawyer obtained confidential information from the client about all these facts; and (3) determine whether any former factual matter is sufficiently similar to a current one that the lawyer could use the confidential information to the client's detriment. Id. at 44. The decision turns on whether the lawyer was so involved in the former representation that he can be said to have switched sides. Id. at 46. If one individual in a law firm is precluded by RPC 1.9 from representing a particular client, then all members of the firm are also prohibited from representing the client pursuant to RPC 1.10. Id. at 41-42.

We need not delve very deeply into the Hunsaker analysis to make our decision. The facts of this case reveal that Mr. Ivey initially represented Mr. Sanders and Hotel Laminates in a copyright and trademark infringement lawsuit commenced in the state of Oregon. Additionally, in 1997, Mr. Ivey wrote a demand letter to a former employee of Hotel Laminates, asking him to cease and desist conducting business in direct competition to Hotel Laminates. In 2000, Mr. Ivey's business partner also wrote demand letters to two former employees of Hotel Laminates. Mr. Sanders complains the substance of those letters is exactly what is at issue here. We agree.

In July 2000, Mr. Ivey's business partner sent Mr. Sanders a letter containing suggestions for contracts used by Hotel Laminates, specifically the `Noncompete and Confidentiality Clauses.'**[fn1]** In that letter, counsel states he reviewed the independent contractor agreements provided by Mr. Sanders, which appeared adequate. Counsel concluded the letter by offering suggestions regarding additional language that could be utilized if Mr. Sanders chose to do so.

Page 599

We conclude Mr. Ivey's representation of Ms. Woods is substantially related to his previous representation of Mr. Sanders. It makes no difference whether actual confidences were disclosed to Mr. Ivey. Teja v. Saran, **68 Wn. App. 793**, **799**, **846 P.2d 1375** (1993). The similarities between Mr. Ivey's former representation and the current one are unmistakable. The demand letters establish this fact. The fact that some of the letters were written by Mr. Ivey's business partner is irrelevant. Hunsaker, **74 Wn. App. at 41-42**. The most flagrant conflict is the fact that Mr. Ivey's business partner reviewed the draft of the very noncompete and confidentiality agreements that are alleged to be at issue here. The matters of the prior representation and the current one are similar and therefore substantially related. "Substantially related" requires only that the representations "are relevantly interconnected or reveal the client's pattern of conduct." Id. at 44 (quoting Koch v. Koch Indus., **798 F. Supp. 1525**, **1536** (D. Kan. 1992)). As stated by another court: `[T]he underlying concern is the possibility, or the appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought.' Trone v. Smith, **621 F.2d 994**, **999** (9th Cir. 1980).

The facts of Mr. Ivey's former representation and the more recent representation by Mr. Ivey's business partner provide, at a minimum, the appearance of the possibility that

confidential information was disclosed. The prohibition against attorneys `side switching' is based both on the RPC prohibiting the disclosure of confidences and also on the duty of loyalty the attorney owes his or her clients. Teja, **68 Wn. App. at 798-99**.

Mr. Ivey should have voluntarily withdrawn after Mr. Sanders timely objected to his appearance on behalf of Ms. Woods. Since he did not, the trial court should have ordered it. We reverse the trial court decision to the contrary and order the immediate disqualification of Mr. Ivey and his law firm from any further representation of Ms. Woods. Page 600

### 2. Summary Judgment Dismissal

The next issue presented is whether the trial court erred when it granted Ms. Woods' motion for summary judgment dismissal of the claims filed against her. We review the court's decision de novo. Folsom v. Burger King, **135 Wn.2d 658**, **663**, **958 P.2d 301** (1998). Summary judgment under CR 56(c) is proper only when the pleadings, affidavits, depositions, and admissions on file, viewed in the light most favorable to the nonmoving party (Mr. Sanders), show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Iwai v. State, **129 Wn.2d 84**, **95-96**, **915 P.2d 1089** (1996). To defeat summary judgment, Mr. Sanders' evidence must set forth specific, detailed, and disputed facts; speculation, argumentative assertions, opinions, and conclusory statements will not suffice. Suarez v. Newquist, **70 Wn. App. 827**, **832**, **855 P.2d 1200** (1993).

Mr. Sanders claims summary judgment was improperly granted since the record contains evidence of several genuine issues of material fact in dispute, including whether or not Ms. Woods signed a covenant not to compete and Hotel Laminates' confidentiality agreement. He says she signed them; she says she did not. Under the circumstances, a credibility determination needs to be made by a fact finder before the dispute can be resolved. The trial court erred when it made the credibility decision for the parties on summary judgment.

Mr. Sanders raises other issues for our consideration. Because his first assignment of error provides grounds for reversal of the summary judgment order, we need not reach the merits of those other issues.

### 3. Cross-Appeal

Regarding her cross-appeal, we find the trial court did not abuse its discretion when it denied Ms. Woods' CR 11 motion for attorney fees.
Page 601

CONCLUSION

Mr. Ivey and his firm are disqualified from representing Ms. Woods in this matter and the court's order denying Mr. Sanders' motion to disqualify is reversed. The summary judgment dismissal in favor of Ms. Woods is also reversed. The trial court's denial of Ms. Woods' motion for attorney fees is affirmed.

KATO, C.J. KURTZ, J., concur.

[fn1] Clerk's Papers at 979-81.

Copyright © 2005 Loislaw.com, Inc. All Rights Reserved