```
                                    FILED IN THE
                                U.S. DISTRICT COURT
                            EASTERN DISTRICT OF WASHINGTON

                                   MAR 10 2006

                              JAMES R. LARSEN, CLERK
                            _____ DEPUTY
                               RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff,<br><br>vs.<br><br>Impulse Marketing Group, Inc.,<br><br>Defendant, John Doe spammers 1-300, Jeffrey P. Goldstein, Kenneth Adamson, Phillip Huston | Case No.: CV-04-5125-FVS<br><br>THIRD-PARTY DEFENDANT'S ANSWER AND COUNTERCLAIMS AGAINST THIRD-PARTY PLAINTIFF<br><br>JURY TRIAL DEMANDED |

Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

v.

Robert L. Pritchett, Third-Party Defendant

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

## Introduction

I am a party to this action, because third-party plaintiff has created a ruse designed to intimidate me from testifying on Plaintiff's behalf. Other than a statement in another case (rule 26 discovery) there is no evidence of any scheme or involvement by me in terms of submitting names or information to web sites.

## Answer to Complaint

Third-party defendant denies each and every counterclaim in its entirety, except for publicly available information as to name, residence, and similar data.

## FIRST AFFIRMATIVE DEFENSE

Third-party plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Third-party plaintiff has engaged in overtly criminal acts, i.e. violations of state and federal laws in furtherance of the fraud as evidenced via its specious counterclaims and causes of action, below.

## THIRD AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by third-party plaintiff was caused by third-party plaintiff rather than third party defendant as third-party plaintiff hired and provided oversight for its agents – having the power

to hire and fire its agents, at will, as well as to change the terms of any contract extant between third-party plaintiff and its agents.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by Plaintiff in this action would violate the WA state's anti-slapp statute – thus rewarding the plaintiff for malicious prosecution.

## FIFTH AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by third-party plaintiff was caused by third-party plaintiff's deliberate or negligent acts as principal for the email marketing enterprise in which it is engaged.

## SIXTH AFFIRMATIVE DEFENSE

Third-party plaintiff has not suffered any damages due to third-party defendant's alleged actions in the Complaint. All alleged damages are speculative.

## SEVENTH AFFIRMATIVE DEFENSE

Third-party plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and third-party plaintiff should be estopped from bringing this lawsuit.

## FIRST CAUSE OF ACTION

**Source: U.S. CODE - TITLE 18, PART I, CHAPTER 73—1514 (c) et seq - OBSTRUCTION OF JUSTICE**

1  The matter before this Court is a civil not a criminal matter. However,
2  the behavior of the third-party plaintiff appears to be grounded in an
3  attempt to harass and intimidate potential witnesses – behavior which
4  would typically prompt a U.S. Attorney to investigate and perhaps file
5  criminal charges against the offending party.

7  Having no true basis on which to file counterclaims, third-party
8  plaintiff created a fictitious scenario wherein it became the victim of
9  some scheme. Initially, a Richland Police Officer, Lew Reed was alleged
10 to have been a part of this alleged scheme.

11 A deposition or interrogatories to each third-party defendant would
12 have been the civil and more productive route to information which may
13 or may not have been useful to third-party plaintiff. At this point, third-
14 party plaintiff has no more knowledge of third-party defendant's alleged
15 culpability than before the counterclaims were filed.

## SECOND CAUSE OF ACTION

**RCW 4.24.510** – The instant action by third-party plaintiff was filed in violation of Washington State's Anti-Slapp statute, which prevents civil defendants from filing lawsuits to punish those who have contacted, reported, or engaged a government official regarding the alleged civil or criminal misdeeds of a defendant or prospective defendant in a lawsuit.

Armed with only a suspicion or hint that there could be information helpful to its case, third-party plaintiff sued prospective witnesses to the underlying lawsuit.

## THIRD CAUSE OF ACTION

**Third-party plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and third-party plaintiff should be estopped from bringing this lawsuit.**

Third-party plaintiff's culpability in fraud and deceit had its origin in fraudulent offers for prizes made to third-party defendant. The fraudulent offers with the falsified headers – were sent by third-party plaintiff and/or its agents, if any. These fraudulent and deceitful actions have also manifested in terms of possible perjury by third-party plaintiff.

## FOURTH CAUSE OF ACTION

**RCW 9.58.010 - Libel, what constitutes.**

Every malicious publication by writing, printing, picture, effigy, sign[,] radio broadcasting or which shall in any other manner transmit the human voice or reproduce the same from records or other appliances or means, which shall tend: --

(1) To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social

intercourse; or ...

(3) To injure any person, corporation or association of persons in his or their business or occupation, shall be libel. Every person who publishes a libel shall be guilty of a gross misdemeanor.

Documents and commentary regarding the caption case above have appeared on web sites in American and Britain. The false allegations of Impulse have no bases is fact – no evidence has been presented to this Court pertaining to the veracity of said allegations. Nonetheless, these false statements have been circulated on two continents, and thus injuring plaintiff and third-party defendants in impermissible ways as to the violations of the instant libel statute.

## FIFTH CAUSE OF ACTION

**Permanent injunction – Impulse**, according to Internet watchdog, Spamhaus is a "Criminal spam gang", it is responsible for millions of spam via a network of "fly by night" operators. These operators rob web sites of email addresses and sell same on the open market an enterprise Impulse has admitted to doing. As these behaviors are contrary to the public good and are injurious to me, personally, a permanent injunction against using unverified opt-in email addresses, must be stopped.

## SIXTH CAUSE OF ACTION

**U.S. CODES TITLE 18, PART I, CHAPTER 96 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO).**

As a third-party defendant, pro se, I lack the legal wherewithal to make a case against Impulse Marketing Group for violations of the RICO statute above. However, I have seen indications that through the many Internet Protocol (IP) addresses and domains that they own or control, pornography is being promoted, fraudulent offers for goods are made to secure email addresses which can then be bought and sold for profit – even though these addresses are personally identifying information as indicated in the Identity Theft – RCW 9.35 statute in Washington State. Impulse has hired at least five criminal spam gangs (according to the International Spamhaus database) – these criminal spam gangs are well-known in the Internet community because legitimate Internet and Network Service Providers terminate their abusive operations a minimum of three consecutive times before the spam operation is listed in the Spamhaus database. The best known illegal spammer is Scott Richter, recently sued by Microsoft for $7 million. Impulse has hired Mr. Richter's criminal spam operation to send some of its email.

If there is a concept of "ill-gotten gains", that concept applies to the profits made by Impulse and its myriad co-conspirators, if any. See the scam which separates unsuspecting Internet users of their email addresses in the causes above.

Further, Impulse fails to acknowledge requests to unsubscribe to its illegal mailing schemes – thus illegally harassing the public with untold

millions of illegal emails.  **Impulse emails have become – an offer you can't refuse (to receive).**

## PRAYER

**WHEREFORE,** Third-Party Defendant prays that this Court:

1. Dismiss all counterclaims by third-party plaintiff.
2. Sanction Impulse Marketing Group for waste of judicial resources.
3. Award an equal amount to (the sanctioned amount) third-party defendant for the time and distress of having to defend a specious lawsuit.
4. Enjoin Impulse and its marketing partners from practices which violate laws as evidence, above.
5. Grant third-party defendant such other and further relief as the Court deems just and proper.

Dated this 10th day of March, 2006.

Robert L. Pritchett

Thayer Drive

Richland, WA 99354

509-210-0217

Dated this 10th day of March, 2006

_____
[signature: Robert L. Pritchett]

Certificate of Service

1  I, hereby, certify that on March 10, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan,
2  Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Jamila Gordon, and Emily Abbey by other means.
3
4  *[signature: Robt Zych Patchett]*