1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
5
   Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
10
   ROBERT SIEGEL
11 Attorney At Law
   Attorney for Plaintiff
12

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., | No. CV-04-5125-FVS |
| Plaintiff, | |
| vs. | DEFENDANT AND THIRD PARTY PLAINTIFF'S INITIAL MEMORANDUM RESPONSE TO THIRD PARTY PLAINTIFF'S MOTIONS TO COMPEL AND TO EXPEDITE |
| IMPULSE MARKETING GROUP, INC., | |
| Defendant | |
| _____ | AND |
| IMPULSE MARKETING GROUP, INC., | INITIAL MEMORANDUM RESPONSE TO THIRD PARTY DEFENDANT'S MOTION TO DISQUALIFY COUNSEL |
| Third-Party Plaintiff, | |
| vs. | |
| BONNIE GORDON, et al., | WITHOUT ORAL ARGUMENT |
| Third-Party Defendants. | |

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to
Disqualify - Page 1 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

## INTRODUCTION

Third Party Defendants Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed Motion to Compel or Amended Motion to Compel which incorporate within the body of the Motion to Compel a Motion to Disqualify Defendant Counsel Mr. Floyd E. Ivey.

Defendant and Third Party Plaintiff will move to bifurcate the Motion to Compel and the Motion to Disqualify.

## A. THIRD PARTY DEFENDANTS' MOTIONS TO COMPEL AND TO EXPEDITE

Third Party Defendants Mr. Pritchett and Mrs. Bonnie Gordon have noted Motions to Compel and to Expedite with hearings as early as March 9, 2006. The Court has denied Motions to Expedite and has set Mr. Pritchett's Motion to Compel for April 7, 2006 and Mrs. Bonnie Gordon's Motion to Compel for April 6, 2006.

Ms. Jamila Gordon has more recently noted a Motion to Compel for March 17, 2006 and a related Motion to Expedite for March 14, 2006.

All Third Party Defendants, other than James Gordon III, either unilaterally offered extensions for filing of Discovery Responses or agreed, on request, to extensions. All Responses were timely filed within the time allowed by such extensions. Responses to the Discovery from Mr. James Gordon III was served contemporaneously with a Motion for Extension of Time to File which is set for hearing in April.

Third Party Plaintiff has responded to all Third Party Defendant Discovery other than Discovery Propounded by Ms. Abbey which, as best judged by the envelope mailing stamp, was due on or about March 15, 2006. However, Ms. Abbey has communicated by email an extension of two weeks for responding by the Third Party Plaintiff.

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 2 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Specific issues of concern regarding the Motions to Compel by Mr. Pritchett, Mrs. Bonnie Gordon and Ms. Jamila Gordon include the following:

1. The Motions to Compel have not been preceded by the requisite discovery conference and no certificate of conferring is found in the Motions to Compel.

2. The Discovery, including Interrogatories and Requests for Production, is primarily directed to issues which would be of interest to the original Plaintiff herein, Mr. James Gordon.

3. The Discovery, including the Interrogatories and Requests for Production primarily do not address issues related to the allegations raised in Third Party Plaintiff's Complaint against the Third Party Defendants.

4. Plaintiff Mr. James Gordon purports to represent his adult children Ms. Jamila Gordon, Mr. Jonathan Gordon and Mr. James Gordon III via a Power of Attorney and has executed discovery for each of these individuals.

5. Third Party Defendants Mr. Pritchett, Ms. Jamila Gordon, Mr. Jonathan Gordon and Mr. James Gordon III have filed, without leave of Court, Additional Answer and Counterclaims against Third Party Plaintiff. The Counterclaims include RICO and Anti-SLAPP causes of action.

To the extent not rescheduled by the Court, Third Party Plaintiff Impulse requests that the Motions to Expedite be denied and that the Motions to Compel be consolidated for consideration on a single date in April.

B. THIRD PARTY DEFENDANTS' MOTIONS TO DISQUALIFY COUNSEL FOR DEFENDANT AND THIRD PARTY PLAINTIFF

Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed, on March 9, 2006,

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 3 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  pleadings which implicitly constitute Motions to Disqualify counsel Floyd E. Ivey.
2  EXHIBITS A AND B to Declaration of Ivey.
3      The matter of attorney Ivey having provided limited services to Mr. James
4  Gordon, in the past, was discussed with Mr. Gordon's Counsel, Mr. McKinley, at
5  the earliest time in this matter. Declaration of Ivey at page 2. No objection was
6  made.
7      Attorney McKinley, in an email argument, on November 2, 2005, regarding
8  Plaintiff Mr. Gordon's execution of documents on behalf of Third Party
9  Defendants, commented on his review of volumes of email between attorney Ivey
10  and Mr. Gordon relative to electronic mail cases. However, he advised that Mr.
11  Gordon declined to raise any question. The email of November 2, 2005 is
12  annexed as EXHIBIT C to the Declaration of Ivey.
13      Attorney Siegel, in a letter of February 23, 2006, advises of a pending bar
14  complaint by Mr. Gordon and a Motion to Disqualify by Mr. Siegel. Mr. Siegel's
15  letter is annexed as EXHIBIT G to the Declaration of Ivey.
16      These assertions of Disqualification follow Attorney Ivey's appearance in
17  the matters of Gordon v. Impulse, Gordon v. Ascentive and Gordon v. Efinancials,
18  LLC. As of March 12, 2006, more than 255 filings have been made in the
19  Impulse case with all filings on behalf of Impulse made by Ivey. In the Ascentive
20  case all filings for Ascentive have been made by attorney Ivey including the
21  Ascentive Motion to Dismiss for Lack of Jurisdiction. In the Efinancials LLC
22  case all filings have been made by Ivey including a successful motion to change
23  venue from Benton County State of Washington to King County. Filings in the
24  cases of Impulse, Ascentive and Efinancials are addressed at EXHIBITS D, E
25  AND F as annexed to the Declaration of Ivey.
26
27      <u>C.  LAW AND ARGUMENT REGARDING DISQUALIFICATION</u>
28      Third Party Defendants' Mrs Bonnie Gordon and Ms. Jamila Gordon's

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 4 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

references to Disqualification implicitly raise the issue of Disqualification of Attorney Ivey. The assertions bring into consideration Ethical Rule 1.9 which states the following:

> CONFLICT OF INTEREST; FORMER CLIENT
>
> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> **(a)** Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents in writing after consultation and a full disclosure of the material facts; or
>
> **(b)** Use confidences or secrets relating to the representation to the disadvantage of the former client, except as rule 1.6 would permit.

1. HAS THERE BEEN PRIOR REPRESENTATION BY IVEY

Has attorney Ivey represented Plaintiff James Gordon on issues relative to the issues of Impulse, Ascentive and or Efinancials? If representation did exist relative to issues of these cases, has the Plaintiff Waived the conflict? These issues are addressed by the Washington State Supreme Court and the Ninth Circuit.

The exchange of information between attorney Ivey and Mr. Gordon is suggested by Third Party Defendants and Mr. McKinley to be voluminous. However the email possessed by attorney Ivey indicates only a very limited exchange of general statements, in three email messages seen as EXHIBITS H, I AND J. The cases filed by Mr. Gordon, in Benton County Superior Court were filed Pro Se. There are only comments, not constituting evidence, found in the Motions by Mrs. Bonnie Gordon and Ms. Jamila Gordon in their Motions to Compel with reference to Disqualification.

Attorney Ivey also, early in this litigation, reviewed Benton County Superior Court filings by Mr. Gordon regarding Electronic Mail issues. The cases

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 5 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1 there reviewed are indicated by EXHIBITS K, L, M, N AND O as annexed to the
2 Declaration of Ivey. The cases did not suggest prior representation when reviewed
3 by attorney Ivey.

4     Limited contact, neither evidence that confidential information has been
5 obtained from Plaintiff Mr. Gordon nor used in litigation to affect a ruling, and
6 no evidence of prejudice leads to the conclusion that there has not been
7 representation of issues which constitute a violation of any Rule of Ethics. *First*
8 *Small Business Inv. Co. of California v. Intercapital,* 108 Wash.2d 324, 332 738
9 P.2d 263, 267 (1987).

10     The relevant test for disqualification is whether the former representation is
11 "substantially related" to the current representation. *Gas-A-Tron of Arizona v.*
12 *Union Oil Co. of California, 534 F.2d 1322, 1325 (9th Cir.)*, cert. denied, 429
13 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); *Westinghouse Electric Co. v. Gulf*
14 *Oil Corp.*, 588 F.2d 221, 223 (7th Cir. 1978); *Government of India v. Cook*
15 *Industries, Inc.*, 569 F.2d 737, 739 (2d Cir. 1978). The interest to be preserved by
16 preventing attorneys from accepting representation adverse to a former client is
17 the protection and enhancement of the professional relationship in all its
18 dimensions. It is necessary to preserve the value attached to the relationship both
19 by the attorney and by the client. These objectives require a rule that prevents
20 attorneys from accepting representation adverse to a former client if the later case
21 bears a substantial connection to the earlier one. *NCK Org'n Ltd. v. Bergman,* 542
22 F.2d 128 (2nd Cir. 1976). Substantiality is present if the factual contexts of the
23 two representations are similar or related. *Trone v. Smith* 621 F.2d 994, 998
24 (C.A.Cal., 1980).

25     Attorney Ivey asserts that there has been no representation of any issue of
26 interest in the cases of Impulse, Ascentive and or Efinancials. Attorney Ivey
27 asserts that there is no violation of Rule 1.9. or of any Rule of Ethics.

28

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 6 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## 2. DOES PLAINTIFF'S DELAY CONSTITUTE A WAIVER?

If prior representation is found has Plaintiff James Gordon waived the conflict? A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion. The court will not allow a litigant to delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after substantial preparation of a case has been completed. *First Small Business Inv. Co. of California v. Intercapital,* supra at 337; *Central Milk Producers Coop. v. Sentry Food Stores, Inc.,* 573 F.2d 988, 992 (8th Cir.1978).

In the instant matter of Impulse, the matter of conflict was discussed between attorney Ivey and Plaintiff's Counsel McKinley in likely January, 2005. Mr. Gordon was aware of Mr. Ivey. Mr. Ivey then appeared and litigated in Impulse, Ascentive and Efinancials. Delay alone is a basis to find waiver and is sufficient is sufficient for the Court to deny a Motion to Disqualify. *First Small Business* at 337.

The moving parties had reason to know of the existence of the basis for the potential disqualification for 14 months before they filed their disqualification motion. Substantial litigation has occurred in the three cases of Impulse, Ascentive and Efinancials. A failure to act promptly in filing a motion for disqualification may warrant denial of a motion. *First Small Business* at 337; *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 244, 629 P.2d 231 (1980) (and cases cited therein); *First Small* also cited at by *Ellwein v. Hartford Acc. and Indem. Co.* 142 Wash.2d 766, 778 15 P.3d 640 (Wash.,2001).

The former client may expressly or impliedly waive his objection and consent to the adverse representation by failing to object within a reasonable time. *Trone v. Smith,* 621 F.2d 994, 998-999 (9th Cir.1980); *Trust Corporation of America v. Piper Aircraft Corporation,* 701 F.2d 85, 87-88 (9th Cir.1983).

It is well settled that a former client who is entitled to object to an attorney

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 7 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  representing an opposing party on the ground of conflict of interest but who
2  knowingly refrains from asserting it promptly is deemed to have waived that right.
3  *Central Milk Producers Co-op v. Sentry Food Stores,* 573 F.2d 988, 992 (CA8
4  1978); *Redd v. Shell Oil Co.,* 518 F.2d 311, 315 (CA10 1975). The record in this
5  case is clear that if prior representation existed that Gordon knew of the
6  representation at the commencement of representation relative to the three cases of
7  Impulse, Ascentive and Efinancials.  Under these circumstances Gordon's failure
8  to object within a reasonable time, coupled with the long delay in filing a motion
9  to disqualify, constitute a *de facto* consent to the continued representation of these
10 Defendants by Ivey. *Trust Corp. of Montana v. Piper Aircraft Corp.* 701 F.2d 85,
11 87-88 (C.A.Mont.,1983).

### D.  PRIOR CASE OF SANDERS V. WOODS

14      Mrs. Bonnie Gordon's Amended Motion to Compel and for Sanctions and
15 Affidavit re: Discovery, attached as EXHIBIT A to the Declaration of Ivey, has
16 appended the Washington Court of Appeals case of Sanders v. Woods 121 Wn.
17 App. 593(2004) wherein attorney Ivey and his firm were disqualified.  The case of
18 Sanders v. Woods is irrelevant to the question of disqualification in the instant
19 matter except for is assistance as legal authority.  The facts of the present Gordon
20 cases against Impulse, Ascentive and Efinancials, as they relate to
21 Disqualification, stand alone and apart from the facts of Sanders v. Woods.
22      However, the matter of Disqualification in Sanders v. Woods was, following
23 20 plus hours of research by attorney Ivey re: disqualification issues, argued twice
24 before the Honorable Benton-Franklin County Superior Court Judge Craig
25 Matheson.  Judge Matheson denied the Motion to Disqualify.  Thereafter the case
26 was dismissed on Defendant's Motion for Summary Judgment.  On appeal
27 Plaintiff included the issue of Disqualification and the Dismissal was reversed
28 with attorney Ivey and the firm disqualified.

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 8 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    Plaintiff Mr. Sanders had filed a complaint with the Washington State Bar
2 Association and the WSBA case investigation had covered all materials and
3 individuals having awareness of the case. The WSBA was prepared to dismiss the
4 bar complaint prior to Plaintiff's Appeal. The WSBA then suspended its
5 considerations until the conclusion of the Appeal. Following the decision by the
6 Court of Appeals the WSBA Dismissed the Complaint. The Dismissal is
7 appended to the Declaration of Ivey as EXHIBIT P.

### E.  PRO SE THIRD PARTY DEFENDANTS AND REPRESENTATION BY PLAINTIFF MR. JAMES GORDON

11    The Third Party Defendants are not represented by counsel. Third Party
12 Defendants Jamila Gordon, Jonathan Gordon and James Gordon III assert that
13 they have granted Powers of Attorney to their father, Plaintiff Mr. James Gordon,
14 and that all contact regarding these Third Party Defendant's must be via Plaintiff.
15 Defendant counsel has advised Plaintiff counsel that there will be no direct contact
16 by counsel for Defendant with the Plaintiff Mr. Gordon. The assertion of such
17 role, on the part of Plaintiff Mr. Gordon is seen recently in the Motion to Compel
18 of Ms. Jamila Gordon found at EXHIBIT B. The matter of Mr. Gordon's role is
19 described by former counsel Mr. McKinley at EXHIBIT C.

20    The discovery propounded by Third Party Defendants Ms. Jamila Gordon,
21 Mr. Jonathan Gordon and Mr. James Gordon III are all signed by Plaintiff Mr.
22 James Gordon. The interrogatories and Requests for Production primarily do not
23 address causes of action against the Third Party Defendants but rather as broad
24 reaching inquiries into Impulse.

25    The Motion to Compel of Ms. Jamila Gordon, bearing the assertion of
26 Disqualification of attorney Ivey, is signed by Plaintiff Mr. James Gordon.

27    Plaintiff Mr. James Gordon's assistance to these Third Party Defendants
28 appears to extend beyond the mere service and filing of pleadings and gives an

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 9 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  appearance of Legal Representation.  The broad scope of the interrogatories and
2  Requests for Production, from these Third Party Defendants, combined with the
3  Motions to Compel without compliance with Court Rules and with the implicit
4  Motion to Disqualify, is suggestive of at least Discovery Abuse.

5  The insertion of a Motion to Disqualify within a Motion to Compel, brought
6  fourteen months following commencement of representation in the Impulse matter
7  and following appearance, by attorney Ivey in the Ascentive and Efinancials cases,
8  suggests a litigation strategy to impede the opposing party by removal of counsel.
9  Court's have recognized that the filing of a motion to disqualify is a tool which
10 can deprive the opponent of counsel of the opponent's choice and that such is of
11 concern specifically when substantial preparation of a case has been completed.
12 *First Small Business Inv. Co. of California v. Intercapital,* supra at 337; *Central*
13 *Milk Producers Coop. v. Sentry Food Stores, Inc.,* 573 F.2d 988, 992 (8th
14 Cir.1978).

15 Defendant and Third Party Plaintiff anticipates filing Motions to bifurcate
16 the Motion to Compel from the Motions to Disqualify and to argue abuse of
17 discovery and other remedies.  Since receipt of the letter from attorney Mr. Siegel,
18 EXHIBIT G, attorney Ivey has expended 12 hours in research and drafting this
19 Response, the Declaration of Ivey and in the assembly of Exhibits in support of
20 this Response.  This time is charged at $265/hour.  Defendant will make
21 appropriate arguments re: sanctions as these motions are heard.

23 CONCLUSION

25 The Motion to Disqualify should be denied.

28 DATED this 13th day of   March, 2006.

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 10 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

**LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE**

**s/ FLOYD E. IVEY**
**Floyd E. Ivey, WSBA #6888**
**Attorneys for the Defendant Impulse**

I hereby certify that on March 13, 2006, I electronically filed **Defendant's Initial Response to Third Party Defendant's Motions to Compel and to Third Party Defendants' Motion to Disqualify** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel, Peter J. Glantz and Sean A. Moynihan. I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily Abbey and Jamila Gordon.

S/ FLOYD E. IVEY
FLOYD E. IVEY

Defendant/ThirdPtyPlaintiff ResMtnCompel and Motion to Disqualify - Page 11 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581