1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
5
   Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
10
   ROBERT SIEGEL
11 Attorney At Law
   1325 Fourth Avenue, Suite 940
12 Seattle, WA 98101-2509
   Attorney for Plaintiff
13

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., ) | No. CV-04-5125-FVS |
| Plaintiff, ) | |
| vs. ) | DECLARATION OF FLOYD E. IVEY RE: ISSUES OF |
| IMPULSE MARKETING GROUP, ) INC., ) | DISQUALIFICATION; INITIAL RESPONSE |
| Defendant ) | |
| _____ ) | WITHOUT ORAL ARGUMENT |
| IMPULSE MARKETING GROUP, ) INC., ) | |
| Third-Party Plaintiff, ) | |
| vs. ) | |
| BONNIE GORDON, et al., ) | |
| Third-Party Defendants. ) | |

ATTORNEY FLOYD E. IVEY'S DECLARATION RE: ISSUES OF

---

Declaration Ivey re: Disqualification - Page 1 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## DISQUALIFICATION

I am local Counsel for Impulse Marketing Group, Inc. (hereafter Impulse) in the above entitled matter. I appeared for the Defendant on January 26, 2005.

Mrs. Bonnie Gordon and Ms. Jamila Gordon have filed, on March 9, 2006, pleadings which implicitly constitute Motions to Disqualify counsel Floyd E. Ivey.

Mrs. Bonnie Gordon filed, on March 9, 2006, a pleading entitled "Amended Motion to Compel and For Sanctions and Affidavit re: Discovery." Mrs. Gordon, commencing at Page 2, addresses acts of Floyd E. Ivey which she deems to violate ethical obligations of counsel. ATTACHED AS EXHIBIT A, pages 10-20.

Ms. Jamila Gordon's pleading is entitled Third-Party Defendant Jamila Gordon's Motion to Compel and for Sanctions and Affidavit re: Discovery. Ms. Jamila Gordon, commencing at the bottom of page 2 recites prior representation of Mr. James Gordon, by counsel Floyd E. Ivey, and asserts that Mr. James Gordon "...discussed and corresponded about suing spammers - an apparent breach of ethics Mr. Ivey - I have copies of the 15 or more emails between Mr. Ivey and my father." ATTACHED AS EXHIBIT B, pages 21-29.

## PRIOR SERVICES TO MR. GORDON BY ATTORNEY FLOYD E. IVEY

I was initially contacted by attorneys Mr. Sean Moynihan and or Mr. Peter Glantz, attorneys for Impulse in approximately November or December, 2004. I advised that I knew Mr. James Gordon and had assisted briefly in matters wholly unrelated to electronic mail issues. I also advised that Mr. Gordon had contacted me regarding electronic mail issues but that I had not assisted Mr. Gordon relative to electronic mail.

In approximately December 2004 or January 2005 I contacted attorney Mr. Douglas McKinley, Jr., counsel for Mr. Gordon in the Impulse matter, and told him that I had been requested to be local counsel in the Impulse defense, that I had known Mr. James Gordon and had assisted him in matters unrelated to electronic

Declaration Ivey re: Disqualification - Page 2 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  mail.

2  I also told Mr. McKinley that Mr. Gordon had contacted me, in
3  approximately 2003, requesting assistance regarding electronic mail. I told Mr.
4  McKinley that I had not assisted Mr. Gordon regarding electronic mail.

5  I asked attorney Mr. McKinley to determine and advise if there was any
6  contention of a conflict. Mr. McKinley, within a short time, advised that Mr.
7  Gordon did not object to my appearance on behalf of Impulse.

8  I subsequently also appeared as defense in the matter of Gordon v.
9  Ascentive, Eastern District of Washington, CV 05-0579-FVS and as local counsel
10 Gordon v. Efinancials, LLC, Benton County Case 05-2-01489-7.

11

12 ASSISTANCE TO MR. GORDON UNRELATED TO ELECTRONIC MAIL

13 Matters where contact occurred between attorney Ivey and Mr. James
14 Gordon included the following:

15 1. providing, in likely May 2002, a blank Confidentiality Agreement to Mr.
16 Gordon with the name "MEDIA LOGIC" indicated. I do not find a file related to
17 this issue but solely a computer file copy of the in blank CDA;

18 2. on May 3, 2002 I received an email from Mr. Gordon regarding the
19 patenting process. I have not assisted Mr. Gordon re: patenting;

20 3. in an email response to Mr. Gordon on May 3, 2002, I noted his use of a
21 Trademark and commented that this raised trademark issues. I do not find that I
22 provided any Trademark Services to Mr. Gordon;

23 4. email of 7/16/02, 8/28/02, 11/2/02 and 11/19/02 regarded his business
24 with Dancing Wolf, Inc. I do not find that any action was taken.

25 I do not find that files were opened for these matters. My assistance to Mr.
26 Gordon, re: these matters, was minimal.

27

28 CONTACTS BY MR. GORDON REGARDING ELECTRONIC MAIL

Declaration Ivey re: Disqualification - Page 3 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    Separately I recalled receiving email from Mr. Gordon re: his irritation with
2    the receipt of electronic mail messages.  I recalled advising Mr. Gordon that I was
3    not interested in assisting him relative to electronic mail issues.  I reviewed files
4    and did not find any file opened relative to any electronic mail issue.  I reviewed
5    email and did not find email from or to Mr. Gordon re: the issues of electronic
6    mail.

8    <u>DISQUALIFICATION SUGGESTED BY PLAINTIFF COUNSEL MCKINLEY</u>
9    On November 2, 2005, I advised Mr. McKinley, by email, that Mr. James
10    Gordon was signing pleadings on behalf of Third Party Defendants, that it
11    appeared that Mr. James Gordon was representing the Third Party Defendants, that
12    this matter had been discussed between attorney Ivey and McKinley and that the
13    Defendant counsel would have no direct contact with Plaintiff Mr. James Gordon.
14    In a series of email, annexed hereto as EXHIBIT C, pages 30-34, Mr.
15    McKinley stated that Mr. Gordon was not representing his children.  I persisted
16    indicating that Defendant required full mailing addresses for the Third Party
17    Defendants and that it appeared that Mr. Gordon was representing the parties in
18    Federal Court.
19    Mr. McKinley responded, refuting representation by Mr. Gordon, and, in a
20    second paragraph which I initially overlooked, stated that:
21    "...You should appreciate this, as it helps move this case toward a
22    resolution, and your suggestion that this constitutes providing legal
23    representation" is ridiculous.  <u>However, if you really want to discuss what</u>
24    <u>constitutes "providing legal representation," lets' start with the voluminous</u>
25    <u>correspondence between you and Mr. Gordon, where you and he discussed</u>
26    <u>the same emails and the same companies that form the basis for Mr.</u>
27    <u>Gordon's complaint, prior to you entering an appearance for the other side."</u>
28    Mr. McKinley's comment is found in EXHIBIT C, pages 30-34, in the email

Declaration Ivey re: Disqualification  - Page 4 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  of November 2, 2005 at 3:27 p.m.

3  At 5:51 p.m. November 2, 2005, I noted the comment and responded to Mr.
4  McKinley stating in part: "Let's immediately address this comment".

5  I summarized my assistance to Mr. Gordon. I noted that Mr. Gordon had
6  sent email to me regarding electronic mail issues and that I had declined to assist.
7  At the time of this email on November 2, 2005, I found no email or files relating to
8  electronic mail issues. I so advised Mr. McKinley following a review of files and
9  email over a period of approximately two hours. I reminded Mr. McKinley that
10 the issue of conflict had been raised with Mr. McKinley at the earliest time of my
11 involvement and that Mr. McKinley had indicated no objection to my appearance
12 for Impulse. These comments are seen at EXHIBIT C, pages 30-34.

13 On November 2, 2005, at 7:29 p.m. Mr. McKinley responded, indicated a
14 difference of recollection but confirmed that "...Mr. Gordon has indicated that it is
15 his present desire is to bring IMG to account for their actions, not to cause you
16 problems in your law practice. Accordingly, I have not raised any further concern.
17 Parenthetically, Mr. Gordon has shown me email traffic back and forth between
18 Mr. Gordon and you related to initiating a spam suit against CMG, including
19 emails from you to Mr. Gordon. Based on my renew of this correspondence and
20 your representations below, it would appear to me that your records are
21 incomplete." As seen in EXHIBIT C, pages 30-34, I forwarded the exchange of
22 EXHIBIT C, pages 30-34, to my co-counsel Mr. Moynihan and Mr. Glantz.

24 Mr. McKinley's comments were made approximately 11 months following
25 my appearance in the Impulse Case. The activity, by November 2, 2005, in the
26 Impulse case, the Ascentive Case and the Efinancials LLC case were as follows:
27 1. Impulse - one-hundred forty-nine (149) filings had been made in Impulse
28    with attorney Ivey making all of the Impulse filings. (ATTACHED AS

Declaration Ivey re: Disqualification - Page 5 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    EXHIBIT D, pages 35-50)

2    2. Ascentive - By November 3, 2005, ten (10) filings including the

3    Ascentive Motion to Dismiss for lack of Jurisdiction. (ATTACHED AS

4    EXHIBIT E, pages 51-54)

5    3. Efinancials LLC - by October 25, 2005 filings including Defendant's

Motion to Change Venue. (This Motion has been granted and the case will be

transferred to King County). (ATTACHED AS EXHIBIT F, pages 55-58)

DISQUALIFICATION RAISED BY PLAINTIFF COUNSEL SIEGEL

By letter of February 24, 2006, substituting Counsel, Mr. Robert Siegel, raised disqualification. Mr. Siegel's letter is annexed hereto as EXHIBIT G, pages 59-60. Mr. Siegel suggests a bar grievance and a Motion to Disqualify.

Upon receipt of Mr. Siegel's letter I again spent some 5 hours reviewing email in archived Inbox and Sent email. There I found three email message interchanges with Mr. Gordon relative to electronic email issues. These three messages are annexed hereto as

1. EXHIBIT H, pages 61-63 -. Email September 22, 2003 from Gordon at 8:15 a.m. and to Gordon at 10:29 a.m.

2. EXHIBIT I, pages 64-65 - Email September 22, 2003 from Gordon at 3:19 p.m. transmitting Mr. Gordon's letter to the Attorney General and to Gordon from Ivey at 8:20 a.m. on September 23, 2003.

3. EXHIBIT J, pages 66-69 - Email September 25, 2003 from Gordon at 9:09 a.m. and to Gordon from Ivey at 9:38 a.m.

In EXHIBIT J, pages 66-69, I advised Mr. Gordon that I was not interested in assisting in his electronic mail issues. I advised that Attorneys General would likely be pursuing such cases and encouraged him to seek other routes.

I did not find any particular Defendant identified in Mr. Gordon's email. Ms. Jamila Gordon, in her "Disqualifying Remarks" states that she has 15 or more

Declaration Ivey re: Disqualification - Page 6 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

emails between Ivey and Gordon. I find 16 emails to and from Gordon. All other than the above three concern matters unrelated to electronic mail. The issues to which remaining email relates are summarized in my email exchange with Mr. McKinley on November 2, 2005 and found here as EXHIBIT C, pages 30-34.

OTHER RESEARCH PRIOR TO COMMENCING REPRESENTATION

Co-counsel, Mr. Moynihan or Mr. Glantz told me that Mr. Gordon had filed cases in Benton County alleging violations of RCW 19.190 relative to electronic mail. After my discussion with Mr. McKinley and my association with co-counsel for the Defense of Impulse, I reviewed Mr. Gordon's cases at the Benton County Superior Court which I believe to be limited to the following:

1. Gordon v. Commonwealth Marketing Group, Benton County Case No. 03-2-02677-5 filed December 15, 2003; Removed to Federal Court Eastern District, Washington, 04-cv-05003-AAM; ANNEXED AS EXHIBIT K, pages 70-71.

2. Gordon v. American Homeowners Association, Benton County Case No. 03-2--02647-3 filed on or about December 10, 2003; ANNEXED AS EXHIBIT L, pages 72-74.

3. Gordon v. Ayanian, Benton County Case No. 03-2-02728-3, date of filing unknown.    ANNEXED AS EXHIBIT M, pages 75-82.

4. Gordon v. Theodore Hansson Company, Benton Case No. 03-2-02676-7; date of filing unknown; ANNEXED AS EXHIBIT N, pages 83-84, and

5. Gordon v. Kane, Benton Case No. 03-2-02729-1, date of filing unknown. ANNEXED AS EXHIBIT O, page 85.

Mr. James Gordon appears to have initially filed pro se in each of these cases. In the matter of Commonwealth Marketing Group attorney Mr. McKinley filed, on behalf of Mr. Gordon, a First Amended Complaint on June 24, 2004. The review of these cases did not reveal Parties or issues familiar to me. I had no

Declaration Ivey re: Disqualification - Page 7 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1 reaction of familiarity with the cases and do not believe that they were ever
2 discussed between attorney Ivey and Mr. Gordon.

SANDERS V. WOODS

In the matter of Sanders v. Woods, attorney Ivey appeared for Defendant Woods. Plaintiff moved to Disqualify. I researched disqualification issues for 20 plus hours and submitted multiple memorandum opposing the Motion. The matter was argued twice before the Honorable Benton-Franklin County Superior Court Judge Craig Matheson. Judge Matheson denied the Motion to Disqualify. Thereafter the case was dismissed on Defendant's Motion for Summary Judgment. On appeal Plaintiff included the issue of Disqualification and the Dismissal was reversed with attorney Ivey and the firm disqualified. This law office and I did not realize a path of appeal with the Disqualification and additionally viewed an appeal as detrimental to the client. The case was immediately refered to Kennewick Attorney Mr. John Schultz. My Schultz was told by counsel for Mr. Sanders that Mr. Sanders had conferred with Mr. Schultz regarding the case and that he was disqualified. Mr. Schultz did not recall such consultation but proceeded to refer the case elsewhere. Attorney Mr. Schultz contact the Firm of Rettig, Osborne of Kennewick and learned that Mr. Sanders had consulted with that firm. The case was eventually handled by Kennewick attorney Mr. Fauarolt. The case was set for an early trial and counsel for Plaintiff dismissed the case at the time of trial. I understand that there was no settlement.

Plaintiff Mr. Sanders had filed a complaint with the Washington State Bar Association and the WSBA case investigation had covered all materials and individuals having awareness of the case prior to Plaintiff's appeal. The WSBA was prepared to dismiss the bar complaint prior to Plaintiff's Appeal. The WSBA then suspended its considerations until the conclusion of the Appeal. Following

Declaration Ivey re: Disqualification - Page 8 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

the decision by the Court of Appeals the WSBA Dismissed the Complaint. The Dismissal is appended to the Declaration of Ivey as EXHIBIT P, pages 86-87.

RESPONDING TO MOTION TO DISQUALIFY

Counsel Ivey has expended 12 hours in research and drafting of Defendant's and Third Party Plaintiff's Initial Response to Third Party Defendants' Mrs. Bonnie Gordon and Ms. Jamila's Motion to Disqualify. The rate charged for this effort is $265/hour which is a reasonable fee for effort required to address the issues asserted re: Disqualification.

I certify and declare, under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct. Signed at Kennewick, Washington.

DATED this 13th day of March, 2006.

**LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE**

**s/ FLOYD E. IVEY**
**Floyd E. Ivey, WSBA #6888**
**Attorneys for the Defendant Impulse**

I hereby certify that on March 13, 2006, I electronically filed **Declaration of Floyd E. Ivey regarding Issues of Disqualification** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel, Peter J. Glantz and Sean A. Moynihan. I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily Abbey and Jamila Gordon.

S/ FLOYD E. IVEY
FLOYD E. IVEY

Declaration Ivey re: Disqualification - Page 9 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581