FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 13 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff,<br><br>vs.<br><br>Impulse Marketing Group, Inc.,<br><br>Defendant, John Doe spammers 1-300, Jeffrey P. Goldstein, Kenneth Adamson, Phillip Huston | Case No.: CV-04-5125-FVS<br><br>THIRD-PARTY DEFENDANT'S ANSWER AND COUNTERCLAIMS AGAINST THIRD-PARTY PLAINTIFF<br><br>JURY TRIAL DEMANDED |

Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

v.

Emily Abbey, Third-Party Defendant

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

## Introduction

I am a party to this action. Impulse has created a mis-direction or ruse designed to intimidate me from testifying on Plaintiff's behalf. Other than a statement in another case (rule 26 discovery), there is no evidence of any scheme or involvement by me in terms of submitting names or information to web sites.

## Answer to Complaint

Third-party defendant denies each and every counterclaim in its entirety, except for publicly available information as to name, residence, and similar data.

## FIRST AFFIRMATIVE DEFENSE

Third-party plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Third-party plaintiff has engaged in overtly criminal acts, i.e. violations of state and federal laws in furtherance of the fraud as evidenced via its specious counterclaims.

## THIRD AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by third-party plaintiff was caused by third-party plaintiff rather than third party defendant as third-party plaintiff hired and provided oversight for its agents – having the power

to hire and fire its agents, at will, as well as to change the terms of any contract extant between third-party plaintiff and its agents.

## FOURTH AFFIRMATIVE DEFENSE

The relief sought by third-party plaintiff in this action would violate the WA state's anti-slapp statute – thus rewarding the Impulse for malicious prosecution.

## FIFTH AFFIRMATIVE DEFENSE

Any loss, injury, or damage incurred by third-party plaintiff was caused by third-party plaintiff's deliberate or negligent acts as principal for the email marketing enterprise in which it is engaged.

## SIXTH AFFIRMATIVE DEFENSE

Third-party plaintiff has not suffered any damages due to third-party defendant's alleged actions in the Complaint. All alleged damages are speculative and prospective.

## SEVENTH AFFIRMATIVE DEFENSE

Third-party plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and third-party plaintiff should be estopped from bringing this lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

Impulse has continued to send illegal, unwanted emails sixteen months after the initial lawsuit was filed against it – negating its claim of res judicata as new claims are established with each new email.

## NINTH AFFIRMATIVE DEFENSE

Third-party plaintiff has Vicarious Liability for the acts of agents, if any.

## FIRST CAUSE OF ACTION

**Source: U.S. CODE - TITLE 18, PART I, CHAPTER 73—1514 (c) et seq - OBSTRUCTION OF JUSTICE**

The matter before this Court is a civil not a criminal matter. However, the behavior of the third-party plaintiff appears to be grounded in an attempt to harass and intimidate potential witnesses – behavior which would typically prompt a U.S. Attorney to investigate and perhaps file criminal charges against the offending party – if this were a criminal proceeding.

Having no true basis on which to file counterclaims, third-party plaintiff created a fictitious scenario wherein it became the victim of some scheme. Initially, a Richland Police Officer, Lew Reed was alleged to have been a part of this alleged scheme.
A deposition or interrogatories to each third-party defendant would have been the civil and more productive route to information which may

or may not have been useful to third-party plaintiff. At this point, third-party plaintiff has no more knowledge of third-party defendant's alleged culpability than before the counterclaims were filed.

## SECOND CAUSE OF ACTION

**Source: U.S. CODE - TITLE 18, PART I, CHAPTER 47 § 1037**

**Fraud and related activity in connection with electronic mail.**

> **(a) In General.** — Whoever, in or affecting interstate or foreign commerce, knowingly—
> **(3)** materially falsifies header information in multiple commercial electronic mail messages and intentionally initiates the transmission of such messages,
> **(4)** registers, using information that materially falsifies the identity of the actual registrant, for five or more electronic mail accounts or online user accounts or two or more domain names, and intentionally initiates the transmission of multiple commercial electronic mail messages from any combination of such accounts or domain names,

In addition to violating RCW 19.190 et seq, third-party plaintiff simultaneously violates the instant federal statute.

## THIRD CAUSE OF ACTION

**RCW 4.24.510** – The instant action by third-party plaintiff was filed in violation of Washington State's Anti-Slapp statute, which prevents civil defendants from filing lawsuits to punish those who have contacted, reported, or engaged a government official regarding the alleged civil or criminal misdeeds of a defendant or prospective defendant in a lawsuit.

Armed with only a suspicion or hint that there could be information helpful to its case, third-party plaintiff sued prospective witnesses to the underlying lawsuit.

## FOURTH CAUSE OF ACTION

**RCW 9.35.005 – Identity Theft**

(3) "Means of identification" means information or an item that is not describing finances or credit but is personal to or identifiable with an individual or other person, including: … an electronic address, or identifier of the individual or a member of his or her family…

A Whois look-up of the Internet domain, "gordonworks.com" indicates that the owner of the domain is James S. Gordon, Jr., at the address 9804 Buckingham Drive, Pasco, Washington 99301. Therefore, the electronic address is personal to or identifiable with an individual.

Third-party plaintiff and its agents appropriated my intellectual or personal property, the electronic address and domain, which it used without my permission. My email addresses are being bought and sold on the Internet by spammers – most of whom use the addresses illegally to spam the general public. Impulse has admitted to buying and selling "profiles", a euphemism for someone else's identity.

## FIFTH CAUSE OF ACTION

**RCW 10.14 - Harassment**

The Plaintiff, James S. Gordon, Jr. (as my ISP) has sent over ten thousand separate and distinct email complaints to various public and private entities to stop the flow of illegal spam to my mailboxes. However, making an email address known to spammers only increases the spam that one receives as the communication with the spammer only serves to validate the existence of a live email address. Third-party plaintiff and similar spammers have rendered my mailboxes unusable.

## SIXTH CAUSE OF ACTION

**Chapter 19.170 RCW -Promotional advertising of prizes**

Impulse and its agents violated this statute by falsely advertising prizes without meeting the statutory requirements for such ads and by not fulfilling its obligations of providing the prizes claimed to have been won for Plaintiff and Third Party Defendant(s).

## SEVENTH CAUSE OF ACTION

**RCW 18.86.090 - Vicarious liability.**

(1) A principal is not liable for an act, error, or omission by an agent or subagent of the principal arising out of an agency relationship:

(a) Unless the principal participated in or authorized the act, error, or omission; or

(b) Except to the extent that: (i) The principal benefited from the act, error, or omission; and (ii) the court determines that it is highly probable that the claimant would be unable to enforce a judgment against the agent or subagent.

1 Third-party plaintiff both participated in and authorized the sending of
2 emails by its sub-contractors, if any. Third-party contractor is in the
3 business of sending emails (marketing). And third-party plaintiff
4 benefited, financially, from the sending of emails and the buying and
5 selling of email addresses, aka subscriber profiles.

6 Professor Reinier H. Kraakman, *Professor of Law, Harvard Law School*
7 In an article entitled "Vicarious and Corporate Civil Liability" (1999),
8 said, "principals are jointly and severally liable for the wrongs
9 committed within the 'scope of employment' by agents whose behavior
10 they have the legal right to control". These agents did what they
11 contracted to do - send emails. However, the structure of the emails in
12 terms of the transmission path, valid return addresses, etc. violated
13 both state and federal law. **Impulse has Vicarious Liability for the**
14 **acts of agents.**

## EIGHTH CAUSE OF ACTION

**RCW 9A.60.040 - Criminal impersonation in the first degree.**
(1) A person is guilty of criminal impersonation in the first degree if the person:

(a) Assumes a false identity and does an act in his or her assumed character with intent to defraud another or for any other unlawful purpose; or

(b) Pretends to be a representative of some person or organization or a public servant and does an act in his or her pretended capacity with intent to defraud another or for any other unlawful purpose.

Impulse and its marketing agents, if any, have melded their respective identities before this Court. As such, Impulse has defrauded me by offering free products and enticing my sign-up at web sites, which were brought to my attention via illegal email. These false identities are the "aliases" used in the "From" field of the email – scores were used to deceive recipients of email from discovering the sender's true identity.

Impulse and/or its agents, if any, subsequently failed to send me any of the many free gifts that I supposedly had won. The illegal email, the subject of the underlying lawsuit, was part of a ruse or scam to secure email addresses by Impulse - that it could sell to others including pornographers, illegal drug purveyors, and other illegal schemes.

## NINTH CAUSE OF ACTION

**Third-party plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and third-party plaintiff should be estopped from bringing this lawsuit.**

Third-party plaintiff's culpability in fraud and deceit had its origin in fraudulent offers for prizes made to third-party defendant. As a result of these fraudulent offers, James S. Gordon, Jr., with my foreknowledge used an email address "assigned" to me to test the validity of the offer. The fraudulent offers with the falsified headers were sent by third-party plaintiff and/or its agents, if any. These fraudulent and deceitful

predilections have also manifested in terms of possible perjury by third-party plaintiff.

## TENTH CAUSE OF ACTION

**RCW 9.58.010 - Libel, what constitutes.**

Every malicious publication by writing, printing, picture, effigy, sign, radio broadcasting or which shall in any other manner transmit the human voice or reproduce the same from records or other appliances or means, which shall tend: --

(1) To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or ...

(3) To injure any person, corporation or association of persons in his or their business or occupation, shall be libel. Every person who publishes a libel shall be guilty of a gross misdemeanor.

Documents and commentary regarding the caption case above have appeared on web sites in American and Britain. The false allegations of Impulse have no bases in fact – no evidence has been presented to this Court pertaining to the veracity of said allegations. Nonetheless, these false statements have been circulated on two continents, and thus injuring plaintiff and third-party defendants in impermissible ways as to the violations of the instant libel statute.

## ELEVENTH CAUSE OF ACTION

# U.S. CODES TITLE 18, PART I, CHAPTER 96 - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO).

As a third-party defendant, pro se, I lack the legal wherewithal to make a case against Impulse Marketing Group for violations of the RICO statute above. However, I have seen indications that through the many Internet Protocol (IP) addresses and domains that they own or control, pornography is being promoted, fraudulent offers for goods are made to secure email addresses which can then be bought and sold for profit – even though these addresses are personally identifying information as indicated in the Identity Theft – RCW 9.35 statute in Washington State. Impulse has hired at least five criminal spam gangs (according to the International Spamhaus database) – these criminal spam gangs are well-known in the Internet community because legitimate Internet and Network Service Providers terminate their abusive operations a minimum of three consecutive times before the spam operation is listed in the Spamhaus database. The best known illegal spammer is Scott Richter, recently sued by Microsoft for $7 million. Impulse has hired Mr. Richter's criminal spam operation to send some of its email.

If there is a concept of "ill-gotten gains", that concept applies to the profits made by Impulse and its myriad co-conspirators, if any. See the scam which separates unsuspecting Internet users of their email addresses in the causes above.

Further, Impulse fails to acknowledge requests to unsubscribe to its illegal mailing schemes – thus illegally harassing the public with untold millions of illegal emails.

**Impulse emails have become – an offer you can't refuse (to receive).**

## TWELFTH CAUSE OF ACTION

**Violations of the Can-Spam Act of 2003** [15 U.S.C. §7705]

Impulse, through its illegal network of alleged identity appropriators, has begun to appropriate an email address at my personal domain, "ehahome.com". Please take note that the last time that an address bearing my name was submitted to Impulse, the spam that was received increased more than what it was prior to disclosure.

## THIRTEENTH CAUSE OF ACTION

**RCW 19.190 et seq**
Impulse is sending spam to my domain in violation of this statute.

Impulse and/or its agents continue to 1) use a third party's internet domain name without permission of the third party 2) or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message 3) or send email which contains false or misleading information in the subject line.

## FOURTEENTH CAUSE OF ACTION

**RCW 19.86** – Violations of RCW 19.190 et seq are per se violations of RCW 19.86, the Consumer Protection Act.

## FIFTEENTH CAUSE OF ACTION

**Permanent injunction** – According to Internet watchdog, Spamhaus, Impulse Marketing Group, Inc. is a "criminal spam gang." Impulse is responsible for millions of spam via a network of "fly by night" operators. These operators rob web sites of email addresses and sell same on the open market, an enterprise that Impulse has admitted engaging in. As these behaviors are contrary to the public good and are injurious to me, personally, a permanent injunction against using unverified opt-in email addresses, and buying and selling personal profiles must be stopped.

## PRAYER

**WHEREFORE,** Third-Party Defendant prays that this Court:

1. Dismiss all counterclaims by third-party plaintiff.
2. Sanction Impulse Marketing Group for waste of judicial resources.
3. Award an equal amount (the sanctioned amount) to third-party defendant for the time and distress of having to defend a specious lawsuit.
4. Award statutory damages of $500 for each email that was sent to my personal domain, "ehahome.com".
5. Enjoin Impulse and its marketing partners from using unverified email addresses.

6. Grant third-party defendant such other and further relief as the Court deems just and proper.

Emily Abbey

1407 2nd Ave West #608

Seattle, WA 98119

206-217-0466

Dated this 13th day of March, 2006

*Judith Du POA* (signature)

### Certificate of Service

I, hereby, certify that on March 13, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, James Gordon III, Jonathan Gordon, Bonnie Gordon, and Robert Pritchett by other means.

*Judith Du P.O.A* (signature)