```
                                    FILED IN THE
                                U.S. DISTRICT COURT
                            EASTERN DISTRICT OF WASHINGTON

                                  MAR 2 0 2006

                              JAMES R. LARSEN, CLERK
                          _____DEPUTY
                               RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | MOTION TO COMPEL AND FOR SANCTIONS & DECLARATION RE: DISCOVERY |
| Impulse Marketing Group, Inc., Defendant | |
| Impulse Marketing Group, Inc., Third-Party Plaintiff, | |
| v. | |
| James S. Gordon III, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

# Introduction

I am neither Solomon nor an attorney nor a judge. I do not know the proper procedure for overcoming the impasse in terms of conferring with Impulse regarding this case as Mr. Ivey informs us that he will not contact my father, the Plaintiff, in this matter. On the one hand, Mr. Ivey had an exchange with my mother, Bonnie Gordon, via email and phone regarding discovery. And, on the other hand, those "communications" did not alter the outcome of the process, i.e. Impulse still failed to produce answers to the questions asked or produce documents that should have accompanied the discovery request.

In light of my recently filed answer and counterclaims against Impulse, all requests Impulse deemed irrelevant are unequivocally relevant and demand full disclosure under FRCP 37 (a)(2) (3).

It is, at best, disingenuous for Impulse to 1) complain that it is not receiving adequate discovery by Plaintiff who has provided two detailed WORD (1,989 pages) documents (now Bates stamped) with annotations denoting errors and omissions to Impulse – I know this process well because I helped him for months to do the analyses of thousands of emails  2) invoke a rule regarding conferring with opponent before filing and then refuse to comply with discovery in any meaningful way – an attempt to have it both ways – benefiting from an impasse Impulse is a party to creating 3) threaten sanctions from 3rd parties for failing to obey a rule, which Impulse thwarts by denying me required inputs to my self-defense. 4) allege that I along with other 3rd parties are



propounding questions and production requests as if for my father. However, I have considered filing a counter suit against Impulse since its initial false claims against me roughly six months ago. And with my answer and counterclaims, it appears that my claims mirror those of my father in many or most ways. Thus my discovery requests are legitimate and require full disclosure and compliance with applicable rules 5) squander close to 120 days since the status conference in the Fall of 2005 – requested ostensibly to conduct discovery – with no discovery propounded by Impulse to 3rd parties. The notion that Impulse's reason for not propounding discovery during this period of time was due to any concern for 3rd party defendants is ludicrous in light of mean-spirited direct and indirect attacks on 3rd parties.

Third Party Defendant moves the Court for Sanctions and to Compel Third Party Plaintiff's Responses to Third Party Defendant's Interrogatories and Request for Production of Documents. These documents were placed in US Mail on or about January 23, 2006. I am the only 3rd party defendant to my knowledge who did not automatically extend a two week deadline for receipt of discovery. That fact did not change Impulse's output as it is virtually identical to other 3rd parties in terms of being evasive, incomplete, and non-responsive (including the untitled, undated, and "author-less" spreadsheet, which is useless). With the additional time, Impulse still failed to meet its burden under FRCP 37 (a)(2) (3)(4). Impulse has also failed to make the required Rule 26 disclosures to the undersigned.