MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, Washington 98101-2509
Phone (206)-624-9392
Fax (206) 624-0717

THE HONORABLE FRED VAN SICKLE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

James S. Gordon, Jr.,

    Plaintiff,

    v.

Impulse Marketing Group, Inc.,
Defendant

Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

    v.

Bonnie F. Gordon, Jamila Gordon, James Gordon III, and Jonathan Gordon,

Third-Party Defendants

NO. CV-04-5125-FVS

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

[JURY DEMAND]

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Sean Moynihan, Peter Glantz, Attorneys for Defendants.

    Plaintiff, James S. Gordon, Jr., by and through his undersigned attorney, Robert J. Siegel, pursuant to FRCP 15, and FRCP 20 hereby moves the Court for an

NO. CV-05-5079-FVS
PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Page 1 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

order granting him leave to file and serve his First Amended Complaint. (See copy of First Amended Complaint attached hereto as **Exhibit "A"**).

## STATEMENT OF FACTS

1. In 2004, Plaintiff properly commenced this action against the Defendant Impulse Marketing Group, Inc. ("Impulse").

2. Defendants have appeared and defended the action. Discovery is ongoing.

3. There is good cause to believe, and the evidence thus far supports that additional parties should be named in this action, both plaintiffs and defendants, and that additional claims should be brought, to wit:

**Additional Claims:**

Numerous violations of the Federal Can-Spam Act of 2003 (15 USC § 7701et seq.); Numerous violations of RCW 19.170 (Deceptive Offers statute); violations of RCW 9.35 et seq. (Identity Crimes statute); violations of 19.190.080 (a CEMA provision enacted after the filing of this lawsuit).

**Additional Plaintiff:** Omni Innovations, LLC; a Washington limited liability company, which owns the servers on which the domains hosting some of the email addresses which received some of the unlawful emails at issue reside, and which is entitled to assert its claims under the Federal Can-Spam Act of 2003 (15 USC § 7701et seq.), and RCW 19.170 et seq. the Washington CEMA.

PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT

Page 2 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

**Additional Defendants**: Jeffrey Goldstein, Kenneth Adamson, and Phillip Huston are officers and/or directors of Impulse, who had knowledge of, and participated in, and/or approved the unlawful conduct of the defendant corporation, and as such are personally and individually liable. These culpable parties directly and individually liable, and should not be entitled to hide behind the corporate shield in light of their knowledge of, and participation in such patently unlawful acts.

## AUTHORITIES

FRCP 15 and Washington case law provide that leave to amend a complaint should be granted liberally in the interests of justice, "and leave shall be freely given when justice so requires." Civil Rule 15(a) permits a party to amend a pleading by leave of court, and leave shall be freely given when justice so requires.

The purposes of CR 15 are to "facilitate a proper decision on the merits", *CARUSO v. LOCAL 690, INT'L BHD. OF TEAMSTERS*, 100 Wn.2d 343, 670 P.2d 240 (1983), at 349, and to provide each party with adequate notice of the basis of the claims or defenses asserted against him. *PIERCE CY. SHERIFF v. CIVIL SERV. COMM'N*, 98 Wn.2d 690, 695, 658 P.2d 648 (1983). SEE GENERALLY 6 C. Wright & A. Miller, FEDERAL PRACTICE 1471 (1971); Trautman, PLEADING PRINCIPLES AND PROBLEMS IN WASHINGTON, 56 Wash. L. Rev. 687, 711-14 (1981). Leave to amend should be freely given "except where prejudice to the

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT — Page 3 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

opposing party would result." CARUSO, at 349; SEE ALSO 6 C. Wright & A. Miller 1473. The amendment of pleadings is left to the sound discretion of the trial court, whose determination will be overturned on review only for an abuse of that discretion. Herron v. Tribune Pub. Co., 108 Wn.2d 162, 165, 736 P.2d 249 (1987). Discretion is abused if it is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Plaintiff submits that allowing him to amend his Complaint is in the interest of justice. Plaintiff can then litigate the similar alleged violations, which arise out of the same series of occurrences and transactions, and which, pursuant to FRCP 20(a) all parties added and joined share in common at least one question of law or fact.

In a recent unpublished opinion by the U.S. Federal Western District court (No. C04-0515P) Microsoft Corp. v. JDO Media, Inc., et al the Court there, in the context of a summary judgment motion granted in favor of plaintiff, considered the issue of the individual liability of a corporate officer/principal, Mr. Lampert, in the context of the Washington CEMA statute, finding:

> "Washington's Commercial Electronic Mail Act, which was in effect prior to the creation of the 1Up Program, states that "no person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

Washington or to a electronic mail address that the sender knows, or has reason to know, is held by a Washington resident …"RCW § 19.190.020(1). "Person" is defined by the statute as a person, corporation, partnership, or association. RCW § 19.190.010(9). Mr. Lampert qualifies under CEMA because he, as an individual and as a principal of a corporation, assisted in the transmission of unlawful emails." (See decision attached hereto as Exhibit "A" to the Declaration of Robert J. Siegel submitted herewith).

In the instant case, Plaintiff has obtained evidence, and should be allowed to prove that each of the corporate principals and/or officers of Defendant Impulse named in his First Amended Complaint, had knowledge of the unlawful acts of Impulse, and participated in and/or "assisted" in the transmission of unlawful emails. Indeed, as has been admitted by Defendant elsewhere in the record, the sending of commercial emails is its primary business. That undisputed fact alone should suffice to establish the potential liability of any corporate principals and/or officers who may have knowingly participated in and assisted in the transmission of such emails, which Plaintiff alleges were unlawful.

IN GRAYSON v. NORDIC CONSTR. CO., 92 Wn.2d 548, 599 P.2d 1271 the Washington Supreme Court, found in favor of that plaintiff on the issue of individual liability of corporate officers for the wrongful conduct of the corporation, and cited State v. Ralph Williams' Northwest Chrysler Plymouth, Inc., Wn. 2d 298, 553 P. 2d 423 (1976), a case squarely holding that consumer protection violations (such as those in the instant case) could constitute the

PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT

Page 5 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

wrongful conduct necessary to impose personal liability on corporate officers, stating in pertinent part:

"Although the trial court improperly pierced Nordic's corporate veil on the alter ego theory, we nonetheless find that personal liability was properly imposed on Bergstrom under the rule enunciated in STATE v. RALPH WILLIAMS' NORTH WEST CHRYSLER PLYMOUTH, INC., 87 Wn.2d 298, 553 P.2d 423 (1976). **If a corporate officer participates in wrongful conduct or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties.** STATE v. RALPH WILLIAMS' NORTH WEST CHRYSLER PLYMOUTH, INC., SUPRA; JOHNSON v. HARRIGAN-PEACH LAND DEV. CO., 79 Wn.2d 745, 489 P.2d 923 (1971). In RALPH WILLIAMS, this court considered a deceptive practice in violation of the Consumer Protection Act to be a type of wrongful conduct which justified imposing personal liability on a participating corporate officer.", emphasis added.

In Ralph Williams, the Washington Supreme Court held that a corporate officer could be personally liable for the deceptive practices of his automobile dealership, where he formulated and supervised its activities. Among other things, the dealership in that case falsely claimed it sold cars at prices lower than other area car dealers and relied on advertisements that concealed defects in its vehicles. It also used "a comprehensive sales system designed to confuse and deceive the customer," which included quoting prices lower than actual sales prices, misrepresenting the value that would be given on trade-in models, and giving the customer little opportunity to even read the contract. [Footnotes omitted] The court accordingly determined that such deceptive practices, which violated the Consumer

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Page 6 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717



<u>Protection Act, constituted the type of wrongful conduct that warranted the imposition of personal liability on a participating corporate officer.</u> (fn32)

In the instant case, Defendant Impulse together with the named corporate officers and directors, not only violated the Washington CEMA, and CPA, but pursuant to the First Amended Complaint have violated RCW 10.170 et seq. the Deceptive Offers statute, which, like the CEMA, also constitutes per se violations of the CPA. Thus, here too, these numerous violations of the CPA and related consume fraud statutes constitute the type of wrongful conduct that warrants the imposition of personal liability on participating corporate officers.

In *HOMEOWNERS' ASS'N v. HAL REAL ESTATE*, 108 Wn. App. 330, 30 P.3d 504 the Washington State Court of Appeals said:

"Corporate officers may indeed face personal liability outside the theory of piercing the corporate veil under certain circumstances. Corporate officers may be personally liable for torts committed in the course of their duties. (fn27) "If a corporate officer participates in wrongful conduct or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties."(fn28)

Additional defendants named herein will not be substantially prejudiced by Plaintiff's amendment since they have all had direct knowledge of this action since its inception, and have been intimately involved in the defense hereof. The claims

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Page 7 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

against them arise from the same nexus of factual allegations, and are part of the same claims that have been, and are now being pled by Plaintiff.

Further, and perhaps most importantly, allowing Plaintiff to amend will conserve valuable judicial time and expense of having to adjudicate new and additional actions.

Plaintiff requests that the Court grant its Motion For Leave To File First Amended Complaint.

DATED this 29th day of March, 2006.

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**

_____
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Page 8 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

## Certificate of Service

I, hereby, certify that on March 29, 2006, we filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Notice to: Floyd E. Ivey.

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Page 9 of 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717