**EXHIBIT A**

Case 2:04-cv-05125-FVS   Document 314-2   Filed 03/29/2006

Dockets.Justia.com

Not Reported in F.Supp.2d, 2005 WL 1838609 (W.D.Wash.)

United States District Court,W.D. Washington.

MICROSOFT CORPORATION, a Washington corporation, Plaintiff,v.JDO MEDIA, INC., et al., Defendant(s).

No. C04-0515P.

Aug. 1, 2005.

*Microsoft Corp. v. JDO Media, Inc.*, 2005 WL 1838609 (W.D. Wash. 2005) ORDER GRANTING PARTIAL SUMMARY JUDGEMENT UNDER CEMA

PECHMAN, J.*1 This matter comes before the Court on Plaintiff's motion for Partial Summary Judgment (Dkt. No. 55) under Washington's Commercial Electronic Mail Act (CEMA) and the federal CAN-SPAM Act. In considering this motion, the Court has reviewed all materials submitted in support of and in opposition to the motion. Previously, this Court found that the Defendant's pleading did not constitute a valid defense to the motion because it was not supported by an affidavit or a statement containing a sworn signature. Further, the Court found that an issue of material fact existed as to whether or not the Plaintiff could show Defendant's knowledge under Washington's Commercial Electronic Mail Act (CEMA). In a previous order, this Court gave each party leave to amend its pleadings. The Court has received amended pleadings from each party and has considered all documents in reaching its current decision. For the reasons stated herein, the motion under CEMA is GRANTED.

BACKGROUND

Defendant Lampert and JDO Media created the 1Up Automated Program ("1Up Program"), a multi-level-marketing program that used commercial electronic mail ("email" or "spam") as one of its methods for recruiting new members. It is undisputed by the parties that Mr. Lampert came up with the idea for the 1Up Program and shared the idea with his acquaintances. The 1Up Program promoted a "digital marketing system" that members would purchase and use to send large numbers of emails advertising the program. Further background information is contained in this Court's order of July 13, 2005.

ANALYSIS

*I. Summary Judgment Standard*

Summary judgment is not warranted if a material issue of fact exists for trial. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,*516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996). The underlying facts are viewed in the light most favorable to the party opposing

the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "Summary judgment will not lie if ⋯ the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324. However, courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. *Bernhardt v. County of Los Angeles,* 339 F.3d 920, 925 (9th Cir., 2003).

## II. CEMA Claims

*2 Washington's Commercial Electronic Mail Act, which was in effect prior to the creation of the 1Up Program, states that "no person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to a electronic mail address that the sender knows, or has reason to know, is held by a Washington resident ⋯"RCW § 19.190.020(1). "Person" is defined by the statute as a person, corporation, partnership, or association. RCW § 19.190.010(9). Mr. Lampert qualifies under CEMA because he, as an individual and as a principal of a corporation, assisted in the transmission of unlawful emails.Mr. Lampert argues that he was unaware of CEMA and thus should not be held liable. (Def's Mot. at 6). This argument fails because CEMA does not require that an individual be aware of the law in order to violate it. Mr. Lampert further argues that he did not knowingly send emails to Washington residents. (Def's Mot. at 5). Under CEMA a person knows that the recipient of an email is a Washington resident "if that information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address."RCW § 19.190.020(2).Under CEMA, knowledge is imputed if residency information of an email recipient is available from the domain name registrant. However, in *State v. Heckel* the Washington State Court of Appeals Division I held that this is not the exclusive way of demonstrating knowledge. *State v. Heckel,* 122 Wash.App. 60, 93 P.3d 189 (2004) ( *"Heckel II"* ), *review denied,*153 Wash.2d 1021, 108 P.3d 1229 (2005). The Court in *Heckel II* held that there were numerous ways that a spammer knew, or had reason to know, that email addresses to which he sent his spam were held by Washington residents, including: 1) proof that the

recipient's email address was included in the Washington Email Registry co-sponsored by the Washington Attorney General and the Washington Association of Internet Service Providers ("the WAISP Registry"); and 2) proof that the spammer sent millions of emails thereby putting him on notice that a substantial volume would be received by Washington residents. *Id.* at 67-70, 93 P.3d 189.Microsoft submitted evidence showing that the email addresses at issue in this case, Hotmail accounts maintained by Microsoft for the purpose of monitoring spam, were all registered with the WAISP registry. Further, evidence submitted by Microsoft shows that Microsoft's WAISP registered Hotmail accounts received at least 24,125 email messages advertising the 1Up Program. Following *Heckel II,* this Court finds that because the email addresses were registered in the WAISP registry, and a great number of emails were sent advertising 1Up, knowledge is imputed to Mr. Lampert and he is therefore liable for assisting in the transmission of unlawful emails to those addresses.*3 For the reasons stated above, this Court finds that Mr. Lampert knew or had reason to know that unlawful emails advertising the 1Up Program were being sent to Washington residents. This knowledge is imputed to Mr. Lampert because residency information was available via the WAISP registry and because a high volume of emails were sent. Therefore, the Court finds that no further issues of material fact exist on this claim, and Mr. Lampert is liable for assisting in the transmission of unlawful emails to Washington residents. The Court GRANTS Plaintiff's Motion for Partial Summary Judgment under CEMA.

### III. CAN-SPAM Claims

The Court has accepted Mr. Lampert's affidavit and thus views his pleadings as verified and admissible in opposition to Summary Judgment under CAN-SPAM. Viewing the facts in the light most favorable to the Defendant, as the non-moving party, the Court finds that there remain issues of material fact in regards to Mr. Lampert's liability under CAN-SPAM in three areas. First, it is disputed whether Mr. Lampert knew the 1Up Program was being promoted via unlawful emails; second, it is unclear what, if any, economic benefit Mr. Lampert received from the 1Up Program; and third, it is unclear whether Mr. Lampert took reasonable action to prevent the transmission of unlawful emails. Because these three issues of material fact remain, and reasonable minds could disagree on them, it would be improper for the Court to grant Plaintiff's Motion for Partial Summary Judgment on the CAN-SPAM claims.

### IV. Damages

Microsoft has requested damages in the amount of $24,125,000 under CEMA. CEMA states that "damages to an interactive computer service resulting from a violation of this chapter are one thousand dollars or actual damages, whichever is greater."RCW § 19.190.040(2). Given the statutory language of CEMA, the Court finds it has no discretion in the amount of damages it awards. Although the amount here appears to be excessive, this Court awards Microsoft damages against Mr. Lampert in the amount of

$24,125,000. This amount represents the statutory amount of $1000 for each of the 24,125 emails received by Hotmail accounts maintained by Microsoft and registered in the WAISP registry.

## CONCLUSION

Having considered all relevant materials, the Court finds that no issues of material fact exist as to Microsoft's claims under CEMA. Therefore, the Court GRANTS Microsoft's motion for partial summary judgment against the Defendant Tony Lampert as to the CEMA claims and awards Microsoft $24,125,000 in damages.Given the ruling and judgment regarding the CEMA claim, the Court assumes that Plaintiff does not wish to pursue its CAN-SPAM claim and the Court will dismiss this claim without prejudice unless the Plaintiff notifies the Court within 10 days that the Plaintiff wants a trial date set for this remaining issue.The clerk is directed to send copies of this order to all counsel of record.W.D.Wash.,2005.Microsoft Corp. v. JDO Media, Inc.Not Reported in F.Supp.2d, 2005 WL 1838609 (W.D.Wash.)Motions, Pleadings and Filings (Back to top)· 2004 WL 524731 (Trial Pleading) Complaint for Damages and Injunctive Relief (Mar. 09, 2004)END OF DOCUMENTMicrosoft Corp. v. JDO Media, Inc. 2005 WL 1838609, *3 (W.D.Wash.,2005)