1   FLOYD E. IVEY
    Liebler, Ivey, Connor, Berry & St. Hilaire
2   P. O. Box 6125
    Kennewick, WA 99336-0125
3   509-735-3581
    Attorneys for Defendant
4   Impulse Marketing Group, Inc.
    and Third Party Plaintiff
5
    Klein, Zelman, Rothermel, & Dichter, L.L.P.
6   By:    Sean Moynihan, Esq.; Peter Glantz
    485 Madison Avenue
7   New York, New York 10022
    Telephone Number (212) 935-6020
8   Facsimile Number (212) 753-8101
    Attorneys for Defendant
9   Impulse Marketing Group, Inc.
    and Third Party Plaintiff
10
    Robert J. Siegel
11  1325 4th Ave. Suite 940
    Seattle, Wa. 98101-2509
12  Telephone: 206 624 9392
    Facsimile Number 206 624 0717
13  Attorney for Plaintiff

14

15              UNITED STATES DISTRICT COURT FOR THE

16              EASTERN DISTRICT OF WASHINGTON

17  JAMES S. GORDON, JR.,              )        No. CV-04-5125-FVS
                                       )
18              Plaintiff,             )
    vs.                                )
19                                     )        MEMORANDUM OF LAW IN
    IMPULSE MARKETING GROUP,           )        SUPPORT OF MOTION TO DISMISS
20  INC.,                              )        THIRD PARTY DEFENDANTS'
                                       )        COUNTERCLAIMS
21              Defendant              )
    ─────────────────────────────     )        Noted for Hearing May 12, 2006 at
22                                     )        1:30 p.m.
    IMPULSE MARKETING GROUP,           )
23  INC.,                              )        WITH ORAL ARGUMENT
                                       )
24          Third-Party Plaintiff,     )
    vs.                                )
25                                     )
    BONNIE GORDON, et al.,             )
26                                     )
            Third-Party Defendants.    )
27

28

Motion to Dismiss Third Party Defendants' Counterclaims
Page 1 of 32

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANTS' COUNTERCLAIMS

### PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6), Third Party Plaintiff, Impulse Marketing Group, Inc. ("Impulse" or the "Third Party Plaintiff") submits this Memorandum of Law in support of its motion to dismiss fifteen (15) Counterclaims brought by Bonnie Gordon, James S. Gordon, III, Jonathan Gordon, Jamila Gordon, Robert Pritchett and Emily Abbey (collectively, "Third Party Defendants") against Impulse on the ground that Third party Defendants have not stated and cannot state claims for which relief can be granted.[1]

The Counterclaims brought by these Third Party Defendants have not been filed pursuant to a motion under Fed. R. Civ. P. 15(a).  The Counterclaims will require an examination of the scheduling of this matter.

Further, pursuant to Rule 11, Impulse respectfully requests that this Court impose sanctions upon Third Party Defendants on the ground that Third Party Defendants' Counterclaims are frivolous and would have been understood to be frivolous upon a reasonable investigation by Third Party Defendants.[2]  Impulse has placed Third Party Defendants on notice that they should withdraw their

---

[1] Third Party Defendant Robert Pritchett only alleges the first six (6) Counterclaims, which Counterclaims are identical to the other Third Party Defendants.

[2] Third Party Defendants simultaneously filed associated affidavits with their Counterclaims. By separate motion, Impulse is respectfully requesting that this Court strike these affidavits from the record as such affidavits are improper and do not comply with the Federal Rules of Civil Procedure.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Counterclaims. Third Party Defendants have failed to withdraw their Counterclaims. As such, Impulse requests that this Court impose sanctions upon Third Party Defendants in an amount equal to the time and money expended by counsel for Impulse in researching, preparing and filing a response to Third Party Defendants' Counterclaims.

Impulse further requests that this Court grant Impulse its attorneys' fees and reasonable costs expended in responding to Third party Defendants' baseless Counterclaims. Impulse's attorneys have spent a total of thirty-five (35) hours researching and preparing this motion. Specifically, Peter Glantz has expended twenty (20) billable hours researching and preparing the instant motion, Sean Moynihan has spent ten (10) billable hours reviewing and preparing the instant motion and Floyd Ivey has billed five (5) hours researching, reviewing and filing the instant motion.

## **PROCEDURAL HISTORY**

On November 18, 2005, Impulse filed a Second Third Party Amended Complaint against each of the Third Party Defendants arising out of Third Party Defendants' wrongful and fraudulent conduct in connection with James Gordon's ("Plaintiff") claims. Third Party Defendants failed to interpose a timely Answer to the Second Amended Third Party Complaint. Instead, *pro se* Third Party Defendants,

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

after the time to respond to the Second Third Party Amended Complaint expired, moved to dismiss the Second Third Party Amended Complaint.

On March 9, 2006, this Court denied Third Party Defendants' motion to dismiss the Second Amended Complaint in its entirety, holding that Impulse's Second Amended Complaint stated a prima facie case for indemnity and contribution, breach of contract, tortious interference with business relations, fraud and deceit and injunctive relief. On or about March 10, 2006, March 13, 2006 and March 14, 2006, respectively, Third Party Defendants answered the Second Amended Complaint and asserted fifteen (15) identical Counterclaims against Impulse.

## **INTRODUCTION**

Third Party Defendants have filed

Third Party Defendants have failed to state claims for which relief can be granted. Third Party Defendants' attempt to portray themselves as victims, rather than co-conspirators in a scheme to defraud Impulse is without merit. In fact, this Court has already ruled that Impulse pled valid causes of action against Third Party Defendants for, indemnification and contribution, fraud and deceit, breach of contract and tortious interference with business relationships.

Third Party Defendants are not innocent parties to the transactions underlying Plaintiff's Complaint. Rather, Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by, *inter alia*, providing Impulse with

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

false and/or inaccurate subscriber profiles at various Impulse-related websites, conspiring with Plaintiff to provide Impulse with false and/or inaccurate subscriber profiles, and repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in a scheme to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq.  Third Party Defendants' actions were undertaken in deliberate bad faith and there was no legitimate reason for Third Party Defendants to engage in such a premeditated and systematic scheme to cause harm to Impulse.[3]

Further exacerbating Third Party Defendants' improper conduct, Third Party Defendants now assert fifteen (15) baseless Counterclaims against Impulse.  By way of example, Third Party Defendants admit in their Counterclaims that their Counterclaims are "civil" in nature and "not criminal" matters.  Notwithstanding this, Third Party Defendants' asserted criminal causes of action against Impulse for the sole purpose of forcing Impulse to expend time and money dismissing same.  All fifteen (15) Counterclaims follow a similar pattern in that they lack any factual or legal basis whatsoever.  By conducting a reasonable investigation into the merits of their allegations, as federal law mandates, Third Party Defendants would have understood that all of their Counterclaims were entirely without merit.

---

[3] This Court has already taken judicial notice of the related action brought by Plaintiff against Commonwealth Marketing Group, Inc. in its Order Denying Impulse's Motion To Dismiss Plaintiff's Complaint, dated July 11, 2005.  As this Court will recall, Plaintiff's Rule 26 disclosures reveal, *inter alia*, that Third Party Defendants registered to receive email from Impulse.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Accordingly, Impulse respectfully requests that this Court: (1) dismiss Third Party Defendants' Counterclaims pursuant to Rule 12(b)(6); (2) impose sanctions against Third Party Defendants under Rule 11 for interposing fifteen (15) baseless Counterclaims; and (3) grant Impulse reasonable costs and attorneys fees expended in responding to this motion.

## ARGUMENT

For purposes of simplicity and judicial economy, Impulse will address Third Party Defendants' Counterclaims *seritim.* 18 USC 1514 is a tool available to United States District Attorneys to prevent the harassment of victims or witnesses in a federal criminal case.

I.     THIRD PARTY DEFENDANTS FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1514 (CRIMINAL OBSTRUCTION OF JUSTICE)

A.     THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A FEDERAL PROSECUTION UNDER 18 USC 1514 (CRIMINAL OBSTRUCTION OF JUSTICE)

Third Party Defendants allege that Impulse breached 18 USC 1514(c)[4]. However, Third Party Defendants are well aware that 18 USC 1514 has no

---

[4] Please be advised that 18 USC 1514(c), as alleged in Third Party Defendants' Counterclaims, simply defines the term "harassment" for purposes of 18 USC 1514. Title 18 USC 1514(c) does not set forth a specific cause of action or violation and is therefore groundless by definition.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

application in the instant matter.   Third Party Defendants even admit that the instant

lawsuit "is a civil not a criminal matter."

Even if Third Party Defendants had pled a violation of the statute, rather than

a definitional provision, Third Party Defendants would obviously still lack standing,

since private citizens have no authority to institute a federal criminal prosecution

under a federal criminal statute under these circumstances.   Cok v. Cosentino, 876

F.2d 1, 2 (1st Cir. 1989); Winslow v. Romer, 759 F. Supp. 670, 673-74 (D. Colo.

1991).   Applicable authorities within the United States government are the only

entities that can enforce federal criminal statutes.   Id.   For example, in Kennan v.

McGrath, 328 F.2d 610 (1st Cir. 1964), the court held that a private person could not

initiate a criminal prosecution in his own name in federal court.   See also U.S. v.

Panza, 381 F. Supp. 1133 (W.D. Pa. 1974), where the court held that a private citizen

was not entitled to file a criminal complaint before the court against another alleging

violation of federal law.

As private citizens, Third Party Defendants lack standing to initiate a criminal

prosecution under 18 USC 1514 and, therefore, Third Party Defendants' First

Counterclaim should be dismissed.   Moreover, since Third Party Defendants'

Counterclaims admit that there is no basis for their allegations, sanctions, attorneys

fees and reasonable costs are warranted.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2

3

B.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1514 (OBSTRUCTION OF JUSTICE)

4

5

6

Although this may be superfluous, Third Party Defendants have not pled the necessary elements of the statute.

7

8

18 USC 1514 provides, in part, that:

9

10

11

12

13

14

15

16

> A United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds, from specific facts shown by affidavit or by verified complaint, that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

17

18

19

20

21

22

23

24

Third Party Defendants have failed to allege, *inter alia*, that: (1) they are victims or witnesses in a Federal criminal case; and/or (2) a United States Government attorney filed an application to this Court for the issuance of a temporary restraining order prohibiting harassment as defined in 18 USC 1514(c). Accordingly, Third Party Defendants have failed to state a valid claim for which relief can be granted under 18 USC 1514.

25

26

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

II.     THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1037 (CRIMINAL FRAUD <u>AND RELATED ACTIVITY IN CONNECTION WITH ELECTRONIC MAIL)</u>

Third Party Defendants assert a Counterclaim against Impulse arising out of Impulse's alleged violations of 18 USC 1037 (Criminal Fraud and Related Activity In Connection With Electronic Mail). 18 USC 1037, once again, is a federal criminal statute. 18 USC 1037 is intended to protect the public against individuals that, *inter alia*, knowingly, fraudulently and intentionally transmit email. Penalties for violations of 18 USC 1037 are, *inter alia*, fines and punishment.

A.     THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A <u>FEDERAL PROSECUTION UNDER 18 USC 1037</u>

Third Party Defendants' attempt to prosecute criminal offenses under 18 USC 1037 is without any merit since private citizens have no authority to institute a federal criminal prosecution under a federal criminal statute under these circumstances. <u>Cok</u>, 876 F.2d at 2; <u>Winslow</u>, 759 F.Supp. at 673-74; <u>see also</u> <u>Kennan</u>, 328 F.2d at 611; <u>Panza</u>, 381 F.Supp. at 1133, where the court held that a private citizen was not entitled to file a criminal complaint before the court against another alleging violation of federal law.

As private citizens, Third Party Defendants lack standing to initiate a criminal prosecution under 18 USC 1037.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2

3

**B.   THIRD PARTY DEFENDANTS HAVE FAILED TO PLEAD A VALID <u>CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1037</u>**

4

5

6

7

Moreover, even assuming Third Party Defendants had standing under the 18 USC 1037, Third Party Defendants have not pled the necessary elements of the federal criminal statute.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

18 USC 1037 provides, in part that:

> (a) In general.--Whoever, in or affecting interstate or foreign commerce, knowingly-- (1) accesses a protected computer without authorization, and intentionally initiates the transmission of multiple commercial electronic mail messages from or through such computer, (2) uses a protected computer to relay or retransmit multiple commercial electronic mail messages, with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages, (3) materially falsifies header information in multiple commercial electronic mail messages and intentionally initiates the transmission of such messages, (4) registers, using information that materially falsifies the identity of the actual registrant, for five or more electronic mail accounts or online user accounts or two or more domain names, and intentionally initiates the transmission of multiple commercial electronic mail messages from any combination of such accounts or domain names, or (5) falsely represents oneself to be the registrant or the legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses, and intentionally initiates the transmission of multiple commercial electronic mail messages from such addresses, or conspires to do so, shall be punished as provided in subsection (b).

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Third Party Defendants have failed to allege, *inter alia*, that Impulse: (1) criminally accessed a protected computer without authorization, and intentionally initiated the transmission of multiple commercial electronic mail messages from or through such computer; (2) criminally used a protected computer to relay or retransmit multiple commercial electronic mail messages, with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages; (3) criminally materially falsified header information in multiple commercial electronic mail messages and intentionally initiated the transmission of such messages; (4) criminally registered, using information that materially falsified the identity of the actual registrant, for five or more electronic mail accounts or online user accounts or two or more domain names, or intentionally initiated the transmission of multiple commercial electronic mail messages from any combination of such accounts or domain names; (5) criminally and falsely represented itself to be the registrant or the legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses, and intentionally initiated the transmission of multiple commercial electronic mail messages from such addresses, or conspired to do so; and (6) affected interstate or foreign commerce. Based on the foregoing, Third Party Defendants have failed to state a valid claim for which relief can be granted under 18 USC 1037.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1
2
3

C.    THIRD PARTY DEFENDANTS HAVE NOT MET THE RULE 9(b)
HEIGHTENED PLEADING REQUIREMENT

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Even if Third Party Defendants could plead criminal causes of action, they fail to comply with the heightened pleading requirement of Rule 9(b).  Rule 9(b) sets forth more stringent pleading requirements in cases involving allegations of fraud or mistake.  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  See Rule 9(b).  Rule 9(b) serves three (3) purposes: (a) to assure a defendant of fair notice of the nature of claims and the ground upon which they rest; (b) to protect a defendant from harm that would befall its goodwill when it is charged with serious wrongdoing; and (c) to diminish the possibility that plaintiff with a largely groundless claim will be able to use the threat of extensive discovery to impose an *in terrorem* increase on a settlement value.  See Cowen & Co. v. Merriam, 745 F. Supp. 925 (S.D.N.Y. 1990); U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc., 755 F.Supp. 1055 (S.D.Ga. 1990) (see also The Segal Comp. v. Amazon.com, 280 F. Supp. 2d 1229 (9th Cir. 2003)).  Since Third Party Defendants have failed to plead their Second Counterclaim with any specificity whatsoever, Third Party Defendants' Second Counterclaim should be dismissed as a matter of law.

26
27
28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1
2
3

III.    THIRD PARTY DEFENDANTS FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 4.24.510 (WASHINGTON ANTI-SLAPP STATUTE)

4
5
6

RCW 4.24.510 is the Washington state whistleblower statute.  RCW 4.24.510 provides that:

7
8
9
10
11
12
13
14
15
16
17
18

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

19
20
21
22
23
24
25
26
27
28

The purpose of the Washington Anti-SLAPP statute is to protect individuals who report, *inter alia*, fraud to governmental agencies and are then sued to stop the reporting.  The Anti-SLAPP statute was designed to allow early dismissal of a lawsuit where the individual making a report to a governmental agency is sued.  See Legislative Intent of RCW 4.24.510 ("Notes Intent -- 2002 c. 232").  Third Party Defendants allege that Impulse sued them since they were prospective witnesses to a lawsuit.  However, Third Party Defendants are not a class of people that this statute

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1   was designed to protect.  The statute is not intended to protect witnesses in a lawsuit.

2

3

4       Moreover, Third Party Defendants' attempt to portray themselves as victims

5   of a whistleblower statute, rather than co-conspirators in a scheme to defraud Impulse

6

7   is baseless.  This Court has already ruled that Impulse has pled valid causes of action

8   against Third Party Defendants for fraud and deceit, indemnification and contribution,

9
    breach of contract and tortious interference with business relationships.

10

11  IV.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A CLAIM FOR
        WHICH  RELIEF  CAN  BE  GRANTED  UNDER  RCW  9.35.005  (CRIMINAL
12      IDENTITY THEFT)

13

14

15      Title 9 of the Revised Code of Washington sets forth the Criminal Code for the

16  State of Washington.  RCW 9.35 et seq. is entitled "Identity Crimes."  Violations of

17  RCW 9.35 et seq. are "Class C" felonies pursuant to RCW 9.35.010(5).  The

18
    legislative  intent  as  set  forth  in  RCW  9.35  et  seq.  is  to  criminally  penalize
19

20  unscrupulous people for improperly obtaining financial information.

21      A.    THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE
            A CRIMINAL  PROSECUTION  UNDER  RCW  9.35  ET  SEQ.
22

23

24      A private citizen has no right under RCW 9.35 to bring a criminal charge.

25
    Prosecution  under  RCW  9.35  et  seq.  is  the  right  of  those  with  prosecutorial
26

27  discretion,  namely  the  district  attorneys  of  the  various  counties  in  the  State  of

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Washington.  A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.  <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614 (1973).  The remedy to a private citizen who fails to persuade a prosecutor to bring a criminal charge is to file a complaint with the county police department.  A Washington county District Attorney may, in his or her discretion, petition the superior court to summon a grand jury in accordance with the Criminal Investigatory Act of 1971 (RCW 10.27.030).  Accordingly, Third Party Defendants lack standing to assert a claim under RCW 9.35.

      B.     THIRD PARTY DEFENDANTS ALLEGE THAT IMPULSE VIOLATED RCW 9.35.005, WHICH PROVISION MERELY SETS FORTH A DEFINITIONAL <u>TERM</u>

Third Party Defendants allege that Impulse violated the specific provision located at RCW 9.35.005.  However, RCW 9.35.005 simply sets forth a definitional term ("Means of Identification") within a criminal statute.  Given that the Washington State legislature did not specifically create any violation whatsoever under RCW 9.35.005, Third Party Defendants' Fourth Counterclaim should be dismissed, as a matter of law.[5]

V.    THIRD PARTY DEFENDANTS HAVE NOT STATED AND CANNOT STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 10.14 (WASHINGTON CRIMINAL ANTI-HARASSMENT STATUTE)

---

[5]  Third Party Defendants refer to a subsection "(3)" in its Counterclaim.  However, there does not appear to be a subsection "(3)" under RCW 9.35.005.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2     Third Party Defendants Fifth Counterclaim is based upon Impulse's alleged

3     harassment of Third Party Defendants, pursuant to RCW 10.14.  RCW 10.14 is a

4

5     criminal statute.  Title 10 of The Revised Code of Washington sets forth Washington

6     State's Criminal Procedures including, but not limited to, the process for obtaining

7

8     an anti-harassment protection order.  Violation of such a protective order is a gross

9     misdemeanor.

10    It is self evident that this Court is not the proper forum to obtain relief under

11

12    RCW 10.14.  A petition for a protective order must be submitted by a county district

13    attorney to the Superior Court of a Washington County.  See RCW 10.14.  The form

14    of petition is specified by RCW 10.14.040.  RCW 10.14.020 states the elements

15

16    required for harassment under RCW 10.14 et seq. as follows:

17            "Unlawful harassment" means a knowing and willful
               course of conduct directed at a specific person which
18             seriously alarms, annoys, harasses, or is detrimental to such
               person, and which serves no legitimate or lawful purpose.
19             The course of conduct shall be such as would cause a
               reasonable person to suffer substantial emotional distress,
20             and shall actually cause substantial emotional distress to
               the petitioner, or, when the course of conduct would cause
21             a reasonable parent to fear for the well-being of their child.
22

23

24    Third Party Defendants do not allege that they have met any of the

25    requirements for a protective order, nor have Third Party Defendants submitted a

26

27    petition for a protective order.  Regardless, this Court does not have jurisdiction to

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

consider such a petition.  Further, the conduct Third Party Defendants complain of

does not rise to the level of causing substantial emotional distress as required under

RCW 10.14.020.  As such, Third Party Defendants' Fifth Counterclaim should be

dismissed as a matter of law.[6]

## VI.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 19.170 (PROMOTIONAL ADVERTISING OF PRIZES)

Third Party Defendants allege that Impulse violated RCW 19.170 by falsely

advertising prizes without meeting the statutory requirements.[7]

RCW 19.170 provides, in pertinent part, that:

> 1)  The legislature finds that deceptive promotional advertising of prizes is a matter vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. (2) Deceptive promotional advertising of prizes is not reasonable in relation to the development and preservation of business. A violation of this chapter is an unfair or deceptive act in trade or commerce for the purpose of applying the consumer protection act, chapter 19.86 RCW, and constitutes an act of deceptive promotional advertising. (3) This chapter applies to a promotion offer: (a) Made to a person in Washington; (b) Used to induce or invite a person to come to the state of Washington to claim a prize, attend a sales presentation, meet a promoter, sponsor, salesperson, or their agent, or conduct any business in this state; or (c) Used to induce or invite a person to contact by

---

[6]   Third Party Defendants allegations in its Fifth Counterclaim relate to emails that Third Party Defendants intentionally solicited.

[7]   Third Party Defendants allege that Impulse did not fulfill its obligation of providing prizes to Plaintiff" had won.  However, Third Party Defendants lack standing to assert claims on behalf of Plaintiff.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    any means a promoter, sponsor, salesperson, or their agent
2    in this state.

3    Third Party Defendants have not, *inter alia*, alleged: (1) what promotional
4
5    advertisements they have personally received; and (2) what advertisements that they
6    have personally viewed.  As such, Third Party Defendants' Sixth Counterclaim
7    should be dismissed for failing to meet even the basic pleading requirements.
8
9    Moreover, any and all allegations against Defendant for violations of RCW
10    19.170 "sound in," or are "grounded in fraud."  See Fidelity Mortgage Corp. v.
11
12    Seattle Times Company, 213 F.R.D. 573; 2003 U.S. Dist. LEXIS 4508; 32 Media L.
13    Rep.1094. (holding that cases that are "grounded in fraud" or "sound in fraud" must
14
15    satisfy the particularity requirement of Rule 9(b)).  In fact, the express language of
16    RCW 19.170 et seq. uses terms such as "deceptive," "unfair" and "induce".  The use
17    of these adjectives is not coincidental.  In truth, the essence of these terms certainly
18
19    "sound in" or are "grounded in fraud."  As such, Third Party Defendants should be
20    subject to a heightened pleading requirement under Rule 9(b).

21    VII.   THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID
22    CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 18.86.090
       (DEFINITION OF VACARIOUS LIABILITY IN THE CONEXT OF REAL
23    ESTATE BROKERAGE RELATIONSIPS)
24

25    RCW 18.86 is entitled "Real Estate Brokerage Relationships" and is entirely
26
27    inapplicable to any type of relationship between Third Party Defendants and Impulse.
28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1
2
3   RCW 18.86 pertains to the provisioning of real estate brokerage services as defined
4   under RCW 18.86.010(11).  Given that the Third Party Defendants have failed to
5   allege that any real estate brokerage relationship existed between Third Party
6   Defendants and Impulse, Third Party Defendants' Seventh Counterclaim should be
7   dismissed as a matter of law.

8        Moreover, RCW 18.86.090 simply sets forth a definitional term for violations
9
10  relating to real estate brokerage relationships.  Specifically, RCW 18.86.090 defines
11  the term "vicarious liability" in the context of violations under RCW 18.86 et seq.
12
13  Additionally, RCW 18.86.090 does not create any liability whatsoever.  Given that
14  the Washington State legislature did not create any violation whatsoever under RCW
15  18.86.090, Third Party Defendants' Seventh Counterclaim should be dismissed as a
16
17  matter of law.

18  VIII.  THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A
       CRIMINAL   PROSECUTION   UNDER   RCW   9A.60.040   (CRIMINAL
19     IMPERSONATION IN THE <u>FIRST DEGREE)</u>

20

21       Third Party Defendants' Eighth Counterclaim against Impulse arises out of
22
23  Impulse's alleged violations of RCW 9A.60.040 (Criminal Impersonation in the First
24  Degree).  A person is guilty of criminal impersonation in the first degree if, *inter alia*,
25  the person assumes a false identity and does not act in his or her assumed character
26

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

with intent to defraud another or for any other unlawful purpose. See RCW 9A.60.040(1)(a). Violations of RCW 9A.60.040(1)(a) are class "C" felonies.

Third Party Defendants' attempt to prosecute criminal offenses under RCW 9A.60.040 is baseless, since private citizens have no authority to institute a criminal prosecution under Title 9 of the Revised Code of Washington. The private citizen has no constitutional, statutory, or common law right to commence a criminal action under these circumstances or to require a public official to investigate or prosecute a crime. Linda R.S., 410 U.S. at 619. As Third Party Defendants are private citizens, Third Party Defendants lack standing to initiate a criminal prosecution under RCW 9A.60.040 and, therefore, Third Party Defendants' Eighth Counterclaim should be dismissed as a matter of law.

IX.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE VALID CLAIMS FOR ESTOPPEL AND UNCLEAN HANDS

The doctrines of unclean hands and estoppel are generally affirmative defenses and not separate causes of action. As such, Third Party Defendants' Ninth Counterclaim should be dismissed, as a matter of law.

Even assuming that such claims somehow create liability, Third Party Defendants have failed to plead any facts which would in any way make out a cause of action against Impulse.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1
2
3

**X.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 9.58.010 (CRIMINAL LIBEL)**

4
5
6
7

Third Party Defendants Tenth Counterclaim against Impulse arises out of Impulse's alleged violations of RCW 9.58.010 (Criminal Libel).  The gist of criminal libel is malice.  See State v. Sefrit, 82 Wash. 520 (1914).  Criminal libel involves,

8
9
10

*inter alia*, the malicious publication that exposes a living person to hatred, contempt, ridicule or obloquy.  See RCW 9.58.010(1).

11
12

**A.    THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A CRIMIAL PROSECUTION UNDER RCW 9.58.010**

13
14
15
16
17
18
19
20
21
22
23
24

Third Party Defendants' attempt to prosecute criminal offenses under RCW 9.58.010 is without any merit since private citizens have no authority to institute a criminal prosecution under Title 9 of the Revised Code of Washington in these circumstances.  The private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.  Linda R.S., 410 U.S. at 619.  The remedy to a private citizen, who fails to persuade a prosecutor to bring a criminal charge, is to petition the superior court to summon a grand jury in accordance with the Criminal Investigatory Act of 1971 (RCW 10.27.030).

25
26
27
28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

**B.     THIRD PARTY DEFENDANTS HAVE NOT PLED THE REQUISITE ELEMENTS FOR CRIMINAL LIBEL IN ACCORDANCE WITH BASIC AND HEIGHTENED PLEADING REQUIREMENTS AND IMPULSE'S ALLEGED LIBELOUS MATERIAL IS PRIVILEGED**

RCW 9.58.010 provides, in pertinent part, that:

> Every malicious publication by writing, printing, picture, effigy, sign[,] radio broadcasting or which shall in any other manner transmit the human voice or reproduce the same from records or other appliances or means, which shall tend: (1) To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or (2) To expose the memory of one deceased to hatred, contempt, ridicule or obloquy; or (3) To injure any person, corporation or association of persons in his or their business or occupation, shall be libel. Every person who publishes a libel shall be guilty of a gross misdemeanor.

Initially, Third Party Defendants have failed to allege that Impulse proffered any libelous or malicious publication by writing, printing, picture, effigy, etc., which publication: (1) exposed Third Party Defendants to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or (2) exposed the memory of one deceased to hatred, contempt, ridicule or obloquy; or (3) injured any person, corporation or association of persons in his or their business or occupation.

Secondly, allegedly libelous statements, spoken or written by a party or counsel in course of judicial proceeding, are absolutely privileged if they are pertinent or

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

material to redress or relief sought, whether or not statements are legally sufficient to obtain that relief. <u>Mcneal V. F. F. Allen</u>, 621 P.2d 1285, 1285-87 (Sup. Ct. WA 1980). The privilege of attorneys is based upon a public policy of securing to them as officers of the court the utmost freedom in their efforts to secure justice for their clients. <u>Id</u>. In the case at bar, Impulse has not proffered any writings whatsoever about Third Party Defendants, which writings are outside or beyond the scope of this litigation. In fact, Third Party Defendants failed to identify what the alleged libelous writing even is other than what amounts to some third party postings and/or discussions about this lawsuit on unidentified websites. As such, Third Party Defendants' Tenth Counterclaim should be dismissed as a matter of law.

**XI.   THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1962(c) (CRIMINAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, A/K/A RICO).**

Third Party Defendants allege that Impulse violated Title 18, Part I, Chapter 96 (Criminal Racketeer Influenced and Corrupt Organizations Act, a/k/a RICO).[8] Assuming Third Party Defendants are asserting a claim against Impulse arising out of Impulse's alleged violation of 18 USC 1962(c) (which Impulse cannot determine from the allegations contained in Third Party Defendants' Eleventh Counterclaim), Third Party Defendants must allege that Impulse engaged in a pattern of racketeering

---

[8] Once again, Third Party Defendants have no standing to bring federal criminal claims.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

activity within the definition of 18 USC 1961(1)(A) and (D). <u>Sun Savings and Loan Ass'n v. Dierdorff</u>, 825 F.2d 187, 191 (9th Cir.1987) (citing <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496 (1985)). "Racketeering activity" is any act indictable under any of the several provisions of Title 18 of the United States Code. <u>See</u> 18 USC 1961. Third Party Defendants have not made, and cannot as a matter of law make, such allegations against Impulse.

Moreover, the Ninth Circuit has applied the particularity requirements of Rule 9(b) to RICO claims. <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir. 1988); <u>see also</u>, <u>Schreiber Distrib. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1400 (9th Cir.1986)). Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. <u>Id</u>. at 1401. The Third Party Defendants' RICO Counterclaim does not: (1) attribute specific conduct to the Third Party Plaintiff; (2) specify the time or the place of the alleged wrongful conduct; (3) identify the time, place, and manner of each fraud; and (4) set forth Impulse's role in each scheme.

Even is this matter was a civil RICO claim, Third Party Defendants have failed to file the RICO Case Statement required by Local Rule 3.2.

Based on the foregoing, Third Party Defendants' Eleventh Counterclaim should be dismissed as a matter of law.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1
2
3

XII.   THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER THE CAN-SPAM ACT OF 2003

4
5
6
7
8
9
10
11

The CAN-SPAM Act of 2003 (the "Act" or "CAN-SPAM") does not create a private right of action.  Rather, the Federal Trade Commission, States Attorneys General and Internet Service Providers (e.g., America Online, Earthlink, Microsoft and Yahoo!) can commence lawsuits under CAN-SPAM.  Further, CAN-SPAM does not make it illegal to "appropriate" e-mail addresses at a personal domain as Third Party Defendants allege.

12
13
14
15
16
17

Even assuming that Third Party Defendants have standing under CAN-SPAM, Third Party Defendants have not pled that Impulse violated any portion of CAN-SPAM.  As such, Third Party Defendants Twelfth Counterclaim should be dismissed as a matter of law.

18
19
20
21

XIII.  THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 19.190 ET SEQ. (WASHINGTON ANTI-SPAM STATUTE)

22
23
24
25
26
27
28

The Washington Anti-Spam Act, *inter alia*, prohibits the transmission of a commercial electronic mail message "to an electronic mail address that the sender knows, or has reason to know, is held by a Washington State resident that: (a) uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

origin or the transmission path of a commercial electronic mail message; or (b)

contains false or misleading information in the subject line." RCW 19.190.020.

Third Party Defendants have not alleged any factual allegations relating to

violations of RCW 19.190 et seq. Unsupported conclusions of law in a complaint

are not sufficient to withstand a motion to dismiss. "Although this standard for

Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal

conclusions are ordinarily required to satisfy federal notice pleading

requirements." <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6[th]

Cir. 1988). Third Party Defendants' Counterclaim contains nothing but

conclusory allegations and further, asks the Court to draw unwarranted inferences

from them. Based on the foregoing, Third Party Defendants cannot state a claim

for which relief can be granted.

## XIV.  THIRD PARTY DEFENDANTS HAVE FAILED TO SATTE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 19.86 (WASHINGTON CONSUMER PROTECTION ACT)

Should the Court dismiss Third Party Defendants' allegations for Impulse's

violations of RCW 19.190 et seq. for the reasons set forth hereinabove, Third Party

Defendants' claim for Impulse's breach of RCW 19.86 is also violated. In fact,

practices covered by the Washington Anti-Spam Act are matters vitally affecting the

public interest for the purpose of applying the Consumer Protection Act, RCW 19.86.

Third Party Defendants have failed to plead basic notice in support of their

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Counterclaim. The entire Counterclaim consists of one (1) conclusory legal conclusion. Accordingly, Third Party Defendants' Fourteenth Counterclaim should be dismissed.

## XV. THIRD PARTY DEFENDANTS HAVE FAILED TO PLEAD THE ELEMENTS NECESSARY TO OBTAIN A PERMANENT INJUNCTION

The Third Party Defendants seek the issuance of a permanent injunction. A party seeking the issuance of an injunction must show that: (1) there is a clear legal or equitable right to an injunction; (2) there is a well-grounded fear of immediate invasion of that right; and (3) the acts complained of are either resulting in or will result in an actual and substantial injury. Port of Seattle v. International Longshoremen's & Warehousemen's Union, 325 P.2d 1099, 1101 (Wash. 1958); County of Spokane v. Local No. 1553, American Federation of State Employees, 76 Wash. App. 765, 771 888 P.2d 735 (Wash. App. 1995); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959). Third Party Defendants have literally failed to plead any of these elements. As such, Third Party Defendants have not stated a claim for which relief can be granted.

## XVI. THIS COURT SHOULD IMPOSE SANCTIONS AGAINST THIRD PARTY DEFENDANTS PURSUANT TO RULE 11

Third Party Defendants admit in their Counterclaims that their Counterclaims are "civil" in nature and "not criminal" matters. Notwithstanding this, Third Party Defendants' asserted criminal causes of action against Impulse for the sole purpose

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

of forcing Impulse to expend time and money dismissing same.  All fifteen (15)

Counterclaims follow a similar pattern in that they lack any factual or legal basis

whatsoever.  By conducting a reasonable investigation into the merits of their

allegations, as federal law mandates, Third Party Defendants would have understood

that all of their Counterclaims were entirely without merit.

*Pro se* litigants are generally held to the same standard as attorneys.  Westberg

v. All-Purpose Structures Inc., 936 P.2d 1175, 1177-78 (Wash. 1997); In re Pers.

Restraint Pet. of Connick, 28 P.3d 729, 736 (Wash. 2001) (*pro se* petitioner held to

the same responsibility as a lawyer and required to follow applicable statutes and

rules).  Courts hold *pro se* litigants to the same standard as attorneys, and an

attorney's incompetence or neglect is not excusable. In re Marriage of Olson, 850

P.2d 527, 530 (Wash. 1993); Lane v. Brown & Haley, 912 P.2d 1040, 1043 (Wash.

1996).  In fact, sanctions may be imposed on anyone who signs a pleading, motion,

or other paper which is filed in a federal case, whether that person be an attorney, a

client, or a pro se litigant.  Shrock v. Altru Nurses Registry, 810 F2d 658 (7th Cir.

1987).  In the case at bar, the fact that the Third Party Defendants in this case filed

fifteen (15) Counterclaims without the assistance of counsel does not excuse them

from having to investigate the factual basis of their Counterclaims.  Id.  For example,

explaining that Rule 11 does not establish a lesser duty to make a reasonable inquiry

for *pro se* litigants, the court imposed Rule 11 sanctions on a *pro se* plaintiff who

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  filed a civil rights action against a state trial judge for denying a motion in a previous

2
3  action regarding a speeding ticket.  Dyson v. Sposeep, 637 F Supp 616 (N.D. Ind.

4  1986).

5      Further, *pro se* litigants are subject to Rule 11 sanctions, and their filings, like

6
7  those of attorneys, are judged by an objective standard of reasonableness.  Cook v.

8  Peter Kiewit Sons, Co., 775 F.2d 1030, 1037 n. 13 (9th Cir. 1985); Business Guides

9
10 v. Chromatic Communications, Enterprises, 892 F.2d 802, 811 (9th Cir. 1989), aff'd

11 111 S. Ct. 922 (1991).

12     Impulse has placed Third Party Defendants on notice that they should withdraw

13
14 their Counterclaims.   Third Party Defendants have failed to withdraw their

15 Counterclaims.  As such, Impulse requests that this Court impose sanctions upon

16
17 Third Party Defendants in an amount equal to the time and money expended by

18 counsel for Impulse in researching, preparing and filing a response to Third Party

19 Defendants' Counterclaims.

20     Impulse further requests that this Court grant Impulse its attorneys' fees and

21
22 reasonable costs expended in responding to Third party Defendants' baseless

23 Counterclaims.  Impulse's attorneys have spent a total of thirty-five (35) hours

24
25 researching and preparing this motion.  Specifically, Peter Glantz has expended

26 twenty (20) billable hours researching and preparing the instant motion, Sean

27
28 Moynihan has spent ten (10) billable hours reviewing and preparing the instant

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

motion and Floyd Ivey has billed five (5) hours researching, reviewing and filing the instant motion.

A.     PUBLIC POLICY OF RULE 11(c)

Rule 11(c) requires attorneys and *pro se* litigants to conduct a reasonable inquiry into the law and facts before signing, *inter alia*, pleadings. Rule 11 sets forth the responsibility that litigants have toward the Court and requires litigants to stop and think before initially making legal or factual contentions. One purpose of Rule 11 sanctions is to streamline the litigation process by discouraging the use of dilatory or abusive tactics, such as the filing of frivolous claims or defenses or the use of pleadings to harass or delay. Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F2d 1531 (Cal. CA. 1986).

Based on the foregoing, Impulse respectfully requests that the Court impose sanctions against Third Party Defendants pursuant to Rule 11 and grant Impulse reasonable costs and attorneys fees for the amount of cost and time devoted to researching, preparing and filing this response.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

## CONCLUSION

2

3    Pursuant to Rule 12(b)(6), Impulse requests that the Court dismiss Third Party

4    Defendants' Counterclaims on the ground that Third party Defendants have not

5
6    stated, and cannot state, claims for which relief can be granted. Further, pursuant to

7    Rule 11, Impulse respectfully requests that this Court impose sanctions upon Third

8    Party Defendants on the ground that Third Party Defendants' Counterclaims are

9
10   frivolous and would have been understood to be frivolous upon a reasonable

11   investigation by Third Party Defendants.

12        DATED this 31st day of   March, 2006.

13

14

15

16                                          S/FLOYD E. IVEY

17                                          _____
                                            Liebler, Ivey, Conner, Berry &
18                                          St. Hilaire
                                            By:   Floyd E. Ivey
19                                          1141 N. Edison, Suite C
                                            P.O. Box 6125
20                                          Kennewick, Washington 99336
                                            Local Counsel for Defendant
21                                          Impulse Marketing Group, Inc.
22

23                                          S/FLOYD  E.  IVEY  for  SEAN
24                                          MOYNIHAN and PETER GLANTZ

25                                          _____
                                            Sean A. Moynihan
26                                          Peter J. Glantz
27                                          Klein, Zelman, Rothermel & Dichter,
                                            LLP
28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020
(212) 753-8101 (fax)

I hereby certify that on March 31, 2006, I electronically filed MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANTS' COUNTERCLAIMS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert J. Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily Abbey and Jamila Gordon.

S/ FLOYD E. IVEY

FLOYD E. IVEY

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581