1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff

5  Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff

10 ROBERT SIEGEL
11 Attorney At Law
   1325 Fourth Avenue, Suite 940
12 Seattle, WA 98101-2509
   Attorney for Plaintiff

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., | No. CV-04-5125-FVS |
| Plaintiff, | |
| vs. | MEMORANDUM: DEFENDANT AND THIRD PARTY PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF THIRD PARTY DEFENDANTS, INCLUDING MRS. BONNIE GORDON, MS. JAMILA GORDON, MR. JONATHAN GORDON AND MR. JAMES GORDON III AND OTHERS IN SUPPORT OF THIRD PARTY DEFENDANT'S MOTIONS TO COMPEL AND DISQUALIFY |
| IMPULSE MARKETING GROUP, INC., | |
| Defendant | |
| IMPULSE MARKETING GROUP, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| BONNIE GORDON, et al., | |
| Third-Party Defendants. | WITHOUT ORAL ARGUMENT |

Memorandum Supporting Motion to Strike Declarations - Page 1 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

## I. INTRODUCTION

Third Party Defendants' have filed Motions to Compel and to Disqualify. Defendant and Third Party Plaintiff moves to strike portions of the Declarations of Third Party Defendants in support of Third Party Defendant's Motions to Compel and to Disqualify. Defendant and Third Party Plaintiff identifies Declarations of Bonnie Gordon of March 9, 2006(Exhibit A, pages 10-20, to Declaration of Ivey of March 13, 2006-hereafter Ivey Declaration 3/13/06), of Ms. Jamila Gordon of March 9, 2006 (Exhibit B, pages 21-29 Ivey Declaration 3/13/06), Declaration and Response of Mrs. Bonnie Gordon of March 17, 2006; Ms. Jamila Gordon of March 20, 2006; Mr. James Gordon III of March 20, 2006 and Mr. Jonathan Gordon of March 20, 2006. (Relevant Portions of said Declarations are annexed hereto as Exhibits).

## II. DISCUSSION OF AUTHORITY

FRCP 56, which sets forth the procedure for summary judgment, addresses evidentiary standards applicable in motion practice and requires in subsection (e):

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Evidence Rule 602, entitled "Lack of Personal Knowledge", states in part:

> "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness's own testimony."

A motion to strike portions of the responsive declarations is appropriate and indeed necessary prior to hearing of the summary judgment motion. Deficiencies in a summary judgment affidavit are waived if they are not raised before the trial court rules on the motion. Defects in evidence submitted in opposition to a motion for a summary judgment are waived "absent a motion to strike or other objection."

Memorandum Supporting Motion to Strike Declarations - Page 2 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

*Federal Deposit Ins. Corp. v. New Hampshire Ins. Co.,* 953 F.2d 478, 484-85(9th. Cir. Cal.1991); *Scharf v. United States Attorney General,* 597 F.2d 1240, 1243 (9th Cir. 1979). *See Allen v. Scribner,* 812 F.2d 426, 435 n. 18 (9th Cir.) ("If a party fails to move to strike an affidavit that is allegedly defective under Rule 56(e), he waives any objection to it.").

FRCP 56(e) prevents consideration of statements on summary judgment if the statements are not based on personal knowledge and are not admissible at trial (*Federal Deposit Ins. Corp. , id,* at 484-85). "Any statements consisting of inadmissible evidence must be treated as mere surplusage and disregarded." *Washington Public Utility District v. PUD #1*, 112 Wn.2d 1, 17; 771 P.2d 701 (1989).

FRCP 56(e) requires that affidavits submitted in summary judgment proceedings be made on personal knowledge and set forth such facts as would be admissible in evidence. The affiant must affirmatively show competence to testify to the matters stated. It is not enough that the affiant be "aware of" or be "familiar with" the matter. Personal knowledge is required. Inadmissible statements cannot be considered in determining whether the opposing party has raised an issue of material fact sufficient to preclude summary judgment. *Skillsky v. Lucky Stores, Inc.,* 893 F.2d 1088, 1091 (9th Cir.1990); *Marks v. Benson*, 62 Wash. App. 178, 182; 813 P.2d 180 (1991) citing *Guntheroth v. Rodaway*, 107 Wn.2d 170, 178; 813 P.2d 180 (1986). Unsupported conclusory statements and legal opinions cannot be considered in a summary judgment motion (id, at 182).

"Affidavits submitted in support of or in response to a summary judgment motion must set forth facts that would be admissible in evidence." (CR 56(e)) Unless an affidavit sets forth facts, evidentiary in nature, that is information as to "what took place, an act, an incident, or reality as distinguished from a supposition or opinion", the affidavit does not raise a genuine issue for trial. *Crane and Associates v. Felice*, 74 Wn. App. 769, 779; 875 P.2d 705 (1994).

Memorandum Supporting Motion to Strike Declarations  - Page 3 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1    With a 12(b)(1) motion to dismiss for lack of jurisdiction, a court may
2 weigh the evidence to determine whether it has jurisdiction. . However, where the
3 jurisdictional issue and substantive claims are so intertwined that resolution of the
4 jurisdictional question is dependent on factual issues going to the merits, the
5 district court should employ the standard applicable to a motion for summary
6 judgment. *Autery v. U.S.,* 424 F.3d 944, 956 (9th Cir. Wash. 2005).

7    Declarations of fact witnesses as opinions going to ultimate issue of fact
8 should not be considered by the trial court in ruling on a motion for summary
9 judgment and should be stricken. (*Estate of Keck v. Blair*, 71 Wn.App. 105, 115-
10 16(1993) where the court noted at 116 that "The 'facts' required by CR 56(e) to
11 defeat a summary judgment motion are evidentiary in nature.   Ultimate facts or
12 conclusions of fact are insufficient.").

13    The determination of conclusions, appropriate from facts presented, are to
14 be left to the finder of fact (*LaMon v. Butler*, 112 Wn.2d 193, 199(1989) at
15 footnote 5 where the court stated "We are well aware that summary judgment
16 decisions should not involve the resolution of factual issues.  Such is the province
17 of the fact finder at trial.  Yet, Washington courts have held many times that
18 summary judgment should be granted when reasonable persons, giving all
19 reasonable inferences to the nonmoving party, could only conclude that the
20 moving party is entitled to judgment.  In such cases, there is no genuine issue of
21 material fact).  The Supreme Court affirmed the summary judgment granted in
22 *LaMon*, *supra*.

23

24           **III.  CONCLUSORY STATEMENTS**
25    In addition to the rule that statements made and affidavits be made of the
26 character that would be admissible in evidence, i.e., the witness must be competent
27 to testify and must testify from personal knowledge, the statements themselves
28

Memorandum Supporting Motion to Strike Declarations  - Page 4 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

must not be conclusory in nature. Affidavits containing a conclusory statement without adequate factual support are insufficient to defeat a motion for summary judgment (*Leer v. Murphy,* 844 F.2d 628, 631 (9th Cir.1988); *Guile v. Ballard Community Hospital*, 70 Wash. App. 18, 25; 851 P.2d 689 (1993). A party's affidavit is not sufficient to support a summary judgment if it consists of no more then legal conclusions unsupported by specific facts (*Parkin v. Colocousis*, 53 Wash. App. 649, 652; 769 P.2d 326 (1989).

### IV. SPECIFIC SECTIONS OF DECLARATIONS OR DEPOSITIONS OBJECTED TO WITH STATEMENT OF OBJECTION

The specific sections of declarations or depositions objected to by Defendant are set forth below.

A. DECLARATION OF MRS. BONNIE GORDON MARCH 9, 2006 (EXHIBIT A, pages 10 to 16, TO THIS MEMORANDUM.)

Page 2/lines 1-4 are argumentative.

Page 2/lines 6-13 are conclusory, are hearsay derived from comments from Mr. Gordon and irrelevant.

Page 2/lines 15-13 are argumentative and conclusory.

Page 2/commencing at line 24 to page 3/line 5 are irrelevant.

Page 3/lines 6-11 are conclusory and irrelevant.

Page 4/lines 19-20 are argumentative and conclusory.

Memorandum Supporting Motion to Strike Declarations - Page 5 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Page 5/commencing at line 23 to page 6/line 10 is conclusory and irrelevant.

These portions of the March 9, 2006 Declaration of Mrs. Gordon should be stricken, found incompetent as failing to meet evidentiary standards and wholly disregarded by the court.

B. DECLARATION OF MS. JAMILA GORDON MARCH 9, 2006 (EXHIBIT B, pages 17-23, TO THIS MEMORANDUM.)

Page 2/lines 5-19 are irrelevant and conclusory.

Page 2/line 21 to page 3/line 4 are argumentative, hearsay as derived from Mr. James Gordon, conclusory and irrelevant.

Page 3/lines 5-10 are irrelevant to the Motion to Compel or to Disqualify.

Page 3/lines 5-10 are illustrative of the direct assistance or legal representation provided by Plaintiff Mr. James Gordon to the Third Party Defendants.

Page 3/lines commencing at 24 to page 4/line 2 are argumentative and conclusory.

Page 4/lines 19-20 are irrelevant, conclusory and argumentative.

Page 5/lines 9-12 are conclusory.

These portions of the March 9, 2006 Declaration of Ms. Jamila Gordon should be stricken, found incompetent as failing to meet evidentiary standards and

Memorandum Supporting Motion to Strike Declarations - Page 6 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

wholly disregarded by the court.

C. DECLARATION OF MRS. BONNIE GORDON MARCH 17, 2006 (EXHIBIT C, pages 24-40, TO THIS MEMORANDUM.)

Page 2, paragraph 2 at lines 5-10 are conclusory and irrelevant to the Causes of Action of Third Party Plaintiff.

Page 2, paragraph 3 at lines 11-17 are conclusory and irrelevant.

Page 2, paragraph 4 commencing at line 18 to page 3/line 4 is argumentative, conclusory, relies on hearsay and irrelevant to Causes of Action brought by the Third Party Plaintiff.

Page 3/lines 5-17 are irrelevant and conclusory.

Page 3/paragraph 6 lines 18-page 4 line2 are irrelevant, argumentative and conclusory.

Page 4/paragraph 7/lines 3-20 are argumentative, conclusory and irrelevant to the Third Party Plaintiff causes of action.

Page 4/paragraph 8 commencing at line 22 to page 5 line 11 is irrelevant and conclusory.

Page 5/paragraph 9/lines 12-23 are in part made in reliance on hearsay from Plaintiff Mr. Gordon, are argumentative, conclusory, and irrelevant.

Page 5/paragraph 10 is irrelevant.

Memorandum Supporting Motion to Strike Declarations - Page 7 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Page 6/paragraph 11/lines 1-13 is conclusory and irrelevant.

Page 6/paragraph 12 is irrelevant.

Page 6/paragraph 13 commencing at line 25 to page 7/line 8 is irrelevant.

These portions of the March 17, 2006 Declaration of Mrs. Gordon should be stricken, found incompetent as failing to meet evidentiary standards and wholly disregarded by the court.

D.  DECLARATION OF MS. JAMILA GORDON MARCH 20, 2006 (EXHIBIT D, pages 41-61, TO THIS MEMORANDUM.)

Page 2/lines 2 through page 3/line 3 are conclusory.

Commencing at Page 3 through page 7 and concluding with page 8/line 4, of the Declaration of Ms. Jamila Gordon, the paragraphs are identical or very similar to those found in the Declaration of Mrs. Bonnie Gordon of March 17, 2006.  The same grounds to exclude these portions of the Declaration of Ms. Jamila Gordon are recited in the above arguments regarding the Declaration of Mrs.  Bonnie Gordon with those arguments incorporated by this reference.

Page 8/lines 5-15 are argumentative, conclusory and irrelevant.

These portions of the March 20, 2006 Declaration of Ms. Jamila Gordon should be stricken, found incompetent as failing to meet evidentiary standards and wholly disregarded by the court.

Memorandum Supporting Motion to Strike Declarations  - Page 8 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

E.  DECLARATIONS OF MR. JONATHAN AND MR. JAMES III GORDON MARCH 20, 2006 (EXHIBIT E, pages 62-65, AND F, pages 66-69, TO THIS MEMORANDUM.)

These declarations are primarily conclusory and argumentative.

The Declarations of Mr. Jonathan and Mr. James III Gordon of March 20, 2006 should be stricken, found incompetent as failing to meet evidentiary standards and wholly disregarded by the court.

Respectfully Submitted,

DATED this 2nd day of   April, 2006.

**LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE**

**s/ FLOYD E. IVEY**
**Floyd E. Ivey, WSBA #6888**
**Attorneys for the Defendant Impulse**

I hereby certify that on April 2, 2006, I electronically filed **Defendant and Third Party Plaintiff Memorandum in Support of Motion to Strike** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily Abbey and Jamila Gordon.

S/ FLOYD E. IVEY
FLOYD E. IVEY

Memorandum Supporting Motion to Strike Declarations  - Page 9 of 9

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581