1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
5
   Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff
10
   ROBERT SIEGEL
11 Attorney At Law
   1325 Fourth Avenue, Suite 940
12 Seattle, WA 98101-2509
   Attorney for Plaintiff
13

14
                  UNITED STATES DISTRICT COURT FOR THE
15
                    EASTERN DISTRICT OF WASHINGTON
16
17 JAMES S. GORDON, JR.,             )           No. CV-04-5125-FVS
                                     )
18         Plaintiff,                )
                                     )
   vs.                               )   MEMORANDUM:  DEFENDANT
19                                   )   AND THIRD PARTY PLAINTIFF'S
   IMPULSE MARKETING GROUP,          )   RESPONSE TO THIRD PARTY
20 INC.,                             )   DEFENDANT'S ASSERTIONS RE:
                                     )   DISQUALIFICATION
21         Defendant                 )
   _____  )   WITHOUT ORAL ARGUMENT
22                                   )
   IMPULSE MARKETING GROUP,          )
23 INC.,                             )
                                     )
24         Third-Party Plaintiff,    )
                                     )
   vs.                               )
25                                   )
   BONNIE GORDON, et al.,            )
26                                   )
           Third-Party Defendants.   )
27

28

Defendant's Memorandum in Response to Motion for        LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Disqualification  - Page 1 of 7                                      Attorneys at Law
                                                                       P.O. Box 6125
                                                             Kennewick, Washington 99336-0125
                                                                     (509) 735-3581

Dockets.Justia.com

1

2

3

# I. INTRODUCTION

4      Ms. Jamila Gordon and Mrs. Bonnie Gordon make assertions in their

5  Declarations respectively of March 17, 2006 and March 20, 2006 regarding the

6  issue of disqualification of attorney Floyd E. Ivey from this matter.  The assertions

7  by Mrs. Bonnie Gordon appear to duplicate or overlap those found in the

8  Declaration of Ms. Jamila Gordon.

9      Attorney Ivey appeared for defendants in the present matter in January,

10  2005 and thereafter in the Eastern District Court matter of Gordon v. Ascentive

11  CV-05-5079-FVS and the Benton County case of Gordon v. Efinancials LLC.

12      Argument and law have been previously provided by Defendant and Third

13  Party Plaintiff specifically directed to the issue of disqualification.  The

14  subsequent assertions by Ms. Jamila Gordon and Mrs. Bonnie Gordon are now

15  addressed.

16

17      # II. PARTIES SELECTING COUNSEL OF CHOICE

18      Ms. Jamila Gordon's Declaration, page 1/paragraph 2 lines 5-page 2/line 3,

19  found as Exhibit 1, pages 8 to 28, to this Memorandum,  have been objected to in

20  Defendant and Third Party Plaintiff's separate Motion to Strike Portions of

21  Declarations and Defendant has asked the Court to disregard the specific portions

22  of the Declaration of Ms. Jamila Gordon.  These portions of Ms. Gordon's

23  Declaration of March 20, 2006 relate to the issue of a party having counsel of its

24  choice.  Ms. Gordon argues that Ivey is not the counsel of choice but is a

25  subcontractor to primary counsel.  Ms. Gordon cites no authority for the position

26  taken.

27      Ms. Godson does not acknowledge Mr. Ivey's representation of the defense

28  in the cases of Gordon v. Ascentive and Gordon v. Efinancials, the role therein

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  played by attorney Ivey and the absence of issues raised by Plaintiff Gordon

2  regarding Conflict.

3       The arguments fail.  There was no conflict in representation.  If there is a

4  question of prior representation the Plaintiff has waived the issue by the failure to

5  timely bring the matter of disqualification to the attention of the court.  The

6  Motion to Disqualify should be denied.

7

8

9           **III.  PRIVILEGED COMMUNICATIONS ALLEGED**

10

11       Ms. Jamila Gordon's Declaration, page 5, paragraph 9 alleges an attorney

12  client relationship between Mr. Gordon and attorney Ivey by her discussions with

13  Plaintiff Mr. Gordon.  Ms. Gordon's Declaration has been objected to with the

14  request that the testimony be disregarded as hearsay, conclusory and

15  argumentative.  However, the court is referred to The Declaration of Floyd E. Ivey,

16  regarding the issue of disqualification, and Exhibit C which is the email between

17  attorney Ivey and attorney McKinley of November 2, 2005, some eleven months

18  after an initial discussion of any contention by Mr. Gordon of a conflict and with

19  the conclusion that there would be no further contention of conflict raised.

20       The court is also again referred to Exhibit I to the Declaration of Floyd E.

21  Ivey which comprises the email from Mr. Gordon to then Attorney General

22  Gregoire, State Representatives Shirley Hankins and Jerome Delvin and State

23  Senator Patricia Hale wherein Mr. Gordon addresses his concern and legislative

24  proposals regarding unwanted electronic mail messages.  Mr. Gordon's

25  communications negate arguments that Mr. Gordon retained confidentiality

26  regarding his efforts relative to electronic mail messages.

27       Additionally, regarding confidentiality, Ms. Jamila Gordon's Declaration at

28  paragraph 9 and paragraph 11, references her Exhibit 7 and knowledge by attorney

Defendant's Memorandum in Response to Motion for Disqualification  - Page 3 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Mr. Ivey as evidence that attorney Ivey demonstrated awareness of confidential

2  information.  Ms. Gordon asserts that "...The actual mention of CMG was via

3  hyperlink to a web site created by my father, which contained...I believe the web

4  site has been taken down.  on the surface, it appears that Mr. Ivey has direct

5  intimate knowledge of both sides in the instant conflict..."

6         However, the web sites referenced at Exhibit 7 have not been taken down.

7  Exhibit 2, pages 29 to 30, to this Memorandum illustrates the extensive presence

8  of Mr. James Gordon's litigation efforts including reference to American

9  Homeowners Assn, Commonwealth Marketing Group and Theodore Hansson Co.

10 Reference, in

11 Exhibit 2, pages 29 to 30, is made to ORDER DENYING DEFENDANT'S

12 MOTION TO DISMISS relative to Mr. Gordon's December 2001 filing of Gordon

13 v. Commonwealth.

14        Exhibit 3, pages 31 to 37, to this Memorandum demonstrates the results of a

15 search of Ms. Gordon's reference to the Exhibit 7 web site found at

16 www.gordonworks.com/spam where the Complaint of Gordon v. Kraft CV 05-

17 5002-EFS is found.

18        Exhibit 4, pages 38 to 56, is the Exhibit 7 web site where Gordon v.

19 Commonwealth Complaint is found at

20 www.gordonworks.com/spam/commonwealthmarketinggroup.htm.  Additionally,

21 Defendant Impulse's attorneys Mr. Sean Moynihan and Mr. Peter Glantz were

22 long before aware of the matter of Gordon v. Commonwealth as evidenced by the

23 recitation to the case in the Impulse Motion to Dismiss brought in the current

24 matter.

25        Exhibit 5, pages 57 to 60, is a January 4, 2004 reference to Mr. Gordon's

26 litigation in Commonwealth.

27        Exhibit 6, pages 61 to 64, is a reference dated September 24, 2004 of Mr.

28 Gordon's formation of "Informal Coalition of Private Anti-spam Litigants

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  (ICPAL).  Mr. Gordon's formation of ICPAL is seen at the second page of Exhibit

2  6,  pages 61 to 64.

3       Exhibit 7, pages 65 to 67, refers to Mr. Gordon's filing of the

4  Commonwealth case.  Page 2 of Exhibit 7 indicates that Mr. Gordon awaited news

5  of a settlement, on September 12, 2006, in the Commonwealth case.

6       Exhibit 8, pages 68-71, indicates the approaches taken by Mr. Gordon in

7  analyzing electronic mail messages to determine if statutory violations had

8  occurred.

9

10  **IV.  CONCLUSION-DISQUALIFICATION FAILS AND SANCTIONS ARE**

11                          **SOUGHT**

12

13       It is asserted that there was no representation by attorney Ivey of Mr.

14  Gordon relative to Mr. Gordon's Anti-spam efforts.  The issue was addressed prior

15  to attorney Ivey engaging to represent Defendants relative to Mr. Gordon's efforts.

16  The first reference to a possible conflict was made November 2, 2005 in email

17  from attorney Mr. McKinley.  The reference was immediately challenged by

18  attorney Ivey and Mr. McKinley advised that the issue would be dropped.

19  Attorney Ivey, at the time of Mr. McKinley's comment, was representing

20  Defendants in Impulse Marketing Group, Ascentive LLC and Efinancials LLC.

21  and had then represented Impulse for some eleven months.  Motions challenging

22  jurisdiction and venue were brought by attorney Ivey in Ascentive LLC and

23  Efinancials LLC.  Venue was changed, in Efinancials LLC, from Benton County

24  to King County.

25       Further, pursuant to Rule 11(c)(1)(B), Defendant and Third Party Plaintiff

26  Impulse respectfully requests that this Court impose sanctions upon Third Party

27  Defendants on the ground that Third Party Defendants' raising of the issue of

28  Disqualification was frivolous and would have been understood to be frivolous

Defendant's Memorandum in Response to Motion for
Disqualification  - Page 5 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

upon a reasonable investigation by Third Party Defendants.  Defendant has given

notice to the Third Party Defendants, by correspondence and by this reference, that

sanctions will be sought and that the issue of disqualification should be

withdrawn.  Impulse requests that this Court impose sanctions upon Third Party

Defendants in an amount equal to the time and money expended by counsel for

Impulse in researching, preparing and filing responses to the issue of

Disqualification.  Attorney Ivey has previously addressed the time for research and

drafting associated with the initial response.  This reply to the Declarations of Mrs.

Bonnie Gordon and Ms. Jamila Gordon has required an additional five hours of

research and drafting by attorney Ivey.  Further, the Initial Response by Defendant

and Third Party Plaintiff constituted notice under Fed. R. Civ. P. 11(c)(1)(A) more

than 21 days prior to the date of the scheduled hearing on April 10, 2006.

Sanctions should be imposed.  *Cook v. Peter Kiewit Sons, Co.*, 775 F.2d 1030,

1037 n. 13 (9th Cir.1985); *Business Guides v. Chromatic Communications,*

*Enterprises,* 892 F.2d 802, 811 (9th Cir.1989), *aff'd* 111 S.Ct. 922 (1991).


       DATED this 2nd day of   April, 2006.


                         **LIEBLER, IVEY, CONNOR, BERRY & ST.**
                         **HILAIRE**




                         **s/ FLOYD E. IVEY**
                         **Floyd E. Ivey, WSBA #6888**
                         **Attorneys for the Defendant Impulse**




       I hereby certify that on April 2, 2006, I electronically filed DEFENDANT

Defendant's Memorandum in Response to Motion for
Disqualification  - Page 6 of 7

1    AND THIRD PARTY PLAINTIFF'S RESPONSE TO THIRD PARTY
     DEFENDANT'S ASSERTIONS RE: DISQUALIFICATION with the Clerk of the
2    Court using the CM/ECF System which will send notification of such filing to
     Robert Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have
3    served the foregoing to the following non-CM/ECF participants by other means:
     Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Emily
4    Abbey and Jamila Gordon.

5

6
                                    S/ FLOYD E. IVEY
7
                                    FLOYD E. IVEY
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Memorandum in Response to Motion for
Disqualification  - Page 7 of 7