```
                                                FILED IN THE
                                             U.S. DISTRICT COURT
                                         EASTERN DISTRICT OF WASHINGTON

                                              APR 04 2006

                                          JAMES R. LARSEN, CLERK
                                         _____ DEPUTY
                                           RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr.,    Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | RESPONSE TO IMPULSE'S MOTION TO DISMISS THIRD PARTY COUNTERCLAIMS |
| Impulse Marketing Group, Inc., | |
| Defendant | |
| | |
| Impulse Marketing Group, Inc., Third-Party Plaintiff, | |
| v. | |
| Robert L. Pritchett, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

1

## INTRODUCTION

Unlike other third party defendants, I did not have an opt-in address at gordonworks.com. I have not/never visited an Impulse web site.

Impulse's entire defense is based on the now apparent lie that third party defendants somehow conspired against it – when it was Impulse that failed to follow its own internal procedures, memoranda, and orders from the principal that hired it regarding the cessation of sending of email to "gordonworks.com". If Impulse had complied with its own internal guidelines and instructions from CMG, the likelihood of claims and counterclaims would have been reduced considerably.

Third party defendant has exerted as much or more effort, time, and expense (proportionately) than Impulse in the defense of this SLAPP suit. Impulse's causes of action are entirely baseless. Even, if one assumes that each claim was valid, all "bets were off" by 10/21/03 letter's admissions, above. I should not have been drawn into this matter.

### Response to Argument - I

The reference to a civil not a criminal matter was, in fact, a reference to the above captioned case. This case has morphed into a criminal case in terms of third party defendant's causes of action as per RCW 19.170 and RCW 4.25. It is my belief/understanding that each of these claims falls under the criminal code of Washington State. Impulse proves each assertion by its errors and omissions.

Impulse asserts in its "Second Amended Complaint" (document 185), nos. 12 and 60, that "third party defendants received free products". This assertion is a lie. But it is more interesting as the truth, because it belies Impulse's assertion that false

profiles were provided by third party defendants. How could a third party defendant receive free products at false addresses and with false names?

Impulse admits in No. 1 of its second amended complaint (document 185), "Impulse…collects personally identifiable information from individuals…". That personally identifiable information includes social security numbers and dates of birth – fodder for identity theft. Impulse also admits in Nos. 3 and 4 it collects these data for marketing purposes as substantial revenue ensues. This practice of buying and selling personally identifying information for profit has and is being done in violation of RCW 9.35 et seq. The foregoing violation of criminal statutes of Washington State supports my belief that Impulse is engaged in criminal conspiracies to violate numerous laws. Because these violations take place across state lines and internationally, I believe that the violations are federal crimes.

### Response to Argument - II

Impulse was so anxious to crush the opposition in this lawsuit that it sued all the prospective witnesses as provided by Plaintiff. This SLAPP suit included Richland Police Officer, Lew Reed.  Impulse later dropped the lawsuit versus Officer Reed.

CMG mentions in correspondence to Impulse by CEO, Robert Kane, that Washington State courts have ordered him to not send email to "gordonworks.com". That letter dated 2/9/04 was previously entered into evidence via sworn statements by me. Impulse was aware of Plaintiff's complaints to government agencies. This is a prima facie violation of RCW 4.25 et seq.

### Response to Argument - III

In light of Impulse's clarification of this point of law, I stipulate that this "claim" should, in fact, be an affirmative defense.

3

### Response to Argument – IV

This may be the easiest claim to prove to a jury as Impulse knew as early as September and October 2003, that "gordonworks.com" was to get no more email ads. From that point forward, it carelessly, callously, maliciously, and/or fraudulently lambasted me in its false representations to this Court and to all who read these proceedings, that I was/am a criminal co-conspirator with Plaintiff.

Impulse's foreknowledge of its obligation to avoid sending the undersigned email and its subsequent lies to cover its misdeeds is in fact fraudulent and/or perjury. Impulse's mischaracterizations of me as a criminal co-conspirator (perpetrating fraud, deceit, malice and the like) is being (posted on web sites and) read by people, internationally and constitutes a violation of the libel statute. **Exhibit 1** is an actual web site's URL, namely, http://www.spamhaus.org/rokso/evidence.lasso?rokso_id=ROK5431   The site provides comments on this case and a link to a site with documents from this case.

### Response to Argument – V

I withdraw this counterclaim at this time.

### Response to Argument - VI

The pattern of violating criminal statutes has been established. Impulse and/or its agents email advertisements for counterfeit drugs, "unlabelled" pornography, pirated software, securities schemes, and mortgage scams to obtain personally identifiable information for profit. Impulse has "employed" (contracted with) Mr. Jeffrey Peters, a felon on parole in FL for grand larceny and drugs offenses to send email on its behalf. It has also "employed" Mr. Scott Richter (CO) – successfully

sued by New York State and Microsoft for illegal spamming. It is also employing an alleged porn spammer from Canada, Azoogle.

In the introduction above this issue was discussed. Impulse has admitted to collecting personally identifiable information (in its second amended complaint – Nos. 3-4). Impulse admits to obtaining email addresses ostensibly for marketing purposes, i.e. buying and selling these email addresses and profiles for profit. Impulse either perpetrates or abets fraud by promising prizes and not delivering the prizes apparently in order to buy and sell personally identifying information in violation of this statute.

Impulse then lies to this Court claiming that it delivered prizes to third party defendants at their allegedly "fraudulent" profiles, i.e. addresses (Impulse's Second Amended Complaint, Nos. 12 and 60).

It is my limited understanding of the law that a federal judge has wide discretion in terms of hearing state matters and deciding same. That is why I have submitted this claim to this Court.

Impulse has failed to answer discovery, which could name the actual parties that are liable under each of the criminal statutes cited in my answer and counterclaims. I believe the withholding of this information is an activity that abets the same criminal violations above and protects the "guilty" parties.

## Conclusion

At the basis of each of my claims is a good-faith belief (and typically documentation, too) to support that claim. Sanctions are not in order. Each party has a right to its own defense. As Impulse has knowingly sued pro se defendants

without cause, it should not be rewarded solely on the basis that an attorney(s) prepared its filing with this Court. I believe that I have properly pled and introduced evidence that indicates that I have a good-faith belief that I have been wronged by Impulse – civilly and criminally.

The undersigned third party defendant requests that this Court deny Impulse's request for dismissal of my counterclaims.

Upon further investigation, the undersigned may amend its counterclaims to include Rule 11 violations by Impulse as the claims which it has set before this Court have disintegrated in the face of documents between CMG and Impulse demonstrating its knowledge of third party defendant's desire not to receive email and its subsequent fraudulent cover story to deflect its culpability in a criminal scheme against me and others.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Robert L. Pritchett
1952 Thayer Drive
Richland, WA 99354
509-210-0217

EXECUTED this 4th day of April, 2006

_/s/ Robert Leigh Pritchett_____

Certificate of Service

I, hereby, certify that on April 4, 2006, I filed this affidavit with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, James Gordon III, Jonathan Gordon, Bonnie Gordon, and Emily Abbey by other means.

_/s/ Robert Leigh Pritchett_____

6

# SPAMHAUS



THE SPAMHAUS PROJECT

| Spamhaus | SBL | XBL | ROKSO |

Home | About ROKSO | ROKSO FAQs | Advanced Search        *Register Of Known Spam Operations*



[Search box] Search

## Jeffrey P Goldstein / Gregory Greenstein - emailhello.com / impulse marketing

SBL Listings | Index

Country: **United States**   State: **Georgia**

| ROK1370 - Main Info | GO |

**LEGAL: Spammers sued, counter with an ugly SLAPP countersuit**                              ROK5431

*When caught spamming in violation of the law, spammers seem to do any of several things: Pay up, run and hide, or try and fight back by using underhanded tactics. Since laws against perjury before the courts in the USA are seldom, if ever, enforced, most spammer suits, and in this case, countersuits, seem to be based on the idea popularized by Joseph Gobbels, the Nazi Germany Minister of Propaganda. Herr Gobbels came up with the "Big Lie:" Tell a big enough falsehood, and many times people will swallow it.*

In their response to the plaintiff's complaint, the spamming defendants would have made the Propaganda Minister proud. To those who are familiar with what Impulse Marketing Group has done over the years, reading this response is actually quite funny.

The SLAPP ( http://www.thefirstamendment.org/antislappresourcecenter.html#What%20are%20slapps ) nature of the countersuit should prove interesting, as the state (Washington) where the plaintif located had enacted some of the first ( http://www.casp.net/statewa.html ) anti-SLAPP laws ( http://www.casp.net/wa-stat.html ) in the USA.

▽ **Related URLs**
PDF files of legal documents in Gordon v. IMG action

The address of this ROKSO record is: http://www.spamhaus.org/rokso/evidence.lasso?rokso_id=ROK5431

The above consists of information in the public domain. The Spamhaus Project makes every effort to avoid errors in submissions to the database, and will correct any errors, but accepts no responsibility or liability for any errors, or liability for any loss or damage, consequential or otherwise, incurred in reliance on the material in these pages. The information on this site is for information purposes only and is not intended as legal advice of any kind.

THE SPAMHAUS PROJECT
HOME

