Gordon v. Impulse Marketing Group Inc                                                                Doc. 341
Case 2:04-cv-05125-FVS    Document 341    Filed 04/05/2006

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 0 5 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, <br> vs. <br> Impulse Marketing Group, Inc., <br> Defendant <br><br> Impulse Marketing Group, Inc., <br> Third-Party Plaintiff, <br> v. <br> Jamila E. Gordon, Third-Party Defendant | Case No.: CV-04-5125-FVS <br><br> DECLARATION AND RESPONSE TO IMPULSE MEMORANDUM RE: MOTION TO STRIKE |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

Jamila E. Gordon declares as follows:

1) I, Jamila E. Gordon, am a named third party defendant in the above captioned lawsuit. I am over the age of 18 and am otherwise competent to testify.

2) I have been a member of Omni Innovations, LLC (Omni) Board of Directors since July 2004. **Exhibit 1**

3) I have attached a true copy of our Articles of Incorporation written in July 2004, but revised in January 2006 to reflect a change of address.

4) I have faithfully discharged my duties as a board member to be apprised of any and all litigation, and the prospects for same. Further, the "gordonworks.com" domain is one of the properties of Omni. Therefore, I also exercise an oversight capacity in terms of its litigation.

5) Mr. Floyd Ivey represented Omni in terms of developing contracts for its use. Mr. Ivey is now representing Impulse, a party with interests adverse to Omni's.

6) Mr. Ivey was given a full appraisal of Omni's litigation strategy (including the Gordon v. Commonwealth Marketing Group suit) over the period of September 2003 to January 2004. Mr. Ivey should be barred or disqualified from the current litigation.

7) Counterclaims (for illegal spamming) made against Impulse include my personal domain which is hosted on the Omni server as well as claims for and by Omni for illegal spamming by Impulse under state and federal laws.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

### Response to Motion to Strike

My status as a member of Omni's Board of Directors gives me standing to argue for or on behalf of Omni and its Board. Therefore, other than lines 1-4, my declaration should be allowed to stand in its entirety.

Jamila E. Gordon

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

EXECUTED this 5th day of April, 2006

_____ P O A

### Certificate of Service

I, hereby, certify that on April 5, 2006, I filed this affidavit with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Bonnie Gordon, James Gordon III, Jonathan Gordon, Emily Abbey, and Robert Pritchett by other means.

_____ P O A

# ARTICLES OF INCORPORATION OF Omni Innovations, LLC

The undersigned, a natural person of the age of 18 or more, for the purpose of forming a corporation under the Washington Business Corporation Act of the State of Washington hereby adopt the following Articles of Incorporation:

## ARTICLE I. Name

The name of the corporation is Omni Innovations, LLC.

## ARTICLE II. Stock

The aggregate number of shares of stock, which the corporation shall have authority to issue is 2,000,000 shares of common stock, each of which shall have no par value.

## ARTICLE III. Registered Agent/Office

The address of the corporation's registered office in the state of Washington is : 9804 Buckingham Drive, Pasco, WA 99301, and the name of its registered agent at such address is Mr. James S. Gordon, Jr.

## ARTICLE IV. Incorporator

The name and address of the incorporator is as follows: Mr. James S. Gordon, Jr., 9804 Buckingham Drive, Pasco, WA 99301.

The undersigned incorporator declares under penalty of perjury that she has examined the foregoing Articles of Incorporation and that to the best of her knowledge, information and belief, the information contained therein is true, correct, and complete.

Signature(s) of incorporator(s)

_____

The person to contact with any questions concerning this filing is: Mr. James S. Gordon, Jr., 9804 Buckingham Drive, Pasco, WA 99301.

## ARTICLE V. Initial Board of Directors

The number of directors to constitute the board of directors shall be two, as determined by the bylaws of the corporation. The names and addresses of the initial board of directors are as follows:

| Name | Address |
|---|---|
| James S. Gordon, Jr. | 9804 Buckingham Drive, Pasco, WA 99301 |
| Bonnie F. Gordon | 9804 Buckingham Drive, Pasco, WA 99301 |
| Jamila E. Gordon | Corvallis, OR |

## ARTICLE VI. Perpetual Duration

The duration of the corporation is perpetual.

## ARTICLE VII. Purpose

This corporation is organized and formed to engage in any lawful act or activity for which corporations may be organized under the Washington Business Corporation Act.

## ARTICLE VIII. Grant of Preemptive Rights

Article I

The preemptive rights of shareholders to acquire additional shares of capital stock of the corporation are as follows: each shareholder shall be entitled as a matter of right to subscribe for, purchase or otherwise acquire any additional shares of the specific class of stock of the corporation held by the respective shareholder including, but not limited to, shares which are authorized herein but issued on or hereafter the date of incorporation, shares which are subsequently authorized and issued and shares which are acquired and reissued by the corporation.

## ARTICLE IX. Bylaw Amendments

The board of directors may repeal or an end the bylaws of the corporation and may adopt new or additional bylaws, and the articles of incorporation shall he amended as provided in the Washington Business Corporation Act.

## ARTICLE X. Cumulative Voting for Directors

Article I

There shall be no cumulative voting for directors.

## ARTICLE XI. Board Vacancies

Any vacancy of the board of directors may be filled by the affirmative vote of majority of the remaining directors. Any director so elected shall serve until the director's successor has been elected and qualified.

## ARTICLE XII. Indemnification

The corporation shall have the power to indemnify to the fullest extent permitted by law any person who is made, or threatened to be made, a party to any action, suit or proceeding, whether civil, criminal, administrative, investigative or otherwise (including an action, suit or proceeding by or in the right of the corporation) by reason of the fact that the parson is or was a director, officer, employee or agent of the corporation, or a fiduciary within the meaning of the Employee Retirement Security Act of 1974, as amended, with respect to any employee benefit plans of the corporation, or serves at the request of the corporation as a director, officer, employee, or agent, or as a partnership, joint venture trust or other enterprise, and their respective heirs, administrators, personal representatives, successors and assigns. Indemnification specifically provided by the Washington Business Corporation Act shall not be deemed exclusive of any other rights to which such director, officer, employee or agent may be entitled under any agreement, vote of shareholders or disinterested directors or otherwise. The corporation, its officers, directors, employees or agents shall be fully protected in taking any action or making any payment under this Article or in refusing to do so upon the advice of independent counsel.

## ARTICLE XIII. No Personal Liability

No director of the corporation shall be personally liable to the corporation or its shareholders for monetary damages for conduct as a director, except that this provision shall not apply to: (a) Any breach of the director's duty of loyalty to the corporation or its shareholders; (b) Any acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law; (c) Any distribution which is unlawful: (d) Any transaction from which the director derived an improper personal benefit; or (e) Any act or omission occurring prior to the date on which these Articles of incorporation are filed with the Secretary of State.

## ARTICLE XIV. Corporation Purchase of its Own Shares

The corporation shall have the right to purchase, directly or indirectly, its own shares to the extent of unreserved and unrestricted capital surplus available therefore.