1  FLOYD E. IVEY
   Liebler, Ivey, Connor, Berry & St. Hilaire
2  P. O. Box 6125
   Kennewick, WA 99336-0125
3  509-735-3581
   Attorneys for Defendant
4  Impulse Marketing Group, Inc.
   and Third Party Plaintiff

5  Klein, Zelman, Rothermel, & Dichter, L.L.P.
6  By:   Sean Moynihan, Esq.; Peter Glantz
   485 Madison Avenue
7  New York, New York 10022
   Telephone Number (212) 935-6020
8  Facsimile Number (212) 753-8101
   Attorneys for Defendant
9  Impulse Marketing Group, Inc.
   and Third Party Plaintiff

10
   ROBERT SIEGEL
11 Attorney At Law
   Attorney for Plaintiff
12

# UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR.,          Plaintiff, vs. IMPULSE MARKETING GROUP, INC.,          Defendant _____ IMPULSE MARKETING GROUP, INC.,          Third-Party Plaintiff, vs. BONNIE GORDON, et al.,          Third-Party Defendants. | No. CV-04-5125-FVS  DEFENDANT AND THIRD PARTY PLAINTIFF'S MEMORANDUM RESPONSE TO PLAINTIFF'S MOTIONS TO AMEND COMPLAINT  AND RENOTING OF DEFENDANT'S MOTION TO COMPEL  FOR HEARING CONTEMPORANEOUS WITH PLAINTIFF'S MOTION TO AMEND COMPLAINT  MAY 1, 2006 |

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 1 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## INTRODUCTION

Plaintiff, James Gordon ("Plaintiff"), has moved to amend his Complaint. He scheduled this motion for a return date of May 1, 2006. Plaintiff then moved to expedite his motion to a return date of April 7, 2006 by scheduling the motion to expedite without oral argument on Friday, March 31, 2006, effectively "short-serving" Defendant, Impulse Marketing Group, Inc. ("Defendant").

Defendant interposed a timely objection to Plaintiff's motion to expedite requesting the Court to deny the motion to expedite. Plaintiff's continued failure to comply with the Federal Rules of Civil Procedure is becoming more and more burdensome and costly for Defendant. Nevertheless, Defendant now opposes Plaintiff's motion to amend and renews Defendant's request for oral argument on the motion to amend the Complaint.

## TIME TO ANSWER AN AMENDED COMPLAINT

Plaintiff seeks to assert new causes of action, an additional plaintiff and an individual named defendant. However, Plaintiff's amendment of his Complaint will subject Defendant to an evaluation and analysis of several entirely new causes of action including, but not limited to, new allegations drawn on Washington State Criminal Statutes and the CAN-SPAM Act of 2003 ("CAN-SPAM"). Putting aside the fact that such new causes of action would be futile, the proposed addition of a new plaintiff, Omni Innovations, LLC, will require duplicative discovery and motion practice and would substantially prejudice Defendant.

## MOTION PRACTICE EXPECTED

Should the Court grant Plaintiff leave to amend his Complaint, Defendant anticipates filing a dispositive motion to dismiss Plaintiff's new baseless causes of action. In fact, by conducting a reasonable investigation into the merits of his new allegations, as federal law mandates, Plaintiff would have understood that his new causes of action are entirely without merit.

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 2 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Further, Plaintiff has not demonstrated that Plaintiff can prove that any email was sent by the Defendant or that email violating any aspect of RCW 19.190 et seq. was sent with the knowledge of Defendant or that Defendant consciously avoided knowing that email violating any aspect of RCW 19.190 et seq. was transmitted.

As such, in addition to a dispositive motion to dismiss Plaintiff's new causes of action should leave to amend be granted, Defendant anticipates moving for sanctions and costs against Plaintiff.

**CROSS-MOTION TO COMPEL**

What is even more troublesome than the prejudicial effect of Plaintiff seeking to amend his Complaint, is the fact that Plaintiff has failed to sufficiently respond to Defendant's First Set of Interrogatories and Document Requests, subjecting Defendant to unnecessary costs associated with trying to resolve discovery issues between the parties short of this Court's intervention.

In fact, at the Court's direction, we "met and conferred" with Plaintiff on several occasions in connection with discovery. In good faith, on March 3, 2006, March 14, 2006 and April 13, 2006, Defendant reiterated its views to Plaintiff regarding Plaintiff's outstanding discovery obligations. Plaintiff's continued insistence that the burden to ascertain the alleged statutory violations is somehow shared equally between the parties, effectively ignores the fact that Plaintiff must establish Defendant's alleged statutory violations by the preponderance of the evidence.

To date, Plaintiff has failed to properly provide Defendant with sufficient discovery responses including, but not limited to, the following: (1) a document

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 3 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

production that is sequentially numbered/Bates Stamped, in the lower left margin, in compliance with Local Rule 10.1 including, but not limited to, (2) answering each portion of Plaintiff's "analysis" by specifically correlating, in a usable fashion, with the Bates Stamped document to which it corresponds; and (3) a complete written response to each Interrogatory[1].

As Defendant continues to reiterate to Plaintiff, each email represents a unique cause of action, every element of which must be proven. Each will have a distinct defense. Obviously, Defendant will need to know, with specificity, why Plaintiff contends that each email allegedly violates the Washington statute. By sufficiently responding to Defendant's discovery requests, both parties will then be in a better position to determine whether any of Plaintiff's claims can simply be withdrawn in advance and/or whether their can be any "grouping" for purpose of trial as suggested by the Court. Moreover, at that point, providing Interrogatory responses satisfactory to each party should be somewhat simpler. Plaintiff argues that somehow Defendant's request for sufficient discovery responses in the above-mentioned fashion constitutes "trial preparation" and is therefore "unreasonable and improper." However, such an argument is a bad faith attempt to protect Plaintiff from spending

---

[1] For example, the Responses to Interrogatories #7 and #10 must fully detail Plaintiff's contention/allegation of how each individual email, whether transmitted by Defendant or by a third party on Defendant's behalf, allegedly: a) misrepresented or obscured information identifying the point or origin of the email; b) misrepresented or obscured information identifying the transmission path of the email; and/or c) contained false or misleading information in the subject line of the email.

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 4 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

time and money in proving his case. In fact, Plaintiff's false contention is not in accordance with the Federal Rules of Civil Procedure.

Accordingly, Defendant hereby cross-moves for an order to compel Plaintiff to sufficiently respond to Defendant's discovery demands in the manner described herein, or as this Court shall require.

Alternatively, Defendant proposes to re-note Defendant's original Motion to Compel for hearing contemporaneous with the hearing of Plaintiff's Motion to Amend, or to re-note the Motion shortly thereafter and seeks sanctions for Plaintiff's continued failure to provide Defendant with sufficient discovery after Defendant's repeated attempts to resolve these discovery issues short of this Court's intervention. Defendant is prejudiced by Plaintiff's failure to respond to Defendant's Discovery.

**NEWLY REVEALED PROPOSED PLAINTIFF**

Plaintiff intends to name Omni Innovations, LLC as an additional plaintiff. While Defendant is unaware of this entity, permitting such a new plaintiff to enter this case, at this juncture of the litigation, would require Defendant to duplicate its recent case work in addressing this entity as a new plaintiff. Defendant believes that naming Omni Innovations LLC is substantially prejudicial to the Defendant and urges the Court to deny Plaintiff's Motion relative to adding an additional Plaintiff.

**RESCHEDULING**

Should the Court grant Plaintiff's motion to amend his Complaint, this case

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 5 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

should be rescheduled given that Defendant will require reasonable time to analyze, evaluate and respond to Plaintiff's Amended Complaint.

DATED this 18th day of April, 2006.

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE

By s/ FLOYD E. IVEY
    FLOYD E. IVEY, WSBA#6888
    Attorneys for Defendant
    1141 N. Edison, Suite C
    P.O. Box 6125
    Kennewick, Washington 99336
    Local Counsel for Defendant
    Impulse Marketing Group, Inc.

S/ SEAN MOYNIHAN & PETER J. GLANTZ
    Sean A. Moynihan & Peter J. Glantz
    Klein, Zelman, Rothermel & Dichter, LLP
    485 Madison Avenue, 15th Floor
    New York, New York 10022
    (212) 935-6020
    (212) 753-8101 (fax)

I hereby certify that on April 18, 2006, I electronically filed DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND RENOTING OF DEFENDANT'S MOTION TO COMPEL with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Robert Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I have

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 6 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  served the foregoing to the following non-CM/ECF participants by other means:
2  Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Jamila
3  Gordon and Emily Abbey.

4                          S/ FLOYD E. IVEY
                           FLOYD E. IVEY
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant/ThirdPtyPlaintiff ResMtnAmend Complaint and Re-noting of Defendant's Motion to Compel - Page 7 of 7

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581