1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

5    JAMES S. GORDON, JR., an individual
     residing in Benton County, Washington,    No. CV-04-5125-FVS

              Plaintiff,

                                               ORDER

              v.

     IMPULSE MARKETING GROUP, INC., a Nevada
     Corporation,

              Defendant.

12   IMPULSE MARKETING GROUP, INC.,

              Third-Party Plaintiff,

              v.

     BONNIE GORDON, JAMES S. GORDON, III,
     JONATHAN GORDON, JAMILA GORDON, ROBERT
     PRITCHETT and EMILY ABBEY,

              Third-Party Defendants.

**BEFORE THE COURT** is Plaintiff's Motion to Amend Complaint (Ct. Rec. 313). Plaintiff is represented by Robert Siegel. Defendant is represented by Floyd Ivey, Sean Moynihan, and Peter Glantz. The Third-Party Defendants are proceeding *pro se*.

**BACKGROUND**

Plaintiff, James Gordon, is a Washington resident and the registered user of the internet domain name "Gordonworks.com."

ORDER - 1

Defendant, Impulse Marketing Group, Inc. ("Impulse Marketing"), a Nevada corporation, is an electronic marketing company that transacts business with Washington by sending commercial electronic mail messages (email) to Washington state residents. Impulse Marketing operates by collecting personally identifiable information from individuals who sign up to receive free products and/or services at websites run by Impulse Marketing and/or its marketing partners. In consideration for receiving free products and/or services from an Impulse Marketing related website, it requires that individuals using its websites agree to submit accurate personal subscriber information ("Subscriber Profile"). By submitting their Subscriber Profile, individuals grant Impulse Marketing the right transfer the Subscriber Profiles to third parties for marketing purposes. Impulse Marketing subscribes revenue from the licensing and/or use of accurate Subscriber Profiles.

Plaintiff's Complaint alleges Impulse Marketing violated Washington's Commercial Electronic Mail Act, RCW § 19.190 et seq., and Washington's Consumer Protection Act, RCW § 19.86 et seq., by initiating and/or conspiring with others to initiate unsolicited commercial emails to various addresses at Plaintiff's domain, "Gordonworks.com". On July 1, 2005, the Court denied Impulse Marketing's motion to dismiss Plaintiff's Complaint. On September 6, 2005, Impulse Marketing filed five counterclaims against Plaintiff Gordon and five separate causes of action against each of the Third Party Defendants. On November 28, 2005, Impulse Marketing filed a Second Amended Third-Party Complaint, which alleges claims against

ORDER - 2

the Third-Party Defendants for (1) fraud and deceit; (2) tortious interference with business relationships; (3) contribution and indemnity; (4) breach of contract; and (5) injunctive relief.

Plaintiff now seeks leave to file an Amended Complaint. The Amended Complaint seeks to add claims under the Federal Can-Spam Act (15 U.S.C. § 7701 et seq.), Washington's Deceptive Offers statute (RCW 19.170), Washington's Identity Crimes statute (RCW 9.35), and a new provision of the CEMA (RCW 19.190.080). The Amended Complaint also seeks to add additional defendants, Jeffrey Goldstein, Kenneth Adamson, and Phillip Huston, officers and/or directors of Impulse Marketing. Plaintiff alleges these individuals are personally liable because they had knowledge of, participated in, and/or approved the alleged unlawful conduct by the Defendant Impulse Marketing. Finally, the Amended Complaint seeks to add an additional plaintiff, Omni Innovations, LLC, a Washington company that owns the servers on which the domains hosting some of the email addresses that received some of the alleged unlawful emails at issue in this action. Plaintiff contends Omni is entitled to assert claims under the Federal Can-Spam Act.

**DISCUSSION**

When an answer has been filed, a plaintiff may amend its complaint "only by leave of court or by written consent of the adverse party ...." Fed.R.Civ.P. 15(a). The decision of whether to grant a motion for leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Leave to amend "shall be

ORDER - 3

freely given when justice so requires." *Id.* In exercising its discretion, the Court is to be guided by the purpose of Rule 15, which is to facilitate decisions on the merits rather than a determination based on pleadings or technicalities. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Thus, the Ninth Circuit has held like other courts that the rule is to be applied with extreme liberaltiy. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). However, application of this policy is subject to the qualification that the amendment not cause the defendant undue prejudice, is not sought in bad faith, and is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Additionally, the Court may consider the factor of undue delay. *Id.* at 758. Undue delay by itself is insufficient to justify denying a motion to amend. *See Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (reversing denial of motion for leave to amend where court made a finding of undue delay but did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party or futility of amendment). It is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1051 (citations omitted). The opposing party "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Here, Defendant argues it will be unduly prejudiced by the filing of an amended complaint because additional causes of action and the naming of additional parties will require additional

ORDER - 4

discovery. This is true, but the parties are currently still engaged in a discovery dispute involving the existing claims. Moreover, the existing scheduling order needs to be revised, regardless of whether the Court allows the filing of an amended complaint. Defendant also opposes the filing of an amended complaint on the basis that this will necessitate the filing of a motion to dismiss because Plaintiff's new claims are without merit.

The Court finds no evidence of bad faith on the part of the Plaintiff. Further, the Court finds that Defendant will not be prejudiced by the filing of the proposed amended complaint as long as the case is rescheduled to allow for discovery of the new claims. Further, at this juncture, the Court cannot determine that any of the proposed new causes of action are futile. Therefore, in light of the Ninth Circuit's command that Rule 15 is to be applied with "extreme liberality", *see supra*, the Court grants Plaintiff's request to file an amended complaint asserting additional causes of action and naming an additional party defendant. However, Plaintiff's request to name an additional party plaintiff is denied. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Amend Complaint (**Ct. Rec. 313**) is **GRANTED IN PART AND DENIED IN PART.**

2. Plaintiff's Motion to Expedite (**Ct. Rec. 317**) is **MOOT.**

3. Defendant's Expedited Motion for Hearing of Plaintiff's Motion to Amend Complaint With Oral Argument (**Ct. Rec. 354**) is **DENIED.** Pursuant to LR 7.1(h)(3), the Court exercises its discretion and determines oral argument is not necessary.

1  //

2  **IT IS SO ORDERED.** The District Court Executive is hereby
3  directed to enter this Order, furnish copies to counsel and to the
4  **Third Party Defendants who are proceeding pro se**.
5  **DATED** this 2nd day of May, 2006.

```
                        s/ Fred Van Sickle
                         Fred Van Sickle
                     United States District Judge
```

ORDER - 6