FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 0 2006

JAMES R. LARSEN, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | THIRD-PARTY DEFENDANT'S FIRST AMENDED ANSWER AND AMENDED COUNTERCLAIMS AGAINST THIRD-PARTY PLAINTIFF |
| Impulse Marketing Group, Inc., | |
| Defendant | |
| | JURY TRIAL DEMANDED |
| Impulse Marketing Group, Inc., | |

Jeffrey P. Goldstein, Gregory

Greenstein, Kenneth Adamson, Phillip

Huston, and John Doe spammers 1-50,

Third-Party Plaintiffs,

v.

Emily Abbey, Third-Party Defendant
_____

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

1

**Introduction**

The undersigned's amended complaint is the result of further research into Impulse's business operations, online relationships, and the various violations of law that are being uncovered. For example, I have added "Cyberstalking" as a cause of action along with the "intentional infliction of emotional distress".

As Impulse has not answered my counterclaims, I understand that I will be allowed to amend these counterclaims without obtaining leave of the Court to do so.

Exhibits in documents filed by me with this Court, e.g. my Declaration and Response to Impulse…, my Response to Impulse's Motion to Dismiss, my Answer Affidavit Counterclaims, and my Motion for Injunction, demonstrate that Impulse knew of plaintiff and third party defendants' desire to stop receiving emails from Impulse and its partner, Commonwealth Marketing Group, Inc. (CMG) as of October 21, 2003. Added to these documents is the internal "opt-out" form, which states that the email address at "gordonworks.com" that bears my name opted out of all email offers on May 3, 2004. **Exhibit 1**  However, I received email from Impulse through March of 2006 – over 30 additional emails. All emails that were sent subsequently were sent in contravention to the internal policy of Impulse as well as the written demands of CMG. These Impulse emails violated state and federal laws designed to curb the assault of junk email or spam.

Impulse's attorney, David Klein sent a letter to John Fonzo (counsel for CMG) on behalf of Impulse, dated February 3, 2004, assuring CMG of Impulse's compliance with all laws. This acknowledgement by Klein puts these parties in an untenable position in terms of any re-assertion of Impulse's counterclaims. If Impulse continues to assert the validity of its counterclaims, its owners and managers will

2

perjure themselves by claiming that one or all of its claims is/are true, because they now know that I know that Impulse was well aware of plaintiff's desire to stop receiving emails from CMG and Impulse by October 2003. Any statement to the contrary regarding Impulse's false claims puts Impulse in the position of lying to this Court and would also put the attorneys for Impulse in the position of suborning perjury - if they allow Impulse to continue to proffer the discredited claims.

Therefore, I am requesting that this Court reconsider my motion to dismiss all Impulse's claims against me under FRCP 12(b)(6)(c) and/or Rule 56 as Impulse's claims are **futile**. There is no possibility that a jury would sustain the fiction that I participated in a scheme to defraud Impulse when Impulse committed to (in writing) suppressing all emails to "gordonworks.com" domain and all email campaigns were (then and now) entirely within its power to control or to stop.

Although Impulse's claims fail to state a claim for which relief can be granted, I am providing the following amended counterclaims as I believe that I have legitimate causes of action against Impulse.

### Answer to Complaint

My answer and affirmative defenses to Impulse's counterclaims remain unchanged. However, I have amended/appended some of my claims.

### FIRST CAUSE OF ACTION

After additional research into the intimidation tactics used by Impulse, I am amending this claim to reflect the Washington State statute which prohibits the intimidation of witnesses – RCW 9A 72.110 (1)(a).

3

1    Impulse requested additional months of time for discovery to depose and otherwise

2    obtain discovery from third parties. This disingenuous request has been squandered

3    by Impulse as it has allowed six months to pass without doing what it informed the

4    Court that it would do. Its lawsuit can now be seen to have no other conceivable

5    result except to intimidate, to harass, and to inflict emotional distress on me.

6

### SECOND CAUSE OF ACTION

7

8    I have submitted two emails from Impulse which show the material falsity of the

9    headers. This delineation of violations in these emails should meet the heightened

10    pleading requirement for an allegation of fraud. Further, I understand that my ISP

11    has obtained more evidence of fraud as Impulse uses a number of falsely registered

12    domain names to stay one step ahead of regulators. I can produce evidence for trial

13    that the 500+ domains (each one of these domains is similar to a real estate sub-

14    division which can contain tens, hundreds or thousands of housing units) that

15    Impulse has used in the last 15 months to send spam are owned and or controlled

16    by Impulse, illegally registered entities, pornographers, and/or counterfeit drug

17    operations.

18                  ### THIRD CAUSE OF ACTION

19    **RCW 4.24.510** – unchanged

20

21                 ### FOURTH CAUSE OF ACTION

22    Impulse has admitted to buying and selling "personally identifying information"

23    for profit. RCW 9.35 expressly prohibits the misuse of personally identifying

24    information – including electronic mail addresses. I understand that my ISP can

25    show that Impulse has caused addresses of third parties to be exchanged among the

4

500+ domains referenced above – without my permission and in violation of this state's statute against identity theft.

## FIFTH CAUSE OF ACTION

I have provided evidence to this Court that Impulse knew of the anti-harassment action of plaintiff – thus it was apprised of the annoyance its emails were causing – these emails have continued for over two years after its initial notification.

## SIXTH CAUSE OF ACTION

**Chapter 19.170 RCW -** Unchanged

## SEVENTH CAUSE OF ACTION

**RCW 9A.08. et seq** outline general requirements for culpability. Under RCW 9A.08.010(1)(b)(c)(d)., Mssrs. Goldstein, Greenstein, Huston, and Adamson, at a minimum, are culpable for the civil and criminal activities specified in this amended counterclaims document. As evidenced in documents submitted to this Court, these four men (with full knowledge of the lawsuit and demands of plaintiff and third parties) acted willfully, recklessly, and in a criminally negligent manner in terms of the prosecution of this lawsuit and the continued harassment and Cyberstalking of the undersigned in this action.

Impulse Marketing Group, Inc., a Nevada corporation bears corporate liability under RCW9A.08.030(2)(a)(b)(c)(3)(4). The totality of the acts in these amended counterclaims represent a criminal conspiracy by the named individuals and the corporation under RCW9A.28.040(1). As a result of this criminal conspiracy, Impulse should be barred from conducting business in Washington State under the referenced statute as a matter of law.

5

## EIGHTH CAUSE OF ACTION

**RCW 9A.60.040** - Unchanged

## NINTH CAUSE OF ACTION

**Cyberstalking – RCW 9.61.260(1)(a)(b)(4)(5).** If one is to believe what Impulse has written since 10/21/03, no email should have been sent to "gordonworks.com" after that date and certainly not later than attorney David Klein's assurance to CMG on 2/3/04 that its client, Impulse was CAN-SPAM complaint. But hundreds of emails ensued, and Impulse's owners and managers are responsible for these illegal and harassing emails – this is Cyberstalking. An example of the pornography sent by an Impulse marketing partner is attached as **Exhibit 2** – a violation of (1)(a) of this statute.

## TENTH CAUSE OF ACTION

**RCW 9.58.010** - Unchanged

## ELEVENTH CAUSE OF ACTION

Withdrawn

## TWELTH CAUSE OF ACTION

Withdrawn

## THIRTEENTH CAUSE OF ACTION

**RCW 19.190** - Unchanged

## FOURTEENTH CAUSE OF ACTION

**RCW 19.86** - Unchanged

## FIFTEENTH CAUSE OF ACTION

**Permanent injunction** - Unchanged

## PRAYER

**WHEREFORE,** Third-Party Defendant prays that this Court:

1. Dismiss all claims against me by third-party plaintiff under Rule 12(b)(6)(c) and/or Rule 56 as Impulse's claims are futile.

2. Sanction Impulse Marketing Group, its principals named in the caption above, and its attorneys for the waste of judicial resources under Rule 11.

3. Award an amount equal to the sanction(s) referenced in No. 2 above to the undersigned third-party defendant for the time and the intentionally inflicted emotional distress caused by this lawsuit.

4. Award statutory damages of $500 for each email that was sent to my personal domain, "ehahome.com", damages are ongoing.

5. Enjoin Impulse and its marketing partners from sending any email to my ehahome.com domain.

6. Grant third-party defendant such other and further relief as the Court deems just and proper.

Emily Abbey
1407 2nd Ave West #608
Seattle, WA 98119
206-217-0466

Dated this 10th day of May, 2006

*Judith Dul POA*

### Certificate of Service

I, hereby, certify that on May 10, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, Bonnie Gordon, James Gordon III, Jonathan Gordon, and Robert Pritchett by other means.

*Judith Dul POA*

7

Case 2:04-cv-05125-FVS     Document 363     Filed 05/10/2006



Exhibit 1

# CMG Opt Out and Offers Maintenance Page

Email:    emily@gordonworks.com

     ○ Telephone           [ Query ]

     ◉ Email

Opt Out Level to Add:   | Opt Out of Everything    ▼ |    [ Add Opt Out ]

## Opt Outs for and Offers Sent to Email: emily@gordonworks.com

| Initial Opt Out | Last Opt Out | Opt Out Item Type | Opt Out Item Description |
|---|---|---|---|
| 05/03/2004 15:32:59 | | Opt Out of Everything | Everything |

8

X-Persona: <spam>
Return-Path: <111772935975499-19010600002-gordonworks.com?emily@bounce.dualquest.com>
Delivered-To: 7-emily@gordonworks.com
Received: (qmail 24675 invoked from network); 19 Jan 2006 13:33:03 -0600
Received: from unknown (HELO s1.dualquest.com) (69.30.202.206)
    by anthonycentral.com with SMTP; 19 Jan 2006 13:32:58 -0600
From: -FREE*- DATING ADULT Personals <dating_channel@lists.dotground.com>
Subject: Activate your sexually explicit FREE- Dating Membership
To: emily@gordonworks.com
X-Priority: 3
X-Owner: dating_channel;hplob*jrugrqzrunv!frp;1;
MIME-Version: 1.0
Content-Type: multipart/alternative;
       boundary="------------113769815985871"
X-RMD-Text: yes
Date: Thu, 19 Jan 2006 13:32:58 CST
X-Mailer: 2.0-b55-VC_IPA [Apr 12 2005, 16:51:46]
Message-ID: <19010600002$111772935975499$0$1919096@s1.dualquest.com>
X-Spam-Checker-Version: SpamAssassin 2.63 (2004-01-11) on gordonworks.com
X-Spam-Level: *********
X-Spam-Status: No, hits=9.6 required=999.0 tests=BAYES_99,HTML_MESSAGE,
    HTML_WEB_BUGS,HTTP_WITH_EMAIL_IN_URL,NO_COST,PORN_4 autolearn=no
    version=2.63

-sexually explicit-

It seems that you haven't activated your -FREE*- membership yet for our ADULT DATING COMMUNITY! All you need to do to begin meeting and dating thousands of SINGLE women and men in your city is to activate your -free- account and set up your profile!

PRESS HERE TO ACTIVATE YOUR PROFILE FOR NO COST (MUST BE 18 AND OVER)


With your membership you will have access to all of the following:

* Access to Beautiful, Fun, and outgoing Singles located in your city
* Video Chat
* Instant Messaging

9



-----

If you would like to not be contacted from us in the future please send us an email at this address and inform us that you would like to be removed.