1   FLOYD E. IVEY
    Liebler, Ivey, Connor, Berry & St. Hilaire
2   P. O. Box 6125
    Kennewick, WA 99336-0125
3   509-735-3581
    Attorneys for Defendant
4   Impulse Marketing Group, Inc.
    and Third Party Plaintiff
5
    Klein, Zelman, Rothermel, & Dichter, L.L.P.
6   By:    Sean Moynihan, Esq.; Peter Glantz
    485 Madison Avenue
7   New York, New York 10022
    Telephone Number (212) 935-6020
8   Facsimile Number (212) 753-8101
    Attorneys for Defendant
9   Impulse Marketing Group, Inc.
    and Third Party Plaintiff
10
    Robert J. Siegel
11  1325 4th Ave. Suite 940
    Seattle, Wa. 98101-2509
12  Telephone: 206 624 9392
    Facsimile Number 206 624 0717
13  Attorney for Plaintiff

14

15              **UNITED STATES DISTRICT COURT FOR THE**

16               **EASTERN DISTRICT OF WASHINGTON**

17  JAMES S. GORDON, JR.,              )        No. CV-04-5125-FVS
                                       )
18            Plaintiff,               )
    vs.                                )
19                                     )    MEMORANDUM OF LAW IN
    IMPULSE MARKETING GROUP,           )    SUPPORT OF MOTION TO DISMISS
20  INC.,                              )    THIRD PARTY DEFENDANTS'
                                       )    AMENDED COUNTERCLAIMS
21            Defendant                )
    _____)    Noted for Hearing May 18, 2006 at
22                                     )    10:00 a.m.
    IMPULSE MARKETING GROUP,           )
23  INC.,                             )     WITH ORAL ARGUMENT
                                       )
24        Third-Party Plaintiff,       )
    vs.                                )
25                                     )
    BONNIE GORDON, et al.,             )
26                                     )
          Third-Party Defendants.      )
27

28

Motion to Dismiss Third Party Defendants' Counterclaims
Page 1 of 34

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

Dockets.Justia.com

1

2

3

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANTS' AMENDED COUNTERCLAIMS

4

## PRELIMINARY STATEMENT

5

6

7

8

Defendant and Third Party Plaintiff has noted its Motion to Dismiss Third Party Defendants' Counterclaims with the motion set for oral argument May 18, 2006 at 10 a.m.   Third Party Defendants have filed First Amended Counterclaims

9

10

subsequent to the noting of the Third Party Plaintiff's Motion to Dismiss.  The Third

11

12

Party Defendant's have revised their original counterclaims and have added one or

13

more counterclaim.  The Third Party Plaintiff now responds to the revised original

14

15

counterclaims and the newly added counterclaims and seeks to have the argument as

16

presently scheduled on May 18, 2006.

17

18

19

Pursuant to Rule 12(b)(6), Third Party Plaintiff, Impulse Marketing Group, Inc. ("Impulse" or the "Third Party Plaintiff") submits this Memorandum of Law in

20

support of its motion to dismiss numerous Amended Counterclaims brought by

21

22

Bonnie Gordon, James S. Gordon, III, Jonathan Gordon, Jamila Gordon, Robert

23

Pritchett and Emily Abbey (collectively, "Third Party Defendants") against Impulse

24

25

on the ground that Third Party Defendants have not stated and cannot state claims for

26

which relief can be granted.[1]

27

28

---

[1] Third Party Defendant Robert Pritchett only alleges the first six (6) Counterclaims, which Counterclaims are identical to the other Third Party Defendants.

Further, pursuant to Rule 11, Impulse respectfully requests that this Court impose sanctions upon Third Party Defendants on the ground that Third Party Defendants' Amended Counterclaims are frivolous and would have been understood to be frivolous upon a reasonable investigation by Third Party Defendants.[2]  In fact, Third Party Defendants had actual knowledge that their claims were frivolous based upon Impulse's previous motion to dismiss their Counterclaims.  Yet, Third Party Defendants still failed to withdraw most of their Counterclaims after having months to reasonably investigate whether their claims.  As such, Impulse requests that this Court impose sanctions upon Third Party Defendants in an amount equal to the time and money expended by counsel for Impulse in researching, preparing and filing a response to Third Party Defendants' claims.

Impulse further requests that this Court grant Impulse its attorneys' fees and reasonable costs expended in responding to Third party Defendants' baseless Counterclaims and Amended Counterclaims.  Impulse's attorneys have spent a total of thirty-five (35) hours researching and preparing their motion to dismiss Third Party Defendants' Counterclaims and ten (10) hours researching and preparing for the instant motion.  Specifically, Peter Glantz has expended nine (9) billable hours researching and preparing the instant motion and twenty (20) hours researching and preparing Impulse's previous motion to dismiss, Sean Moynihan has spent ten (10)

---

[2] Third Party Defendants simultaneously filed associated affidavits with their Counterclaims.  By separate motion, Impulse is respectfully requesting that this Court strike these affidavits from the record as such affidavits are improper and do not comply with the Federal Rules of Civil Procedure.

billable hours reviewing and preparing the previous motion and Floyd Ivey has billed five (5) hours researching, reviewing and filing the previous motion and one (1) reviewing and revising the instant motion.

## PROCEDURAL HISTORY

On November 18, 2005, Impulse filed a Second Third Party Amended Complaint against each of the Third Party Defendants arising out of Third Party Defendants' wrongful and fraudulent conduct in connection with James Gordon's ("Plaintiff") claims. Third Party Defendants failed to interpose a timely Answer to the Second Amended Third Party Complaint. Instead, *pro se* Third Party Defendants, after the time to respond to the Second Third Party Amended Complaint expired, moved to dismiss the Second Third Party Amended Complaint.

On March 9, 2006, this Court denied Third Party Defendants' motion to dismiss the Second Amended Complaint in its entirety, holding that Impulse's Second Amended Complaint stated a prima facie case for indemnity and contribution, breach of contract, tortious interference with business relations, fraud and deceit and injunctive relief. On or about March 10, 2006, March 13, 2006 and March 14, 2006, respectively, Third Party Defendants answered the Second Amended Complaint and asserted fifteen (15) identical Counterclaims against Impulse. On May 9, 2006, Third Party Defendants amended their Answer and Counterclaims.

## INTRODUCTION

Notwithstanding Third Party Defendants' Amended Counterclaims, Third Party Defendants have still failed to state claims for which relief can be granted. Third Party Defendants' attempt to portray themselves as victims, rather than co-conspirators in a scheme to defraud Impulse is without merit. In fact, this Court has already ruled that Impulse pled valid causes of action against Third Party Defendants for, indemnification and contribution, fraud and deceit, breach of contract and tortious interference with business relationships.

Third Party Defendants are not innocent parties to the transactions underlying Plaintiff's Complaint. Rather, Third Party Defendants are complicit in a premeditated and systematic effort to cause harm to Impulse by, *inter alia*, providing Impulse with false and/or inaccurate subscriber profiles at various Impulse-related websites, conspiring with Plaintiff to provide Impulse with false and/or inaccurate subscriber profiles, and repeatedly soliciting, unsubscribing and then repeatedly re-soliciting email from Impulse and/or its marketing partners in a scheme to fabricate and exacerbate claims against Impulse based upon their subjective belief that Impulse violated RCW 19.190 et seq. Third Party Defendants' actions were undertaken in deliberate bad faith and there was no legitimate reason for Third Party Defendants to engage in such a premeditated and systematic scheme to cause harm to Impulse.[3]

---

[3] This Court has already taken judicial notice of the related action brought by Plaintiff against Commonwealth Marketing Group, Inc. in its Order Denying Impulse's Motion To Dismiss Plaintiff's Complaint, dated July 11, 2005. As this Court will recall, Plaintiff's Rule 26 disclosures reveal, *inter alia*, that Third Party Defendants registered to receive email from Impulse.

Further exacerbating Third Party Defendants' improper conduct, Third Party Defendants asserted fifteen (15) baseless Counterclaims against Impulse and then amended their Counterclaims to add two (2) new frivolous causes of action against Impulse without withdrawing all of their baseless claims. By way of example, Third Party Defendants admit that their claims are "civil" in nature and "not criminal" matters. Notwithstanding this, Third Party Defendants' asserted criminal Counterclaims and Amended Counterclaims against Impulse for the sole purpose of forcing Impulse to expend time and money dismissing same. Every single Counterclaim and Amended Counterclaim follows a similar pattern in that they all lack any factual or legal basis whatsoever. By conducting a reasonable investigation into the merits of their allegations, as federal law mandates, Third Party Defendants would have understood that all of their claims were entirely without merit. What makes the Third party Defendants' conduct even worse, is the fact that they had actual notice that their claims were baseless based upon Impulse's motion to dismiss and they still failed to withdraw all of their claims prior to amending their pleading. Although Third Party Defendants failed to expressly incorporate by reference their Counterclaims into their Amended Counterclaims, Impulse will assume that Third Party Defendants intended to do same.

Accordingly, Impulse respectfully requests that this Court: (1) dismiss Third Party Defendants' Amended Counterclaims pursuant to Rule 12(b)(6); (2) impose sanctions against Third Party Defendants under Rule 11 for interposing baseless

Counterclaims and Amended Counterclaims; and (3) grant Impulse reasonable costs and attorneys fees expended in responding to Third Party Defendants Counterclaims and Amended Counterclaims.

## ARGUMENT

For purposes of simplicity and judicial economy, Impulse will address Third Party Defendants' Amended Counterclaims *seritim.* 18 USC 1514 is a tool available to United States District Attorneys to prevent the harassment of victims or witnesses in a federal criminal case. There is no indication in Third Party Defendants' Amended Counterclaims that their claims under 18 USC 1514 were withdrawn. Rather, Third Party Defendants amended their First Counterclaim to allege that Impulse violated yet another criminal statute under Washington State law namely, RCW 9A 72.110(1)(a). Thus, Impulse will address both 18 USC 1514 and RCW 9A 72.110(1)(a) in Section I.

I.     THIRD PARTY DEFENDANTS FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1514 (CRIMINAL OBSTRUCTION OF JUSTICE)

A.     THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A FEDERAL PROSECUTION UNDER 18 USC 1514 (CRIMINAL OBSTRUCTION OF JUSTICE)

1
2
3
4
5

Third Party Defendants allege that Impulse breached 18 USC 1514(c).[4] However, Third Party Defendants are well aware that 18 USC 1514 has no application in the instant matter.   Third Party Defendants even admit that the instant lawsuit "is a civil not a criminal matter."

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Even if Third Party Defendants had pled a violation of the statute, rather than a definitional provision, Third Party Defendants would obviously still lack standing, since private citizens have no authority to institute a federal criminal prosecution under a federal criminal statute under these circumstances. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); Winslow v. Romer, 759 F. Supp. 670, 673-74 (D. Colo. 1991).   Applicable authorities within the United States government are the only entities that can enforce federal criminal statutes.   Id.   For example, in Kennan v. McGrath, 328 F.2d 610 (1st Cir. 1964), the court held that a private person could not initiate a criminal prosecution in his own name in federal court.   See also U.S. v. Panza, 381 F. Supp. 1133 (W.D. Pa. 1974), where the court held that a private citizen was not entitled to file a criminal complaint before the court against another alleging violation of federal law.

23
24
25
26
27

As private citizens, Third Party Defendants lack standing to initiate a criminal prosecution under 18 USC 1514 and, therefore, Third Party Defendants' claims under 18 USC 1514 should be dismissed.   Moreover, since Third Party Defendants' admit

28

---

[4] Please be advised that 18 USC 1514(c), as alleged by Third Party Defendants, simply defines the term "harassment" for purposes of 18 USC 1514.  Title 18 USC 1514(c) does not set forth a specific cause of action or violation and is therefore groundless by definition.

1  that there is no basis for their allegations, sanctions, attorneys fees and reasonable

2

3  costs are warranted.

4       B.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A
          VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER
5            18 USC 1514 (OBSTRUCTION OF JUSTICE)

6

7      Although this may be superfluous, Third Party Defendants have not pled the

8

9  necessary elements of the statute.

10      18 USC 1514 provides, in part, that:

11

12          A United States district court, upon application of the
        attorney for the Government, shall issue a temporary
13          restraining order prohibiting harassment of a victim or
        witness in a Federal criminal case if the court finds, from
14          specific facts shown by affidavit or by verified complaint,
        that there are reasonable grounds to believe that
15          harassment of an identified victim or witness in a Federal
16          criminal case exists or that such order is necessary to
        prevent and restrain an offense under section 1512 of this
17          title, other than an offense consisting of misleading
        conduct, or under section 1513 of this title.
18

19

20      Third Party Defendants have failed to allege, *inter alia*, that: (1) they are

21

22  victims or witnesses in a Federal criminal case; and/or (2) a United States

23  Government attorney filed an application to this Court for the issuance of a temporary

24  restraining order prohibiting harassment as defined in 18 USC 1514(c). Accordingly,

25

26  Third Party Defendants have failed to state a valid claim for which relief can be

27  granted under 18 USC 1514.

28

C.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 9A.72.110(1)(a) (INTIMIDATION OF WITNESSES)

Title 9 of the Revised Code of Washington sets forth the <u>Criminal Code</u> for the State of Washington. Violations of RCW 9A.72.110(1)(a) makes a person "guilty" of intimidating a witness if a person, by use of a threat against a current or prospective witness, attempts to influence the testimony of that person. Violations of RCW 9A.72.110 et seq. are Class "B" felonies pursuant to RCW 9A.72.110(4). As such, Third Party Defendants lack standing to assert a claim under RCW 9a.72.110(1)(a).

Moreover, a private citizen has no right under RCW 9A.72.110 et seq. to bring a criminal charge. Prosecution under RCW 9A.72.110 et seq. is the right of those with prosecutorial discretion, namely the district attorneys of the various counties in the State of Washington. A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614 (1973). The remedy to a private citizen who fails to persuade a prosecutor to bring a criminal charge is to file a complaint with the county police department. A Washington county District Attorney may, in his or her discretion, petition the superior court to summon a grand jury in accordance with the Criminal Investigatory Act of 1971 (RCW 10.27.030). Accordingly, Third Party Defendants lack standing to assert a claim under RCW 9A.72.110 et seq.

II.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1037 (CRIMINAL FRAUD <u>AND RELATED ACTIVITY IN CONNECTION WITH ELECTRONIC MAIL)</u>

Third Party Defendants assert an Amended Counterclaim against Impulse arising out of Impulse's alleged violations of 18 USC 1037 (Criminal Fraud and Related Activity In Connection With Electronic Mail).  18 USC 1037, once again, is a federal criminal statute.  18 USC 1037 is intended to protect the public against individuals that, *inter alia*, knowingly, fraudulently and intentionally transmit email. Penalties for violations of 18 USC 1037 are, *inter alia*, fines and punishment.

A.    THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A <u>FEDERAL PROSECUTION UNDER 18 USC 1037</u>

Third Party Defendants' attempt to prosecute criminal offenses under 18 USC 1037 is without any merit since private citizens have no authority to institute a federal criminal prosecution under a federal criminal statute under these circumstances. <u>Cok</u>, 876 F.2d at 2; <u>Winslow</u>, 759 F.Supp. at 673-74; <u>see also</u> <u>Kennan</u>, 328 F.2d at 611; <u>Panza</u>, 381 F.Supp. at 1133, where the court held that a private citizen was not entitled to file a criminal complaint before the court against another alleging violation of federal law.

As private citizens, Third Party Defendants lack standing to initiate a criminal prosecution under 18 USC 1037.

B.     THIRD PARTY DEFENDANTS HAVE FAILED TO PLEAD A
VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER
18 USC 1037

Moreover, even assuming Third Party Defendants had standing under the 18

USC 1037, Third Party Defendants have still failed to plead the necessary elements

of the federal criminal statute.

18 USC 1037 provides, in part that:

> (a) In general.--Whoever, in or affecting interstate or
> foreign commerce, knowingly-- (1) accesses a protected
> computer without authorization, and intentionally initiates
> the transmission of multiple commercial electronic mail
> messages from or through such computer, (2) uses a
> protected computer to relay or retransmit multiple
> commercial electronic mail messages, with the intent to
> deceive or mislead recipients, or any Internet access
> service, as to the origin of such messages, (3) materially
> falsifies header information in multiple commercial
> electronic mail messages and intentionally initiates the
> transmission of such messages, (4) registers, using
> information that materially falsifies the identity of the
> actual registrant, for five or more electronic mail accounts
> or online user accounts or two or more domain names, and
> intentionally initiates the transmission of multiple
> commercial electronic mail messages from any
> combination of such accounts or domain names, or (5)
> falsely represents oneself to be the registrant or the
> legitimate successor in interest to the registrant of 5 or
> more Internet Protocol addresses, and intentionally initiates
> the transmission of multiple commercial electronic mail
> messages from such addresses, or conspires to do so, shall
> be punished as provided in subsection (b).

Third Party Defendants have failed to allege, *inter alia*, that Impulse: (1)

criminally accessed a protected computer without authorization, and intentionally

initiated the transmission of multiple commercial electronic mail messages from or through such computer; (2) criminally used a protected computer to relay or retransmit multiple commercial electronic mail messages, with the intent to deceive or mislead recipients, or any Internet access service, as to the origin of such messages; (3) criminally materially falsified header information in multiple commercial electronic mail messages and intentionally initiated the transmission of such messages; (4) criminally registered, using information that materially falsified the identity of the actual registrant, for five or more electronic mail accounts or online user accounts or two or more domain names, or intentionally initiated the transmission of multiple commercial electronic mail messages from any combination of such accounts or domain names; (5) criminally and falsely represented itself to be the registrant or the legitimate successor in interest to the registrant of 5 or more Internet Protocol addresses, and intentionally initiated the transmission of multiple commercial electronic mail messages from such addresses, or conspired to do so; and (6) affected interstate or foreign commerce.  Based on the foregoing, Third Party Defendants have failed to state a valid claim for which relief can be granted under 18 USC 1037.

### C.    THIRD PARTY DEFENDANTS HAVE NOT MET THE RULE 9(b) HEIGHTENED PLEADING REQUIREMENT

Even if Third Party Defendants could plead criminal causes of action, they fail to comply with the heightened pleading requirement of Rule 9(b).  Rule 9(b) sets

forth more stringent pleading requirements in cases involving allegations of fraud or mistake. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." <u>See</u> Rule 9(b). Rule 9(b) serves three (3) purposes: (a) to assure a defendant of fair notice of the nature of claims and the ground upon which they rest; (b) to protect a defendant from harm that would befall its goodwill when it is charged with serious wrongdoing; and (c) to diminish the possibility that plaintiff with a largely groundless claim will be able to use the threat of extensive discovery to impose an *in terrorem* increase on a settlement value. <u>See</u> <u>Cowen & Co. v. Merriam</u>, 745 F. Supp. 925 (S.D.N.Y. 1990); <u>U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.</u>, 755 F.Supp. 1055 (S.D.Ga. 1990) (see also <u>The Segal Comp. v. Amazon.com</u>, 280 F. Supp. 2d 1229 (9th Cir. 2003)).

Third Party Defendants maintain that the submission of two (2) emails allegedly transmitted by Impulse satisfy the heightened pleading requirement under Rule 9(b). They further contend that they have obtained additional evidence of fraud that they will ultimately produce. As such, Third Party Defendants have tacitly admitted that they have not, at this juncture, alleged facts specific enough to comply with Rule 9(b). Since Third Party Defendants have failed to plead their Second Amended Counterclaim with any specificity whatsoever, Third Party Defendants' Second Amended Counterclaim should be dismissed as a matter of law.

III.    THIRD PARTY DEFENDANTS FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 4.24.510 (WASHINGTON ANTI-SLAPP STATUTE)

RCW 4.24.510 is the Washington state whistleblower statute.  RCW 4.24.510

provides that:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

The purpose of the Washington Anti-SLAPP statute is to protect individuals

who report, *inter alia*, fraud to governmental agencies and are then sued to stop the

reporting.  The Anti-SLAPP statute was designed to allow early dismissal of a lawsuit

where the individual making a report to a governmental agency is sued.  See

Legislative Intent of RCW 4.24.510 ("Notes Intent -- 2002 c. 232").  Third Party

Defendants allege that Impulse sued them since they were prospective witnesses to

a lawsuit.  However, Third Party Defendants are not a class of people that this statute

1
2
3

was designed to protect.  The statute is not intended to protect witnesses in a lawsuit.

4
5
6
7
8
9
10

Moreover, Third Party Defendants' attempt to portray themselves as victims of a whistleblower statute, rather than co-conspirators in a scheme to defraud Impulse is baseless.  This Court has already ruled that Impulse has pled valid causes of action against Third Party Defendants for fraud and deceit, indemnification and contribution, breach of contract and tortious interference with business relationships.

11
12
13

IV.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 9.35.005 (CRIMINAL IDENTITY THEFT)

14
15
16
17
18
19
20

Again, Title 9 of the Revised Code of Washington sets forth the <u>Criminal Code</u> for the State of Washington.  RCW 9.35 et seq. is entitled "Identity Crimes." Violations of RCW 9.35 et seq. are "Class C" felonies pursuant to RCW 9.35.010(5). The legislative intent as set forth in RCW 9.35 et seq. is to <u>criminally</u> penalize unscrupulous people for improperly obtaining financial information.

21
22
23

A.    THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A CRIMINAL PROSECUTION UNDER RCW 9.35 ET SEQ.

24
25
26
27
28

A private citizen has no right under RCW 9.35 to bring a criminal charge. Prosecution under RCW 9.35 et seq. is the right of those with prosecutorial

discretion, namely the district attorneys of the various counties in the State of Washington. A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. Linda R.S. v. Richard D., 410 U.S. 614 (1973). The remedy to a private citizen who fails to persuade a prosecutor to bring a criminal charge is to file a complaint with the county police department. A Washington county District Attorney may, in his or her discretion, petition the superior court to summon a grand jury in accordance with the Criminal Investigatory Act of 1971 (RCW 10.27.030). Accordingly, Third Party Defendants lack standing to assert a claim under RCW 9.35.

> B.    THIRD PARTY DEFENDANTS ALLEGE THAT IMPULSE VIOLATED RCW 9.35.005, WHICH PROVISION MERELY SETS FORTH A DEFINITIONAL TERM

Third Party Defendants allege that Impulse violated the specific provision located at RCW 9.35.005. However, RCW 9.35.005 simply sets forth a definitional term ("Means of Identification") within a criminal statute. Given that the Washington State legislature did not specifically create any violation whatsoever under RCW 9.35.005, Third Party Defendants' Fourth Counterclaim should be dismissed, as a matter of law.[5]

Moreover, Third Party Defendants' Amended Counterclaim is even more puzzling. Again, Third Party Defendants contend that that they can show that

---

[5] Third Party Defendants refer to a subsection "(3)" in its Counterclaim. However, there does not appear to be a subsection "(3)" under RCW 9.35.005.

Impulse has caused addresses of third parties to be exchanged among five hundred

(500) domains without their permission and in violation of RCW 9.35 et seq. If this

is true, why haven't they pled facts demonstrating same? In truth, Third Party

Defendants have failed to plead any facts demonstrating that Impulse violated RCW

9.35 et seq. Rather, Third Party Defendants make conclusory statements that they

"can" show that Impulse violated RCW 9.35 et seq.

V.     THIRD PARTY DEFENDANTS HAVE NOT STATED AND CANNOT
STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 10.14
(WASHINGTON CRIMINAL ANTI-HARASSMENT STATUTE)

Third Party Defendants Fifth Amended Counterclaim is based upon Impulse's

alleged harassment of Third Party Defendants, pursuant to RCW 10.14. RCW 10.14

is a criminal statute. Title 10 of The Revised Code of Washington sets forth

Washington State's Criminal Procedures including, but not limited to, the process for

obtaining an anti-harassment protection order. Violation of such a protective order

is a gross misdemeanor.

It is self evident that this Court is not the proper forum to obtain relief under

RCW 10.14. A petition for a protective order must be submitted by a county district

attorney to the Superior Court of a Washington County. See RCW 10.14. The form

of petition is specified by RCW 10.14.040. RCW 10.14.020 states the elements

required for harassment under RCW 10.14 et seq. as follows:

> "Unlawful harassment" means a knowing and willful
> course of conduct directed at a specific person which

1
2
3
4
5
6

> seriously alarms, annoys, harasses, or is detrimental to such
> person, and which serves no legitimate or lawful purpose.
> The course of conduct shall be such as would cause a
> reasonable person to suffer substantial emotional distress,
> and shall actually cause substantial emotional distress to
> the petitioner, or, when the course of conduct would cause
> a reasonable parent to fear for the well-being of their child.

7
8
9
10

Third Party Defendants do not allege that they have met any of the requirements for a protective order, nor have Third Party Defendants submitted a petition for a protective order. Regardless, this Court does not have jurisdiction to

11
12
13
14
15
16

consider such a petition. Further, the conduct Third Party Defendants complain of does not rise to the level of causing substantial emotional distress as required under RCW 10.14.020. As such, Third Party Defendants' Fifth Amended Counterclaim should be dismissed as a matter of law.[6]

17
18

## VI.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 19.170 (PROMOTIONAL ADVERTISING OF PRIZES)

19
20
21
22

Third Party Defendants allege that Impulse violated RCW 19.170 by falsely advertising prizes without meeting the statutory requirements.[7]

23

RCW 19.170 provides, in pertinent part, that:

24
25
26

> 1) The legislature finds that deceptive promotional
> advertising of prizes is a matter vitally affecting the public
> interest for the purpose of applying the consumer

27
28

---

[6] Third Party Defendants allegations in its Fifth Counterclaim and Amended Counterclaim relate to emails that Third Party Defendants intentionally solicited.

[7] Third Party Defendants allege that Impulse did not fulfill its obligation of providing prizes to "Plaintiff" had won. However, Third Party Defendants lack standing to assert claims on behalf of Plaintiff.

1
2
3
4
5
6
7
8
9
10
11

> protection act, chapter 19.86 RCW. (2) Deceptive promotional advertising of prizes is not reasonable in relation to the development and preservation of business. A violation of this chapter is an unfair or deceptive act in trade or commerce for the purpose of applying the consumer protection act, chapter 19.86 RCW, and constitutes an act of deceptive promotional advertising. (3) This chapter applies to a promotion offer: (a) Made to a person in Washington; (b) Used to induce or invite a person to come to the state of Washington to claim a prize, attend a sales presentation, meet a promoter, sponsor, salesperson, or their agent, or conduct any business in this state; or (c) Used to induce or invite a person to contact by any means a promoter, sponsor, salesperson, or their agent in this state.

12
13
14

Third Party Defendants have not, *inter alia*, alleged: (1) what promotional advertisements they have personally received; and (2) what advertisements that they

15
16
17

have personally viewed.  As such, Third Party Defendants' Sixth Counterclaim should be dismissed for failing to meet even the basic pleading requirements.

18
19
20
21
22
23
24
25
26
27
28

Moreover, any and all allegations against Defendant for violations of RCW 19.170 "sound in," or are "grounded in fraud."  See <u>Fidelity Mortgage Corp. v. Seattle Times Company</u>, 213 F.R.D. 573; 2003 U.S. Dist. LEXIS 4508; 32 Media L. Rep.1094. (holding that cases that are "grounded in fraud" or "sound in fraud" must satisfy the particularity requirement of Rule 9(b)).  In fact, the express language of RCW 19.170 et seq. uses terms such as "deceptive," "unfair" and "induce".  The use of these adjectives is not coincidental.  In truth, the essence of these terms certainly "sound in" or are "grounded in fraud."  As such, Third Party Defendants should be subject to a heightened pleading requirement under Rule 9(b).

VII.  THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 18.86.090 (DEFINITION OF VACARIOUS LIABILITY IN THE CONEXT OF REAL ESTATE BROKERAGE RELATIONSIPS)[8]

RCW 18.86 is entitled "Real Estate Brokerage Relationships" and is entirely inapplicable to any type of relationship between Third Party Defendants and Impulse. RCW 18.86 pertains to the provisioning of real estate brokerage services as defined under RCW 18.86.010(11).  Given that the Third Party Defendants have failed to allege that any real estate brokerage relationship existed between Third Party Defendants and Impulse, Third Party Defendants' Seventh Counterclaim should be dismissed as a matter of law.

Moreover, RCW 18.86.090 simply sets forth a definitional term for violations relating to real estate brokerage relationships.  Specifically, RCW 18.86.090 defines the term "vicarious liability" in the context of violations under RCW 18.86 et seq. Additionally, RCW 18.86.090 does not create any liability whatsoever.  Given that the Washington State legislature did not create any violation whatsoever under RCW 18.86.090, Third Party Defendants' Seventh Counterclaim should be dismissed as a matter of law.

A.     THIRD PARTY DEFENDANTS' AMENDED COUNTERCLAIM PURSUANT TO RCW 9A.08 ET SEQ. IS WITHOUT MERIT

---

[8] Third Party Defendants have failed to expressly withdraw this Counterclaim in their Amended Counterclaims. As such, Impulse reiterates its motion to dismiss Third Party Defendants Counterclaim under RCW 18.18.090.

Yet again, Third Party Defendants allege that Impulse violated Title 9 of the Revised Code of Washington, which provision sets forth the Criminal Code for the State of Washington.[9]

Further, Third Party Defendants allege that Impulse violated the specific provisions located at RCW 9A.08.010(1)(b)(c)(d).  However, the provisions located at RCW 9A.08.010(1)(b)(c)(d) simply set forth definitional terms ("Kinds of Culpability Defined" including, "Knowledge," "Recklessness" and "Criminal Negligence") within a criminal statute.  Given that the Washington State legislature did not specifically create any violations whatsoever under RCW 9A.08.010(1)(b)(c)(d), Third Party Defendants' Seventh Amended Counterclaim should be dismissed, as a matter of law.

In addition, a private citizen has no right under RCW 9A.08 et seq. to bring a criminal charge.  Prosecution under RCW 9A.08 et seq. is the right of those with prosecutorial discretion, namely the district attorneys of the various counties in the State of Washington.  A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.  Linda R.S. v. Richard D., 410 U.S. 614 (1973).  The remedy to a private citizen who fails to persuade a prosecutor to bring a criminal charge is to file a complaint with the county police department.  A Washington county District Attorney may, in his or her discretion, petition the superior court to summon a grand jury in accordance with the

---

[9] Third Party Defendants bring this cause of action against Mssrs. Goldstein, Greenstein, Huston and Adamson. However, as of the time of this motion, none of these individuals are parties to this lawsuit.

Criminal Investigatory Act of 1971 (RCW 10.27.030).  Accordingly, Third Party

Defendants lack standing to assert a claim under RCW 9A.08 et seq.

VIII.  THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A CRIMINAL  PROSECUTION  UNDER  RCW  9A.60.040  (CRIMINAL IMPERSONATION IN THE <u>FIRST DEGREE)</u>

Third Party Defendants' Eighth Amended Counterclaim against Impulse arises

out of Impulse's alleged violations of RCW 9A.60.040 (Criminal Impersonation in

the First Degree).  A person is guilty of criminal impersonation in the first degree if,

*inter alia*, the person assumes a false identity and does not act in his or her assumed

character with intent to defraud another or for any other unlawful purpose.  <u>See</u> RCW

9A.60.040(1)(a).  Violations of RCW 9A.60.040(1)(a) are class "C" felonies.

Third Party Defendants' attempt to prosecute criminal offenses under RCW

9A.60.040 is baseless, since private citizens have no authority to institute a criminal

prosecution under Title 9 of the Revised Code of Washington.  The private citizen has

no constitutional, statutory, or common law right to commence a criminal action

under these circumstances or to require a public official to investigate or prosecute

a crime.  <u>Linda R.S.</u>, 410 U.S. at 619.  As Third Party Defendants are private citizens,

Third Party Defendants lack standing to initiate a criminal prosecution under RCW

9A.60.040 and, therefore, Third Party Defendants' Eighth Counterclaim should be

dismissed as a matter of law.

IX.   THIRD PARTY DEFENDANTS HAVE FAILED TO STATE VALID CLAIMS FOR ESTOPPEL AND UNCLEAN HANDS[10]

The doctrines of unclean hands and estoppel are generally affirmative defenses and not separate causes of action.   As such, Third Party Defendants' Ninth Counterclaim should be dismissed, as a matter of law.

Even assuming that such claims somehow create liability, Third Party Defendants have failed to plead any facts which would in any way make out a cause of action against Impulse.

A.   THIRD PARTY DEFENDANTS' AMENDED COUNTERCLAIM PURSUANT TO RCW 9.61.260(1)(a)(b)(4)(5) (CYBERSTALKING) IS WITHOUT MERIT

Not surprisingly, Third Party Defendants allege that Impulse, once again, violated Title 9 of the Revised Code of Washington, which provision sets forth the Criminal Code for the State of Washington.   Violations of RCW 9.61.260 et seq. are either "gross misdemeanors" or class "C" felonies pursuant to RCW 9.61.260(1)(c)(2) and (3), respectively.

A private citizen has no right under RCW 9.61.260 et seq. to bring a criminal charge.   Prosecution under RCW 9.61.260 et seq. is the right of those with prosecutorial discretion, namely the district attorneys of the various counties in the State of Washington.   A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.   Linda R.S.

---

[10] Third Party Defendants have failed to expressly withdraw this Counterclaim in their Amended pleading.   As such, Impulse reiterates its motion to dismiss Third Party Defendants Counterclaims for estoppel and unclean hands.

v. Richard D., 410 U.S. 614 (1973).  The remedy to a private citizen who fails to persuade a prosecutor to bring a criminal charge is to file a complaint with the county police department.  A Washington county District Attorney may, in his or her discretion, petition the superior court to summon a grand jury in accordance with the Criminal Investigatory Act of 1971 (RCW 10.27.030).  Accordingly, Third Party Defendants lack standing to assert a claim under RCW 9.61.260 et seq.

Moreover, Third Party Defendants failed to plead facts demonstrating that Impulse violated RCW 9.61.260 et seq.  Accordingly, Third Party Defendants cannot state a valid claim under RCW 9.61.260 et seq.

## X.     THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 9.58.010 (CRIMINAL LIBEL)

Third Party Defendants Tenth Amended Counterclaim against Impulse arises out of Impulse's alleged violations of RCW 9.58.010 (Criminal Libel).  The gist of criminal libel is malice.  See State v. Sefrit, 82 Wash. 520 (1914).  Criminal libel involves, *inter alia*, the malicious publication that exposes a living person to hatred, contempt, ridicule or obloquy.  See RCW 9.58.010(1).

### A.     THIRD PARTY DEFENDANTS LACK STANDING TO INSTITUTE A CRIMIAL PROSECUTION UNDER RCW 9.58.010

Third Party Defendants' attempt to prosecute criminal offenses under RCW 9.58.010 is without any merit since private citizens have no authority to institute a criminal prosecution under Title 9 of the Revised Code of Washington in these

circumstances.  The private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.  <u>Linda R.S.</u>, 410 U.S. at 619.  The remedy to a private citizen, who fails to persuade a prosecutor to bring a criminal charge, is to petition the superior court to summon a grand jury in accordance with the Criminal Investigatory Act of 1971 (RCW 10.27.030).

      **B.     THIRD PARTY DEFENDANTS HAVE NOT PLED THE REQUISITE ELEMENTS FOR CRIMINAL LIBEL IN ACCORDANCE WITH BASIC AND HEIGHTENED PLEADING REQUIREMENTS AND IMPULSE'S ALLEGED <u>LIBELOUS MATERIAL IS PRIVILEGED</u>**

      RCW 9.58.010 provides, in pertinent part, that:

> Every malicious publication by writing, printing, picture, effigy, sign[,] radio broadcasting or which shall in any other manner transmit the human voice or reproduce the same from records or other appliances or means, which shall tend: (1) To expose any living person to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or (2) To expose the memory of one deceased to hatred, contempt, ridicule or obloquy; or (3) To injure any person, corporation or association of persons in his or their business or occupation, shall be libel. Every person who publishes a libel shall be guilty of a gross misdemeanor.

      Initially, Third Party Defendants have failed to allege that Impulse proffered any libelous or malicious publication by writing, printing, picture, effigy, etc., which publication: (1) exposed Third Party Defendants to hatred, contempt, ridicule or obloquy, or to deprive him of the benefit of public confidence or social intercourse; or (2) exposed the memory of one deceased to hatred, contempt, ridicule or obloquy;

1   or (3) injured any person, corporation or association of persons in his or their business
2
3   or occupation.

4          Secondly, allegedly libelous statements, spoken or written by a party or counsel
5
6   in course of judicial proceeding, are absolutely privileged if they are pertinent or
7   material to redress or relief sought, whether or not statements are legally sufficient
8   to obtain that relief.  <u>Mcneal V. F. F. Allen</u>, 621 P.2d 1285, 1285-87 (Sup. Ct. WA
9
10  1980).  The privilege of attorneys is based upon a public policy of securing to them
11  as officers of the court the utmost freedom in their efforts to secure justice for their
12
13  clients.  <u>Id</u>.  In the case at bar, Impulse has not proffered any writings whatsoever
14  about Third Party Defendants, which writings are outside or beyond the scope of this
15  litigation.  In fact, Third Party Defendants failed to identify what the alleged libelous
16
17  writing even is other than what amounts to some third party postings and/or
18  discussions about this lawsuit on unidentified websites.   As such, Third Party
19  Defendants' Tenth Counterclaim should be dismissed as a matter of law.

20
21  XI.    THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID
    CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER 18 USC 1962(c)
22  (CRIMINAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
    ACT, A/K/A <u>RICO).</u>
23

24
25         Third Party Defendants admit that they have withdrawn this Counterclaim.

26  XII.   THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID
    CLAIM FOR <u>WHICH RELIEF CAN BE GRANTED UNDER THE CAN-SPAM</u>
27  <u>ACT OF 2003</u>
28
           Third Party Defendants admit that they have withdrawn this Counterclaim.

1

2

3  XIII.  THIRD PARTY DEFENDANTS HAVE FAILED TO STATE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 19.190 ET SEQ. (WASHINGTON ANTI-SPAM STATUTE)

4

5

6      The Washington Anti-Spam Act, *inter alia*, prohibits the transmission

7
8  of a commercial electronic mail message "to an electronic mail address that the sender

9  knows, or has reason to know, is held by a Washington State resident that: (a) uses

10  a third party's internet domain name without permission of the third party, or

11
12  otherwise misrepresents or obscures any information in identifying the point of origin

13  or the transmission path of a commercial electronic mail message; or (b) contains

14  false or misleading information in the subject line."  RCW 19.190.020.

15

16      Third Party Defendants have not alleged any factual allegations relating

17  to violations of RCW 19.190 et seq.  Unsupported conclusions of law in a complaint

18  are not sufficient to withstand a motion to dismiss.  "Although this standard for Rule

19
20  12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions are

21  ordinarily required to satisfy federal notice pleading requirements."  Scheid v. Fanny

22  Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).    Third Party

23  Defendants' Counterclaim contains nothing but conclusory allegations and further,

24
25  asks the Court to draw unwarranted inferences from them.  Based on the foregoing,

26  Third Party Defendants cannot state a claim for which relief can be granted.

27

28

## XIV.  THIRD PARTY DEFENDANTS HAVE FAILED TO SATTE A VALID CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RCW 19.86 (WASHINGTON CONSUMER PROTECTION ACT)

Should the Court dismiss Third Party Defendants' allegations for Impulse's violations of RCW 19.190 et seq. for the reasons set forth hereinabove, Third Party Defendants' claim for Impulse's breach of RCW 19.86 should also be dismissed as a matter of law.  In fact, practices covered by the Washington Anti-Spam Act are matters vitally affecting the public interest for the purpose of applying the Consumer Protection Act, RCW 19.86.  Third Party Defendants have failed to plead basic notice in support of their Amended Counterclaim.  The entire Amended Counterclaim consists of one (1) conclusory legal conclusion.  Accordingly, Third Party Defendants' Fourteenth Amended Counterclaim should be dismissed.

## XV.  THIRD PARTY DEFENDANTS HAVE FAILED TO PLEAD THE ELEMENTS NECESSARY TO OBTAIN A PERMANENT INJUNCTION

The Third Party Defendants seek the issuance of a permanent injunction.  A party seeking the issuance of an injunction must show that: (1) there is a clear legal or equitable right to an injunction; (2) there is a well-grounded fear of immediate invasion of that right; and (3) the acts complained of are either resulting in or will result in an actual and substantial injury. Port of Seattle v. International Longshoremen's & Warehousemen's Union, 325 P.2d 1099, 1101 (Wash. 1958); County of Spokane v. Local No. 1553, American Federation of State Employees, 76 Wash. App. 765, 771 888 P.2d 735 (Wash. App. 1995); Beacon Theatres, Inc. v.

<u>Westover</u>, 359 U.S. 500, 506-07 (1959).  Third Party Defendants have literally failed to plead any of these elements.  As such, Third Party Defendants have not stated a claim for which relief can be granted.

## XVI.  THIS COURT SHOULD IMPOSE SANCTIONS AGAINST THIRD PARTY DEFENDANTS PURSUANT TO RULE 11

Third Party Defendants admit that their claims are "civil" in nature and "not criminal" matters.  Notwithstanding this, Third Party Defendants' repeatedly asserted criminal causes of action against Impulse for the sole purpose of forcing Impulse to expend time and money dismissing same.  All fifteen (15) Counterclaims followed a similar pattern in that they lacked any factual or legal basis whatsoever.  By conducting a reasonable investigation into the merits of their allegations, as federal law mandates, Third Party Defendants would have understood that all of their claims were entirely without merit.  What makes the Third party Defendants' conduct even worse, is the fact that they had actual notice that their claims were frivolous based upon Impulse's motion to dismiss and they still failed to withdraw all of their claims prior to their amended pleading.

*Pro se* litigants are generally held to the same standard as attorneys.  <u>Westberg v. All-Purpose Structures Inc.</u>, 936 P.2d 1175, 1177-78 (Wash. 1997); <u>In re Pers. Restraint Pet. of Connick</u>, 28 P.3d 729, 736 (Wash. 2001) (*pro se* petitioner held to the same responsibility as a lawyer and required to follow applicable statutes and rules).  Courts hold *pro se* litigants to the same standard as attorneys, and an

attorney's incompetence or neglect is not excusable. <u>In re Marriage of Olson</u>, 850 P.2d 527, 530 (Wash. 1993); <u>Lane v. Brown & Haley</u>, 912 P.2d 1040, 1043 (Wash. 1996). In fact, sanctions may be imposed on anyone who signs a pleading, motion, or other paper which is filed in a federal case, whether that person be an attorney, a client, or a pro se litigant. <u>Shrock v. Altru Nurses Registry</u>, 810 F2d 658 (7th Cir. 1987). In the case at bar, the fact that the Third Party Defendants in this case filed fifteen (15) Counterclaims without the assistance of counsel does not excuse them from having to investigate the factual basis of their Counterclaims. <u>Id</u>. For example, explaining that Rule 11 does not establish a lesser duty to make a reasonable inquiry for *pro se* litigants, the court imposed Rule 11 sanctions on a *pro se* plaintiff who filed a civil rights action against a state trial judge for denying a motion in a previous action regarding a speeding ticket. <u>Dyson v. Sposeep</u>, 637 F Supp 616 (N.D. Ind. 1986).

Further, *pro se* litigants are subject to Rule 11 sanctions, and their filings, like those of attorneys, are judged by an objective standard of reasonableness. <u>Cook v. Peter Kiewit Sons, Co.</u>, 775 F.2d 1030, 1037 n. 13 (9th Cir. 1985); <u>Business Guides v. Chromatic Communications, Enterprises</u>, 892 F.2d 802, 811 (9th Cir. 1989), aff'd 111 S. Ct. 922 (1991).

Impulse has placed Third Party Defendants on notice that they should withdraw their Counterclaims. Third Party Defendants have continuously failed to withdraw most of their frivolous claims. As such, Impulse requests that this Court impose

{00078056;1}                                    31

sanctions upon Third Party Defendants in an amount equal to the time and money expended by counsel for Impulse in researching, preparing and filing a response to Third Party Defendants' Counterclaims and Third Party Defendants' Amended Counterclaims.

Impulse further requests that this Court grant Impulse its attorneys' fees and reasonable costs expended in responding to Third party Defendants' baseless claims on two (2) separate occasions.  Impulse's attorneys have spent a total of forty-five (45) hours researching and preparing their motion to dismiss Third Party Defendants' Counterclaims and ten (10) hours researching and preparing for the instant motion. Specifically, Peter Glantz has expended nine (9) billable hours researching and preparing the instant motion and twenty (20) hours researching and preparing the previous motion, Sean Moynihan has spent ten (10) billable hours reviewing and preparing the previous motion and Floyd Ivey has billed five (5) hours researching, reviewing and filing the previous motion and one (1) reviewing and revising the instant motion.

A.    PUBLIC POLICY OF RULE 11(c)

Rule 11(c) requires attorneys and *pro se* litigants to conduct a reasonable inquiry into the law and facts before signing, *inter alia*, pleadings.  Rule 11 sets forth the responsibility that litigants have toward the Court and requires litigants to stop and think before initially making legal or factual contentions.  One purpose of Rule 11 sanctions is to streamline the litigation process by discouraging the use of dilatory

or abusive tactics, such as the filing of frivolous claims or defenses or the use of

pleadings to harass or delay.  <u>Golden Eagle Distributing Corp. v. Burroughs Corp.</u>,

801 F2d 1531 (Cal. CA. 1986).

Based on the foregoing, Impulse respectfully requests that the Court impose

sanctions against Third Party Defendants pursuant to Rule 11 and grant Impulse

reasonable costs and attorneys fees for the amount of cost and time devoted to

researching, preparing and filing this response and the previous response.

## CONCLUSION

Pursuant to Rule 12(b)(6), Impulse requests that the Court dismiss Third Party

Defendants' Counterclaims on the ground that Third party Defendants have not

stated, and cannot state, claims for which relief can be granted.  Further, pursuant to

Rule 11, Impulse respectfully requests that this Court impose sanctions upon Third

Party Defendants on the ground that Third Party Defendants' Counterclaims are

frivolous and would have been understood to be frivolous upon a reasonable

investigation by Third Party Defendants.

DATED this 12th day of  May, 2006.


S/FLOYD E. IVEY
_____
Liebler, Ivey, Conner, Berry &
St. Hilaire
By:    Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336

1
2

Local Counsel for Defendant
Impulse Marketing Group, Inc.

3
4

S/FLOYD   E.   IVEY   for   SEAN
MOYNIHAN and PETER GLANTZ
_____

5
6
7
8
9
10

Sean A. Moynihan
Peter J. Glantz
Klein, Zelman, Rothermel & Dichter,
LLP
485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020
(212) 753-8101 (fax)

11
12
13
14
15
16
17

          I hereby certify that on May 12, 2006, I electronically filed
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD
PARTY DEFENDANTS' AMENDED COUNTERCLAIMS with the Clerk of the
Court using the CM/ECF System which will send notification of such filing to
Robert J. Siegel, Peter J. Glantz and Sean A. Moynihan.  I hereby certify that I
have served the foregoing to the following non-CM/ECF participants by other
means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett,
Emily Abbey and Jamila Gordon.

18
19
20

S/ FLOYD E. IVEY                                              

21

FLOYD E. IVEY

22
23
24
25
26
27
28