FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 1 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | THIRD-PARTY DEFENDANT'S FIRST AMENDED ANSWER AND AMENDED COUNTERCLAIMS AGAINST THIRD-PARTY PLAINTIFF |
| Impulse Marketing Group, Inc., Defendant | |
| | JURY TRIAL DEMANDED |
| Impulse Marketing Group, Inc., | |
| Jeffrey P. Goldstein, Gregory Greenstein, Kenneth Adamson, Phillip Huston, and John Doe spammers 1-50, | |
| Third-Party Plaintiffs, | |
| v. | |
| Robert Pritchett, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

1

# Introduction

The undersigned's amended complaint is the result of further research into Impulse's business operations, online relationships, and the various violations of law that are being uncovered. For example, I have added the "intentional infliction of emotional distress" as a cause of action.

As Impulse has not answered my counterclaims, I understand that I will be allowed to amend these counterclaims without obtaining leave of the Court to do so.

Exhibits in documents filed by me with this Court, e.g. my Declaration and Response to Impulse..., my Response to Impulse's Motion to Dismiss, and my Answer Affidavit Counterclaims, demonstrate that Impulse knew of plaintiff and third party defendants' desire to stop receiving emails from Impulse and its partner, Commonwealth Marketing Group, Inc. (CMG) as of October 21, 2003.

Impulse's attorney, David Klein sent a letter to John Fonzo (counsel for CMG) on behalf of Impulse, dated February 3, 2004, assuring CMG of Impulse's compliance with all laws. This acknowledgement by Klein puts these parties in an untenable position in terms of any re-assertion of Impulse's counterclaims. If Impulse continues to assert the validity of its counterclaims, its owners and managers will perjure themselves by claiming that one or all of its claims is/are true, because they now know that I know that Impulse was well aware of plaintiff's desire to stop receiving emails from CMG and Impulse by October 2003. Any statement to the contrary regarding Impulse's false claims puts Impulse in the position of lying to this Court and would also put the attorneys for Impulse in the position of suborning perjury - if they allow Impulse to continue to proffer the discredited claims.

Therefore, I am requesting that this Court reconsider my motion to dismiss all Impulse's claims against me under FRCP 12(b)(6)(c) and/or Rule 56 as Impulse's claims are **futile**. There is no possibility that a jury would sustain the fiction that I participated in a scheme to defraud Impulse when Impulse committed to (in writing) suppressing all emails to "gordonworks.com" domain and all email campaigns were (then and now) entirely within its power to control or to stop. Additionally, I did not have an email address at "gordonworks.com" that bears my name as with the other third party defendants and Impulse has failed to produce same for this Court.

Impulse's claims fail to state a claim for which relief can be granted. However, I believe that I have legitimate causes of action against Impulse.

## Answer to Complaint

My answer and affirmative defenses to Impulse's counterclaims remain unchanged. However, I have amended/appended some of my claims.

## FIRST CAUSE OF ACTION

After additional research into the intimidation tactics used by Impulse, I am amending this claim to reflect the Washington State statute which prohibits the intimidation of witnesses – RCW 9A 72.110 (1)(a).

Impulse requested additional months of time for discovery to depose and otherwise obtain discovery from third parties. This disingenuous request has been squandered by Impulse as it has allowed six months to pass without doing what it informed the Court that it would do. Its lawsuit can now be seen to have no other conceivable result except to intimidate, to harass, and to inflict emotional distress on me.

## SECOND CAUSE OF ACTION

**RCW 4.24.510** – unchanged

## THIRD CAUSE OF ACTION

**Withdrawn**

## FOURTH CAUSE OF ACTION

**RCW 9.58.010** - unchanged

## FIFTH CAUSE OF ACTION

**Permanent injunction** - Unchanged

## SIXTH CAUSE OF ACTION

**Withdrawn**

## SEVENTH CAUSE OF ACTION

**RCW 9A.08. et seq** outline general requirements for culpability. Under RCW 9A.08.010(1)(b)(c)(d)., Mssrs. Goldstein, Greenstein, Huston, and Adamson, at a minimum, are culpable for the civil and criminal activities specified in this amended counterclaims document. As evidenced in documents submitted to this Court, these four men (with full knowledge of the lawsuit and demands of plaintiff and third parties) acted willfully, recklessly, and in a criminally negligent manner in terms of the prosecution of this lawsuit.

Impulse Marketing Group, Inc., a Nevada corporation bears corporate liability under RCW9A.08.030(2)(a)(b)(c)(3)(4). The totality of the acts in these amended counterclaims represent a criminal conspiracy by the named individuals and the corporation under RCW9A.28.040(1). As a result of this criminal conspiracy,

Impulse should be barred from conducting business in Washington State under the referenced statute as a matter of law.

## PRAYER

**WHEREFORE,** Third-Party Defendant prays that this Court:

1. Dismiss all claims against me by third-party plaintiff under Rule 12(b)(6)(c) and/or Rule 56 as Impulse's claims are futile.
2. Sanction Impulse Marketing Group, its principals named in the caption above, and its attorneys for the waste of judicial resources under Rule 11.
3. Award the greater of $50,000 or an amount equal to the sanction(s) referenced in No. 2 above to the undersigned third-party defendant for the time and the intentionally inflicted emotional distress caused by this lawsuit.
4. Grant third-party defendant such other and further relief as the Court deems just and proper.

Robert L. Pritchett, Pro Se
1952 Thayer Drive
Richland, WA 99354
509-210-0217

Dated this 11th day of May, 2006

*/s/ Robert Taylor Pritchett*

### Certificate of Service

I, hereby, certify that on May 11, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, Bonnie Gordon, James Gordon III, Jonathan Gordon, and Emily Abbey by other means.

*/s/ Robert Taylor Pritchett*