```
                                              FILED IN THE
                                          U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF WASHINGTON

                                            MAY 15 2006

                                         JAMES R. LARSEN, CLERK
                                         _____ DEPUTY
                                          RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr.,    Plaintiff, | Case No.: CV-04-5125-FVS |
| v. | RESPONSE TO IMPULSE'S MEMO OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANT'S AMENDED COUNTERCLAIMS |
| Impulse Marketing Group, Inc., | |
| Defendant | |
| | |
| Impulse Marketing Group, Inc., | |
| Jeffrey P. Goldstein, Gregory Greenstein, Kenneth Adamson, Phillip Huston, and John Doe spammers 1-50, | |
| Third-Party Plaintiffs, | |
| v. | |
| James S. Gordon III, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

1

## Introduction

Mr. Ivey has made it crystal clear that he will not contact Plaintiff although Mr. McKinley and Mr. Siegel have provided him with written permission to contact Plaintiff on my behalf. **Exhibit 1**

In the normal course of events when both sides are represented by counsel, disputes can be resolved wholly or in part via communication between the parties. Impulse's attorneys have refused to communicate with third parties. Its insistence on not communicating with Plaintiff does not explain its simultaneous refusal to communicate with Ms. Abbey and Mr. Pritchett who do not rely on a power of attorney from Plaintiff.

Thus there is no justification for expending scores of hours on "research", etc. when a simple phone call and email or a letter can reduce the need for the waste of its client's resources and the incessant demand for sanctions from third parties. Impulse's refusal to bargain in good faith negates any entitlement to sanctions as its assertion to same coupled with its refusal to dialog with us are designed only to harm third parties.

## Clarifications Regarding Amended Counterclaims

The undersigned is withdrawing each counterclaim which is properly invoked by a governmental entity rather than a private citizen. However, I will re-assert my counterclaims regarding RCW 19.190, RCW 19.86, Permanent Injunction, and the intentional infliction of emotional distress. As to the criminal matters addressed in my counterclaims, I will meet with local police and the district attorney's office to discuss redress of these complaints.

**Response to Memorandum by Impulse**

This Court's "Order Denying Defendant's Motion to Dismiss" dated July 11, 2005 is instructive as to third party defendant's claims under RCW 19.190 and RCW 19.86.

In the section entitled "Standard of Review", this Court stated that:

> A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99,101-02, 2 L.Ed.2d 80 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).

The only differences between Plaintiff's complaint (which survived Impulse's motion to dismiss) and my complaint are that I actually included an offending email in my pleadings and my domain name is different. The referenced email was sent in violation of the referenced statutes and it contains highlights which provide detail as to the specific areas wherein the emails violate the statutes.

> When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

My complaint may or may not be well-pled, but as a matter of law and equity, it should be taken in the light most favorable… The email provided by me

is the best evidence of violations of RCW 19.190 and RCW 19.86. The highlighted errors and omissions are a matter for expert witnesses and testimony. In this case, the proverbial picture of the violations is worth more than the 1000s of words proffered by Impulse.

There is no question as to whether or not the email exhibit is an email. The only question, for a trier of fact, is whether or not it violates the referenced statutes. This fact is a point of controversy, which can not be adequately addressed in or by Impulse's motion to dismiss. Thus, my complaint when taken as true…favorable light survives this 12(b)(6) motion to dismiss.

### Response to XIII…RCW 19.190 et seq

Impulse claims that I have not alleged any factual allegations relating to violations of RCW 19.190 et seq. It goes on to say that "unsupported conclusions of law in a complaint are not sufficient to withstand a motion to dismiss".

In addition to incorporating the email dated March 22, 2006 by reference, I believe that that email violates Washington law in the following manner:

> **RCW 19.190.020 - Unpermitted or misleading electronic mail -- Prohibition.**
> (1) No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that:
> (a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or
> (b) Contains false or misleading information in the subject line.
> (2) For purposes of this section, a person knows that the intended recipient of a commercial electronic mail message is a Washington resident if that information is available, upon request, from the

registrant of the internet domain name contained in the recipient's electronic mail address.

**RCW 19.190.030 Unpermitted or misleading electronic mail -- Violation of consumer protection act.**
(1) It is a violation of the consumer protection act, chapter 19.86 RCW, to conspire with another person to initiate the transmission or to initiate the transmission of a commercial electronic mail message that:
(a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or
(b) Contains false or misleading information in the subject line.
(2) It is a violation of the consumer protection act, chapter 19.86 RCW, to assist in the transmission of a commercial electronic mail message, when the person providing the assistance knows, or consciously avoids knowing, that the initiator of the commercial electronic mail message is engaged, or intends to engage, in any act or practice that violates the consumer protection act.
(3) The legislature finds that the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.

The referenced email sent by Impulse violates these prohibitions in RCW 19.190 and RCW 19.86.

Additionally, the 7/11/05 order stated:

> ...the Court determines that a comparison of the elements of RCW § 19.190.020 with the elements of fraud, illustrates that Plaintiff's Complaint does not sound in fraud. There is no requirement under RCW § 19.190.020 that the sender "know" that the information in the subject line or transmission path of the email is "false or misleading". Also, RCW § 19.190.020 does not require the false or misleading information in the subject line or transmission path be "material".

5

Further, RCW § 19.190.020 does not require the recipient of an email that violates the statute take any action "in reliance upon the representation" in the email. Neither intent on the part of the sender, nor detrimental reliance on the part of the recipient, is required to prove a violation of RCW § 19.190.020, like it is required to prove fraud. Therefore, the Court concludes that Plaintiff's claims under Washington's Commercial Electronic Mail Act do not trigger the heightened pleading requirements of Rule 9(b).

Therefore, it is not incumbent on me to state with specificity as proposed by Impulse. Nonetheless, I have submitted an actual email detailing specific violations of the laws, above.

### Response to XV...Permanent Injunction

Impulse has spammed an email address which bears my name in the "gordonworks.com" domain and now it is spamming my new domain. However, with the new domain it has not (yet) accused me of the discredited idea of opting in and opting out of its offers ad infinitum. Impulse does not procure email addresses legally and it conspires with others to create false registrations, aliases and an untold number of throwaway domains to fraudulently deprive me of control of my intellectual property. Because complaints, opt-outs, lawsuits or counter suits have failed to stop Impulse from spamming me, my only other option is to request an injunction against Impulse's reckless behaviors.

THEREFORE, third party defendant moves this Court to deny Impulse's request for dismissal of my four counterclaims listed above.

James S. Gordon III, Pro Se
9804 Buckingham Drive
Pasco, WA 99301
509-210-1069

1 | EXECUTED this 15th day of May, 2006.

2 | _____

3 | <center>Certificate of Service</center>

4 | I, hereby, certify that on May 15, 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Bonnie Gordon, Jonathan Gordon, Jamila Gordon, Emily Abbey, and Robert Pritchett by other means.

_____

7

```
Delivered-To: 7-jim@gordonworks.com
Reply-To: <bob@msfseattle.com>
From: "Bob Siegel" <bob@msfseattle.com>
To: "Floyd E. Ivey" <feivey@3-cities.com>
Cc: <bob@msfseattle.com>,
    "Jim Gordon" <jim@gordonworks.com>
Subject: RE: Conferencing Requirements
Date: Fri, 7 Apr 2006 14:27:01 -0700
X-Mailer: Microsoft Office Outlook, Build 11.0.5510
Thread-Index: AcZaUeD69J2zUi3sReic+BP5G1X1kgAFsBQwAAelilA=
X-Spam-Checker-Version: SpamAssassin 2.63 (2004-01-11) on gordonworks.com
X-Spam-Level:
X-Spam-Status: No, hits=-4.9 required=7.0 tests=BAYES_00 autolearn=ham
    version=2.63
```

Floyd,

First, I will reiterate here what Doug McKinley has already advised, that you are authorized to have direct contact with my client, Jim Gordon, Jr., for the limited and sole purpose of discussing third party defendant issues in his capacity as the third-parties' chosen representative. As you know, there is neither rule nor law which obligates or requires an individual litigant to retain or to be represented by counsel.

Next, I see nothing improper in Mr. Gordon's serving in the capacity of third-party defendants' chosen representative, while exercising caution, of course, not to practice law. In fact, Mr. Gordon's role in this regard should be welcomed by Defendant, in that communicating with one person, as opposed to all third party defendants should allow a more efficient process.

In any event, your concerns are not well taken on this end, as it is your client who has chosen to drag these parties into the action, through its wholly inappropriate, and unlawful filing of slap suits. Thus, it is now your client's responsibility to deal with each of these parties as the rules and the law requires.

As always, your cooperation is appreciated.

Sincerely,

Bob Siegel


-----Original Message-----
From: Floyd E. Ivey [mailto:feivey@3-cities.com]
Sent: Friday, April 07, 2006 10:32 AM
To: Robert Siegel
Subject: FW: Conferencing Requirements

Bob,

Please see Mr. Gordon's communication directly to opposing counsel. I ask that you instruct Mr. Gordon to not continue any direct communication with counsel for any defendant counsel in any Gordon case where I provide representation.

Please let me know if you cannot or will not provide such direction to Mr. Gordon.

Floyd E. Ivey

-----Original Message-----
From: Jim Gordon [mailto:jim@gordonworks.com]
Sent: Friday, April 07, 2006 7:43 AM
To: feivey@3-cities.com
Cc: bob@msfseattle.com
Subject: Conferencing Requirements

Mr. Ivey:

Any required conference that must be convened prior to a motion or
other court proceeding will feature me as an authorized
representative for members
of my family per their respective requests.

As you have stated on the record, that you will have no
communications with me, I (we) assume that Impulse has waived all
such "required" communications. If not, please advise me to the
contrary and advise me as to the arrangement or device you propose to
meet requirements to conference.

Thank you,
Jim Gordon,