```
                                    FILED IN THE
                                  U.S. DISTRICT COURT
                              EASTERN DISTRICT OF WASHINGTON

                                    MAY 15 2006

                                JAMES R. LARSEN, CLERK
                                                    DEPUTY
                                  RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., Plaintiff, | Case No.: CV-04-5125-FVS |
| v. | RESPONSE TO IMPULSE'S MEMO OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANT'S AMENDED COUNTERCLAIMS |
| Impulse Marketing Group, Inc., | |
| Defendant | |
| Impulse Marketing Group, Inc., | |
| Jeffrey P. Goldstein, Gregory Greenstein, Kenneth Adamson, Phillip Huston, and John Doe spammers 1-50, | |
| Third-Party Plaintiffs, | |
| v. | |
| Robert L. Pritchett, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

1

## Introduction

Mr. Ivey has made it clear that he will not contact Plaintiff, even though Mr. McKinley and Mr. Siegel have provided him with written permission to do so. As I am representing myself, there is no reason or excuse for him to refuse to contact or conference with me.

In the normal course of events when both sides are represented by counsel, disputes can be resolved wholly or in part via communication between the parties. Impulse's attorneys have refused to communicate with third parties. A letter or two threatening me with sanctions are the only communications that I have received. This strident posturing is difficult to decipher as the seemingly altruistic notion of precluding sanctions is couched in terms which include allegations of wrongdoing on my part.

Thus there is no justification for expending scores of hours on "research", etc. when a simple phone call and email or a letter can reduce the need for the waste of Court resources and its client's resources. If Impulse were really concerned with my welfare it would extend me the courtesy or opportunity to discuss my claims with it. Impulse's refusal to bargain in good faith negates any entitlement to sanctions as its assertion to same coupled with its refusal to dialog with us are designed only to harm third parties.

## Clarifications Regarding Amended Counterclaims

The undersigned is withdrawing each counterclaim which is properly invoked by the state rather than a private citizen. However, I re-assert my counterclaim regarding the intentional infliction of emotional distress and reserve the right to re-introduce new claims after consultations with the district attorney and police department.

### Response to Memorandum by Impulse

As I have never had an opt-in address at "gordonworks.com", Impulse has sued the wrong person. Impulse has yet to offer any link from me to the alleged conspiracy other than conjecture. There is no email address at "gordonworks.com" with my name as with the other third parties. I have not sought or opted into free prize offers from Impulse or its affiliates. There is no connection between me and any scheme or conspiracy. Just as Richland Police Officer, Lew Reed was painted by Impulse as being a co-conspirator – its allegation against me is likewise without merit or support by any facts proffered by Impulse.

### Response to XV…Permanent Injunction

My experience with this lawsuit gives me pause regarding assuming the role of Chief Technology Officer with Omni Innovations, LLC in this limited manner, I would like to see the harassment of Plaintiff (and third parties) ended before we begin to use email addresses at Omni.

This lawsuit has taught me that companies like Impulse operate outside of the law. If one challenges its right to spam, one will be vilified by its management and attorneys. As a result of this lesson learned, I request that this Court enjoin Impulse from spamming parties that do not want its email. The "gordonworks.com" domain is a test case of sorts to determine whether an individual or organization can re-claim its intellectual property once the identity thieves and spammers appropriate it. As an officer of Omni, I wish to take every precaution against using an Omni email address on the Internet or in communications with any spammers. Such a "disclosure" gives spammers a valuable commodity which they have no compunction about selling and re-selling for profit – even when the owner of the email says no to them.

3

1  THEREFORE, third party defendant moves this Court to deny Impulse's
2  request for dismissal of my counterclaim(s) listed above.
3
4  Robert L. Pritchett, Pro Se
   1952 Thayer Drive
5  Richland, WA 99354
6  509-210-0217
7
8  EXECUTED this 15th day of May, 2006.
9  _____
10                      Certificate of Service
11 I, hereby, certify that on May 15, 2006, I filed this motion with this Court. I have
   served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Bonnie
12 Gordon, Jonathan Gordon, Jamila Gordon, James Gordon III, and Emily Abbey by
   other means.
13
   _____
14
15
16
17
18
19
20
21
22
23
24
25

4