```
 1                    UNITED STATES DISTRICT COURT
 2                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| JAMES S. GORDON, JR., an individual residing in Benton County, Washington,<br><br>    Plaintiff,<br><br>    v.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada Corporation,<br><br>    Defendant. | No. CV-04-5125-FVS<br><br>ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS |
| IMPULSE MARKETING GROUP, INC.,<br><br>    Third-Party Plaintiff,<br><br>BONNIE GORDON, JAMES S. GORDON, III, JONATHAN GORDON, JAMILA GORDON, ROBERT PRITCHETT and EMILY ABBEY,<br><br>    Third-Party Defendants. | |

**BEFORE THE COURT** is Defendant/Third-Party Plaintiff Impulse Marketing's Motion to Dismiss Third-Party Defendants' Counterclaims (Ct. Rec. 320) and Motion to Dismiss Third-Party Defendants' Amended Counterclaims (Ct. Rec. 365). Impulse Marketing is represented by Floyd Ivey, Sean Moynihan and Peter Glantz. Third-Party Defendants are proceeding *pro se*.

**BACKGROUND**

On November 18, 2005, Impulse Marketing filed a Second Amended Third-Party Complaint ("SATC") against each of the Third-Party

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 1

Defendants. Third-Party Defendants did not file timely Answers, but filed separate motions to dismiss the SATC. The Court denied those motions to dismiss, holding that the SATC stated claims for indemnity and contribution, breach of contract, tortious interference with business relations, fraud and deceit and injunctive relief. Thereafter, Third-Party Defendants answered the SATC and asserted 15 identical counterclaims against Impulse Marketing.[1] Impulse Marketing filed a motion to dismiss these counterclaims. Without seeking permission from the Court, Third-Party Defendants filed an Answer and Amended Counterclaims. Impulse Marketing then filed a second Motion to Dismiss Third-Party Defendants' Amended Counterclaims.

Third-Party Defendants assert the following counterclaims against Impulse Marketing: (1) Intimidation of Witnesses in violation of RCW 9A.72.110(1)(a) and Obstruction of Justice in violation of 18 U.S.C. § 1514(c); (2) Fraud and related activity in connection with electronic email in violation of 18 U.S.C. § 1037; (3) violation of Washington's Anti-SLAPP Statute, RCW 4.24.510; (4) Identity Theft in violation of RCW 9.35.005; (5) Harassment in violation of RCW 10.14; (6) Promotional Advertising of Prizes in violation of RCW 19.170; (7) Vicarious Liability, RCW 18.86.090, RCW 9A.08.010(1)(b)(c)(d), and RCW 9A.08.030(2); (8) Criminal Impersonation in the First Degree in violation of RCW 9A.60.040; (9)

---

[1] Third-Party Defendant Robert Pritchett only alleges the first six (6) counterclaims, which are identical to the counterclaims of every other Third-Party Defendant.

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 2

Unclean Hands and Estoppel and Cyberstalking in violation of RCW 9.61.260(1); (10) Libel in violation of RCW 9.58.010; (11) violation of RICO statute, 18 U.S.C. § 96[2]; (12) violation of the Can-Spam Act, 15 U.S.C. § 7705[3]; (13) violation of Washington's Commercial Electronic Mail Statute, RCW 19.190 et seq.; (14) violation of Washington's Consumer Protection Act, RCW 19.86 et seq.; and (15) Permanent Injunction.

Pursuant to Federal Rule of Civil Procedure 12(b), Impulse Marketing requests the Court dismiss Third-Party Defendants' counterclaims for failure to state a claim upon which relief can be granted. Further, Impulse Marketing requests the Court impose sanctions pursuant to Federal Rule of Civil Procedure 11(c).

**STANDARD OF REVIEW**

A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

---

[2] Third-Party Defendants withdrew their counterclaims for violation of RICO statute, 18 U.S.C. 96.

[3] Third-Party Defendants withdrew their counterclaims for violation of the Can-Spam Act, 15 U.S.C. § 7705.

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 3

All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). "However, the court is not required to accept legal conclusions cast in the form of factual allegations as true if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 299 (1986)).

**DISCUSSION**

**Obstruction of Justice in violation of 18 U.S.C. §1514(c)**

Third-Party Defendants' original Answer and Counterclaims alleged Impulse Marketing violated 18 U.S.C. § 1514(c), which defines "harassment" for purposes of 18 U.S.C. § 1514, the federal statute creating a civil action to prevent the harassment of a victim or witness in a federal criminal case. Thus, technically, Third-Party Defendants have not pled a violation of any statute, but rather a violation of a definition. Further, 18 U.S.C. § 1514 is inapplicable because this is not a criminal case. However, even if they had pled a violation of an applicable statute creating a legal remedy, Third-Party Defendants lack standing to bring such a claim.

The Court is not aware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in United States District Court. Generally, a private party

has no right to enforce federal criminal statutes.  *See Bass Angler Sportsman Soc'y v. United States Steel Corp.*, 324 F.Supp. 412, 415 (D.Ala.) (outlining "the firmly established principle that criminal statutes can only be enforced by proper authorities of the United States Government and a private party has no right to enforce these sanctions"), *aff'd*, 447 F.2d 1304 (5th Cir. 1971); *accord*, *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  Thus, Third-Party Defendants' counterclaims for obstruction of justice are dismissed.  For these same reasons, the Court also dismisses Third-Party Defendants' counterclaims under 18 U.S.C. § 1037, which criminalizes fraud and related activity in connection with electronic email.

**Intimidation of Witnesses**

Third-Party Defendants' also assert counterclaims for violations of RCW 9A.72.110(1)(a), which states that a "person is guilty of intimidating a witness, if a person, by use of a threat against a current or prospective witness, attempts to: (a) Influence the testimony of that person; (b) Induce that person to elude legal process summoning him or her to testify; (c) Induce that person to absent himself or herself from such proceedings; or (d) Induce that person not to report the information relevant to a criminal investigation...."  Intimidating a witness in violation of RCW 9A.72.110 is a Class B felony.  RCW 9A.72.110(4).

Third-Party Defendants lack standing to assert a claim under this criminal statute.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146 (1973)(noting that a "private citizen lacks a

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS'
COUNTERCLAIMS - 5

judicially cognizable interest in the prosecution or nonprosecution of another"). In the State of Washington, if a private citizen is unhappy about a public official's refusal to investigate or prosecute criminal activity, the citizen has a right to petition the Washington state superior court to summon a grand jury. RCW 10.27.030.[4] Thus, Third-Party Defendants' counterclaims for violations of RCW 9A.72.110 are dismissed because they lack standing to assert claims under Washington's criminal code.[5]

**Washington's Anti-SLAPP Statute, RCW 4.24.510**

Third-Party Defendants assert counterclaims under RCW 4.24.510, which is often characterized as Washington's anti-SLAPP statute. SLAPP is an acronym for Strategic Lawsuits Against Public Participation. *Gontmakher v. City of Bellevue*, 120 Wash.App. 365, 85 P.3d 926, 927 n.1 (Div. 1, 2004). The statute provides:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government ... is immune from civil liability for claims based upon the communication ... regarding any matter reasonably of concern to that agency....

The purpose of anti-SLAPP statutes is to protect the First Amendment right of citizens to petition the government for redress

---

[4] The Criminal Investigatory Act of 1971, RCW 10.27.030, states that a grand jury shall be summoned by the superior court, where the public interest so demands, whenever in its opinion there is sufficient evidence of criminal activity or corruption with in the country....

[5] In their response to Impulse Marketing's motion to dismiss Third-Party Defendants' Answer and Amended Counterclaims, Third-Party Defendants concede to the dismissal of all counterclaims asserted under Washington's criminal code.

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS'
COUNTERCLAIMS - 6

of grievances. *Reid v. Dalton*, 124 Wash.App. 113, 126, 100 P.3d 349 (Div. 3, 2004). The Anti-SLAPP statute protects "individuals who make good-faith reports to appropriate governmental bodies" from the threat of a "civil action for damages." RCW 4.24.500.

Third-Party Defendants allege they were sued by Impulse Marketing because they were prospective witnesses in this lawsuit. However, RCW 4.24.510 does not apply to Third-Party Defendants because there is no showing that they are being sued for making reports to "governmental bodies." Accordingly, Third-Party Defendants' counterclaims under Washington's Anti-SLAPP statute are dismissed.

### Identity Theft in violation of RCW 9.35.005

Third-Party Defendants assert counterclaims for violation of RCW 9.35.005, which sets forth the definitions for terms used in Chapter 9.35 of the RCW, which is entitled "Identity Crimes." Thus, technically, Third-Party Defendants have not pled a violation of any statute, but rather a violation of a statutory definition. Even if they had properly alleged a violation of RCW 9.35, the claim would be dismissed because as explained previously by the Court, Third-Party Defendants lack standing to institute claims under Washington's criminal code. Accordingly, Third-Party Defendants' counterclaims for violation of RCW 9.35 are dismissed.

### Harassment in violation of RCW 10.14

Third-Party Defendants assert counterclaims against Impulse Marketing for violation of RCW 10.14, which provides a mechanism for

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 7

obtaining a civil[6] anti-harassment protection order. This Court is not the proper forum for obtaining relief under RCW 10.14. *See State v. Noah*, 103 Wash.App. 29, 38, 9 P.3d 858 (Div. 1, 2000) (noting that RCW 10.14.150 provides Washington state district and superior courts with concurrent jurisdiction over civil anti-harassment orders). Further, Third-Party Defendants have not complied with RCW 10.14.040, which provides the mechanism to petition for an order for protection from unlawful harassment. To obtain an order of protection under the anti-harassment statute, the petition for relief "shall allege the existence of harassment and shall be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought." RCW 10.14.040(1). Accordingly, Third-Party Defendants' counterclaims under RCW 10.14 are dismissed because they have not complied with the necessary procedural requirements and because this Court is not the proper forum to petition for an order for protection under RCW 10.14.

**Promotional Advertising of Prizes, RCW 19.170.010**

Third-Party Defendants allege Impulse Marketing violated RCW 19.170.010 by falsely advertising prizes without meeting statutory requirements "and by not fulfilling its obligations of the prizes claimed to have been won by Plaintiff and Third-Party Defendants." RCW 19.170.010 provides:

(1) The legislature finds that deceptive promotional

---

[6] Impulse Marketing mistakenly argues that RCW 10.14 is a "criminal" statute.

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 8

>     advertising of prizes is a matter vitally affecting the
>     public interest for the purpose of applying the consumer
>     protection act, chapter 19.86 RCW.
>     (2) Deceptive promotional advertising of prizes is not
>     reasonable in relation to the development and preservation
>     of business.  A violation of this chapter is an unfair or
>     deceptive act in trade or commerce for the purpose of
>     applying the consumer protection act, chapter 19.86 RCW, and
>     constitutes an act of deceptive advertising.
>     (3) This chapter applies to a promotion offer:
>     (a) Made to a person in Washington;
>     (b) Used to induce or invite a person to come to the state
>     of Washington to claim a prize ... or conduct any business
>     in [Washington]; or
>     (c) Used to induce or invite a person to contact by any means
>     a promoter, sponsor, salesperson, or their agent in
>     [Washington].

Impulse Marketing moves to dismiss these counterclaims on the basis that Third-Party Defendants have not alleged "(1) what promotional advertisements they have personally received; and (2) what advertisements they have personally viewed."

The Court concludes that Third-Party Defendants have not asserted any factual allegations supporting their counterclaims under RCW 19.17.010.  Therefore, these counterclaims claims are dismissed with leave to renew if Third-Party Defendants can assert sufficient factual allegations to state a claim for relief under RCW 19.17.010.

**Vicarious Liability, RCW 18.86.090**

Chapter 18.86 of the RCW is entitled "Real Estate Brokerage Relationships" and is not applicable to the relationship between any of the parties in this action.  Moreover, RCW 18.86.090 simply sets forth the definition of the term "vicarious liability" as it pertains to real estate brokerage relationships.  Thus, RCW 18.86.090 does not allege any specific statutory violation.

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 9

Accordingly, Third-Party Defendants' counterclaims under RCW 18.86.090 are dismissed.

### RCW 9A.08.010(1)(b)(c)(d), and RCW 9A.08.030(2)

Third-Party Defendants also assert counterclaims under RCW 9A.08.010(1)(b)(c)(d) and RCW 9A.08.030(2) but the provisions located in these statutory sections simply set forth definitions for the general requirements of culpability under the Washington Criminal Code. Thus, Third-Party Defendants' counterclaims under these statutes are dismissed because the statutes don't specifically create any liability. Furthermore, as the Court has already noted, Third-Party Defendants lack standing to bring claims under Washington's criminal code.

### Criminal Impersonation in violation of RCW 9A.60.040

RCW 9A.60.040, makes "criminal impersonation" in the first-degree a Class C Felony. As discussed previously, Third-Party Defendants lack standing to institute criminal charges under Washington's criminal code. Therefore, Third-Party Defendants' counterclaims under RCW 9A.60.040 are dismissed.

### Unclean Hands and Estoppel

The doctrine of unclean hands and estoppel may be asserted by Third-Party Defendants as affirmative defenses, but are not separate causes of action. Thus, their counterclaims for unclean hands and estoppel are dismissed.

### Cyberstalking and Libel

Third-Party Defendants assert counterclaims for cyberstalking, in violation of RCW 9.61.260(1)(a)(b)(4)(5), and libel, in violation

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 10

of RCW 9.58.010. The Court determines that these counterclaims are dismissed because Third-Party Defendants do not have standing to assert claims under Washington's criminal code.

**RCW 19.190 & RCW 19.86**

Third-Party Defendants assert counterclaims under Washington's Commercial Electronic Mail Statute, RCW 19.190 et seq., and Washington's Consumer Protection Act, and RCW 19.86 et seq. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Id.* Here, Third-Party Defendants' counterclaims contain only the summary conclusion that Impulse Marketing violated Washington's Anti-Spam statute, and thereby violated Washington Consumer Protection Act. Third-Party Defendants do not present any facts in their Answer and Amended Counterclaims or their responsive pleading concerning the elements required to prove violations of any of aforementioned statutes. Thus, the Court dismisses these counterclaims with leave to renew if Third-Party Defendants can assert sufficient factual allegations to state a claim for relief under these statutes.

**Permanent Injunction**

Third-Party Defendants seek the issuance of a permanent

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 11

injunction. "One who seeks relief by temporary or permanent injunction must show (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him." *Kucera v. Dept. of Transp.*, 140 Wash.2d 200, 209, 995 P.2d 63, 68 (2000) (citation omitted). Third-Party Defendants' counterclaims for permanent injunctions are dismissed for failure to plead factual allegations with respect to any of the three required elements.

**Sanctions**

Impulse Marketing requests the Court to impose sanctions under Rule 11 on the basis that Third-Party Defendants' counterclaims are frivolous. Rule 11(c)(1)(A) provides strict procedural requirements. To comply with those requirements, Impulse Marketing was required to file a motion for sanctions under Rule 11 separately from any other motions. *Id.* Further, Impulse Marketing was required to serve its Rule 11 motion on Third-Party Defendants with a demand that they retract or suspend their allegedly offending behavior, and then allow at least 21 days before filing the Rule 11 motion. *Id.* Here, Impulse Marketing did not follow these procedural requirements. It did not file a separate motion, but included the request for sanctions under Rule 11 within its motion to dismiss Third-Party Defendants' counterclaims. Therefore, Impulse Marketing served and filed its Rule 11 motion on the same day. The 21-day hold is a required prerequisite. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (holding 21-

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 12

day safe harbor mandatory). Since Impulse Marketing failed to follow the required procedure, it is not entitled to an award of sanctions under Rule 11. Accordingly,

**IT IS HEREBY ORDERED** that Impulse Marketing's Motion to Dismiss Third-Party Defendants' Counterclaims (**Ct. Rec. 320**) and Motion to Dismiss Third-Party Defendants' Amended Counterclaims (**Ct. Rec. 365**) are **GRANTED**. Third-Party Defendants' counterclaims are **DISMISSED with leave to renew** their claims for Promotional Advertising in violation of RCW 19.170.010, violations of Washington's Commercial Electronic Mail Statute, RCW 19.190 et seq., Washington's Consumer Protection Act, and RCW 19.86 et seq., and a permanent injunction if Third-Party Defendants can assert sufficient factual allegations to adequately state a claim upon which relief can be granted.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and to the Third-Party Defendants proceeding *pro se*.

**DATED** this 19th day of May, 2006.

> s/ Fred Van Sickle
> Fred Van Sickle
> United States District Judge

ORDER GRANTING MOTIONS TO DISMISS THIRD-PARTY DEFENDANTS' COUNTERCLAIMS - 13