```
                                        FILED IN THE
                                     U.S. DISTRICT COURT
                                  EASTERN DISTRICT OF WASHINGTON

                                        MAY 19 2006

                                     JAMES R. LARSEN, CLERK
                                     _____DEPUTY
                                       RICHLAND, WASHINGTON
```

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr.,   Plaintiff, | Case No.: CV-04-5125-FVS |
| v. | RESPONSE TO IMPULSE'S MEMO OF LAW IN SUPPORT OF MOTION TO DISMISS THIRD PARTY DEFENDANT'S AMENDED COUNTERCLAIMS |
| Impulse Marketing Group, Inc., | |
| Defendant | |
| | |
| Impulse Marketing Group, Inc., | |
| Jeffrey P. Goldstein, Gregory Greenstein, Kenneth Adamson, Phillip Huston, and John Doe spammers 1-50, | |
| Third-Party Plaintiffs, | |
| v. | |
| Emily Abbey, Third-Party Defendant | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

AND TO: Peter J. Glantz and Sean A. Moynihan

1

## Introduction

Mr. Ivey has made it crystal clear that he will not contact Plaintiff even though Mr. McKinley and Mr. Siegel have provided him with written permission to do so. As I am proceeding "Pro Se", there is no reason or excuse for him to refuse to contact or conference with me.

In the normal course of events when both sides are represented by counsel, disputes can be resolved wholly or in part via communication between the parties. Impulse's attorneys have refused to communicate with third parties. A letter or two threatening me with sanctions are the only communications that I have received. This strident posturing is difficult to decipher as the seemingly altruistic notion of precluding sanctions is couched in terms which include allegations of wrongdoing on my part.

Thus there is no justification for expending scores of hours on "research", etc. when a simple phone call and email or a letter can reduce the need for the waste of Court resources and its client's resources. If Impulse were really concerned with my welfare it would extend me the courtesy or opportunity to discuss my claims with it. Impulse's refusal to bargain in good faith negates any entitlement to sanctions as its assertion to same coupled with its refusal to dialog with us are designed only to harm third parties.

## Clarifications Regarding Amended Counterclaims

The undersigned is withdrawing each counterclaim which is properly invoked by the state rather than a private citizen. However, I re-assert my counterclaims regarding RCW 19.190, RCW 19.86, Permanent Injunction, and the intentional infliction of emotional distress. As to the criminal matters addressed in my counterclaims, I will discuss this with other third parties and perhaps meet with

2

local police and the district attorney's office concerning the redress of these complaints.

**Response to Memorandum by Impulse**

This Court's "Order Denying Defendant's Motion to Dismiss" dated July 11, 2005 is instructive as to third party defendant's claims under RCW 19.190 and RCW 19.86.

In the section entitled "Standard of Review", this Court stated that:

> A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997).

The only differences between Plaintiff's complaint (which survived Impulse's motion to dismiss) and my complaint are that I actually included an offending email in my pleadings and my domain name is different. The referenced email was sent in violation of the referenced statutes and it contains highlights which provide detail as to the specific areas wherein the emails violate the statutes.

> When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

3

My complaint may or may not be well-pled, but as a matter of law and equity, it should be taken in the light most favorable… The email provided by me is the best evidence of violations of RCW 19.190 and RCW 19.86. The highlighted errors and omissions are a matter for expert witnesses and testimony. In this case, the proverbial picture of the violations is worth more than the 1000s of words proffered by Impulse.

There is no question as to whether or not the email exhibit is an email. The only question, for a trier of fact, is whether or not it violates the referenced statutes. This fact is a point of controversy, which can not be adequately addressed in or by Impulse's motion to dismiss. Thus, my complaint when taken as true…favorable light survives this 12(b)(6) motion to dismiss.

### Response to XIII…RCW 19.190 et seq

Impulse claims that I have not alleged any factual allegations relating to violations of RCW 19.190 et seq. It goes on to say that "unsupported conclusions of law in a complaint are not sufficient to withstand a motion to dismiss".

In addition to incorporating the email dated March 22, 2006 by reference, I believe that that email violates Washington law in the following manner:

> **RCW 19.190.020 - Unpermitted or misleading electronic mail -- Prohibition.**
> (1) No person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that:
> (a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or
> (b) Contains false or misleading information in the subject line.

4

(2) For purposes of this section, a person knows that the intended recipient of a commercial electronic mail message is a Washington resident if that information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address.

**RCW 19.190.030 Unpermitted or misleading electronic mail -- Violation of consumer protection act.**
(1) It is a violation of the consumer protection act, chapter 19.86 RCW, to conspire with another person to initiate the transmission or to initiate the transmission of a commercial electronic mail message that:
(a) Uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message; or
(b) Contains false or misleading information in the subject line.
(2) It is a violation of the consumer protection act, chapter 19.86 RCW, to assist in the transmission of a commercial electronic mail message, when the person providing the assistance knows, or consciously avoids knowing, that the initiator of the commercial electronic mail message is engaged, or intends to engage, in any act or practice that violates the consumer protection act.
(3) The legislature finds that the practices covered by this chapter are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this chapter is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.

Impulse's emails to me have illegal transmission paths, use misleading subject lines, and are sometimes relayed through others' computers. The referenced email sent by Impulse violates these prohibitions in RCW 19.190 and RCW 19.86.

5

THEREFORE, third party defendant moves this Court to deny Impulse's request for dismissal of my four counterclaims listed above. Again, I have withdrawn the claims that only a government entity can prosecute.

Emily Abbey, Pro Se
1407 2nd Ave. W. #608
Seattle, WA 98119
206-217-0466

EXECUTED this 19th EHA day of May, 2006.

*Emily H Abbey*

Certificate of Service

I, hereby, certify that on May 19th EHA 2006, I filed this motion with this Court. I have served Bob Siegel, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, Jamila Gordon, James Gordon III, Jonathan Gordon, Bonnie Gordon, and Robert Pritchett by other means.

7

RESPONSE MEMO LAW DISMISS-