```
 1                   UNITED STATES DISTRICT COURT
 2                  EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| JAMES S. GORDON, JR., an individual residing in Benton County, Washington,<br><br>  Plaintiff,<br><br>  v.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada Corporation,<br><br>  Defendant. | No. CV-04-5125-FVS<br><br>ORDER DENYING THIRD-PARTY DEFENDANTS' MOTIONS FOR TEMPORARY INJUNCTION |
| IMPULSE MARKETING GROUP, INC.,<br><br>  Third-Party Plaintiff,<br><br>  v.<br><br>BONNIE GORDON, JAMES S. GORDON, III, JONATHAN GORDON, JAMILA GORDON, ROBERT PRITCHETT and EMILY ABBEY,<br><br>  Third-Party Defendants. | |

**BEFORE THE COURT** are Motions for Temporary Injunction brought by Third-Party Defendants Jamila Gordon (Ct. Rec. 302), Bonnie Gordon (Ct. Rec. 305), Jonathan Gordon (Ct. Rec. 307), James Gordon, III (Ct. Rec. 309), and Emily Abbey (Ct. Rec. 311). Third-Party Defendants are proceeding *pro se*. Third-Party Plaintiff Impulse Marketing Group is represented by Floyd Ivey, Sean Moynihan, and Peter Glantz.

ORDER DENYING THIRD-PARTY DEFENDANTS' MOTIONS FOR TEMPORARY
INJUNCTION - 1

1   Third-Party Defendants request the Court issue a temporary
2   injunction enjoining Impulse Marketing and "all its marketing
3   partners, past, present and future" from (1) doing business in the
4   State of Georgia; (2) sending emails to Third-Party Defendants; and
5   (3) sending emails to all Washington State residents until this case
6   has been adjudicated.  Impulse Marketing opposes the issuance of a
7   temporary injunction on the basis that Third-Party Defendants noted
8   their motions for hearing on the same day they filed their motions.

9      An injunction is an equitable remedy that should be used
10  sparingly.  *Kucera v. Dept. of Transp.*, 140 Wash.2d 200, 209, 995
11  P.2d 63, 68 (2000).  Therefore, injunctive relief will not be granted
12  where there is a plain, complete, speedy and adequate remedy at law.
13  *Id.*  "One who seeks relief by temporary or permanent injunction must
14  show (1) that he has a clear legal or equitable right, (2) that he
15  has a well-grounded fear of immediate invasion of that right, and (3)
16  that the acts complained of are either resulting in or will result in
17  actual and substantial injury to him."  *Id.*  "If a party seeking a
18  preliminary injunction fails to establish any one of these
19  requirements, the requested relief must be denied."  *Id.* at 210, 995
20  P.2d at 69.

21     Here, Third-Party Defendants have failed to allege or
22  demonstrate the absence of a complete and adequate remedy at law.
23  Thus, the Court denies Third-Party Defendants' motions for temporary
24  injunction on this basis.  Accordingly,

25     **IT IS HEREBY ORDERED** that the Motions for Temporary Injunction
26  brought by Third-Party Defendants Jamila Gordon (**Ct. Rec. 302**),

ORDER DENYING THIRD-PARTY DEFENDANTS' MOTIONS FOR TEMPORARY
INJUNCTION - 2

1 Bonnie Gordon (**Ct. Rec. 305**), Jonathan Gordon (**Ct. Rec. 307**), James
2 Gordon, III (**Ct. Rec. 309**), and Emily Abbey (**Ct. Rec. 311**) are
3 **DENIED.**
4     **IT IS SO ORDERED.**  The District Court Executive is hereby
5 directed to enter this Order, furnish copies to counsel and Third-
6 Party Defendants who are proceeding *pro se.*
7     **DATED** this <u>22nd</u> day of May, 2006.

                      <u>s/ Fred Van Sickle</u>
                        Fred Van Sickle
               United States District Judge

ORDER DENYING THIRD-PARTY DEFENDANTS' MOTIONS FOR TEMPORARY
INJUNCTION - 3