MERKLE SIEGEL & FRIEDRICHSEN, P.C.        THE HON. FRED VAN SICKLE
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr.,        Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | |
| Impulse Marketing Group, Inc., | |
| Defendant | PLAINTIFF'S MOTION TO COMPEL |
| | [HEARING NOTED WITHOUT ORAL ARGUMENT ON AUGUST 21, 2006] |
| Impulse Marketing Group, Inc., Third-Party Plaintiff, | [For Resolution By Discovery Master The Hon. Harold D. Clarke] |
| v. | |
| Bonnie F. Gordon, Jamila Gordon, James Gordon III, and Jonathan Gordon, Third-Party Defendants | |

TO: Clerk of the Court

AND TO: Floyd E. Ivey, Sean Moynihan, Peter Glantz, Attorneys for Defendants.

PLAINTIFF'S FIRST MOTION TO COMPEL - 1

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

Plaintiff, James S. Gordon, Jr., by and through his undersigned attorney, Robert J. Siegel, pursuant to FRCP 37 hereby moves the Court for an order compelling Defendants to provide full and complete responses to Plaintiff's outstanding discovery.

## STATEMENT OF FACTS

1. In 2004, Plaintiff Jim Gordon, an individual computer and internet user who provides basic internet interactivity to a group of customers via his domains, properly commenced this action against the Defendant Impulse Marketing Group, Inc., a large Georgia based internet marketing firm ("Impulse"). The essence of Plaintiff's complaint alleges Defendants' numerous violations of the Washington CEMA (RCW 19.190) and CPA (RCW 19.86), as well as, pursuant to Plaintiff's First Amended Complaint, violations of the Federal Can-Spam Act of 2003.

Plaintiff's First Interrogatories and Requests for Production of Documents were served on Defendants March 2, 2006. (See **Exhibit "A"**). Despite repeated demands, Defendants failed to respond or provide any discovery responses until April 24, 2006. Defendant's initial responses were grossly deficient, not a single discovery request answered substantively, posing unfounded, boilerplate objections to each and every question! (See Defendants' initial responses at **Exhibit "B"**). Consequently, on May 9, 2006 undersigned counsel initiated and held an FRCP 37 discovery conference with counsel for Defendants (to which undersigned counsel hereby certifies as true). During that conference both parties agreed to provide additional time to reconsider their previous discovery responses, and to provide

PLAINTIFF'S FIRST MOTION TO COMPEL - 2

supplemental responses.  Plaintiff provided Defendants with his supplemental responses in the form of a more detailed analysis of the offending emails. When finally received, Defendants' supplemental responses were once again grossly deficient and non-responsive. (See Defendants' Supplemental Responses at **Exhibit "C"**).  Attached to Defendants' Supplemental Responses To Plaintiff's First Request For Production Of Documents is the sum total of all documents produced by Defendants.  What should arguably be the production of boxes of documents, is instead merely 14 pages, largely consisting of a *current* print out of its own terms and conditions from its website.

Defendants' continued stonewalling and utter disregard for the discovery rules by Defendants has necessitated this Motion.

### III.   STATEMENT OF ISSUES

1.   Should the Court enter an order compelling Defendant to provide full and complete responses to Plaintiff's discovery requests, and particularly addressing those issues identified and discussed below;

2.   Should the Court award Plaintiff sanctions and attorney fees for Defendant's intransigence, making this Motion necessary?

### IV.   EVIDENCE RELIED UPON

This Motion is based upon the files and records herein, and the legal authority cited herein.

PLAINTIFF'S FIRST MOTION TO COMPEL - 3

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

1

2

## V.     DISCUSSION

3

4

**5.1     Applicable Law.**  Plaintiff relies upon FRCP 37 and 26, and

5

applicable case law.  Under FRCP 26(b)(1), parties are generally entitled to broad

6

discovery of any matter that is relevant to the subject matter of the lawsuit and is

7

not privileged.  The scope of discovery is much broader than the standard of

8

relevance required under the rules of evidence for admissibility at trial.  Federal

9

Courts have defined "relevant" to encompass "any matter that bears on, or that

10

reasonably could lead to other matters that could bear on, any issue that is or many

11

be in the case." <u>Oil, Chemical & Atomic Workers Local Union v. N.L.R.B.,</u> 711 F.

12

2d 348, 360 (D.C. Cir. 1983).  Washington courts have noted the "broad right of

13

discovery is necessary to ensure access to the party seeking discovery.  It is

14

common legal knowledge that extensive discovery is necessary…" <u>Doe v Puget</u>

15

<u>Sound Blood Ctr.,</u> 117 Wn. 2d 772, 782 (1991).

16

        In <u>Washington State Physicians Insurance Exchange & Assn. v. Fisons</u>

17

<u>Corp.,</u> 122 Wn.2d 299, 858 P.2d 1054 (1993), the Washington Supreme Court held

18

that the spirit of cooperation and the search for the truth should prevail over older

19

notions that a trial should be an adversarial game in which ducking and dodging

20

discovery requests was the norm, and did not hesitate in awarding sanctions against

21

the non-responsive party.   Here, the Defendants have demonstrated a pattern of

22

stonewalling and non-responsiveness in relation to discovery.

23

        The Plaintiff has now propounded two sets of reasonable interrogatories and

24

requests for production, all of which were calculated to elicit information from

25

Defendants regarding the basis and facts supporting his lawsuit, the defenses

alleged by Defendants, and basic background information on Defendants' business

PLAINTIFF'S FIRST MOTION TO COMPEL - 4

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

activities and involvement with affiliates, agents, or subcontractors.  Contrary to Defendant's boilerplate objections, these requests were not, vague or ambiguous, unduly burdensome nor did they seek information not calculated to lead to the discovery of admissible evidence.

In its initial responses, Defendants incredibly failed to substantively answer even one Interrogatory or Request For Production.  Choosing instead to pose unfounded boilerplate objections to every discovery request! Thus, Defendants have clearly abused their right to object to discovery requests by using the identical, boilerplate objection to virtually every one of Plaintiff's requests.

Under FRCP 37(a)(3) each answer to an interrogatory must be full, complete, and non-evasive. Evasive or incomplete answers may be treated as a failure to answer, or respond.  Here, Defendants' redundant posing of unfounded boilerplate objections to each and every discovery request can be seen as nothing more than a blatant disregard for the rules of discovery, and a complete abrogation of their obligations thereunder.

**5.2    Defendants Make A Mockery Of The Discovery Rules.**    How can Defendants in good faith argue that they have in good faith complied with their obligations under the FRCPs?  In response to 21 separate and distinct requests for production of documents, and lieu of what arguably should be numerous boxes of business records, Defendants have produced a sum total of 14, largely irrelevant and non-responsive pages.  In response to 25 separate and distinct Interrogatories Defendants have failed to provide substantive responses to virtually every inquiry, instead asserting boilerplate objections. Plaintiff submits that it is just this type of evasiveness and disregard for the rules of discovery for which the sanction provisions of the FRCPs were intended, Defendants having now established a clear pattern of stonewalling and evasiveness.  Such tactics, by a well-healed defendant,

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

1   can only be seen as an attempt to wage a war of attrition through litigation. Such

2   tactics should not be tolerated by the Court.

3

4   **5.3    Defendants' Own Policies Belie Their Objections.**   The Court should take

    particular note of certain documents provided by Defendants as part of their very

5   limited, and wholly deficient supplemental document production.  Particularly,

6   bates stamped documents IMG-000004 – 000010, which purport to be pages from

7   Defendants' website setting forth its "Terms & Conditions" for "Affiliate

8   Advertising".  IMG-000006 at section 10 sets forth IMG's "Anti-Spam Policy",

9   which language includes numerous statements indicating that IMG does not

10  tolerate unlawful spam.  However, despite such lofty language, Defendants have

11  thus far failed and refused to provide any actual evidence of their "taking every

12  step" to insure their affiliate advertiser's compliance.

13         Moreover, despite their self-serving representations in their own Terms &

14  Conditions document, Defendants themselves regularly violate the Federal Can-

15  Spam Act, not to mention the Washington CEMA.  Under **15 USC 7701, section**

16  **4(a)(4) and (5)** using false information to register domains and/or IP addresses

17  which are used to send numerous unsolicited commercial emails is strictly

18  prohibited.  Plaintiff has substantial evidence that Defendants have violated this

19  provision repeatedly.  Accordingly, Defendants should be required, as inquired

20  about in **Interrogatory Nos. 7, 17 and 19** to provide a list of all domains it has

21  registered, and all IP addresses which have been registered on its behalf, and/or

22  from which they have sent multiple emails.  Instead, as per its usual course,

23  Defendants have objected, and failed and refused produce such information.

24

25

PLAINTIFF'S FIRST MOTION TO COMPEL - 6

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**206-624-9392**

**5.4     Identity of Defendants' Vendors, Agents, Affiliates, Marketing Partners.**     Throughout their responses, Defendants repeatedly state "In connection with the allegations contained in Plaintiff's Complaint, Impulse, upon information and belief, did not itself send any emails to Plaintiff's email address." and further "Upon information and belief, Impulse had no knowledge that noncompliant emails would be sent to Plaintiff's email address."  Nonetheless, in response to Interrogatory No. 11 Defendants admit "occasionally" initiating the transmission of commercial email on behalf of third parties, but then in response to Interrogatory No. 12 refuse to identify those parties on whose behalf they send the emails, and further in response to Interrogatory No. 13 refuse to identify its "vendors, agents, affiliates, contractors, and subcontractors that assist or assisted in the transmission of commercial email on the defendant's behalf for the past five years."  <u>Here, Defendants' motives and their intransigence become transparent. On one hand asserting that they don't actually send the offending emails, while on the other refusing to identify those who do.</u>

Again, despite the language in its own contract with its "affiliates" upon which Defendants seek to rely, Defendants have failed and refused to produce the correspondence between itself and its "affiliates" such as Commonwealth Marketing Group ("CMG") and others.  There is simply no legitimate basis upon which to withhold such information to which Plaintiff is clearly entitled, and which would go to establish Defendants' knowledge of, and participation in the sending of the offending emails at issue in the lawsuit.

**5.5     Defendants Refuse To Answer Questions Fundamental To Their Own Defenses.**     One of Defendants' primary defenses alleged in this action is that Plaintiff "opted-in" to receiving the offending emails at issue.  In fact, incredibly, Defendants have even gone so far as to allege a "conspiracy" to solicit their spam

PLAINTIFF'S FIRST MOTION TO COMPEL - 7

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

just in order to sue them.  Nonetheless, in response to Plaintiff's Interrogatory No. 15, asking Defendants to "describe the process by which you obtain "opt-in" email addresses, and identify each every source of such email addresses." Defendants again pose boilerplate objections, and refuse to provide the information.

**5.6    Defendants Refuse To Divulge The Internet Domains From Which They Send Commercial Email.**    In response to Interrogatory No.s 7, and 17, Defendants again pose their boilerplate objections when asked to identify any domains from which they, or others on their behalf send commercial email, and in response to Interrogatory No. 18 inquiring as to whether Defendants have "permission" from the owners of any of the domains used.  This information is, of course, fundamental to Plaintiff's case in order to prove certain violations of the applicable statutes.

**5.7    Defendants Refuse To Identify The IP Addresses Assigned To Them.**

In response to Interrogatory No. 19, Defendants again pose their boilerplate objections, and fail and refuse to identify the IP addresses assigned to them since 2000.  This, of course, again is highly relevant to prove who actually sent the offending emails, the relationship which may have existed between conspiring parties, and to properly analyze the extent to which Defendants may have obscured the transmission path and/or point of origin of the subject emails.

**5.8    Defendants Refuse To Identify The Software It Uses To Send Spam.**

In response to Interrogatory No. 24, and in response to Plaintiff's Second Requests For Production of Documents, Defendants once again have failed and refused to identify and/or provide copies of the email systems, software, and applications it uses to send commercial email.  All of which are obviously highly

PLAINTIFF'S FIRST MOTION TO COMPEL - 8

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

relevant to Plaintiff's allegations, and to show that Defendants are notorious

spammers.

## CONCLUSION

In conclusion, despite that they have been given every opportunity to do so,

it is apparent that Defendant has no intention of abiding by the civil rules

governing their discovery obligations.  Plaintiff respectfully requests that this

Court enter an order compelling Defendant to immediately and fully respond to

Plaintiff's discovery requests, and awarding Plaintiff sanctions against Defendant

for its intransigence and refusal to comply with its discovery obligations.

RESPECTFULLY SUBMITTED, this 30th day of June, 2006.

MERKLE SIEGEL & FRIEDRICHSEN, P.C.

/s/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S FIRST MOTION TO COMPEL - 9

1

2

3

4

5

6                                    **Certificate of Service**

We, hereby, certify that on June 30, 2006, we filed this pleading with this Court.

7 The Clerk of the Court will provide electronic notification system using the

CM/ECF, which will send an electronic copy of this Notice to: Peter J. Glantz,

8 Sean A. Moynihan, and Floyd E. Ivey. I have served all non-CM/ECF participants

9 and third-party defendants by other means.

10

/s/ Robert J. Siegel

11 Robert J. Siegel, WSBA #17312

Attorneys for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S FIRST MOTION TO COMPEL -

10

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392