**EXHIBIT C**

COPY

1  Liebler, Ivey, Conner, Berry & St. Hilaire
2  Floyd E. Ivey
   1141 N. Edison, Suite C
3  P.O. Box 6125
4  Kennewick, Washington 99336
   Local Counsel for Defendant/Third Party Plaintiff
5  Impulse Marketing Group, Inc.
6  509 735 3581
   509 735 3585(fax)
7
8  Klein, Zelman, Rothermel, & Dichter, L.L.P.
9  Sean Moynihan, Esq.; Peter Glantz, Esq.
   485 Madison Avenue
10 New York, New York 10022
11 Attorneys for Defendant/Third Party Plaintiff
   Impulse Marketing Group, Inc.
12

13

14         UNITED STATES DISTRICT COURT FOR THE

15         EASTERN DISTRICT OF WASHINGTON
16

17 JAMES S. GORDON, JR.,              )      No. CV-04-5125-FVS
                                      )
18            Plaintiff,              )      DEFENDANT'S
                                      )      SUPPLEMENTAL RESPONSE
19 vs.                                )      TO PLAINTIFF'S FIRST
                                      )      INTERROGATORIES
20 IMPULSE MARKETING GROUP,           )
21 INC.,                              )
              Defendant              )
22 _____          )
                                      )
23                                    )
24 IMPULSE MARKETING GROUP,           )
   INC.,                              )
25      Third-Party Plaintiff,s.      )
                                      )
26 BONNIE GORDON, et al.,             )
                                      )
27                                    )
28 Third-Party Defendants.

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 1 of 20

90

# DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Impulse Marketing Group, Inc. ("Impulse" or "Defendant"), pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, hereby supplements its response to plaintiff, James Gordon's ("Plaintiff" or "Gordon") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

Impulse's supplemental responses are made without in any way waiving either: (a) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground, to the use of any information provided in these responses for any purpose in any stage or proceeding in this or any other action; (b) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of these documents; or (c) the right to assert the attorney-client privilege, the work-product doctrine, or any other privilege or right. Impulse has not completed its discovery or factual investigation in this action. Accordingly, the supplemental responses set forth herein are provided without prejudice to Impulse's right to add, modify, or otherwise change or amend the responses herein in accordance with Rule 26(e).

Defendant is continuing to search for information responsive to Plaintiff's

Defendant's Supplemental Response to Plaintiff's First Interrogatories
Page 2 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

First Set of Interrogatories and, without representing that any such information exists, reserves the right to supplement its responses if and when additional information becomes available.    By responding to Plaintiff's First Set of Interrogatories, Defendant does not concede the materiality or relevance of the subject matter of any pf Plaintiff's First Set of Interrogatories and its responses are expressly made subject to, and without waiving or intending to waive, any question or objection as to the competency, relevancy, materiality, privilege or admissibility of its subject matter and/or any documents or information set forth or referred to in response thereto.

## GENERAL OBJECTIONS

1.    Impulse objects to each interrogatory to the extent that it seeks material or information that is privileged as an attorney-client communication.    This objection hereinafter will be referred to as the "Attorney-Client Privilege Objection."

2.    Impulse objects to each interrogatory to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is protected and privileged as attorney work product.    This objection hereinafter will be referred to as the "Attorney Work Product Objection."

3.    Impulse objects to each interrogatory to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 3 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  trial.  This objection hereinafter will be referred to as the "Material Prepared in

2  Anticipation of Litigation Objection."

3

4      4.    Impulse objects to each interrogatory to the extent that it seeks

5  information irrelevant to the parties' claims or defenses in this case.  This objection

6

7  hereinafter will be referred to as the "Irrelevancy Objection."

8      5.    Impulse objects to each interrogatory to the extent that it calls for

9  information that would impose a vexatious and undue burden on the grounds that

10

11 the request is oppressive and/or is intended to harass the Impulse.  This objection

12 hereinafter will be referred to as the "Undue Burden Objection."

13

14     6.    Impulse objects to each interrogatory to the extent that it is vague,

15 ambiguous, or otherwise lacks sufficient precision to permit a response.  This

16 objection hereinafter will be referred to as the "Ambiguity Objection."

17

18     7     Impulse objects to each interrogatory to the extent that it seeks

19 information outside the allegations of the Complaint in this action.  This objection

20 hereinafter will be referred to as the "Overbreadth Objection."

21

22     8.    Impulse objects to each interrogatory to the extent that it seeks

23 information that is in Plaintiff's possession.  This objection hereinafter will be

24 referred to as the "Plaintiff's Possession Objection."

25

26

27

28

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 4 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

9.    Impulse objects to each interrogatory to the extent that it repeats a request made elsewhere in Plaintiff's Demand.  This objection hereinafter will be referred to as the "Redundancy Objection."

10.    Impulse objects to each interrogatory to the extent that it seeks information relating to unspecified periods of time outside the scope of Plaintiff's Complaint.  This objection hereinafter will be referred to as the "Time Frame Objection."

11.    Impulse objects to each interrogatory to the extent that it seeks information that constitutes a trade secret or proprietary information. This objection hereinafter will be referred to as the "Trade Secret Objection."

12.    Defendant objects to Plaintiff's First Set of Interrogatories insofar as it improperly calls for, or presupposes, a conclusion of law.  This objection hereinafter will be referred to as the "Legal Conclusion Objection."

13.    Insofar as any request seeks information falling within the scope of the foregoing General Objections, except as provided above, it is specifically noted below by reference to the General Objection defined herein.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1: Set forth each and every insurance agreement covering any and all liability exposure for the defendant, whether or not in your opinion coverage is afforded for the matter made the subject of this lawsuit, and identify

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 5 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1 each insurance agreement by the name of the insurance carrier, policy number,
2 limits, and sublimits for Advertising Injury.

3 ANSWER:  Defendant asserts the Overbreadth Objection.  Subject to and without
4 waiving said objection, Plaintiff is referred to the content contained in Bates Nos.
5 000001-000003 produced to Plaintiff in response to Plaintiff's Request For The
Production Of Documents No. 1.

6
7 _____S/FLOYD E. IVEY_____

8 FLOYD E. IVEY
9

10 INTERROGATORY NO. 2:  [BLANK]
11
12 ANSWER:  Given that Plaintiff's Interrogatory No. 2 was left blank, no response
13 is required.

14 _____ S/FLOYD E. IVEY _____
15
16 FLOYD E. IVEY

17
18 INTERROGATORY NO. 3: Identify the person(s) responsible for making decisions
19 regarding the marketing of defendant's products and/or services via email, deciding
20 how emails are created, formatted and sent, and specify the person(s) responsible for
deciding to market products and/or services via email.

21
22 ANSWER:  Defendant asserts the Overbreadth and Ambiguity Objection.  Subject
23 to and without waiving these objections, Jeff Goldstein is responsible for making
decisions regarding the marketing of Impulse's products and/or services via email.

24
25 _____ S/FLOYD E. IVEY _____

26
27
28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

95

1  FLOYD E. IVEY

2

3  INTERROGATORY NO. 4:  Identify the defendant's gross revenue for any and all
4  years that the defendant has marketed products and/or services via email.

5  ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Overbreadth and Trade
6  Secret Objections.   The information sought will not lead to the discovery of
7  admissible evidence.  Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974);
   Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).
8

9  _____ S/FLOYD E. IVEY _____

10

11 FLOYD E. IVEY

12

13 INTERROGATORY NO. 5:  Identify the number, or if the exact number is
14 unascertainable, the approximate number, of email addresses the defendant has
   marketed products and/or services to by year for each year it has been sending
15 commercial email.

16

17 ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Overbreadth, Undue
   Burden and Trade Secret Objections.  Interrogatory No. 5 is irrelevant to the
18 allegations contained in Plaintiff's Complaint.  Plaintiff lacks standing to request
19 information regarding those email addresses not belonging to Plaintiff.  As such, the
   information sought will not lead to the discovery of admissible evidence.  Bushman
20 v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-
21 Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

22 _____ S/FLOYD E. IVEY _____

23

24 FLOYD E. IVEY

25

26 INTERROGATORY NO. 6:  Identify the number of email addresses referenced in
27 the immediately preceding interrogatory that the defendant claims are opt-in email

28

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 7 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  addresses, or in some way gave their <u>direct</u> permission to it to send them email
2  advertisements, by the following categories:

3     a.  number of email addresses the defendant obtained from freeze.com;

4
5     b.  number of email addresses the defendant obtained from imustplay.com;

6     c.  number of email addresses the defendant obtained from the treeloot
7        game;

8     d.  number of email addresses the defendant obtained from other third
9        parties.

10  ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Overbreadth, Undue
11  Burden and Trade Secret Objections.  Interrogatory No. 6 is irrelevant to the
    allegations contained in Plaintiff's Complaint.  Plaintiff lacks standing to request
12  information regarding those email addresses not belonging to Plaintiff. As such, the
13  information sought will not lead to the discovery of admissible evidence. <u>Bushman</u>
    <u>v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-</u>
14  <u>Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).  Subject to and without waiving
15  these objections, Defendant invites Plaintiff to limit this interrogatory to Plaintiff's
16  email address in accordance with RCW 19.190 et seq.

17

18  _____ S/FLOYD E. IVEY _____

19
20  FLOYD E. IVEY

21  INTERROGATORY NO. 7:     Please list all internet domain names used and/or
22  registered by the defendants, or used or registered on their behalf by others which
    use the Who is Privacy Protection (Services) Inc. service offered by eNom Inc., in
23  conjunction with their internet business/activities.

24
25  ANSWER: Defendant asserts the Time Frame, Irrelevancy, Overbreadth,
    Ambiguity and Trade Secret Objections. Interrogatory No. 7 is ambiguous as to the
26  term "defendants" given that Impulse is the only named defendant in this lawsuit.
27  Further, Interrogatory No. 7 is irrelevant to the allegations contained in Plaintiff's
    Complaint.  As such, the information sought will not lead to the discovery of
28

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

97

1   admissible evidence.  <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974);
2   <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

3   _____  S/FLOYD E. IVEY  _____

4

5   FLOYD E. IVEY

6   INTERROGATORY NO. 8:  Identify the number of emails each defendant sent to
7   any of the following email addresses:
8     bonnie@gordonworks.com; ;

9   bonniegg@gordonworks.com

10
11  business@gordonworks.com

12  cash@gordonworks.com

13  emily@gordonworks.com
14
15  faye@gordonworks.com

16  genesis@gordonworks.com

17
18  goals@gordonworks.com

19  goals@gordonworks.com

20  gordonworks@gordonworks.com

21
22  james@gordonworks.com

23  jamila@gordonworks.com

24
25  jay@gordonworks.com

26  jeg@gordonworks.com

27  jim@gordonworks.com

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

98

1   jobs@gordonworks.com

2
    jonathan@gordonworks.com
3

4   links@gordonworks.com

5   localbusiness@gordonworks.com

6
    lynkstation@gordonworks.com
7

8   marketer@gordonworks.com

9   msm@gordonworks.com

10

11  postmaster@gordonworks.com

12  referral@gordonworks.com

13
    sd@gordonworks.com
14

15  teen@gordonworks.com

16  telecom@gordonworks.com

17
    tj@gordonworks.com
18

19  tommy@gordonworks.com

20  webmaster@gordonworks.com

21

22

23  ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Ambiguity, Plaintiff's
24  Possession and Overbreadth Objections.  Interrogatory No. 8 is irrelevant to the
    allegations contained in Plaintiff's Complaint. Interrogatory No. 8 is ambiguous as
25  to the terms "each defendant" given that Impulse is the only named defendant in this
26  lawsuit.  Plaintiff lacks standing to request information regarding those email
    addresses not belonging to Plaintiff.  In connection with the allegations contained
27  in Plaintiff's Complaint, Impulse, upon information and belief, did not itself send
28  any emails to Plaintiff's email address.  Upon information and belief, Impulse had

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 10 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

99

1  no knowledge that noncompliant emails would be sent to Plaintiff's email address.
2  Further, Impulse implements a multi-point business practice to ensure compliant
   email marketing by its third-party marketers including, but not limited to, obtaining
3  express representations and warranties from its third-party marketers that said third-
4  party marketers will only transmit emails that comply with any and all state and
   federal laws such as the CAN-SPAM Act of 2003 and applicable state deceptive
5  marketing statutes.

6

7  _____ S/FLOYD E. IVEY _____

8

9  FLOYD E. IVEY

10

11  INTERROGATORY NO. 9: Does the defendant claim that the owners of the email
    addresses listed in Interrogatory No. 8 opted-in to any of its marketing programs, or
12  in any way granted it direct permission to send commercial emails, and if so, for
13  each such instance of alleged "opt-in" or "permission" please state the following:
    1.  the date;
14  2.  the website at which it was processed;
15  3.  the website at which it was received;
    4.  the email from which each was received;
16

17  ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Plaintiff's Possession
    and Overbreadth Objections.   Plaintiff lacks standing to request information
18  regarding those email addresses not belonging to Plaintiff. In connection with the
19  allegations contained in Plaintiff's Complaint, Impulse, upon information and belief,
    did not itself send any emails to Plaintiff's email address.  Upon information and
20  belief, Impulse had no knowledge that noncompliant emails would be sent to
21  Plaintiff's email address.   Further, Impulse implements a multi-point business
    practice to ensure compliant email marketing by its third-party marketers including,
22  but not limited to, obtaining express representations and warranties from its third-
23  party marketers that said third-party marketers will only transmit emails that comply
    with any and all state and federal laws such as the CAN-SPAM Act of 2003 and
24  applicable state deceptive marketing statutes.

25

26  _____ S/FLOYD E. IVEY _____

27

28  FLOYD E. IVEY

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 11 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

100

INTERROGATORY NO.10.  What process(es) does the defendant use to verify or confirm that an email address, whether obtained by itself or from a third party, is a true "opt-in" email address, or that the owner of an email address in some way granted his or her direct permission for the defendant to send him or her email?

ANSWER: Impulse assets the Overbreadth, Irrelevancy and Trade Secret Objections.  Subject to and without waiving these objections, if Plaintiff will limit his request, Defendant will consider the revised interrogatory.

_____ S/FLOYD E. IVEY _____

FLOYD E. IVEY

INTERROGATORY NO. 11.  Does/did the defendant initiate the transmission of commercial email on behalf of third parties?

ANSWER: Defendant asserts the Time Frame and Overbreadth Objections. Subject to and without waving these objections, Impulse occasionally initiates the transmission of commercial email on behalf of third parties.
_____ S/FLOYD E. IVEY _____

FLOYD E. IVEY

INTERROGATORY NO. 12.  If the response to the preceding interrogatory is in the affirmative, provide the names, addresses, phone numbers, of all such third parties on whose behalf defendant sends, or has sent commercial email for the past 5 years.

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Trade Secret and Overbreadth Objections.

_____ S/FLOYD E. IVEY _____

FLOYD E. IVEY

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 12 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  INTERROGATORY NO. 13. Identify any person or entity, including vendors,
2  agents, affiliates, contractors, and subcontractors, that assists or assisted in the
3  transmission of commercial email on the defendant's behalf for the past five years.

4  ANSWER: Defendant asserts the Time Frame, Irrelevancy, Trade Secret and
   Overbreadth Objections.
5  _____ S/FLOYD E. IVEY _____
6
7  FLOYD E. IVEY
8
   INTERROGATORY NO. 14: Identify all lawsuits to which the defendant has been
9  a party. For each, state:
10      (a)    the jurisdiction;
11
        (b)    the date of filing;
12
13      (c)    the substance of the action; and
14
        (d)    the disposition of the action.
15
16 ANSWER: Impulse asserts the Irrelevancy and Time Frame Objections.
   Interrogatory No. 14 is irrelevant to the allegations contained in Plaintiff's
17 Complaint and will not lead to discovery of admissible evidence relative to
   Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974);
18 Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).
19 Subject to and without waiving these objections, Defendant will consider
   responding to a clarified and more limited version of this interrogatory.
20
21
22 _____ S/FLOYD E. IVEY _____
23
24 FLOYD E. IVEY
25
26 INTERROGATORY NO. 15: Please describe the process by which you obtain "opt-
   in" email addresses, and identify each and every source of such email addresses.
27
28 ANSWER: Defendant asserts the Time Frame, Redundancy and Overbreadth

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 13 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  Objections. Subject to and without waiving these objections, if Plaintiff will limit
2  his request, Defendant will consider the revised interrogatory.

3  _____ S/FLOYD E. IVEY _____

4

5  FLOYD E. IVEY

6

7  INTERROGATORY NO. 16: Describe any and all efforts made by the defendant
   or on the defendant's behalf by any person or entity listed in your Answer to
8  Interrogatory No. 13 to ensure that the owners of the email addresses listed in
   Interrogatory No. 8 were or were not residents of Washington State.
9

10 ANSWER: Defendant asserts the Irrelevancy and Overbreadth Objections. Further,
   Plaintiff lacks standing to request information regarding those email addresses not
11 belonging to Plaintiff.

12
   _____ S/FLOYD E. IVEY _____
13

14 FLOYD E. IVEY

15

16 INTERROGATORY NO. 17: Does the defendant own any of the internet domain
   names from which it sends commercial electronic mail?  If so, please state as
17 follows:

18
   a.    All internet domain names you own; and
19

20 b.    All internet domain names that you do not own that you or any person or
   entity listed in your Answer to Interrogatory 13 send commercial electronic mail
21 from.

22

23 ANSWER: Defendant asserts the Irrelevancy, Trade Secret and Overbreadth
   Objections.
24 _____ S/FLOYD E. IVEY _____

25

26 FLOYD E. IVEY

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

103

1  INTERROGATORY NO. 18: For each internet domain name listed in the Answer
2  to Interrogatory 17 (b), does the defendant have the permission of the owner to use
3  their internet domain name to send commercial electronic mail, whether to or from?

4  ANSWER: Defendant asserts the Irrelevancy, Trade Secret and Overbreadth
5  Objections.

6  _____ S/FLOYD E. IVEY _____

7
8  FLOYD E. IVEY

9  INTERROGATORY NO. 19:        Please identify each IP address (or IP address
10 netblock) that the defendant was assigned since 2000. For each, please state:

11     (a)    the date it was acquired;
12
13     (b)    whether it is still assigned to or used by the defendant;

14     (c)    if not, the date it was last used; and

15     (d)    the reason for the defendant not using it:  i.e., was the IP address
16            blocked or blacklisted?

17 ANSWER: Defendant asserts the Time Frame, Irrelevancy, Trade Secret and
18 Overbreadth Objections.

19     _____ S/FLOYD E. IVEY _____
20
21 FLOYD E. IVEY

22 INTERROGATORY NO. 20: Does the Defendant claim that there is some person
23 or entity who is not a party to this lawsuit within the meaning of RCW 4.22.070
24 whose fault is claimed to have caused or contributed to the incident made the subject
25 of this lawsuit and/or Plaintiff's damages, and/or some person or entity who is not
26 a party to this lawsuit who caused or contributed to the alleged violation of RCW
27 19.190 and/or RCW 19.86? If so, please provide the following:
28

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 15 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

104

1        a.    State the name and address of each person or entity that defendant
2    claims caused any of Plaintiff's damages.

3        b.    With regard to each such person or entity identified in response to the
4    preceding                question, please state:

5        (i) All facts you rely upon in making this claim;

6
7        (ii) The names and addresses of all witnesses you rely upon in making
     such claim;

8
9    ANSWER: Defendant asserts the Ambiguity Objection.  Given that Plaintiff has
     failed to properly identify the thousands of emails that Plaintiff allegedly received,
10   Defendant is prejudiced by being unable to determine, at this time, the identity of
11   any person or entity who is not a party to this lawsuit whose fault is claimed to have
     caused or contributed to Plaintiff's alleged damages.

12
13   _____ S/FLOYD E. IVEY _____

14
     FLOYD E. IVEY
15
16   INTERROGATORY NO. 21:  Has the defendant sold products and/or services to
     residents of Washington State via the internet?  If so, please identify the number of
17   Washington State residents that it has sold products and/or services to, what the
18   nature of the product or service was, and the number of such products and/or
     services.
19
20   ANSWER: Defendant asserts the Irrelevancy, Trade Secret, Undue Burden and
     Overbreadth Objections.  Subject to and without waiving these objections,
21   Defendant has sold products and/or services to residents of Washington State via the
22   Internet.

23
     _____ S/FLOYD E. IVEY _____
24
25   FLOYD E. IVEY

26
     INTERROGATORY NO. 22:   Identify any data that has been deleted, physically
27   destroyed, discarded, damaged (physically or logically), or overwritten, whether
28   pursuant to a document retention policy or otherwise, by the defendant since the

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 16 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

105

commencement of this litigation. Specifically identify those documents that relate to or reference the subject matter of the above referenced litigation.

ANSWER: Defendant asserts the Irrelevancy, Overgreadth, Ambiguity and Undue Burden Objections. Interrogatory No. 22 is intended to harass Impulse. Further, Interrogatory No. 22 is irrelevant and will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____ S/FLOYD E. IVEY _____

FLOYD E. IVEY

INTERROGATORY NO. 23: Identify all individuals who have worked for the defendant for the period January 1, 2002, to the present. For each state:

    (a) name and address(es);

    (b)    dates of employment;

    (c) job title(s);

    (d)    job responsibilities;

    (e) employment status (i.e., employee, independent contractor); and

    (f) reason for termination of employment relationship, if applicable.

ANSWER: Defendant asserts the Irrelevancy, Time Frame, Undue Burden and Overbreadth Objections. Interrogatory No. 23 is irrelevant and will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____ S/FLOYD E. IVEY _____

FLOYD E. IVEY

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 17 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

106

1  INTERROGATORY NO. 24:  Identify all email systems in the defendant's use,
2  including but not limited to the following:

3        (a)    List all email software and versions presently and previously used by
4               you and the dates of use, including private and custom developed
5               applications, commercial applications, "spamware," freeware and
               shareware;

6
7        (b)    Identify all hardware that has been used or is currently in use as a
               server for the email system including its name;

8
9        (c)    Identify the specific type of hardware that was used as terminals into
               the email system (including home PC's, laptops, desktops, cell phones,
10              personal digital assistants [PDA's], etc.) and its current location;

11
12       (d)    State how many users there have been on each email system (delineate
               between past and current users);

13
14       (e)    State whether the email is encrypted in any way and list all passwords
               for all users;

15
16       (f)    Identify all users known to you that have generated email related to the
               subject matter of this litigation; and

17
18       (g)    Identify all email known to you (including creation date, recipient(s)
               and sender) that relate to, reference, or are relevant to the subject
19              matter of this litigation.

20  ANSWER:  Defendant asserts the Irrelevancy, Ambiguity, Trade Secret, Undue
21  Burden and Overbreadth Objections. Interrogatory No. 24 is irrelevant and will not
22  lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman
    v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-
23  Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Subject to and without waiving
24  these objections, if Plaintiff will limit and clarify his request, Defendant will
    consider the revised interrogatory.
25

26  _____ S/FLOYD E. IVEY _____

27
28  FLOYD E. IVEY

    Defendant's Supplemental Response to Plaintiff's First        LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
    Interrogatories                                                          Attorneys at Law
    Page 18 of 20                                                            P.O. Box 6125
                                                                    Kennewick, Washington 99336-0125
                                                                           (509) 735-3581

107

1

2  INTERROGATORY NO. 25: Identify all officers, directors and shareholders of the
   defendant corporation from January 1, 2001 to the present.
3

4  ANSWER:  Defendant asserts the Time Frame Objection.  Subject to and without
   waiving this objection, Jeff Goldstein, Greg Greenstein and Steve Wadley have been
5  Impulse officers, directors and shareholders from January 1, 2001 to the present.

6
   _____ S/FLOYD E. IVEY _____
7

8  FLOYD E. IVEY

9

10

11      Pursuant to CR 26(g), Floyd E. Ivey certifies:  That I am the attorney for the
   party answering these discovery requests; that I have read the discovery requests
12 propounded to said answering party and the answers and objections, if any, thereto,
   know the contents thereof and believe the same to be true.
13

14
              S/FLOYD E. IVEY
15
        _____
16        Liebler, Ivey, Conner, Berry & St. Hilaire
          By:   Floyd E. Ivey
17        1141 N. Edison, Suite C
          P.O. Box 6125
18        Kennewick, Washington 99336
          Local Counsel for Defendant
19        Impulse Marketing Group, Inc.
20
          S/Sean Moynihan, Peter Glantz
21
        _____
22
          Sean A. Moynihan
23        Peter J. Glantz
          Klein, Zelman, Rothermel & Dichter, LLP
24        485 Madison Avenue, 15th Floor
          New York, New York 10022
25        (212) 935-6020
          (212) 753-8101 (fax)
26

27

28

Defendant's Supplemental Response to Plaintiff's First
Interrogatories
Page 19 of 20

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

108

1

2

3     I hereby certify that a copy of the foregoing Defendant's Response to
Plaintiff's First Interrogatories were mailed this 9TH day of June, 2006, to:

4

5

6   Mr. Robert J. Siegel                    Mr. Robert Pritchett
    Merkle, Siegel & Friedrichsen           1952 Thayer Drive
7   1325 Fourth Ave., Suite 940             Richland, WA 99354
8   Seattle, WA 98101

9                                           Ms. Emily Abbey
    Ms. Bonnie Gordon                       1407 2nd Ave. West, #608
10  9804 Buckingham Drive                   Seattle, WA 98119
    Pasco, WA 99301
11

12  Mr. James Gordon, III                   Mr. Jonathan Gordon
13  9804 Buckingham Drive                   9804 Buckingham Drive
    Pasco, WA 99301                         Pasco, WA 99301
14

15  Ms. Jamila Gordon
    9804 Buckingham Drive
16  Pasco, WA 99301

17

18              _____S/FLOYD E. IVEY_____

19

20

21

22

23

24

25

26

27

28

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

109

COPY

1  Liebler, Ivey, Conner, Berry & St. Hilaire
2  Floyd E. Ivey
3  1141 N. Edison, Suite C
   P.O. Box 6125
4  Kennewick, Washington 99336
   Local Counsel for Defendant/Third Party Plaintiff
5  Impulse Marketing Group, Inc.
6  509 735 3581
7  509 735 3585(fax)

8  Klein, Zelman, Rothermel, & Dichter, L.L.P.
9  Sean Moynihan, Esq.; Peter Glantz, Esq.
   485 Madison Avenue
10 New York, New York 10022
11 Attorneys for Defendant/Third Party Plaintiff
   Impulse Marketing Group, Inc.
12

13

14        UNITED STATES DISTRICT COURT FOR THE

15        EASTERN DISTRICT OF WASHINGTON

16

17 JAMES S. GORDON, JR.,                )    No. CV-04-5125-FVS
                                        )
18        Plaintiff,                    )    DEFENDANT'S
                                        )    SUPPLEMENTAL
19 vs.                                  )    RESPONSE TO PLAINTIFF'S
                                        )    FIRST REQUEST FOR
20 IMPULSE MARKETING GROUP,             )    PRODUCTION OF
21 INC.,                                )    DOCUMENTS
          Defendant                     )
22 _____         )
                                        )
23                                      )
24 IMPULSE MARKETING GROUP,             )
   INC.,                                )
25        Third-Party Plaintiff,s.      )
                                        )
26 BONNIE GORDON, et al.,               )
                                        )
27                                      )
28 Third-Party Defendants.

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 1 of 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF JAMES GORDON'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, Impulse Marketing Group, Inc. ("Impulse" or "Defendant"), pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, hereby supplements its response to plaintiff, James Gordon's ("Plaintiff" or "Gordon") First Request For the Production of Documents ("First Request") as follows:

## PRELIMINARY STATEMENT

Impulse's supplemental responses are made without in any way waiving either: (a) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground, to the use of any information provided in these responses for any purpose in any stage or proceeding in this or any other action; (b) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of these documents; or (c) the right to assert the attorney-client privilege, the work-product doctrine, or any other privilege or right. Impulse has not completed its discovery or factual investigation in this action. Accordingly, the supplemental responses set forth herein are provided without prejudice to Impulse's right to add, modify, or otherwise change or amend the responses herein in accordance with Rule 26(e).

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 2 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

## **GENERAL OBJECTIONS**

1.    Impulse objects to each First Request For Production of Documents to the extent that it seeks material or information that is privileged as an attorney-client communication.  This objection hereinafter will be referred to as the "Attorney-Client Privilege Objection."

2.    Impulse objects to each First Request For Production of Documents to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is protected and privileged as attorney work product.  This objection hereinafter will be referred to as the "Attorney Work Product Objection."

3.    Impulse objects to each First Request For Production of Documents to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for trial.  This objection hereinafter will be referred to as the "Material Prepared in Anticipation of Litigation Objection."

4.    Impulse objects to each First Request For Production of Documents to the extent that it seeks information irrelevant to the parties' claims or defenses in this case.  This objection hereinafter will be referred to as the "Irrelevancy Objection."

5.    Impulse objects to each First Request For Production of Documents to

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 3 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass the Impulse.   This objection hereinafter will be referred to as the "Undue Burden Objection."

6.     Impulse objects to each First Request For Production of Documents to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response.   This objection hereinafter will be referred to as the "Ambiguity Objection."

7     Impulse objects to each First Request For Production of Documents to the extent that it seeks information outside the allegations of the Complaint in this action.   This objection hereinafter will be referred to as the "Overbreadth Objection."

8.     Impulse objects to each First Request For Production of Documents to the extent that it seeks information that is in Plaintiff's possession.   This objection hereinafter will be referred to as the "Plaintiff's Possession Objection."

9.     Impulse objects to each First Request For Production of Documents to the extent that it repeats a request made elsewhere in Plaintiff's Demand.   This objection hereinafter will be referred to as the "Redundancy Objection."

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 4 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

113

1

2

3    10.    Impulse objects to each First Request For Production of Documents to

the extent that it seeks information relating to unspecified periods of time outside

4    the scope of Plaintiff's Complaint.  This objection hereinafter will be referred to as

5    the "Time Frame Objection."

6

7    11.    Impulse objects to each First Request For Production of Documents to

8    the extent that it seeks information that constitutes a trade secret or proprietary

9

10   information.  This objection hereinafter will be referred to as the "Trade Secret

11   Objection."

12

13   12.    Defendant objects to Plaintiff's First Request insofar as it improperly

14   calls for, or presupposes, a conclusion of law.  This objection hereinafter will be

15   referred to as the "Legal Conclusion Objection."

16

17   13.    Insofar as any request seeks information falling within the scope of

18   the foregoing General Objections, except as provided above, it is specifically

19

20   noted below by reference to the General Objection defined herein.  To the extent

21   an answer is required to a request for admission for which an objection is lodged,

22   it shall be deemed denied.

23

24   **SUPPLEMENTAL RESPONSE AND OBJECTIONS TO PLAINTIFF'S**

25   **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

26

27   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:  Pursuant to CR 34,

28   please produce copies of all policies of insurance, including the declaration page,

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 5 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

114

1    all endorsements, all exclusions, whether manuscripted or not, referred to and/or
2    identified in your answer to Plaintiff's First Interrogatories No. 1.

3

4    RESPONSE:     Defendant asserts the Overbreadth Objection.  Subject to and
     without waiving this objection, supplemental responsive documents are produced
5    at Bates Nos. 000001-000003.

6

7    _____S/FLOYD E. IVEY_____

8

9    FLOYD E. IVEY

10   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2: Please produce copies
11   of any and all documents or electronic data that indicated to you that any owner of
     each of the email addresses listed in Plaintiff's First Interrogatories No. 8 granted
12   the defendant permission to send commercial email, and/or any document that
13   indicates any of the referenced email addresses "opted-in" to receive commercial
     email from Defendants, or anyone on their behalf.
14

15   RESPONSE:     Defendant asserts the Time Frame, Ambiguity, Plaintiff's
     Possession and Overbreadth Objections.  Plaintiff's Request For Production of
16   Documents No. 2 is ambiguous as to the term "defendants" given that Impulse is the
17   only named defendant in this lawsuit.  Plaintiff lacks standing to request documents
     regarding those email addresses not belonging to Plaintiff.  In connection with the
18   allegations contained in Plaintiff's Complaint, Impulse, upon information and belief,
19   did not itself send any emails to Plaintiff's email address.  Upon information and
     belief, Impulse had no knowledge that noncompliant emails would be sent to
20   Plaintiff's email address.  Further, Impulse implements a multi-point business
21   practice to ensure compliant email marketing by its third-party marketers including,
     but not limited to, obtaining express representations and warranties from its third-
22   party marketers that said third-party marketers will only transmit emails that comply
23   with any and all state and federal laws such as the CAN-SPAM Act of 2003 and
     applicable state deceptive marketing statutes.  Subject to and without waiving these
24   objections, Defendant will consider responding to a clarified version of this
25   document request.
26   _____S/FLOYD E. IVEY_____

27

28   FLOYD E. IVEY

Defendant's Supplemental Response to Plaintiff's First Request          LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
for Production of Documents                                                                   Attorneys at Law
Page 6 of 11                                                                                      P.O. Box 6125
                                                                                     Kennewick, Washington 99336-0125
                                                                                                (509) 735-3581

115

1    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3: Pursuant to CR 34,
2    please produce at the offices of counsel for Plaintiff within thirty days of your
3    receipt of this pleading, copies of any and all contracts, agreements, correspondence,
     or written or electronic communication of any kind, between each defendant and any
4    person or entity listed in your Answer to Plaintiff's First Interrogatories No. 13.

5    RESPONSE:    Defendant asserts the Ambiguity, Time Frame, Trade Secret and
6    Overbreadth Objections. Plaintiff's Request For Production of Documents No. 3 is
     ambiguous as to the terms "each defendant" given that Impulse is the only named
7    defendant in this lawsuit.   Subject to and without waiving this objection,
8    supplemental responsive documents are produced at Bates Nos. 000004-000013.

9
     _____S/FLOYD E. IVEY_____
10

11   FLOYD E. IVEY

12   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4: Pursuant to CR 34,
13   please produce at the offices of counsel for Plaintiff within thirty days of your
14   receipt of this pleading, copies of any contracts, agreements, correspondence, or
     written or electronic communication of any kind, between any defendant and any
15   person or entity owning any internet domain name listed in your Answer to
16   Plaintiff's First Interrogatories No. 17 (b) that establishes your or any person or
     entity listed in your Answer to Plaintiff's First Interrogatories No. 13's permission
17   to use that internet domain name to send commercial electronic mail using that
18   domain name, and any and all contracts, agreements, correspondence, or written or
     electronic communication of any kind from the owners of any third party domain
19   name that establishes permission for the defendant to send commercial electronic
20   mail to.

21   RESPONSE:    Defendant asserts the Irrelevancy, Ambiguity, Trade Secret and
22   Overbreadth Objections.

23
     _____S/FLOYD E. IVEY_____
24

25   FLOYD E. IVEY

26   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5: Produce copies of all
27   documents relating to the maintenance of the corporate entity of the defendant, if

28

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 7 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1  applicable, including but not limited to, articles of incorporation, annual reports,
2  business licenses, and corporate minute books.

3  RESPONSE:  Supplemental responsive documents are produced at Bates No. 14.

4
   ____S/FLOYD E. IVEY_____
5

6  FLOYD E. IVEY

7
   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:  Produce all state, and
8  federal tax returns filed by the defendant for the tax years 2002 to present, including
9  but not limited to copies of signed tax returns, proof of payment and all
10 correspondence relating thereto.

11 RESPONSE:        Defendant asserts the Irrelevancy, Time Frame, Trade Secret and
12 Overbreadth Objections.  Request For Production of Documents No. 6 will not lead
   to discovery of admissible evidence relative to Plaintiff's Complaint.  Bushman v.
13 New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-
14 Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966). Defendant further objects to this
15 request insofar as the Ninth Circuit recognizes a public policy against unnecessary
   public disclosure of tax returns. Aliotti v. Senora, 217 F.R.D. 496, 497 (N.D. Cal.
16 2003); Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir.
17 1975).  Moreover, in Kayner v. City of Seattle, 2006 WL 482072 (W.D. Wash.), the
18 Court denied a party's motion to compel tax returns, rejecting that party's argument
   that the tax returns were relevant because they may identify other sources of income
19 and potential witnesses, and finding no compelling need for the materials sought
20 given that such information could be obtained through less obtrusive means.  In light
   of the foregoing Ninth Circuit decisions upholding the nondisclosure of a party's tax
21 returns, Defendant is withholding production of its tax returns.

22    _____S/FLOYD E. IVEY_____
23

24 FLOYD E. IVEY

25 REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:  Produce copies of all
26 monthly, quarterly, or yearly profit and loss statements or balance sheets for the
   defendant for the period between 2002 and the present.
27

28
Defendant's Supplemental Response to Plaintiff's First Request       LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
for Production of Documents                                                  Attorneys at Law
Page 8 of 11                                                               P.O. Box 6125
                                                                  Kennewick, Washington 99336-0125
                                                                        (509) 735-3581

117

1  RESPONSE:     Defendant asserts the Irrelevancy, Time Frame, Trade Secret and
2  Overbreadth Objections. Request For Production of Documents No. 7 will not lead
3  to discovery of admissible evidence relative to Plaintiff's Complaint. <u>Bushman v.</u>
   <u>New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-</u>
4  <u>Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966). Moreover, Defendant reiterates
5  its objections set forth in response to Request For Production of Documents No. 6
   hereinabove.
6
7  ____S/FLOYD E. IVEY_____

8
   FLOYD E. IVEY
9
10 REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8: Produce a copy of the
   *curriculum vitae* or statement of qualifications for each expert you have retained to
11 testify on behalf of the defendant at trial in this matter.

12
   RESPONSE:     Impulse has not retained an expert to testify as yet but reserves
13 it's right to do so in accordance with the Federal Rules of Civil Procedure and the
14 applicable revised scheduling order.

15 ____S/FLOYD E. IVEY_____

16
17 FLOYD E. IVEY

18 REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9: Pursuant to CR 34,
19 please produce at the offices of counsel for Plaintiff within thirty days of your
   receipt of this pleading, a copy of any document referring to any policy of document
20 or data destruction inventory/log/schedule referred to in your response to Plaintiff's
21 First Interrogatories No.

22 RESPONSE:     Defendant asserts the Irrelevancy, Ambiguity, Time Frame,
23 Undue Burden, Trade Secret and Overbreadth Objections. Request For Production
   of Documents No. 9 is ambiguous in that said request does not identify the
24 interrogatory number Plaintiff references.  Further, Request For Production of
25 Documents No. 9 will not lead to discovery of admissible evidence relative to
   Plaintiff's Complaint. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974);
26 <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).
27 There are no documents responsive to this request in Defendant's possession,
28 custody or control.

Defendant's Supplemental Response to Plaintiff's First Request
for Production of Documents
Page 9 of 11

LIEBLER, IVEY, CONNOR, BERRY & ST. HILAIRE
Attorneys at Law
P.O. Box 6125
Kennewick, Washington 99336-0125
(509) 735-3581

1

2  _____S/FLOYD E. IVEY_____

3

4  FLOYD E. IVEY

5  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:  Please produce
   copies of all correspondence and/or complaints from SPAMHAUS.ORG and/or any
6  and all other entities that monitor spam activity on the internet.

7
   RESPONSE:    Defendant asserts the Irrelevancy, Plaintiff's Possession and
8  Overbreadth Objections. Request For Production of Documents No. 10 will not lead
9  to discovery of admissible evidence relative to Plaintiff's Complaint. <u>Bushman v.
   New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-
10 Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).  Subject to and without waiving
11 these objections, upon information and belief, Defendant has not received any
   formal correspondence and/or complaints from Spamhaus.org. Therefore, there are
12 no documents responsive to this request in Defendant's possession, custody or
13 control.

14
   _____S/FLOYD E. IVEY_____
15

16 FLOYD E. IVEY

17
   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:  Provide copies of
18 all approved ad copy, and other related materials (and the dates of the mailing
19 campaigns using each ad) from Commonwealth Marketing Group since January
   2003.
20

21 RESPONSE:    Defendant asserts the Irrelevancy, Time Frame, Plaintiff's
   Possession and Overbreadth Objections.
22

23 _____S/FLOYD E. IVEY_____

24

25 FLOYD E. IVEY

26

27
        Pursuant to CR 26(g), Floyd E. Ivey certifies:  That I am the attorney for
28 the party answering these discovery requests; that I have read the discovery

119

1  requests propounded to said answering party and the answers and objections, if
   any, thereto, know the contents thereof and believe the same to be true.

2

3                          S/FLOYD E. IVEY

                          Liebler, Ivey, Conner, Berry & St. Hilaire
4                          By:    Floyd E. Ivey
                          1141 N. Edison, Suite C
5                          P.O. Box 6125
                          Kennewick, Washington 99336
6                          Local Counsel for Defendant
                          Impulse Marketing Group, Inc.
7
                          S/Sean Moynihan, Peter Glantz
8
                          Sean A. Moynihan
9                          Peter J. Glantz
                          Klein, Zelman, Rothermel & Dichter, LLP
10                         485 Madison Avenue, 15th Floor
                          New York, New York 10022
11                         (212) 935-6020
                          (212) 753-8101 (fax)
12

13

14         I hereby certify that a copy of the foregoing Defendant's Supplemental
    Response to Plaintiff's First Interrogatories were mailed this 9th   day of June,
    2006, to:
15

16

17  Mr. Robert J. Siegel                    Mr. Robert Pritchett
    Merkle, Siegel & Friedrichsen           1952 Thayer Drive
18  1325 Fourth Ave., Suite 940             Richland, WA 99354
    Seattle, WA 98101
                                            Ms. Emily Abbey
19  Ms. Bonnie Gordon                       1407 2nd Ave. West, #608
    9804 Buckingham Drive                   Seattle, WA 98119
20  Pasco, WA 99301

21  Mr. James Gordon, III                   Mr. Jonathan Gordon
    9804 Buckingham Drive                   9804 Buckingham Drive
22  Pasco, WA 99301                         Pasco, WA 99301

23  Ms. Jamila Gordon
    9804 Buckingham Drive
24  Pasco, WA 99301

25                          S/FLOYD E. IVEY

26

27

28

120