**EXHIBIT A**

1  ROBERT J. SIEGEL
   Attorney At Law
2  1325 Fourth Avenue
   Suite 940
3  Seattle, WA 98101
   (206) 624-9410
4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF WASHINGTON
9

10

11  JAMES S. GORDON, JR.,                NO. CV-04-5125-FVS

12                    Plaintiff,         PLAINTIFF'S FIRST
                                         INTERROGATORIES AND
13       v.                              REQUESTS FOR PRODUCTION OF
                                         DOCUMENTS
14  IMPULSE MARKETING GROUP,
    INC.,
15                    Defendant.

16

17  TO:        Defendant Impulse Marketing Group, Inc.

18  AND TO:    Attorneys for Defendants,

19

20                      PRELIMINARY STATEMENT

21
        1.    In accordance with Civil Rule 33, please answer the following interrogatories
22
   fully and separately under oath, within thirty (30) days of the date of their service upon you. The
23
   interrogatories are continuing, and you are requested to provide any information that alters or
24
   augments the answers now given. If such information is not furnished, in addition to other
25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 1

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

12

1  remedies including a motion to compel, the Plaintiff will move at time of trial to exclude from

2  evidence any information requested and not furnished.

3      2.      In accordance with Civil Rule 34, produce the documents designated herein for

4  inspection and copying at the offices of MERKLE SIEGEL & FRIEDRICHSEN, P.C. at a

5  mutually agreed-upon time, but no later than thirty (30) days from the date of service of this

6

7  request upon you.  Alternatively they may be attached to these answers.  Any request for a

8  document made herein shall be deemed to include a request for a copy of that document if the

9  original is not in the care, custody or control of you, your employees, agents, representatives,

10  attorneys, or accountants.

11      3.      A request for production of documents includes all originals and copies of

12  documents within the care, custody and control of the defendant or its agents, employees,

13  representatives, attorneys, and accountants.

14

15      4.      If, in responding to or failing to respond to these interrogatories, you invoke or

16  rely upon privilege of any kind, state specifically the nature of the privilege, the basis upon

17  which you invoke, rely or claim it, including statutory or decisional reference, and identify all

18  documents or other information, including contacts and communications, which you believe to

19  be embraced by the privilege invoked.

20      5.      Should you refuse to produce any document called for by these interrogatories on

21

22  the grounds of privilege, state for each such document:

23          a.      The ground on which the claim of privilege is based;

24          b.      The type of document (e.g. letter, memorandum, contract);

25          c.      The date of the document;

26          d.      The general subject matter of the document;

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

13

e.     The name, address and position of the author of the document and of any person who assisted in its preparation;

f.     the name, address and position of each addressee or recipient of the document or any copies of it;

g.     the present location of the document and the name, address and position of the person having custody of it.

6.     Throughout these interrogatories language should be read in light of the context in which it is used. The singular includes the plural and the plural includes the singular where appropriate. The masculine is intended to refer to the feminine where appropriate and vice versa.

7.     The interrogatories and requests for production are continuing in nature, and defendant is requested to supplement all information and documents responsive hereto promptly after such information is obtained.

DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

1.     "Active File," when used in this request, means any electronic data file that can be used by an electronic data processing system in any manner without modification and/or reconstruction. An active file is any electronic data file that has not been deleted or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was created.

2.     "Computer." When used in this request, the term "computer" shall include, but is not limited to, microchips, microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers, desktop computers, servers, and mainframe computers.

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 3

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION DOC

14

3.    "Computer system."  When used in this request, the term "computer system" when used in reference to any "computer," includes, but is not limited to, the following information:

a.    Computer type, brand and model;

b.    Brand and version of all software, including operating system, private and custom developed applications, commercial applications, and/or shareware;

c.    Communications capability, including asynchronous and/or synchronous, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

4.    "Data."  When used in this request, the term "data" is the equivalent to the term "electronic data" as defined herein.

5.    "Document" means any recorded material in any form, including originals and copies (whether identical or not), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls or other communications, bulletins, magazines, physical media (which includes, but is not limited to, paper media, phonographic media, photographic film media, magnetic media, including but not limited to hard disks, floppy disks, compact disks, and magnetic tapes of any kind, computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed), publications, printed

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 4

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

matter, photographs, computer printouts, teletypes, telefacts, invoices, work sheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electric records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

6. "Electronic data" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operating systems, source codes of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" includes any and all items stored on computer memories, hard disks, floppy disks, CD_ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including but not limited to EPROM, PROM, RAM and ROM, or in any other vehicle for digital data storage and/or transmittal. The term "electronic data" also includes the file, folder tabs and/or containers and

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 5

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

16

labels appended to, or associated with, any physical storage device associated with each original and/or copy.

7.      "Electronic media," when used in this request, means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

8.      "File fragment," when used in this request, refers to any electronic data file that exists as a subset of an original active file. A file fragment may be active or deleted. The cause of fragmentation can include, but is not limited to, the execution of ordinary file management routines such as the creation of new files over parts of previously deleted files, the creation of files on disks which do not have enough contiguous blocks to write the file from beginning to end, where the file has been split up between several sections of the disk (each piece a fragment). Other causes include manual intervention, electronic surges, and/or physical defects on electronic media.

9.      "Identify" or "identity" means:

a.      As to a <u>person,</u> to state with respect thereto:

1)      If a natural person, his or her full name, present residence address, telephone number, name and last known business address of his employer at the time referred to in your answer and at the present time, the employment position held by such person with each employer and the date such employment began and ceased, such person's knowledge regarding

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

the subject matter of this dispute, the date such knowledge was obtained, and all documents relevant to such knowledge.

2)     With reference to persons that are not natural persons, the last known complete address, including zip code, and last known complete telephone number, including the area code, of its headquarters, its nearest or local agent, such person's knowledge regarding the subject matter of this dispute, the dates such knowledge was obtained, and all documents relevant to such knowledge.

b.     As to a <u>document</u>, state with respect to the originals and copies thereof:

1)     The name of the person who prepared it;

2)     The name of the person who signed it or over whose signature it was issued;

3)     The name of each person to whom it was addressed or distributed, or who received or is in possession of the original or a copy;

4)     The nature and substance of the writing;

5)     The date it was prepared;

6)     The date it was signed;

7)     The physical location of it and name and address of its custodian;

8)     Whether it will be voluntarily made available to Plaintiff for inspection and copying, and whether copies are attached to your answers to these interrogatories. In lieu of fully identifying the documents referred to herein, you may instead attach copies of such documents to these answers.

9)     If any such document was, but no longer is in your possession or subject to your control, what disposition was made of it and the reason for its disposition.

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 7

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

c.    As to <u>electronic data</u>, means to state the software and/or operating system under which the data was created, title and author, the type of data (example: word processing document, spreadsheet, database, application program, etc.), and all other means of identifying it with sufficient particularity to meet the requirements for its inclusion in a Request for Production pursuant to the Rules of Civil Procedure, and its present or last known location or custodian. If any such electronic data was, or no longer is, in the possession or subject to your control, state what disposition was made of it and the reason for such disposition.

10.    "Network," when used in this request, means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

11.    "Person" means any person, firm, corporation, partnership, proprietorship, joint venture, organization, group of persons, or other associations separately identifiable, whether or not such association has a separate legal existence in its own right.

12.    "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories are addressed, but also the joint and several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 8

J:\RJS\CLIENTS\COLE\CAPTION.DOC

19

13.     "Relates to" or "relating to" means supports, evidences, describes, mentions, refers to, concerns, contradicts or compromises.

14.     "Rotation," when used in this request, means any plan, policy or scheme that involves the re-use of an electronic media device after it has been used for backup, archival or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

15.     "Support," when used in this request, means any help or assistance provided to a user of a computer by another individual, either in an official job capacity or not. Such help or assistance may take the form of, but is not limited to, answering questions, in person or via mechanical or electronic means, direct intervention, training, software troubleshooting, hardware troubleshooting, programming, systems consulting, maintenance, repair and/or user forums. Providers of support may be employees, contractors, and/or third-party providers.

<u>INTERROGATORIES</u>

INTERROGATORY NO. 1: Set forth each and every insurance agreement covering any and all liability exposure for the defendant, whether or not in your opinion coverage is afforded for the matter made the subject of this lawsuit, and identify each insurance agreement by the name of the insurance carrier, policy number, limits, and sublimits for Advertising Injury.

ANSWER:

INTERROGATORY NO. 2:

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 9

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

1   INTERROGATORY NO. 3:  Identify the person(s) responsible for making decisions regarding
2   the marketing of defendant's products and/or services via email, deciding how emails are
    created, formatted and sent, and specify the person(s) responsible for deciding to market
3   products and/or services via email.

4   ANSWER:

5

6

7

8   INTERROGATORY NO. 4:  Identify the defendant's gross revenue for any and all years that the
    defendant has marketed products and/or services via email.
9
    ANSWER:
10

11

12

13

14  INTERROGATORY NO. 5:  Identify the number, or if the exact number is unascertainable, the
15  approximate number, of email addresses the defendant has marketed products and/or services to
    by year for each year it has been sending commercial email.
16
    ANSWER:
17

18

19

20

21

22

23  INTERROGATORY NO. 6:   Identify the number of email addresses referenced in the
    immediately preceding interrogatory that the defendant claims are opt-in email addresses, or in
24  some way gave their <u>direct</u> permission to it to send them email advertisements, by the following
    categories:
25
26      a.      number of email addresses the defendant obtained from freeze.com;

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 10

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

21

b.    number of email addresses the defendant obtained from imustplay.com;

c.    number of email addresses the defendant obtained from the treeloot game;

d.    number of email addresses the defendant obtained from other third parties.

ANSWER:

INTERROGATORY NO. 7:
Please list all internet domain names used and/or registered by the defendants, or used or registered on their behalf by others which use the Who is Privacy Protection (Services) Inc. service offered by eNom Inc., in conjunction with their internet business/activities.

ANSWER:

INTERROGATORY NO. 8:  Identify the number of emails each defendant sent to any of the

following email addresses:

 bonnie@gordonworks.com;                                                    ;

bonniegg@gordonworks.com

business@gordonworks.com

cash@gordonworks.com

emily@gordonworks.com

faye@gordonworks.com

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 11

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

22

1  genesis@gordonworks.com

2  goals@gordonworks.com

3  goals@gordonworks.com

4
   gordonworks@gordonworks.com
5

6  james@gordonworks.com

7  jamila@gordonworks.com

8  jay@gordonworks.com

9  jeg@gordonworks.com

10
   jim@gordonworks.com
11

12 jobs@gordonworks.com

13 jonathan@gordonworks.com

14 links@gordonworks.com

15 localbusiness@gordonworks.com

16 lynkstation@gordonworks.com

17 marketer@gordonworks.com

18
   msm@gordonworks.com
19

20 postmaster@gordonworks.com

21 referral@gordonworks.com

22 sd@gordonworks.com

23 teen@gordonworks.com

24 telecom@gordonworks.com

25
   tj@gordonworks.com
26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 12

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

23

1    tommy@gordonworks.com

2    webmaster@gordonworks.com

3    ANSWER:

4

5

6

7

8

9

10   INTERROGATORY NO. 9:   Does the defendant claim that the owners of the email addresses

11   listed in Interrogatory No. 8 opted-in to any of its marketing programs, or in any way granted it
     direct permission to send commercial emails, and if so, for each such instance of alleged "opt-in"

12   or "permission" please state the following:

            a.      the date;
13          b.      the website at which it was processed;

14          c.      the website at which it was received;
            d.      the email from which each was received;

15   ANSWER:

16

17

18

19

20

21   INTERROGATORY NO.10.   What process(es) does the defendant use to verify or confirm that

22   an email address, whether obtained by itself or from a third party, is a true "opt-in" email
     address, or that the owner of an email address in some way granted his or her direct permission

23   for the defendant to send him or her email?

24   ANSWER:

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 13

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

24

1

2

3

4

5

6   INTERROGATORY NO. 11.  Does/did the defendant initiate the transmission of commercial
7   email on behalf of third parties?

8   ANSWER:

9

10

11   INTERROGATORY NO. 12.  If the response to the preceding interrogatory is in the affirmative,
12   provide the names, addresses, phone numbers, of all such third parties on whose behalf
13   defendant sends, or has sent commercial email for the past 5 years.

14   ANSWER:

15

16

17

18

19

20   INTERROGATORY NO. 13.  Identify any person or entity, including vendors, agents, affiliates,
21   contractors, and subcontractors, that assists or assisted in the transmission of commercial email
     on the defendant's behalf for the past five years.

22   ANSWER:

23

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

1  INTERROGATORY NO. 14:  Identify all lawsuits to which the defendant has been a party.  For
2  each, state:
       (a) the jurisdiction;

3      (b) the date of filing;

4
       (c) the substance of the action; and
5
       (d) the disposition of the action.
6
7  ANSWER:

8

9

10

11

12

13

14  INTERROGATORY NO. 15:  Please describe the process by which you obtain "opt-in" email
15  addresses, and identify each and every source of such email addresses.

16  ANSWER:

17

18

19  INTERROGATORY NO. 16: Describe any and all efforts made by the defendant or on the
20  defendant's behalf by any person or entity listed in your Answer to Interrogatory No. 13 to
    ensure that the owners of the email addresses listed in Interrogatory No. 8 were or were not
21  residents of Washington State.

22  ANSWER:

23

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 15

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

INTERROGATORY NO. 17: Does the defendant own any of the internet domain names from which it sends commercial electronic mail?  If so, please state as follows:

a.      All internet domain names you own; and

b.      All internet domain names that you do not own that you or any person or entity listed in your Answer to Interrogatory 13 send commercial electronic mail from.

ANSWER:

INTERROGATORY NO. 18:    For each internet domain name listed in the Answer to Interrogatory 17 (b), does the defendant have the permission of the owner to use their internet domain name to send commercial electronic mail, whether to or from?

ANSWER:

INTERROGATORY NO. 19:
:  Please identify each IP address (or IP address netblock) that the defendant was assigned since 2000.  For each, please state:

        (a) the date it was acquired;

        (b) whether it is still assigned to or used by the defendant;

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 16

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

27

(c) if not, the date it was last used; and

(d) the reason for the defendant not using it: i.e., was the IP address blocked or blacklisted?

ANSWER:

INTERROGATORY NO. 20: Does the Defendant claim that there is some person or entity who is not a party to this lawsuit within the meaning of RCW 4.22.070 whose fault is claimed to have caused or contributed to the incident made the subject of this lawsuit and/or Plaintiff's damages, and/or some person or entity who is not a party to this lawsuit who caused or contributed to the alleged violation of RCW 19.190 and/or RCW 19.86? If so, please provide the following:

    a.    State the name and address of each person or entity that defendant claims caused any of     Plaintiff's damages.

    b.    With regard to each such person or entity identified in response to the preceding question, please state:

    (i) All facts you rely upon in making this claim;

    (ii) The names and addresses of all witnesses you rely upon in making such claim;

ANSWER:

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 17

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

1

2

3

4

5      INTERROGATORY NO. 21:  Has the defendant sold products and/or services to residents of
Washington State via the internet?  If so, please identify the number of Washington State

6      residents that it has sold products and/or services to, what the nature of the product or service
was, and the number of such products and/or services.

7

ANSWER:

8

9

10

11

12

13

14

15

16     INTERROGATORY NO. 22:
Identify any data that has been deleted, physically destroyed, discarded, damaged (physically or

17     logically), or overwritten, whether pursuant to a document retention policy or otherwise, by the
defendant since the commencement of this litigation.  Specifically identify those documents that

18     relate to or reference the subject matter of the above referenced litigation.

19     ANSWER:

20

21

22

23     INTERROGATORY NO. 23:  Identify all individuals who have worked for the defendant for the

24     period January 1, 2002, to the present.  For each state:

25          (a)  name and address(es);

26          (b)  dates of employment;

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 18

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

(c)  job title(s);

(d)  job responsibilities;

(e)  employment status (i.e., employee, independent contractor); and

(f)  reason for termination of employment relationship, if applicable.

ANSWER:

INTERROGATORY NO. 24:

Identify all email systems in the defendant's use, including but not limited to the following:

(a)  List all email software and versions presently and previously used by you and the dates of use, including private and custom developed applications, commercial applications, "spamware," freeware and shareware;

(b)  Identify all hardware that has been used or is currently in use as a server for the email system including its name;

(c)  Identify the specific type of hardware that was used as terminals into the email system (including home PC's, laptops, desktops, cell phones, personal digital assistants [PDA's], etc.) and its current location;

(d)  State how many users there have been on each email system (delineate between past and current users);

(e)  State whether the email is encrypted in any way and list all passwords for all users;

(f)  Identify all users known to you that have generated email related to the subject matter of this litigation; and

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 19

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

30

1        (g)    Identify all email known to you (including creation date, recipient(s) and sender)
2                   that relate to, reference, or are relevant to the subject matter of this litigation.

3    ANSWER:

4

5

6

7

8    INTERROGATORY NO. 25:  Identify all officers, directors and shareholders of the defendant
     corporation from January 1, 2001 to the present.

9

10   ANSWER:

11

12

13

14

15

16

17

18         Dated this *28* day of February, 2006.

19                  MERKLE SIEGEL & FRIEDRICHSEN, P.C.

20

21

22                  _____

23                  Robert J. Siegel WSBA# 17312
                    Attorney for Plaintiff

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 20

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

36

1
2
3                          <u>Attorney's Certificate</u>
4       The  undersigned  attorney  for  Defendant  has  read  the  foregoing  Answers  to
5  Interrogatories and Responses to Requests for Production and they are in compliance with CR
6  26(g).
7       DATED this _____ day of _____, 2006.
8
9
10                         _____
                                                WSBA#
11                         _____WSBA#
                           Attorney for Defendant
12
       I declare under penalty of perjury, pursuant to the laws of the State of Washington, that
13  the foregoing is true and correct.
14
       DATED this _____ day of _____, 2006.
15
16
17                         _____
18                         Defendant, by
                           _____
19                         its
20
21
22
23
24
25
26

PLAINTIFFS' FIRST DISCOVERY                    **MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
REQUESTS TO DEFENDANT - 21                              ATTORNEYS AT LAW
                                                    1325 FOURTH AVENUE, SUITE 940
                                                   SEATTLE, WASHINGTON 98101-2509
                                              PHONE: (206) 624-9392  FAX: (206) 624-0717
J:\RJS\CLIENTS\COLE\CAPTION.DOC

32

1    ROBERT J. SIEGEL
     Attorney At Law
2    1325 Fourth Avenue
     Suite 940
3    Seattle, WA 98101
     (206) 624-9410
4

5

6

7
                IN THE UNITED STATES DISTRICT COURT
8              FOR THE EASTERN DISTRICT OF WASHINGTON
9

10
     JAMES S. GORDON, JR.,              NO. CV-04-5125-FVS
11
                        Plaintiff,      PLAINTIFF'S FIRST REQUESTS
12      v.                              FOR PRODUCTION OF
                                        DOCUMENTS
13   IMPULSE MARKETING GROUP,
     INC.,
14                      Defendant.
15

16   TO:        Defendant Impulse Marketing Group, Inc.

17   AND TO:    Attorneys for Defendants,

18

19                      PRELIMINARY STATEMENT

20

21          2.      In accordance with Civil Rule 34, produce the documents designated

22   herein for inspection and copying at the offices of MERKLE SIEGEL & FRIEDRICHSEN, P.C.

23   at a mutually agreed-upon time, but no later than thirty (30) days from the date of service of this

24   request upon you.   Alternatively they may be attached to these answers.   Any request for a

25   document made herein shall be deemed to include a request for a copy of that document if the

26

     PLAINTIFFS' FIRST DISCOVERY          MERKLE SIEGEL & FRIEDRICHSEN, P.C.
     REQUESTS TO DEFENDANT - 1                      ATTORNEYS AT LAW
                                               1325 FOURTH AVENUE, SUITE 940
                                               SEATTLE, WASHINGTON 98101-2509
                                          PHONE: (206) 624-9392 FAX: (206) 624-0717

     J:\RJS\CLIENTS\COLE\CAPTION.DOC

original is not in the care, custody or control of you, your employees, agents, representatives, attorneys, or accountants.

3.      A request for production of documents includes all originals and copies of documents within the care, custody and control of the defendant or its agents, employees, representatives, attorneys, and accountants.

4.      If, in responding to or failing to respond to these interrogatories, you invoke or rely upon privilege of any kind, state specifically the nature of the privilege, the basis upon which you invoke, rely or claim it, including statutory or decisional reference, and identify all documents or other information, including contacts and communications, which you believe to be embraced by the privilege invoked.

5.      Should you refuse to produce any document called for by these interrogatories on the grounds of privilege, state for each such document:

      a.      The ground on which the claim of privilege is based;

      b.      The type of document (e.g. letter, memorandum, contract);

      c.      The date of the document;

      d.      The general subject matter of the document;

      e.      The name, address and position of the author of the document and of any person who assisted in its preparation;

      f.      the name, address and position of each addressee or recipient of the document or any copies of it;

      g.      the present location of the document and the name, address and position of the person having custody of it.

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

34

6. Throughout these interrogatories language should be read in light of the context in which it is used. The singular includes the plural and the plural includes the singular where appropriate. The masculine is intended to refer to the feminine where appropriate and vice versa.

7. The interrogatories and requests for production are continuing in nature, and defendant is requested to supplement all information and documents responsive hereto promptly after such information is obtained.

DEFINITIONS

As used in these interrogatories, the terms listed below are defined as follows:

1. "Active File," when used in this request, means any electronic data file that can be used by an electronic data processing system in any manner without modification and/or reconstruction. An active file is any electronic data file that has not been deleted or otherwise destroyed and/or damaged and which is readily visible to the operating system and/or the software with which it was created.

2. "Computer." When used in this request, the term "computer" shall include, but is not limited to, microchips, microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers, desktop computers, servers, and mainframe computers.

3. "Computer system." When used in this request, the term "computer system" when used in reference to any "computer," includes, but is not limited to, the following information:

a. Computer type, brand and model;

b. Brand and version of all software, including operating system, private and custom developed applications, commercial applications, and/or shareware;

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 3

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

35

c.     Communications capability, including asynchronous and/or synchronous, including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem and/or direct connection.

4.     "Data."  When used in this request, the term "data" is the equivalent to the term "electronic data" as defined herein.

5.     "Document" means any recorded material in any form, including originals and copies (whether identical or not), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls or other communications, bulletins, magazines, physical media (which includes, but is not limited to, paper media, phonographic media, photographic film media, magnetic media, including but not limited to hard disks, floppy disks, compact disks, and magnetic tapes of any kind, computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed), publications, printed matter, photographs, computer printouts, teletypes, telefacts, invoices, work sheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or representations of any kind, and electronic, mechanical or electric records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

6.     "Electronic data" means the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 4

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION DOC

copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, operating systems, source codes of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. "Electronic data" includes any and all items stored on computer memories, hard disks, floppy disks, CD_ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including but not limited to EPROM, PROM, RAM and ROM, or in any other vehicle for digital data storage and/or transmittal. The term "electronic data" also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

       7.    "Electronic media," when used in this request, means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 5

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION DOC

37

8.     "File fragment," when used in this request, refers to any electronic data file that exists as a subset of an original active file. A file fragment may be active or deleted. The cause of fragmentation can include, but is not limited to, the execution of ordinary file management routines such as the creation of new files over parts of previously deleted files, the creation of files on disks which do not have enough contiguous blocks to write the file from beginning to end, where the file has been split up between several sections of the disk (each piece a fragment). Other causes include manual intervention, electronic surges, and/or physical defects on electronic media.

9.     "Identify" or "identity" means:

a.     As to a <u>person,</u> to state with respect thereto:

1)     If a natural person, his or her full name, present residence address, telephone number, name and last known business address of his employer at the time referred to in your answer and at the present time, the employment position held by such person with each employer and the date such employment began and ceased, such person's knowledge regarding the subject matter of this dispute, the date such knowledge was obtained, and all documents relevant to such knowledge.

2)     With reference to persons that are not natural persons, the last known complete address, including zip code, and last known complete telephone number, including the area code, of its headquarters, its nearest or local agent, such person's knowledge regarding the subject matter of this dispute, the dates such knowledge was obtained, and all documents relevant to such knowledge.

b.     As to a <u>document,</u> state with respect to the originals and copies thereof:

1)     The name of the person who prepared it;

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 6

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

38

2)      The name of the person who signed it or over whose signature it was issued;

3)      The name of each person to whom it was addressed or distributed, or who received or is in possession of the original or a copy;

4)      The nature and substance of the writing;

5)      The date it was prepared;

6)      The date it was signed;

7)      The physical location of it and name and address of its custodian;

8)      Whether it will be voluntarily made available to Plaintiff for inspection and copying, and whether copies are attached to your answers to these interrogatories. In lieu of fully identifying the documents referred to herein, you may instead attach copies of such documents to these answers.

9)      If any such document was, but no longer is in your possession or subject to your control, what disposition was made of it and the reason for its disposition.

c.      As to electronic data, means to state the software and/or operating system under which the data was created, title and author, the type of data (example: word processing document, spreadsheet, database, application program, etc.), and all other means of identifying it with sufficient particularity to meet the requirements for its inclusion in a Request for Production pursuant to the Rules of Civil Procedure, and its present or last known location or custodian. If any such electronic data was, or no longer is, in the possession or subject to your control, state what disposition was made of it and the reason for such disposition.

10.     "Network," when used in this request, means any hardware and/or software combination that connects two or more computers together and which allows the computers to

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 7

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

39

share and/or transfer data between them. For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

11.    "Person" means any person, firm, corporation, partnership, proprietorship, joint venture, organization, group of persons, or other associations separately identifiable, whether or not such association has a separate legal existence in its own right.

12.    "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories are addressed, but also the joint and several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

13.    "Relates to" or "relating to" means supports, evidences, describes, mentions, refers to, concerns, contradicts or compromises.

14.    "Rotation," when used in this request, means any plan, policy or scheme that involves the re-use of an electronic media device after it has been used for backup, archival or other electronic data storage purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

15.    "Support," when used in this request, means any help or assistance provided to a user of a computer by another individual, either in an official job capacity or not. Such help or assistance may take the form of, but is not limited to, answering questions, in person or via

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 8

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION DOC

40

1    mechanical or electronic means, direct intervention, training, software troubleshooting,

2    hardware troubleshooting, programming, systems consulting, maintenance, repair and/or user

3    forums.  Providers of support may be employees, contractors, and/or third-party providers.

4                                        REQUESTS FOR PRODUCTION

5    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:  Pursuant to CR 34, please produce

6    copies of all policies of insurance, including the declaration page, all endorsements, all
     exclusions, whether manuscripted or not, referred to and/or identified in your answer to

7    Plaintiff's First Interrogatories No. 1.

8    RESPONSE:

9

10

11

12

13

14

15

16   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:  Please produce copies of any and

17   all documents or electronic data that indicated to you that any owner of each of the email
     addresses listed in Plaintiff's First Interrogatories No. 8 granted the defendant permission to send

18   commercial email, and/or any document that indicates any of the referenced email addresses
     "opted-in" to receive commercial email from Defendants, or anyone on their behalf.

19

20   RESPONSE:

21

22

23

24

25   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:  Pursuant to CR 34, please produce
     at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, copies of

26   any and all contracts, agreements, correspondence, or written or electronic communication of

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 9

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

41

1   any kind, between each defendant and any person or entity listed in your Answer to Plaintiff's

2   First Interrogatories No. 13.

3   RESPONSE:

4

5

6

7

8

9

10

11   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:   Pursuant to CR 34, please produce

12   at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, copies of

13   any contracts, agreements, correspondence, or written or electronic communication of any kind,

     between any defendant and any person or entity owning any internet domain name listed in your

14   Answer to Plaintiff's First Interrogatories No. 17 (b) that establishes your or any person or entity

15   listed in your Answer to Plaintiff's First Interrogatories No. 13's permission to use that internet

     domain name to send commercial electronic mail using that domain name, and any and all

16   contracts, agreements, correspondence, or written or electronic communication of any kind from

     the owners of any third party domain name that establishes permission for the defendant to send

17   commercial electronic mail to .

18   RESPONSE:

19

20

21

22

23

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 10

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

42

1  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5: Produce copies of all documents
2  relating to the maintenance of the corporate entity of the defendant, if applicable, including but
   not limited to, articles of incorporation, annual reports, business licenses, and corporate minute
3  books.

4

5  RESPONSE:

6

7

8

9

10

11

12

13  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6: Produce all state, and federal tax
14  returns filed by the defendant for the tax years 2002 to present, including but not limited to
    copies of signed tax returns, proof of payment and all correspondence relating thereto.

15  RESPONSE:

16

17

18  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7: Produce copies of all monthly,
19  quarterly, or yearly profit and loss statements or balance sheets for the defendant for the period
    between 2002 and the present.

20

21

22  RESPONSE:

23

24

25  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8: Produce a copy of the *curriculum
    vitae* or statement of qualifications for each expert you have retained to testify on behalf of the
26  defendant at trial in this matter.

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 11

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

43

1    RESPONSE:

2

3    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:  Pursuant to CR 34, please produce

4    at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, a copy of

     any document referring to any policy of document or data destruction inventory/log/schedule

5    referred to in your response to Plaintiff's First Interrogatories No.

6    RESPONSE:

7

8

9

10

11

12

13   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:      Please produce copies of all

14   correspondence and/or complaints from SPAMHAUS.ORG and/or any and all other entities that

     monitor spam activity on the internet.

15

16   RESPONSE:

17

18   REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

19   Provide copies of all approved ad copy, and other related materials (and the dates of the mailing

     campaigns using each ad) from Commonwealth Marketing Group since January 2003.

20

21   RESPONSE:

22

23

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 12

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

44

1

2   Dated this 28 day of February, 2006.

3                   MERKLE SIEGEL & FRIEDRICHSEN, P.C.

4

5                   _____

6                   Robert J. Siegel WSBA# 17312
                    Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 13

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\R IS\CLIENTS\COLE\CAPTION.DOC

1

2

3

<u>Attorney's Certificate</u>

4

The   undersigned   attorney   for   Defendant   has   read   the   foregoing   Answers   to

5

Interrogatories and Responses to Requests for Production and they are in compliance with CR

6

26(g).

7

DATED this _____ day of _____, 2006.

8

9

10

_____

_____WSBA#

11

Attorney for Defendant

12

13

14

I declare under penalty of perjury, pursuant to the laws of the State of _____ __

15

_____, that the foregoing is true and correct.

16

DATED this _____ day of _____, 2006.

17

18

19

_____

Defendant, by

20

_____

its

21

22

23

24

25

26

PLAINTIFFS' FIRST DISCOVERY
REQUESTS TO DEFENDANT - 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

4(6