**EXHIBIT B**

47

Dockets.Justia.com

Liebler, Ivey, Conner, Berry & St. Hilaire
Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.
509 735 3581
509 735 3585(fax)

Klein, Zelman, Rothermel, & Dichter, L.L.P.
Sean Moynihan, Esq.; Peter Glantz, Esq.
485 Madison Avenue
New York, New York 10022
Attorneys for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.


## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JAMES S. GORDON, JR., | ) | No. CV-04-5125-FVS |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RESPONSE |
| vs. | ) | TO PLAINTIFF'S FIRST |
| | ) | INTERROGATORIES |
| IMPULSE MARKETING GROUP, INC., | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |
| | ) | |
| IMPULSE MARKETING GROUP, INC., | ) | |
| | ) | |
| Third-Party Plaintiff,s. | ) | |
| | ) | |
| BONNIE GORDON, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

48

# DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Impulse Marketing Group, Inc. ("Impulse" or "Defendant") by its undersigned counsel, as and for its Response to Plaintiff, James Gordon's ("Plaintiff" or "Gordon") First Set of Interrogatories, hereby responds as follows:

## PRELIMINARY STATEMENT

Impulse's responses are made without in any way waiving either: (a) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground, to the use of any information provided in these responses for any purpose in any stage or proceeding in this or any other action; (b) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of these documents; (c) the right to assert the attorney-client privilege, the work-product doctrine, or any other privilege or right. Impulse has not completed its discovery or factual investigation in this action; or (d) the right to object on the ground that Plaintiff's interrogatory requests do not comply with Rule 33 and Local Rule 33.1. Accordingly, the

49

responses set forth herein are provided without prejudice to Impulse's right to add, modify, or otherwise change or amend the responses herein in accordance with Fed. R. Civ. P. 26(e).

## GENERAL OBJECTIONS

1.     Impulse objects to each interrogatory to the extent that it seeks material or information that is privileged as an attorney-client communication. This objection hereinafter will be referred to as the "Attorney-Client Privilege Objection."

2.     Impulse objects to each interrogatory to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is protected and privileged as attorney work product. This objection hereinafter will be referred to as the "Attorney Work Product Objection."

3.     Impulse objects to each interrogatory to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for trial. This objection hereinafter will be referred to as the "Material Prepared in Anticipation of Litigation Objection."

4.     Impulse objects to each interrogatory to the extent that it seeks information irrelevant to the parties' claims or defenses in this case.   This objection hereinafter will be referred to as the "Irrelevancy Objection."

50

5.     Impulse objects to each interrogatory to the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass the Impulse. This objection hereinafter will be referred to as the "Undue Burden Objection."

6.     Impulse objects to each interrogatory to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response. This objection hereinafter will be referred to as the "Ambiguity Objection."

7     Impulse objects to each interrogatory to the extent that it seeks information outside the allegations of the Complaint in this action. This objection hereinafter will be referred to as the "Overbreadth Objection."

8.     Impulse objects to each interrogatory to the extent that it seeks information that is in Plaintiff's possession. This objection hereinafter will be referred to as the "Plaintiff's Possession Objection."

9.     Impulse objects to each interrogatory to the extent that it repeats a request made elsewhere in Plaintiff's Demand. This objection hereinafter will be referred to as the "Redundancy Objection."

10.     Impulse objects to each interrogatory to the extent that it seeks information relating to unspecified periods of time outside the scope of Plaintiff's

Complaint.  This objection hereinafter will be referred to as the "Time Frame Objection."

11.    Impulse objects to each interrogatory to the extent that it seeks information that constitutes a trade secret or proprietary information.   This objection hereinafter will be referred to as the "Trade Secret Objection."

12.    Insofar as any request seeks information falling within the scope of the foregoing General Objections, except as provided above, it is specifically noted below by reference to the General Objection defined herein.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1:  Set forth each and every insurance agreement covering any and all liability exposure for the defendant, whether or not in your opinion coverage is afforded for the matter made the subject of this lawsuit, and identify each insurance agreement by the name of the insurance carrier, policy number, limits, and sublimits for Advertising Injury.

ANSWER: Defendant asserts the Overbreadth Objection.   There is no time period specified.
      _____S/FLOYD E. IVEY_____


FLOYD E. IVEY


INTERROGATORY NO. 2:  [BLANK]

ANSWER:  Given that Plaintiff's Interrogatory No. 2 was left blank, no response is required.

\_\_\_\_\_S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 3:  Identify the person(s) responsible for making decisions regarding the marketing of defendant's products and/or services via email, deciding how emails are created, formatted and sent, and specify the person(s) responsible for deciding to market products and/or services via email.

ANSWER: Defendant asserts the Overbreadth and Ambiguity Objection. Subject to and without waiving these objections, Jeff Goldstein is responsible for making decisions regarding the marketing of Impulse's products and/or services via email.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 4:  Identify the defendant's gross revenue for any and all years that the defendant has marketed products and/or services via email.

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Overbreadth and Trade Secret Objections.  The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

\_\_\_\_S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 5:  Identify the number, or if the exact number is unascertainable, the approximate number, of email addresses the defendant has marketed products and/or services to by year for each year it has been sending commercial email.

53

ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Overbreadth, Undue Burden and Trade Secret Objections.  Interrogatory No. 5 is irrelevant to the allegations contained in Plaintiff's Complaint.  Plaintiff lacks standing to request information regarding those email addresses not belonging to Plaintiff.  As such, the information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 6:  Identify the number of email addresses referenced in the immediately preceding interrogatory that the defendant claims are opt-in email addresses, or in some way gave their _direct_ permission to it to send them email advertisements, by the following categories:

     a.  number of email addresses the defendant obtained from freeze.com;

     b.  number of email addresses the defendant obtained from imustplay.com;

     c.  number of email addresses the defendant obtained from the treeloot game;

     d.  number of email addresses the defendant obtained from other third parties.

ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Overbreadth, Undue Burden and Trade Secret Objections.  Interrogatory No. 6 is irrelevant to the allegations contained in Plaintiff's Complaint.  Plaintiff lacks standing to request information regarding those email addresses not belonging to Plaintiff.  As such, the information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

54

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 7:    Please list all internet domain names used and/or registered by the defendants, or used or registered on their behalf by others which use the Who is Privacy Protection (Services) Inc. service offered by eNom Inc., in conjunction with their internet business/activities.

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Overbreadth, Ambiguity and Trade Secret Objections. Interrogatory No. 7 is ambiguous as to the term "defendants" given that Impulse is the only named defendant in this lawsuit. Further, Interrogatory No. 7 is irrelevant to the allegations contained in Plaintiff's Complaint. As such, the information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 8:  Identify the number of emails each defendant sent to any of the following email addresses:

 INK"mailto:bonnie@gordonworks.com"bonnie@gordonworks.com;                    ;
bonniegg@gordonworks.com
business@gordonworks.com
cash@gordonworks.com
emily@gordonworks.com
faye@gordonworks.com
genesis@gordonworks.com
goals@gordonworks.com

55

goals@gordonworks.com
gordonworks@gordonworks.com
james@gordonworks.com
jamila@gordonworks.com
jay@gordonworks.com
jeg@gordonworks.com
jim@gordonworks.com
jobs@gordonworks.com
jonathan@gordonworks.com
links@gordonworks.com
localbusiness@gordonworks.com
lynkstation@gordonworks.com
marketer@gordonworks.com
msm@gordonworks.com
postmaster@gordonworks.com
referral@gordonworks.com
sd@gordonworks.comteen@gordonworks.com
telecom@gordonworks.com
tj@gordonworks.com
tommy@gordonworks.com
webmaster@gordonworks.com

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Ambiguity, Plaintiff's Possession and Overbreadth Objections. Interrogatory No. 8 is irrelevant to the allegations contained in Plaintiff's Complaint. Interrogatory No. 8 is ambiguous as to the terms "each defendant" given that Impulse is the only named defendant in this lawsuit. Plaintiff lacks standing to request information regarding those email addresses not belonging to Plaintiff. Plaintiff does not identify the email address for Plaintiff. In connection with the allegations contained in Plaintiff's Complaint, Impulse, upon information and belief, did not itself send any emails to Plaintiff's email address. Upon information and belief, Impulse had no knowledge that noncompliant emails would be sent to Plaintiff's email address. Further, Impulse implements a multi-point business practice to ensure compliant email marketing by its third-party marketers including, but not limited to, obtaining express representations and warranties from its third-party marketers that said third-party marketers will only transmit emails that comply with any and all state and federal laws such as the CAN-SPAM Act of 2003 and applicable state deceptive marketing statutes.

56

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 9:  Does the defendant claim that the owners of the email addresses listed in Interrogatory No. 8 opted-in to any of its marketing programs, or in any way granted it direct permission to send commercial emails, and if so, for each such instance of alleged "opt-in" or "permission" please state the following:
1. the date;
2. the website at which it was processed;
3. the website at which it was received;
4. the email from which each was received;

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Plaintiff's Possession and Overbreadth Objections.  Plaintiff lacks standing to request information regarding those email addresses not belonging to Plaintiff.  In connection with the allegations contained in Plaintiff's Complaint, Impulse, upon information and belief, did not itself send any emails to Plaintiff's email address. Upon information and belief, Impulse had no knowledge that noncompliant emails would be sent to Plaintiff's email address.  Further, Impulse implements a multi-point business practice to ensure compliant email marketing by its third-party marketers including, but not limited to, obtaining express representations and warranties from its third-party marketers that said third-party marketers will only transmit emails that comply with any and all state and federal laws such as the CAN-SPAM Act of 2003 and applicable state deceptive marketing statutes.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO.10.  What process(es) does the defendant use to verify or confirm that an email address, whether obtained by itself or from a third party, is a true "opt-in" email address, or that the owner of an email address in some way granted his or her direct permission for the defendant to send him or her email?

57

ANSWER: Impulse assets the Overbreadth, Irrelevancy and Trade Secret Objections.  Subject to and without waiving these objections, if Plaintiff will limit his request, Defendant will consider the revised interrogatory.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 11.  Does/did the defendant initiate the transmission of commercial email on behalf of third parties?

ANSWER: Defendant asserts the Time Frame and Overbreadth Objections.  Further, Interrogatory No. 11 is irrelevant to the allegations contained in Plaintiff's Complaint.  As such, the information sought will not lead to the discovery of admissible evidence.  Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).
Subject to and without waving these objections, Impulse occasionally initiates the transmission of commercial email on behalf of third parties.
___S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 12.  If the response to the preceding interrogatory is in the affirmative, provide the names, addresses, phone numbers, of all such third parties on whose behalf defendant sends, or has sent commercial email for the past 5 years.

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Trade Secret and Overbreadth Objections.  Further, Interrogatory No. 12 is irrelevant to the allegations contained in Plaintiff's Complaint.  As such, the information sought will not lead to the discovery of admissible evidence.  Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

458

___S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 13. Identify any person or entity, including vendors, agents, affiliates, contractors, and subcontractors, that assists or assisted in the transmission of commercial email on the defendant's behalf for the past five years.

ANSWER: Defendant asserts the Time Frame, Irrelevancy, Trade Secret and Overbreadth Objections. Further, Interrogatory No. 13 is irrelevant to the allegations contained in Plaintiff's Complaint. As such, the information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

___S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 14: Identify all lawsuits to which the defendant has been a party. For each, state:
    (a) the jurisdiction;

    (b) the date of filing;

    (c) the substance of the action; and

    (d) the disposition of the action.

ANSWER: Impulse asserts the Irrelevancy Objection. Interrogatory No. 14 is irrelevant to the allegations contained in Plaintiff's Complaint and will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 15:  Please describe the process by which you obtain "opt-in" email addresses, and identify each and every source of such email addresses.

ANSWER:  Defendant asserts the Time Frame, Redundancy and Overbreadth Objections.  Subject to and without waiving these objections, if Plaintiff will limit his request, Defendant will consider the revised interrogatory.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 16: Describe any and all efforts made by the defendant or on the defendant's behalf by any person or entity listed in your Answer to Interrogatory No. 13 to ensure that the owners of the email addresses listed in Interrogatory No. 8 were or were not residents of Washington State.

ANSWER:   Defendant asserts the Irrelevancy and Overbreadth Objections. Further, Plaintiff lacks standing to request information regarding those email addresses not belonging to Plaintiff.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 17: Does the defendant own any of the internet domain names from which it sends commercial electronic mail?  If so, please state as follows:

a.     All internet domain names you own; and

*leo*

b.     All internet domain names that you do not own that you or any person or entity listed in your Answer to Interrogatory 13 send commercial electronic mail from.

ANSWER: Defendant asserts the Irrelevancy, Trade Secret and Overbreadth Objections.   Further, Interrogatory No. 17 is irrelevant to the allegations contained in Plaintiff's Complaint.  As such, the information sought will not lead to the discovery of admissible evidence.  Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 18:   For each internet domain name listed in the Answer to Interrogatory 17 (b), does the defendant have the permission of the owner to use their internet domain name to send commercial electronic mail, whether to or from?

ANSWER: Defendant asserts the Irrelevancy, Trade Secret and Overbreadth Objections.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 19:        Please identify each IP address (or IP address netblock) that the defendant was assigned since 2000.  For each, please state:

(a) the date it was acquired;

(b) whether it is still assigned to or used by the defendant;

(c) if not, the date it was last used; and

(d) the reason for the defendant not using it:  i.e., was the IP address blocked or blacklisted?

ANSWER:  Defendant asserts the Time Frame, Irrelevancy, Trade Secret and Overbreadth Objections.

___S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 20:  Does the Defendant claim that there is some person or entity who is not a party to this lawsuit within the meaning of RCW 4.22.070 whose fault is claimed to have caused or contributed to the incident made the subject of this lawsuit and/or Plaintiff's damages, and/or some person or entity who is not a party to this lawsuit who caused or contributed to the alleged violation of RCW 19.190 and/or RCW 19.86?   If so, please provide the following:

a.    State the name and address of each person or entity that defendant claims caused any of Plaintiff's damages.

b.    With regard to each such person or entity identified in response to the preceding                      question, please state:

(i)  All facts you rely upon in making this claim;

(ii)  The names and addresses of all witnesses you rely upon in making such claim;

ANSWER:  Defendant asserts the Ambiguity Objection.  Given that Plaintiff has failed to properly identify the thousands of emails that Plaintiff allegedly received, Defendant is prejudiced by being unable to determine, at this time, the identity of any person or entity who is not a party to this lawsuit whose fault is claimed to have caused or contributed to Plaintiff's alleged damages.

____S/FLOYD E. IVEY_____

62

FLOYD E. IVEY

INTERROGATORY NO. 21: Has the defendant sold products and/or services to residents of Washington State via the internet? If so, please identify the number of Washington State residents that it has sold products and/or services to, what the nature of the product or service was, and the number of such products and/or services.

ANSWER: Defendant asserts the Irrelevancy, Trade Secret, Undue Burden and Overbreadth Objections. Subject to and without waiving these objections, Defendant has sold products and/or services to residents of Washington State via the Internet.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 22: Identify any data that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention policy or otherwise, by the defendant since the commencement of this litigation. Specifically identify those documents that relate to or reference the subject matter of the above referenced litigation.

ANSWER: Defendant asserts the Irrelevancy, Overgreadth, Ambiguity and Undue Burden Objections. Interrogatory No. 22 is intended to harass Impulse. Further, Interrogatory No. 22 is irrelevant and will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 23: Identify all individuals who have worked for the defendant for the period January 1, 2002, to the present. For each state:

(a) name and address(es);

(b) dates of employment;

(c) job title(s);

(d) job responsibilities;

(e) employment status (i.e., employee, independent contractor); and

(f) reason for termination of employment relationship, if applicable.

ANSWER:  Defendant asserts the Irrelevancy, Time Frame, Undue Burden and Overbreadth Objections.  Interrogatory No. 23 is irrelevant and will not lead to discovery of admissible evidence relative to Plaintiff's Complaint.  Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 24:  Identify all email systems in the defendant's use, including but not limited to the following:

(a)    List all email software and versions presently and previously used by you and the dates of use, including private and custom developed applications, commercial applications, "spamware," freeware and shareware;

(b)    Identify all hardware that has been used or is currently in use as a server for the email system including its name;

(c)    Identify the specific type of hardware that was used as terminals into the email system (including home PC's, laptops, desktops, cell phones, personal digital assistants [PDA's], etc.) and its current location;

64

(d)   State how many users there have been on each email system (delineate between past and current users);

(e)   State whether the email is encrypted in any way and list all passwords for all users;

(f)   Identify all users known to you that have generated email related to the subject matter of this litigation; and

(g)   Identify all email known to you (including creation date, recipient(s) and sender) that relate to, reference, or are relevant to the subject matter of this litigation.

ANSWER:  Defendant asserts the Irrelevancy, Ambiguity, Trade Secret, Undue Burden and Overbreadth Objections.  Interrogatory No. 24 is irrelevant and will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

INTERROGATORY NO. 25:  Identify all officers, directors and shareholders of the defendant corporation from January 1, 2001 to the present.

ANSWER:  Defendant asserts the Time Frame Objection.  Subject to and without waiving this objection, Jeff Goldstein, Greg Greenstein and Steve Wadley have been Impulse officers, directors and shareholders from January 1, 2001 to the present.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

Pursuant to CR 26(g), Floyd E. Ivey certifies:  That I am the attorney for the party answering these discovery requests; that I have read the discovery

requests propounded to said answering party and the answers and objections, if any, thereto, know the contents thereof and believe the same to be true.

S/FLOYD E. IVEY

_____

Liebler, Ivey, Conner, Berry & St. Hilaire
    By:   Floyd E. Ivey
    1141 N. Edison, Suite C
    P.O. Box 6125
    Kennewick, Washington 99336
    Local Counsel for Defendant
    Impulse Marketing Group, Inc.

S/Sean Moynihan, Peter Glantz

_____

Sean A. Moynihan
Peter J. Glantz
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020
(212) 753-8101 (fax)

    I hereby certify that a copy of the foregoing Defendant's Response to Plaintiff's First Interrogatories were mailed this 24th  day of April, 2006, to:

Mr. Robert J. Siegel
Merkle, Siegel & Friedrichsen
1325 Fourth Ave., Suite 940
Seattle, WA 98101

Ms. Bonnie Gordon
9804 Buckingham Drive
Pasco, WA 99301

Mr. James Gordon, III
9804 Buckingham Drive
Pasco, WA 99301

Ms. Jamila Gordon
9804 Buckingham Drive
Pasco, WA 99301

Mr. Robert Pritchett
1952 Thayer Drive
Richland, WA 99354

Ms. Emily Abbey
1407 2nd Ave. West, #608
Seattle, WA 98119

Mr. Jonathan Gordon
9804 Buckingham Drive
Pasco, WA 99301

_____S/FLOYD E. IVEY_____

67

Liebler, Ivey, Conner, Berry & St. Hilaire
Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.
509 735 3581
509 735 3585(fax)

Klein, Zelman, Rothermel, & Dichter, L.L.P.
Sean Moynihan, Esq.; Peter Glantz, Esq.
485 Madison Avenue
New York, New York 10022
Attorneys for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.


## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| JAMES S. GORDON, JR., | ) | No. CV-04-5125-FVS |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RESPONSE |
| vs. | ) | TO PLAINTIFF'S FIRST |
| | ) | REQUEST FOR PRODUCTION |
| IMPULSE MARKETING GROUP, | ) | OF DOCUMENTS |
| INC., | ) | |
| Defendant | ) | |
| _____ | ) | |
| | ) | |
| IMPULSE MARKETING GROUP, | ) | |
| INC., | ) | |
| Third-Party Plaintiff,s. | ) | |
| | ) | |
| BONNIE GORDON, et al., | ) | |
| | ) | |
| Third-Party Defendants. | | |

68

## DEFENDANT'S RESPONSE TO PLAINTIFF JAMES GORDON'S FIRST

## REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, Impulse Marketing Group, Inc. ("Impulse" or "Defendant") by its undersigned counsel, as and for its Response to Plaintiff, James Gordon's ("Plaintiff" or "Gordon") First Request For the Production of Documents, hereby responds as follows:

## PRELIMINARY STATEMENT

Impulse's responses are made without in any way waiving either: (a) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground, to the use of any information provided in these responses for any purpose in any stage or proceeding in this or any other action; (b) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of these documents; or (c) the right to assert the attorney-client privilege, the work-product doctrine, or any other privilege or right.     Impulse has not completed its discovery or factual investigation in this action.     Accordingly, the responses set forth herein are provided without prejudice to Impulse's right to add, modify, or otherwise change or amend the responses herein in accordance with Fed. R. Civ. P. 26(e).

## GENERAL OBJECTIONS

69

1.    Impulse objects to each Request For Production of Documents to the extent that it seeks material or information that is privileged as an attorney-client communication.  This objection hereinafter will be referred to as the "Attorney-Client Privilege Objection."

2.    Impulse objects to each Request For Production of Documents to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is protected and privileged as attorney work product.  This objection hereinafter will be referred to as the "Attorney Work Product Objection."

3.    Impulse objects to each Request For Production of Documents to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for trial.  This objection hereinafter will be referred to as the "Material Prepared in Anticipation of Litigation Objection."

4.    Impulse objects to each Request For Production of Documents to the extent that it seeks information irrelevant to the parties' claims or defenses in this case.  This objection hereinafter will be referred to as the "Irrelevancy Objection."

70

5.    Impulse objects to each Request For Production of Documents to the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass the Impulse. This objection hereinafter will be referred to as the "Undue Burden Objection."

6.    Impulse objects to each Request For Production of Documents to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response.   This objection hereinafter will be referred to as the "Ambiguity Objection."

7    Impulse objects to each Request For Production of Documents to the extent that it seeks information outside the allegations of the Complaint in this action.   This objection hereinafter will be referred to as the "Overbreadth Objection."

8.    Impulse objects to each Request For Production of Documents to the extent that it seeks information that is in Plaintiff's possession. This objection hereinafter will be referred to as the "Plaintiff's Possession Objection."

9.    Impulse objects to each Request For Production of Documents to the extent that it repeats a request made elsewhere in Plaintiff's Demand. This objection hereinafter will be referred to as the "Redundancy Objection."

71

10.    Impulse objects to each Request For Production of Documents to the extent that it seeks information relating to unspecified periods of time outside the scope of Plaintiff's Complaint.  This objection hereinafter will be referred to as the "Time Frame Objection."

11.    Impulse objects to each Request For Production of Documents to the extent that it seeks information that constitutes a trade secret or proprietary information.  This objection hereinafter will be referred to as the "Trade Secret Objection."

12.    Insofar as any request seeks information falling within the scope of the foregoing General Objections, except as provided above, it is specifically noted below by reference to the General Objection defined herein.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:  Pursuant to CR 34, please produce copies of all policies of insurance, including the declaration page, all endorsements, all exclusions, whether manuscripted or not, referred to and/or identified in your answer to Plaintiff's First Interrogatories No. 1.

RESPONSE:      Defendant asserts the Overbreadth Objection.

_____

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:  Please produce copies of any and all documents or electronic data that indicated to you that any owner of each of the email addresses listed in Plaintiff's First Interrogatories No. 8 granted the defendant permission to send commercial email, and/or any document that indicates any of the referenced email addresses "opted-in" to

72

receive commercial email from Defendants, or anyone on their behalf.

RESPONSE:     Defendant asserts the Time Frame, Ambiguity, Plaintiff's Possession and Overbreadth Objections. Plaintiff's Request For Production of Documents No. 2 is ambiguous as to the term "defendants" given that Impulse is the only named defendant in this lawsuit. Plaintiff lacks standing to request documents regarding those email addresses not belonging to Plaintiff.

_____

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3: Pursuant to CR 34, please produce at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, copies of any and all contracts, agreements, correspondence, or written or electronic communication of any kind, between each defendant and any person or entity listed in your Answer to Plaintiff's First Interrogatories No. 13.

RESPONSE:     Defendant asserts the Ambiguity, Time Frame, Trade Secret and Overbreadth Objections. Plaintiff's Request For Production of Documents No. 3 is ambiguous as to the terms "each defendant" given that Impulse is the only named defendant in this lawsuit.

_____

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4: Pursuant to CR 34, please produce at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, copies of any contracts, agreements, correspondence, or written or electronic communication of any kind, between any defendant and any person or entity owning any internet domain name listed in your Answer to Plaintiff's First Interrogatories No. 17 (b) that establishes your or any person or entity listed in your Answer to Plaintiff's First Interrogatories No. 13's permission to use that internet domain name to send commercial electronic mail using that domain name, and any and all contracts, agreements, correspondence, or written or electronic communication of any kind from the owners of any third party domain name that establishes permission for the defendant to send commercial electronic mail to.

73

RESPONSE:     Defendant asserts the Irrelevancy, Ambiguity, Trade Secret and Overbreadth Objections.

---

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:  Produce copies of all documents relating to the maintenance of the corporate entity of the defendant, if applicable, including but not limited to, articles of incorporation, annual reports, business licenses, and corporate minute books.

RESPONSE:  Impulse's Article of Incorporation will be produced under separate cover.

---

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:  Produce all state, and federal tax returns filed by the defendant for the tax years 2002 to present, including but not limited to copies of signed tax returns, proof of payment and all correspondence relating thereto.

RESPONSE:     Defendant asserts the Irrelevancy, Time Frame, Trade Secret and Overbreadth Objections.  Request For Production of Documents No. 6 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

---

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:  Produce copies of all monthly, quarterly, or yearly profit and loss statements or balance sheets for the defendant for the period between 2002 and the present.

RESPONSE:     Defendant asserts the Irrelevancy, Time Frame, Trade Secret and Overbreadth Objections.  Request For Production of Documents No. 7 will

74

not lead to discovery of admissible evidence relative to Plaintiff's Complaint. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

---

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:  Produce a copy of the *curriculum vitae* or statement of qualifications for each expert you have retained to testify on behalf of the defendant at trial in this matter.

RESPONSE:     Impulse has not retained an expert to testify as yet but reserves it's right to do so in accordance with the Federal Rules of Civil Procedure and the Court's Scheduling Order.

---

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:  Pursuant to CR 34, please produce at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, a copy of any document referring to any policy of document or data destruction inventory/log/schedule referred to in your response to Plaintiff's First Interrogatories No.

RESPONSE:     Defendant asserts the Irrelevancy, Ambiguity, Time Frame, Undue Burden, Trade Secret and Overbreadth Objections.    Request For Production of Documents No. 9 is ambiguous in that said request does not identify the interrogatory number Plaintiff references.    Further, Request For Production of Documents No. 9 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

---

FLOYD E. IVEY

75

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10: Please produce copies of all correspondence and/or complaints from SPAMHAUS.ORG and/or any and all other entities that monitor spam activity on the internet.

RESPONSE:     Defendant asserts the Irrelevancy, Plaintiff's Possession and Overbreadth Objections. Request For Production of Documents No. 10 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____

FLOYD E. IVEY

REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11: Provide copies of all approved ad copy, and other related materials (and the dates of the mailing campaigns using each ad) from Commonwealth Marketing Group since January 2003.

RESPONSE:     Defendant asserts the Irrelevancy, Time Frame, Plaintiff's Possession and Overbreadth Objections.

_____

FLOYD E. IVEY

Dated:     New York, New York
          April 24, 2006

_____

Liebler, Ivey, Conner, Berry & St. Hilaire
          By:   Floyd E. Ivey
          1141 N. Edison, Suite C
          P.O. Box 6125
          Kennewick, Washington 99336
          Local Counsel for Defendant
          Impulse Marketing Group, Inc.

_____

Sean A. Moynihan
Peter J. Glantz
Klein, Zelman, Rothermel &

Dichter, LLP

485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020
(212) 753-8101 (fax)

Pursuant to CR 26(g), Floyd E. Ivey certifies:  That I am the attorney for the party answering these discovery requests; that I have read the discovery requests propounded to said answering party and the answers and objections, if any, thereto, know the contents thereof and believe the same to be true.

S/FLOYD E. IVEY

Liebler, Ivey, Conner, Berry & St. Hilaire
By:    Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

S/Sean Moynihan, Peter Glantz

Sean A. Moynihan
Peter J. Glantz
Klein, Zelman, Rothermel & Dichter, LLP
485 Madison Avenue, 15th Floor
New York, New York 10022
(212) 935-6020
(212) 753-8101 (fax)

I hereby certify that a copy of the foregoing Defendant's Response to Plaintiff's First Interrogatories were mailed this 24th  day of April, 2006, to:

Mr. Robert J. Siegel
Merkle, Siegel & Friedrichsen
1325 Fourth Ave., Suite 940

Mr. Robert Pritchett
1952 Thayer Drive
Richland, WA 99354

77

Seattle, WA 98101

Ms. Bonnie Gordon
9804 Buckingham Drive
Pasco, WA 99301

Mr. James Gordon, III
9804 Buckingham Drive
Pasco, WA 99301

Ms. Jamila Gordon
9804 Buckingham Drive
Pasco, WA 99301

Ms. Emily Abbey
1407 2nd Ave. West, #608
Seattle, WA 98119

Mr. Jonathan Gordon
9804 Buckingham Drive
Pasco, WA 99301

_____S/FLOYD E. IVEY_____

78

Liebler, Ivey, Conner, Berry & St. Hilaire
Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, Washington 99336
Local Counsel for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.
509 735 3581
509 735 3585(fax)

Klein, Zelman, Rothermel, & Dichter, L.L.P.
Sean Moynihan, Esq.; Peter Glantz, Esq.
485 Madison Avenue
New York, New York 10022
Attorneys for Defendant/Third Party Plaintiff
Impulse Marketing Group, Inc.


## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., ) | No. CV-04-5125-FVS |
| ) | |
| Plaintiff, ) | DEFENDANT'S RESPONSE |
| vs. ) | TO PLAINTIFF'S SECOND |
| ) | REQUEST FOR PRODUCTION |
| IMPULSE MARKETING GROUP, ) | OF DOCUMENTS |
| INC., ) | |
| Defendant ) | |
| _____ ) | |
| ) | |
| IMPULSE MARKETING GROUP, ) | |
| INC., ) | |
| Third-Party Plaintiff,s. ) | |
| ) | |
| BONNIE GORDON, et al., ) | |
| ) | |
| Third-Party Defendants. | |

79

# DEFENDANT'S RESPONSE TO PLAINTIFF JAMES GORDON'S
# SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Defendant, Impulse Marketing Group, Inc. ("Impulse" or "Defendant") by its undersigned counsel, as and for its Response to Plaintiff, James Gordon's ("Plaintiff" or "Gordon") Second Request For the Production of Documents, hereby responds as follows:

## PRELIMINARY STATEMENT

Impulse's responses are made without in any way waiving either: (a) the right to object on the grounds of competency, relevance, materiality, hearsay or any other proper ground, to the use of any information provided in these responses for any purpose in any stage or proceeding in this or any other action; (b) the right to object on any and all grounds, at any time, to any discovery procedure relating to the subject matter of these documents; or (c) the right to assert the attorney-client privilege, the work-product doctrine, or any other privilege or right.    Impulse has not completed its discovery or factual investigation in this action.    Accordingly, the responses set forth herein are provided without prejudice to Impulse's right to add, modify, or otherwise change or amend the responses herein in accordance with Fed. R. Civ. P. 26(e).

## GENERAL OBJECTIONS

{00077629;1}

1.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks material or information that is privileged as an attorney-client communication. This objection hereinafter will be referred to as the "Attorney-Client Privilege Objection."

2.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is protected and privileged as attorney work product. This objection hereinafter will be referred to as the "Attorney Work Product Objection."

3.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for trial. This objection hereinafter will be referred to as the "Material Prepared in Anticipation of Litigation Objection."

4.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks information irrelevant to the parties' claims or defenses in this case. This objection hereinafter will be referred to as the "Irrelevancy Objection."

5.    Impulse objects to each Second Request For Production of Documents to the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass the Impulse. This objection hereinafter will be referred to as

81

the "Undue Burden Objection."

6.    Impulse objects to each Second Request For Production of Documents to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response. This objection hereinafter will be referred to as the "Ambiguity Objection."

7    Impulse objects to each Second Request For Production of Documents to the extent that it seeks information outside the allegations of the Complaint in this action. This objection hereinafter will be referred to as the "Overbreadth Objection."

8.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks information that is in Plaintiff's possession. This objection hereinafter will be referred to as the "Plaintiff's Possession Objection."

9.    Impulse objects to each Second Request For Production of Documents to the extent that it repeats a request made elsewhere in Plaintiff's Demand. This objection hereinafter will be referred to as the "Redundancy Objection."

10.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks information relating to unspecified periods of time outside the scope of Plaintiff's Complaint. This objection hereinafter will be referred to as the "Time Frame Objection."

82

11.    Impulse objects to each Second Request For Production of Documents to the extent that it seeks information that constitutes a trade secret or proprietary information.  This objection hereinafter will be referred to as the "Trade Secret Objection."

12.    Insofar as any request seeks information falling within the scope of the foregoing General Objections, except as provided above, it is specifically noted below by reference to the General Objection defined herein.  To the extent an answer is required to a request for admission for which an objection is lodged, it shall be deemed denied.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:  Pursuant to CR 34, please produce copies of html code for all emails sent by Defendants, or anyone on their behalf to Plaintiff at his 'gordonworks.com' domain during the last 4 years.

RESPONSE:    Defendant asserts the Plaintiff's Possession, Irrelevancy, Ambiguity and Time Frame and Overbreadth Objections.

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:  Pursuant to CR 34, please produce copies of html code for all emails (identified to you), and alleged as having been received by Plaintiff, and sent by or on behalf of Defendants during the last 4 years.

RESPONSE:    Defendant asserts the Plaintiff's Possession, Redundancy, Irrelevancy, Ambiguity and Time Frame and Overbreadth Objections.

83

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:  Pursuant to CR 34, please produce at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, copies of any and all software and/or "spamware" used by Defendants to send commercial email for the past 5 years.

RESPONSE: Defendant asserts the Irrelevancy, Trade Secret, Ambiguity, Time Frame and Overbreadth Objections.  Second Request For Production of Documents No. 3 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:  Pursuant to CR 34, please produce at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, copies of any and all software used to process "unsubscribes", "opt-outs", and/or other requests to be removed from Defendants', or their "partners", or "affiliates" email lists, or subscriber lists.

RESPONSE:     Defendant asserts the Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections.
_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:  Produce copies of all software and/or documents relating to all "java scripts" and/or "java script" mechanisms utilized by Defendants, or anyone on their behalf for the last 5 years.

RESPONSE:     Defendant asserts the Irrelevancy, Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections.  Second Request For Production of Documents No. 5 will not lead to discovery of admissible evidence

{00077629.1}

84

relative to Plaintiff's Complaint. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:  Pursuant to CR 34, please produce copies of all source code for "White text" and "Web Beacons" used by Defendants for the last 5 years.

RESPONSE:     Defendant asserts the Irrelevancy, Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections.  Second Request For Production of Documents No. 6 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:  Pursuant to CR 34, please produce copies of all customer lists, including any and all individuals and/or entities to whom Defendants have sold products and/or services for the last 5 years.

RESPONSE:     Defendant asserts the Irrelevancy, Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections.  Second Request For Production of Documents No. 7 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. <u>Bushman v. New Holland</u>, 83 Wn. 2d 429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:  Pursuant

to CR 34, please produce copies of all contracts, agreements, and/or other documentation with any and all customers to whom Defendants have sold products and/or services in the State of Washington for the last 5 years.

RESPONSE:     Defendant asserts the Irrelevancy, Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections. Second Request For Production of Documents No. 8 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9: Pursuant to CR 34, please produce at the offices of counsel for Plaintiff within thirty days of your receipt of this pleading, a copy of all communications between Defendants and any and all of its "marketing partners", and/or "affiliates" for the past 5 years.

RESPONSE:     Defendant asserts the Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections. Second Request For Production of Documents No. 9 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co., 41 F.R.D. 55 (D.P.R. 1966).

____S/FLOYD E. IVEY_____

FLOYD E. IVEY

SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10: Please produce copies of all documents and/or software related to or used in the creation and generation of the Headers Defendants use in their commercial email for the past 5 years.

RESPONSE:     Defendant asserts the Irrelevancy, Trade Secret, Ambiguity, Time Frame, Overbreadth and Undue Burden Objections. Second Request For Production of Documents No. 10 will not lead to discovery of admissible evidence relative to Plaintiff's Complaint. Bushman v. New Holland, 83 Wn. 2d

86

429, 433-34 (1974); <u>Felix A. Thillet, Inc. v. Kelly-Springfield Tire Co.</u>, 41 F.R.D. 55 (D.P.R. 1966).

_____S/FLOYD E. IVEY_____


FLOYD E. IVEY



      Pursuant to CR 26(g), Floyd E. Ivey certifies:  That I am the attorney for the party answering these discovery requests; that I have read the discovery requests propounded to said answering party and the answers and objections, if any, thereto, know the contents thereof and believe the same to be true.

                    S/FLOYD E. IVEY

                    Liebler, Ivey, Conner, Berry & St. Hilaire
                    By:   Floyd E. Ivey
                    1141 N. Edison, Suite C
                    P.O. Box 6125
                    Kennewick, Washington 99336
                    Local Counsel for Defendant
                    Impulse Marketing Group, Inc.

                    S/Sean Moynihan, Peter Glantz

                    Sean A. Moynihan
                    Peter J. Glantz
                    Klein, Zelman, Rothermel & Dichter, LLP
                    485 Madison Avenue, 15th Floor
                    New York, New York 10022
                    (212) 935-6020
                    (212) 753-8101 (fax)



      I hereby certify that a copy of the foregoing Defendant's Response to Plaintiff's First Interrogatories were mailed this 24th  day of April, 2006, to:


Mr. Robert J. Siegel                  Mr. Robert Pritchett
Merkle, Siegel & Friedrichsen        1952 Thayer Drive
1325 Fourth Ave., Suite 940         Richland, WA 99354
Seattle, WA 98101

                                  Ms. Emily Abbey

87

Ms. Bonnie Gordon
9804 Buckingham Drive
Pasco, WA 99301

Mr. James Gordon, III
9804 Buckingham Drive
Pasco, WA 99301

Ms. Jamila Gordon
9804 Buckingham Drive
Pasco, WA 99301

1407 2nd Ave. West, #608
Seattle, WA 98119

Mr. Jonathan Gordon
9804 Buckingham Drive
Pasco, WA 99301

_____S/FLOYD E. IVEY_____

88