Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendant*
*Impulse Marketing Group, Inc.*

Klein, Zelman, Rothermel & Dichter, L.L.P.
By: Sean A. Moynihan
485 Madison Avenue, 15th Floor
New York, NY 10022
*Attorneys for Defendant*
*Impulse Marketing Group, Inc.*

Hon. Fred Van Sickle
Hon. Harold D. Clarke

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston, and Kenneth Adamson, <br><br> Defendants. | Case No.: CV-04-5125-FVS <br><br> DEFENDANT'S MEMORANDUM IN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL <br><br> For Resolution by Discovery Master The Hon. Harold D. Clarke |
| Impulse Marketing Group, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Bonnie F. Gordon, Jamila Gordon, James Gordon, III, and Jonathan Gordon, <br><br> Third-Party Defendants. | |

Defendant Impulse Marketing Group, Inc. (hereinafter, "Defendant" or "Impulse"), by and through its counsel, Klein, Zelman, Rothermel & Dichter,

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-1
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

1  L.L.P., hereby submits this memorandum in opposition to Plaintiff James S.
2  Gordon's (hereinafter, "Plaintiff" or "Gordon") motion to compel.

## I. STATEMENT OF FACTS

The instant action is a prototypical coercion lawsuit. The action was commenced by the filing of a summons and complaint on November 23, 2004 (the "Original Complaint"). (Moynihan Decl. ¶ 2.) The Original Complaint was rife with vague, ambiguous allegations that Impulse had violated "at least one" prohibition of RCW 19.190 *et seq.* (collectively referred to as "CEMA"). (Compl. ¶¶ 3.7, 3.9 and 3.12.) In addition, Plaintiff's allegations were frequently separated by the term "and/or," leaving Impulse to guess as to what provision of CEMA it was alleged to have violated. (Compl. ¶¶ 3.7.1, 3.7.2, 3.9.1, 3.9.2, 3.12.1 and 3.12.2.) Plaintiff refuses, either in his pleadings or discovery, to identify how Defendant allegedly violated CEMA. (Moynihan Decl. ¶ 3.) Further complicating matters, the Original Complaint failed to specify either a time frame during which such violations were alleged to have occurred, or the number of emails alleged to have been sent by Impulse in violation of CEMA. (Moynihan Decl. ¶ 4.) Now, nearly two (2) years into the action, Defendant is no closer to knowing what specific claims are being lodged against it. The one fact about which <u>both</u> parties appear to agree, is that, upon information and belief, Defendant did not send email messages to the email addresses at issue. (Moynihan Decl. ¶ 4.) The foregoing material omissions make it virtually impossible for Impulse to defend this action. It seems that all of this is intended to impose a tremendous transactional cost on Defendant in an attempt to coerce Defendant to settle, with the alternative being the expenditure of huge sums on its defense.

DEFENDANT'S OPPOSITION TO  
PLAINTIFF'S MOTION TO COMPEL-2  
00079495;1  

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP  
485 Madison Ave., 15th Floor, New York, NY 10022  
(212) 935-6020

In an attempt to divine the precise allegations contained in Plaintiff's Original Complaint, and the factual bases thereof, Impulse served its initial discovery requests on or about December 23, 2005. (Moynihan Decl. ¶ 6.) On or about February 15, 2006, Impulse's local counsel, Floyd Ivey, Esq., wrote to Plaintiff's counsel[1] inquiring as to the status of the overdue responses and requesting that such responses be served by February 24, 2006 or, in the alternative, that the parties meet and confer pursuant to LR 37.1 on either February 15, February 16 or February 17. (Moynihan Decl. ¶ 7.) Subsequent to the February 15 correspondence, Impulse was notified by Plaintiff's counsel that he intended to withdraw his representation of Plaintiff in the action. (Moynihan Decl. ¶ 8.) At that time, Impulse requested that Mr. McKinley, Jr., Esq. relay its demand to either receive discovery responses by February 24, 2006 or, in the alternative, to meet and confer pursuant to LR 37.1 on any one of the several dates previously specified. (Moynihan Decl. ¶ 9.)

On February 21, 2006, when Impulse had received neither a notice of substitution of counsel, discovery responses, nor a response to its request to meet and confer, Defendant filed an expedited motion to compel. (Moynihan Decl. ¶ 10.) Immediately following the filing of Defendant's motion, on or about February 22, 2006, Plaintiff, by and through his newly substituted counsel,[2] Robert Siegel, Esq., served his initial response to Defendant's interrogatories and document requests. (Moynihan Decl. ¶ 11.) Plaintiff's purported responses were so evasive and incomplete as to be considered non-

---

[1] At the time of the February 15, 2006 correspondence, Plaintiff was represented by Douglas E. McKinley, Jr., Esq.

[2] Notice of Withdrawal and Consent to Substitution of Counsel was finally filed by Plaintiff on or about March 3, 2006. (Moynihan Decl. ¶ 11.)

| DEFENDANT'S OPPOSITION TO | KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP |
|---|---|
| PLAINTIFF'S MOTION TO COMPEL-3 | 485 Madison Ave., 15th Floor, New York, NY 10022 |
| 00079495;1 | (212) 935-6020 |

responsive, and shed no light on the allegations contained in Plaintiff's Original Complaint.[3] Thus, on or about February 23 and March 3, Defendant identified the deficiencies contained in Plaintiff's discovery responses, and asked that Plaintiff's counsel advise of any intention or ability to respond more fully. (Moynihan Decl. ¶ 12.) To date, Plaintiff has steadfastly refused to properly respond to Defendant's discovery requests and has repeatedly reiterated that he will <u>not</u> disclose how Defendant allegedly violated the statute, instead telling Defendant to "figure it out" for itself. (Moynihan Decl. ¶ 13.) On or about March 9, 2006, this Court entered an order denying Defendant's motion to compel due to the fact that Mr. Siegel had only recently been retained as new counsel. (Moynihan Decl. ¶ 14.) The Court did, however, allow Defendant leave to renew if the parties were unable to resolve their discovery disputes. (Moynihan Decl. ¶ 14.)

On or about March 2, 2006, Plaintiff served his first interrogatories and requests for production of documents. (Moynihan Decl. ¶ 15.) Such requests were frequently overbroad, vague and ambiguous, often (as with the Original Complaint) failed to include a relevant time period for which Plaintiff was seeking requested information and/or documents, and were not even limited to the broad, undefined allegations in the Original Complaint. (Moynihan Decl. ¶ 15.) Further, many of Plaintiff's requests, discussed *infra* Part II.B., were patently irrelevant and, in many instances, requested confidential commercial information. (Moynihan Decl. ¶ 15.) Counsel for both parties exchanged correspondence related to outstanding discovery disputes on or about March 3,

---

[3]Defendant is in the process of preparing its own motion to compel and anticipates filing such motion in the coming weeks.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-4
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

March 14 and April 14, 2006. (Moynihan Decl. ¶ 16.) At each and every instance, Defendant reiterated its inability to fully respond to Plaintiff's discovery requests due to: 1) Plaintiff's assertion of vague and impossible to ascertain allegations in his Original Complaint; and 2) Plaintiff's refusal to provide meaningful responses to Defendant's discovery requests. (Moynihan Decl. ¶ 17.) Notwithstanding the foregoing, on or about April 24, 2006, Defendant served its initial response to Plaintiff's discovery requests. (Moynihan Decl. ¶ 18.) Contrary to Plaintiff's assertions in his motion to compel, Defendant does not wish to prolong this action. Defendant merely seeks to have the claims against it, and the discovery requests propounded by Plaintiff, reasonably defined so as to enable a meaningful response. This is evidenced in repeated correspondence from Defendant's counsel to Plaintiff, including correspondence on April 26 and May 9, 2006. (Moynihan Decl. ¶ 19; Ex. A.)

Finally, on or about May 9, 2006, counsel for both parties conferred regarding the ongoing discovery disputes. Although Plaintiff continued to refuse to craft more appropriate discovery requests, <u>both</u> parties agreed to reconsider their prior discovery responses and to provide supplemental responses. (Moynihan Decl. ¶ 20.) On or about May 9, 2006, Plaintiff produced yet another CD-ROM of unusable information, and on or about June 1, 2006, Plaintiff supplemented his written responses to a fragment of Defendant's requests. (Moynihan Decl. ¶ 21.) Defendant, still grasping at straws in an attempt to determine both the number of emails it is alleged to have sent and in what way, if at all, each unique email is alleged to have violated CEMA, served its supplemental response to Plaintiff's interrogatories on or about June 9, 2006. (Moynihan Decl. ¶ 22.) Plaintiff repeatedly

attempts to mislead this Court by stating that he has provided a "detailed analysis of the offending emails." (Pl.'s Mot. Compel 3.) In fact, to date, what Plaintiff has actually produced is three (3) pages of evasive and incomplete written responses to Defendant's discovery requests and four (4) CD-ROMs of indecipherable nonsense in direct contradiction to the mandates of both the Federal Rules of Civil Procedure and the Local Rules of this Court. (Moynihan Decl. ¶ 23; Ex. B.) Plaintiff's "detailed analysis" consists of highlighted portions of emails without stating: 1) any basis for Plaintiff's belief that the email was initiated by Impulse; 2) the specific provision(s) of CEMA each unique email is alleged to violate; or 3) what is allegedly improper about any email at issue. (Moynihan Decl. ¶ 26; Ex. B.) Counsel for both parties again exchanged correspondence relating to the discovery disputes on June 20 and June 27, 2006, and again, such correspondence yielded no resolution. (Moynihan Decl. ¶ 28.) On or about July 24, 2006, Plaintiff filed the instant motion to compel. On or about August 11, 2006, Impulse served its Second Supplemental Response to Plaintiff's First Interrogatories and Requests for Production, including information regarding how Defendant believes Plaintiff may have opted-in to a third party's email marketing list. (Moynihan Decl. ¶ 29; Ex. C.)

To further complicate the issues, in the midst of the ongoing discovery dispute, on or about June 13, 2006, Plaintiff filed his first amended complaint naming three (3) new defendants and adding new causes of action (the "Amended Complaint"). (Moynihan Decl. ¶ 27.) Plaintiff's filing only further delays the trial schedule and makes this motion to compel a waste of the Court's time insofar as Defendant intends to move to dismiss the Amended Complaint or move in the alternative for a more definite statement.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-6
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

Subsequent to this Court's ruling on Defendant's forthcoming motion, discovery will begin anew for those parties and causes of action, if any, that remain. As such, the prior scheduling order has been stricken by this Court, and Plaintiff is facing no deadline for discovery.

## II. DISCUSSION

### A. Complaint Lacks Sufficient Detail to Enable Defendant to Identify the Claims Asserted & Plaintiff's Discovery Responses Provide No Clarification

If Plaintiff refuses to identify the specific claims being asserted against Defendant, and the factual bases thereof, how is Defendant to ascertain where to locate information responsive to discovery requests propounded by Plaintiff in relation to such unidentifiable claims? The Original Complaint, discussed *infra* Part I, consisted of vague and imprecise blanket allegations that Defendant violated "at least one" provision of CEMA. (Compl. ¶¶ 3.7, 3.9 and 3.12.) Nowhere in the Original Complaint does Plaintiff indicate the number of emails alleged to have been sent by Defendant, the manner in which each such email is alleged to have violated CEMA, or even the specific provision of CEMA alleged to have been violated. (Moynihan Decl. ¶¶ 3, 4.)

In fact, contrary to the express provisions of Fed. R. Civ. P. 11(b), when Defendant's counsel inquired some months ago, Plaintiff's counsel indicated that he has only reviewed a handful of the allegedly thousands of emails in question. (Moynihan Decl. ¶ 5.) An attorney has an affirmative duty to make a reasonable prefiling inquiry into both the facts and the law before signing and submitting any pleading, motion, or other paper. Fed. R. Civ. P. 11(b) advisory committee's note; see Buster v. Greisen, 104 F.3d 1186, 1189-90 (9th Cir. 1997); see also Estate of Blue v. County of Los Angeles, 120 F.3d 982,

985 (9th Cir. 1997) (sanctions were proper when a reasonable inquiry would have revealed that the claim was barred by statute of limitations). "The standard is one of reasonableness under the circumstances . . . This standard is more stringent than the original good-faith formula . . . ." Lloyd v. Schlag, 884 F.2d 409, 412 (9th Cir. 1989) (citing Fed.R.Civ.P. 11 advisory committee's notes); see Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987) (counsel has affirmative duty of investigation into law and fact before filing); see Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1159 (9th Cir.1987) (to determine whether the inquiry actually conducted was adequate, the court applies a standard of "objective reasonableness under the circumstances"). In fact, it can be argued that all available documents that are relevant to the case should be examined prior to filing a pleading, motion, or other paper. See Ins. Benefit Adm'rs, Inc. v. Martin, 871 F.2d 1354, 1357 (7th Cir. 1989) (where available documents contradicted asserted claim). Here, each email alleged to have been sent by Defendant in violation of CEMA constitutes a separate transaction and, therefore, a separate claim. Plaintiff's counsel's inability or unwillingness to explain the factual basis for Plaintiff's thousands of claims is indicative of counsel's failure to conduct a reasonable prefiling investigation into the underlying facts and law in this case, and Plaintiff's scheme to transfer any and all transactional costs to Defendant.

        When, through discovery, Defendant attempted to obtain information and documents, including the offending emails alleged to have been sent by Defendant, Plaintiff produced three (3) pages of evasive and incomplete written responses to Defendant's discovery requests and referred Defendant to four (4) CD-ROMs. (Moynihan Decl. ¶ 23.) Plaintiff failed, however, to properly specify, pursuant to Fed. R. Civ. P. 33 and 34, to which interrogatory

and/or document request each item of information contained on the CD-ROMs was responsive. (Moynihan Decl. ¶ 24.) In addition, as is the case here, "[i]f computer-based information is produced in a format unuseable by the requesting party, information necessary to understand it must also be produced." 7 James Wm. Moore, et al., Moore's Federal Practice § 37A.12[3] (3d ed. 2006). Plaintiff's CD-ROMs containing purported discovery responses, totaling approximately 614,247,996 bytes (approximately 213,406 pages), were frequently unreadable, unusable and indecipherable, and Plaintiff has refused to provide the information in a usable format. (Moynihan Decl. ¶ 25.) Such unresponsive discovery responses severely prejudice Impulse's ability to defend this action and/or to provide more meaningful discovery responses. Defendant's stance is simple and has been repeatedly conveyed to Plaintiff–tell Defendant what it allegedly did wrong so that Defendant can meaningfully respond to discovery. (Moynihan Decl. ¶ 19; Ex. A.) Plaintiff's deliberate misuse of the discovery process is accomplishing its intended purpose and is becoming increasingly burdensome and harassing.

### B. Plaintiff's Discovery Requests do not Satisfy the Relevance and Proportionality Requirements of Fed. R. Civ. P. 37

"The right of a party to obtain discovery is not unlimited." Epstein v. MCA, Inc., 54 F.3d 1422, 1423 (9th Cir. 1995). When ruling on a motion to compel, courts must consider both the relevance standard and the proportionality requirements contained within Federal Rule of Civil Procedure 26. 7 James Wm. Moore, et al., Moore's Federal Practice § 37.22[2][a] (3d ed. 2006).

In 2000, the relevance standard outlined in Fed. R. Civ. P. 26(b)(1) was

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-9
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

amended, providing that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant <u>to the claim or defense</u> of any party . . . ." Fed. R. Civ. P. 26(b)(1) (emphasis added). The intent of the new, more narrow standard, was for the parties and the court to focus on the actual claims and defenses involved in the action. 7 James Wm. Moore, et al., Moore's Federal Practice § 37.22[2][b] (3d ed. 2006).

Evaluating Plaintiff's First Interrogatories and Requests for Production of Documents ("First Discovery Request") and his subsequently served First and Second Requests for the Production of Documents (collectively, "Document Requests"), it is clear that Plaintiff fails to satisfy the relevance standard set forth in Fed. R. Civ. P. 26(b)(1). Without limiting Defendant's irrelevancy objections already interposed in its discovery responses, Defendant respectfully refers the Court to Interrogatory No. 4, asking Defendant to identify its "gross revenue for any and all years that [D]efendant has marketed products and/or services via email." (Pl.'s Interrogs. 10.) Defendant's gross revenue is irrelevant to Plaintiff's statutory claims insofar as gross revenue is neither an element in a damages calculation under CEMA, nor is it relevant to claims that Defendant sent commercial email to the email addresses at issue in this action. Similarly, Defendant specifically objected to Request for Production No. 5, requesting "all state, and federal tax returns filed by the defendant for the tax years 2002 to present . . . ." (Pl.'s First Reqs. Prod. Docs. 11.) Such information and documentation has been held by the courts of this Circuit to be totally irrelevant to claims such as Plaintiff's for damages. In fact, revenue that may have been received by a defendant as a result of alleged activity in violation of CEMA and/or the Washington Consumer Protection Act is not a figure used in the calculation of either the statutory or

DEFENDANT'S OPPOSITION TO  
PLAINTIFF'S MOTION TO COMPEL-10  
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP  
485 Madison Ave., 15th Floor, New York, NY 10022  
(212) 935-6020

treble damages that may be available. Moreover, it is certainly "substantially justifiable" to argue that demanding tax returns, "monthly, quarterly, or yearly profit and loss statements or balance sheets . . . for the period between 2002 and the present" (Pl.'s First Reqs. Prod. Docs. 11), wholly unrelated to commercial email activities is not likely to lead to admissible evidence. The court in Kayner v. City of Seattle, 2006 WL 482072 (W.D. Wash.) specifically rejected the argument that such materials were relevant, finding it to be vague and finding no compelling need for the materials sought given that such information could be obtained through less obtrusive means. Id. at *2. In fact, "the Ninth Circuit recognizes 'a public policy against unnecessary public disclosure [of tax returns] . . .'" Id. at *1 (quoting Aliotti v. Senora, 217 F.R.D. 496, 497 (N.D. Cal. 2003) (holding that although plaintiff's tax returns were relevant, defendant had not met its burden of establishing a compelling need) (quoting Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975))). Finally, Plaintiff's Interrogatory Nos. 5, 6, asking Defendant to identify the agreegate number of email addresses to which it has ever marketed products and/or services and the number of those email addresses that are opt-in email addresses, respectively (Pl.'s Interrogs. 10), are not relevant to Plaintiff's claim that Defendant sent commercial email to the specific email addresses at issue in this action. Any information gleaned from these interrogatories would have no bearing on either the merits of the case or the measure of damages.

      Pursuant to the proportionality requirements, even when the discovery sought is relevant and not privileged, a motion to compel must be denied if: 1) the discovery sought is unreasonably cumulative or duplicative; 2) the discovery sought is obtainable from some other source that is more convenient,

DEFENDANT'S OPPOSITION TO  
PLAINTIFF'S MOTION TO COMPEL-11  
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP  
485 Madison Ave., 15th Floor, New York, NY 10022  
(212) 935-6020

less burdensome, or less expensive; 3) the party seeking the discovery has had ample opportunity by discovery in the action to obtain the information sought; or 4) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2); *see also* Fed. R. Civ. P. 26(g)(2)(c). As discussed herein, Plaintiff's Discovery Requests and Document Requests are largely irrelevant to its claims in this action. Even, assuming *arguendo*, that this Court were to find that Plaintiff's Discovery Requests and Document Requests are relevant, Plaintiff's motion must still be denied because the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff's has refused to narrow overly broad interrogatories, such as Interrogatory No. 13 (asking Defendant to "identify any person or entity, including vendors, agents, affiliates, contractors, and subcontractors, that assists or assisted in the transmission of commercial email on defendant's behalf for the past five years" (Pl.'s Interrogs. 14)) and Interrogatory No. 23 (asking Defendant to identify <u>all</u> individuals who have worked for it from January 1, 2002 to the present (Pl.'s Interrogs. 18-19)). Plaintiff's Interrogatory No. 13 fails to define the term "assist" and fails to limit the scope of the interrogatory to emails sent to the email addresses at issue in the pleadings, while Interrogatory No. 23 would necessarily require Defendant to identify, *inter alia*, receptionists, secretaries and janitors that may have been employed by Defendant during the past four and one-half years. Similarly, the moving party in <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441 (C.D. Cal. 1998) served broad discovery requests containing no time limitation. The Court in <u>Safeco</u>, in denying movant's motion to compel, chided the moving

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-12
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

party regarding its service of the discovery requests, stating that counsel "should have considered these practical problems [in responding to broad discovery requests containing no time limitation] before serving such broad discovery requests, rather than waiting until the inevitable objections were received before trying to salvage the requests by limiting them to what is really needed." Safeco, *supra* at 448.

Further, Plaintiff attempts to mislead the Court by paraphrasing its interrogatories in an attempt to disguise their deficiencies. For example, Plaintiff objects to Defendant's response to Interrogatory Nos. 7, 17 and 19, telling the Court that it has requested "a list of all domains it has registered, and all IP addresses which have been registered on its behalf, and/or from which they have sent multiple emails." (Pl.'s Mot. Compel 6.) What Plaintiff has actually requested from Defendant is significantly broader, more ambiguous, time unlimited and irrelevant.[4,5,6] Clearly Interrogatory Nos. 7, 17

---

[4] Interrogatory No. 7 requests Defendant to "list all internet domain names used and/or registered by the defendants, or used or registered on their behalf by others which use the Who is Privacy Protection (Services) Inc. service offered by eNom, Inc., in conjunction with their internet business/activities." (Pl.'s Interrogs. 11.)

[5] Interrogatory No. 17 asks if Defendant "owns any of the internet domain names from which it sends commercial electronic email? If so, please state as follows: a) All internet domain names you own; and b) All internet domain names that you do not own that you or any person or entity listed in your Answer to Interrogatory 13 send commercial electronic mail from." (Pl.'s Interrogs. 16.)

[6] Interrogatory No. 19 requests Defendant to "[i]dentify each IP address (or IP address netblock) that the defendant was assigned since 2000" and for each to state "(a) the date it was acquired; (b) whether it is still assigned to or used by the defendant; (c) if not, the date it was last used; and (d) the reason for the defendant not using it . . .." (Pl.'s Interrogs. 16-17.)

DEFENDANT'S OPPOSITION TO                              KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
PLAINTIFF'S MOTION TO COMPEL-13                        485 Madison Ave., 15th Floor, New York, NY 10022
00079495;1                                                          (212) 935-6020

and 19 (quoted in full in fns. 4, 5 and 6), as propounded by Plaintiff, in addition to requesting that Defendant turn over confidential commercial information, fails to satisfy the relevance and proportionality requirements by being time unlimited (excluding Interrogatory No. 19), overbroad and irrelevant insofar as it seeks information about: any and all domain names "used" by Defendant "in connection with their internet business/activities;" "all internet domain names [Defendant] own[s];" and "each IP address" assigned to Defendant, without limiting the request to the allegations contained in the Original Complaint. Plaintiff should be required by this Court to craft appropriate discovery requests that are relevant to the claims (as yet undefined by Plaintiff) at issue in this action.

In light of the foregoing, it is clear that Plaintiff has failed to satisfy the relevance standard and proportionality requirements of Federal Rule of Civil Procedure 37, and therefore, any nondisclosure, objection or response by Defendant was substantially justified. As such, Plaintiff's motion should be denied.

### C. Plaintiff Failed to Comply with the Numerical Limits on Interrogatories Set by E.D. Wash. LR 33.1(b)

Under Federal Rule of Civil Procedure 33(a), the number of written interrogatories served by any party upon an adverse party may not exceed twenty-five in number, "including all discrete subparts." Fed. R. Civ. P. 33(a). The local rules of this Court, however, take a more restrictive approach, stating that absent leave of the court, "[t]he number of interrogatories which may be propounded to any one party by any adverse party shall be twenty-five, including subparts." E.D. Wash. LR 33.1(b)(emphasis added). Plaintiff's First

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-14
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

Discovery Request contained twenty-five (25) numbered interrogatories, <u>exclusive</u> of subparts. Including subparts, Plaintiff's Discovery Request contained no less than fifty-four (54) requests. Clearly, Plaintiff blatantly failed to comply with the numerical limit set by Local Rule 33.1(b).

### D. Plaintiff Failed to Comply with E.D. Wash. LR 37.1(a)

Plaintiff failed to comply with this Court's Local Rule governing the format of motions to compel discovery responses. "Motions to compel answers to interrogatories . . . shall identify and quote in full each interrogatory or question and the answer, if any . . . ." E.D. Wash. LR 37.1(a). Plaintiff attempts to shield from the Court the fact that he has failed to draft relevant and appropriate discovery requests by merely summarizing in his motion the information requested in a few of his interrogatories. Specifically, in his motion, Plaintiff objects to Defendant's responses to Interrogatory Nos. 7, 11, 12, 13, 17, 18, 19 and 24, but fails to comply with Local Rule 37.1(a) by neglecting to quote in full each interrogatory and Defendant's answer thereto. (Pl.'s Mot. Compel 6-8.)

### III. CONCLUSION

Defendant respectfully requests that the Court: 1) deny Plaintiff's motion to compel discovery responses from Defendant; 2) deny Plaintiff's request that it be awarded sanctions against Defendant and costs and fees incurred resolving this discovery issue; and 3) award Defendant its costs and feeds incurred in responding to this frivolous and unwarranted motion.
RESPECTFULLY SUBMITTED, this 14th day of August, 2006.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-15
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

By: /s/ Sean A. Moynihan
Sean A. Moynihan, admitted *pro hac vice*
Klein, Zelman, Rothermel
& Dichter, L.L.P.
485 Madison Ave., 15th Floor
New York, New York 10022
(212) 925-6020
(212) 753-8101 Fax
Attorneys for Defendant Impulse
Marketing Group, Inc.


By: /s/ Floyd E. Ivey /skm
Floyd E. Ivey
Liebler, Conner, Ivey, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-16
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020

## Certificate of Service

I, hereby, certify that on August 14, 2006, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Memorandum in Opposition to Plaintiff's Motion to Compel and the Moynihan Declaration in Support of Defendant's Opposition to Plaintiff's Motion to Compel to: Robert J. Siegel and Floyd Ivey. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: The Honorable Harold D. Clarke, Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Jamila Gordon and Emily Abbey.

_____
Sean A. Moynihan, admitted *pro hac vice*
Attorneys for Defendant Impulse
Marketing Group, Inc.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL-17
00079495;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, LLP
485 Madison Ave., 15th Floor, New York, NY 10022
(212) 935-6020