1 | Liebler, Ivey, Conner, Berry & St. Hilaire        Hon. Fred Van Sickle
By: Floyd E. Ivey                                    Hon. Harold D. Clarke

2 | 1141 N. Edison, Suite C
P.O. Box 6125

3 | Kennewick, WA 99336
*Local Counsel for Defendant*

4 | *Impulse Marketing Group, Inc.*

5 | Klein, Zelman, Rothermel & Dichter, L.L.P.
By: Sean A. Moynihan

6 | 485 Madison Avenue, 15th Floor
New York, NY 10022

7 | *Attorneys for Defendant*
*Impulse Marketing Group, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**
**AT RICHLAND**

James S. Gordon, Jr.,         )    Case No.: CV-04-5125-FVS

       Plaintiff,        )    DECLARATION OF SEAN A.
                                           )    MOYNIHAN, ESQ. IN

       v.                )    SUPPORT OF DEFENDANT'S
                                           )    OPPOSITION TO PLAINTIFF'S

Impulse Marketing Group, Inc.,   )    MOTION TO COMPEL
Jeffrey Goldstein, Phillip Huston,  )
and Kenneth Adamson,        )    For Resolution by Discovery Master
                                           )    The Hon. Harold D. Clarke

       Defendants.      )
————————————————)

Impulse Marketing Group, Inc.,   )

       Third-Party Plaintiff,  )

       v.                )

Bonnie F. Gordon, Jamila Gordon,  )
James Gordon, III, and Jonathan   )
Gordon,                       )
        Third-Party Defendants.)
————————————————)

       Sean A. Moynihan, an attorney and counselor at law duly licensed in the

State of New York, now declares:

MOYNIHAN DECLARATION IN SUPPORT OF          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
DEFENDANT'S OPPOSITION TO PLAINTIFF'S        485 MADISON AVENUE, 15TH FLOOR
MOTION TO COMPEL - 1                                   NEW YORK, NEW YORK 10022
                                                  (212) 935-6020

Dockets.Justia.com

1.    I am a partner with the law firm of Klein, Zelman, Rothermel & Dichter, L.L.P., counsel for Defendant Impulse Marketing Group, Inc. ("Defendant" or "Impulse") in the above-captioned action. I submit this declaration in support of Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel. Except as to matters alleged below as being upon information and belief, I am fully and personally familiar with the facts and circumstances set forth herein.

2.    The instant action was commenced by the filing of a summons and complaint on November 23, 2004 (the "Original Complaint").

3.    The Original Complaint was rife with vague, ambiguous allegations that Defendant violated RCW 19.190 *et seq.* (collectively referred to as "CEMA"), and Plaintiff refuses, either in his pleadings or discovery, to identify how Defendant allegedly violated CEMA.

4.    The Original Complaint failed to specify either a time frame during which such violations were alleged to have occurred, or the number of emails alleged to have been sent by Impulse in violation of CEMA. Further, upon information and belief, Defendant did not send email messages to the email addresses at issue.

5.    Following my inquiry some months ago, Plaintiff's counsel indicated that he has only reviewed a handful of the allegedly thousands of emails in question.

6.    Impulse served its initial discovery requests on or about December 23, 2005.

7.    On or about February 15, 2006, Impulse's local counsel, Floyd

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

Ivey, Esq., wrote to Plaintiff's counsel[1] inquiring as to the status of the overdue responses and requesting that such responses be served by February 24, 2006 or, in the alternative, that the parties meet and confer pursuant to LR 37.1 on either February 15, February 16 or February 17.

8.     Subsequent to the February 15 correspondence, Impulse was notified by Plaintiff's counsel that he intended to withdraw his representation of Plaintiff in the action.

9.     At that time, Impulse requested that Mr. McKinley, Jr., Esq. relay its demand to either receive discovery responses by February 24, 2006 or, in the alternative, to meet and confer pursuant to LR 37.1 on any one of the several dates previously specified.

10.     On February 21, 2006, when Impulse had received neither a notice of substitution of counsel, discovery responses, nor a response to its request to meet and confer, Defendant filed an expedited motion to compel.

11.     On or about February 22, 2006, Plaintiff, by and through his newly substituted counsel, Robert Siegel, Esq., served his initial response to Defendant's interrogatories and document requests.  Notice of Withdrawal and Consent to Substitution of Counsel was finally filed by Plaintiff on or about March 3, 2006.

12.     On or about February 23 and March 3, Defendant identified the deficiencies contained in Plaintiff's discovery responses, and asked that Plaintiff's counsel advise of any intention or ability to respond more fully.

13.     To date, Plaintiff has steadfastly refused to properly respond to

---

[1]At the time of the February 15, 2006 correspondence, Plaintiff was represented by Douglas E. McKinley, Jr., Esq.

MOYNIHAN DECLARATION IN SUPPORT OF
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 3

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  Defendant's discovery requests and has repeatedly reiterated that he will <u>not</u>
2  disclose how Defendant allegedly violated the statute, instead telling Defendant
3  to "figure it out" for itself.

4         14.   On or about March 9, 2006, this Court entered an order denying
5  Defendant's motion to compel due to the fact that Mr. Siegel had only recently
6  been retained as new counsel, and allowed Defendant leave to renew if the
7  parties were unable to resolve their discovery disputes.

8         15.   On or about March 2, 2006, Plaintiff served his first
9  interrogatories and requests for production of documents.  Such requests were
10 frequently overbroad, vague and ambiguous, often (as with the Original
11 Complaint) failed to include a relevant time period for which Plaintiff was
12 seeking requested information and/or documents, were not even limited to the
13 broad, undefined allegations in the Original Complaint, were patently
14 irrelevant and, in many instances, requested confidential commercial
15 information.

16        16.   Counsel for both parties exchanged correspondence related to
17 outstanding discovery disputes on or about March 3, March 14 and April 14,
18 2006.

19        17.   At each and every instance, Defendant reiterated its inability to
20 fully respond to Plaintiff's discovery requests due to: 1) Plaintiff's assertion of
21 vague and impossible to ascertain allegations in his Original Complaint; and 2)
22 Plaintiff's refusal to provide meaningful responses to Defendant's discovery
23 requests.

24        18.   On or about April 24, 2006, Defendant served its initial response
25 to Plaintiff's discovery requests.

26

27  MOYNIHAN DECLARATION IN SUPPORT OF          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    DEFENDANT'S OPPOSITION TO PLAINTIFF'S        485 MADISON AVENUE, 15TH FLOOR
28  MOTION TO COMPEL - 4                         NEW YORK, NEW YORK 10022
                                                 (212) 935-6020

Plaintiff on April 26 and May 9, 2006 (attached hereto as Exhibit A), Defendant merely seeks to have the claims against it, and the discovery requests propounded by Plaintiff, reasonably defined so as to enable a meaningful response.

20.    On or about May 9, 2006, counsel for both parties conferred regarding the ongoing discovery disputes, and although Plaintiff continued to refuse to craft more appropriate discovery requests, both parties agreed to reconsider their prior discovery responses and to provide supplemental responses.

21.    On or about May 9, 2006, Plaintiff produced yet another CD-ROM of unusable information, and on or about June 1, 2006, Plaintiff supplemented his written responses to a fragment of Defendant's requests.

22.    Defendant served its supplemental response to Plaintiff's interrogatories on or about June 9, 2006.

23.    To date, Plaintiff has produced three (3) pages of evasive and incomplete written responses to Defendant's discovery requests and four (4) CD-ROMs of indecipherable nonsense.

24.    Plaintiff failed, however, to properly specify, pursuant to Fed. R. Civ. P. 33 and 34, to which interrogatory and/or document request each item of information contained on the CD-ROMs was responsive.

25.    Plaintiff's CD-ROMs containing purported discovery responses, totaling approximately 614,247,996 bytes (approximately 213,406 pages), were frequently unreadable, unusable and indecipherable, and Plaintiff has refused to provide the information in a usable format.

26.    Plaintiff's "detailed analysis" consists of highlighted portions of

MOYNIHAN DECLARATION IN SUPPORT OF
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 5

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

26.    Plaintiff's "detailed analysis" consists of highlighted portions of emails without stating: 1) any basis for Plaintiff's belief that the email was initiated by Impulse; or 2) the specific provision(s) of CEMA each unique email is alleged to violate.  A sample of Plaintiff's production is attached hereto as Exhibit B.

27.    On or about June 13, 2006, Plaintiff filed his first amended complaint naming three (3) new defendants and adding new causes of action (the "Amended Complaint").

28.    Counsel for both parties again exchanged correspondence relating to the discovery disputes on June 20 and June 27, 2006, and again, such correspondence yielded no resolution.

29.    On or about August 11, 2006, Impulse served its Second Supplemental Response to Plaintiff's First Interrogatories and Requests for Production (attached hereto as Exhibit C).

DATED this _14th_ day of August, 2006.

_____
Sean A. Moynihan

MOYNIHAN DECLARATION IN SUPPORT OF
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 6

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

# Exhibit A

Sean Moynihan/KZRD

04/26/2006 03:58 PM

To    Peter Glantz/KZRD

cc    bob@msfseattle.com, "'Floyd E. Ivey'" <feivey@3-cities.com>

bcc

Subject    RE: Gordon v. Impulse Copy of Discovery responses Filed 4/24☐

Gentlemen:

Please take me off these exchanges.

Bob, if you have a case, produce the discovery that supports your claims and lets get going on this.    Not only did our client NOT send the emails at issue, my review indicates that the emails you produced so far comply with the statute.

Obviously you realize that Impulse is not going to get coerced into paying a settlement.  However, if you have a valid claim, lay it out for me and then maybe we have something to discuss.

Consider my perspective when speaking to my clients:  To date we are closing in on 370 docket entries, we have rec'd no usable discovery, Impulse didn't send the emails and Plaintiff won't tell us whats wrong with them.  Doesn't give me much to work with.

Sean

Sean Moynihan/KZRD
05/09/2006 01:50 PM

To   Sean Moynihan
cc   Peter Glantz/KZRD
bcc
Subject   Fw: Gordon v. IMG

----- Forwarded by Sean Moynihan/KZRD on 05/09/2006 01:49 PM -----

Sean Moynihan/KZRD
05/09/2006 01:32 PM

To   "Floyd E. Ivey" <feivey@3-cities.com>
cc   bob@msfseattle.com
Subject   RE: Gordon v. IMG

Bob:

btw, the information in your email is false.  IMG does not market adult, ever.

This brings us back to my email from about 10 days ago.  If for no other reason than the sheer number of emails proffered by your clients, your client seems to have made many serious erroneous assumptions about IMG's involvement in the transactions at issue.

It would be tremendously helpful if we all stop the sideshows, vitriol and distractions and simply focus on the issues.   Playing hide the ball or making threats won't work.  My client obviously will not be intimidated and the trier of fact will not be duped or impressed by the volume of your allegations, particularly if you cannot carry your burden as to each one.     As I said before, if you feel my client did something wrong, lay it out and explain it email by email.  I will then have something to discuss with them.  If not, dismiss the action and stop wasting your time and ours.   Look at this from my vantage:  I have angry clients who will obviously seek mal pro and attorneys fees if we have to continue wasting their money defending this action.   Stop the senseless bleeding and everyone can probably still walk away.

# Exhibit B

Email Analysis IMG

```
===Analysis==========================================================
From: IP address 63.251.59.219.
Location: United States - For a detailed geographic trace, run VisualRoute.
Received Headers: DNS reports 'ina219.etracks.com' is not a known host name. in R2
(E11).
eMailTrackerPro (tm) 3.0a (build 760)


===Received Headers (from you to sender)==============================
R1: (unknown) - Thu, 4 Sep 2003 00:43:11 -0400
    from cust_req_fwding (business@gordonworks.com --> jsg33051@gordonworks.com)
    by  ams.ftl.affinity.com
    id  <338715-15031>
R2: 63.251.59.219 - Thu, 4 Sep 2003 00:42:38 -0400
    from ina219.etracks.com ([63.251.59.219])
    by  ams.ftl.affinity.com
    with SMTP
    id  <338153-15031>


===All e-mail Internet Headers========================================
X-Persona: <ValueWeb>
Received: from cust_req_fwding (business@gordonworks.com -->
jsg33051@gordonworks.com) by ams.ftl.affinity.com id <338715-15031>; Thu, 4 Sep 2003
00:43:11 -0400
Received: from ina219.etracks.com ([63.251.59.219]) by ams.ftl.affinity.com with SMTP id
<338153-15031>; Thu, 4 Sep 2003 00:42:38 -0400
Date: Wed,  3 Sep 2003 21:36:48 -0800 (PDT)
Message-ID: <4q2G1NcESTzcYc0krthfAfV6JOncr7p9MI738@interface.etracks.com>
To:    business@gordonworks.com
From:   "USA Platinum" <wantmorestuff@uive.net>
Subject: Friend, having trouble getting a credit card?
X-Accept-Language: en
MIME-Version: 1.0
Content-Type: multipart/mixed;
  boundary="------------EF990506TS01"
```

Email Analysis IMG

```
===Analysis==============================================================
From: IP address 69.6.27.19, host name '09.postnote.com'.
Location: United States - For a detailed geographic trace, run VisualRoute.
eMailTrackerPro (tm) 3.0a (build 760)


===Received Headers (from you to sender)=================================
R1: (unknown) - Thu, 4 Sep 2003 04:32:57 -0400
    from cust_req_fwding (james@gordonworks.com --> jsg33051@gordonworks.com)
    by  ams.ftl.affinity.com
    id  <265853-28530>
R2: 69.6.27.19 - Thu, 4 Sep 2003 04:32:37 -0400
    from 09.postnote.com ([69.6.27.19])
    by  ams.ftl.affinity.com
    with ESMTP
    id  <244412-28530>
R3: (unknown) - Wed, 3 Sep 2003 18:44:42 -0700 (PDT)
    from daemon@localhost
    by  09.postnote.com (8.8.8/8.8.8)
    id  SAA68492


===All e-mail Internet Headers===========================================
X-Persona: <ValueWeb>
Received: from cust_req_fwding (james@gordonworks.com --> jsg33051@gordonworks.com)
by ams.ftl.affinity.com id <265853-28530>; Thu, 4 Sep 2003 04:32:57 -0400
Received: from 09.postnote.com ([69.6.27.19]) by ams.ftl.affinity.com with ESMTP id
<244412-28530>; Thu, 4 Sep 2003 04:32:37 -0400
Received: (from daemon@localhost)
        by 09.postnote.com (8.8.8/8.8.8) id SAA68492;
        Wed, 3 Sep 2003 18:44:42 -0700 (PDT)
Date: Wed, 3 Sep 2003 20:32:24 -0700 (PDT)
Message-Id: <200309040144.SAA68492@09.postnote.com>
From:   $7500 Unsecured Platinum Card <luckystuff@09.postnote.com>
To:    james@gordonworks.com
X-info: Please report complaints to abuse@postnote.com
X-info: All e-mails sent through this system contains full working unsubscription info.
Subject: James You* Qualify for a Platinum Card
MIME-Version: 1.0
Content-Type: multipart/alternative; boundary="MIME_BOUNDARY-15871-0-1062651604"




===Analysis==============================================================
====
```

3

Email Analysis IMG

From: IP address 63.251.59.219.
Location: United States - For a detailed geographic trace, run VisualRoute.
Received Headers: DNS reports 'ina219.etracks.com' is not a known host name. in R2
(E11).
eMailTrackerPro (tm) 3.0a (build 760)


===Received Headers (from you to sender)=======================================
R1: (unknown) - Thu, 4 Sep 2003 00:43:11 -0400
    from cust_req_fwding (business@gordonworks.com --> jsg33051@gordonworks.com)
    by  ams.ftl.affinity.com
    id  <338715-15031>
R2: 63.251.59.219 - Thu, 4 Sep 2003 00:42:38 -0400
    from ina219.etracks.com ([63.251.59.219])
    by  ams.ftl.affinity.com
    with SMTP
    id  <338153-15031>


===All e-mail Internet Headers==================================================
X-Persona: <ValueWeb>
Received: from cust_req_fwding (business@gordonworks.com -->
jsg33051@gordonworks.com) by ams.ftl.affinity.com id <338715-15031>; Thu, 4 Sep 2003
00:43:11 -0400
Received: from ina219.etracks.com ([63.251.59.219]) by ams.ftl.affinity.com with SMTP id
<338153-15031>; Thu, 4 Sep 2003 00:42:38 -0400
Date: Wed,  3 Sep 2003 21:36:48 -0800 (PDT)
Message-ID: <4q2G1NcESTzcYc0krthfAfV6JOncr7p9MI738@interface.etracks.com>
To:    business@gordonworks.com
From:   "USA Platinum" <wantmorestuff@uive.net>
Subject: Friend, having trouble getting a credit card?
X-Accept-Language: en
MIME-Version: 1.0
Content-Type: multipart/mixed;
  boundary="------------EF990506TS01"


===Analysis=====================================================================
From: IP address 146.82.188.20.

4

Email Analysis IMG

Location: United States - For a detailed geographic trace, run VisualRoute.
Received Headers: DNS reports 'Bad.HELO.Input' is not a known host name. in R2 (E11).


===Received Headers (from you to sender)========================================
R1: (unknown) - Thu, 4 Sep 2003 11:23:54 -0400
    from cust_req_fwding (msm@gordonworks.com --> jsg33051@gordonworks.com)
    by  ams.ftl.affinity.com
    id  <266472-718>
R2: 146.82.188.20 - Thu, 4 Sep 2003 11:22:30 -0400
    from Bad.HELO.Input ([146.82.188.20])
    by  ams.ftl.affinity.com
    with SMTP
    id  <269624-713>


===All e-mail Internet Headers==================================================
X-Persona: <ValueWeb>
Received: from cust_req_fwding (msm@gordonworks.com --> jsg33051@gordonworks.com)
by ams.ftl.affinity.com id <266472-718>; Thu, 4 Sep 2003 11:23:54 -0400
Received: from Bad.HELO.Input ([146.82.188.20]) by ams.ftl.affinity.com with SMTP id
<269624-713>; Thu, 4 Sep 2003 11:22:30 -0400
From:   "Alex" <leave-lotsolaughs-6436284C@mail.lotsolaughs.com>
To:   msm@gordonworks.com
Subject: You're Preapproved* for a 7,500 dollar Platinum Card
Date: Thu, 04 Sep 2003 09:00:00 -0600
MIME-Version: 1.0
Content-Type: multipart/alternative;
        boundary="==-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=-=="
List-Unsubscribe: <mailto:leave-lotsolaughs-6436284C@mail.lotsolaughs.com>
Reply-To: leave-lotsolaughs-6436284C@mail.lotsolaughs.com
Message-Id: LYRIS-6436284-116707-2003.09.04-09.00.51--
msm#gordonworks.com@mail.lotsolaughs.com


===Analysis=====================================================================
From: IP address 64.124.183.224, which claims to be host name
'64.124.183.224.VirtualHosting.InsideHost.com' but is not.
Location: United States - For a detailed geographic trace, run VisualRoute.
Mailer: The sender used 'OpenSmtp.net' to send the e-mail.

5

# Exhibit C

1  Liebler, Ivey, Conner, Berry & St. Hilaire          Hon. Fred Van Sickle
   By: Floyd E. Ivey
2  1141 N. Edison, Suite C
   P.O. Box 6125
3  Kennewick, WA 99336
   *Local Counsel for Defendant*
4  *Impulse Marketing Group, Inc.*

5  Klein, Zelman, Rothermel & Dichter, L.L.P.
   By: Sean A. Moynihan
6  485 Madison Avenue, 15th Floor
   New York, NY 10022
7  *Attorneys for Defendant*
   *Impulse Marketing Group, Inc.*

8

9

10              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON
11                        AT RICHLAND

12  James S. Gordon, Jr.,                )    Case No.: CV-04-5125-FVS
                                         )
13           Plaintiff,                  )    DEFENDANT'S SECOND
                                         )    SUPPLEMENTAL RESPONSE
14       v.                              )    TO PLAINTIFF'S FIRST
                                         )    INTERROGATORIES AND
15  Impulse Marketing Group, Inc.,       )    REQUESTS FOR
    Jeffrey Goldstein, Phillip Huston,   )    PRODUCTION
16  and Kenneth Adamson,                 )
                                         )
17           Defendants                  )
                                         )
18  ─────────────────────────────────   )
                                         )
19  Impulse Marketing Group, Inc.,       )
                                         )
20           Third-Party Plaintiff,      )
                                         )
21       v.                              )
                                         )
22  Bonnie F. Gordon, Jamila Gordon,     )
    James Gordon, III, and Jonathan      )
23  Gordon,                              )
                 Third-Party Defendants. )
24  ─────────────────────────────────   )

25       Defendant Impulse Marketing Group, Inc. (hereinafter, "Defendant" or

26  "Impulse"), by and through its counsel, Klein, Zelman, Rothermel & Dichter,

27  L.L.P., as and for its Second Supplemental Response to Plaintiff James S.

28  Gordon's (hereinafter, "Plaintiff" or "Gordon")First Interrogatories and

DEFENDANT'S SECOND SUPPLEMENTAL              KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
RESPONSE TO PLAINTIFF'S FIRST                485 MADISON AVE., 15TH FLOOR
INTERROGATORIES AND REQUESTS                 NEW YORK, NEW YORK 10022
FOR PRODUCTION - 1                           (212) 935-6020

1  Requests for Production, hereby responds as follows:

## PRELIMINARY STATEMENT

3     Defendant's second supplemental responses are made without in any
4  way waiving either: (a) the right to object on the grounds of competency,
5  relevance, materiality, hearsay or any other proper ground, to the use of any
6  information provided in these responses for any purpose in any stage or
7  proceeding in this or any other action; (b) the right to object on any and all
8  grounds, at any time, to any discovery procedure relating to the subject matter
9  of these documents; or (c) the right to assert the attorney-client privilege, the
10  work-product doctrine, or any other privilege or right, even if a privileged
11  document is produced by mistake.

12     Defendant has not completed its discovery or factual investigation in this
13  action. Accordingly, the responses set forth herein are provided without
14  prejudice to Defendant's right to add, modify, or otherwise change or amend
15  the responses herein in accordance with Fed. R. Civ. P. 26(e).

## GENERAL OBJECTIONS

17     1.     Defendant objects to each interrogatory to the extent that it seeks
18  material or information that is privileged as an attorney-client communication.
19  This objection hereinafter will be referred to as the "Attorney-Client Privilege
20  Objection."

21     2.     Defendant objects to each interrogatory to the extent that it seeks
22  material or information prepared by or developed at the direction of counsel
23  insofar as it is protected and privileged as attorney work product. This
24  objection hereinafter will be referred to as the "Attorney Work Product
25  Objection."

26     3.     Defendant objects to each interrogatory to the extent that it seeks
27  information that is protected as being prepared in anticipation of litigation or

28

DEFENDANT'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 2

KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVE., 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

for trial. This objection hereinafter will be referred to as the "Material Prepared in Anticipation of Litigation Objection."

4.    Defendant objects to each interrogatory to the extent that it seeks information irrelevant to the parties' claims or defenses in this case. This objection hereinafter will be referred to as the "Irrelevancy Objection."

5.    Defendant objects to each interrogatory to the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass Defendant. This objection hereinafter will be referred to as the "Undue Burden Objection."

6.    Defendant objects to each interrogatory to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response. This objection hereinafter will be referred to as the "Ambiguity Objection."

7    Defendant objects to each interrogatory to the extent that it seeks information outside the allegations of the Complaint in this action. This objection hereinafter will be referred to as the "Overbreadth Objection."

8.    Defendant objects to each request to the extent that it seeks information that is in Plaintiff's possession. This objection hereinafter will be referred to as the "Plaintiff's Possession Objection."

9.    Defendant objects to each interrogatory to the extent that it repeats a request made elsewhere in Plaintiff's Demand. This objection hereinafter will be referred to as the "Redundancy Objection."

10.    Defendant objects to each interrogatory to the extent that it seeks information relating to unspecified periods of time outside the scope of Plaintiff's Complaint. This objection hereinafter will be referred to as the "Time Frame Objection."

11.    Defendant objects to each interrogatory to the extent that it seeks information that constitutes a trade secret or proprietary information. This

DEFENDANT'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 3

KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVE., 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  objection hereinafter will be referred to as the "Trade Secret Objection."

2      12.    Defendant objects to Plaintiff's First Set of Interrogatories and
3  Requests for Production insofar as the number of requests made by Plaintiff
4  exceeds the numerical limit set by Fed. R. Civ. P. 33 and LR 33.1(b).

5      13.    Insofar as any request seeks information falling within the scope of
6  the foregoing General Objections, except as provided above, it is specifically
7  noted below by reference to the General Objection defined herein.  To the
8  extent an answer is required to a request for admission for which an objection
9  is lodged, it shall be deemed denied.

10

11 **DISCOVERY REQUESTS & SUPPLEMENTAL RESPONSES**

12 INTERROGATORY NO. 3: Identify the person(s) responsible for making
13 decisions regarding the marketing of defendant's products and/or services via
14 email, deciding how emails are created, formatted and sent, and specify the
15 person(s) responsible for deciding to market products and/or services via
16 email.

17 RESPONSE TO INTERROGATORY NO. 3: Notwithstanding Defendant's
18 prior response, Defendant asserts the Time Frame Objection as Plaintiff has
19 failed to indicate the period of time for which he is seeking the information
20 requested in Interrogatory No. 3.  In addition, Plaintiff has failed to specify the
21 particular campaigns for which he is seeking information.

22

23 _____

24 Sean A. Moynihan

25

26 INTERROGATORY NO. 9: Does the defendant claim that the owners of the
27 email addresses listed in Interrogatory No. 8 opted-in to any of its marketing
28 programs, or in any way granted it direct permission to send commercial

DEFENDANT'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 4

KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVE., 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  emails, and if so for each such instance of alleged "opt-in" or "permission"

2  please state the following:

3          a. the date;

4          b. the website at which it was processed;

5          c. the website at which it was received;

6          d. the email from which each was received.

7  RESPONSE TO INTERROGATORY NO. 9: Defendant asserts the Time

8  Frame Objection insofar as Plaintiff fails to specify the time period for which

9  he is seeking the requested information.  In addition, Defendant asserts the

10 Plaintiff's Possession Objection.  Notwithstanding the foregoing objections

11 and in addition to Defendant's previous objections and response, upon

12 information and belief, in or around 2002 to 2003, the owners of several of

13 the email addresses listed in Interrogatory No. 8 opted-in to receive email

14 marketing offers from third-party websites.  Upon information and belief, the

15 terms of the privacy policies of such third-party websites provided that the

16 owner of the email address(es) granted such third-party website permission to

17 provide the owner's email address(es) to third parties for marketing purposes.

18 Further, upon information and belief, various marketing affiliates of

19 Defendant utilized lists of the opt-in e-mail addresses from such third-party

20 websites.

21

22 _____

23 Sean A. Moynihan

24

25 INTERROGATORY NO. 10: What process(es) does the defendant use to

26 verify or confirm that an email address, whether obtained by itself or from a

27 third-party, is a true "opt-in" email address, or that the owner of an email

28

1  address in some way granted his or her direct permission for the defendant to

2  send him or her email?

3  RESPONSE TO INTERROGATORY NO. 10: Defendant asserts the

4  Overbreadth Objection insofar as the interrogatory seeks information

5  concerning any and all email addresses, while the allegations contained in the

6  Complaint are limited to those email addresses at gordonworks.com, and the

7  Time Frame Objection on the basis that Plaintiff fails to specify the time

8  period for which he is requesting such information.  Notwithstanding the

9  foregoing objections and in addition to Defendant's previous objections and

10  responses, upon information and belief, Defendant did not send email

11  messages to the email addresses at issue in the Complaint.  In addition, entities

12  seeking to become marketing affiliates of Defendants must complete an online

13  registration form and must agree to the terms and conditions of Defendant's

14  affiliate marketing program, which are posted on Defendant's website (and

15  were previously provided to Plaintiff).  The terms and conditions of

16  Defendant's affiliate program mandate that the affiliate comply with any and

17  all state and federal laws, including the CAN-SPAM Act of 2003, as amended

18  from time-to-time.  Any complaint received by Defendant concerning the

19  marketing practices of an affiliate is investigated including, but not limited to,

20  an analysis of the header, from line and subject lines.  In the event the affiliate

21  in question is deemed to have violated the terms and conditions of Defendant's

22  affiliate marketing program, such affiliate is terminated immediately without

23  payment of any compensation.

24

25

26  _____
    Sean A. Moynihan

27

28

DEFENDANT'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 6

KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVE., 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  INTERROGATORY NO. 11: Does/did the defendant initiate the

2  transmission of commercial email on behalf of third parties?

3  RESPONSE TO INTERROGATORY NO. 11: Defendant asserts the Time

4  Frame Objection as Plaintiff fails to specify the time period for which he is

5  seeking the information requested in the interrogatory.  In addition,

6  Defendant asserts the Overbreadth Objection insofar as Plaintiff does not limit

7  his interrogatory to commercial email sent to the email addresses at issue in the

8  Complaint, and is, therefore, seeking information beyond the scope of the

9  allegations contained in his Complaint.  Defendant also asserts the Ambiguity

10 Objection as to the term "initiate."  In addition, Plaintiff fails to specify the

11 particular emails and/or campaigns for which he is requesting information.

12 Notwithstanding the foregoing objections and in addition to Defendant's

13 previous  objections and responses, Defendant maintains that, upon

14 information and belief, it did not send commercial email to the email addresses

15 at issue in the Complaint.

16

17 _____

18 Sean A. Moynihan

19

20 INTERROGATORY NO. 12: If the response to the preceding interrogatory

21 is in the affirmative, provide the names, addresses, phone numbers, of all such

22 third-parties on whose behalf defendant sends, or has sent commercial email

23 for the past 5 years.

24 RESPONSE TO INTERROGATORY NO. 12: Defendant refers Plaintiff to

25 the response to Interrogatory No. 11 hereinabove.  In addition, Defendant

26 reiterates its Trade Secret Objection.

27 _____

28 Sean A. Moynihan

DEFENDANT'S SECOND SUPPLEMENTAL          KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
RESPONSE TO PLAINTIFF'S FIRST            485 MADISON AVE., 15TH FLOOR
INTERROGATORIES AND REQUESTS            NEW YORK, NEW YORK 10022
FOR PRODUCTION - 7                      (212) 935-6020

1  INTERROGATORY NO. 15: Please describe the process by which you

2  obtain "opt-in" email addresses, and identify each and every source of such

3  email addresses.

4  RESPONSE TO INTERROGATORY NO. 15: Defendant asserts the

5  Overbreadth Objection insofar as the interrogatory seeks information

6  concerning any and all "opt-in" email addresses, while the allegations

7  contained in the Complaint are limited to those email addresses at

8  gordonworks.com, and the Time Frame Objection on the basis that Plaintiff

9  fails to specify the time period for which he is requesting such information.

10  Notwithstanding the foregoing objections and in addition to Defendant's

11  previous objections and response, insofar as the email addresses at issue in the

12  Complaint are concerned, Defendant refers Plaintiff to its response to

13  Interrogatory Nos. 9 and 10 hereinabove.

14

15  _____

16  Sean A. Moynihan

17

18  INTERROGATORY NO. 17: Does the defendant own any of the internet

19  domain names form which it sends commercial email?  If so, please state as

20  follows:

21             a.  All internet domain names you own; and

22             b.  All internet domain names that you do not own that you or

23  any person or entity listed in your Answer to Interrogatory 13 send

24  commercial email from.

25  RESPONSE TO INTERROGATORY NO. 17: Defendant asserts the Time

26  Frame Objection as Plaintiff fails to specify the time period for which he is

27  seeking the information requested in the interrogatory.  In addition,

28  Defendant asserts the Trade Secret Objection, and the Overbreadth Objection

DEFENDANT'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 8

KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVE., 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  insofar as Plaintiff fails to limit his interrogatory to the commercial email at
2  issue in the Complaint.  Notwithstanding the foregoing objections and in
3  addition to Defendant's previous objections and responses, upon information
4  and belief, Defendant did not send commercial email to the email addresses at
5  issue in the Complaint.

6

7  _____

8  Sean A. Moynihan

9

10  INTERROGATORY NO. 18: For each internet domain name listed in the
11  Answer to Interrogatory 17(b), does the defendant have the permission of the
12  owner to use their internet domain name to send commercial electronic mail,
13  whether to or from?
14  RESPONSE TO INTERROGATORY NO 18.: Defendant asserts the
15  ambiguity objection as to the phrase "whether to or from."  Notwithstanding
16  the foregoing objection and in addition to Defendant's previous objections and
17  response, Defendant refers Plaintiff to its response to Interrogatory No. 17
18  hereinabove.

19

20  _____

21  Sean A. Moynihan

22  DATED, this 11th day of August, 2006.

23

24

25

26

27

28

DEFENDANT'S SECOND SUPPLEMENTAL          KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
RESPONSE TO PLAINTIFF'S FIRST            485 MADISON AVE., 15TH FLOOR
INTERROGATORIES AND REQUESTS            NEW YORK, NEW YORK 10022
FOR PRODUCTION - 9                      (212) 935-6020

Pursuant to CR 26(g), Sean A. Moynihan certifies: That I am the attorney for the party answering these discovery requests; that I have read the discovery requests propounded to said answering party and the answers and objections, if any, thereto, know the contents thereof and believe the same to be true.

By: _____
Sean A. Moynihan, admitted *pro hac vice*
Klein, Zelman Rothermel
& Dichter, L.L.P.
485 Madison Ave., 15th Floor
New York, New York 10022
(212) 925-6020
(212) 753-8101 Fax
Attorneys for Defendant Impulse
Marketing Group, Inc.

By: _____
Floyd E. Ivey
Liebler, Conner, Ivey, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Local Counsel for Defendant
Impulse Marketing Group, Inc.

DEFENDANT'S SECOND SUPPLEMENTAL
RESPONSE TO PLAINTIFF'S FIRST
INTERROGATORIES AND REQUESTS
FOR PRODUCTION - 10

KLEIN, ZELMAN ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVE., 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

STATE OF NEW YORK      )
                               : ss.
COUNTY OF NEW YORK    )

         Stacy Wolery, being duly sworn says: I am not a party to the action, am over 18 years of age and reside in New York, New York.

         On August 11, 2006, I caused to be served a true and complete copy of Defendant's Second Supplemental Response to Plaintiff's First Interrogatories and Requests for Production:

☒          by emailing and mailing said copy via First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐          by delivering said copy personally to the persons and at the addressee(s) indicated below:

☐          by transmitting said copy via Overnight Courier to the addressee(s) indicated below:

            Robert J. Siegel, Esq.
            Merkle Siegel & Friedrichsen, P.C.
            1325 Fourth Ave., Suite 940
            Seattle, WA 98101-2509
            bob@msfseattle.com

                                     Stacy Wolery

Sworn to before me this
14th day of August, 2006

Notary Public

         TANYA R. DeROSE
      **Notary** Public, State of New York
           No. 03-4973858
       Qualified in New York County
    Commission Expires Nov. 19, _2006_