MERKLE SIEGEL & FRIEDRICHSEN, P.C.     THE HON. FRED VANSICKLE
Robert J. Siegel                                              THE HON. HAROLD D. CLARKE
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

OF WASHINGTON AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr.,      Plaintiff, | Case No.: CV-04-5125-FVS |
| vs. | |
| Impulse Marketing Group, Inc., | |
| Defendant | PLAINTIFF'S REPLY RE MOTION TO COMPEL |
| | [HEARING NOTED WITHOUT ORAL ARGUMENT ON AUGUST 24, 2006] |
| Impulse Marketing Group, Inc., Third- | |
| Party Plaintiff, | [For Resolution By Discovery Master The Hon. Harold D. Clarke] |
| v. | |
| Bonnie F. Gordon, Jamila Gordon, | |
| James Gordon III, and Jonathan | |
| Gordon, Third-Party Defendants | |

PLAINTIFF'S REPLY RE MOTION TO

COMPEL - 1

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

**1.    Defendants' Attempt Once More To Mislead This Court In An Effort To Evade Their Discovery Obligations.**      Defendants' Memorandum In Opposition To Plaintiff's Motion To Compel ("Defendants' Response") makes clear the paucity of their position regarding their abject failure to abide by their discovery obligations.  Not only are both their Memorandum and Mr. Moynihan's Declaration rife with numerous misstatements, which I will not here dignify, or waste the Court's time to refute, but the lion's share of their Response consists of smoke and mirrors, i.e., inappropriately raising their own grievances with Plaintiff's discovery responses, and substantive factual issues.1 However, cutting through the fog, they cite no authority in support of the contention that they are somehow exempted from the rules of discovery.  That is, of course, because no such authority exists.

The glaring fact still remains that Defendants have provided virtually nothing in response to Plaintiff's discovery, and now only seek further to obfuscate the issue.  As this Court is aware, it is well established that one party may not condition its duty under the civil rules upon the performance of the other party.

---

1 To the extent the Court gives any credence to Defendants' argument that somehow they cannot provide complete discovery responses due to a lack of information, or other purported deficiencies in Plaintiff's discovery requests, the Court can refer to the voluminous records, and analyses, produced by Plaintiff which has been uploaded onto the Court's case files in pdf format.

PLAINTIFF'S REPLY RE MOTION TO

COMPEL - 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

**2.     The Plain And Simple Focus Of This Discovery Dispute.**     The Court need only look at two examples to understand clearly what this dispute is really about.  Although virtually every one of the emails in question in this lawsuit represent that Defendant IMG is the 'sender", as it is identified as such in the "From" field of each header, Defendants have steadfastly maintained that "Defendant did not send email messages to the email addresses at issue in the Complaint." (See Exhibit C to the Declaration of Sean A. Moynihan, Esq. In Support Of Defendant's Opposition To Plaintiff's Motion To Compel, attaching Defendants' Second Supplemental Response To Plaintiff's First Discovery Requests).  The disingenuousness of such a response should not be lost on the Court.  While on one hand they maintain that they sent *no* messages to Plaintiff's email addresses, on the other they object, and refuse to provide the information about who then was the actual sender of the emails. The information relevant and necessary to making that determination would, at a minimum be: the disclosure of

a.     **Defendants' marketing affiliates,**

b.     **Defendants' domain name registrations, and**

c.     **The IP addresses used in sending commercial emails.**

All of this information is covered by Plaintiff's discovery requests, as noted in Plaintiff's motion.  (See Sections 5.3, 5.4, 5.6, and 5.7 of Plaintiff's Motion To Compel).

PLAINTIFF'S REPLY RE MOTION TO

COMPEL - 3

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392

1   The Discovery Master is urged to see through Defendants' blatant attempt to

2   evade its obligations under the civil rules of discovery, and force them to respond

3   as required thereunder, and at a minimum, compel Defendants to produce the 3

4   categories of information listed above.

5       Further, the Court should assess sanctions under FRCP 37 and award

6   Plaintiff its reasonable attorney fees pursuant to case law cited in Plaintiff's

7   Motion, for having to bring what should otherwise be, but for their intransigence,

8   an unnecessary motion simply to compel Defendants to do that which they are

9   already obligated to do under the law.

10      RESPECTFULLY SUBMITTED, this 21st day of August, 2006.

11

12      MERKLE SIEGEL & FRIEDRICHSEN, P.C.

13

14      /s/ Robert J. Siegel _____
        Robert J. Siegel, WSBA #17312
15      Attorneys for Plaintiffs

16

17

18

19

20

21

22

23

24

25

1

2

**Certificate of Service**

3    We hereby certify that on August 21, 2006, we filed this pleading with this Court.
The Clerk of the Court will provide electronic notification system using the
4    CM/ECF, which will send an electronic copy of this Notice to: Peter J. Glantz,
Sean A. Moynihan, and Floyd E. Ivey. I have served all non-CM/ECF participants
5    and third-party defendants by other means.

6    /s/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
7    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S REPLY RE MOTION TO

COMPEL - 5

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
206-624-9392