Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendants Impulse Marketing*
*Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

Klein, Zelman, Rothermel & Dichter, L.L.P.
By: Sean A. Moynihan
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
*Attorneys for Defendant Impulse Marketing*
*Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

Hon. Fred Van Sickle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

James S. Gordon, Jr.,

    Plaintiff,

    v.

Impulse Marketing Group, Inc.,
Jeffrey Goldstein, Phillip Huston,
and Kenneth Adamson,

    Defendants.

_____

Impulse Marketing Group, Inc.,

    Third-Party Plaintiff,

    v.

Bonnie F. Gordon, Jamila Gordon,
James Gordon, III, and Jonathan
Gordon,

    Third-Party Defendants.

_____

Case No.: CV-04-5125-FVS

MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS'
MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P.
12(b)(1), (2) AND (6) OR, IN
THE ALTERNATIVE, FOR A
MORE DEFINITE STATEMENT
PURSUANT TO FED. R. CIV. P.
12(e)

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

Dockets.Justia.com

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

II.   INTRODUCTION & PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . .   2

III.  LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

      A.   Plaintiff Failed to Comply with the Court's Order
           Denying His Request to Add New Plaintiffs by
           Adding "d/b/a 'Gordonworks.com'" . . . . . . . . . . . . . . . . . . . . . . . .   5

      B.   Plaintiff Lacks Standing to Bring an Action on
           Behalf of an Unregistered d/b/a (Trade Name) . . . . . . . . . . . . . . .   6

      C.   Plaintiff Lacks Standing to Bring a Cause of
           Action as an "Interactive Computer Service"
           Under CEMA and CPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

      D.   Plaintiff Lacks Standing to Bring a Cause of
           Action Under CAN-SPAM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

      E.   Plaintiff Fails to State a Claim and Lacks Standing
           to Bring an Action Under the Prize Statute . . . . . . . . . . . . . . .   8

      F.   Plaintiff Fails to State a Claim Against Goldstein
           and/or Adamson . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

      G.   Plaintiff Fails to Establish that Personal
           Jurisdiction Exist Over Goldstein and/or Adamson . . . . . . . .   11

      H.   Plaintiff's Amended Complaint Should be
           Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)
           for Failure to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

      I.   If the Amended Complaint is not Dismissed,
           Plaintiff Should be Required to Provide a More
           Definite Statement Pursuant to Fed. R. Civ. P. 12(e) . . . . . . .   17

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

# TABLE OF AUTHORITIES

**Cases & Secondary Sources**                                    Pages

Brand v. Menlove Dodge, 746 F.2d 1070, 1072
    (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) . . . . . . .  12, 13

Cognigen Networks v. Cognigen Corp., 174 F.Supp.2d
    1134, 1137 (W.D. Wash. 2001) . . . . . . . . . . . . . . . . . . . . . . . .  12

Data Security & Privacy Law:  Combating Cyberthreats,
    § 9:47:110 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Dickens v. Alliance Analytical Labs, LLC, 127 Wash. App.
    433, 440-41 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11

Dole Food Co. v. Patrickson, 538 U.S. 468, 475 (2003) . . . . . . . . . . . .  10

Epstein v. Washington Energy Co., 83 F.3d 1136, 1140
    (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Federal Procedure § 62:421 (2006) . . . . . . . . . . . . . . . . . . . . . . . . .  18

Gordon v. Virtumundo, Inc., Case No. CV06-0204JCC . . . . . . . . . . . . .  4

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S.
    408, 414 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Hirsch v. Blue Cross, Blue Shield of Kansas, 800 F.2d 1474,
    1477 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

International Shoe Co. v. Washington, 326 U.S. 310,
    316 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Langlois v. Deja Vu, Inc., 984 F.Supp. 1327, 1332
    (W.D. Wash. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Meisel v. M & N Modern Hydraulic Press Co., 97 Wash. 2d
    403, 409-10 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267,
    270 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Roe v. Nevada, 332 F. Supp. 2d 1331, 1339 (D. Nev. 2004) . . . . . . . . . .  14

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434
    (6th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

00080037;1                              ii

<u>Strandley v. CNS Insurance Cos.</u>, 93 Wash. App. 1022 (1998) . . . . . . . .   10

<u>Truckweld Equipment Co. v. Olson</u>, 26 Wash. App. 638,
     645 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

<u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981) . . . . . . . .   14

<u>Washburn, et al. v. Moorman Manufacturing Co.</u>, 25 F.Supp 546,
     546 (S.D. Cal. 1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

<u>Washington Water Jet Workers Association, et al. v. Yarbrough</u>,
     151 Wash. 2d 470, 503 (2004) . . . . . . . . . . . . . . . . . . . . . . . .   10, 11

## **Statutes**

CR 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14, 18

CR 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

Fed. R. Civ. P. 8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14, 18

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Fed. R. Civ. P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 14, 17

Fed. R. Civ. P. 12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 17, 19

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4, 5

LR 5.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

RCW § 4.28.185 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

RCW § 19.170, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 18

RCW § 19.170.030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

RCW § 19.170.040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8, 9

RCW § 19.170.060(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

RCW § 19.190, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

RCW § 19.190.010(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

RCW § 19.190.010(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

RCW § 19.190.040(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

RCW § 19.190.040(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

RCW § 19.80.010(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RCW § 19.80.040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

RCW § 19.86, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. § 7701, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. § 7702(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 U.S.C. § 7702(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 7706(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

47 U.S.C. § 231(e)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

00080037;1

# I.  PRELIMINARY STATEMENT

Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein") and Kenneth Adamson ("Adamson") (collectively, "Defendants"), by and through their counsel, Klein, Zelman, Rothermel & Dichter, L.L.P., hereby submit this motion to dismiss Plaintiff's First Amended Complaint (the "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

# II.  INTRODUCTION & PROCEDURAL HISTORY

This action was commenced by Plaintiff in his individual capacity by the filing of a summons and complaint on November 23, 2004 against Impulse (the "Original Complaint"). (Moynihan Decl. ¶ 2.)  The Original Complaint, similar to the Amended Complaint, was rife with vague, ambiguous allegations that Impulse had violated "at least one" prohibition of RCW § 19.190, *et seq.* (collectively referred to as "CEMA"). (Moynihan Decl. ¶ 3.)  In addition, Plaintiff's allegations were and still are frequently separated by the term "and/or," leaving Impulse to guess as to what provision of a particular statute, if any, it is alleged to have violated.  (Am. Compl. ¶¶ 4.2.2, 4.3.2(a)-(e).)  Plaintiff refuses, either in his pleadings or his discovery, to identify how Defendants allegedly violated CEMA, RCW § 19.86, *et seq.* (collectively referred to as "CPA"), 15 U.S.C. § 7701, *et seq.* (collectively referred to as "CAN-SPAM") and/or RCW § 19.170, *et seq.* (collectively referred to as the "Prize Statute").  (Moynihan Decl. ¶ 10.)  Further complicating matters, both the Original Complaint and the Amended Complaint fail to specify either a time frame during which such violations are alleged to have occurred, or the number of emails alleged to have been sent by Defendants in violation of CEMA, CPA, CAN-SPAM and/or the Prize Statute.  (Moynihan Decl. ¶ 9.)  Instead, Plaintiff employs terms ranging from "thousands of emails" (Am. Compl.

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 2

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1 ¶ 4.1.1) to "numerous emails" (Am. Compl. ¶¶ 4.2.2, 4.2.3, 4.3.2) to "at least one (1)

2 email" (Am. Compl. ¶ 4.1.3) to plead his case.

3          In an attempt to divine the precise allegations contained in Plaintiff's Original

4 Complaint, and the factual bases thereof, Impulse served its initial discovery requests

5 on or about December 23, 2005.  (Moynihan Decl. ¶ 4.)  Plaintiff's purported

6 responses were so evasive and incomplete as to be considered non-responsive, and

7 shed no light on the allegations contained in Plaintiff's Original Complaint.[1]

8 (Moynihan Decl. ¶ 5.)  To date, Plaintiff has steadfastly refused to properly respond to

9 Impulse's discovery requests, and has repeatedly reiterated that he will <u>not</u> disclose

10 how Defendants allegedly violated the statutes; instead, telling Defendants to "figure it

11 out" for themselves.  (Moynihan Decl. ¶ 6.)  Nearly two (2) years and over four

12 hundred (400) docket entries after the filing of the Original Complaint (Moynihan

13 Decl. ¶ 11), Defendants are still grasping at straws, attempting to determine both the

14 number of emails that they are alleged to have sent and in what way, if at all, each

15 unique email is alleged to have violated CEMA, CPA, CAN-SPAM and/or the Prize

16 Statute.  As discussed in this Part *supra*, this is all a part of Plaintiff's scheme to avoid

17 having to prove his case and instead to impose an enormous financial burden upon

18 Defendants.

19          On or about June 13, 2006, Plaintiff filed his Amended Complaint (the subject

20 of this motion) naming three (3) new defendants and adding new causes of action (the

21 "Amended Complaint").[2]  (Moynihan Decl. ¶ 7.)  Plaintiff disregards

---

23          [1]Impulse is in the process of preparing a motion to compel and anticipates filing such

24 motion in the coming weeks, unless the Amended Complaint is dismissed in its entirety.

25          [2]To date, contrary to the requirements of LR 5.1(b), Plaintiff has failed to file with the Court

26 affidavits evidencing service on the newly added individual defendants of the Summons and

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 3

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1   Fed. R. Civ. P. 15 and attempts to sidestep this Court's specific order <u>denying</u>

2   Plaintiff's request to add new plaintiffs (Order Granting in Part & Den. in Part Pl.'s

3   Mot. Am. Compl., May 2, 2006) by changing the caption from "James S. Gordon, Jr.,

4   an individual" to add "James S. Gordon, Jr., a married individual d/b/a

5   'gordonworks.com.'" In his motion to amend the Original Complaint, Plaintiff never

6   even sought leave of the court pursuant to Fed. R. Civ. P. 15 to add the alleged trade

7   name Gordonworks.com as a plaintiff. (Moynihan Decl. ¶ 8.)  In addition to is

8   blatantly ignoring the requirements of Fed. R. Civ. P. 15, Plaintiff is disregarding the

9   specific order of this Court.  Plaintiff  may not, in direct contradiction to the Court's

10  order and Fed. R. Civ. P. 15,  attempt to bring new causes of action against

11  Defendants on behalf of an alleged d/b/a for which he failed to seek leave to add in

12  the first place.  Further, upon information and belief, such d/b/a is not properly

13  registered as a trade name with the State of Washington Department of Licensing

14  (Moynihan Decl. ¶ 8), and therefore, as discussed *supra* Part III.B, Plaintiff is not

15  entitled to maintain an action in the State of Washington on behalf of unregistered

16  d/b/a, Gordonworks.com.

17      Gordon is a professional plaintiff, whose tendency to exaggerate the facts has

18  already been noted by one court.[3]  (Moynihan Decl. ¶ 13; Ex. B.)  Even Plaintiff

19  himself admitted on his website that he has "developed a system that shifts the

20  'financial' burden from [himself] back to those who choose to send [him] spam."

21  (Moynihan Decl. ¶ 14 Ex. C.)  This scheme or "system" is further evidenced by the

22  _____

23  Amended Complaint.

24      [3]In a footnote to his May 24, 2006 Order in <u>Gordon v. Virtumundo, Inc.</u> Case No. CV06-

25  0204JCC, Judge Coughenour, of the Western District of Washington, noted Plaintiff's "tendency to

26  exaggerate claims in its briefing."

27  DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.

28  OF THEIR MOTION TO DISMISS OR FOR A MORE          485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
    DEFINITE STATEMENT - 4                            (212) 935-6020

1  fact that, upon information and belief, Plaintiff, has filed no less than eleven (11)

2  lawsuits, not including the present action, against email marketers since 2004.

3  (Moynihan Decl. ¶ 15.)  Upon information and belief, his victims include: eFinancial;

4  Insurance Only; Ascentive; Virtumundo, Inc.; Commonwealth Marketing Group, Inc.;

5  Smart Bargains; American Homeowners Association; Theodore Hansson Co.; Ride

6  Marketing Group, LLC; Video Processor and Kraft Foods.  Plaintiff's modus

7  operandi is to file vague and ambiguous pleadings and to serve evasive and incomplete

8  discovery responses in an attempt to either coerce email marketers into a monetary

9  settlement (which he can then use as a war chest to litigate against yet another

10  potentially innocent email marketer), or to engage email marketers in protracted

11  litigation, forcing them to incur significant legal fees to their detriment in defense of

12  the action.

### III. LEGAL ARGUMENT

A.  Plaintiff Failed to Comply with the Court's Order Denying His
Request to Add New Plaintiffs by Adding "d/b/a 'Gordonworks.com'"

On or about May 2, 2006 this Court granted in part and denied in part

Plaintiff's motion to amend the Original Complaint.  (Moynihan Decl. ¶ 7.)  In its

order, the Court specifically denied Plaintiff's request to add new plaintiffs to the

action.  (Order Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2, 2006.)

Nonetheless, Plaintiff simply ignores the Court, attempting to sidestep the Court's

prior order by unilaterally changing the caption to read "d/b/a Gordonworks.com" in

a futile attempt to transform his website into a plaintiff in the action.  Further,

contrary to the requirements of Fed. R. Civ. P. 15,  Plaintiff, in his motion to amend

the Original Complaint, never sought leave of the Court to add "d/b/a

Gordonworks.com" as a plaintiff in the action.  Such blatant disregard of the Federal

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 5

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

Rules and an order of this Court, and such deliberately improper tactics should not be rewarded, and each of Gordon's causes of action asserted on behalf of Gordonworks.com must be dismissed.

### B.  Plaintiff Lacks Standing to Bring an Action on Behalf of an Unregistered d/b/a (Trade Name)

Assuming *arguendo* that Gordon had been permitted by this Court to add new plaintiffs to the action (which as discussed in Part III.A *infra* he clearly was not), Gordon failed to properly register Gordonworks.com as a d/b/a ("trade name") as required by the State of Washington Department of Licensing.  (Moynihan Decl. ¶ 8.) "Each person . . . who shall carry on, conduct or transact business in this state under any trade name shall register that trade name with the department of licensing . . . ." RCW § 19.80.010(1). Pursuant to RCW § 19.80.040, one must register a trade name in order to maintain a lawsuit on behalf of said business.  In short, in light of the statutory provisions governing the registration of trade names,  Gordonworks.com does not exist as a legal entity.  Therefore, James S. Gordon, Jr. may not maintain an action in the State of Washington on behalf of unregistered trade name, Gordonworks.com.  As a result, the Court should dismiss each of Plaintiff's causes of action asserted on behalf of Gordonworks.com.

### C. Plaintiff  Lacks Standing to Bring a Cause of Action as an "Interactive Computer Service" Under CEMA and CPA

As an individual, James S. Gordon, Jr. clearly does not qualify as an "interactive computer service" under CEMA.  CEMA defines an "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the internet and such systems operated or services

offered by libraries or educational institutions." RCW § 19.190.010(5). In addition to defining an "interactive computer service," CEMA was later amended to define the terms "Internet domain name" and "web page." RCW § 19.190.010(5); RCW § 19.190.010(14). By providing distinct definitions for each term, the plain language of the statute clearly states the legislative intent that an interactive computer service is neither an Internet domain name, nor a web page. Therefore, neither Gordon, the individual, nor the Internet domain name Gordonworks.com qualifies as an interactive computer service, as defined by CEMA.

In light of the foregoing, Plaintiff does not have statutory standing to assert his Second and Third Causes of Action, except perhaps as an individual "recipient of a commercial electronic mail message." RCW § 19.190.040(1). Although the term "recipient" is undefined in CEMA, the definition provided in CAN-SPAM is instructive. Under CAN-SPAM, the "recipient" of a commercial email message is defined as the "authorized user of the electronic mail address to which the message was sent or delivered." 15 U.S.C. § 7702(14). Thus, Gordon only has standing, if at all, to bring his Second and Third Causes of Action based on emails sent to his personal email address pursuant to RCW § 19.190.040(1), and his Second and Third Causes of Action brought pursuant to RCW § 19.190.040(2) should be otherwise dismissed.

D. Plaintiff Lacks Standing to Bring a Cause of Action Under CAN-SPAM

CAN-SPAM adopts the definition provided in Section 231(e)(4) of the Communications Decency Act of 1934 (the "CDA"), which defines "internet access service" as "a service that enables users to access content, information, electronic mail or other services offered over the Internet, and may also include access to proprietary content, information, and other services as part of a package of services offered to

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 7

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  consumers." 47 U.S.C. § 231(e)(4); see 15 U.S.C. § 7702(11).  Common sense dictates

2  that James S. Gordon, Jr., an individual person, clearly is not an internet access service

3  as contemplated under CAN-SPAM.

4      "CAN-SPAM gives a private right of action to only ISPs . . . [t]here is no

5  private right of action for individuals."  Kevin P. Cronin & Ronald N. Weikers, Data

6  Security & Privacy Law: Combating Cyberthreats § 9:47:110 (2006).  Similarly, there is

7  no private right of action for Internet domain names, such as Gordonworks.com.

8  Other than the limited instances in which ISPs may bring an action under CAN-

9  SPAM, the provisions of CAN-SPAM are to be enforced by the Federal Trade

10  Commission ("FTC").  15 U.S.C. § 7706(a).  Commonly known ISPs who have been

11  permitted to assert causes of action under CAN-SPAM include AOL, Microsoft and

12  Earthlink.   Plaintiff, an individual, clearly cannot be categorized with the likes of

13  AOL, Microsoft and/or Earthlink, and is not an internet access service (ISP) within

14  the meaning of CAN-SPAM.  In light of the foregoing, Plaintiff's First Cause of

15  Action fails in its entirety because there is no private right of action for individuals

16  and/or Internet domain names under CAN-SPAM.  Therefore, Plaintiff's First Cause

17  of Action should be dismissed with prejudice.

18

19      E.  Plaintiff Fails to State a Claim and Lacks
        Standing to Bring an Action Under the Prize Statute

20

21      In his Fourth Cause of Action, Plaintiff makes a blanket allegation that

22  "numerous email advertisements . . . which Defendants transmitted to Plaintiff . . .

23  violated [the Prize Statute]."  (Am. Compl. ¶ 4.3.2.)  Plaintiff then proceeds to parrot

24  the requirements of RCW § 19.170.030, inserting "and/or" in between each and every

25  subsection, leaving Defendants clueless as to which, if any, requirement they are

26  alleged to have violated.  Similarly, Plaintiff parrots the requirements of RCW §

27

28

19.170.040 and simply states that Defendants failed to comply with each subsection. Nowhere in his Fourth Cause of Action does Plaintiff allege that he suffered any damage from the alleged violation(s), or that he even read or responded to any of the emails alleged to include promotional advertising. The standing requirement to bring a private cause of action under the Prize Statute is specifically stated therein: "[a] person who suffers damage from an act of deceptive promotional advertising may bring an action against the sponsor or promotion of the advertising, or both." RCW § 19.170.060(1) (emphasis added). According to the plain language of the statute, Plaintiff, who does not allege to have suffered any damage as a result an alleged act of deceptive advertising, clearly fails to satisfy the standing requirement enumerated in RCW § 19.170.060(1). In light of the foregoing, Plaintiff's Fourth Cause of Action should be dismissed with prejudice.

### F.  Plaintiff Fails to State a Claim Against Goldstein and/or Adamson

Plaintiff is mistaken in his pleading. Contrary to the allegations contained paragraph 1.5 of the Amended Complaint, Adamson is neither an officer, director, nor majority shareholder of Impulse. (Adamson Decl. ¶ 7.) Rather, Adamson is a mere employee of Impulse, and does not control Impulse's policies and/or practices. (Adamson Decl. ¶ 8.) As an employee, it is improper and contrary to law to attempt to pierce the corporate veil in order to hold an individual employee liable in this action. As such, any causes of action against Adamson must be dismissed with prejudice.

Even assuming *arguendo* that it is proper to pierce the corporate veil in order to hold an individual employee liable, Plaintiff fails to establish the elements necessary in order to pierce the corporate veil. In order to pierce the corporate veil, two separate, essential facts must be established: plaintiff "must demonstrate that the corporate

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 9

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  form was used to violate or evade a duty, and [second,] that [the corporate form] must

2  be disregarded to prevent loss to an innocent party." <u>Wash. Water Jet Workers</u>

3  <u>Assoc., et al. v. Yarbrough</u>, 151 Wash. 2d 470, 503 (2004) (citing <u>Meisel v. M & N</u>

4  <u>Modern Hydraulic Press Co.</u>, 97 Wash. 2d 403, 409-10 (1982)); <u>see</u> <u>Dickens v. Alliance</u>

5  <u>Analytical Labs, LLC</u>, 127 Wash. App. 433, 440-41 (2005).  The first factor typically

6  involves "fraud, misrepresentation, or some form of manipulation of the corporation

7  to the stockholder's benefit and creditor's [plaintiff's] detriment. " <u>Meisel</u>, 97 Wash.

8  2d at 410 (quoting <u>Truckweld Equip. Co. v. Olson</u>, 26 Wash. App. 638, 645 (1980));

9  <u>see</u>  <u>Strandley v. CNS Ins. Cos.</u>, 93 Wash. App. 1022 (1998); <u>see also</u>  <u>Dole Food Co.</u>

10  <u>v. Patrickson</u>, 538 U.S. 468, 475 (2003) ("The doctrine of piercing the corporate veil is

11  the rare exception, applied in the case of fraud or certain other exceptional

12  circumstances . . . ").  In the case at bar, the Court has already ruled that the

13  underlying CEMA claims do <u>not</u> sound in fraud.[4]  (Order Den. Def.'s Mot. Dismiss,

14  July 11, 2005 at 13.)  Applying the Court's line of reasoning to CAN-SPAM and the

15  Prize Statute, one must conclude that claims asserted under CAN-SPAM and/or the

16  Prize Statute are also <u>not</u> claims involving fraud.  With regard to the second factor,

17  "wrongful corporate activities must actually harm the party seeking relief so that

18  disregard is necessary.  Intentional misconduct must be the cause of the harm that is

19  avoided by disregard." <u>Meisel</u>, 97 Wash. 2d at 410 (1980); <u>see</u> <u>Strandley</u>, 93 Wash.

20  App. 1022 (1998).

21       In <u>Water Jet</u>, plaintiff named the owners of a defendant corporation but failed

22  to claim a specific wrongdoing against such owners.  The trial court dismissed the

23  claims against the individual owners, finding that plaintiff had an opportunity to

24

25       [4]If the Court, however, finds that such claims do sound in fraud, then Plaintiff's pleading is

26  held to the heightened pleading requirements of Fed. R. Civ. P. 9(b).

27

1   submit facts to demonstrate that the corporate form had been abused and that

2   piercing the corporate veil was justified and plaintiff failed to do so. <u>Water Jet</u>, 151

3   Wash. 2d at 503 (2004). On appeal, the Supreme Court of the State of Washington

4   affirmed the trial court's decision, concluding that dismissal of the claims against the

5   individual owners was appropriate based on a failure to state a claim. <u>Id.</u>

6         The foregoing facts in <u>Water Jet</u> parallel those of the case at bar. Plaintiff

7   simply recites that each of the individual defendants is "an officer, director, and/or

8   majority shareholder of Impulse, and as such controls its policies, activities, and

9   practices, including those alleged herein on behalf of Impulse." (Am. Compl. ¶¶ 1.3,

10  1.4, 1.5.) "Piercing the corporate veil is an equitable remedy imposed to rectify an

11  abuse of the corporate privilege." <u>Dickens</u> 127 Wash. App. at 440 (2005). Plaintiff

12  does not allege that the individual defendants have abused the corporate privilege, nor

13  has he alleged that Impulse is a sham corporation or that the corporation is an alter

14  ego of any or all of the individual defendants. Even accepting the allegations

15  contained in the Amended Complaint as true, nowhere in the Amended Complaint

16  does Plaintiff attempt to incorporate any factual averments or circumstances in

17  support of the two essential burdens of proof required to pierce the corporate veil–

18  specifically, that the corporate form was used to violate or evade a duty and that the

19  failure to hold the individuals liable would result in a loss to Plaintiff. Thus, as in

20  <u>Water Jet</u>, the dismissal of Plaintiff's causes of action against Goldstein and Adamson

21  is also appropriate based on the failure of Plaintiff to state a claim.

22

23       <u>G. Plaintiff Fails to Establish that Personal
         Jurisdiction Exists Over Goldstein and/or Adamson</u>

24

25       Plaintiff bears the burden of establishing personal jurisdiction over a defendant.

26  <u>See</u> <u>Hirsch v. Blue Cross, Blue Shield of Kan.</u>, 800 F.2d 1474, 1477 (9th Cir. 1986);

27

28

1  Cognigen Networks v. Cognigen Corp., 174 F.Supp.2d 1134, 1137 (W.D. Wash. 2001)

2  (On defendant's motion to dismiss for lack of personal jurisdiction, it is the plaintiff's

3  burden to show that jurisdiction is proper); Langlois v. Deja Vu, Inc., 984 F.Supp.

4  1327, 1332 (W.D. Wash. 1997) (plaintiff bears the burden of proving that jurisdiction

5  exists as to each out-of-state defendant (emphasis added)).  The Ninth Circuit Court

6  of Appeals has held that through the presentation of affidavits and discovery

7  materials, plaintiffs must prove a prima facie case of jurisdiction as to each and every

8  out-of-state defendant.  Brand v. Menlove Dodge, 746 F.2d 1070, 1072 (9th Cir.

9  1986); see also Langlois, 984 F.Supp. at 1332-33 (W.D. Wash. 1997).

10      In order to exercise personal jurisdiction, a court must find that a defendant has

11  a threshold level of "minimum contacts" with the forum state such that "traditional

12  notions of fair play and substantial justice" are not offended.  See Int'l Shoe Co. v.

13  Wash., 326 U.S. 310, 316 (1945); see Burger King Corp. v. Rudzewicz, 471 U.S. 462,

14  474 (1985).  If a defendant has a continuous and systematic presence in the forum

15  state, the court has "general jurisdiction" over the defendant; if the claim arises out of

16  the defendant's forum directed activities, the court may exercise "specific jurisdiction"

17  can be asserted over the defendant within the forum.  See Helicopteros Nacionales de

18  Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984).  Based upon the allegations contained

19  in the Amended Complaint, it appears that Plaintiff does not allege that the Court has

20  general jurisdiction over Goldstein and/or Adamson.

21      The determination as to the existence of specific jurisdiction is made by looking

22  to Washington's long-arm statute, RCW § 4.28.185.  In order to exercise specific

23  jurisdiction over a non-resident defendant under the Constitution and RCW §

24  4.28.185, the courts of Washington have applied a three-part test: (1) the nonresident

25  defendant must do some act or consummate some transaction with the forum or

26  perform some act by which he purposefully avails himself of the privilege of

27
28
DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 12

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).  A defendant purposefully avails himself of the benefits of the forum if he has deliberately "engaged in significant activities within a state or has created 'continuing obligations' between himself and the residents of the forum, and the cause of action arises out of those obligations.  Burger King Corp., 471 U.S. 475- 76 (1985). Plaintiff's claims in the Amended Complaint are based upon his faulty assumption that Goldstein and Adamson sent emails to Gordon, a Washington resident, or that emails Gordon received were "from or on behalf of defendants." (Am. Compl. 4.1.1.)  When in fact, no emails were sent by Goldstein and Adamson individually, and certainly no emails received by Plaintiff were "from or on behalf of" Goldstein and Adamson individually. (Goldstein Decl. ¶ 6; Adamson Decl. ¶ 6.)  Even assuming *arguendo* that an email was sent to Plaintiff, any such email would have been sent by or on behalf of a corporation, and not the individuals themselves.  Further, as discussed *infra* Part III.F, Adamson is neither an officer, director, nor majority shareholder of Impulse, and does not authorize or direct Impulse's activities.  (Adamson Decl. ¶ 7.)  Finally, both Goldstein and Adamson are residents of the State of Georgia, and neither individual owns property, maintains business or personal bank accounts or regularly transacts business in the State of Washington.  (Goldstein Decl. ¶¶ 3-5; Adamson Decl. ¶¶ 3-5.)  Thus, neither individual has purposefully availed himself of the benefits of the forum by engaging in significant activities within the State of Washington or by creating continuing obligations between themselves and Washington State residents. Therefore, Plaintiff has failed to prove that jurisdiction exists as to <u>each</u> out-of-state defendant.  As a result, the Court should decline to exercise personal jurisdiction over

1    Goldstein and Adamson, and should dismiss the Amended Complaint as to Goldstein

2    and Adamson.

3

4        H.  Plaintiff's Amended Complaint Should be Dismissed
         Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim

5        Even assuming *arguendo* that Plaintiff had standing to bring any of his causes of

6    action, he has failed to satisfy the basic pleading requirements of CR 8(a) and Fed. R.

7    Civ. P. 8(a).  The Original Complaint, discussed *infra* Part I, consisted of vague and

8    ambiguous blanket allegations that Defendant violated "at least one" provision of

9    CEMA.  (Compl. ¶¶ 3.7, 3.9 and 3.12.)  Now again the Amended Complaint suffers

10   from the same vagueness and ambiguity.  For example, Plaintiff alleges that

11   "Defendants" sent anywhere from "at least one" to "thousands" of emails in violation

12   of CEMA (and CPA), and/or CAN-SPAM and/or the Prize Statute.

13       In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a

14   "complaint must contain either direct or inferential allegations respecting <u>all</u> the

15   material elements to sustain a recovery under some viable legal theory." <u>Roe v. Nev.</u>,

16   332 F. Supp. 2d 1331, 1339 (D. Nev. 2004) (citing <u>Scheid v. Fanny Farmer Candy</u>

17   <u>Shops, Inc.</u>, 859 F.2d 434 (6th Cir. 1988).  Although factual allegations set forth in the

18   complaint "taken as true and construed in the light most favorable to [p]laintiffs", the

19   Ninth Circuit has elaborated on this rule, explaining that "courts should <u>only accept</u> as

20   true the <u>well-pleaded</u> facts, and <u>ignore</u> 'legal conclusions,' 'unsupported conclusions,'

21   'unwarranted inferences,' unwarranted deductions,' 'footless conclusions of law' or

22   '<u>sweeping legal conclusions cast in the form of factual allegations</u>.'" <u>Id.</u> (emphasis

23   added) (citing <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996);

24   quoting <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981)).

25       As Plaintiff himself points out, each alleged email constitutes a separate

26

27

1   transaction and therefore a separate claim.  (See Am. Compl. ¶¶ 4.2.4, 4.2.5.)

2   Notwithstanding the foregoing, Plaintiff fails to identify anywhere in his pleading the

3   number of emails alleged to have been sent by Defendants in violation of each

4   separate and distinct provision of the aforementioned statutes.  (Am. Compl. ¶¶ 4.1.1-

5   4.1.6, 4.2.2, 4.2.3, 4.3.2).  Further, Plaintiff fails to separate each allegation made on

6   behalf of Gordonworks.com from those allegations asserted by the recipient of an

7   email.  Rather, Gordon simply lumps his claims on behalf of unregistered trade name

8   Gordonworks.com together with his claims arising out of being an individual recipient

9   of email, alleging collectively that "Defendants" transmitted emails to "Plaintiff." (See

10  Am. Compl. ¶¶ 4.2.3, 4.3.2.)  Plaintiff even fails to identify a time the time frame

11  during which such alleged violations are alleged to occur.[5]

12      Plaintiff's entire Amended Complaint consists of precisely those "facts" which

13  courts in the Ninth Circuit have suggested they should ignore– sweeping legal

14  conclusions that Defendants have violated CEMA, CPA, CAN-SPAM and/or the

15  Prize Statute, cast in the form of factual allegations.  There are virtually no "well-

16  pleaded" facts for the Court to accept as true.  Without limiting the foregoing,

17  Defendants address the following specific deficiencies and unsupported conclusions,

18  *inter alia*, in the order in which they appear in Plaintiff' Amended Complaint:

19          •   Plaintiff fails to distinguish between alleged violations by the

20              individual defendants and alleged violations by the corporate

21              defendant;

22  _____

23      [5]In the absence of such basic information, Defendants are unable to determine, *inter alia*,

24  whether they are entitled to assert a statute of limitations defense.  Based upon Plaintiff's Amended

25  Complaint it is unclear when the emails in question were sent, and is therefore possible that they

26  were sent before the enactment of the statutory provisions Plaintiff seeks to enforce.

27  DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    OF THEIR MOTION TO DISMISS OR FOR A MORE         485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
28  DEFINITE STATEMENT - 15                          (212) 935-6020

- Plaintiff states that he has received "thousands of commercial email messages from or on behalf of Defendants, sent to Plaintiff's electronic mail server[6] located in Benton and Franklin Counties, Washington, and/or its registered domain names, including 'gordonworks.com' in violation of" CAN-SPAM (Am. Compl. 4.1.1), but fails to identify the registered domain names alleged to have received emails, the specific email addresses alleged to have received the emails, the provision of CAN-SPAM alleged to have been violated or the factual basis for his conclusion that each or any email received violated any provision of CAN-SPAM;

- Plaintiff alleges that his unsubscribe requests "went unheeded for a substantial amount of time" (Am. Compl. 4.1.2), but fails to identify the email address(es) on behalf of which such requests were sent, to whom such requests were sent and for how long such requests allegedly "went unheeded"or the email from which

---

[6]Although Plaintiff claims in this action to own the server, in a separate action against Virtumundo, Inc. Gordon stated that the server on which Gordonworks.com resides is owned by third party Omni Innovations, LLC. However, in actuality, the domain Gordonworks.com is, upon information and belief, hosted by Webmasters.com, on a server located in Tampa, Florida. (Moynihan Decl. ¶ 12; Ex B.) In addition, upon information and belief, the internet domain server ns.gordonworks.com has been assigned by the registrar, Go Daddy Software, Inc., the Internet Protocol ("IP") address 68.178.150.119, and this IP address is believed to be located in Scottsdale, Arizona. (Moynihan Decl. ¶ 12; Ex. B.)

the request arose;

- Plaintiff vaguely alleges that "at least one" email was sent by Defendants to an address "most likely harvested from domain name registration and/or by other means of anonymous information harvesting." (Am. Compl. 4.1.3). It is unclear from this statement whether Plaintiff is even alleging that he believes Defendants harvested "an address." Further, Plaintiff fails to identify the email address alleged to have been harvested or the facts supporting his conclusion that such email address was harvested.

Plaintiff has failed to properly state a claim under any of the statutory provisions pursuant to which he attempts to bring this action. Instead, Plaintiff has deliberately crafted a pleading consisting entirely of unsupported and sweeping legal conclusions cast in the form of factual allegations. As a result, in line with previously cited Ninth Circuit authority, Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

### I. If the Amended Complaint is not Dismissed, Plaintiff Should be Required to Provide a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)

With the filing of the Amended Complaint, Plaintiff continues his pattern of filing vague and ambiguous pleadings. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, or if more particularity in the pleading will further the economical disposition of the case, the party receiving the pleading may move for a more definite statement before serving a responsive pleading." CR 12(e); see Fed. R. Civ. P. 12(e) (emphasis added). Although notice pleading requires only that the

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 17

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  complaint contain a short and plain statement showing that the plaintiff is entitled to

2  relief (CR 8(a); Fed. R. Civ. P. 8(a)), this does not dispense with the necessity, as

3  occasion may require, for a statement of certain details which would enable the

4  defendant more readily to prepare and file a responsive pleading.  <u>Fed. Proc.</u> § 62:421

5  (2006).  In fact, unless facts are "simply and concisely stated in lucid fashion, and

6  support [plaintiff's] conclusion" the action <u>fails</u>.  <u>Washburn, et al. v. Moorman Mfg.</u>

7  <u>Co.</u>, 25 F.Supp. 546, 546 (S.D. Cal. 1938).

8      <u>Nowhere</u> in the Amended Complaint does Plaintiff simply and concisely state

9  in lucid fashion the facts supporting, *inter alia*, the number of emails alleged to have

10  been sent by Defendants to Plaintiff or his belief that Defendants are responsible for

11  sending the alleged emails to Plaintiff.  As outlined in Part III.H *infra*, Plaintiff's

12  Amended Complaint is intentionally replete with vague and ambiguous allegations.

13  To date, as a result of Plaintiff's improper pleading, nearly two (2) years into the

14  action and over four hundred (400) docket entries later, Defendants are no closer to

15  being able to identify and defend the specific allegations being lodged against them.

16  (Moynihan Decl. ¶11.)  As a result, Plaintiff's action should fail under the court's

17  analysis in <u>Washburn</u>.  However, if the Court does not dismiss the action, Plaintiff

18  should be required to provide a more definite statement.

19      In order to interpose a responsive pleading and to further the economical

20  disposition of the case, if necessary following this motion to dismiss, Defendants

21  require, at a minimum, the following additional details: the number of emails alleged

22  to have been sent in violation of each separate and distinct provision of CEMA and

23  CPA, CAN-SPAM and RCW § 19.170, *et seq.*; the manner in which each email is

24  alleged to have violated any subsection of the aforementioned statutes (e.g., deceptive

25  subject line, etc.); to what specific email addresses each email is alleged to have been

26  sent; which claims are being asserted against the individuals and which claims are

27

28

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  being asserted against the corporate defendant; which claims are being asserted by

2  Plaintiff as an (alleged) interactive computer service, and which claims are being

3  asserted by Plaintiff as a recipient of an allegedly violative email.

4      In sum, if Plaintiff's action is not dismissed, Plaintiff should be required to

5  state for each and every email: 1) the email address to which it was sent; 2) the date

6  on which it was sent; 3) the specific ways in which the email is alleged to violate any

7  provision of any statute and the factual basis or bases for such a conclusion; 4) the

8  factual basis upon which Plaintiff bases his conclusion that the email was sent or

9  initiated by or on behalf of a particular Defendant.

10

11                          **IV.  CONCLUSION**

12      In light of the foregoing arguments, Plaintiff's Amended Complaint should be

13  dismissed in its entirety or, at a minimum, Plaintiff should be required to provide a

14  more definite statement pursuant to Fed. R. Civ. P. 12(e).   Defendants respectfully

15  request that the Court:  1) dismiss Plaintiff's First Amended Complaint with

16  prejudice, and award Defendants their costs and fees incurred in responding to

17  Plaintiff's First Amended Complaint; or 2) grant Defendants' motion for a more

18  definite statement, and award Defendants their costs and fees incurred in responding

19  to Plaintiff's First Amended Complaint.

20  RESPECTFULLY SUBMITTED, this 31st day of August, 2006.

21

22              By:_____

23                  Sean A. Moynihan, admitted *pro hac vice*
                    Klein, Zelman, Rothermel & Dichter, L.L.P.
24                  485 Madison Ave., 15th Floor
                    New York, New York 10022
25                  (212) 925-6020
                    (212) 753-8101 Fax
26                  Attorneys for Defendants Impulse Marketing
                    Group, Inc., Jeffrey Goldstein and Kenneth

27

28

Adamson

By: _Floyd C. Ivey w/telephone authority_
Floyd E. Ivey
Liebler, Conner, Ivey, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Local Counsel for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein and
Kenneth Adamson

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

### Certificate of Service

I, hereby, certify that on August 31, 2006, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of: 1) Notice of Hearing of Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement; 2) Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement; 3) Proposed Order Dismissing the First Amended Complaint; 4) Memorandum in Support of Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement; and 5) Declarations of Sean A. Moynihan, Esq., Jeffrey Goldstein and Kenneth Adamson in Support of Defendants' Motion to: Robert J. Siegel and Floyd Ivey. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon, Jonathan Gordon, James S. Gordon, III, Robert Pritchett, Jamila Gordon and Emily Abbey.

_____

Sean A. Moynihan, admitted *pro hac vice*
Attorneys for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein
and Kenneth Adamson

DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 21

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020