1  Liebler, Ivey, Conner, Berry & St. Hilaire          Hon. Fred Van Sickle
   By: Floyd E. Ivey
2  1141 N. Edison, Suite C
   P.O. Box 6125
3  Kennewick, WA 99336
   *Local Counsel for Defendants Impulse Marketing*
4  *Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

5  Klein, Zelman, Rothermel & Dichter, L.L.P.
   By: Sean A. Moynihan & Peter J. Glantz
6  485 Madison Avenue, 15th Floor
   New York, NY 10022
7  (212) 935-6020
   *Attorneys for Defendant Impulse Marketing*
8  *Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

9

10              **IN THE UNITED STATES DISTRICT COURT**
                **FOR THE EASTERN DISTRICT OF WASHINGTON**
11                          **AT RICHLAND**

12  James S. Gordon, Jr.,              )    Case No.: CV-04-5125-FVS
                                       )
13          Plaintiff,                 )
                                       )    REPLY MEMORANDUM OF LAW
14          v.                         )    IN SUPPORT OF DEFENDANTS'
                                       )    MOTION TO DISMISS
15  Impulse Marketing Group, Inc.,     )    PLAINTIFF'S FIRST
    Jeffrey Goldstein, Phillip Huston, )    AMENDED COMPLAINT
16  and Kenneth Adamson,               )    PURSUANT TO FED. R. CIV. P.
                                       )    12(b)(1), (2) AND (6) OR, IN THE
17          Defendants.                )    ALTERNATIVE, FOR A MORE
   _____ )    DEFINITE STATEMENT
18                                     )    PURSUANT TO FED. R. CIV. P. 12(e)
    Impulse Marketing Group, Inc.,     )
19                                     )
            Third-Party Plaintiff,     )
20                                     )
            v.                         )
21                                     )
    Bonnie F. Gordon, Jamila Gordon,   )
22  James Gordon, III, and Jonathan    )
    Gordon,                            )
23               Third-Party Defendants. )
   _____ )
24

25       Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein

26  ("Goldstein") and Kenneth Adamson ("Adamson") (collectively, "Defendants"), by

27  DEFENDANTS' REPLY MEMORANDUM - 1    KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
                                        485 MADISON AVENUE, 15TH FLOOR
                                        NEW YORK, NEW YORK 10022
28  00080282;1                          (212) 935-6020

and through their counsel, Klein, Zelman, Rothermel & Dichter, L.L.P., hereby submit this reply memorandum in support of their motion to dismiss Plaintiff's First Amended Complaint (the "First Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## Plaintiff Continues to Mislead this Court

Contrary to Plaintiff's assertions, Defendants' objection to the addition of the unregistered trade name, Gordonworks.com, is not untimely.  Plaintiff surreptitiously added the unregistered trade name to the caption in his motion for leave to file a first amended complaint, but in his motion Plaintiff never requested permission from the Court to amend the caption to include the unregistered trade name.[1]  Therefore, it is disingenuous for Plaintiff to argue that Defendants should have objected to an issue that was not even before the Court.  In fact, curiously, it appears that Plaintiff's response to Defendants' objection that Plaintiff amended the caption and the complaint without leave is to file a Second Amended Complaint, again without leave of the Court.  This second unauthorized amendment can only be seen as a willful violation of Fed. R. Civ. P. 15(a).[2]  See Pl.'s Resp. Opp'n Mot. Dismiss at 2

---

[1] In fact, the Court specifically denied Plaintiff's request to add new plaintiffs to the action. (Order Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2, 2006.)

[2] On or about September 13, 2006, Defendants filed an objection to the Second Amended Complaint, and, if necessary, Defendants will move to strike the pleading and for any other relief that may be available to them as a result of Plaintiff's willful misconduct.  (Moynihan Reply Decl. ¶ 3.)

DEFENDANTS' REPLY MEMORANDUM - 2

00080282;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  ("[a]ccordingly, Gordon has amended the caption of Gordon's complaint, and

2  paragraph 1.1 . . . "). However, this unilateral unauthorized amendment not only

3  changed the caption yet again, but it also made substantial material revisions to

4  Plaintiff's factual allegations and causes of action.

5      As outlined in detail in Defendants' motion and the memorandum in support

6  thereof, Gordon is a professional plaintiff, who has a known tendency to exaggerate

7  the facts. Plaintiff previously admitted[3] on his website that his litigation tactics are a

8  scheme to shift the financial cost of email marketing from the recipient of the email to

9  the email marketers. (Moynihan Reply Decl. ¶ 4.) Now, Plaintiff admits in his

10 response to Defendants' motion that his discovery production was intended to

11 "induc[e] IMG to settle." (Pl.'s Resp. Opp'n Mot. Dismiss at 17.) Plaintiff dispenses

12 with the Federal Rules of Civil Procedure by continuing to amend his pleadings

13 without leave of this Court in an attempt to manipulate the facts to his favor. The

14 foregoing events confirm that Plaintiff's modus operandi is to file vague and

15 ambiguous pleadings (contrary to the explicit mandates of the Federal Rules of Civil

16 Procedure) and to serve evasive and incomplete discovery responses in a scheme to

17 engage email marketers in protracted litigation, making the defense of such frivolous

18 actions cost-prohibitive.

19

20

21

22

_____

23    [3]Plaintiff's admission is discussed in Defendants' memorandum in support of their motion

24 to dismiss, and a copy of the website containing the admission is attached as Exhibit C to the

25 Moynihan Declaration in support of Defendants' motion.

26 DEFENDANTS' REPLY MEMORANDUM - 3

27

28 00080282;1

## Plaintiff is Not an Interactive Computer Service

Initially, Plaintiff alleged in pleadings filed with the Court that he is the "owner" of the servers on which the domain name Gordonworks.com resides (1st Am. Compl. at ¶ 3.3); now, Plaintiff is alleging that he "leased" the servers. (Pl.'s Resp. Opp'n Mot. Dismiss at 3.) Plaintiff continuously alters his allegations in a never-ending attempt to manipulate the facts to his favor. Mr. Gordon is an individual. He is not an interactive computer service. Mr. Gordon brought this action on behalf of himself, personally, <u>not</u> on behalf of his Internet domain name, an unregistered trade name or any other entity that he may control.

While Plaintiff cites to the correct definition for an "interactive computer service" under RCW § 19.190, *et seq.* (collectively, "CEMA"), he clearly misinterprets the definition. The mere operation of a website does not transform Mr. Gordon, the individual, into an interactive computer service. Simply put, Mr. Gordon stands the definition on its head. Mr. Gordon does <u>not</u> "provide or enable computer access by multiple users." RCW § 19.190.010(8). While libraries, schools and some businesses make available computers to be accessed and used by the public, there is <u>no evidence</u> that Plaintiff provides such a service. In fact, as evidenced by the copy of Plaintiff's website attached as Exhibit C to the Moynihan Declaration in support of Defendants' motion and as described in Plaintiff's own declaration, Plaintiff's website simply provides a list of links to other career search-related websites. (Moynihan Decl. Ex. C; Gordon Decl. ¶ 12.) In short, his website does not qualify as an interactive computer service.

In addition, Plaintiff misinterprets the purpose of the severability clause included in CEMA (and included in virtually every contract and state or federal law, rule or regulation in this country). A severability clause is simply "a provision that

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

keeps the remaining provisions of a contract or statute in force if any portion of that contract or statute is judicially declared void or unconstitutional." Black's Law Dictionary 1378 (7th ed. 1999). Clearly, the severability clause cited by Plaintiff simply stands for the proposition that should a court find the definition of "web page" unconstitutional, the remaining provisions in the statute will still be valid. The separate and distinct definitions for "web page," "Internet domain name" and "interactive computer service" evidence a legislative intent that an interactive computer service is neither a "web page" nor an "Internet domain name." The fact that millions of people may be able to access the "web pages" located at the "Internet domain name," Gordonworks.com, does not make Mr. Gordon an "interactive computer service."

Further, while Plaintiff cites to the correct standard for a motion to dismiss, he fails to rebut the legal arguments, supported by case law in this Circuit, put forth by Defendants. As discussed in detail in Defendants' memorandum in support of their motion, although factual allegations set forth in the complaint are "taken as true and construed in the light most favorable to [p]laintiffs," the Ninth Circuit has elaborated on this rule, explaining that "courts should only accept as true the well-pleaded facts, and ignore 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' unwarranted deductions,' 'footless conclusions of law' or 'sweeping legal conclusions cast in the form of factual allegations.'" Roe v. Nev., 332 F. Supp. 2d 1331, 1339 (D. Nev. 2004) (emphasis added) (citing Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); quoting W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)). Plaintiff's entire First Amended Complaint consists of precisely those "facts" which courts in the Ninth Circuit have suggested they should ignore— sweeping legal conclusions that Defendants have violated CEMA, CPA, CAN-SPAM and/or the

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1   Prize Statute, cast in the form of factual allegations.  There are virtually no "well-

2   pleaded" facts in the First Amended Complaint for the Court to accept as true.  Even

3   accepting any well-pleaded facts that may be contained in the First Amended

4   Complaint as true, Mr. Gordon, who brought this action on behalf of himself as an

5   individual, is not an interactive computer service as a matter of law.

6

7                       **Plaintiff is Not an Internet Access Service**

8         There is no private right of action for individuals, such as Mr. Gordon, under

9   CAN-SPAM.  Kevin P. Cronin & Ronald N. Weikers, <u>Data Security & Privacy Law:</u>

10  <u>Combating Cyberthreats</u> § 9:47:110 (2006).  Similarly, there is no private right of

11  action for Internet domain names, such as Gordonworks.com.  Plaintiff responds to

12  Defendants' arguments by simply restating the definition of an Internet access service

13  contained in  Section 231(e)(4) of the Communications Act of 1934 (the "CDA") and

14  concluding that he, himself, is an Internet access service.  Plaintiff fails to cite to a

15  single legal authority to support his novel conclusion.  While Plaintiff cites to the

16  correct definition, he fails to properly apply the definition to the facts of the case.

17  Plaintiff brought this action on behalf of himself, as an individual, not on behalf of his

18  business, his unregistered trade name, or any other entity that he may control.  As

19  discussed *supra* p. 5, Plaintiff's unsupported legal conclusion, cast in the form of a

20  factual allegation, should not be accepted by the Court as true.

21        Defendants do not contest that business forms other than corporations could

22  be considered an Internet access service.  In fact, Defendants agree with Plaintiff's

23  statement that an Internet access service is defined by what it does, rather than what it

24  is.  However, applying that principle to Plaintiff, Mr. Gordon does not qualify as an

25  Internet access service within the meaning of the CDA.  Even assuming, *arguendo,* that

26

27  DEFENDANTS' REPLY MEMORANDUM - 6

28  00080282;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1   Plaintiff, an individual, could be an Internet access service or that he is entitled to

2   bring an action on behalf of his Internet domain name, in cases where courts

3   interpreting the CDA have held that a website could possibly qualify for immunity as

4   an Internet access service, the websites in question have allowed for the submission of

5   content by third parties. See Schneider v. Amazon.com, Inc., 108 Wash. App. 454

6   (2001) ("website enables visitors to the site to comment about authors and their work,

7   thus providing an information service that necessarily enables access by multiple user

8   to a server"); Optinrealbig.com, LLC v. Ironport Sys., Inc., 323 F. Supp. 2d 1057

9   (N.D. Cal. 2004) (Spamcop.net held to qualify as an interactive computer service

10  entitled to immunity under the CDA where it posted reports collected from users and

11  permitted users to add comments to their spam reports); Carafano v.

12  Metrosplash.com, Inc., 207 F. Supp. 2d 1055 (C.D. Cal. 2002) (Court found that

13  Matchmaker.com qualified as an interactive computer service because "users are able

14  to access and use a searchable database [of user-created profiles] maintained on

15  Defendants' computer servers"). Here, Plaintiff and his website are easily

16  distinguished from the foregoing cases. Plaintiff does not maintain a searchable

17  database, there is no bulletin board feature, and there is no posting of content or

18  reviews by visitors to the website. As discussed *supra* p. 4, Plaintiff's website simply

19  maintains a list of links to other career search-related websites. In fact, although

20  Plaintiff states that he "provided numerous email accounts using the

21  Gordonworks.com domain name," (Gordon Decl. ¶ 15), he fails to state that such

22  email accounts are, upon information and belief, provided through and hosted by the

23  domain name registrar GoDaddy.com. (Moynihan Decl. ¶ 12, Ex. A; Moynihan Reply

24  Decl. ¶¶ 5, 6, Ex. A & B.) Thus, in light of the foregoing and as discussed *supra* p. 3-5,

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  clearly, Plaintiff's website does not possess the characteristics propounded by courts

2  as evidence that a website could qualify as an Internet access service.

### Plaintiff Does not Contest that He Failed to State a Claim Under the Prize Statute

5  Plaintiff does not contest the fact that he failed to state a claim under the Prize

6  Statute by, *inter alia*, failing to allege damages.  Instead, Plaintiff simply attempts to

7  remedy his error by filing an unauthorized Second Amended Complaint concurrently

8  with his response!  This is yet another glaring example of Plaintiff's scheme to

9  manipulate the judicial process and to usurp this Court's authority by simply

10  dispensing with the Federal Rules of Civil Procedure.  As discussed *supra* p. 2-3, this is

11  the second time Plaintiff has amended his pleadings without leave of the Court.

12  (Moynihan Reply Decl. ¶ 2.)  In his First Amended Complaint, Plaintiff attempted to

13  surreptitiously add an unregistered trade name as a plaintiff in the action, and now,

14  Plaintiff has filed a Second Amended Complaint without leave of the Court in blatant

15  disregard of Fed. R. Civ. P. 15(a), changing the caption and adding new factual

16  allegations.

17  Plaintiff's Second Amended Complaint, filed in willful violation of Fed. R. Civ.

18  P. 15(a), is a nullity and without legal effect.  See Hoover v. Blue Cross & Blue Shield

19  of Ala., 855 F.2d 1538 (11th Cir. 1988) ("if an amendment that cannot be made as of

20  right is served without obtaining the court's leave or the opposing party's consent, it is

21  without legal effect . . ."); see also Crazy Eddie Sec. Litig., 792 F. Supp. 197 (E.D.N.Y.

22  1992) ("Nor did plaintiffs have leave to amend the Second Complaint.  The court

23  therefore treats the Third Complaint as without legal effect.").  As such, Plaintiff's

24  references to the Second Amended Complaint are a nullity; the balance of the

DEFENDANTS' REPLY MEMORANDUM - 8

00080282:1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  argument in his response is otherwise without merit and his cause of action under the

2  Prize Statute should be dismissed with prejudice.

### Plaintiff Does Not Contest that He Failed to State a Claim Against Adamson & Goldstein

As above, in lieu of contesting Defendants' arguments that Plaintiff failed to

state a claim against Adamson and Goldstein, Plaintiff again attempts to remedy the

facially deficient allegations contained in his First Amended Complaint by citing to

allegations contained in his unauthorized Second Amended Complaint.  (Pl.'s Resp.

Opp'n Mot. Dismiss at 8, 10.)  As discussed *supra* p. 2-3, 8, Plaintiff's Second

Amended Complaint, filed in blatant disregard of this Court's authority under Fed. R.

Civ. P. 15(a), is a nullity and without legal effect.  See Hoover, 855 F.2d 1538 (11th Cir.

1988) ("if an amendment that cannot be made as of right is served without obtaining

the court's leave or the opposing party's consent, it is without legal effect . . ."); see

also Crazy Eddie Sec. Litig., 792 F. Supp. 197 (E.D.N.Y. 1992) ("Nor did plaintiffs

have leave to amend the Second Complaint.  The court therefore treats the Third

Complaint as without legal effect.").

In addition, Plaintiff completely ignores the fact that, as pointed out by

Defendants in their motion and as contained in the public records maintained by the

Secretary of State of Nevada, Adamson is not now, nor has he ever been, an officer or

director of Impulse.  As a result, any case law cited by Plaintiff in favor of corporate

officer liability is completely inapplicable insofar as Adamson is concerned.  In

addition, any case law cited by Plaintiff in favor of corporate officer liability ignores

the fact that Plaintiff failed to plead any of the facts necessary in order to hold

Goldstein liable.

DEFENDANTS' REPLY MEMORANDUM - 9

00080282;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1    **Plaintiff Misapplies the Standard for Liability Under CEMA & CAN-SPAM**

2    Plaintiff misstates that "Goldstein and Adamson are liable because they

3    'assisted others'" in sending commercial email. (Pl.'s Resp. Opp'n Mot. Dismiss at

4    11.) However, Plaintiff ignores the definition of "assist the transmission" explicitly

5    provided by CEMA. RCW § 19.190.010(1) states that:

6        "Assist the transmission" means actions taken by a person
         to provide <u>substantial</u> assistance or support which enables
7        any person to formulate, compose, send, originate, initiate,
         or transmit a commercial electronic mail message or a
8        commercial electronic text message <u>when the person providing
         the assistance knows or consciously avoids knowing</u> that the
9        initiator of the commercial electronic mail message or the
         commercial electronic text message is engaged, or intends to
10       engage, in any practice that violates the consumer protection act.

11   RCW § 19.190.010(1) (emphasis added). If Plaintiff is alleging that Defendants

12   assisted the transmission of commercial emails that violated CEMA, then Plaintiff

13   must properly plead for each defendant, that the defendant <u>knew, or consciously</u>

14   <u>avoided knowing,</u> that the actual sender of a commercial email message was engaged

15   or intended to engage in practices in violation of CEMA or the CPA. Other than the

16   conclusory statements made in Plaintiff's response, Plaintiff has pleaded no facts to

17   support such a claim.

18   Assuming, *arguendo*, that Mr. Gordon has standing to bring a cause of action

19   pursuant to CAN-SPAM, Plaintiff misapplies the standards for liability under the

20   statute. Under CAN-SPAM, a defendant may be liable if the defendant: (a)

21   "knowingly" commits the violation and "intentionally initiate[s] the transmission of

22   such messages" (15 U.S.C. § 7703); (b) the defendant "initiates the transmission" of an

23   email in violation of the requirements in Section 5(a)(1) (15 U.S.C. § 7704); and/or (c)

24   the defendant allows the promotion of its business in an email violating CAN-SPAM;

25   the defendant knew, or should have known, that its business was being promoted in

26
27
28

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1   such a message; the defendant received or expected to receive an economic benefit

2   from such promotion; <u>and</u> the defendant took no reasonable action to prevent the

3   transmission (15 U.S.C. § 7705).[4]  This contradicts Plaintiff's simplified representation

4   in his response that "CAN-SPAM explicitly provides a direct cause of action against

5   any person who 'assists' others in sending commercial electronic mail messages."

6   (Pl.'s Resp. Opp'n Mot. Dismiss at 10.)

7          In light of the foregoing, Plaintiff's First, Second and Third Causes of Action

8   must be dismissed.

9

10          **Plaintiff Fails to Contest the Deficiencies**
           **Contained in his First Amended Complaint**

11          Having failed to address the specific deficiencies identified by Defendants in

12  Plaintiff's First Amended Complaint (<u>see</u> Mem. Mot. Dismss at 14-19), Plaintiff

13  responds instead by arguing that "the emails speak for themselves."  (Pl.'s Resp.

14  Opp'n Mot. Dismiss at 18.)  However, Defendants are not asking Plaintiff to provide

15  an analysis of the incoherent discovery previously provided under the original

16  complaint.  Rather, Defendants are simply asking Plaintiff, who chose to bring a new

17  First Amended Complaint naming new parties and new causes of action, to properly

18  plead such claims.  Any causes of action arising under the Prize Statute and/or CAN-

19  SPAM are entirely new claims.  The allegedly "detailed analysis" provided by Plaintiff

20  only addressed alleged violations of CEMA.  Plaintiff could not possibly expect

21  Defendants to now rely upon the same production as evidence of new claims brought

22  pursuant to CAN-SPAM and/or the Prize Statute.

23

24  _____

       [4]In addition, if the Court finds that CAN-SPAM claims sound in fraud, Plaintiff must plead

25  such allegations with specificity, as required by Fed. R. Civ. P. 9(b).

26           KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
                                                485 MADISON AVENUE, 15TH FLOOR
27                                              NEW YORK, NEW YORK 10022
                                                (212) 935-6020
28  00080282:1

1    In addition, contrary to the assertions in Plaintiff's response, because Plaintiff

2  completely fails in his First Amended Complaint to identify any specific email that

3  corresponds to a particular claim, it would be impossible for IMG to "look at the

4  'date' line of the email in question" because the "email in question" is never specified

5  by Plaintiff.  (Pl.'s Resp. Opp'n Mot. Dismiss at 17.)  In direct contradiction to

6  Plaintiff's disingenuous protest that he should not be required to pair each email with

7  the statutory provision(s) alleged to have been violated (Pl.'s Resp. Opp'n Mot.

8  Dismiss at 18), Plaintiff himself affirmatively represented in his First Amended

9  Complaint, that <u>each alleged email constitutes a separate transaction and therefore a</u>

10 <u>separate claim.</u>  (<u>See</u> 1st Am. Compl. ¶¶ 4.2.4, 4.2.5.)  As discussed in Defendants'

11 memorandum in support of their motion, Plaintiff alleges that Defendants have sent

12 anywhere from "at least one" (1st Am. Compl. ¶ 4.1.3) to "thousands" (1st Am. Compl.

13 ¶ 4.1.1) of emails in violation of various statutory provisions.  At the very least,

14 Defendants' request that Plaintiff pair each email (<u>each of which, in Plaintiff's own</u>

15 <u>words, constitutes a separate claim</u>), with the statutory provision(s) alleged to have

16 been violated is entirely reasonable.

17    Again and again, Plaintiff cites to case law reiterating the standard for a motion

18 to dismiss, yet he fails to address the decisions in this Circuit, discussed *supra* p. 5, that

19 hold that although factual allegations set forth in the complaint are taken as true and

20 construed in the light most favorable to the plaintiff, "courts should <u>only accept</u> as

21 true the <u>well-pleaded</u> facts, and <u>ignore</u> . . . 'unsupported conclusions,' . . . or '<u>sweeping</u>

22 <u>legal conclusions cast in the form of factual allegations.</u>'" <u>Roe</u> at 133\9 (D. Nev. 2004)

23 (emphasis added) (citing <u>Epstein v. Wash. Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir.

24 1996); quoting <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981)).

25 Plaintiff's entire First Amended Complaint consists of precisely those "facts" which

26

27 DEFENDANTS' REPLY MEMORANDUM - 12          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
                                            485 MADISON AVENUE, 15TH FLOOR
                                            NEW YORK, NEW YORK 10022
                                            (212) 935-6020

28 00080282;1

1   courts in the Ninth Circuit have suggested they should ignore — sweeping legal

2   conclusions that Defendants have violated CEMA, CPA, CAN-SPAM and/or the

3   Prize Statute, cast in the form of factual allegations.  There are virtually no "well-

4   pleaded" facts in the First Amended Complaint for the Court to accept as true.  In

5   addition, as discussed at length in Defendants' memorandum in support of their

6   motion, we are fast-approaching the second anniversary of the filing of this lawsuit.

7   Having reached over 400 docket entries, rife with vague and ambiguous pleadings

8   asserting little more than legal conclusions cast in the form of factual allegations,

9   Defendants are no closer to being able to identify the precise allegations lodged

10  against them.  This is an extraordinary and deliberate effort by Plaintiff to waste this

11  Court's and Defendants' resources.

12          In light of the foregoing, Plaintiff has failed to properly state a claim under any

13  of the statutory provisions pursuant to which he attempts to bring this action.

14  Instead, Plaintiff has deliberately crafted a pleading consisting entirely of unsupported

15  and sweeping legal conclusions cast in the form of factual allegations.  As a result, in

16  line with previously cited Ninth Circuit authority, Plaintiff's First Amended Complaint

17  should be dismissed under Fed. R. Civ. P. 12(b)(6).

18

19                                    **Conclusion**

20          Plaintiff's First Amended Complaint should be dismissed in its entirety or, at a

21  minimum, Plaintiff should be required to provide a more definite statement pursuant

22  to Fed. R. Civ. P. 12(e).  Defendants respectfully request that the Court:  1) dismiss

23  Plaintiff's First Amended Complaint with prejudice, and award Defendants their costs

24  and fees incurred in responding to Plaintiff's First Amended Complaint; or 2) grant

25

26

27  DEFENDANTS' REPLY MEMORANDUM - 13

28  00080282;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  Defendants' motion for a more definite statement, and award Defendants their costs

2  and fees incurred in responding to Plaintiff's First Amended Complaint.

3

4  RESPECTFULLY SUBMITTED, this 18th day of September, 2006.

5
                                    By:_____
6                                       Sean A. Moynihan, admitted *pro hac vice*
                                        Peter J. Glantz, admitted *pro hac vice*
7                                       Klein, Zelman, Rothermel & Dichter, L.L.P.
                                        485 Madison Ave., 15th Floor
8                                       New York, New York 10022
                                        (212) 925-6020
9                                       (212) 753-8101 Fax
                                        Attorneys for Defendants Impulse Marketing
10                                      Group, Inc., Jeffrey Goldstein and Kenneth
                                        Adamson
11
                                    By: Floyd E. Ivey  w/telephone authority
12                                      Floyd E. Ivey
                                        Liebler, Conner, Ivey, Berry & St. Hilaire
13                                      1141 N. Edison, Suite C
                                        P.O. Box 6125
14                                      Kennewick, WA 99336
                                        Local Counsel for Defendants Impulse
15                                      Marketing Group, Inc., Jeffrey Goldstein and
                                        Kenneth Adamson
16

17

18

19

20

21

22

23

24

25

26  DEFENDANTS' REPLY MEMORANDUM - 14                KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
                                                     485 MADISON AVENUE, 15TH FLOOR
27                                                   NEW YORK, NEW YORK 10022
                                                     (212) 935-6020
28  00080282;1

## Certificate of Service

I, hereby, certify that on September 18, 2006, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss or, in the Alternative, for a More Definite Statement to: Robert J. Siegel and Floyd Ivey. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Robert Pritchett; Jamila Gordon; Emily Abbey and Hon. Harold D. Clarke, Jr.

Sean A. Moynihan, admitted *pro hac vice*
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020