1   Liebler, Ivey, Conner, Berry & St. Hilaire            Hon. Fred Van Sickle
    By: Floyd E. Ivey
2   1141 N. Edison, Suite C
    P.O. Box 6125
3   Kennewick, WA 99336
    *Local Counsel for Defendants Impulse*
4   *Marketing Group, Inc., Jeffrey Goldstein*
    *and Kenneth Adamson*
5
    Klein, Zelman, Rothermel & Dichter, L.L.P.
6   By: Sean A. Moynihan & Peter J. Glantz
    485 Madison Avenue, 15th Floor
7   New York, NY 10022
    (212) 935-6020
8   *Attorneys for Defendant Impulse*
    *Marketing Group, Inc., Jeffrey Goldstein*
9   *and Kenneth Adamson*

10

11              **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE EASTERN DISTRICT OF WASHINGTON**
12                        **AT RICHLAND**

13  James S. Gordon, Jr.,                    )   Case No.: CV-04-5125-FVS
                                             )
14              Plaintiff,                   )   DEFENDANTS' MEMORANDUM
                                             )   IN OPPOSITION TO PLAINTIFF'S
15          v.                               )   MOTION TO AMEND THE
                                             )   COMPLAINT
16  Impulse Marketing Group, Inc.,           )
    Jeffrey Goldstein, Phillip Huston,       )
17  and Kenneth Adamson,                     )
                    Defendants.              )
18  _____         )

19  Impulse Marketing Group, Inc.,           )
                                             )
20              Third-Party Plaintiff,       )
                                             )
21          v.                               )
                                             )
22  Bonnie F. Gordon, Jamila Gordon,         )
    James Gordon, III, and Jonathan          )
23  Gordon,                                  )
                    Third-Party Defendants.  )
24  _____

            Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein
25
    ("Goldstein") and Kenneth Adamson ("Adamson") (collectively, "Defendants"), by
26

27  DEFENDANTS' OPPOSITION TO PLAINTIFF'S        KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    MOTION TO AMEND COMPLAINT - 1               485 MADISON AVENUE, 15TH FLOOR
28                                              NEW YORK, NEW YORK 10022
    00080977;1                                  (212) 935-6020

1  and through their counsel, Klein, Zelman, Rothermel & Dichter, L.L.P., submit this

2  memorandum in opposition to Plaintiff's Motion to Amend Complaint.

3

4  ### I.  STATEMENT OF FACTS

5  This action was commenced by Plaintiff in his individual capacity by the filing

6  of a summons and complaint on November 23, 2004 against Impulse (the "Original

7  Complaint"). (Moynihan Decl. ¶ 2.) On or about March 29, 2006, Plaintiff filed a

8  motion seeking leave to file a first amended complaint. (Moynihan Decl. ¶ 3.) On or

9  about May 2, 2006 this Court granted in part and denied in part Plaintiff's motion to

10  amend his original complaint. (Moynihan Decl. ¶ 4.) In its order, the Court

11  specifically denied Plaintiff's request to add new plaintiffs to the action. (Order

12  Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2, 2006.) Subsequently,

13  on or about June 13, 2006, Plaintiff filed his First Amended Complaint, and, in direct

14  contradiction to the Court's Order, counsel surreptitiously added "dba

15  Gordonworks.com" as a plaintiff in the action. (Moynihan Decl. ¶ 5.)

16  On or about August 31, 2006, Defendants moved to dismiss Plaintiff's First

17  Amended Complaint on several grounds including, but not limited to, the

18  unauthorized amendment of the original complaint, lack of jurisdiction and failure to

19  state a claim upon which relief could be granted. (Moynihan Decl. ¶ 6 ; Defs.' Mem.

20  Supp. Mot. Dismiss.) In addition, Defendants concurrently moved in the alternative

21  for a more definite statement. (Moynihan Decl. ¶ 6 ; Defs.' Mem. Supp. Mot.

22  Dismiss.) On or about September 11, 2006, Plaintiff filed a memorandum in response

23  to Defendants' motion concurrently with Plaintiff's unauthorized Second Amended

24  Complaint. (Moynihan Decl. ¶ 7 ). Plaintiff's unauthorized Second Amended

25  Complaint was unilaterally filed without Plaintiff seeking leave from the Court to

26

27  DEFENDANTS' OPPOSITION TO PLAINTIFF'S     KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
MOTION TO AMEND COMPLAINT - 2     485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
28  00080977;1     (212) 935-6020

1   amend, in blatant and willful disregard of the express mandates of Fed. R. Civ. P. 15.

2   Upon receipt of the unauthorized, baseless pleading, on or about September 13, 2006,

3   Defendants filed an objection to the Second Amended Complaint and returned the

4   rejected pleading to Plaintiff's counsel. (Moynihan Decl. ¶ 8.) Subsequent to the filing

5   of their objection, Defendants requested that Plaintiff withdraw the offending

6   pleading. (Moynihan Decl. ¶ 9.) Plaintiff now attempts, *a priori*, to remedy this willful

7   violation by moving to amend the complaint.

8       Plaintiff dispenses with the Federal Rules of Civil Procedure by continuing to

9   amend his pleadings without leave of this Court in an attempt to manipulate the facts

10  to his favor. As evidenced by the foregoing, Plaintiff has, in bad faith, repeatedly

11  disobeyed the Federal Rules of Civil Procedure, the Civil and Local Rules of this

12  Court, and an Order of the Court. Plaintiff should not be rewarded for his repeated

13  tactical disregard of such rules. Plaintiff's tactics and motion reaffirm yet again his

14  scheme to engage email marketers in protracted litigation, making the defense of such

15  frivolous actions cost-prohibitive.[1] Further, granting Plaintiff's motion will result in

16  prejudice to Defendants and will produce an undue delay in the litigation. Plaintiff

17  filed the Original Complaint in November 2004, and now, almost exactly two (2) years

18  and 419 docket entries later, Plaintiff seeks to again amend the complaint, which will,

19  in effect, recommence the entire action. (Moynihan Decl. ¶ 10.)

20

21

22

23  _____

24      [1]For a more detailed discussion of Plaintiff's scheme, Defendants respectfully refer the Court

25  to Defendants' Memorandum in Support of their Motion to Dismiss Plaintiff's First Amended

26  Complaint or, in the Alternative, for a More Definite Statement, filed on August 31, 2006.

27  DEFENDANTS' OPPOSITION TO PLAINTIFF'S          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    MOTION TO AMEND COMPLAINT - 3                 485 MADISON AVENUE, 15TH FLOOR
                                                  NEW YORK, NEW YORK 10022
28  00080977;1                                    (212) 935-6020

## II.  LEGAL ARGUMENT

<u>Standard for Amendment of Pleadings</u>

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that after twenty (20) days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Although the rule should be interpreted liberally, "leave to amend is not to be granted automatically." <u>Jackson v. Bank of Haw., et al.</u>, 902 F.2d 1385, 1387 (9th Cir. 1990). In denying a motion to amend, a court may consider, *inter alia*, whether: 1) permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation or result in futility for lack of merit; 2) bad faith on the part of the moving party; and 3) repeated failure to cure deficiencies by amendments previously allowed. <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

<u>Prejudice to Defendants</u>

"Prejudice to the opposing party is the most important factor." <u>Jackson</u>, 902 F.2d at 1387 (9th Cir. 1990) (citing <u>Zenith Radio Corp. v. Hazeltine Research , Inc.</u>, 401 U.S. 321, 330-31 (1971)); <u>see also</u> 3 James Wm. Moore, et al., Moore's Federal Practice ¶ 15.15[2] (3d ed. 1999).  Defendants have spent nearly two (2) years worth of time and resources defending this action.  As discussed, *supra* Part I, throughout the pendency of this action, Plaintiff has blatantly disregarded the Federal Rules of Civil Procedure, as well as this Court's Local Rules.  Now, Plaintiff merely attempts to pay lip service to Rule 15 by moving for leave to file and serve his Second Amended Complaint six (6) weeks after he already filed the document without authorization by the Court.  As discussed in detail *infra*, Defendants are prejudiced by Plaintiff's

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT - 4

00080977;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1 continued attempts to amend his pleadings without leave of this Court in an attempt
2 to manipulate the facts to his favor.  Granting Plaintiff's motion is, in effect, rewarding
3 Plaintiff's repeated tactical disregard of the Federal Rules of Civil Procedure.  This is
4 not the purpose for which the rule permitting liberal amendments was created.

5

6                      Prejudicial Undue Delay Caused by Amendment

7      The Original Complaint was filed on or about November 23, 2004.  Now,
8 almost exactly two (2) years and 419 docket entries after the commencement of the
9 action, Plaintiff has decided to amend his pleadings.  Defendants and this Court have
10 already expended tremendous time and resources on this action.  Permitting yet
11 another amendment will further delay the action, causing Defendants and the Court to
12 expend additional time and resources.  Defendants will be required to begin their
13 defense of the action anew, leading to additional motion practice and discovery.

14      A court's discretion is especially broad when plaintiff was already given one or
15 more opportunities to amend.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186
16 n.3 (9th Cir. 1987); see Chodos v. West Publ'g Co., Inc., 292 F.3d 992, 1003 (9th Cir.
17 2002); Allen v. City of Beverly Hills, 911 F.2d 367 (9th Cir. 1990) (citing Ascon Props.,
18 Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).  "'Where the party seeking
19 amendment knows or should know of the facts upon which the proposed amendment
20 is based, but fails to include them in the original complaint, the motion to amend may
21 be denied.'"  E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir. 1988) (citing Jordan
22 v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982); see Jackson, 902 F.2d at
23 1388 (9th Cir. 1990).

24      Here, all relevant facts upon which Plaintiff's claims are based were known to
25 Plaintiff two (2) years ago when he filed the Original Complaint.  The Ninth Circuit

26

27 DEFENDANTS' OPPOSITION TO PLAINTIFF'S        KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
   MOTION TO AMEND COMPLAINT - 5              485 MADISON AVENUE, 15TH FLOOR
                                              NEW YORK, NEW YORK 10022
28 00080977;1                                  (212) 935-6020

1  Court of Appeals has held that even and eight <u>month</u> delay between the time of

2  obtaining a relevant fact and seeking a leave to amend is unreasonable. <u>Jackson</u>, 902

3  F.2d at 1388 (9th Cir. 1990); <u>see</u> <u>Texaco, Inc. V. Ponsoldt</u>, 939 F.2d 794, 799 (9th Cir.

4  1991); <u>Chodros</u>, 292 F.3d at 1003 (9th Cir. 2002) (Court denied plaintiff's leave to file a

5  second amended complaint where "new" facts had been available to plaintiff even

6  before his first amendment to his complaint).

7

8                                    <u>Futility</u>

9       In addition to the foregoing grounds upon which the Court should deny

10 Plaintiff's motion, a motion for leave to amend may be denied where the amendment

11 of the pleading would be futile. <u>Rutman Wine Co. V. E. & J. Gallo Winery</u>, 829 F.2d

12 729, 738 (9th Cir. 1987). An amendment may be considered "futile" for several

13 reasons including, but not limited to, situations where the plaintiff could not cure a

14 defect with amendment because the claim had no basis in law or where the plaintiff is

15 unable to plead all of the specific elements necessary to support the claim. <u>See</u> 3

16 James Wm. Moore, et al., Moore's Federal Practice ¶ 15.15[3] (3d ed. 1999).

17      Here, Plaintiff's unauthorized Second Amended Complaint suffers from many

18 of the same defects as Plaintiff's Original Complaint and his First Amended

19 Complaint. Such defects include, *inter alia*, that Plaintiff, an individual, lacks standing

20 to bring a Cause of Action under CAN-SPAM; Plaintiff fails to properly plead that he

21 is an interactive computer service within the meaning of CEMA; the Court lacks

22 personal jurisdiction over the individual Defendants; and Plaintiff has continuously

23 failed to properly plead the specific elements necessary to support any of his claims.[2]

24 _____

25      [2]For a detailed discussion of these defects, Defendants respectfully refer the Court to

26 Defendants' Memorandum in Support of their Motion to Dismiss Plaintiff's First Amended

27 DEFENDANTS' OPPOSITION TO PLAINTIFF'S      KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
   MOTION TO AMEND COMPLAINT - 6            485 MADISON AVENUE, 15TH FLOOR
                                             NEW YORK, NEW YORK 10022
28 00080977;1                                (212) 935-6020

"Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 988 (9th Cir. 1999) (citing <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 19990). This is precisely the situation in the case at bar. Permitting Plaintiff to file and serve his unauthorized Second Amended Complaint will result in renewed motion practice, and will most likely merely delay the inevitable– the dismissal of Plaintiff's claims.

### III. CONCLUSION

Defendants respectfully requests that the Court: 1) deny Plaintiff's motion to amend the complaint; and 2) award Defendants their costs and fees incurred in responding to this motion.

RESPECTFULLY submitted, this 23rd day of October, 2006.

By:_____
Sean A. Moynihan, admitted *pro hac vice*
Peter J. Glantz, admitted *pro hac vice*
Klein, Zelman, Rothermel & Dichter, L.L.P.
485 Madison Ave., 15th Floor
New York, New York 10022
(212) 925-6020
(212) 753-8101 Fax
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson

_____

Complaint or, in the Alternative, for a More Definite Statement, filed August 31, 2006. Specifically, nowhere in any of Plaintiff's pleadings does he state the number of emails alleged to have been received, the dates upon which such emails are alleged to have been received or which specific provision(s) of the statute(s) are alleged to have been violated by a particular email.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT - 7

00080977;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1

By: _Floyd E Ivey /su/phone authoriz_

Floyd E Ivey
Liebler, Conner, Ivey, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Local Counsel for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein and
Kenneth Adamson

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT - 8

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

28

00080977;1

## Certificate of Service

I, hereby, certify that on October 23, 2006, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of Defendants' Memorandum in Opposition to Plaintiff's Motion to Amend Complaint to: Robert J. Siegel and Floyd Ivey. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Robert Pritchett; Jamila Gordon; Emily Abbey and Hon. Harold D. Clarke, Jr.

_____

Sean A. Moynihan, admitted *pro hac vice*
Attorneys for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein
and Kenneth Adamson

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020