Gordon v. Impulse Marketing Group Inc Doc. 426

Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

Hon. Fred Van Sickle

Klein, Zelman, Rothermel & Dichter, L.L.P.
By: Sean A. Moynihan & Peter J. Glantz
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
*Attorneys for Defendant Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WASHINGTON**
**AT RICHLAND**

James S. Gordon, Jr.,

Plaintiff,

v.

Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston, and Kenneth Adamson,

Defendants.

Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

v.

Bonnie F. Gordon, Jamila Gordon, James Gordon, III, and Jonathan Gordon,

Third-Party Defendants.

Case No.: CV-04-5125-FVS

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS - 1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

00080538;1

Dockets.Justia.com

## I. INTRODUCTION

Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein") and Kenneth Adamson ("Adamson") (collectively, "Defendants"), by and through their counsel, Klein, Zelman, Rothermel & Dichter, L.L.P., hereby submit this memorandum in support of their motion for sanctions against Plaintiff James S. Gordon, Jr. ("Plaintiff" or "Gordon"), Plaintiff's counsel, Robert J. Siegel ("Siegel"), and Siegel's law firm, Merkle, Siegel & Friedrichsen, P.C., pursuant to Fed. R. Civ. P. 11. Defendants respectfully request that the Court sanction Plaintiff, Siegel and Siegel's law firm by striking Plaintiff's unauthorized Second Amended Complaint and awarding reasonable attorney's fees incurred in responding to the baseless, unauthorized pleading.

## II. FACTUAL BACKGROUND

On or about March 29, 2006, Plaintiff filed a motion seeking leave to file a first amended complaint. (Moynihan Decl. ¶ 2.) On or about May 2, 2006 this Court granted in part and denied in part Plaintiff's motion to amend his original complaint. (Moynihan Decl. ¶ 3.) In its order, the Court specifically denied Plaintiff's request to add new plaintiffs to the action. (Order Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2, 2006.) Subsequently, on or about June 13, 2006, Plaintiff filed his First Amended Complaint, and, in direct contradiction to the Court's Order, counsel surreptitiously added "dba Gordonworks.com" as a plaintiff in the action. (Moynihan Decl. ¶ 4.)

On or about August 31, 2006, Defendants moved to dismiss Plaintiff's First Amended Complaint on several grounds including, but not limited to, the unauthorized amendment of the original complaint, lack of jurisdiction and failure to

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

state a claim upon which relief could be granted. (Moynihan Decl. ¶ 5; Defs.' Mem. Supp. Mot. Dismiss.) In addition, Defendants concurrently moved in the alternative for a more definite statement. (Moynihan Decl. ¶ 5; Defs.' Mem. Supp. Mot. Dismiss.) On or about September 11, 2006, Plaintiff filed a memorandum in response to Defendants' motion concurrently with Plaintiff's unauthorized Second Amended Complaint (Moynihan Decl. ¶ 6). The unauthorized Second Amended Complaint changed the caption yet again and made substantial material revisions to Plaintiff's factual allegations and causes of action . (Moynihan Decl. ¶ 6.) Plaintiff's unauthorized Second Amended Complaint was unilaterally filed without Plaintiff seeking leave from the Court to amend, in blatant and wilful disregard of the express mandates of Fed. R. Civ. P. 15. Upon receipt of the unauthorized, baseless pleading, on or about September 13, 2006, Defendants filed an objection to the Second Amended Complaint and returned the rejected pleading to Plaintiff's counsel. (Moynihan Decl. ¶ 7.)

Plaintiff dispenses with the Federal Rules of Civil Procedure by continuing to amend his pleadings without leave of this Court in an attempt to manipulate the facts to his favor. As evidenced by the foregoing, Plaintiff has, in bad faith, repeatedly disobeyed the Federal Rules of Civil Procedure, the Civil and Local Rules of this Court, and an Order of the Court. To date, Plaintiff has failed to withdraw the unauthorized pleading. (Moynihan Decl. ¶ 8.) As a result of this pattern of misconduct, Plaintiff, Siegel and the law firm of Merkle, Siegel & Friedrichsen, P.C. must be subject to sanctions pursuant to Fed. R. Civ. P. 11.

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

## III. LEGAL ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure imposes a duty on attorneys to certify by their signature that they have read the pleadings or motion that they file, and that the pleading of motion is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. Fed. R. Civ. P. 11; see Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994), citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 393 (1990). "An attorney who signs the paper without such a substantial belief shall be penalized by an appropriate sanction . . . ." Cooter, 496 U.S. at 393 (1990) (emphasis added).

In Cooter, the Supreme Court stated that "the central purpose of Rule 11 is to deter baseless filings in district court." Smith, 31 F.3d at 1488 (9th Cir. 1994) (quoting Cooter, 496 U.S. at 393 (1990)). Clearly, Plaintiff's unauthorized Second Amended Complaint, unilaterally filed without seeking leave of the Court, is precisely the type of baseless filing Rule 11 is intended to deter. The only plausible explanation for Plaintiff's intentional disregard of the Federal Rules of Civil Procedure is that counsel desires to harass and to punish Defendants unnecessarily by requiring Defendants to respond to the unauthorized pleading thereby expending significant amounts of time and money. Even the disingenuous argument that it was a mistake would not save counsel from the imposition of sanctions, as "'counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head.'" Id. (quoting Zuniga v. United Can Co., 812 F.2d 443, 452 (9th Cir. 1987)). Siegel's conduct by filing such a baseless pleading is unreasonable and vexatious. Nonetheless, by his signature, he certified pursuant to Rule 11, that the Second Amended Complaint was well-grounded in fact, had a colorable basis in law, and was not filed for an improper purpose.

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

In Smith, counsel filed a motion to correct the district court's order awarding attorney's fees and costs. Smith, 31 F.3d at 1484 (9th Cir. 1994) Following the district court's denial of his motion, counsel renoticed the same motion. The district court denied the renoticed motion and sanctioned counsel for "unreasonable and vexatious conduct." Id. In affirming the district court's award of sanctions against counsel in Smith, the Ninth Circuit Court of Appeals noted that counsel "'had shown a more than tolerable amount of disregard' for normal court procedures, [and that the district court] stated it could not 'continue to ignore' counsel's conduct." Id.

Siegel's actions in the case at bar demonstrate a similar pattern of misconduct. As discussed *supra* Part II, this is not the first time that Plaintiff's counsel has acted in direct disregard of normal court procedures and the Federal Rules of Civil Procedure. In his motion for leave to file a first amended complaint, Plaintiff surreptitiously added the unregistered trade name "dba Gordonworks.com" to the caption, but in his motion he never requested permission from the Court to amend the caption to include the dba as a plaintiff, instead requesting permission to add a different plaintiff. (Pl.'s Mot. Leave to Amend at 2.) In its May 2 Order, the Court granted leave to file a first amended complaint, but denied Plaintiff's request to add new plaintiffs. (Order Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2, 2006.) In spite of the Court's Order, Plaintiff nonetheless added "dba Gordonworks.com" as a plaintiff when he filed his First Amended Complaint. In their motion to dismiss, Defendants pointed out the numerous legal and factual deficiencies in the First Amended Complaint, including the first unauthorized amendment. Plaintiff, perhaps recognizing the strength of Defendants' arguments, did not refute Defendants' arguments, and instead chose to respond by filing an unauthorized Second Amended Complaint concurrently with his memorandum in opposition to Defendants' motion. Plaintiff's

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

counsel dispensed with the requirements of the Federal Rules of Civil Procedure, choosing to ignore the express mandate that a party "may amend the party's pleading only by leave of the Court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Clearly, the only plausible explanation for Plaintiff's continued pattern of misconduct and intentional disregard of the Federal Rules of Civil Procedure is that counsel desires to harass and punish Defendants by requiring them to respond to baseless assertions and an unauthorized pleading.

In Smith, the district court "relied on [counsel's] 'pattern of misconduct' including . . . filing unauthorized pleadings . . . ." Smith, 31 F.3d at 1485 (9th Cir. 1994). The Ninth Circuit Court of Appeals then affirmed the district court's award of sanctions "in light of the entire 'pattern of misconduct.'" Smith, 31 F.3d at 1488 (9th Cir. 1994). As in Smith, it is proper for this Court to rely on Siegel's pattern of misconduct, including the filing of the unauthorized Second Amended Complaint. As a result of these violations of Rule 11, and consistent with Ninth Circuit authority, Plaintiff, Siegel and the law firm of Merkle, Siegel & Friedrichsen, P.C. must be subject to sanctions pursuant to Fed. R. Civ. P. 11 and the unauthorized Second Amended Complaint should be stricken.

## IV. CONCLUSION

In light of the foregoing arguments and legal authority, Defendants respectfully request that the Court award sanctions against Plaintiff, Robert J. Siegel, and the law

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

firm of Merkle, Siegel & Friedrichsen, P.C., pursuant to Fed. R. Civ. P. 11., by striking Plaintiff's unauthorized Second Amended Complaint and awarding reasonable attorney's fees incurred in responding to the baseless, unauthorized pleading.

RESPECTFULLY SUBMITTED, this 8th day of November, 2006.

By:____________________________
Sean A. Moynihan, admitted *pro hac vice*
Peter J. Glantz, admitted *pro hac vice*
Klein, Zelman, Rothermel & Dichter, L.L.P.
485 Madison Ave., 15th Floor
New York, New York 10022
(212) 925-6020
(212) 753-8101 Fax
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson

By: Floyd E. Ivey w/phone auth.
Floyd E. Ivey
Liebler, Conner, Ivey, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS - 7

00080538;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

## Certificate of Service

I, hereby, certify that on November 8, 2006, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Memorandum in Support of Defendants' Motion for Sanctions to: Robert J. Siegel and Floyd Ivey. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Robert Pritchett; Jamila Gordon; Emily Abbey and Hon. Harold D. Clarke, Jr.

Sean A. Moynihan, admitted *pro hac vice*
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020