1

2

3          FILED IN THE
           U.S. DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON

4          NOV 13 2006

5          JAMES R. LARSEN, CLERK
                          _ DEPUTY
6          RICHLAND, WASHINGTON

7

8

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

9                    OF WASHINGTON AT RICHLAND

10

11
James S. Gordon, Jr.,      Plaintiff,     ) Case No.: CV-04-5125-FVS
12                                         )
            vs.                            ) THIRD PARTY DEFENDANT'S
13                                         ) MOTION FOR SUMMARY
Impulse Marketing Group, Inc.,            ) JUDGMENT – RULE 56.
14                                         )
Defendant                                  )
15                                         )
                                           )
16                                         )
Impulse Marketing Group, Inc.,  Third-    )
17                                         )
Party Plaintiff,
18
  v.
19
Jamila E. Gordon,
20
Third-Party Defendant
21  _____

22  TO: Clerk of the Court

23  AND TO: Floyd E. Ivey, Attorney for Third-Party Plaintiff

24

25

1

## Background

Third party plaintiff, Impulse Marketing Group (IMG) filed its second amended third party plaintiff complaint against me on or about November 18, 2005. IMG filed five counterclaims – alleging:

1. Indemnification and Contribution
2. Fraud and Deceit
3. Tortious Interference with Business Relationships
4. Breach of Contract
5. Injunctive Relief

During a fall 2005 teleconference with this court, defendant's attorneys requested and were granted time to conduct discovery from third party defendants. On information and belief, IMG has yet to depose or send interrogatories to any of the third party defendants.

I did not use any "gordonworks.com" email address to subscribe to any offer from any vendor – including IMG and its so-called marketing partners.

## Argument

Third Party Plaintiff, Impulse Marketing Group (IMG) is a victim of its own predatory commercial email practices. Any and all liability, which it attributes to third party defendants, it created via pernicious and predatory practices, e.g.:

- Obfuscating its identity behind a maze of false business fronts
- Using identity cloaking apparatus to hide from entities and individuals who would complain about its predatory practices.

2

- Obtaining personally identifying, which it would sell for profit to "all comers" – including potential identity thieves.
- Falsifying email headers and more

Liability was "self-inflicted by the foregoing, I am not responsible for nor did I play a part in the alleged scheme that IMG has created out of "whole cloth".

## IMG's First Cause of Action
## Indemnification and Contribution

I have aligned my responses to the numbered allegations in the second amended complaint of IMG.

17. This allegation is false. Defendant's refusal to conduct any discovery is a likely result of its falsity.

18. This allegation is false.

19. This allegation is false.

20. This allegation is false. I have engaged in no behaviors nor have I had any knowledge of such a scheme – hence no intent.

## IMG's Second Cause of Action
## Fraud and Deceit

IMG's own scheme to defraud email recipients via fraudulent prize schemes and identity theft is, in fact, the only instances of fraud and deceit in this matter.

22. This allegation is false.

3

23. This allegation is false.

24. This allegation is false.

25. This allegation is false.

26. This allegation is false.

27. This allegation is false.

28. This allegation is false.

29. This allegation is false.

30. This allegation is false.

31. This allegation is false.

32. This allegation is false.

33. This allegation is false.

34. This allegation is false.

35. This allegation is false.

36. This allegation is false.

37. This allegation is false.

38. This allegation is false.

39. This allegation is false.

40. This allegation is false.

41. This allegation is false.

IMG's Third Cause of Action

Tortious Interference with Business Relationships

No actual business relationship existed between me and IMG. IMG has failed to name the false business fronts, which it claims are marketing affiliates. The only known affiliates are other predatory marketers, e.g. Virtumundo, Azoogle, and other well-known email abusers and predatory spam gangs.

4

45. This allegation is false.

46. This allegation is false.

47. This allegation is false.

48. This allegation is false.

49. This allegation is false.

50. This allegation is false.

51. This allegation is false.

IMG's Fourth Cause of Action

Breach of Contract

Internal IMG documents to, from, and/or between Jeff Goldstein, Phillip Huston, and Ken Adamson prove knowledge that gordonworks.com domain was or should have been off-limits to its marketing ads.

54. This allegation is false.

55. This allegation is false.

56. This allegation is false.

57. This allegation is false.

58. This allegation is false.

59. This allegation is false.

60. This allegation is false.

61. This allegation is false.

62. This allegation is false.

63. This allegation is false.

64. This allegation is false.

65. This allegation is false.

5

IMG's Fifth Cause of Action

Injunctive Relief

Not one element of IMG's counterclaims has withstood the "light of day" in terms of scrutiny. IMG's failure to obtain a word from me in regards to the discovery process during the last twelve months belies any need to do so as IMG represented to this court.

67. This allegation is false.

68. This allegation is false.

69. This allegation is false.

70. This allegation is false.

71. This allegation is false.

72. This allegation is false.

73. This allegation is false.

Conclusion

Impulse Marketing Group is a predatory commercial email marketing firm. It is a serial offender in terms of refusing to honor valid unsubscribe requests. It is a serial offender in terms of surreptitiously appropriating personally identifying information from unsuspecting users of web sites it controls or owns. And it is a serial liar in terms of representations it has made to this court.

## Request for Relief

I trust that this court will put an end to the painful year of litigation initiated by IMG versus third party defendants via summary judgment wherein the IMG counterclaims are dismissed with prejudice.

I also request that the court consider an appropriate means of precluding such future behaviors by this defendant.

Jamila Gordon, Pro Se

9804 Buckingham Drive

Pasco, WA 99301

509-210-1069

_____

EXECUTED this 13th day of November, 2006

_____

## Certificate of Service

I, hereby, certify that on November 13, 2006, I filed this Order on Third Party Defendant's Motion to for Summary Judgment with this Court. I have served Bob Siegel, Douglas McKinley, Peter J. Glantz, Sean A. Moynihan, Floyd E. Ivey, James Gordon III, Jonathan Gordon, Emily Abbey, Bonnie Gordon, and Robert Pritchett by other means.

_____