1   Liebler, Ivey, Conner, Berry & St. Hilaire      Hon. Fred Van Sickle
    By: Floyd E. Ivey
2   1141 N. Edison, Suite C
    P.O. Box 6125
3   Kennewick, WA 99336
    *Local Counsel for Defendants Impulse*
4   *Marketing Group, Inc., Jeffrey Goldstein,*
    *Kenneth Adamson and Phillip Huston*
5

6   Klein, Zelman, Rothermel & Dichter, L.L.P.
    By: Sean A. Moynihan
7   485 Madison Avenue, 15th Floor
    New York, NY 10022
    (212) 935-6020
8   *Attorneys for Defendants Impulse*
    *Marketing Group, Inc., Jeffrey Goldstein,*
9   *Kenneth Adamson and Phillip Huston*

10

11         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF WASHINGTON
12                AT RICHLAND

13   James S. Gordon, Jr.,         )    Case No.: CV-04-5125-FVS
                          )
14       Plaintiff,         )
                          )
15         v.            )    MEMORANDUM OF LAW IN
                          )    SUPPORT OF DEFENDANT
16   Impulse Marketing Group, Inc.,   )    HUSTON'S MOTION TO DISMISS
    Jeffrey Goldstein, Phillip Huston,   )    PURSUANT TO FED. R. CIV. P.
17   and Kenneth Adamson,        )    12(b)(1), (2) AND (6) OR, IN
                          )    THE ALTERNATIVE, FOR A
18       Defendants.      )    MORE DEFINITE STATEMENT
   ––––––––––––––––––––––––––––––– )    PURSUANT TO FED. R. CIV. P.
19                           )    12(e)
    Impulse Marketing Group, Inc.,   )
20                           )
      Third-Party Plaintiff,    )
21                           )
        v.            )
22                           )
    Bonnie F. Gordon, Jamila Gordon,   )
23   James Gordon, III, and Jonathan   )
    Gordon,                   )
24       Third-Party Defendants.    )
25    –––––––––––––––––––––––––––––––

26

27   DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
    SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE      KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    DEFINITE STATEMENT - 1                             485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
28   00082062:1                                                (212) 935-6020

## I. PRELIMINARY STATEMENT

Defendant Phillip Huston ("Huston"), by and through his counsel, Klein, Zelman, Rothermel & Dichter, L.L.P., hereby submits this motion to dismiss Plaintiff's First Amended Complaint (the "Amended Complaint") pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## II. INTRODUCTION & PROCEDURAL HISTORY

This action was originally commenced over two (2) years ago by Plaintiff in his individual capacity by the filing of a summons and complaint on November 23, 2004 against Impulse Marketing Group, Inc. ("Impulse") (the "Original Complaint"). (Moynihan Decl. ¶ 2.) The Original Complaint, similar to the First Amended Complaint[1], was rife with vague, ambiguous allegations that Impulse had violated "at

---

[1] Further complicating matters, as set forth below, Plaintiff has filed a Second Amended Complaint without leave of Court.

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT - 2
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1   least one" prohibition of RCW § 19.190, *et seq.* (collectively referred to as "CEMA").

2   (Moynihan Decl. ¶ 3.) In addition, Plaintiff's allegations were and still are frequently

3   separated by the term "and/or," leaving Defendants to guess as to what provision of a

4   particular statute, if any, they are alleged to have violated. (Am. Compl. ¶¶ 4.2.2,

5   4.3.2(a)-(e).) Plaintiff refuses, either in his pleadings or his discovery, to identify how

6   each Defendant allegedly violated CEMA, RCW § 19.86, *et seq.* (collectively referred to

7   as "CPA"), 15 U.S.C. § 7701, *et seq.* (collectively referred to as "CAN-SPAM") and/or

8   RCW § 19.170, *et seq.* (collectively referred to as the "Prize Statute"). (Moynihan Decl.

9   ¶ 11.) Further complicating matters, both the Original Complaint and the First

10  Amended Complaint fail to specify either a time frame during which such violations

11  are alleged to have occurred, or the number of emails alleged to have been sent by

12  Impulse, Jeffrey Goldstein ("Goldstein"), Kenneth Adamson ("Adamson") and/or

13  Huston (collectively, "Defendants") in violation of CEMA, CPA, CAN-SPAM and/or

14  the Prize Statute. (Moynihan Decl. ¶ 10.) Instead, Plaintiff employs terms ranging

15  from "thousands of emails" (Am. Compl. ¶ 4.1.1) to "numerous emails" (Am. Compl.

16  ¶¶ 4.2.2, 4.2.3, 4.3.2) to "at least one (1) email" (Am. Compl. ¶ 4.1.3) to plead his case.

17       In an attempt to divine the precise allegations contained in Plaintiff's Original

18  Complaint, and the factual bases thereof, Impulse served its initial discovery requests

19  on or about December 23, 2005. (Moynihan Decl. ¶ 4.) Plaintiff's purported

20  responses were so evasive and incomplete as to be considered non-responsive, and

21  shed no light on the allegations contained in Plaintiff's Original Complaint.[2]

22  (Moynihan Decl. ¶ 5.) To date, more than one (1) year has passed and Plaintiff

23  _____

24

25       [2]Impulse intends to file a motion to compel unless the Amended Complaint is dismissed in

26  its entirety.

27  DEFENDANT HUSTON'S MEMORANDUM OF LAW IN          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE   485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
    DEFINITE STATEMENT - 3                           (212) 935-6020
28  00082062:1

1  continues to steadfastly refuse to properly respond to Impulse's discovery requests,

2  and has repeatedly reiterated that he will <u>not</u> disclose how Defendants allegedly

3  violated the statutes; instead, telling Defendants to "figure it out" for themselves.

4  (Moynihan Decl. ¶ 6.)  More than (2) years and four hundred fifty (450) docket entries

5  after the filing of the Original Complaint (Moynihan Decl. ¶ 12), Plaintiffs still refuses

6  to disclose  the number of emails that they are alleged to have sent and in what way, if

7  at all, each or any  unique email is alleged to have violated CEMA, CPA, CAN-SPAM

8  and/or the Prize Statute.  As discussed in this Part *supra*, this is all part of Plaintiff's

9  scheme to avoid having to prove his case and instead to impose an enormous financial

10  burden upon Defendants.

11      On or about June 13, 2006, Plaintiff filed his Amended Complaint (the subject

12  of this motion) naming three (3) new defendants and adding new causes of action (the

13  "Amended Complaint").  (Moynihan Decl. ¶ 7.)  Huston, however, was not served

14  until November 2, 2006.[3]  (Moynihan Decl. ¶ 8.)  Plaintiff disregards Fed. R. Civ. P. 15

15  and attempts to sidestep this Court's specific order <u>denying</u> Plaintiff's request to add

16  new plaintiffs (Order Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2,

17  2006) by unilaterally changing the caption from "James S. Gordon, Jr., an individual"

18  to add "James S. Gordon, Jr., a married individual d/b/a 'gordonworks.com.'"  In his

19  motion to amend the Original Complaint, Plaintiff never sought leave of the court

20  pursuant to Fed. R. Civ. P. 15 to add the alleged trade name Gordonworks.com as a

21  plaintiff. (Moynihan Decl. ¶ 9.)  In addition to blatantly ignoring the requirements of

22  Fed. R. Civ. P. 15, Plaintiff is disregarding the specific order of this Court.  Plaintiff

23  _____

24      [3]Upon information and belief, contrary to the requirements of LR 5.1(b), Plaintiff has

25  failed to file with the Court affidavits evidencing service on any of the newly added individual

26  defendants of the Summons and Amended Complaint.

27  DEFENDANT HUSTON'S MEMORANDUM OF LAW IN          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE   485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
    DEFINITE STATEMENT - 4                           (212) 935-6020
28  00082062:1

1    may not, in direct contradiction to the Court's order and Fed. R. Civ. P. 15, attempt to

2    bring new causes of action against Defendants on behalf of an alleged d/b/a for which

3    he failed to seek leave to add in the first place. Further, upon information and belief,

4    such d/b/a is not properly registered as a trade name with the State of Washington

5    Department of Licensing (Moynihan Decl. ¶ 9), and therefore, as discussed *supra* Part

6    III.B, Plaintiff is not entitled to maintain an action in the State of Washington on

7    behalf of unregistered d/b/a, Gordonworks.com.

8         Defendants Impulse, Goldstein and Adamson filed their motions to dismiss the

9    Amended Complaint on or about August 31, 2006. (Moynihan Decl. ¶ 15.) In

10   response, Plaintiff attempted to remedy the numerous defects contained in the

11   Amended Complaint by filing an unauthorized Second Amended Complaint, without

12   leave of court or consent of the parties, in violation of Fed.R.Civ.P. 15.[4]

13        Gordon is a professional plaintiff, whose tendency to exaggerate the facts has

14   already been noted by one court.[5] (Moynihan Decl. ¶ 14; Ex. B.) Even Plaintiff

15   himself admitted on his website that he has "developed a system that shifts the

16   'financial' burden from [himself] back to those who choose to send [him] spam."

17

18   [4]On or about September 13, 2006, Defendants Impulse, Goldstein and Adamson filed an

19   objection to the unauthorized pleading. In addition, following numerous requests that Plaintiff

20   withdraw the unauthorized pleading, on or about November 8, 2006, Defendants Impulse,

21   Goldstein and Adamson moved this Court for sanctions against Plaintiff and his counsel for their

22   refusal to do so. (Moynihan Decl. ¶ 17).

23

24   [5]In a footnote to his May 24, 2006 Order in Gordon v. Virtumundo, Inc. Case No. CV06-

25   0204JCC, Judge Coughenour, of the Western District of Washington, noted Plaintiff's "tendency to

26   exaggerate claims in its briefing."

27   DEFENDANT HUSTON'S MEMORANDUM OF LAW IN        KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
     SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE  485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
     DEFINITE STATEMENT - 5                          (212) 935-6020
28   000082062;1

(Moynihan Decl. ¶ 18; Ex. C.)  In fact, Plaintiff previously admitted in his response to Defendants Impulse, Goldstein and Adamson's motion to dismiss the Amended Complaint that Plaintiff's discovery production was intended to "induc[e] IMG to settle." (Pl.'s Resp. Opp'n Mot. Dismiss at 17.)  This scheme or "system" is further evidenced by the fact that, upon information and belief, Plaintiff, has filed no less than eleven (11) lawsuits, not including the present action, against email marketers since 2004. (Moynihan Decl. ¶ 19.)  Upon information and belief, his victims include: eFinancial; Insurance Only; Ascentive; Virtumundo, Inc.; Commonwealth Marketing Group, Inc.; Smart Bargains; American Homeowners Association; Theodore Hansson Co.; Ride Marketing Group, LLC; Video Processor and Kraft Foods.  Plaintiff's modus operandi is to file vague and ambiguous pleadings and to serve evasive and incomplete discovery responses in an attempt to either coerce email marketers into unwarranted monetary settlements (which he can then use as a war chest to litigate against yet other potentially innocent entities and individuals), or to engage email marketers in protracted litigation, forcing them to incur significant legal fees to their detriment in defense of the frivolous action(s).

## III. LEGAL ARGUMENT

### A.  Plaintiff Failed to Comply with the Court's Order Denying His Request to Add New Plaintiffs by Adding "d/b/a 'Gordonworks.com'"

On or about May 2, 2006 this Court granted in part and denied in part Plaintiff's motion to amend the Original Complaint. (Moynihan Decl. ¶ 7.) In its order, the Court specifically denied Plaintiff's request to add new plaintiffs to the action. (Order Granting in Part & Den. in Part Pl.'s Mot. Am. Compl., May 2, 2006.)  Nonetheless, Plaintiff simply ignored the Court, attempting to sidestep the Court's prior Order by unilaterally changing the caption to read "d/b/a Gordonworks.com" in a futile attempt

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

to somehow transform his "website" into a plaintiff in the action. Further, contrary to the requirements of Fed. R. Civ. P. 15, Plaintiff, in his motion to amend the Original Complaint, never sought leave of the Court to add "d/b/a Gordonworks.com" as a plaintiff in the action. Such blatant disregard of the Federal Rules and an order of this Court, and such deliberately improper tactics should not be rewarded, and each of Gordon's causes of action asserted on behalf of Gordonworks.com must be dismissed.

### B. Plaintiff Lacks Standing to Bring an Action on Behalf of an Unregistered d/b/a (Trade Name)

Assuming *arguendo* that Gordon had been permitted by this Court to add new plaintiffs to the action (which as discussed in Part III.A *infra* he clearly was not), Gordon failed to properly register Gordonworks.com as a d/b/a ("trade name") as required by the State of Washington Department of Licensing. (Moynihan Decl. ¶ 8.) "Each person . . . who shall carry on, conduct or transact business in this state under any trade name shall register that trade name with the department of licensing . . . ." RCW § 19.80.010(1). Pursuant to RCW § 19.80.040, one <u>must</u> register a trade name in order to maintain a lawsuit on behalf of said business. In short, in light of the statutory provisions governing the registration of trade names, Gordonworks.com does not exist as a legal entity. Therefore, James S. Gordon, Jr. may not maintain an action in the State of Washington on behalf of unregistered trade name, Gordonworks.com. As a result, the Court should dismiss each of Plaintiff's causes of action asserted on behalf of Gordonworks.com.

### C. Plaintiff Lacks Standing to Bring a Cause of Action as an "Interactive Computer Service" Under CEMA and CPA

As an individual, James S. Gordon, Jr. clearly does not qualify as an "interactive

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 7
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  computer service" under CEMA. CEMA defines an "interactive computer service" as
2  "any information service, system, or access software provider that provides or enables
3  computer access by multiple users to a computer server, including specifically a service
4  or system that provides access to the internet and such systems operated or services
5  offered by libraries or educational institutions." RCW § 19.190.010(8). In addition to
6  defining an "interactive computer service," CEMA also defines "Internet domain
7  name," and was later amended to define the term "web page." RCW § 19.190.010(8);
8  RCW § 19.190.010(14). By providing distinct definitions for each term, the plain
9  language of the statute clearly states the legislative intent that an interactive computer
10 service is much more than just Internet domain name, or a web page. Therefore,
11 neither Gordon, the individual, nor the Internet domain name Gordonworks.com
12 qualifies as an interactive computer service, as defined by CEMA.
13        In light of the foregoing, Plaintiff does not have statutory standing to assert his
14 Second and Third Causes of Action, except perhaps as an individual "recipient of a
15 commercial electronic mail message." RCW § 19.190.040(1). Although the term
16 "recipient" is undefined in CEMA, the definition provided in CAN-SPAM is
17 instructive. Under CAN-SPAM, the "recipient" of a commercial email message is
18 defined as the "authorized user of the electronic mail address to which the message
19 was sent or delivered." 15 U.S.C. § 7702(14). Thus, Gordon only has standing, if at
20 all, to bring his Second and Third Causes of Action based on emails sent to his
21 specific, personal email address pursuant to RCW § 19.190.040(1), and his Second and
22 Third Causes of Action brought pursuant to RCW § 19.190.040(2) should be otherwise
23 dismissed.
24
25
26

27 DEFENDANT HUSTON'S MEMORANDUM OF LAW IN        KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
   SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE    485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
   DEFINITE STATEMENT - 8                          (212) 935-6020
28 00082062:1

1   <u>D. Plaintiff Lacks Standing to Bring a Cause of Action Under CAN-SPAM</u>

2       CAN-SPAM adopts the definition provided in Section 231(e)(4) of the

3   Communications Decency Act of 1934 (the "CDA"), which defines "internet access

4   service" as "a service that enables users to access content, information, electronic mail

5   or other services offered over the Internet, and may also include access to proprietary

6   content, information, and other services as part of a package of services offered to

7   consumers." 47 U.S.C. § 231(e)(4); <u>see</u> 15 U.S.C. § 7702(11).  Common sense dictates

8   that James S. Gordon, Jr., an individual person, clearly is not an internet access service

9   as contemplated under CAN-SPAM.

10      "CAN-SPAM gives a private right of action to only ISPs . . . [t]here is no private

11  right of action for individuals."  Kevin P. Cronin & Ronald N. Weikers, <u>Data Security</u>

12  <u>& Privacy Law: Combating Cyberthreats</u> § 9:47:110 (2006).  Similarly, there is no

13  private right of action for Internet domain names, such as Gordonworks.com.  Other

14  than the limited instances in which ISPs may bring an action under CAN-SPAM, the

15  provisions of CAN-SPAM are to be enforced by the Federal Trade Commission

16  ("FTC").  15 U.S.C. § 7706(a).  Commonly known ISPs who have been permitted to

17  assert causes of action under CAN-SPAM include AOL, Microsoft and Earthlink.

18  Mr. Gordon, an individual, clearly cannot be categorized with the likes of AOL,

19  Microsoft and/or Earthlink, and is not an internet access service (ISP) within the

20  meaning of CAN-SPAM.  In light of the foregoing, Plaintiff's First Cause of Action

21  fails in its entirety because there is no private right of action for individuals and/or

22  Internet domain names under CAN-SPAM.  Therefore, Plaintiff's First Cause of

23  Action should be dismissed with prejudice.

24

25      <u>E.  Plaintiff Fails to State a Claim and Lacks</u>
        <u>Standing to Bring an Action Under the Prize Statute</u>

26

27  DEFENDANT HUSTON'S MEMORANDUM OF LAW IN          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
    SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE    485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
    DEFINITE STATEMENT - 9                            (212) 935-6020
28  00082062:1

In his Fourth Cause of Action, Plaintiff makes a blanket allegation that "numerous email advertisements . . . which Defendants transmitted to Plaintiff . . . violated [the Prize Statute]." (Am. Compl. ¶ 4.3.2.) Plaintiff then proceeds to parrot the requirements of RCW § 19.170.030, inserting "and/or" in between each and every subsection, leaving Defendants clueless as to which, if any, requirement each are alleged to have violated. Similarly, Plaintiff parrots the requirements of RCW § 19.170.040 and simply states that Defendants failed to comply with each subsection. <u>Nowhere</u> in his Fourth Cause of Action does Plaintiff allege that he suffered any damage from the alleged violation(s), or that he even read or responded to any of the emails alleged to include promotional advertising. The standing requirement to bring a private cause of action under the Prize Statute is specifically stated therein: "[a] person who <u>suffers damage</u> from an act of deceptive promotional advertising may bring an action against the sponsor or promotion of the advertising, or both." RCW § 19.170.060(1) (emphasis added). According to the plain language of the statute, Plaintiff, who does not allege to have suffered any damage as a result an alleged act of deceptive advertising, clearly fails to satisfy the standing requirement enumerated in RCW § 19.170.060(1). In light of the foregoing, Plaintiff's Fourth Cause of Action should be dismissed with prejudice.

### F.  Plaintiff Fails to State a Claim Against Huston

Plaintiff fails to establish the elements necessary in order to pierce the corporate veil. In order to pierce the corporate veil, two separate, essential facts must be established: plaintiff "must demonstrate that the corporate form was used to violate or evade a duty, and [second,] that [the corporate form] must be disregarded to prevent loss to an innocent party." <u>Wash. Water Jet Workers Assoc., et al. v. Yarbrough</u>, 151

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT- 10
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  Wash. 2d 470, 503 (2004) (citing Meisel v. M & N Modern Hydraulic Press Co., 97
2  Wash. 2d 403, 409-10 (1982)); see Dickens v. Alliance Analytical Labs, LLC, 127 Wash.
3  App. 433, 440-41 (2005). The first factor typically involves "fraud, misrepresentation,
4  or some form of manipulation of the corporation to the stockholder's benefit and
5  creditor's [plaintiff's] detriment. " Meisel, 97 Wash. 2d at 410 (quoting Truckweld
6  Equip. Co. v. Olson, 26 Wash. App. 638, 645 (1980)); see Strandley v. CNS Ins. Cos.,
7  93 Wash. App. 1022 (1998); see also Dole Food Co. v. Patrickson, 538 U.S. 468, 475
8  (2003) ("The doctrine of piercing the corporate veil is the rare exception, applied in the
9  case of fraud or certain other exceptional circumstances . . . "). In the case at bar, the
10  Court has already ruled that the underlying CEMA claims do not sound in fraud.[6]
11  (Order Den. Def.'s Mot. Dismiss, July 11, 2005 at 13.) Applying the Court's line of
12  reasoning to CAN-SPAM and the Prize Statute, one must conclude that claims
13  asserted under CAN-SPAM and/or the Prize Statute are also not claims involving
14  fraud. With regard to the second factor, "wrongful corporate activities must actually
15  harm the party seeking relief so that disregard is necessary. Intentional misconduct
16  must be the cause of the harm that is avoided by disregard." Meisel, 97 Wash. 2d at
17  410 (1980); see Strandley, 93 Wash. App. 1022 (1998).
18      In Water Jet, plaintiff named the owners of a defendant corporation but failed
19  to claim a specific wrongdoing against such owners. The trial court dismissed the
20  claims against the individual owners, finding that plaintiff had an opportunity to submit
21  facts to demonstrate that the corporate form had been abused and that piercing the
22  corporate veil was justified and plaintiff failed to do so. Water Jet, 151 Wash. 2d at 503
23  (2004). On appeal, the Supreme Court of the State of Washington affirmed the trial

---

25  [6]If the Court, however, finds that such claims do sound in fraud, then Plaintiff's pleading is
26  held to the heightened pleading requirements of Fed. R. Civ. P. 9(b).

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 11
00082062:1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  court's decision, concluding that dismissal of the claims against the individual owners
2  was appropriate based on a failure to state a claim. Id.
3      The foregoing facts in Water Jet parallel those of the case at bar. Plaintiff simply
4  recites that each of the individual defendants is "an officer, director, and/or majority
5  shareholder of Impulse, and as such controls its policies, activities, and practices,
6  including those alleged herein on behalf of Impulse." (Am. Compl. ¶¶ 1.3, 1.4, 1.5.)
7  "Piercing the corporate veil is an equitable remedy imposed to rectify an abuse of the
8  corporate privilege." Dickens 127 Wash. App. at 440 (2005). Plaintiff does not allege
9  that the individual defendants have abused the corporate privilege, nor has he alleged
10 that Impulse is a sham corporation or that the corporation is an alter ego of any or all
11 of the individual defendants. Even accepting the allegations contained in the Amended
12 Complaint as true, nowhere in the Amended Complaint does Plaintiff attempt to
13 incorporate any factual averments or circumstances in support of the two essential
14 burdens of proof required to pierce the corporate veil; specifically, that the corporate
15 form was used to violate or evade a duty and that the failure to hold the individuals
16 liable would result in a loss to Plaintiff. Thus, as in Water Jet, the dismissal of
17 Plaintiff's causes of action against Huston is also appropriate based on the failure of
18 Plaintiff to state a claim.
19
20      G.  Plaintiff Fails to Establish that Personal Jurisdiction Exists Over Huston
21      Plaintiff bears the burden of establishing personal jurisdiction over a defendant.
22 See Hirsch v. Blue Cross, Blue Shield of Kan., 800 F.2d 1474, 1477 (9th Cir. 1986);
23 Cognigen Networks v. Cognigen Corp., 174 F.Supp.2d 1134, 1137 (W.D. Wash. 2001)
24 (On defendant's motion to dismiss for lack of personal jurisdiction, it is the plaintiff's
25 burden to show that jurisdiction is proper); Langlois v. Deja Vu, Inc., 984 F.Supp.
26

1327, 1332 (W.D. Wash. 1997) (plaintiff bears the burden of proving that jurisdiction exists as to <u>each</u> out-of-state defendant (emphasis added)). The Ninth Circuit Court of Appeals has held that through the presentation of affidavits and discovery materials, plaintiffs must prove a prima facie case of jurisdiction as to each and every out-of-state defendant. <u>Brand v. Menlove Dodge</u>, 746 F.2d 1070, 1072 (9th Cir. 1986); <u>see also</u> <u>Langlois</u>, 984 F.Supp. at 1332-33 (W.D. Wash. 1997).

      In order to exercise personal jurisdiction, a court must find that a defendant has a threshold level of "minimum contacts" with the forum state such that "traditional notions of fair play and substantial justice" are not offended. <u>See Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 316 (1945); <u>see Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 474 (1985). If a defendant has a continuous and systematic presence in the forum state, the court has "general jurisdiction" over the defendant; if the claim arises out of the defendant's forum directed activities, the court may exercise "specific jurisdiction" can be asserted over the defendant within the forum. <u>See Helicopteros Nacionales de Colom., S.A. v. Hall</u>, 466 U.S. 408, 414 (1984). Based upon the allegations contained in the Amended Complaint, it appears that Plaintiff does not allege that the Court has general jurisdiction over Huston.

      The determination as to the existence of specific jurisdiction is made by looking to Washington's long-arm statute, RCW § 4.28.185. In order to exercise specific jurisdiction over a non-resident defendant under the Constitution and RCW § 4.28.185, the courts of Washington have applied a three-part test: (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must be one which arises out of or results from the defendant's forum-related

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 13
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1  activities; and (3) the exercise of jurisdiction must be reasonable.  Omeluk v. Langsten
2  Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).  A defendant purposefully
3  avails himself of the benefits of the forum if he has deliberately "engaged in significant
4  activities within a state or has created 'continuing obligations' between himself and the
5  residents of the forum, and the cause of action arises out of those obligations.  Burger
6  King Corp., 471 U.S. 475- 76 (1985).  Plaintiff's claims in the Amended Complaint are
7  based upon his faulty assumption that Huston sent emails to Gordon, a Washington
8  resident, or that emails Gordon received were "from or on behalf of defendants."
9  (Am. Compl. 4.1.1.)  When in fact, no emails were sent by Huston individually, and
10  certainly no emails received by Plaintiff were "from or on behalf of" Huston,
11  Goldstein and/or Adamson in their individual capacity.  (Huston Decl. ¶ 6.)  Moreover,
12  Plaintiff has no reason to believe Huston acted in his individual capacity.  Even
13  assuming *arguendo* that an email was sent to Plaintiff, any such email would have been
14  sent by or on behalf of some corporation, and not Huston himself.  In addition,
15  Huston ceased employment with Impulse in or around the end of March 2005.
16  (Huston Decl. ¶ 7.)  Finally, Huston is a resident of the State of Nevada, and neither
17  owns property, maintains business or personal bank accounts or regularly transacts
18  business in the State of Washington.  (Huston Decl. ¶¶ 3-5.)  Thus, Huston has not
19  purposefully availed himself of the benefits of the forum by engaging in significant
20  activities within the State of Washington or by creating continuing obligations between
21  himself and Washington State residents.  Therefore, Plaintiff has failed to prove that
22  jurisdiction exists as to each out-of-state defendant.  As a result, the Court should
23  decline to exercise personal jurisdiction over Huston, and should dismiss the Amended
24  Complaint as to Huston.
25
26
27
28

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 14
00082062:1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

H.  Plaintiff's Amended Complaint Should be Dismissed
Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim

Even assuming *arguendo* that Plaintiff had standing to bring any of his causes of action, he has failed to satisfy the basic pleading requirements of CR 8(a) and Fed. R. Civ. P. 8(a).  The Original Complaint, discussed *infra* Part I, consisted of vague and ambiguous blanket allegations that Defendant violated "at least one" provision of CEMA.  (Compl. ¶¶ 3.7, 3.9 and 3.12.)  Now, again,  the First Amended Complaint suffers from the same vagueness and ambiguity.  For example, Plaintiff alleges that "Defendants" sent anywhere from "at least one" to "thousands" of emails in violation of CEMA (and CPA), and/or CAN-SPAM and/or the Prize Statute.

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Roe v. Nev., 332 F. Supp. 2d 1331, 1339 (D. Nev. 2004) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir. 1988).  Although factual allegations set forth in the complaint "taken as true and construed in the light most favorable to [p]laintiffs", the Ninth Circuit has elaborated on this rule, explaining that "courts should only accept as true the well-pleaded facts, and ignore 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' unwarranted deductions,' 'footless conclusions of law' or 'sweeping legal conclusions cast in the form of factual allegations.'"  Id. (emphasis added) (citing Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); quoting W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

As Plaintiff himself points out, each alleged email constitutes a separate transaction and therefore a separate claim.  (See Am. Compl. ¶¶ 4.2.4, 4.2.5.)  Notwithstanding the foregoing, Plaintiff fails to identify anywhere in his pleading the number of emails alleged to have been sent by each Defendant in violation of each

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT - 15
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

separate and distinct provision of the aforementioned statutes. (Am. Compl. ¶¶ 4.1.1-
4.1.6, 4.2.2, 4.2.3, 4.3.2). Further, Plaintiff fails to separate each allegation made on
behalf of Gordonworks.com from those allegations asserted by the recipient of an
email. Rather, Gordon simply lumps his claims on behalf of unregistered trade name
Gordonworks.com together with his claims arising out of being an individual recipient
of email, alleging collectively that undifferentiated "Defendants" transmitted emails to
"Plaintiff." (See Am. Compl. ¶¶ 4.2.3, 4.3.2.) Plaintiff even fails to identify a time the
time frame during which such alleged violations are alleged to occur.[7]

      Plaintiff's entire First Amended Complaint consists of precisely those "facts"
which courts in the Ninth Circuit have suggested they should ignore– sweeping legal
conclusions that Defendants have violated CEMA, CPA, CAN-SPAM and/or the
Prize Statute, cast in the form of factual allegations. There are virtually no "well-
pleaded" facts for the Court to accept as true. Without limiting the foregoing, Huston
addresses the following specific deficiencies and unsupported conclusions, *inter alia*, in
the order in which they appear in Plaintiff' Amended Complaint:

- Plaintiff fails to distinguish between alleged violations by the
  individual defendants and alleged violations by the corporate
  defendant;
- Plaintiff states that he has received "thousands of commercial
  email messages from or on behalf of Defendants, sent to

---

[7]In the absence of such basic information, Huston is unable to determine, *inter alia*, whether
he is entitled to assert a statute of limitations defense. Based upon Plaintiff's Amended Complaint it
is unclear when the emails in question were sent, and is therefore possible that they were sent before
the enactment of the statutory provisions Plaintiff seeks to enforce.

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT- 16
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

Plaintiff's electronic mail server[8] located in Benton and Franklin
Counties, Washington, and/or its registered domain names,
including 'gordonworks.com' in violation of" CAN-SPAM (Am.
Compl. 4.1.1), but fails to identify the registered domain names
alleged to have received emails, the specific email addresses
alleged to have received the emails, the provision of CAN-SPAM
alleged to have been violated or the factual basis for his
conclusion that each or any email received violated any provision
of CAN-SPAM;

- Plaintiff alleges that his unsubscribe requests "went unheeded for
a substantial amount of time" (Am. Compl. 4.1.2), but fails to
identify the email address(es) on behalf of which such requests
were sent, to whom such requests were sent and for how long
such requests allegedly "went unheeded" or the email from which
the request arose;

- Plaintiff vaguely alleges that "at least one" email was sent by

---

[8]Although Plaintiff claims in this action to own the server, in a separate action against
Virtumundo, Inc. Gordon stated that the server on which Gordonworks.com resides is owned by
third party Omni Innovations, LLC. However, in actuality, the domain Gordonworks.com is, upon
information and belief, hosted by Webmasters.com, on a server located in Tampa, Florida.
(Moynihan Decl. ¶ 13; Ex B.) In addition, upon information and belief, the internet domain server
ns.gordonworks.com has been assigned by the registrar, Go Daddy Software, Inc., the Internet
Protocol ("IP") address 68.178.150.119, and this IP address is believed to be located in Scottsdale,
Arizona. (Moynihan Decl. ¶ 13; Ex. B.)

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 17
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

undifferentiated Defendants to an address "most likely harvested from domain name registration and/or by other means of anonymous information harvesting." (Am. Compl. 4.1.3). It is unclear from this statement whether Plaintiff is even alleging that he believes Defendants harvested "an address." Further, Plaintiff fails to identify the email address alleged to have been harvested or the facts supporting his conclusion that such email address was harvested.

Plaintiff has failed to properly state a claim under any of the statutory provisions pursuant to which he attempts to bring this action. Instead, Plaintiff has deliberately crafted a pleading consisting entirely of vague, unsupported and sweeping legal conclusions cast in the form of factual allegations. As a result, in line with previously cited Ninth Circuit authority, Plaintiff's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

## I. If the Amended Complaint is not Dismissed, Plaintiff Should be Required to Provide a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)

With the filing of the Amended Complaint, Plaintiff continues his pattern of filing deliberately vague and ambiguous pleadings. "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, or if more particularity in the pleading will further the economical disposition of the case, the party receiving the pleading may move for a more definite statement before serving a responsive pleading." CR 12(e); see Fed. R. Civ. P. 12(e) (emphasis added). Although notice pleading requires only that the complaint contain a short and plain statement showing that the plaintiff is entitled to relief (CR 8(a); Fed. R. Civ. P. 8(a)), this does not

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 18
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020

1    dispense with the necessity, as occasion may require, for a statement of certain details

2    which would enable each defendant to more readily prepare and file a responsive

3    pleading. Fed. Proc. § 62:421 (2006). In fact, unless facts are "simply and concisely

4    stated in lucid fashion, and support [plaintiff's] conclusion" the action fails.

5    Washburn, et al. v. Moorman Mfg. Co., 25 F.Supp. 546, 546 (S.D. Cal. 1938).

6            Nowhere in the Amended Complaint does Plaintiff simply and concisely state

7    in lucid fashion the facts supporting, *inter alia*, the number of emails alleged to have

8    been sent by specific Defendant(s) to Plaintiff or his belief that Defendants are

9    responsible for sending the alleged emails to Plaintiff. As outlined in Part III.H *infra*,

10   Plaintiff's Amended Complaint is intentionally replete with vague, ambiguous, and

11   cumulative allegations. To date, as a result of Plaintiff's improper pleading, more

12   than two (2) years into the action and over four hundred fifty (450) docket entries

13   later, Defendants are no closer to being able to identify and/or defend the specific

14   allegations being lodged against them. (Moynihan Decl. ¶12.) As a result, Plaintiff's

15   action should fail under the court's analysis in Washburn. However, if the Court does

16   not dismiss the action, Plaintiff should be required to provide a more definite

17   statement.

18           In order to interpose a responsive pleading and to further the economical

19   disposition of the case, if necessary following this motion to dismiss, Huston requires,

20   at a minimum, the following additional details: the number of emails alleged to have

21   been sent in violation of each separate and distinct provision of CEMA and CPA,

22   CAN-SPAM and RCW § 19.170, *et seq.*; the manner in which each email is alleged to

23   have violated any subsection of the aforementioned statutes (e.g., deceptive subject

24   line, etc.); to what specific email addresses each email is alleged to have been sent;

25   which claims are being asserted against Huston, individually, which claims are being

26

27   DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
     SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
28   DEFINITE STATEMENT - 19
     00082062;1

     KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
     485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
     (212) 935-6020

1    asserted by Plaintiff as an (alleged) interactive computer service, and which claims are

2    being asserted by Plaintiff as a recipient of an allegedly violative email.

3        In sum, if Plaintiff's action is not dismissed, Plaintiff should be required to state

4    for <u>each and every email</u>: 1) the email address to which it was sent; 2) the date on

5    which it was sent; 3) the specific ways in which the email is alleged to violate any

6    provision of any statute and the factual basis or bases for such a conclusion; 4) the

7    factual basis upon which Plaintiff bases his conclusion that the email was sent or

8    initiated by or on behalf of Huston.

9

10                              IV.  CONCLUSION

11       In light of the foregoing arguments, Plaintiff's Amended Complaint should be

12   dismissed in its entirety or, at a minimum, Plaintiff should be required to provide a

13   more definite statement pursuant to Fed. R. Civ. P. 12(e).   Huston respectfully

14   requests that the Court:  1) dismiss Plaintiff's First Amended Complaint with

15   prejudice, and award Huston his costs and fees incurred in responding to Plaintiff's

16   First Amended Complaint; or 2) grant Huston's motion for a more definite statement,

17   and award Huston his costs and fees incurred in responding to Plaintiff's First

18   Amended Complaint.

19   RESPECTFULLY SUBMITTED, this 2ⁿᵈ day of January, 2007.

20

21       By:_____

22                Sean A. Moynihan, admitted *pro hac vice*
                 Klein, Zelman, Rothermel & Dichter, L.L.P.

23                485 Madison Ave., 15th Floor
                 New York, New York 10022

24                (212) 925-6020
                 (212) 753-8101 Fax

25                Attorneys for Defendants Impulse Marketing
                 Group, Inc., Jeffrey Goldstein , Kenneth

26                Adamson and Phillip Huston

27   DEFENDANT HUSTON'S MEMORANDUM OF LAW IN          KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
     SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE   485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
28   DEFINITE STATEMENT - 20                          (212) 935-6020
     00082062;1

By: _____
Floyd E. Ivey
Liebler, Conner, Ivey, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Local Counsel for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein,
Kenneth Adamson and Phillip Huston

DEFENDANT HUSTON'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO DISMISS OR FOR A MORE
DEFINITE STATEMENT - 21
00082062;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 MADISON AVENUE, 15TH FL., NEW YORK, NY 10022
(212) 935-6020