1   Liebler, Ivey, Conner, Berry & St. Hilaire                    Hon. Fred Van Sickle
    By: Floyd E. Ivey
2   1141 N. Edison, Suite C
    P.O. Box 6125
3   Kennewick, WA 99336
    *Local Counsel for Defendants Impulse*
4   *Marketing Group, Inc., Jeffrey Goldstein,*
    *Kenneth Adamson and Phillip Huston*
5
    Klein, Zelman, Rothermel & Dichter, L.L.P.
6   By: Sean A. Moynihan
    485 Madison Avenue, 15th Floor
7   New York, NY 10022
    (212) 935-6020
8   *Attorneys for Defendants Impulse*
    *Marketing Group, Inc., Jeffrey Goldstein,*
9   *Kenneth Adamson and Phillip Huston*

10

11              IN THE UNITED STATES DISTRICT COURT
12           FOR THE EASTERN DISTRICT OF WASHINGTON
                          AT RICHLAND

13   James S. Gordon, Jr.,                )    Case No.: CV-04-5125-FVS
                                          )
14              Plaintiff,                )
                                          )
15       v.                               )    DECLARATION OF
                                          )    SEAN A. MOYNIHAN, ESQ. IN
16   Impulse Marketing Group, Inc.,       )    SUPPORT OF DEFENDANT
     Jeffrey Goldstein, Phillip Huston,   )    HUSTON'S MOTION TO DISMISS
17   and Kenneth Adamson,                 )    OR, IN THE ALTERNATIVE, FOR
                                          )    A MORE DEFINITE STATEMENT
18              Defendants.               )
                                          )
19   ─────────────────────────────────────)
     Impulse Marketing Group, Inc.,       )
20                                        )
                Third-Party Plaintiff,    )
21                                        )
         v.                               )
22                                        )
     Bonnie F. Gordon, Jamila Gordon,     )
23   James Gordon, III, and Jonathan      )
     Gordon,                              )
24                                        )
                Third-Party Defendants.   )
                                          )
25
26       Sean A. Moynihan, an attorney and counselor at law duly licensed in the State of

27
28   MOYNIHAN DECLARATION IN SUPPORT OF HUSTON'S       KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
     MOTION TO DISMISS THE AMENDED COMPLAINT - 1       485 Madison Avenue, 15th Floor, New York, NY 10022
     00082063;1                                        (212) 935-6020

Dockets.Justia.com

New York, now declares:

1.     I am a partner with the law firm of Klein, Zelman, Rothermel & Dichter, L.L.P., counsel for Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein"), Kenneth Adamson("Adamson") and Phillip Huston ("Huston") (collectively, "Defendants") in the above-captioned action.  I submit this declaration in support of Defendants' Memorandum in Support of Defendant Huston's Motion to Dismiss or, in the Alternative, for a More Definite Statement. Except as to matters alleged below as being upon information and belief, I am fully and personally familiar with the facts and circumstances set forth herein.

2.     This action was commenced by the filing of a summons and complaint on November 23, 2004 against Impulse (the "Original Complaint").

3.     The Original Complaint was rife with vague and ambiguous allegations that Impulse had violated "at least one" provision of RCW § 19.190, *et seq.* (collectively referred to as "CEMA").

4.     In an attempt to divine the precise allegations contained in the Original Complaint, and the factual bases thereof, Impulse served its initial discovery requests on or about December 23, 2005.

5.     Plaintiff's purported responses were so deliberately evasive and incomplete as to be considered non-responsive, and shed no light on the allegations in the Original Complaint.

6.     To date, Plaintiff has steadfastly refused to properly respond to Impulse's discovery requests, and has repeatedly reiterated that he will not disclose how Defendants allegedly violated the statutes; instead, telling Defendants to "figure it out" for themselves.

7.     On or about May 2, 2006, this Court granted in part and denied in part Plaintiff's motion to amend the Original Complaint.  On or about June 13, 2006,

MOYNIHAN DECLARATION IN SUPPORT OF HUSTON'S
MOTION TO DISMISS THE AMENDED COMPLAINT - 2
00082063:1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 Madison Avenue, 15th Floor, New York, NY 10022
(212) 935-6020

1   Plaintiff filed his First Amended Complaint (the "Amended Complaint"), naming three
2   (3) new individual defendants and adding new causes of action.

3       8.      On or about November 2, 2006, Plaintiff served his First Amended
4   Complaint on Huston.

5       9.      Despite this Court's Order directly prohibiting him from adding any new
6   plaintiffs and in wilful disregard of Fed. R. Civ. P. 15, Plaintiff unilaterally amended the
7   caption to add "d/b/a Gordonworks.com" as a plaintiff. Plaintiff never sought leave
8   of the Court to add the alleged d/b/a Gordonworks.com as a plaintiff. Further, upon
9   information and belief, such d/b/a is not properly registered as a trade name with the
10  State of Washington Department of Licensing.

11      10.     Both the Original Complaint and Amended Complaint fail to specify
12  either a time frame during which such violations are alleged to have occurred, or the
13  number or emails alleged to have been sent by Defendants in violation of CEMA,
14  RCW § 19.86, *et seq.* (collectively referred to as "CPA"), 15 U.S.C. § 7701, *et seq.*
15  (collectively referred to as "CAN-SPAM") and/or RCW § 19.170, *et seq.* (collectively
16  referred to as the "Prize Statute").

17      11.     Plaintiff refuses, either in his pleadings or in his discovery, to identify how
18  Defendants allegedly violated CEMA, CPA, CAN-SPAM and/or the Prize Statute.

19      12.     Now, more than (2) years into the action and four hundred fifty (450)
20  docket entries later, Defendants are no closer to being able to decipher and/ or defend
21  the allegations lodged against them.

22      13.     Plaintiff's averments in this action contradict those made by Plaintiff in
23  other actions. Specifically, although Plaintiff claims in this action to own the server, in
24  a separate action against Virtumundo, Inc. Plaintiff stated that the server on which the
25  domain name Gordonworks.com resides is owned by third-party Omni Innovations,
26  LLC. However, upon information and belief, Gordonworks.com is in fact hosted by

27
28

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 Madison Avenue, 15th Floor, New York, NY 10022
(212) 935-6020

1    Webmasters.com on a server located in Tampa, Florida.  In addition, the internet

2    domain server ns.gordonworks.com has been assigned Internet Protocol ("IP")

3    address 68.178.150.119 by the domain name registrar Go Daddy Software, Inc.  This

4    IP address is, upon information and belief, situated in Scottsdale, Arizona.  Attached

5    hereto as Exhibit A is the DNS Lookup information related to the domain name,

6    server and IP address.

7        14.     James S. Gordon, Jr. is a professional plaintiff, whose tendency to

8    exaggerate has already been noted by Judge Coughenour of the Western District of

9    Washington.  Attached hereto as Exhibit B is a copy of Judge Coughenour's decision

10   in Gordon v. Virtumundo, Inc., Case No. CV06-0204JCC.

11       15.     On or about August 31, 2006, Defendants Impulse, Goldstein and

12   Adamson filed motions to dismiss the Amended Complaint.

13       16.     In response, on or about September 11, 2006, Plaintiff filed an

14   unauthorized Second Amended Complaint without leave of court or consent of the

15   parties, in violation of Fed.R.Civ.P. 15.  To date, the Second Amended Complaint has

16   not been withdrawn.

17       17.     On or about September 13, 2006, Defendants Impulse, Goldstein and

18   Adamson filed an objection to the unauthorized pleading.  In addition, following

19   numerous requests that Plaintiff withdraw the offending pleading, on or about

20   November 8, 2006, Defendants Impulse, Goldstein and Adamson moved this Court

21   for sanctions against Plaintiff and his counsel.

22       18.     Plaintiff admitted on his website that he has "developed a system that

23   shifts the 'financial' burden from [himself] back to those who choose to send [him]

24   spam."  Attached hereto as Exhibit C is a printout of Plaintiff's website from March

25   2004 obtained from Internet Archive's Wayback Machine, as well as information about

26   the Wayback Machine.

27

28

MOYNIHAN DECLARATION IN SUPPORT OF HUSTON'S
MOTION TO DISMISS THE AMENDED COMPLAINT - 4
00082063:1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 Madison Avenue, 15th Floor, New York, NY 10022
(212) 935-6020

1     19.    Plaintiff's scheme is further evidenced by the fact that, upon information and belief, he has filed no less than eleven (11) lawsuits, not including the present action, against email marketers since 2004.

20.    Plaintiff has no basis in law or in fact to bring this action against Huston.

21.    Plaintiff's action is simply an improper attempt to coerce Defendant(s) into settling this frivolous action.

DATED this 2nd day of January, 2007.

_____
Sean A. Moynihan

MOYNIHAN DECLARATION IN SUPPORT OF HUSTON'S
MOTION TO DISMISS THE AMENDED COMPLAINT - 5
00082063;1

KLEIN, ZELMAN, ROTHERMEL & DICHTER, L.L.P.
485 Madison Avenue, 15th Floor, New York, NY 10022
(212) 935-6020

# Exhibit A

# DNS Lookup: www.gordonworks.com ALL record

Generated by www.DNSstuff.com at 19:52:02 GMT on 30 Aug 2006.

**Peer 1 Hosting Plans**
High performance hosting plans from $269.
Request a quote online
www.dedicatedhosting.com

**Nibblers**
Trumpf power tools New Tools and
Replacement parts
www.emaxaction.com

**Free DNS Service**
Flexible DNS service for every domain - .com,
.net, .org, and more
www.pairNIC.com

```
How I am searching:
Searching for www.gordonworks.com ALL record at h.root-servers.net [128.63.2.53]: Got referral to j.gtld-serve
Searching for www.gordonworks.com ALL record at j.gtld-servers.net. [192.48.79.30]: Got referral to ns2.gordo
Searching for www.gordonworks.com ALL record at ns2.gordonworks.com. [68.178.150.119]: Got CNAME of gordonwor
Searching for gordonworks.com ALL record at a.root-servers.net [198.41.0.4]: Got CNAME of gordonwor
Searching for gordonworks.com ALL record at D.GTLD-SERVERS.NET. [192.31.80.30]: Got referral to D.GTLD-SERVERS.NE
Searching for gordonworks.com ALL record at ns1.gordonworks.com. [68.178.150.119]: Reports mail.gordonworks.co

Answer:
```

| Domain | Type | Class | TTL | Answer |
|--------|------|-------|-----|--------|
| gordonworks.com. | MX | IN | 86400 | mail.gordonworks.com. [Preference = 10] |
| gordonworks.com. | SOA | IN | 86400 | Primary DNS server: ns.gordonworks.com.<br>Responsible Name: root@gordonworks.com.<br>Serial: 1117646086<br>Refresh: 10800 (3h)<br>Retry: 3600 (1h)<br>Expire: 604800 (1w)<br>Minimum/NegTTL: 86400 (1d) |
| gordonworks.com. | NS | IN | 86400 | ns.gordonworks.com. |
| gordonworks.com. | A | IN | 86400 | 68.178.150.119 |
| mail.gordonworks.com. | A | IN | 86400 | 68.178.150.119 |
| ns.gordonworks.com. | A | IN | 86400 | 68.178.150.119 |

**NOTE:** One or more CNAMEs were encountered. www.gordonworks.com is really gordonworks.com.

There is no need to *refresh* the page -- to see the DNS traversal, to make sure that all DNS servers are report
the same results, you can Click Here.

Note that these results are obtained in real-time, meaning that these are **not** cached results.
These results are what DNS resolvers all over the world will see right now (unless they have cached informatic

**Note about ANY/ALL lookups:** The ANY/ALL record type is designed to show every DNS record for a hostname.
We display all DNS records that are returned to us. There are two catches to ANY/ALL lookups, however. The
first is that it only returns DNS records for the hostname that you enter, so if you enter 'example.com' you
will see the A record for example.com and MX record for example.com, but you will not see the A record for
www.example.com (this isn't possible without a zone transfer, which normally requires special permission).
The other catch is that some DNS servers are unfortunately set up to 'lie', and not return all the DNS records
for a hostname. This behavior is the same no matter what you use to do the DNS lookup.

(C) Copyright 2000-2006 DNSstuff.com

MOYNIHAN DECL. 7

# WHOIS results for 68.178.150.119

Generated by www.DNSstuff.com

Location: United States [City: Scottsdale, Arizona]

NOTE: More information appears to be available at NOC124-ARIN.

Using 0 day old cached answer (or, you can get fresh results).
Displaying E-mail address (use sparingly -- this will make it more likely that you will trigger our rate limiting system).

```
OrgName:    Go Daddy Software, Inc.
OrgID:      GDS-31
Address:    14455 N Hayden Road
Address:    Suite 226
City:       Scottsdale
StateProv:  AZ
PostalCode: 85260
Country:    US

NetRange:   68.178.128.0 - 68.178.255.255
CIDR:       68.178.128.0/17
NetName:    GO-DADDY-SOFTWARE-INC
NetHandle:  NET-68-178-128-0-1
Parent:     NET-68-0-0-0-0
NetType:    Direct Allocation
NameServer: CNS1.SECURESERVER.NET
NameServer: CNS2.SECURESERVER.NET
Comment:
RegDate:    2005-04-12
Updated:    2005-11-11

RAbuseHandle: ABUSE51-ARIN
RAbuseName:   Abuse Department
RAbusePhone:  +1-480-624-2505
RAbuseEmail:  abuse@godaddy.com

RNOCHandle: NOC124-ARIN
RNOCName:   Network Operations Center
RNOCPhone:  +1-480-505-8809
RNOCEmail:  noc@godaddy.com

OrgAbuseHandle: ABUSE51-ARIN
OrgAbuseName:   Abuse Department
OrgAbusePhone:  +1-480-624-2505
OrgAbuseEmail:  abuse@godaddy.com

OrgNOCHandle: NOC124-ARIN
OrgNOCName:   Network Operations Center
OrgNOCPhone:  +1-480-505-8809
OrgNOCEmail:  noc@godaddy.com

OrgTechHandle: NOC124-ARIN
OrgTechName:   Network Operations Center
OrgTechPhone:  +1-480-505-8809
OrgTechEmail:  noc@godaddy.com

# ARIN WHOIS database, last updated 2006-08-29 19:10
# Enter ? for additional hints on searching ARIN's WHOIS database.
```

When the server was last reloaded, we had 294080 IP addresses banned. We encourage you to view these pages in a browser or widget/extension. You are not allowed to use automated programs to access this information, or you may be fined.

(C) Copyright 2000-2006 DNSstuff.com

# City From IP

Generated by www.DNSstuff.com

**Buy Blue Coat Appliances**
Complete selection of Blue Coat Proxy & Anti-Spyware Appliances
www.EdgeBlue.com

**Proxy Server**
Half the global 500 uses HP Integrity servers—See why
www.Itanium-Integrity.com

```
IP:                68.178.150.119
Country:           United States
City:              Scottsdale, Arizona

Country Code:      US
Currency:          USD [United States Dollars]
Private IP?        No
Known Proxy?       No
```

Want to know more about geolocation? Check our our geolocation FAQ, or you can buy the geolocation database we use (for city, region, and country) from IP2Location.
Look up another IP: [            ]    [ Find City ]

When the server was last reloaded, we had 294080 IP addresses banned. We encourage you to view these pages in a browser or widget/extension.
You are not allowed to use automated programs to access this information, or you may be fined.

(C) Copyright 2000-2006 DNSstuff.com

MOYNIHAN DECL. -9



**Go Daddy.com**
Make a .com
name with us!®

**BobParsons.com**
GoDaddy pulls its IPO filing!
We have our best Qtr ever!
Why I decided to pull it.

Merchant Accounts
**Accept**
credit cards
online!

**GoDaddy.com Security**
Protect yourself from
hackers, spam, scams and
more.

LISTEN TO
Life Online™ with
BOB PARSONS
TODAY!

| Domains | Hosting & Servers | Email | Site Builders | Business | SSL Certificates | Domain Auctions | Reseller Plans |
|---|---|---|---|---|---|---|---|

**Free African American Art**
Free Educational Series About African
American Artists. Act Now!
Ontheweb-offer.com

**Two Free Poker Books**
Get Phil Gordon's Little Green Book or your
choice of any 2 poker books
ThePokerDeal.com

**Au Ptit Bonheur**
Galerie d'art Art gallery
www.auptitbonheur.com

### GORDONWORKS.COM

The data contained in GoDaddy.com, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior
written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
James S. Gordon, Jr.
9804 Buckingham Drive
Pasco, Washington 99301
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: GORDONWORKS.COM
Created on: 19-May-98
Expires on: 18-May-07
Last Updated on: 01-Oct-05

Administrative Contact:
Gordon, Jim jim@gordonworks.com
1419 Jadwin Avenue
Richland, Washington 99352
United States
5092101069

Technical Contact:
Support, Technical support@webmasters.com
Webmasters.com
4465 W. Gandy Blvd., Suite 80
Tampa, Florida 33611
United States
8775655555

Domain servers in listed order:
NS1.GORDONWORKS.COM
NS2.GORDONWORKS.COM

Registry Status: REGISTRAR-LOCK

**Search again**
Enter a domain name:
.com   SEARCH

**More About Domains**
- Compare our prices
- Why our prices are so low
- Transfer your domain to GoDaddy.com for just $6.95! Includes a 1-year extension.
- Find out what this domain is worth

**Available TLDs**

| | | |
|---|---|---|
| GORDONWORKS.NET | $8.99/yr | |
| GORDONWORKS.ORG | $8.99/yr | |
| GORDONWORKS.INFO | $5.99/yr | SAVE! |
| GORDONWORKS.BIZ | $6.99/yr | SAVE! |
| GORDONWORKS.US | $5.99/yr | SAVE! |
| GORDONWORKS.NAME | $9.99/yr | |
| GORDONWORKS.TV | $34.99/yr | |
| GORDONWORKS.CC | $19.99/yr | |

**You might also consider:**

| | |
|---|---|
| GORDONWORKSONLINE.COM | $8.95/yr |
| ONLINEGORDONWORKS.COM | $8.95/yr |
| GORDONWORKSHOME.NET | $8.99/yr |
| HOMEGORDONWORKS.NET | $8.99/yr |
| GORDONWORKSSITE.ORG | $8.99/yr |
| SITEGORDONWORKS.ORG | $8.99/yr |
| GORDONWORKSWEB.INFO | $5.99/yr SAVE! |
| WEBGORDONWORKS.INFO | $5.99/yr SAVE! |
| GORDONWORKSLIVE.BIZ | $6.99/yr SAVE! |
| LIVEGORDONWORKS.BIZ | $6.99/yr SAVE! |

**REGISTER NOW!**

Registry Status: clientDeleteProhibited
Registry Status: clientRenewProhibited
Registry Status: clientTransferProhibited
Registry Status: clientUpdateProhibited

See Underlying Registry Data
Report Invalid Whois

24/7 Sales and Support: (480) 505-8877    Billing Questions? Call (480)505-8855    Free Email Updates! Enter address    GO

Home | My Account | Login | Cart | How to Pay | Legal | Report Spam | Jobs | Site Index | Whois | Affiliates | Link to Us

       

GoDaddy.com is the world's No. 1 ICANN-accredited domain name registrar for .COM, .NET, .ORG, .INFO,
.BIZ and .US domain extensions. Source: Name Intelligence, Inc. 2006

Copyright © 1999 - 2006 GoDaddy.com, Inc. All rights reserved.

MOYNIHAN DECL - 10

8/30/2006 3:57 PM

# Exhibit B

Westlaw.

Slip Copy                                                                                         Page 1
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
**(Cite as: Slip Copy)**

**C**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,W.D. Washington.
James S. **GORDON**, Jr., a married individual, d/b/a
'Gordonworks.com'; Omni Innovations, LLC., a
Washington limited liability company, Plaintiffs,
v.
**VIRTUMUNDO**, INC., a Delaware corporation,
d/b/a Adnowledgemail.com; Adknowledge, Inc., a
Delaware corporation, d/b/a Aknowledgemail.com;
Scott Lynn, an individual; and John Does, 1-X,
Defendants.
**No. CV06-0204JCC.**

May 24, 2006.

Robert J. Siegel, Merkle, Siegel & Friedrichsen,
Seattle, WA, for Plaintiffs.
Derek Alan Newman, Newman & Newman, Seattle,
WA, for Defendants.

ORDER
COUGHENOUR, J.
*1 This matter has come before the Court on
Defendants' Motion to Dismiss for Lack of Personal
Jurisdiction under Rule 12(b)(2) (Dkt. No. 8),
Plaintiffs' Opposition thereto (Dkt. No. 11), and
Defendants' Reply (Dkt. No. 17). The Court has
considered the briefs, declarations, and exhibits
submitted by the parties and determined that oral
argument is not necessary. For the reasons that
follow, the Court DENIES Defendants' motion to
dismiss.

I. BACKGROUND

Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni
Innovations, LLC ("Omni") have brought this action
for alleged violations of the Federal Can-Spam Act of
2003, 15 U.S.C. § § 7701-11, the Washington
Commercial Electronic Mail Act ("CEMA"), Wash.
Rev.Code 19.190.010-110, and the Washington
Consumer Protection Act. Gordon is a Washington
resident and registrant of the internet domain
gordonworks.com ("Gordonworks"). Gordonworks is
an interactive computer service and internet access
service that, among other functions, provides e-mail
accounts to individuals. (Am.Compl.(Dkt. No. 15) ¶
3.4.) The internet domain server on which the

Gordonworks domain resides is owned by Omni. FN1

> FN1. Unless otherwise indicated, this
> Order's references to "Plaintiffs" includes
> both Gordon and Omni.

Defendants Virtumundo, Inc. ("Virtumundo") and
Adknowledge, Inc. ("Adknowledge") are non-
Washington-resident businesses that provide online
marketing services to third-party clients. Virtumundo
is a Delaware corporation with its principal place of
business in Kansas. Adknowledge is also a Delaware
corporation with its principal place of business in
Missouri. Virtumundo and Adknowledge are separate
corporate entities and currently have no relationship
with one another.FN2 Virtumundo and Adknowledge
market products for their clients by transmitting e-
mails to interested consumers. Their services are
permission-based-meaning that consumers must
voluntarily provide their contact information to the
companies and must also specify the subject matter
of the ads that they are interested in receiving. In the
past two years, Virtumundo has derived a portion of
revenue from business activities conducted in
Washington. Defendant Scott Lynn ("Lynn") is a
Missouri citizen and serves as Chief Executive
Officer of Defendant Adknowledge. He is also the
sole shareholder of both companies.FN3

> FN2. Defendants specifically state that
> "Adknowledge, Inc. and Virtumundo, Inc.
> are two separate corporate entities and
> *currently* have no relationship to each
> other." (Defs.' Mot., Brandt Decl. ¶ 7
> (emphasis added).) Defendants do not
> address whether the two entities *formerly*
> had a relationship to one another. Plaintiffs'
> allegations are that some relationship did
> exist between the two.

> FN3. Unless otherwise indicated, this
> Order's references to "Defendants" includes
> Acknowledge, Virtumundo, and Lynn.

Plaintiff Gordon alleges that between August 21,
2003, and February 15, 2006, he received
approximately 6000 misleading, unsolicited e-mail
ads from Defendants that were transmitted through
Omni's domain server to his e-mail address
"james@gordonworks.com," FN4 as well as to other

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

Page 2

individuals using Gordonworks for domain hosting. (Pls.' Opp'n, Gordon Decl. ¶ 10; Am. Compl. ¶ 3.7.) Gordon alleges that he has sent approximately 200 direct e-mail requests to various Virtumundo e-mail addresses to cease transmission of all e-mails, but that the e-mails nevertheless persisted, even after the filing of the present action.[FN5] These e-mails allegedly were sent to various addresses under the Virtumundo domain name.[FN6]

FN4. The record is not clear as to precisely how these e-mails were procured. While Plaintiff Gordon alleges that he had no prior business relationship with either Virtumundo or Adknowledge, he also states that he was "tricked" into subscribing to various prize websites.

FN5. Defendants point out, and the Court has noted, Plaintiffs' tendency to exaggerate claims in its briefing. (*E.g., compare* Pls.' Opp'n 3 (claiming to have sent "literally thousands" of cease-and-desist e-mails), *with* Pls.' Opp'n, Gordon Decl. ¶ 7 (claiming to have sent 200 cease-and-desist e-mails).) While these exaggerations and inconsistencies are not fatal to Plaintiffs' efforts to defeat the instant motion, the Court is concerned with Plaintiffs' imprecision in their representations to the Court. Plaintiffs' Counsel is instructed to ensure that future filings comply with the dictates of Federal Rule of Civil Procedure 11(b).

FN6. The addresses were abuse@virtumundo.com, legal@virtumundo.com, postmaster@virtumundo, and webmaster@virtumundo.com. Defendants deny ever having received these e-mails. Plaintiff Gordon alleges, however, that the e-mails never "bounced" back to him, suggesting that Defendant Virtumundo did receive these e-mails.

## II. ANALYSIS

### A. Applicable Legal Standards

**\*2** When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff must only make a prima facie showing of

jurisdictional facts to withstand the motion to dismiss. *Tuazon v. R.J. Reynolds Tobacco Co.,* 433 F.3d 1163, 1168 (9th Cir.2005). Under this standard, the plaintiff must provide evidence that, if believed, would support jurisdiction over the defendant. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003). Unless directly controverted, a plaintiff's version of the facts is to be taken as true. *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001). Conflicts between the facts contained in the parties' affidavits, as well as all reasonable inferences, must be resolved in the plaintiff's favor. *Id.*

In order for a court to exercise jurisdiction over nonresident defendants, jurisdiction must be conferred by an applicable rule or statute. *Sec. Investor Prot. Corp. v. Vigman,* 764 F.2d 1309, 1313-14 (9th Cir.1985). Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003). In addition, an assertion of jurisdiction must accord with constitutional principles of due process. *Id.* Federal due process requires that a nonresident defendant have minimum contacts with the forum state of such a nature that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state, or (2) there is a strong relationship between the defendant's forum contacts and the cause of action. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 839 (9th Cir.1986). The former is known as "general" jurisdiction and the latter as "specific" jurisdiction. See *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995).

### B. General Jurisdiction

A court may constitutionally assert general jurisdiction over a nonresident defendant only when the defendant's contacts with the forum state are so substantial and of such a nature as to justify suit in the forum state, even if the cause of action before the court arises from dealings entirely distinct from those activities. *Int'l Shoe Co.,* 326 U.S. at 318. Plaintiffs have not opposed Defendants' general jurisdiction

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

Page 3

argument. Accordingly, this Court will only address the issue of specific personal jurisdiction.

C. Specific Jurisdiction

This Court may only exercise specific jurisdiction over a nonresident defendant if jurisdiction is proper under Washington's long-arm statute and comports with federal due process principles. Washington's long-arm statute, Revised Code of Washington section 4.28.185, permits the assertion of personal jurisdiction to the extent permitted by due process, except where limited by the terms of the statute. Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269 (9th Cir.1995) (citing Deutsch v. W. Coast. Mach., 80 Wash.2d 707, 497 P.2d 1311, 1314 (Wash.1972)). Accordingly, "the statutory and constitutional standards merge into a single due process test." Shute v. Carnival Cruise Lines, 897 F.2d 377, 380 (9th Cir.1990), rev'd on other grounds, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). The Ninth Circuit has held that in order to establish specific jurisdiction, a plaintiff must demonstrate that (1) the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction would be reasonable. Omeluk, 52 F.3d at 270.

1. Purposeful Availment

*3 The purposeful availment requirement ensures that Defendants will not be "haled into a jurisdiction through random, fortuitous, or attenuated contacts." Ziegler, 64 F.3d at 473 (internal quotation omitted). In cases involving the assertion of personal jurisdiction primarily on the basis of internet activity, the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity over the internet. Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir.1997). In addition, in tort cases, personal jurisdiction may attach if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state. Ziegler, 64 F.3d at 473.

At the outset, the Court notes that it is the nonresident defendant's contacts with the forum state that are relevant for purposes of a personal jurisdiction analysis. See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1207 (9th Cir.2006) ("In any personal jurisdiction case we must evaluate all of a defendant's contacts with the forum state ....") (emphasis added). Merely demonstrating that a nonresident defendant has limited-or no-contacts with a particular plaintiff does not dispose of the personal jurisdiction inquiry. Having clarified that it is Defendants' contacts with the state of Washington, and not merely contacts with Plaintiffs, that are significant, the Court finds that Plaintiffs have made a prima facie showing that Defendants' internet activity amounts to purposeful availment in Washington, as follows.

Plaintiffs have alleged that each defendant "aided, abetted, assisted, and conspired with the acts of each other defendant" (Am.Compl.¶¶ 1.6, 3.7), which has caused Plaintiffs to receive thousands of unsolicited e-mails through the Gordonworks domain. Defendants have attempted to attack the credibility of Plaintiffs' evidence, but otherwise have not directly controverted the allegations that they are sending mass unsolicited e-mails to Washington citizens. Rather, both Virtumundo and Adknowledge have directed-and continue to direct-marketing e-mails to Washington residents and are thus purposefully availing themselves of the forum state in a "knowing and repeated" manner through commercial transmissions over the internet. See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997) ("If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.").

Defendants' authority to the contrary is not on point. Defendants rely heavily on the recent Ninth Circuit opinion Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, in arguing that e-mail, like an internet website, is of a "passive nature" and can be accessed from locations outside of Washington. While both an internet website and e-mail may transmit information in analogous manners, the nature of the alleged unlawful conduct at issue here renders the comparison to Cybersell inappropriate because Defendants are alleged to have sent thousands of unsolicited e-mails to Plaintiff Gordon and other Washington residents. In contrast, Cybersell did not involve e-mail spammers. Defendants also cite a number of cases holding that contacts through e-mail, telephone, and fax are insufficient in and of themselves to constitute sufficient minimum contacts for the assertion of personal jurisdiction. (Defs.' Mot. 7, 10-12.) Several of these cases involve mere correspondence by e-mail, rather than e-mail of a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:04-cv-05125-FVS    Document 453    Filed 01/02/2007

Slip Copy                                                                Page 4
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

commercial nature, as alleged here. Such cases are thus inapposite to Defendants' arguments. Furthermore, even in those cases involving the transmission of commercial e-mails, the issue before the court was whether a *single* commercial e-mail, rather than thousands of commercial e-mails, constituted a sufficient contact for the assertion of personal jurisdiction.

*4 Not only have Defendants reached into Washington by sending mass e-mails, both Virtumundo and Adknowledge acknowledge that they have generated revenue from business activity conducted in Washington.[FN7] Such revenue-generation from Washington further supports the conclusion that Defendants are " 'purposefully deriv[ing] benefit' from their interstate activities." *Burger King v. Rudzewicz,* 471 U.S. 462, 473, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Kulko v. California Superior Court,* 436 U.S. 84, 96, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)); *see also Easter v. Am. W. Fin.,* 381 F.3d 948, 961 n. 7 (9th Cir.2004) (noting the significance of deriving income from the forum state in the purposeful availment analysis).

> FN7. Virtumundo has admitted that in 2004, 0.04% of its revenue was generated from Washington, and that in 2005, it derived 0.16% of its revenue from Washington. (Defs.' Mot., Brandt Decl. ¶ 22.) Adknowledge does not provide specific figures and only states that it "does not generate any substantial percentage of its revenues from consumers" in Washington. (*Id.,* Geroe Decl. ¶ 11.) While Adknowledge may not, in its opinion, derive "substantial" revenue from Washington consumers, its statement necessarily implies that it does derive some amount of revenue from e-mail activity directed at Washington.

Defendants' attempts to distance themselves from Washington are insufficient to defeat Plaintiffs' prima facie showing of jurisdiction. Adknowledge, for example, argues that it goes to lengths to remove consumers who self-report a Washington address from its e-mail lists in the hopes of minimizing contacts with Washington. (Defs.' Mot., Geroe Decl. ¶¶ 12-16.) These efforts reportedly began in 2004. However, Gordon has alleged that he already had begun receiving unsolicited e-mails as early as August 2003. Adknowledge's efforts to remove Washington e-mail addresses in 2004 has no bearing on its alleged contacts prior to that date, and

Adknowledge offers no evidence suggesting that it was not knowingly sending e-mails to Washington residents before these changes were implemented. Further, while the evidence and briefing with respect to Adknowledge's actual business activity is not as developed as that regarding Virtumundo,[FN8] Plaintiffs have specifically alleged Adknowledge's participation in the allegedly unlawful conduct. (*See* Am. Compl. ¶ 3.7.) Significantly, Defendants have not directly controverted these allegations, and, in fact, have acknowledged that both Virtumundo *and* Adknowledge have generated revenue from Washington. The Court is satisfied that Plaintiffs have sufficiently demonstrated that Adknowledge and Virtumundo purposefully availed themselves of the Washington forum.

> FN8. As the Court noted *supra* note 2, Defendants have only alleged that Virtumuno and Adknowledge are separate corporate entities that *currently* have no relationship to each other, but Defendants have remained silent as to whether a business relationship existed in the past. In light of Plaintiffs' allegations that Defendants took concerted steps to send unsolicited e-mail to Plaintiff Gordon and other Washington residents in as early as August 2003, the fact that Virtumundo and Adknowledge have no current business relationship merely begs the question as to the existence of a prior relationship, particularly during any portion of the time period at issue in this lawsuit.

Defendants' arguments that Plaintiffs have failed to provide specific evidence with respect to Defendant Lynn are also unpersuasive. "There is no bar to exercising personal jurisdiction over officers and employees of a non-resident corporation if they ha[ve] the requisite minimum contacts." *Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). Plaintiffs have alleged that Defendant Lynn is the Chief Executive Officer ("CEO") of Adknowledge and the sole shareholder of *both* entities. (Am.Compl.¶ 1.4.) Lynn is also alleged to have had knowledge of, directed, and authorized Virtumundo's and Adknowledge's allegedly illegal actions. (*Id.*) A corporate officer can be personally liable for torts which he authorizes or directs or in which he participates. *Coastal Abstract Serv. Inc., v. First Am. Title Ins. Co.,* 173 F.3d 725, 734 (9th Cir.1999); *accord Johnson v. Harrigan-Peach Land Dev. Co. .,* 79 Wash.2d 745, 489 P.2d 923

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(Wash.1971). Defendants have provided no evidence to the contrary, except to suggest that Defendant Lynn is the CEO only of Adknowledge. While Defendants are correct in arguing that each defendant's contacts with the forum state must be assessed individually, *Calder, 465 U.S. at 790,* Defendants have not provided any evidence from which the Court can conclude that Defendant Lynn has insufficient contacts with the forum state to support the assertion of jurisdiction over him as an individual in the present case, other than to make a conclusory argument that Plaintiffs have failed to make a prima facie showing of personal jurisdiction. Defendants have failed to directly controvert Plaintiffs' allegations supporting jurisdiction over Defendant Lynn. The foregoing applies to the John Doe Defendants as well.

**\*5** Finally, Defendants attempt to argue that they did not purposefully avail themselves of the privilege of doing business in Washington because neither Gordon's e-mail address, nor the e-mail addresses of other Washington residents receiving Defendants' marketing e-mails, include any information designating the location of the recipient. As a result, Defendants argue, such e-mail could not have been targeted at a particular geographic location. Several courts have considered and rejected similar arguments in the context of lawsuits involving bulk unsolicited e-mail. *See, e.g., Verizon Online Servs., Inc. v. Ralsky,* 203 F.Supp.2d 601 (E.D.Va.2002); *State v. Heckel,* 122 Wash.App. 60, 93 P.3d 189 (Wash.Ct.App.2004). For example, in *Heckel,* the Washington State Attorney General brought suit against an individual for alleged violations of Washington's CEMA. After the trial court imposed a permanent injunction and a civil penalty on the defendant, he appealed the trial court's decision arguing, *inter alia,* that the State failed to prove that he knew that specific e-mail addresses were registered to Washington residents. The *Heckel* court rejected this argument, noting that the defendant's argument, if taken to its logical conclusion, would produce the impracticable result of shielding offenders from liability simply where they "had no specific knowledge about particular recipients." *Heckel,* 93 P.3d at 192-93.

Similarly, in *Ralsky,* Verizon Online Services brought suit against a group of defendants in Virginia for an alleged conspiracy to transmit millions of unsolicited bulk e-mail messages to Verizon's member database through Verizon's proprietary online network. In support of their argument that a court in Virginia could not constitutionally assert personal jurisdiction, the defendants claimed that they did not know that their unsolicited bulk e-mail messages would harm servers located in Virginia, and therefore that they could not have purposefully availed themselves of the forum. The *Ralsky* court squarely rejected this argument, noting that such an argument "would allow spammers to send UBE with impunity, avoiding personal jurisdiction simply by alleging that they did not know the exact location of an ISP's e-mail servers." *Ralsky,* 203 F.Supp.2d at 620. In particular, the *Ralsky* court was unwilling to permit tortfeasors to "escape personal jurisdiction for deliberate acts by simply pleading ignorance of where the harm of [the] action would lie." *Id.* at 620 n. 13. To do so, the court reasoned, would be "fundamentally unfair." *Id.* at 622.

Like the defendants in *Heckel* and *Ralsky,* Defendants' attempts in the present case to sidestep jurisdiction by pleading ignorance are unpersuasive. Although Virtumundo's and Adknowledge's e-mail lists might not plainly indicate to which states the e-mails are being sent, both Virtumundo and Adknowledge admit that they are aware of certain portions of their revenue coming from Washington. Further, Adknowledge's attempts to *reduce* the number of e-mails sent to Washington starting in 2004 clearly shows known e-mail contact with Washington both before and after those measures were implemented. Additionally, Defendants have, at all times, had access to the Washington Association of Internet Service Providers registry of e-mail addresses, which Washington courts have recognized as a valid means for ascertaining whether a particular e-mail address is owned by a Washington resident. *See Heckel,* 93 P.3d at 69-70.

**\*6** For the foregoing reasons, the Court finds that Defendants have "purposefully availed" themselves of this Washington forum.

### 2. "Arises Out Of"

The Court must next determine whether the claims made against Defendants arise out of their Washington-related activities. In making this determination, the Court considers whether Plaintiffs' claims would have arisen "but for" Defendants' contacts with Washington. *Harris Rutsky,* 328 F.3d at 1131-32. As noted *supra,* Defendants have not directly controverted Plaintiffs' allegations that Plaintiff Gordon received from Defendants thousands of unsolicited e-mails sent to him in Washington. But for Defendants' conduct, Plaintiffs' alleged injury

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 2:04-cv-05125-FVS     Document 453     Filed 01/02/2007

Slip Copy                                                                      Page 6
Slip Copy, 2006 WL 1495770 (W.D.Wash.)
(Cite as: Slip Copy)

would not have occurred. The Court finds that Plaintiffs' claims arise out of Defendants' Washington-related activities.

### 3. Reasonableness

"Once it has been established that a defendant purposefully established minimum contacts with a forum ...' he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable in order to defeat personal jurisdiction." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir.2002). Assessing the reasonableness of asserting jurisdiction prevents the use of jurisdictional rules "in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his opponent." ' *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir.1993) (citing *Burger King*, 471 U.S. at 478)). The Court examines seven factors to determine whether the exercise of jurisdiction is reasonable:
(1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 1487-88. No factor is dispositive in itself; the Court must balance all seven. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991).

Defendants argue that the exercise of jurisdiction would be unreasonable on three grounds. First, Defendants argue that jurisdiction would not be reasonable in the present case because they have not purposefully interjected themselves into Washington state affairs. However, Plaintiffs allege, and Defendants do not directly controvert, that Defendants have transmitted thousands of unsolicited e-mails to Plaintiff Gordon and other Washington residents. Furthermore, Defendants have knowingly engaged in acts aimed at Washington residents because they have admitted that they derive revenue from their business activity in Washington. Defendants have purposefully interjected themselves into Washington.

*7 Second, Defendants argue that the burden of

proceeding with this litigation in Washington is substantial. The Court disagrees. It is unsurprising that a nonresident defendant would prefer to litigate an action in the state in which its principal place of business is located. However, such a preference-coupled with the assertion of a lesser burden on Plaintiffs to litigate here (*see* Defs.' Mot. 14)-is insufficient to establish the existence of a substantial burden on Defendants if they must litigate in Washington. The fact that Defendants apparently will want to call witnesses for this action who currently reside in California, New York, and Texas (*see id.*) also fails to demonstrate a substantial burden of litigating in *Washington*, as this inconvenience would necessarily apply in any state in which this action ultimately proceeds. Finally, "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir.2004). Notwithstanding the fact that most or all of Defendants' witnesses may reside out of state, Defendants have provided evidence of no other circumstances that would indicate that litigating an action in Washington will present a substantial burden or a deprivation of due process. *See Yahoo! Inc.*, 379 F.3d at 1136 ("[W]hile the defendant's burden in litigating in the forum is considered, it will not be deemed unreasonable unless it constitutes a deprivation of due process.") (citing *Core-Vent Corp.*, 11 F.3d at 1488).

Third, and finally, Defendants argue that the efficiency of the forum also weighs against a finding of reasonableness. Defendants largely re-present the same argument they have made regarding the substantial burden of litigating in Washington. However, as with Defendants' substantial burden argument, because Defendants still must secure their California, New York, and Texas witnesses to attend a trial in the alternative forums of either Kansas or Missouri, the added efficiency of litigating this action outside of Washington would be marginal, if not nonexistent.

Defendants do not address any of the remaining reasonableness factors. Even considering these factors, the majority weigh in favor of asserting personal jurisdiction. Litigating this action in Washington is, without question, highly convenient for Plaintiffs, because this is where they chose to initiate the lawsuit. Furthermore, nothing in the record indicates that litigation of this matter in Washington would create sovereignty conflicts with either Missouri or Kansas. Moreover, Washington

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

has a substantial interest in adjudicating a dispute involving the sending of thousands of unsolicited e-mails to one (or many) of its residents in violation of Washington law. Accordingly, because a majority of the reasonableness factors favor the assertion of personal jurisdiction, the Court finds that Defendants have failed to present a compelling case that the exercise of personal jurisdiction would be unreasonable in the present case.

*8 Finally, it is apparent from the briefs that there exist a number of factual disputes in the present case that may prove dispositive later in the litigation. For example, the precise manner in which Plaintiff Gordon initially "opted-in" with Virtumundo or Adknowledge is disputed.[FN9] In addition, the parties dispute whether Gordon's attempt to put Defendants on notice that he did not wish to receive unsolicited e-mail was sufficient under the statutory language of the Federal Can-Spam Act. Although resolution of these factual disputes undoubtedly will have a significant impact on which parties ultimately succeed on the merits, the fact that such disputes exist has no bearing on the jurisdictional issue presently before the Court: whether Defendants have established sufficient contacts with Washington. Accordingly, for purposes of this Rule 12(b)(2) motion, the Court does not need to resolve these factual arguments.

> FN9. Gordon claims that he had no prior relationship with Defendants at the time he received the initial unsolicited e-mail (Pls.' Opp'n, Gordon Decl. ¶ 4), whereas Defendants claim that Plaintiff Gordon has misrepresented the fact that he did not opt-in with Virtumundo or Adknowledge.

### III. CONCLUSION

For the reasons set forth in this Order, Defendants' motion to dismiss for lack of personal jurisdiction is DENIED.

SO ORDERED.

W.D.Wash.,2006.
Gordon v. Virtumundo, Inc.
Slip Copy, 2006 WL 1495770 (W.D.Wash.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1501155 (Trial Motion, Memorandum and Affidavit) Reply in Support of Defendants'

Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Apr. 7, 2006) Original Image of this Document (PDF)

• 2006 WL 1501154 (Trial Pleading) ÝFirst Amended" Complaint for Damages Under the Can-Spam Act of 2003 Ý15 U.S.C. |7701, et seq."; Washington Consumer Protection Act (RCW 19.86); The Washington Commercial Electronic Mail Act (RCW 19.190); RCW 19.170 et seq., and Injunctive Relief (Apr. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 1176845 (Trial Motion, Memorandum and Affidavit) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Mar. 16, 2006) Original Image of this Document (PDF)

• 2006 WL 1501153 (Trial Motion, Memorandum and Affidavit) Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (2006) Original Image of this Document (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit C

## About the Wayback Machine

Browse through 55 billion web pages archived from 1996 to a few months ago. To start surfing the Wayback, type in the web address of a site or page where you would like to start, and press enter. Then select from the archived dates available. The resulting pages point to other archived pages at as close a date as possible. Keyword searching is not currently supported.

http://archive.bibalex.org, the Internet archive at the New Library of Alexandria, Egypt, mirrors the Wayback Machine. Try your search there when you have trouble connecting to the Wayback servers.

Wayback Machine Hardware

Web Collaborations with the Smithsonian and the Library of Congress

Terms, Privacy, Copyright

Contact Us

Frequent Asked Questions

## Contributors

Aaron Parkening
Aaron Stewart
Abagail Thorne-Lyman
Adam Tuttle
Adrian Scott
Adrian Blakey
Adrianne Hurndell
Alan Rath
Alan Wen
Alexis Rossi
Alicia Coryell
Alzbeta Smith
Amber Shipley
Amy Vecchione
Andy Jenks
Andy Jewell

## The Wayback Machine

WayBackMachine
INTERNET ARCHIVE

http://                                    Take Me Back
Advanced Search

## Archive That!

Don't see your site in the Wayback Machine? Submit an URL for inclusion.
We will archive the site you have submitted and you will be able to view it in the wayback machine within 6 months.
Please note: sites that are database driven, generate dynamic web pages or have robots.txt exclusions can not be archived.

You must be a registered user to submit a site to Archive That. Please login or register as a new user.

## New Web Archive On Demand Service

Internet Archive announces the latest release of Archive-It 2.0, a subscription-based archiving service geared towards a broad range of institutions at a cost considerably lower than other archive platforms. Archive-It enables subscribers to capture, categorize, and preserve online material from their own institutions' as well as from the world wide web. Users are able to explore and acess these text-searchable collection, without needing additional technical expertise.

Current partners include the Library of Virginia, University of Toronto, Indiana University and North Carolina State Archives, alongside other respected academic and memory institutions.

New Archive-It features include enhancements to the user interface, improved access to collections, advanced search and reporting capabilities.

Contact the Archive-It team for more details about subscribing.

Internet Archive Wayback Machine

http://web.archive.org/web/*/http://WWW.GORDONWORKS.COM



INTERNET ARCHIVE WayBack Machine

Take Me Back    All    Adv. Search  Compare Archive Pages

**Enter Web Address:** http://

Searched for http://WWW.GORDONWORKS.COM                    **122** Results

Note some duplicates are not shown. See all.
* denotes when site was updated.

## Search Results for Jan 01, 1996 - Aug 30, 2006

| 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 |
|---|---|---|---|---|---|---|---|---|---|---|
| 0 pages | 0 pages | 0 pages | 3 pages | 5 pages | 14 pages | 14 pages | 27 pages | 34 pages | 13 pages | 0 pages |
| | | | May 08, 1999 * | Aug 15, 2000 * | Jan 12, 2001 | Feb 06, 2002 | Jan 25, 2003 | Jan 09, 2004 * | Feb 01, 2005 * | |
| | | | Oct 08, 1999 * | Sep 01, 2000 * | Feb 02, 2001 | May 28, 2002 * | Feb 03, 2003 * | Jan 14, 2004 | Feb 04, 2005 * | |
| | | | Nov 04, 1999 * | Nov 09, 2000 | Feb 03, 2001 | Jun 02, 2002 | Feb 05, 2003 | Jan 26, 2004 | Feb 07, 2005 | |
| | | | | Nov 21, 2000 | Feb 04, 2001 | Jun 05, 2002 | Feb 12, 2003 | Feb 03, 2004 | Feb 09, 2005 | |
| | | | | Dec 05, 2000 | Mar 01, 2001 * | Jul 26, 2002 | Feb 16, 2003 * | Mar 22, 2004 * | Feb 11, 2005 | |
| | | | | | Mar 02, 2001 | Aug 02, 2002 | Mar 22, 2003 | Mar 27, 2004 | Feb 12, 2005 | |
| | | | | | Apr 01, 2001 * | Aug 04, 2002 | Apr 02, 2003 | Apr 03, 2004 | Mar 04, 2005 * | |
| | | | | | Apr 05, 2001 | Sep 15, 2002 | Apr 06, 2003 | Apr 14, 2004 | Mar 05, 2005 | |
| | | | | | Apr 10, 2001 | Sep 22, 2002 | Apr 24, 2003 | Apr 15, 2004 | Mar 07, 2005 * | |
| | | | | | Apr 19, 2001 * | Sep 24, 2002 | May 24, 2003 | May 08, 2004 * | Mar 09, 2005 * | |
| | | | | | May 15, 2001 | Sep 29, 2002 | May 30, 2003 | May 09, 2004 * | Mar 10, 2005 | |
| | | | | | Sep 26, 2001 | Oct 16, 2002 * | Jun 03, 2003 | May 19, 2004 * | Mar 26, 2005 | |
| | | | | | Nov 29, 2001 | Nov 26, 2002 * | Jun 12, 2003 | May 24, 2004 * | Mar 28, 2005 * | |
| | | | | | Dec 20, 2001 | Nov 27, 2002 | Jun 13, 2003 | Jun 11, 2004 * | Mar 29, 2005 * | |
| | | | | | | | Jun 24, 2003 | Jun 15, 2004 | | |
| | | | | | | | Jun 28, 2003 | Jun 16, 2004 | | |
| | | | | | | | Jul 24, 2003 | Jun 18, 2004 | | |
| | | | | | | | Jul 29, 2003 | Jun 22, 2004 | | |
| | | | | | | | Aug 05, 2003 | Jun 23, 2004 | | |
| | | | | | | | Sep 19, 2003 | Jul 01, 2004 | | |
| | | | | | | | Oct 07, 2003 | Jul 03, 2004 | | |
| | | | | | | | Oct 24, 2003 | Jul 07, 2004 | | |
| | | | | | | | Oct 29, 2003 | Jul 11, 2004 | | |
| | | | | | | | Nov 18, 2003 | Jul 27, 2004 * | | |
| | | | | | | | Nov 27, 2003 | Aug 15, 2004 | | |
| | | | | | | | Dec 17, 2003 | Sep 21, 2004 * | | |
| | | | | | | | Dec 31, 2003 | | | |

8/30/2006 4:36 PM

http://web.archive.org/web/*/http://WWW.GORDONWORKS.COM

Sep 23, 2004    *
Oct 09, 2004    *
Oct 13, 2004    *
Oct 22, 2004
Oct 23, 2004
Nov 03, 2004
Nov 13, 2004
Nov 18, 2004

Home | Help

Internet Archive | Terms of Use | Privacy Policy

Internet Archive Wayback Machine

MOYNIHAN DECL - 23

Top of Page
Text Version
Job Links
Business Links
Search Engines
Goal-Setting Page
Sponsor's Page
AMAZON.COM

Surf The Net Up To 1000% Faster

Do you want to *confidentially* find job opportunities that match your skills, interests and salary requirements? If so, **click here** to try our FREE service. END insertion of banner called: "Find your dream job/Career Central (button) -- 120 x 90" -->

Start a new career. Visit www.career.com

**Know anyone who might enjoy this site?**
**Please ... Let 'em Know!**

|  | Full Name | Email Address |
|---|---|---|
| You | | |
| Friend | | |

☐ Tell me how to add a referral form to my site.

Let 'em Know!    Reset



Please visit our sponsor - for your health and nutrition needs

### 4.9 Cents/Minute Long Distance

# TEENGREEN ™

### Search Engines



**Search:** All Products
Amazon.com logo

Enter keywords...

Search

**[Top of Page] [The Links]**

Career Links!!!


Resiliency !!!

As the Webmaster for this site, I have found great joy in doing this site's maintenance. However, there is one drawback for those of us who have Internet web sites. That drawback is providing email links on web pages, which are then "harvested" by spiders and robots of spammers. These spammers then send their unsolicited commercial email messages by the thousands to us.

I created this site in 1996. During the time since its creation, I have had to handle an email burden of up to 2,000 messages each and every day. Changing Internet Service Providers (ISP) several times did not diminish the onslaught of spam.

This site is now hosted by Webmasters.com Immediately after changing ISPs, I noticed a precipitous drop in the amount of emails that I receive each day. My web host has provided me with the tools to reduce the spam that I receive to less than 100 email messages per day.

On a more personal level, I have taken the extraordinary step of suing spammers that were sending me 5-50 emails per day. Copies of those lawsuits can be found at the links, below.

American Homeowners Assn.
Commonwealth Marketing Group
Theodore Hansson Co.

The time that I have spent handling spam (1000s of hours) has helped me to develop a system that shifts the "financial" burden from me back to those who choose to send me spam. Dealing with the spam problem is the activity, which has taken me away from this site's weekly maintenance and has caused me to postpone adding dozens of new link requests. I will periodically, begin adding these new links and removing the expired ones.

Thank you for taking the time to explore the resources that we link to. We continue to be a free service to our Internet community. We do NOT provide job counseling, resumes or posting. But those resources are linked to this site.

A special thanks to our sponsor for renewing its support of our web site...Dancing Wolf, Inc.

Please bookmark this page, visit us often and tell your friends and family about us.

Best wishes for your employment and career endeavors!

Regards,

Jim Gordon

**P.S. Please check out our sister site** Small Office Home Office-Business Links.

# Stop**Business-Watchdogs**Stop

| Assn. of Certified Fraud Examiners | Better Business Bureau | FTC ConsumerLine | Internet Scambusters |
|---|---|---|---|

| National Consumer Complaint Center | National Fraud Information Center 1(800) 876-7060 | Netcheck Commerce Bureau | Netrageous | The Public Eye |
|---|---|---|---|---|

**THE GORDON GROUP claims no affiliation with nor endorsement by any of these agencies or companies.**

### *Tools TOOLS OF THE TRADE Tools*

**This area will feature ready-to-use tools for business, entrepreneurs and job-seekers. Click on the hammer for *TOOLS*.** Hammer

books
music
video
**amazon**.com

# The Links, A-M, N-Z!!!

To Report Dead Links

-A-

B C D E F G H I J K L M N O P Q R S T U V W X Y Z

1. 1-jobs.com

2. 100 Hot Jobs Web Sites

3. 2001 Colleges, Universities and Scholarships

    101 Top College, University and Scholarship Page

4. A & A Resume-Professional Services

5. A Virtual Job Fair...Use Table of Contents Link

6. A Work Day - Canadian Employment Resources

7. A Write Impression - Resume Service

8. AboutWork Welcome Page

9. Academic Employment Network-Job Listings

10. ActiJob - Canada

    ActivEmploi

11. ADGUIDE'S Employment Web Site

    College Recruiter Employment Web Site

    High School Recruiter Employment Web Site

12. Adsearch- Help Wanted Ads

13. Agency Central

MOYNIHAN DECL - 27

14. AJB Job Search Index

15. All Canadian Jobs

16. All Jobs in the UK

17. Alumni Network

18. America's Employers-The Job-Seekers' Home

19. American Preferred Jobs

20. AmericanJobs.com

21. Apollo Consulting - Sophisticated Career Development...

22. ASAE- Employment List **Over 160 Links**

23. Asia-Net, Inc---Chinese, **Japanese & Korean Bi-linguals...Jobs**

24. Ask The Career **Wiz**

25. Ask The Employer

26. AT & T College **Network: Jobs Station**

27. Australian Correspondence Schools

-B-

A C D E F G H I J K L M N O P Q R S T U V W X Y Z

28. B2BHRM.com

Case 2:04-cv-05125-FVS    Document 453    Filed 01/02/2007

29. Bakos Group-Career Management Professionals

30. Bay Area Job Board.com

31. Bay Area Jobs

32. Best Jobs USA

33. BigWigs.net

34. Bilingual-Jobs.com

      E-cv.com

35. Blue Sun Technical Recruiting

36. Boldface Jobs

37. Bookhaven Press---Career & Business Books\Software

38. Brassring.com

39. Bullseye Job Shop

      Computerworld's Center for Professional Development

      The Sunday Paper- Online Classifieds

-C-

A B D E F G H I J K L M N O P Q R S T U V W X Y Z

40. Calgary Youth Employment Centre

41. California Career & Employment Center

42. Canadian Executive Recruitment

43. Career Action Center

44. Career and Resume Management for the 21st Century

45. Career Chase

46. Career Choices-Exploring Occupations

47. Career City

48. Career Consulting Corner

49. Career Development Manual

    Career Services

    Co-operative Education & Career Services

50. Career Expos- High Tech

51. Career Fair Finder

    Best Jobs- Careers 96

    Career Fairs & Events

    Career Fair Calendar-JOBTRAK

    Career Fairs Clearinghouse- JOBWEB

Lendman Group- Career Fairs

52. Career Internetworking

53. Career Magazine

54. Career Mosaic

55. Career NFOsource

56. Career Paradise- Colossal Lists of **Career Links**

57. Career Paths Online

58. Career Planning Process

59. Career Resource Center

60. Career Resource Home Page

61. Career Shop---Applicants

62. Career Site

       Candidate Lobby & Sign-in

       Employer Lobby & Sign-in

63. The Career Star System

64. Career Success Map

65. Career Talk

66. career.com

67. CareerAmerica Job Bank

68. CareerBank.com

69. CAREERBUILDER

70. CareerConnect

71. CareerConnect- Virginia Employment Commission

72. CareerLab

73. CareerMart

74. CareerNET: Career Resources-Associations

75. Career NET

76. CareerPath.com- Classifieds from 19 Major Cities

77. CareerVoyager

78. Careers and Jobs

79. Careers in Government

80. CareersColorado.com

81. Careers Online-Start Here to Explore Your Future

82. CareerWeb-Jobs, Employment and Careers

83. Casino Careers Online

84. Chinapoint-China, Asia and Europe Jobs

85. **College**

>   College Board Online

>   College Channel

>   CollegeNET Home Page

>   Collegescape Home Page

>   Internet College Exchange

>   The Main Quad

86. College Grad Job Hunter

87. College Recruiter Magazine

88. CollegeRecruiter.com

89. Colorado Guide-listings of environmental and outdoor jobs throughout the country and world

90. Colorado Online Job Connection, The

91. Compensation Survey, The SHRM/Mercer

92. Competitive Position Market Analysis for Computer Careers

93. computerwork.com

94. Contract Employment Weekly

95. Cool Works <sup>sm</sup>

>   Jobs by State

96. Corporate Gray On-line...Career Transition for Military Personnel

97. Creative Job Search-Ask the Experts

-D-

A B C E F G H I J K L M N O P Q R S T **U** V W **X** Y **Z**

98. DARE Personnel-Australia

99. Definitive Guide to Internet Career Resources---A to Z Links

100. Destinations.ca

101. Developers.Net---Computer Programming & Software Engineeering

102. Disability Resources

>   Americans With Disabilities Act Document Center

>   >   « Job Accommodations Network-JAN

>   >   « Pre-Employment Screening Considerations and the ADA

>   Assistive Technology for the Disabled Computer User

>   Computers for Handicapped Independence Program

Special Education Resources on the Internet

World Information on Disability

103. Do A Project - Referral Service for Contract Employment

-E-

A B C D F G H I J K L M N O P Q R S T U V W X Y Z

104. EAGLEVIEW-Where The Best Jobs Find You

105. Educational Vacancies----U.K.

106. EH&S Employment Services---Environmental Health & Safety

107. Electronic Recruiting News

108. Employers Online

109. Employment Opportunities and Resume Postings

110. Employment Resources

111. Engineer500.com

112. Engineer-Cad.com

113. Engineering Job Source

114. Engineering Jobs

115. EngineerWeb

116. Environmental Jobs and Careers

117. Equal Opportunity Publications

118. Executive Recruiters Galleria

119. Experience Inc.

120. Extreme Resume Drop

-F-

A B C D E G H I J K L M N O P Q R S T **U** V W **X** Y **Z**

121. Federal Information Exchange

122. Federal Job Search

123. Federal Jobs Digest

124. Federal Jobs Net

125. FinAid: The Financial Aid Information Page

126. Fincareer.com-The Forum for Professionals in Global Finance

127. Find Your Future @4work.com

128. Findjobs.com

129. Florida Jobs

130. Food and Drink Jobs.com

131. Free Scholarship & Financial Aid

      2001 Colleges, Colleges, College Scholarships, and Financial Aid Page

132. Free Employment Guide

133. Free Telecommuting Jobs

-G-

A B C D E F H I J K L M N O P Q R S T U V W X Y Z

134. Gary Richards Co. HVAC Technical Employment

135. General Job Posting on the Internet

136. GetJobs.com

137. GO4JOB

138. Goal-Setting Tools & Tips

139. **Graduate & Professional Schools**

      AAMC Academic Medicine Web Site

      Career & Graduate Study in Psychology

      Graduate Schools Ranking

      GRE On-Line

      Peterson Education Center

Pre-Law

Yahoo! - Education:Universities

140. GraduateResumes.com

141. Gradunet- On Line Careers Guide

142. GreatTeacher.net

-H-

A B C D E F G I J K L M N O P Q R S T **U** V W **X Y Z**

143. Hard@Work

144. Harvest Personnel-Staffing Services for the 21st Century

145. HeadHunter.NET

146. Health Care Careers & Jobs

147. HealthCareWeb

148. HEART-Career Connection

149. Help Guide to Assist in Job Search

150. Help-Wanted.Net

151. Helpwanted. com---Recruitment On-line, Inc.

Resume- Talent Pool

152. HireAbility

153. HiTechCareer Centre

      Career Fair Show Guide

      Employer Database

154. Hot Nurse Jobs

-I-

A B C D E F G H J K L M N O P Q R S T U V W X Y Z

155. IEEE Employment Marketplace-Richland, WA

156. iJive.com...Canada Career Site... Find local employers, employment agencies, job banks & career resources that serve Canadians.

157. IndustryLink Homepage

158. InfoTech, Inc.

159. Insurance National Search

160. International Job Centers

161. Internet Career Connection

162. Internet Job Search Aids

-J-

MOYNIHAN DECL. - 39

A B C D E F G H I K L M N O P Q R S T U V W X Y Z

163. Job Clincher Resume Services

164. Job Link USA

165. Job Resources by Region

       Northeast

       Midwest

       Southeast

       Western

166. Job Options

       Salary Calculator Form

167. Job Search for Engineeers

168. Job Search Series Brochures

       Career Services

169. Job Show

170. Jobs Via Mail

171. JOBACCESS

       How to Handle Challenging Interview Questions

172. JobBank USA **JobBank USA - specializes in providing career information including job and resume database services to job candidates, employers and recruitment firms in the U.S. and worldwide.**

173. JobBoard Surf Shop

174. JobCenter Employment Services (800) 562-2368

175. JobDirect

176. jobEngine---Matchmakers for Computer Industry Professionals

177. JobHunt- All Job Resources

178. JobLynx- 10,000 FREE Links to Jobs

179. JobNext.com

180. JobProfiles.com---The Personal Side of Work...

181. JobQuest Home Page

182. jobs.co.uk - Gateway to all the top job boards in the UK

183. JobSite.com

184. Jobsquare.com

185. Jobs for Engineers

186. Jobs for Programmers-The Web's Top Employment Site for Programmers

187. Jobs for Scientists

188. Jobs in Higher Education

189. Jobs MetaSearch@JobBank USA

190. JobSafari

191. JobServe: The Largest Source of IT Vacancies in the UK

192. Jobsite UK Recruitment Forum

193. JobSmart----General Salary Surveys

JobSmart---Profession-Specific Salary Surveys

Salary Negotiation Strategies

194. JobSource

195. JOBTRAK

196. JobWeb Home Page

197. JobWebs.com

198. Johnson O'Connor Research Foundation-Aptitude Testing

199. Engineering Jobs

-K-

A B C D E F G H I J L M N O P Q R S T U V W X Y Z

200. K's Resume Service at Preferred Jobs

201. Kelly Services Home Page

202. Knowledge Workers' Network

203. KuDeTa- Japan Jobs & Resumes


-L-

A B C D E F G H I J K M N O P Q R S T U V W X Y Z

204. Law Employment Center

205. lawenforcementjob.com

206. LAWMATCH

207. Le Web Cafe-Careers

208. Legalhire.com

209. LibrarySpot

210. Life Career Retreat- Insurance & Financial Services Careers

211. Lucas Careers.com - Executive Recruiters


-M-

A B C D E F G H I J K L N O P Q R S T U V W X Y Z

212. Mad Kane - Workplace Humor

213. Medical JobOptions.com

214. MedSearch - Healthcare Careers

215. MFGJOBS - Career Information

216. Minnesota Job Bank

217. Minorities' Job Bank

> Black Collegian

> InterCareer Net- Japan

> Resources for Students of Color

> Saludos Web

218. MiracleWorkers.com

219. MizBiz.com

220. Mojolin - International Unix & Linux Job Site

221. Mojosco - Network Engineer Job Site

222. My Job Cafe

223. Myboss.com - Job Humor

224. Myjob.com

225. Myjobsearch.com

**To Report Dead Links**

## Other Links

Top of Page   Business Links   TEENGREEN<sup>TM</sup>   Search Engines

In Association with Amazon.com

*Jim Gordon*

*jim@gordonworks.com*

Copyright © 1996-2004 Jim Gordon

Created August 1996

Most recent revision February 17, 2004

Microsoft Best When Viewed With 

MOYNIHAN DECL. 45

8/24/2006 1:42 PM