UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON,<br><br>    Plaintiff,<br><br>    v.<br><br>IMPULSE MARKETING, INC., JEFFREY GOLDSTEIN, PHILLIP HUSTON, and KENNETH ADAMSON,<br><br>    Defendants. | No. CV-04-5125-FVS<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND |

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Amend Complaint, Ct. Rec. 417. The Plaintiff is represented by Robert J. Siegal. The Defendants are represented by Floyd Ivey, Sean A. Moynihan, and Peter Glantz.

**BACKGROUND**

The Plaintiff initiated the present lawsuit on November 23, 2004. On March 29, 2006, the Plaintiff sought permission to amend the Complaint to include additional claims. (Ct. Rec. 313.) The Plaintiff also sought to add additional defendants, Jeffrey Goldstein, Kenneth Adamson, and Phillip Huston, officers and/or directors of Defendant Impulse. On May 2, 2006, the Court granted the Plaintiff leave to amend the complaint to include the additional claims and Defendants, but denied his request to name an additional party plaintiff. (Ct. Rec. 356).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND- 1

1   The Plaintiff filed his First Amended Complaint ("FAC") on June
2   13, 2006.  One of the new claims asserted in the FAC is a claim under
3   Washington's Prize Statute.  The Prize Statute claim in the FAC does
4   not allege damages.  The Plaintiff also amended the case caption in
5   the FAC to identify the Plaintiff as, "James S. Gordon, Jr., a married
6   individual d/b/a 'gordonworks.com,'" rather than "James S. Gordon, an
7   individual residing in Benton County, Washington."
8   On August 31, 2006, the Defendants filed a second motion to
9   dismiss, arguing that dismissal of the FAC is appropriate on a number
10  of grounds.  Three of these arguments are relevant to the Plaintiff's
11  motion to amend.  First, the Defendants argue that the vagueness of
12  the FAC makes it impossible for them to file a meaningful response.
13  (Ct. Rec. 404 at 14-17.)  Second, the motion to dismiss argues that
14  the Plaintiff improperly added gordonworks.com as a party without
15  seeking leave of the Court.  Finally, the Defendants seek dismissal of
16  the Prize Statute claim based on the Plaintiff's failure to plead
17  damages.
18  Without seeking leave of the Court, the Plaintiff filed a Second
19  Amended Complaint ("SAC"), Ct. Rec. 448-3, along with their response
20  to the motion to dismiss.  The SAC differs from the FAC in two
21  significant respects.  First, the SAC removes "d/b/a gordonworks.com"
22  from the case caption.  Second, the SAC includes three paragraphs
23  concerning the Plaintiff's Prize Statute claim that were not in the
24  FAC.  Paragraphs 4.3.3 and 4.3.4 provide more specific factual
25  allegations concerning the Prize Statute claim.  Paragraph 4.3.5
26  alleges that the Plaintiff suffered damages as a result of the Prize

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND- 2

Statute violations. The other changes in the SAC are minor, adding phrases from the relevant statutes to the Plaintiff's allegations.

The Defendants objected to the SAC as an unauthorized pleading. (Ct. Rec. 414.) The Plaintiff now seeks leave to amend the complaint by filing the SAC.

**DISCUSSION**

Under the Federal Rules of Civil Procedure, a party may amend its pleadings only with leave of the court once a responsive pleading has been served. Fed. R. Civ. P. 15(a). Courts should grant permission to amend pleadings "freely when justice so requires." *Id.* However, a court need not grant leave to amend when the proposed amendment would prejudice the opposing party, is sought in bad faith, would produce an undue delay in the litigation, or would be futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)(citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court may also deny leave to amend where the moving party knew of the facts it wishes to allege in the proposed amendment at the time of the original complaint and failed to include them. *EEOC v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988).

Under the circumstances of this case, justice does not require the Court to grant the Plaintiff leave to amend the pleadings by filing the SAC. The Plaintiff has disregarded both an order of this Court and Rule 15 of the Federal Rules of Civil Procedure. As the Defendants observe, the Plaintiff amended the caption of the FAC in direct contravention of this Court's May 2, 2006 order. The Plaintiff then filed the SAC without seeking permission from the Court.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND- 3

Moreover, permitting the Plaintiff to file the SAC would largely be futile, as the majority of the changes in the SAC do not cure any of the deficiencies observed by the Defendants. With the exception of the new paragraphs concerning the Prize Statute claim, the new language in the SAC consists of conclusory allegations that mirror the language of the governing statutes. Such language does nothing to protect a claim from dismissal on a 12(b)(6) motion, as a court ruling upon a 12(b)(6) motion need not "assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

However, the Court will permit the Plaintiff to amend the FAC by adding Paragraphs 4.3.3, 4.3.4, and 4.3.5 of the SAC to Section 4.3 of the FAC. This change will not prejudice the Defendants, as the FAC gave them notice that the Plaintiff intended to pursue a claim under the Prize Statute. Nor will including these paragraphs in the complaint prove futile. Paragraphs 4.3.3 and 4.3.4 will give the Defendants additional notice of the Plaintiff's claim. Paragraph 4.3.5 will serve to allege damages, a necessary element of the Prize Statute claim. The Court being fully advised,

**IT IS HEREBY ORDERED**

1. The Plaintiff's Motion to Amend Complaint, **Ct. Rec. 417**, is **GRANTED IN PART** and **DENIED IN PART**.

2. The Plaintiff may not file his proposed Second Amended Complaint.

3. The Plaintiff may amend Section 4.3 of the First Amended Complaint to include paragraphs 4.3.3, 4.3.4, and 4.3.5 of his

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND- 4

proposed Second Amended Complaint.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  10th  day of May, 2007.

                         s/ Fred Van Sickle
                         Fred Van Sickle
                         United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND- 5