UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON,

                Plaintiff,

        v.

IMPULSE MARKETING, INC., JEFFREY
GOLDSTEIN, PHILLIP HUSTON, and
KENNETH ADAMSON,

              Defendants.

No. CV-04-5125-FVS

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS

**THIS MATTER** comes before the Court on the Defendants' Motion to
Dismiss the First Amended Complaint, Ct. Rec. 403.  The Plaintiff is
represented by Robert J. Siegal.  The Defendants are represented by
Floyd Ivey, Sean A. Moynihan, and Peter Glantz.

**BACKGROUND**

The Plaintiff, James S. Gordon, is a Washington resident and the
registered user of the internet domain name "gordonworks.com."  The
Defendants are Impulse Marketing Group, Inc. ("Impulse"), a Nevada
corporation, and three of its employees: Kenneth Adamson, Jeffrey
Goldstein, and Phil Huston.  Impulse is an electronic marketing
company that transacts business with Washington by sending commercial
electronic mail messages ("email") to Washington state residents.
Impulse operates by collecting personally identifiable information
from individuals who sign up to receive free products and/or services

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 1

at websites run by Impulse and/or its marketing partners.  In
consideration for receiving free products and/or services from an
Impulse related website, it requires that individuals using its
websites agree to submit accurate personal subscriber information
("Subscriber Profiles").  By submitting their Subscriber Profiles,
individuals grant Impulse the right to transfer the Subscriber
Profiles to third parties for marketing purposes.  Impulse Marketing
subscribes revenue from the licensing and/or use of accurate
Subscriber Profiles.

      The Plaintiff initiated the present lawsuit on November 23, 2004,
alleging that Impulse violated Washington's Commercial Electronic Mail
Act ("CEMA"), RCW § 19.190 et seq., and Washington's Consumer
Protection Act ("CPA"), RCW § 19.86 et seq., by initiating and/or
conspiring with others to initiate unsolicited commercial emails to
various addresses at Plaintiff's domain, "gordonworks.com."  On May 2,
2006, the Court granted the Plaintiff's request to amend the Complaint
to include claims under the Federal CAN-SPAM Act (15 U.S.C. § 7701 et
seq.), Washington's Deceptive Offers statute (RCW § 19.170),
Washington's Identity Crimes statute (RCW § 9.35), and a new
provision of CEMA (RCW § 19.190.080).  The Court also gave the
Plaintiff leave to name additional defendants, Jeffrey Goldstein,
Kenneth Adamson, and Phillip Huston, officers and/or directors of
Impulse.  (Ct. Rec. 356).

      The Plaintiff filed his First Amended Complaint ("FAC") on June
13, 2006.  On August 31, 2006, the Defendants moved to dismiss the FAC
on a number of grounds.  Without seeking leave of the Court, the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 2

1 Plaintiff filed a Second Amended Complaint ("SAC"), Ct. Rec. 448-3,

2 along with their response to the motion to dismiss.  The Defendants

3 objected to the SAC as an unauthorized pleading.  The Plaintiff then

4 sought leave to file the SAC.  The Court has denied the Plaintiff's

5 request to file the Second Amended Complaint, but given the Plaintiff

6 leave to plead damages for his Prize Statute claim.  The Defendants'

7 motion to dismiss the FAC is now before the Court.

8 **DISCUSSION**

9 **I.   LEGAL STANDARD**

10 A complaint should not be dismissed for failure to state a claim

11 upon which relief may be granted under Federal Rule of Civil Procedure

12 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove

13 no set of facts in support of his claim which would entitle him to

14 relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2

15 L. Ed. 2d 80, 84 (1957).  When the legal sufficiency of a complaint's

16 allegations are tested with a motion under Rule 12(b)(6), all factual

17 allegations set forth in the complaint are taken as true and construed

18 in the light most favorable to the plaintiff.  *Epstein v. Wash. Energy*

19 *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  The Court must give the

20 plaintiff the benefit of every inference that reasonably may be drawn

21 from well-pleaded facts.  *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th

22 Cir. 1998).

23 The parties have submitted a number of declarations in support of

24 their briefing on the motion to dismiss.  The Court will consider

25 these materials only in ruling upon the Defendants' challenge to

26 personal jurisdiction.  A court may not generally consider material

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 3

beyond the pleadings in ruling upon a motion to dismiss.  *Thompson v. Davis*, 295 F.3d 890, 896 n.3 (9th Cir. 2002).  If the Court were to rely on the declarations submitted by the parties, the Court would be obliged to convert the motion to dismiss into a motion to for summary judgment.  *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n.4 (9th Cir. 1989).  This the Court declines to do, as the proper time for consideration of declarations is generally at summary judgment, after both parties have had an opportunity to conduct discovery.  The Court may and will consider the declarations and, if necessary, resolve factual disputes in addressing the Defendants' personal jurisdiction argument.  *Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075, 1083 (9th Cir. 2002).

## II.  SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Under section 1332, the federal district courts have original jurisdiction to hear civil cases where the parties are citizens of different states and more than $75,000 is in controversy.  The Plaintiff is a Washington resident.  The Defendants are a Nevada corporation and citizens of the State of Georgia.  FAC ¶¶ 1.1-1.5.  The Plaintiff alleges more than $75,000 in damages.  FAC ¶ 2.5.  Subject matter jurisdiction is therefore proper in this case.

## III. COMMERCIAL ELECTRONIC MAIL ACT

Under Washington's Commercial Electronic Mail Act ("CEMA"), it is illegal to transmit email that misrepresents its point of origin, misrepresents its transmission path, or contains false information.  Wash. Rev. Code § 19.190.020.  The statute authorizes an individual

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 4

who receives emails that violate CEMA to bring an action to recover

damages.  Wash. Rev. Code § 19.190.040(1).  Interactive computer

services injured by such emails may also recover damages.  Wash. Rev.

Code § 19.190.040(2).  An "interactive computer service" is,

> any information service, system, or access software provider
> that provides or enables computer access by multiple users
> to a computer server, including specifically a service or
> system that provides access to the internet and such systems
> operated or services offered by libraries or educational
> institutions.

Wash. Rev. Code § 19.190.010(8).  The statute provides separate

definitions for "domain name" and "web page."  Wash. Rev. Code §

19.190.010 (10), (13).  CEMA further provides that it is illegal to

use email to induce a person to provide identifying information.

Wash. Rev. Code § 19.190.080.  Private individuals may bring civil

actions for damages for violations of this subchapter.  Wash. Rev.

Code § 19.190.090(1).  The owner of a web page who has been "adversely

affected" by a violation of Section 19.190.80 may also bring suit.

Wash. Rev. Code § 19.190.090(2).

The Defendants argue that Gordon, as an individual bringing suit

on behalf of himself, does not have standing to pursue his CEMA claim

because he does not qualify as an "interactive computer service."  The

Plaintiff responds that Gordon qualifies as an interactive computer

service because he makes information available to thousands of

computer users on his website.  The Court does not find either party's

briefing on this issue persuasive.  The parties have neither cited

case law nor defined the technical terms at issue in the definition.

If the interpretation of the term "interactive computer service"

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 5

presents a question of first impression, analysis beyond recitation of the statutory language will be necessary.

Moreover, even if the Plaintiff does not qualify as an interactive computer service, he may still seek recovery under Section 19.190.020 for those emails he received personally.  He may also seek recovery for the injuries he suffered personally and the adverse effects the Defendants' conduct had on him as a provider of internet access service under Section 19.190.080.  Dismissal of the Plaintiff's CEMA claim is therefore denied.

## IV.   CONSUMER PROTECTION ACT

In order to state a cause of action under Washington's Consumer Protection Act ("the CPA"), a plaintiff must allege five elements:

> (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) the injury must be causally linked to the unfair or deceptive act.

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 785-86, 719 P.2d 531, 535-37 (Wash. 1986).  Conduct that violates CEMA constitutes "an unfair or deceptive act in trade or commerce" for the purposes of the CPA.  Wash. Rev. Code § 19.190.100.

The Defendants imply that the Plaintiff lacks standing to bring his CPA claims because Gordon does not qualify as an interactive computer service.  Given that the Defendants have failed to persuade the Court that the Plaintiff is not an interactive computer service, the Plaintiff may yet be able to prove that the Defendants engaged in an unfair or deceptive trade practice by violating CEMA.  Dismissal of the Plaintiff's CPA claim is therefore inappropriate.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 6

**V.    THE CAN-SPAM ACT**

The Controlling the Assault of Non-Solicited Pornography and
Marketing Act ("CAN-SPAM") attempts to decrease the problems
associated with commercial electronic mail by prohibiting a number of
emailing practices.  15 U.S.C. § 7701 *et seq.*  While CAN-SPAM is
generally enforced by the Federal Trade Commission, providers of
"internet access service" may also seek relief under CAN-SPAM.  15
U.S.C. § 7706(g)(1).  For the purposes of CAN-SPAM, "'Internet access
service' has the meaning given that term in section 231(e)(4) of the
Communications Act of 1934."  15 U.S.C. § 7702(11).  The
Communications Act defines "internet access service" as

> a service that enables users to access content, information,
> electronic mail, or other services offered over the
> Internet, and may also include access to proprietary
> content, information, and other services as part of a
> package of services offered to consumers.  Such term does
> not include telecommunications services.

47 U.S.C. § 231(e)(4).

The Defendants argue that the Plaintiff does not have standing to
bring claims under CAN-SPAM because Gordon, as an individual bringing
suit on behalf of himself, is not an internet access service.  The
Plaintiff responds that he is an internet access service because, as
the sole proprietor of gordonworks.com, he enables the site's users to
access content and email on the Internet.

The Court is not persuaded that dismissal of the Plaintiff's CAN-
SPAM claim is appropriate.  The parties agree that CAN-SPAM defines
"internet access service" in terms of what the entity in question does
rather than in terms of the entity's ownership structure.  The

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 7

Plaintiff has made a logical argument that his activities qualify him under this definition.  In contrast, the Defendants have not provided any analysis in support of their argument that an individual who operates a domain name may not qualify as an internet access service. While the Defendants do point to a secondary source that supports their position, the persuasive value of this unbinding authority is negated by the absence of analysis.  Dismissal of the Plaintiff's CAN-SPAM claim at this stage of the litigation would be premature.

## VI.   THE PRIZE STATUTE

Washington's Prize Statute prohibits the deceptive promotional advertizing of prizes.  Wash. Rev. Code § 19.170.010 *et seq.*  "A person who suffers damages" as a result of such advertizing practices may bring a cause of action to recover damages.  Wash. Rev. Code § 19.170.060.  The FAC alleges that the Defendants transmitted many emails that violated the Prize Statute in unspecified ways.  FAC ¶¶ 4.3.1-4.3.2.  The Defendants argue that the Plaintiff does not have standing to bring his Prize Statute claim because he has failed to plead that the Defendants' alleged violations of the Prize Statute caused him to suffer damages.  However, the Court has granted the Plaintiff permission to amend the First Amended Complaint to plead damages under the Prize Statute.  The motion to dismiss this claim is denied.

## VII. PERSONAL JURISDICTION

A trial court may only exercise personal jurisdiction over an out-of-state defendant when the exercise of jurisdiction is both consistent with due process and authorized by the state's long arm

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 8

1  statute.  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir.

2  2006).  Due process is satisfied when a defendant has a sufficient

3  number of contacts with the forum state so that the exercise of

4  jurisdiction does not offend traditional notions of fair play and

5  substantial justice.  *International Shoe Co. v. Washington*, 326 U.S.

6  310, 316, 66 S. Ct. 154, 159, 158 90 L. Ed. 2d 95, 102 (1945).  When a

7  defendant has so many contacts with the forum state as to "approximate

8  physical presence," the courts within that state have general

9  jurisdiction over the defendant and may exercise it on any claim.

10  *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168-69 (9th Cir.

11  2006).  Where, however, a defendant has only limited contacts with the

12  forum state, the courts within it may only exercise specific

13  jurisdiction.  *Pebble Beach Co. v. Caddy*, 453 F.3d at 1154 n.1.

14      The Ninth Circuit applies a three-part test in determining

15  whether a defendant has sufficient minimum contacts with the forum

16  state to establish specific jurisdiction.  Minimum contacts exist

17  when,

> (1) the defendant has performed some act or consummated some
> transaction within the forum or otherwise purposefully
> availed himself of the privileges of conducting activities
> in the forum, (2) the claim arises out of or results from
> the defendant's forum-related activities, and (3) the
> exercise of jurisdiction is reasonable.

*Id.* at 1155.

22      The plaintiff in a civil action has the burden of proving that

23  the court has personal jurisdiction over a defendant.  *Lee v. City of

24  Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).  Once the plaintiff

25  has satisfied the first two prongs of the minimum contacts test, the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 9

1    burden shifts to the defendant to prove that the exercise of

2    jurisdiction would be unreasonable.  *Schwarzenegger v. Fred Martin*

3    *Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  In considering the

4    evidence, the court should take unchallenged allegations in the

5    complaint as true, conflicts in facts should be resolved in favor of

6    the plaintiff, and the evidence before the court should be construed

7    in the light most favorable to the plaintiff.  *Id.* at 800; *Ochoa,* 287

8    F.3d at 1187.

9        While the Defendants do not contest the court's jurisdiction over

10   Impulse, they do challenge the court's jurisdiction over Goldstein and

11   Adamson.  However, dismissal of the claims against Goldstein and

12   Adamson is inappropriate because the Plaintiff has plead facts

13   sufficient to confer personal jurisdiction.  The Plaintiff has plead

14   that Adamson and Goldstein are officers or directors of Impulse who

15   exercise control over Impulse's policies and practices.  FAC ¶ 1.5.

16   Assuming this allegation to be true, Adamson and Goldstein did

17   purposefully avail themselves of the privilege of conducting

18   activities in Washington.  While the Defendants have submitted

19   evidence to the contrary, the Court must resolve such factual disputes

20   in favor of the Plaintiff under *Ochoa* and *Schwarzenegger.*  374 F.3d at

21   800; 287 F.3d at1187.

22   **VIII.     VAGUENESS**

23       Under the notice pleading requirements of the Federal Rules of

24   Civil Procedure, a complaint in a civil suit must contain "a short and

25   plain statement of the grounds upon which the court's jurisdiction

26   depends."  Fed. R. Civ. P. 8(a)(1).  "The 'short and plain statement'

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 10

must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 1634, 161 L. Ed. 2d 577, 588 (2005)(citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80, 85 (1957)).  To satisfy this standard, the plaintiff's complaint should set forth allegations respecting all material elements of a particular claim. *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1130 (N.D. Cal. 2005).

A complaint may properly be dismissed when it is "vague, conclusory, and general and does not set forth any material facts in support of the allegations." *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).  More specifically, dismissal is appropriate when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1205 (C.D. Cal. 2004)(quoting *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).

The Defendants argue that the FAC fails to satisfy the pleading requirements of Rule 8 because it is vague and consists entirely of conclusory allegations.  While the Court is troubled by the vague and conclusory nature of the FAC, the FAC does provide the Defendants with "fair notice" of the nature of the Plaintiff's claims. Unlike the complaint dismissed in *Jacobson*, one can determine the identity of the defendants, the relief sought, and the theories alleged in the FAC.  It is also possible to proceed with discovery by seeking the emails at issue.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 11

1   **IX.   MOTION FOR A MORE DEFINITE STATEMENT**

2        A defendant may move for a more definite statement when the

3   complaint is "so vague or ambiguous that a party cannot reasonably be

4   required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A

5   motion for a more definite statement is not a remedy for a lack of

6   detail, however. *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D.

7   Or. 2002); *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003).

8   Motions for a more definite statement are disfavored, leading some

9   district courts to conclude that such motions should be denied if the

10  missing information may be obtained through discovery. *Castillo*, 219

11  F.R.D. at 163; *Davison v. Santa Barbara High School District*, 48 F.

12  Supp. 2d 1225, 1228 (C.D. Cal. 1998).

13       The Defendants request an order compelling the Plaintiff to

14  provide, for each and every allegedly offensive email:

15            1) The address to which it was sent;

16            2) The date on which it was sent;

17            3) The basis upon which the Plaintiff claims it violates a

18       statute; and

19            4) The basis upon which the Plaintiff claims the Defendant

20       sent it.

21  (Ct. Rec. 404 at 18-19.)  The Plaintiff argues that all of the

22  information the Defendants seek has been provided in discovery.

23       The Court finds that the nature of the Plaintiff's claims,

24  combined with the vagueness of the FAC, presents an exceptional

25  circumstance that warrants a more definite statement.  While the FAC

26  provides notice concerning the nature of the Plaintiff's claims, it is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 12

nevertheless so ambiguous that the Defendants cannot reasonably be expected to frame a responsive pleading. Specifically, the FAC does not identify the emails at issue. Without such identification, the Defendants have no way of knowing if they should "admit" or "deny" sending the emails. Nor is it possible to "admit" or "deny" that an email violates any of the statutes at issue without first knowing the content of the email.

Even if the Defendants have been provided with the emails through discovery, a more definite statement is necessary to prevent the Plaintiff from presenting a moving target. While not all of the information requested by the Defendants is necessary to achieve this end, the Plaintiff must identify the emails at issue, the time frame during which they were sent, and the basis upon which he claims the Defendants sent the emails. Attempting to litigate a claim without first identifying the acts and documents that gave rise to the claim is contrary to the "just, speedy, and inexpensive determination of the action" required by Federal Rule of Civil Procedure 1.

**CONCLUSION**

Following this Court's disposition of the Defendant's Second Motion to Dismiss, the Plaintiff may continue to pursue his claims under Washington's Commercial Electronic Mail Act, Washington's Consumer Protection Act, Washington's Deceptive Offers statute, Washington's Identity Crimes statute, Washington's Prize Statute, and the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act. The Plaintiff must provide the Defendant with a more definite statement as specified below. Accordingly,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS- 13

1    **IT IS HEREBY ORDERED**:

2    1. The Defendants' Motion to Dismiss the First Amended Complaint,

3    **Ct. Rec. 403**, is **GRANTED IN PART** and **DENIED IN PART**.

4    2. The Plaintiff shall file a more definite statement

5    identifying:

6         a) The number of emails at issue;

7         b) The time frame during which the emails were sent;

8         c) The addresses and domain names that received the emails;
     and

9

10        d) A brief summary of the factual basis upon which the
     Plaintiff claims that Impulse sent the emails.

11   **IT IS SO ORDERED**.  The District Court Executive is hereby

12   directed to enter this order and furnish copies to counsel.

13   **DATED** this  14th  day of May, 2007.

14

15            s/ Fred Van Sickle
                Fred Van Sickle
             United States District Judge

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS- 14