Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

Hon. Fred Van Sickle

Klein Zelman Rothermel LLP
By: Sean A. Moynihan
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
*Attorneys for Defendant Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston, and Kenneth Adamson, <br><br> Defendants. | Case No.: CV-04-5125-FVS <br><br> DECLARATION OF STACY K. WOLERY, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS |
| Impulse Marketing Group, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Bonnie F. Gordon, Jamila Gordon, James Gordon, III, and Jonathan Gordon, <br><br> Third-Party Defendants. | |

Stacy K. Wolery, an attorney and counselor at law duly licensed in the State of New York, now declares:

1. I am an associate with the law firm of Klein Zelman Rothermel LLP, counsel for Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein

DECLARATION OF STACY K. WOLERY, ESQ.
IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS- 1
00084323;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVE., 15TH FL., NEW YORK, NY 10022

("Goldstein") and Kenneth Adamson ("Adamson") (collectively, "Defendants") in the above-captioned action. I submit this reply declaration in support of Defendants' Motion for Sanctions. Except as to matters alleged below as being upon information and belief, I am fully and personally familiar with the facts and circumstances set forth herein.

2.  On or about March 29, 2006, Plaintiff filed a motion seeking leave to file a first amended complaint.

3.  On or about May 2, 2006, this Court granted in part and denied in part Plaintiff's motion to amend his original complaint. In particular, the order denied Plaintiff's request to add new plaintiffs to the action.

4.  On or about June 13, 2006, Plaintiff filed his First Amended Complaint, and, in direct contradiction to the Court's Order, counsel surreptitiously added "dba Gordonworks.com" as a plaintiff in the action.

5.  On or about August 31, 2006, Defendants moved to dismiss Plaintiff's First Amended Complaint on several grounds including, but not limited to, the unauthorized amendment of the original complaint, lack of jurisdiction and failure to state a claim upon which relief could be granted. In addition, Defendants concurrently moved in the alternative for a more definite statement.

6.  On or about September 11, 2006, Plaintiff filed a memorandum in response to Defendants' motion to dismiss the First Amended Complaint. Simultaneously, therewith, and again without leave of Court, Plaintiff filed an unauthorized Second Amended Complaint. The Second Amended Complaint changed the caption yet again and made substantial material revisions to Plaintiff's factual allegations and causes of action.

7.  On or about September 13, 2006, Defendants filed an objection to the unauthorized Second Amended Complaint and returned the rejected pleading to Plaintiff's counsel.

8. The motion for sanctions and supporting papers were served on Robert J. Siegel, Esq. on October 4, 2006

9. On or about October 11, 2006, Plaintiff filed a motion to amend the First Amended Complaint in an attempt to, *inter alia*, remedy his second willful violation of the Federal Rules.

10. Defendants filed their opposition to Plaintiff's motion on or about October 23, 2006.

11. On or about November 7, 2006, Defendants again wrote to Plaintiff's counsel demanding that the unauthorized pleading be withdrawn from the record.

12. As the Court noted in its May 10, 2007 Order Granting in Part and Denying in Part Plaintiff's Motion to Amend, at least twice "[t]he Plaintiff has disregarded both an order of this Court and Rule 15 of the Federal Rules of Civil Procedure."

13. As a result of the filing of this unauthorized pleading and Plaintiff's pattern of misconduct, Defendants have incurred legal expenses in excess of $14,778.00. I billed Defendants approximately 31.8 hours (at a rate of $225 per hour) in objecting to the unauthorized pleading, preparing Defendants' motion for sanctions and supporting documentation, and opposing Plaintiff's improper motion to amend and file the unauthorized pleading. Redacted copies of legal invoices are attached to the Moynihan Declaration in Support of Defendants' Sanctions Motion as Exhibit A, and filed contemporaneously herewith. Where a billing entry included time spent on unrelated matters, I calculated a reasonable approximation of the amount of time spent on the matter described on the invoice. The hours listed in the invoice are the original amounts billed and are higher than the amount requested herein.

DATED this 24th day of May, 2007.

_____
Stacy K. Wolery

## Certificate of Service

I, hereby, certify that on May 25, 2007, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Declaration of Stacy K. Wolery, Esq. in Support of Defendants' Motion for Sanctions to: Robert J. Siegel and Sean A. Moynihan. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Robert Pritchett; Jamila Gordon; Emily Abbey and Hon. Harold D. Clarke, Jr.

_____
Floyd Ivey, Esq.
Attorney for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein
and Kenneth Adamson