1

2   i.JUSTICE LAW, P.C.                    THE HONORABLE FRED VAN
    1325 Fourth Ave., Suite 940           SICKLE
3   Seattle, Washington 98101-2509
    Phone (206)-304-5400
4   Fax (206) 624-0717

5

6

7                    IN THE UNITED STATES DISTRICT COURT
8               FOR THE EASTERN DISTRICT OF WASHINGTON
                              AT RICHLAND
9
    JAMES S. GORDON, JR,
10  a married individual;                  **NO.** CV-04-5125-FVS

11              Plaintiff,                 **PLAINTIFF'S MORE DEFINITE
                                           STATEMENT**
12  v.
                                           **[JURY DEMAND]**
13
    **IMPULSE MARKETING
14  GROUP, INC., a
    Nevada/Georgia corporation;
15  JEFFREY GOLDSTEIN,
    individually and as part of his
16  marital community; PHILLIP
    HUSTON, individually and as
17  part of his marital community;
    KENNETH ADAMSON,
18  individually and as part of his
    marital community; JOHN
19  DOES, I-X,**

20

21          COMES NOW, Plaintiff James S. Gordon, Jr. and, pursuant to this Court's

22  order of May 14, 2007, files this More Definite Statement:
23
24          Plaintiff hereby apologizes to the Court for failing to file this statement

25  within the time period set forth in FRCP 12(e).  However, Plaintiff's efforts have

26
    been greatly complicated by the unlawful and ongoing actions of Defendant
27  NO.  CV-05-5079-FVS              Page 1 of 7        i.JUSTICE LAW, P.C.
    AMENDED FIRST AMENDED COMPLAINT                    1325 Fourth Ave., Suite 940
28                                                     Seattle, WA 98101-2509
                                                       Phone: 206-304-5400
                                                       Fax: 206-624-0717

Impulse.  Specifically, Impulse has continued to illegally send unwanted email to Plaintiff essentially on a daily basis.  Thus, the Plaintiff cannot with any certainty identify the number of emails at issue, the time frame during which the emails were sent, or the address and domain names that received the emails, as each day changes the number of emails, adds to the relevant time period, and potentially adds new addresses and domain names to the list.  Further, it appears to Plaintiff that Impulse is using an ever changing group of third parties to assist Impulse in sending these unlawful emails.  Thus, to provide a brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails requires Plaintiff to conduct a new investigation beginning each day with the receipt of new email sent by an associate of Impulse whose identity is deliberately obscured.

It is indisputable that Plaintiff James S. Gordon Jr. (hereafter "Gordon") never wanted to receive spam from Impulse.  It is further indisputable that Gordon has repeatedly notified Impulse of Gordon's desire not to receive spam from Impulse.  One would think that the fact that Gordon was suing Impulse in Federal Court would provide sufficient notice that Gordon does not want their spam.  However, no matter what Gordon does, including filing and maintaining this lawsuit over a period of three years and through hundreds of docket entries,

PLAINTIFF'S "MORE DEFINITE STATEMENT"-2
GORDON v. IMPULSE
MARKETING, INC., ET AL

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

1   Impulse has continued to ignore Gordon's repeated requests and plain desire to be

2
3   left alone, and has continued to send Gordon spam.  Impulse's conduct in this

4   regard is simply outrageous.

5

6
    Impulse's continued spamming of Gordon is also plainly illegal.  CAN
7

8   SPAM requires the senders of commercial emails to leave a party alone without the

9   necessity of the intervention of a Court.  15 USC 7704(a)(4) provides:

10

11

12      (4) PROHIBITION OF TRANSMISSION OF COMMERCIAL
        ELECTRONIC MAIL AFTER OBJECTION-
13
            (A) IN GENERAL- If a recipient makes a request using a
14          mechanism provided pursuant to paragraph (3) not to receive
            some or any commercial electronic mail messages from such
15          sender, then it is unlawful--
16              (i) for the sender to initiate the transmission to the
                recipient, more than 10 business days after the receipt of
17              such request, of a commercial electronic mail message
                that falls within the scope of the request;
18
                (ii) for any person acting on behalf of the sender to
19              initiate the transmission to the recipient, more than 10
20              business days after the receipt of such request, of a
                commercial electronic mail message with actual
21              knowledge, or knowledge fairly implied on the basis of
                objective circumstances, that such message falls within
22              the scope of the request;
23              (iii) for any person acting on behalf of the sender to assist
24              in initiating the transmission to the recipient, through the
                provision or selection of addresses to which the message
25              will be sent, of a commercial electronic mail message

26

27  PLAINTIFF'S "MORE DEFINITE        Page 3 of 7
    STATEMENT"-3
28  GORDON v. IMPULSE
    MARKETING, INC., ET AL

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message would violate clause (i) or (ii); or
(iv) for the sender, or any other person who knows that the recipient has made such a request, to sell, lease, exchange, or otherwise transfer or release the electronic mail address of the recipient (including through any transaction or other transfer involving mailing lists bearing the electronic mail address of the recipient) for any purpose other than compliance with this Act or other provision of law.

There is no question that Gordon has repeatedly requested that Impulse stop sending spam to Gordon prior to filing this lawsuit. However, even if Gordon had not otherwise notified Impulse in that regard, by virtue of Gordon filing this lawsuit, and by providing Impluse copies of the offending spam in discovery, there can be no rational argument that Impulse is not on actual notice of Gordon's desire to be free from Impulse's spam. Gordon's initial disclosures, his discovery responses, and, of course, the emails sent by Impulse themselves plainly disclose the email addresses and domain names at Gordon's server. For Impulse to continue to send their spam to these email addresses and domain names throughout this lawsuit in the face of the plain prohibition under 15 USC 7704(a)(4) is nothing short of unconscionable.

PLAINTIFF'S "MORE DEFINITE STATEMENT"-4
GORDON v. IMPULSE MARKETING, INC., ET AL

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

Accordingly, subject to the foregoing, Gordon makes more definite statement as follows:

**a) The number of emails at issue.**

There are approximately 31,000 emails that form the basis of this action.  On information and belief, Impulse has sent approximately 18,100 of these emails. 10,900 more emails appear to have been sent on behalf of Impulse by Impulse affiliates.

**b) The time frame during which the emails were sent**

The emails at issue started in Sept. 2003 and are still being sent in June 2007.

**c) The address and domain names that received the emails**

The addresses at gordonworks.com, include:

james@; faye@; jamila@; jay@; jonathan@; emily@

Other domains on Gordon's server that are receiving unwanted spam from the Defendant are:  anthonycentral.com; celiajay.com; chiefmusician.net; ehahome.com

jaycelia.com; jaykaysplace.com; itdidnotendright.com; rcw19190020.com;

PLAINTIFF'S "MORE DEFINITE STATEMENT"-5
GORDON v. IMPULSE
MARKETING, INC., ET AL

Page 5 of 7

ewaterdragon.com

**d)  A brief summary of the factual basis upon which the Plaintiff claims that Defendant (Impulse) sent the emails.**

Gordon believes that the emails are from Impulse because each of the emails

contain one or more of the following characteristics:

the mailing address of Impulse;

the emails are sent from a domain that is owned by Impulse;

the emails advertise a product sold by Commonwealth Marketing Group, Inc., and

(CMG), and Impulse has an exclusive agreement to send spam advertising CMG

products;

the emails contain a domain name owned by a principal or manager of Impulse.

**RESPECTFULLY SUBMITTED** this 22nd  day of June, 2007.

**i.JUSTICE LAW, P.C.**

/s/ Robert J. Siegel_____
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S "MORE DEFINITE
STATEMENT"-6
GORDON v. IMPULSE
MARKETING, INC., ET AL

Page 6 of 7

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

1

2

## Certificate of Service

3

4    I, hereby, certify that on June 22, 2007, we filed this pleading with this

5    Court. The Clerk of the Court will provide electronic notification system

6    using the CM/ECF, which will send an electronic copy of this Notice to:

7    Floyd E. Ivey; Sean Moynihan; Stacy Wolery.  I further certify that I

8    have served the foregoing to the following non-CM/ECF participants by

9    other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III;

10   Jamila Gordon; Emily Abbey; and Hon. Harld D. Clarke, Jr.

11

12   /S/ Robert J. Siegel
13   Robert J. Siegel, WSBA #17312
     Attorneys for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27   PLAINTIFF'S "MORE DEFINITE            Page 7 of 7            i.JUSTICE LAW, P.C.
     STATEMENT"-7                                            1325 Fourth Ave., Suite 940
28   GORDON v. IMPULSE                                        Seattle, WA 98101-2509
     MARKETING, INC., ET AL                                  Phone: 206-304-5400
                                                             Fax: 206-624-0717