Hon. Fred Van Sickle

Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

Klein Zelman Rothermel LLP
By: Sean A. Moynihan & Stacy K. Wolery
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
*Attorneys for Defendant Impulse Marketing Group, Inc., Jeffrey Goldstein and Kenneth Adamson*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
# AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston, and Kenneth Adamson, <br><br> Defendants. | Case No.: CV-04-5125-FVS <br><br> PROPOSED DISCOVERY PLAN, STATUS CERTIFICATE AND STATEMENT IDENTIFYING CORPORATE INFORMATION |
| Impulse Marketing Group, Inc., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> Bonnie F. Gordon, Jamila Gordon, James Gordon, III, and Jonathan Gordon, <br><br> Third-Party Defendants. | |

PROPOSED DISCOVERY PLAN, STATUS CERTIFICATE & STATEMENT IDENTIFYING CORPORATE INFORMATION- 1
00084787;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVE., 15TH FL., NEW YORK, NY 10022

Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein"), Phillip Huston ("Huston") and Kenneth Adamson (collectively, "Defendants") hereby submit this Proposed Discovery Plan, Status Certificate and Statement Identifying Corporate Information as required by the Court's May 30, 2007 Notice Setting Telephonic Scheduling Conference. (Ct. Rec. 497.)

## PROPOSED DISCOVERY PLAN

On or about May 10, 2007, this Court issued an order granting in part and denying in part Plaintiff's Motion to Amend Complaint, permitting Plaintiff to amend only Section 4.3 of the First Amended Complaint to include paragraphs 4.3.3, 4.3.4 and 4.3.5 of the proposed Second Amended Complaint. (Ct. Rec. 481.) Subsequently, on or about May 14, 2007, this Court issued an order requiring Plaintiff to file a more definite statement. On or about June 22, 2007, nearly one (1) month late and contrary to the Orders of this Court and the time limits prescribed by Fed. R. Civ. P. 12(e), Plaintiff filed an Amended First Amended Complaint (Ct. Rec. 499) and a separate More Definite Statement (Ct. Rec. 500).[1] The More Definite Statement, *inter alia*, fails to correlate any of Plaintiff's statements to the allegations contained in the Amended First Amended Complaint. Further, the Amended First Amended Complaint and the More Definite are deficient in several respects. Any discovery responses previously exchanged were based upon the Original Complaint, which has been repeatedly superceded by amended pleadings and is now a nullity. If Plaintiff's newly filed pleadings survive motions to dismiss or to strike, discovery must start anew.

---

[1] In addition, to date, Plaintiff has also failed to pay to Defendants sanctions in the amount of $1,500.00 as ordered by this Court verbally and in a minute order on or about May 25, 2007 (Ct. Rec. 496) and again on or about June 15, 2007 (Ct. Rec. 498), issued based upon Plaintiff's repeated failure to follow civil rules and orders of this Court.

# STATUS CERTIFICATE

a. There are no issues regarding service of process.

b. There are no issues regarding venue. Defendants dispute the exercise of personal jurisdiction over individual defendants Goldstein, Adamson and Huston.

c. Defendants anticipate filing a motion to strike or to dismiss. In addition, if necessary, Defendants anticipate filing a motion for summary judgment.

d. Discovery must start anew if Plaintiff's Amended First Amended Complaint and More Definite Statement survive motions to dismiss or to strike. Plaintiff's More Definite Statement alleges that approximately 31,000 emails form the basis of the action (Pl.'s More Def. Statement at 5.) As Plaintiff states in his Amended First Amended Complaint, each of the alleged 31,000 emails constitutes a unique cause of action. Defendants are uncertain of the time it will take to complete discovery, but estimate that discovery can be completed approximately 300 days after the issuance of a decision regarding any motion to strike or to dismiss Plaintiff's amended pleading as untimely and in contravention of this Court's orders and Fed. R. Civ. P. 12(e).

e. This case has been referred to a Discovery Master for resolution of any discovery disputes.

f. No modifications to the standard pretrial procedures are necessary.

g. Bifurcation of this case is unnecessary.

h. Settlement is unlikely.

i. To date, Plaintiff has failed to pay to Defendants sanctions in the amount of $1,500.00 as ordered by this Court verbally and in a minute order on or about May 25, 2007 (Ct. Rec. 496) and again on or about June 15, 2007 (Ct. Rec. 498), issued based upon Plaintiff's repeated failure to follow civil rules and orders of this Court.

## STATEMENT IDENTIFYING CORPORATE INFORMATION

Impulse Marketing Group, Inc. was recently dissolved with its assets transferred to Impulse Marketing Group, LLC. Impulse Marketing Group, LLC is owned by Astrum Financial, LLC. Astrum Financial, LLC is a wholly owned subsidiary of CA Holding, Inc. No publicly traded company owns more than ten percent (10%) of Impulse's stock.

DATED this 25th day of June, 2007.

_____
Sean A. Moynihan

## Certificate of Service

I, hereby, certify that on June 25, 2007, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Proposed Discovery Plan, Status Certificate and Statement Identifying Corporate Information to: Robert J. Siegel, Floyd E. Ivey and Sean A. Moynihan. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Robert Pritchett; Jamila Gordon; Emily Abbey and Hon. Harold D. Clarke, Jr.

_____
Stacy K. Wolery, Esq.
Attorney for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein,
Phillip Huston and Kenneth Adamson