Gordon v. Impulse Marketing Group Inc Doc. 504

Hon. Fred Van Sickle

Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston and Kenneth Adamson*

Klein Zelman Rothermel LLP
By: Sean A. Moynihan & Stacy K. Wolery
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
*Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston and Kenneth Adamson*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND**

James S. Gordon, Jr.,

Plaintiff,

v.

Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston, and Kenneth Adamson,

Defendants.

Case No.: CV-04-5125-FVS

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT

Impulse Marketing Group, Inc.,

Third-Party Plaintiff,

v.

Bonnie E. Gordon, Jamila Gordon, James Gordon, III, and Jonathan Gordon,

Third-Party Defendants.

To: Robert J. Siegel, Attorney for Plaintiff James S. Gordon, Jr., Merkle Siegel & Friedrichsen, P.C., 1325 Fourth Avenue, Suite 940, Seattle, Washington 98101.

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE MORE DEFINITE STATEMENT- 1
00084810:1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVE., 15TH FL., NEW YORK, NY 10022
(212) 935-6020

Dockets.Justia.com

Objection is made to the papers styled Amended First Amended Complaint and More Definite Statement, each dated June 22, 2007, and served on defendants Impulse Marketing Group, Inc., Kenneth Adamson, Jeffrey Goldstein and Phillip Huston ("Defendants") on or about June 22, 2007, on the grounds that the pleadings are admitted by Plaintiff to be untimely, and in direct contravention to the plain language of Rule 12 (e) of the Federal Rules of Civil Procedure, and that such pleadings should properly have been filed as one (1) single amended pleading.

Take notice that Defendants refuse to accept the purported amended pleading and more definite statement and return the same to you with this objection.

RESPECTFULLY SUBMITTED this 26th day of June, 2007.

By: ______________________________

Sean A. Moynihan, admitted *pro hac vice*
Stacy K. Wolery, admitted *pro hac vice*
Klein Zelman Rothermel LLP
485 Madison Avenue, 15th Floor
New York, NY 10022
Tel: (212) 935-6020
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Kenneth Adamson and Phillip Huston

By: ______________________________

Floyd E. Ivey
Liebler, Ivey, Conner, Berry & St. Hilaire
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Kenneth Adamson and Phillip Huston

**Certificate of Service**

I, hereby, certify that on June 26, 2007, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Proposed Discovery Plan, Status Certificate and Statement Identifying Corporate Information to: Robert J. Siegel, Floyd E. Ivey and Sean A. Moynihan. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Robert Pritchett; Jamila Gordon; Emily Abbey and Hon. Harold D. Clarke, Jr.

Stacy K. Wolery, Esq.
Attorney for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston and Kenneth Adamson

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE MORE DEFINITE STATEMENT- 3
00084810;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVE., 15TH FL., NEW YORK, NY 10022
(212) 935-6020

# Exhibit A

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, Washington 98101-2509
Phone (206)-304-5400
Fax (206) 624-0717

THE HONORABLE FRED VAN SICKLE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

JAMES S. GORDON, JR, a married individual;

Plaintiff,

v.

**IMPULSE MARKETING GROUP, INC., a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; PHILLIP HUSTON, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; JOHN DOES, I-X,**

**NO.** CV-04-5125-FVS

**[AMENDED FIRST AMENDED] COMPLAINT FOR DAMAGES UNDER THE CAN-SPAM ACT OF 2003 [15 U.S.C. §7701, *et seq.*]; WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86); THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT (RCW 19.190); RCW 19.170 et seq., and Injunctive Relief**

**[JURY DEMAND]**

COMES NOW, Plaintiff James S. Gordon, Jr. and, pursuant to order of this Court, files this Amended First Amended Complaint against defendants named herein. Plaintiff alleges the following on information and belief:

## 1. PARTIES

1.1 Plaintiff James S. Gordon, Jr. ("Gordon") is a married individual who is and was a resident of Benton and/or Franklin County, Washington, and who was doing business as an interactive computer service as 'gordonworks.com', during the time of all acts complained of herein.

1.2 Defendant Impulse Marketing Group, Inc., ("Impulse") upon information and belief, is a **Nevada** corporation, with its principle place of business located in Georgia.

1.3 Defendant Jeffrey Goldstein ("Goldstein") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of Impulse. All acts and practices undertaken by Goldstein on behalf of Impulse are and were for the benefit of his marital community. Defendant resides in the State of Georgia and transacts or has transacted business in the State of Washington and in the Eastern District of Washington.

1.4 Defendant Phil Huston ("Huston") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of Impulse. All acts

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

and practices undertaken by Huston on behalf of Impulse are and were for the benefit of his marital community. Defendant resides in the State of Georgia and transacts or has transacted business in the State of Washington and in the Eastern District of Washington.

1.5 Defendant Kenneth Adamson ("Adamson") is an officer, director, and/or majority shareholder of Impulse, and as such controls its policies, activities, and practices, including those alleged herein on behalf of Impulse. All acts and practices undertaken by Huston on behalf of Impulse are and were for the benefit of his marital community. Defendant resides in the State of Georgia and transacts or has transacted business in the State of Washington, and in the Eastern District of Washington.

1.6 The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions of which each defendant had knowledge and that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted and/or participated in, and are actions for which each defendant is liable. Each defendant aided, abetted, assisted, and conspired with the actions of each other defendant herein in that each defendant had

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -3
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 3 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 7

knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the other defendants, and in committing those acts herein alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## II. JURISDICTION

2.1 This Court has original jurisdiction of the causes of action herein which are brought under the CAN-SPAM Act of 2003 – 15 U.S.C. §7701, *et seq.*, 15 U.S.C. §7707(g)(1).

2.2 The unlawful actions of the defendants were committed in the States of Washington, Georgia, and in the judicial district of this Court.

2.3 The Defendants regularly transact business within the State of Washington by virtue of the fact that they regularly send commercial bulk emails into the State, which emails are received on computers and other electronic devices owned and maintained by residents of the State in the State. As a result of the Defendants' acts and transactions within the State of Washington, this Court has personal jurisdiction over the Defendants under RCW 4.28.185(1)(a).

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

2.4 The causes of action complained of herein include allegations that commercial electronic messages sent by or on behalf of the Defendants to the Plaintiff violates RCW 19.190 et seq., the Washington Commercial Electronic Mail Act (CEMA) and RCW 19.86 et seq. the Washington State Consumer Protection Act (CPA).

2.5 This Court has diversity jurisdiction over the parties named herein as plaintiffs and defendants are residents of different states, and the complaint includes a prayer for relief in excess of $75,000, exclusive of interest and costs.

2.6 Jurisdiction to commence this action is conferred by 15 U.S.C. §7701, *et seq*., 15 U.S.C. §7707(g)(1); RCW 19.86.080, 19.86.090, 19.86.160, RCW 19.190.030 and RCW 4.12.020-.025.

## III. General Allegations

3.1 Plaintiffs reallege and incorporate as though fully set forth herein, all prior paragraphs herein.

3.2 Plaintiff Gordon is the registrant of the internet domain "gordonworks.com".

3.3 Plaintiff Gordon is the registrant of the internet domain

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

'gordonworks.com', and is an interactive computer service as that term is defined in 15 U.S.C. §7703(11); 47 USC 231(e)(4); and RCW 19.190.010 (7), and is the owner of an internet domain server, which, among others, hosts the 'Gordonworks.com' domain.

3.4    Gordon provides or enables computer access by multiple users to a computer server that hosts the "gordonworks.com" domain name and further provides electronic mail accounts to individuals utilizing their personal domain names for electronic messaging, including individuals residing within the Federal judicial district in which this case is brought.

3.5    Plaintiff Gordon is a user of the interactive computer service provided by 'gordonworks.com', and maintains electronic mail message accounts with 'gordonworks.com, including under the address jim@gordonworks.com as well as the domain name "rcw19190020.com".

3.6    At all times relevant to this action Plaintiff status as Washington residents is and was public knowledge and available to defendants upon request from the Plaintiff, their domain registrar information, and other readily accessible sources.

3.7    The Defendants have initiated the transmission of numerous

AMENDED FIRST AMENDED
COMPLAINT FOR DAMAGES,
PENALTIES, ETC. -6
GORDON v. IMPULSE
MARKETING, INC., ET AL

Page 6 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S
AMENDED FIRST AMENDED COMPLAINT
AND MORE DEFINITE STATEMENT- 10

commercial email messages directed to and through Plaintiff's interactive computer service, and/or to and through Plaintiff's domain 'gordonworks.com', and/or further addressed to Plaintiff Gordon's email addresses, including but not limited to jim@gordonworks.com.

## IV. Causes of Action

### 4.1 First Cause of Action

**Violations of the Can-Spam Act of 2003** [15 U.S.C. §7701 et seq.]

Plaintiff realleges all preceding paragraphs and incorporates them herein as if set forth in full:

4.1.1 Plaintiff has received thousands of commercial electronic mail messages from or on behalf of defendants, sent to Plaintiff's electronic mail server located in Benton and Franklin Counties, Washington, and/or to its registered domains, including 'gordonworks.com' in violation of the CAN-SPAM Act of 2003, 15 U.S.C. §7701 et seq.

4.1.2 Plaintiff Gordon further alleges that he received numerous items of electronic mail from the defendants sent to the 'gordonworks.com' domain, and to email addresses served thereby, that were responded to with specific requests not to receive future commercial electronic mail

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -7
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 7 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 11

messages, which requests went unheeded for a substantial amount of time during which defendants continued to send unlawful email to plaintiff in violation of 15 U.S.C. §7704(a)(4).

4.1.3 Plaintiff further alleges that the defendants sent at least one (1) separate item of electronic mail to the plaintiff to an address most likely harvested from domain name registration and/or by other means of anonymous internet information harvesting. Said conduct was in violation of 15 U.S.C. §7704(b)(1)(A)(i), and (ii).

4.1.4 Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through his 'gordonworks.com' domain, and to individual email accounts at that domain and on its server, which electronic mail included materially misleading subject lines, which constitutes a violation of 15 USC 7704(a)(2).

4.1.5 Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiff at and through the 'gordonworks.com' domain and to individual email accounts served thereby, which electronic mail failed to provide a functioning mechanism, clearly and conspicuously displayed, that a recipient may use, in a manner specified in the message, to

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -8
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 8 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 12

request not to receive further messages from the sender, which constitutes violations of 15 USC 7704(a)(3)(A), and 7704(a)(4)(A)(ii).

4.1.6 Plaintiff further alleges that defendants initiated the transmission of commercial electronic mail to plaintiffs at and through the 'gordonworks.com' domain to individual email accounts served thereby, which electronic mail failed to provide clear and conspicuous notice that the mail is an "advertisement", which constitutes a violation of 15 USC 7704(a)(4)(A)(i).

4.1.7 As a proximate result of said unlawful conduct by said defendants, Plaintiff is entitled to damages for the actual monetary loss incurred or statutory damages in the amount of up to $100.00 in the case of violation of Section 5(a)(1) or up to $25.00 in the case of each violation of the other subsections of Section 5 in the form of statutory damages as set forth in 15 U.S.C. §7707(g)(1) and (3)(A).

4.1.9 Plaintiff furthermore seeks a preliminary and permanent injunction against the defendants for their current and future violations of the CAN-SPAM Act of 2003 as it and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants. The

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -9
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 9 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 13

seeking of injunctive relief by the plaintiff is specifically authorized by 15 U.S.C. §7707(g)(1)(A).

4.1.6 Plaintiff furthermore seeks their attorney fees and costs against the defendants pursuant to 15 U.S.C. §7707(g)(4).

**4.2 Second and Third Causes of Action**

**Violations of the Washington CEMA** [RCW 19.190.020 et seq.]

**and the Washington Consumer Protection Act** [RCW 19.86 et seq.]

Plaintiffs reallege all preceding paragraphs and incorporates them herein as if set forth in full:

4.2.1 It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message, or contains false or misleading information in the subject line.

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -10
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 10 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 14

4.2.2 Defendants initiated the transmission, or assisted and/or conspired to transmit numerous commercial electronic mail messages to Plaintiff's domain and server, and to Plaintiff Gordon's individual email account which defendants knew, or had reason to know were located in the state of Washington, which emails misrepresented or obscured information identifying the point of origin or the transmission path, and/or which contained false or misleading information in the subject line, which constitutes violations of RCW 19.190 et seq.

4.2.3 It is further a violation of RCW 19.190.080 to "solicit, request, or take any action to induce a person to provide personally identifying information by means of a web page, electronic mail message, or otherwise using the internet by representing oneself, either directly or by implication, to be another person, without the authority or approval of such other person." Numerous emails sent by Defendants and received by Plaintiff violated this provision of the CEMA.

4.2.4 Pursuant to RCW 19.190.020(1)(a)(b), each email sent in this Second Cause of Action is a separate and distinct violation of RCW 19.190, and pursuant to RCW 19.190.030(1)(a)(b), (2), and (3) constitutes a separate and

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -11
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 11 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 15

distinct violation of the Consumer Protection Act, RCW 19.86.

4.2.5 Further, defendants' acts herein alleged, constitute separate and distinct violations of RCW 19.86 as they constitute unfair or deceptive acts and practices, occurring in the regular course of defendants' conduct of commerce and trade, and are unfair methods of competition, which acts have been, or are likely to be perpetrated against other residents of the State.

Plaintiff has been damaged as a result of Defendants' statutory violations as set forth herein, in an amount to be proven at trial.

**4.3 Fourth Cause of Action**

**RCW 19.170 et seq.**

Plaintiff realleges all preceding paragraphs and incorporates them herein as if set forth in full:

4.3.1 RCW 19.170 et seq. makes it unlawful under Washington State law to deceptively advertise or promote "free" prizes, gifts, awards, travel coupons or certificate, free item, or any other item offered in a promotion that is different and distinct from the goods, service, or property promoted by a sponsor. The statute makes a violation of RCW 19.170 a per se

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -12
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 12 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 16

violation of the State Consumer Protection Act (RCW 19.86 et seq.)

4.3.2 Numerous email advertisements, i.e., "spam" which Defendants transmitted to Plaintiff, as described herein, violated RCW 19.170 et seq., in the following ways: In violation of RCW 19.170.030:

(a) The offending emails contained offers, and promotions for prizes, gifts, and awards which failed to identify the name and address of the promoter and the sponsor of the promotion; and/or,

(b) failed to state the verifiable retail value of each prize offered in it; and/or,

(c) failed to disclose the verifiable retail value and odds for each prize which must be stated in immediate proximity on the same page with the first listing of each prize in type at least as large as the typeface used in the standard text of the offer; and/or

(d) failed to conspicuously disclose, if a person is required or invited to view, hear, or attend a sales presentation in order to claim a prize that has been awarded, may have been awarded, or will be awarded, the requirement or invitation must be conspicuously disclosed under subsection (7) of this section to the person in the offer in bold-face type at least as large as the typeface used in the standard text of the offer; and/or,

(e) or failed to otherwise comply with RCW 19.170.030 which requires that "No item in an offer may be denominated a prize, gift, award, premium, or similar term that implies the item is free if, in order to receive the item or use the item for its intended purpose the intended recipient is required to spend any sum of money, including but not limited to shipping fees, deposits, handling fees, payment for one item in order to receive another at no charge, or the purchase of another item or the

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -13
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 13 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 17

expenditure of funds in order to make meaningful use of the item awarded in the promotion. The payment of any applicable state or federal taxes by a recipient directly to a government entity is not a violation of this section."

In violation of RCW 19.170.040:

(a) included a prize in an offer when the promoter or sponsor knows or has reason to know that the prize will not be available in a sufficient quantity based upon the reasonably anticipated response to the offer.

(b) failed to comply with subsection (5) which provides: "If the prize is not available for immediate delivery to the recipient, the recipient shall be given, at the promoter or sponsor's option, a rain check for the prize, the verifiable retail value of the prize in cash, or a substitute item of equal or greater verifiable retail value."

(c) failed to comply with subsection 5(b), which provides: "If the rain check cannot be honored within thirty days, the promoter or sponsor shall mail to the person a valid check or money order for the verifiable retail value of the prize described in this chapter."

(d) failed to comply with subsection (6), which provides: "A sponsor shall fulfill the rain check within thirty days if the person named as being responsible fails to honor it."

(e) failed to comply with subsection (7) , which provides: "The offer shall contain the following clear and conspicuous statement of recipients' rights printed in type at least as large as the typeface used in the standard text of the offer:" If you receive a rain check in lieu of the prize, you are entitled by law to receive the prize, an item of equal or greater value, or the cash equivalent of the offered prize within thirty days of the date on which you claimed the prize."

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

(f) failed to comply with subsection (8) , which provides: "It is a violation of this chapter to misrepresent the quality, type, value, or availability of a prize."

4.3.3 On at least one occasion, Plaintiff attempted to claim a free prize.

4.3.4 No free prize was ever received. Instead, Plaintiff received a torrent of spam that has not ended to this day.

4.3.5 Plaintiff was damaged thereby.

5. **Demand for jury.** Plaintiff demands that this cause be tried to a jury.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

That the Court adjudge and decree that defendant has engaged in the conduct complained of herein.

That the Court adjudge and decree that the conduct complained of herein constitutes violations of the Federal Can-Spam Act of 2003, 15 U.S.C. §7705, and that Plaintiff are entitled to all damages provided for thereunder, as may be proved at trial;

That the Court adjudge and decree that the conduct complained of herein constitutes violations of the Washington Commercial Electronic Mail Act, RCW 19.190 et seq., and that Plaintiff is entitled to all damages provided

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -15
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 15 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 19

for thereunder, as may be proved at trial, including but not limited to treble damages of up to three times the per statutory damages provided therein for each violation committed by the defendants, in an amount to be proven at trial;

That the Court adjudge and decree that the conduct complained of herein constitutes violations of RCW 19.170 et seq. and that Plaintiff is entitled to all damages provided for thereunder, as may be proved at trial, including but not limited to aggravated damages under RCW 19.170.060 of up to three times the amount of statutory damages for these violations committed by the defendants willfully and knowingly, and for defendants' unlawful activity.

That the Court adjudge and decree that the conduct complained of herein constitutes violations of the Washington Consumer Protection Act, RCW 19.86 et seq., and that Plaintiff is entitled to all damages provided for thereunder, as may be proved at trial;

That the Court assess civil penalties, pursuant to 19.190.040(1) of five hundred dollars ($500) per violation against defendant for each and every one of the commercial electronic mail messages sent to plaintiff Gordon in violation of RCW 19.190.020.

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

That the Court assess civil penalties, pursuant to 19.190.040(1) one thousand dollars ($1,000) per violation against defendant for each and every one of the commercial electronic mail messages sent through plaintiff Gordon's interactive computer service in violation of RCW 19.190.020.

That the Court assess civil penalties in the way of treble damages pursuant to RCW 19.86.140, of two thousand dollars ($2,000) for each and every one of the violations of RCW 19.86 caused by the conduct complained of herein.

That the Court enter judgment pursuant to RCW 19.86.140 providing that Plaintiff has been injured by the conduct complained of herein, and ordering that Plaintiff recover from the defendant the costs of this action, including reasonable attorney's fees.

That the Court order such other relief as it may deem just and proper to fully and effectively remedy the effects of, and prevent future instances of, the conduct complained of herein, or which may otherwise seem proper to the Court.

DATED this 22nd day of June, 2007.

**i.JUSTICE LAW, P.C.**

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

/s/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

## Certificate of Service

I, hereby, certify that on June 22, 2007, we filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Notice to: Floyd E. Ivey; Sean Moynihan; Stacy Wolery. I further certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Jamila Gordon; Emily Abbey; and Hon. Harld D. Clarke, Jr.

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

AMENDED FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, ETC. -18
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 18 of 18

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 22

Case 2:04-cv-05125-FVS Document 500 Filed 06/22/2007

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, Washington 98101-2509
Phone (206)-304-5400
Fax (206) 624-0717

THE HONORABLE FRED VAN SICKLE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

JAMES S. GORDON, JR, a married individual;

Plaintiff,

v.

**IMPULSE MARKETING GROUP, INC., a Nevada/Georgia corporation; JEFFREY GOLDSTEIN, individually and as part of his marital community; PHILLIP HUSTON, individually and as part of his marital community; KENNETH ADAMSON, individually and as part of his marital community; JOHN DOES, I-X,**

**NO.** CV-04-5125-FVS

**PLAINTIFF'S MORE DEFINITE STATEMENT**

**[JURY DEMAND]**

COMES NOW, Plaintiff James S. Gordon, Jr. and, pursuant to this Court's order of May 14, 2007, files this More Definite Statement:

Plaintiff hereby apologizes to the Court for failing to file this statement within the time period set forth in FRCP 12(e). However, Plaintiff's efforts have been greatly complicated by the unlawful and ongoing actions of Defendant

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

Case 2:04-cv-05125-FVS Document 500 Filed 06/22/2007

Impulse. Specifically, Impulse has continued to illegally send unwanted email to Plaintiff essentially on a daily basis. Thus, the Plaintiff cannot with any certainty identify the number of emails at issue, the time frame during which the emails were sent, or the address and domain names that received the emails, as each day changes the number of emails, adds to the relevant time period, and potentially adds new addresses and domain names to the list. Further, it appears to Plaintiff that Impulse is using an ever changing group of third parties to assist Impulse in sending these unlawful emails. Thus, to provide a brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails requires Plaintiff to conduct a new investigation beginning each day with the receipt of new email sent by an associate of Impulse whose identity is deliberately obscured.

It is indisputable that Plaintiff James S. Gordon Jr. (hereafter "Gordon") never wanted to receive spam from Impulse. It is further indisputable that Gordon has repeatedly notified Impulse of Gordon's desire not to receive spam from Impulse. One would think that the fact that Gordon was suing Impulse in Federal Court would provide sufficient notice that Gordon does not want their spam. However, no matter what Gordon does, including filing and maintaining this lawsuit over a period of three years and through hundreds of docket entries,

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

Case 2:04-cv-05125-FVS Document 500 Filed 06/22/2007

Impulse has continued to ignore Gordon's repeated requests and plain desire to be left alone, and has continued to send Gordon spam. Impulse's conduct in this regard is simply outrageous.

Impulse's continued spamming of Gordon is also plainly illegal. CAN SPAM requires the senders of commercial emails to leave a party alone without the necessity of the intervention of a Court. 15 USC 7704(a)(4) provides:

> (4) PROHIBITION OF TRANSMISSION OF COMMERCIAL ELECTRONIC MAIL AFTER OBJECTION-
>
> (A) IN GENERAL- If a recipient makes a request using a mechanism provided pursuant to paragraph (3) not to receive some or any commercial electronic mail messages from such sender, then it is unlawful--
>
> (i) for the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message that falls within the scope of the request;
>
> (ii) for any person acting on behalf of the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message falls within the scope of the request;
>
> (iii) for any person acting on behalf of the sender to assist in initiating the transmission to the recipient, through the provision or selection of addresses to which the message will be sent, of a commercial electronic mail message

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

> with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message would violate clause (i) or (ii); or
> (iv) for the sender, or any other person who knows that the recipient has made such a request, to sell, lease, exchange, or otherwise transfer or release the electronic mail address of the recipient (including through any transaction or other transfer involving mailing lists bearing the electronic mail address of the recipient) for any purpose other than compliance with this Act or other provision of law.

There is no question that Gordon has repeatedly requested that Impulse stop sending spam to Gordon prior to filing this lawsuit. However, even if Gordon had not otherwise notified Impulse in that regard, by virtue of Gordon filing this lawsuit, and by providing Impluse copies of the offending spam in discovery, there can be no rational argument that Impulse is not on actual notice of Gordon's desire to be free from Impulse's spam. Gordon's initial disclosures, his discovery responses, and, of course, the emails sent by Impulse themselves plainly disclose the email addresses and domain names at Gordon's server. For Impulse to continue to send their spam to these email addresses and domain names throughout this lawsuit in the face of the plain prohibition under 15 USC 7704(a)(4) is nothing short of unconscionable.

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

Accordingly, subject to the foregoing, Gordon makes more definite statement as follows:

**a) The number of emails at issue.**

There are approximately 31,000 emails that form the basis of this action. On information and belief, Impulse has sent approximately 18,100 of these emails. 10,900 more emails appear to have been sent on behalf of Impulse by Impulse affiliates.

**b) The time frame during which the emails were sent**

The emails at issue started in Sept. 2003 and are still being sent in June 2007.

**c) The address and domain names that received the emails**

The addresses at gordonworks.com, include:

james@; faye@; jamila@; jay@; jonathan@; emily@

Other domains on Gordon's server that are receiving unwanted spam from the Defendant are: anthonycentral.com; celiajay.com; chiefmusician.net; ehahome.com

jaycelia.com; jaykaysplace.com; itdidnotendright.com; rcw19190020.com;

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

Case 2:04-cv-05125-FVS Document 500 Filed 06/22/2007

ewaterdragon.com

**d) A brief summary of the factual basis upon which the Plaintiff claims that Defendant (Impulse) sent the emails.**

Gordon believes that the emails are from Impulse because each of the emails contain one or more of the following characteristics:

the mailing address of Impulse;

the emails are sent from a domain that is owned by Impulse;

the emails advertise a product sold by Commonwealth Marketing Group, Inc., and (CMG), and Impulse has an exclusive agreement to send spam advertising CMG products;

the emails contain a domain name owned by a principal or manager of Impulse.

**RESPECTFULLY SUBMITTED** this 22nd day of June, 2007.

**i.JUSTICE LAW, P.C.**

/s/ Robert J. Siegel___________
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S "MORE DEFINITE STATEMENT"-6
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 6 of 7

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 28

Case 2:04-cv-05125-FVS Document 500 Filed 06/22/2007

## Certificate of Service

I, hereby, certify that on June 22, 2007, we filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Notice to: Floyd E. Ivey; Sean Moynihan; Stacy Wolery. I further certify that I have served the foregoing to the following non-CM/ECF participants by other means: Bonnie Gordon; Jonathan Gordon; James S. Gordon, III; Jamila Gordon; Emily Abbey; and Hon. Harld D. Clarke, Jr.

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S "MORE DEFINITE STATEMENT"-7
GORDON v. IMPULSE MARKETING, INC., ET AL

Page 7 of 7

i.JUSTICE LAW, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-304-5400
Fax: 206-624-0717

DEFENDANTS' OBJECTION TO PLAINTIFF'S AMENDED FIRST AMENDED COMPLAINT AND MORE DEFINITE STATEMENT- 29