Hon. Fred Van Sickle

Liebler, Ivey, Conner, Berry & St. Hilaire
By: Floyd E. Ivey
1141 N. Edison, Suite C
P.O. Box 6125
Kennewick, WA 99336
*Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston and Kenneth Adamson*

Klein Zelman Rothermel LLP
By: Sean A. Moynihan & Stacy K. Wolery
485 Madison Avenue, 15th Floor
New York, NY 10022
(212) 935-6020
*Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston and Kenneth Adamson*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT RICHLAND

| | |
|---|---|
| James S. Gordon, Jr., <br>     Plaintiff, <br> v. <br> Impulse Marketing Group, Inc., Jeffrey Goldstein, Phillip Huston, and Kenneth Adamson, <br>     Defendants. <br><br> Impulse Marketing Group, Inc., <br>     Third-Party Plaintiff, <br> v. <br> Bonnie F. Gordon, Jamila Gordon, James Gordon, III, and Jonathan Gordon, <br>     Third-Party Defendants. | Case No.: CV-04-5125-FVS <br><br> DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED FIRST AMENDED COMPLAINT AND TO STRIKE PLAINTIFF'S MORE DEFINITE STATEMENT |

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 1
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT ............................................. 2

INTRODUCTION & PROCEDURAL HISTORY ........................... 2

LEGAL ARGUMENT ....................................................... 5

    A.    The Amended First Amended Complaint Must Be Dismissed .................................................. 5

        1.    Dismissal Under Fed. R. Civ. P. 41(b) ................... 5

        2.    Dismissal Under Fed. R. Civ. P. 12(e) ................... 6

        3.    Dismissal Under Fed. R. Civ. P. 12(b)(1), (2) and (6) ......... 8

    B.    The More Definite Statement Must Be Stricken .................. 9

CONCLUSION ............................................................. 11

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT-i
00084857;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

# TABLE OF AUTHORITIES

Page

**Cases**

Bossco Trading, LLC v. Cornell Trading (Can.) Corp.,
  2007 WL 1725223 (W.D. Wash. 2007) .................................... 9

Culinary & Serv. Employees Union, AFL-CIO Local 555
v. Haw. Employee Ben. Admin., Inc.,
  688 F.2d 1228 (9th Cir. 1982) .......................................... 9

McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) ............................ 6

O'Brien v. Sinatra, 315 F.2d 637 (9th Cir. 1963) ................... 5, 6, 7, 8

Package Mach. Co. v. Hayssen Manuf. Co., 266 F.2d 66 (7th Cir. 1959) ...... 8

Van Bronkhorst v. Safeco Corp., 529 F.2d 943 (9th Cir. 1976) .............. 5

Von Poppenheim v. Portland Boxing & Wrestling Comm'n,
  442 F.2d 1047 (9th Cir. 1971) ......................................... 6

Schaedler v. Reading Eagle Pub., Inc., 307 F.2d 795 (3rd Cir. 1967) ....... 6

**Statutes**

Fed. R. Civ. P. 6(a) ..................................................... 4
Fed. R. Civ. P. 12 .................................................... 4, 6
Fed. R. Civ. P. 41(b) .................................................... 5

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT-ii

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

{0084857;1}

# I. PRELIMINARY STATEMENT

Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein"), Phillip Huston ("Huston") and Kenneth Adamson (collectively, "Defendants") hereby submit this memorandum in support of their motion to dismiss Plaintiff's Amended First Amended Complaint (the "AFAC") and to strike Plaintiff's More Definite Statement pursuant to Fed. R. Civ. P. 12(b)(1), (2), (6) and 12(e) and Fed. R. Civ. P. 41(b).

# II. INTRODUCTION & PROCEDURAL HISTORY

Nearly three (3) years and five hundred (500) docket entries ago, Plaintiff, in his individual capacity, commenced this action by the filing of a summons and complaint on November 23, 2004 against Impulse Marketing Group, Inc. ("Impulse") (the "Original Complaint"). (Moynihan Decl. ¶ 2.) More than one and a half years later, on or about June 13, 2006, Plaintiff filed his First Amended Complaint naming three (3) new defendants and adding new causes of action (the "FAC").[1] (Moynihan Decl. ¶ 3.) Both the Original Complaint and the FAC were, *inter alia*, rife with vague, ambiguous and often conclusory allegations that Impulse (and subsequently, Defendants) had violated "at least one" prohibition of RCW § 19.190, *et seq.* (collectively referred to as "CEMA"). (Moynihan Decl. ¶ 5.) Defendants subsequently moved to dismiss the FAC or, in the alternative to require a more definite statement.[2]

---

[1] Despite the Court's specific order denying Plaintiff's request to add new plaintiffs, Plaintiff surreptitiously added the d/b/a "Gordonworks.com" as a plaintiff in the action. (Moynihan Decl. ¶ 3.)

[2] Defendants Impulse, Goldstein and Adamson moved to dismiss the FAC on or about August 31, 2006. Defendant Huston was not served with the FAC until November 2, 2006, and his
(continued...)

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 2
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

In response to Defendants' motion to dismiss, Plaintiff unilaterally and in direct contravention to Rule 15 of the Federal Rules of Civil Procedure, filed an unauthorized Second Amended Complaint (the "SAC") on or about September 11, 2006. (Moynihan Decl. ¶ 6.) On or about September 13, 2006, Defendants filed an objection to the unauthorized pleading and rejected the SAC. (Moynihan Decl. ¶ 7.) In an attempt, *a priori*, to remedy his willful violation of Rule 15 of the Federal Rules of Civil Procedure, Plaintiff moved to amend his complaint on or about October 10, 2006. (Moynihan Decl. ¶ 8.) Seeking relief from Plaintiff's repeated violations of the Federal Rules of Civil Procedure and orders of the Court, on or about November 8, 2006, Defendants moved this Court for sanctions against Plaintiff. (Moynihan Decl. ¶ 9.)

On or about May 10, 2007, the Court granted in part and denied in part Plaintiff's motion to amend, permitting Plaintiff only to amend Section 4.3 of the FAC to include paragraphs 4.3.3, 4.3.4 and 4.3.5 to allege damages under the Prize Statute. (May 10, 2007 Order 4-5.) In its May 10 Order, the Court specifically referenced Plaintiff's disregard of the Court's May 2, 2006 Order, as well as Rule 15 of the Federal Rules of Civil Procedure. (May 10 , 2007 Order 3.) Subsequently, on or about May 14, 2007, "troubled by the vague and conclusory nature of the FAC," the Court granted in part and denied in part Defendants' motion to dismiss, requiring Plaintiff to file a more definite statement. (Moynihan Decl. ¶ 10.) The Court found the FAC to be "so ambiguous that the Defendants cannot reasonably be expected to frame a responsive pleading," citing Plaintiff's failure to identify the emails at issue. (May 14, 2007 Order 12-13.)

A hearing on Defendants' motion for sanctions was held on May 25, 2007, and Plaintiff was sanctioned in the amount of One Thousand Five Hundred Dollars ($1,500.00) both verbally and in the resulting minute order issued that same day.

---

[2](...continued)
motion to dismiss the FAC was filed on or about January 2, 2007. (Moynihan ¶ 4.)

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 3
00084805:1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

(Moynihan Decl. ¶ 11.) On or about June 15, 2007, the Court issued an additional order reiterating the sanctioning of Plaintiff. (Moynihan Decl. ¶ 12.) To date, Plaintiff's response to the Court's orders sanctioning Plaintiff for repeated violations of Court orders and rules of procedure has been to disobey yet another Court order by failing to pay to Defendants the sanctions as ordered.[3] (Moynihan Decl. ¶ 12.)

Despite being sanctioned for repeated failures to abide by Court orders and the Federal Rules of Civil Procedure, Plaintiff failed to file his AFAC and More Definite Statement until June 22, 2007, nearly one (1) month past the time prescribed by Rule 12(e) of the Federal Rules of Civil Procedure.[4] (Moynihan Decl. ¶ 13.) Moreover, the More Definite Statement was filed separate and apart from the AFAC and did not correspond to any specific allegations contained in the AFAC. (Moynihan Decl. ¶ 14.) Defendants filed an objection to the offending pleadings on or about June 26, 2007 and returned same to Plaintiff as rejected. (Moynihan Decl. ¶ 15.)

Plaintiff has established a pattern and practice of disregard of orders of this Court and the Federal Rules of Civil Procedure. As a result, nearly three (3) years and more than five hundred (500) docket entries after the commencement of this action, Plaintiff has yet to present a complaint to Defendants and the Court that complies with the obligations of the Court's orders and the Federal Rules of Civil Procedure.

---

[3]Defendants plan to file a motion to hold Plaintiff in contempt for his failure to obey the Court's sanctions orders.

[4]Pursuant to Rules 12(e) and 6(a) of the Federal Rules of Civil Procedure, Plaintiff had until May 28, 2007 to amend his pleading to provide a more definite statement in accordance with the Court's May 14, 2007 Order.

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 4
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

## III. LEGAL ARGUMENT

A. <u>The Amended First Amended Complaint Must Be Dismissed</u>

<u>1. Dismissal Under Fed. R. Civ. P. 41(b)</u>

A District Court has broad and inherent power to regulate litigation before it. <u>Van Bronkhorst v. Safeco Corp.</u>, 529 F.2d 943 (9th Cir. 1976). Where the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of court, a defendant may move for dismissal of an action. Fed. R. Civ. P. 41(b). "There is no question that a District Court has the power to dismiss a claim with prejudice for failure to comply with an order of the court." <u>Van Bronkhorst</u>, 529 F.2d 943, 943; <u>O'Brien v. Sinatra</u>, 315 F.2d 637, 637 (9th Cir. 1963) ("Both the state and federal courts have almost universally held or recognized that there is inherent power in the courts, in the interest of the orderly administration of justice, to dismiss for disobedience of court orders"). A dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

In the present action, Plaintiff has failed on numerous occasions to comply with orders of the Court and the Federal Rules of Civil Procedure. To date: 1) Plaintiff failed to comply with the Court's order denying his request to add new plaintiffs to the action by surreptitiously adding the d/b/a "Gordonworks.com" as a plaintiff in his FAC (Moynihan Decl. ¶ 3); 2) Plaintiff failed to comply with Fed. R. Civ. P. 15 by filing the SAC without leave of the Court or consent of the parties (Moynihan Decl. ¶ 6); 3) Plaintiff failed to comply with Fed. R. Civ. P. 12(e) by filing his purported More Definite Statement nearly one (1) month late and as a separate document (discussed *infra* Part III.A.2) (Moynihan Decl. ¶ 13); 4) Plaintiff failed to comply with the Court's order requiring him to provide a more definite statement by providing an inadequate statement that does not properly address the issues raised in the Court's order (discussed *infra* Part III.A.2 and Part III.B) (Moynihan Decl. ¶ 14); and 5) Plaintiff

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 5
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

failed to comply with the Court's order to pay sanctions to Defendants in the amount of One Thousand Five Hundred ($1,500.00) (Moynihan Decl. ¶ 12).

As a result of Plaintiff's repeated violations of Court orders and the Federal Rules of Civil Procedure, Defendants have been prejudiced and forced to expend considerable sums on their legal defense. It is evident that Plaintiff has no intention of abiding by court orders or the Federal Rules of Civil Procedure. As in <u>Von Poppenheim v. Portland Boxing & Wrestling Comm'n</u>, 442 F.2d 1047 (9th Cir. 1971), none of the actions taken by the Court to date have accomplished compliance. A District Judge need not exhaust all available sanctions short of dismissal before finally dismissing a case. <u>Von Poppenheim</u>, 442 F.2d at 1053-1054; <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996). Where, as in this case, the record indicates that Plaintiff's continued noncompliance is not the result of misunderstanding or inadvertence, but rather a result of a conscious and deliberate decision, dismissal of the action is appropriate. <u>See</u> <u>O'Brien</u>, 315 F.2d 637 (9th Cir. 1963). In light of the foregoing, Plaintiff's AFAC should be dismissed, in its entirety, with prejudice.

2. <u>Dismissal Under Fed. R. Civ. P. 12(e)</u>

"If a motion [to provide a more definite statement] is granted and the order of the court is not obeyed within 10 days after notice of the order . . . the court may strike the pleading to which the motion was directed . . . ." Fed. R. Civ. P. 12(e). While Rule 12(e) specifically refers to the Court's power to strike the AFAC, it also empowers the Court to dismiss Plaintiff's claims for failure to amend the pleading as directed by the Court's May 14, 2007 Order. <u>See</u> <u>Schaedler v. Reading Eagle Pub., Inc.</u>, 307 F.2d 795 (3rd Cir. 1967); <u>McHenry</u>, 84 F.3d at 1173 (court's authority to strike pleading if plaintiff does not comply with court order is reviewed for abuse of discretion, and its evaluation of compliance is "entitled to considerable weight"). Plaintiff admits that his More Definite Statement was filed in contravention to the time limits prescribed in

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR  
MOTION TO DISMISS THE AMENDED FIRST AMENDED  
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 6  
00084805;1

KLEIN ZELMAN ROTHERMEL LLP  
485 MADISON AVENUE, NEW YORK, NY 10022  
(212) 935-6020

Fed. R. Civ. P. 12(e). (Pl.'s More Definite Statement 1.) Rule 12(e) is clear regarding the consequences of Plaintiff's failure.

Here, Plaintiff has had no less than four (4) opportunities to submit a complaint that properly complies with this Court's orders and the Federal Rules of Civil Procedure, and he has failed at each instance. "It becomes the obligation of the Court to determine at what point plaintiff would be foreclosed from further harassing defendants with confused and confounding complaints." O'Brien, 315 F.2d at 642. Even assuming *arguendo* that the submission of a separate more definite statement was proper and timely, Plaintiff's statement does not comply with the spirit of the Court's order. Neither the AFAC nor the untimely More Definite Statement identify the emails at issue. "Without such identification, the Defendants have no way of knowing if they should 'admit' or 'deny' sending the emails. Nor is it possible to 'admit' or 'deny' that an email violates any of the statutes at issue without first knowing the contest of the email." (May 14, 1007 Order 13.) Plaintiff fails to relate any of his additional alleged facts to specific allegations in the AFAC. Plaintiff cannot shirk his burden to properly plead each element of his case as it relates to each of the 31,000[5] emails, each of which he admits is a distinct cause of action[6], simply because it is difficult or burdensome.

As in O'Brien, there is no suggestion in the record that Plaintiff's failure to amend in accordance with the Court's order was the result of misunderstanding or inadvertence. It is clear, upon examination, that the AFAC and the submission of a separate, untimely More Definite Statement was the result of a conscious and

---

[5] Plaintiff alleges in his More Definite Statement that 31,000 emails for the basis of this action. However, he goes on to allege that Impulse sent approximately 18,100 emails and that 10,900 appear to have been sent by or on behalf of Impulse, which is only 29,000 emails.

[6] Pl.'s Am. 1st Am. Compl. ¶ 4.2.4, 4.2.5.

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED FIRST AMENDED COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 7
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

deliberate decision not to abandon the form and content of Plaintiff's prior complaints. In evaluating the case before it in O'Brien, the court quotes Package Mach. Co. v. Hayssen Manuf. Co., 266 F.2d 66 (7th Cir. 1959), where in affirming the trial court's dismissal under Fed. R. Civ. P. 41(b) the court stated:

> We are convinced that plaintiff's unyielding determination not to define the trade secrets which it claimed were pirated by defendants was solidly arrayed against the almost inexhaustible patience of the district judge, who insisted that plaintiff comply with the court's orders. For a considerable period of time, plaintiff's determination prevailed. But, fortunately, the court overcame the inertia in the situation created by plaintiff; it was able to protect itself by invoking rule 41(b) which authorized it to enter the order of dismissal with prejudice, of which plaintiff now complains. We hold that this order was properly entered and it is hereby affirmed.

O'Brien, 315 F.2d at 642, quoting Package 255 F.2d at 57. This is precisely the situation at hand. Plaintiff steadfastly refuses to properly identify for <u>each and every</u> email alleged to be at issue in the action: the email address to which the particular email was sent, the date that the particular email was sent, and the manner in which Plaintiff alleges that the particular email violated a specific section of a law. In light of the foregoing, as in O'Brien and Package, dismissal of the AFAC is appropriate.

### 3. Dismissal Under Fed. R. Civ. P. 12(b)(1), (2) and (6)

Plaintiff's AFAC is identical to his FAC, except for the newly added Sections 4.3.3, 4.3.4 and 4.3.5 relating to damages under the Prize Statute. As a result, Defendants renew their prior motion to dismiss under Fed. R. Civ. P. 12(b)(1), (2) and (6), and respectfully refer the Court to Defendants' previous briefings[7] in support of the prior motions to dismiss the FAC on these grounds.

---

[7] (Impulse, Goldstein and Adamson Mot. to Dismiss the 1st Am. Compl., dated Aug. 31, 2007); (Huston Mot. to Dismiss the 1st Am. Compl., dated Jan. 2, 2007).

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 8
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

B. <u>The More Definite Statement Must Be Stricken</u>

Under Fed. R. Civ. P. 12(f), the Court has discretion to strike, *inter alia*, immaterial or impertinent matter. "Pleadings containing unnecessary allegations, conclusions or evidence . . . may be challenged as impertinent by a motion to strike." 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[3] (3d ed. 1999). Rule 12(e) "has been interpreted to permit courts to strike entire pleadings." <u>Bossco Trading, LLC v. Cornell Trading (Can.) Corp.</u>, 2007 WL 1725223 (W.D. Wash. 2007) (citing <u>Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Haw. Employee Ben. Admin., Inc.</u>, 688 F.2d 1228, 1232 (9th Cir. 1982).

Plaintiff admits that his pleading is untimely (More Definite Statement 1), but attempts to deflect blame for his new violation of the Federal Rules of Civil Procedure onto Defendants. There is no reasonable excuse for Plaintiff's failure to provide the required information, and to provide it in accordance with the time limits prescribed by Fed. R. Civ. P. 12(e). Plaintiff admits that the emails allegedly at issue were received by Plaintiff nearly three (3) years ago. (More Definite Statement 5.)

In its May 14, 2007 Order, the Court specifically stated that"[w]ithout such identification [of the emails at issue], the Defendants have no way of knowing if they should 'admit' or 'deny' sending the emails. Nor is it possible to 'admit' or 'deny' that an email violates any of the statutes at issue without first knowing the content of the email." (May 14, 1007 Order 13.) Plaintiff's purported More Definite Statement is an inadequate response to the Court's Order. The only facts that Plaintiff provides are: that approximately 31,000[8] emails form the basis of the action; the 31,000 emails are alleged to have been received over a nearly three (3) year period, beginning in 2003; a

---

[8]Plaintiff alleges in his More Definite Statement that 31,000 emails form the basis of this action. However, he goes on to allege that Impulse sent approximately 18,100 emails and that 10,900 appear to have been sent by or on behalf of Impulse, which is only 29,000 emails.

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 9
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

list of eleven (11) addresses and domains that allegedly received the emails at issue; and that Plaintiff's belief that Impulse sent the emails is based upon "one or more" of a list of four (4) possible characteristics. (More Definite Statement 6, 7.)

The ultimate goal of requiring a more definite statement is to have a single pleading that Defendants can answer. Nearly three (3) years and more than five hundred (500) docket entries later, Defendants are no closer to having such a pleading. Contrary to the Court's May 14 Order, Plaintiff's More Definite Statement does not permit Defendants to admit or deny any allegations. It was filed as a separate document and does not correlate to any specific allegation contained in the AFAC. Further, it fails to state for <u>each</u> email: to whom it was sent, how it violates a particular section, and the factual basis for the belief that Defendants sent the particular email. This information is critical because, as Plaintiff correctly states in the AFAC, <u>each email is a distinct violation</u> and <u>each email is subject to statutory damages</u>. (Am. First. Am. Compl. 11, 16, 17.) Plaintiff cannot shirk his burden to properly plead each element of his case as it relates to each of the 31,000 emails, each of which he admits is a distinct cause of action[9], simply because it is difficult or burdensome.

Rather than provide the pertinent information requested by the Court, Plaintiff's More Definite Statement is a diatribe, filled with empty rhetoric, conclusory accusations and redundant quotations from statutes previously plead. (<u>See</u> More Definite Statement 1-4.) Plaintiff's vitriolic rhetoric and ad hominem attacks on Defendants are impertinent and immaterial to the more definite statement. Plaintiff attempts to improperly use the More Definite Statement as a means to assert arguments beyond the scope required by the Court's May 14 Order. In light of the foregoing, the Court should strike Plaintiff's More Definite Statement.

---

[9] Pl.'s Am. First Am. Compl. ¶ 4.2.4, 4.2.5.

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED FIRST AMENDED COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 10
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

## IV. CONCLUSION

In light of the foregoing arguments, Plaintiff's Amended First Amended Complaint should be dismissed, in its entirety, with prejudice, and Plaintiff's More Definite Statement should be stricken. Defendants respectfully requests that the Court: 1) dismiss Plaintiff's Amended First Amended Complaint, in its entirety, with prejudice, and award Defendants their costs and fees incurred in responding to Plaintiff's Amended First Amended Complaint; and 2) strike Plaintiff's More Definite Statement, and award Defendants their costs and fees incurred in responding to Plaintiff's More Definite Statement.

RESPECTFULLY SUBMITTED, this 28th day of June, 2007.

KLEIN ZELMAN ROTHERMEL LLP

By: _____
Sean A. Moynihan, admitted *pro hac vice*
Stacy K. Wolery, admitted *pro hac vice*
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Kenneth Adamson and Phillip Huston

LIEBLER, CONNOR, IVEY, BERRY & ST. HILAIRE

By: _____
Floyd E. Ivey
Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Kenneth Adamson and Phillip Huston

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 11
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020

## Certificate of Service

I, hereby, certify that on June 27, 2007, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Memorandum in Support of Defendants' Motion to Dismiss the Amended First Amended Complaint and to Strike the More Definite Statement to: Robert J. Siegel, Floyd E. Ivey and Sean A. Moynihan. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means:

Bonnie Gordon
9804 Buckingham Drive
Pasco, WA 99301

Jonathan Gordon
9804 Buckingham Drive
Pasco, WA 99301

James S. Gordon, III
9804 Buckingham Drive
Pasco, WA 99301

Robert Pritchett
1952 Thayer Drive
Richland, WA 99354

Jamila Gordon
9804 Buckingham Drive
Pasco, WA 99301

Emily Abbey
1407 2nd Avenue West, # 608
Seattle, WA 98119

Hon. Harold D. Clarke, Jr.
Special Discovery Master
Algeo Clarke & Erickson
E 102 Baldwin
Spokane, WA 99207

_____
Stacy K. Wolery, Esq.
Attorney for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein,
Phillip Huston and Kenneth Adamson

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS THE AMENDED FIRST AMENDED
COMPLAINT AND TO STRIKE THE MORE DEFINITE STATEMENT- 12
00084805;1

KLEIN ZELMAN ROTHERMEL LLP
485 MADISON AVENUE, NEW YORK, NY 10022
(212) 935-6020