```
 1                    UNITED STATES DISTRICT COURT
 2                   EASTERN DISTRICT OF WASHINGTON
 3
 4
 5   JAMES S. GORDON, JR.,
                                          No. CV-04-5125-FVS
 6                 Plaintiff,

 7                                        ORDER VACATING SCHEDULING
              v.                          CONFERENCE
 8
 9   IMPULSE MARKETING GROUP, INC.,
     JEFFREY GOLDSTEIN, PHILIP HUSTON,
10   and KENNETH ADAMSON,

11                 Defendants.
```

**THIS MATTER** came before the Court for a telephonic scheduling conference on June 28, 2007. The Plaintiff was represented by Robert J. Seigel. The Defendants were represented by Floyd E. Ivey, Sean A. Moynihan, and Stacy Wolery. This order is intended to memorialize and supplement the Court's oral ruling.

Under the Federal Rules of Civil Procedure, a complaint must set forth "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the district court may require the plaintiff to file a more definite statement. Fed. R. Civ. P. 12(e). The Plaintiff's complaint in this case, while sufficient to put the Defendants on notice of the claims brought against them, is not sufficiently specific to enable the Defendants to frame a responsive

ORDER VACATING SCHEDULING CONFERENCE- 1

pleading. Consequently, in denying the Defendants' motion to dismiss, this Court ordered the Plaintiff to file a more definite statement setting forth the following:

    a) The number of emails at issue;

    b) The time frame during which the emails were sent;

    c) The addresses and domain names that received the emails; and

    d) A brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails.

The Plaintiff has failed to comply with this order. While he did file a More Definite Statement on June 22, 2007, this statement alleges that the Defendant's misconduct is ongoing, rendering the particulars it sets forth meaningless. In order to proceed with this litigation in a meaningful way, the Plaintiff must limit his claims to a particular set of emails sent during a particular period of time.

The Court will give the Plaintiff one final opportunity to remedy his vague complaint. The Plaintiff shall have until July 29, 2007, to comply with the Court's order of May 14, 2007. If this is not accomplished, the Court will consider dismissing the case. The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. No later than **July 29, 2007,** the Plaintiff shall file an amended pleading setting forth:

    a) The number of emails at issue;

    b) The time frame during which the emails were sent;

    c) The addresses and domain names that received the emails; and

    d) A brief summary of the factual basis upon which the

1      Plaintiff claims that Impulse sent the emails.

2      2. The Scheduling Conference originally set for June 28, 2007, is **VACATED** pending compliance with the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, Ct. Rec. 482.

       3. The Defendant's Expedited Motion to Withdraw Defendant's Motion to Dismiss the Amended First Amended Complaint and to Strike Plaintiff's More Definite Statement, **Ct. Rec. 510,** is **GRANTED.**

       4. The Defendant's Motion to Dismiss the Amended First Amended Complaint and to Strike Plaintiff's More Definite Statement, **Ct. Rec. 505,** is **STRICKEN.**

       **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

       **DATED** this  9th  day of July, 2007.

                              s/ Fred Van Sickle
                              Fred Van Sickle
                       United States District Judge

ORDER VACATING SCHEDULING CONFERENCE- 3