1                                                          Hon. Fred Van Sickle

2    Liebler, Ivey, Connor, Berry & St. Hilaire
     By: Floyd E. Ivey
3    1141 N. Edison, Suite C
     P.O. Box 6125
4    Kennewick, WA 99336
     *Local Counsel for Defendants Impulse Marketing Group, Inc.,*
5    *Jeffrey Goldstein, Phillip Huston and Kenneth Adamson*

6    Klein Zelman Rothermel LLP
     By: Sean A. Moynihan & Stacy K. Wolery
7    485 Madison Avenue, 15th Floor
     New York, NY 10022
8    (212) 935-6020
     *Attorneys for Defendants Impulse Marketing Group, Inc.,*
9    *Jeffrey Goldstein, Phillip Huston and Kenneth Adamson*

10

11                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF WASHINGTON
12                            AT RICHLAND

13   James S. Gordon, Jr.,                    )    Case No.: CV-04-5125-FVS
                                              )
14              Plaintiff,                    )
                                              )
15        v.                                  )    DEFENDANTS' MEMORANDUM
                                              )    IN SUPPORT OF THEIR MOTION
16   Impulse Marketing Group, Inc.,           )    TO DISMISS THE SECOND
     Jeffrey Goldstein, Phillip Huston,       )    AMENDED FIRST AMENDED
17   and Kenneth Adamson,                     )    COMPLAINT
                                              )
18              Defendants.                   )
     _____         )
19                                            )
     Impulse Marketing Group, Inc.,           )
20                                            )
                Third-Party Plaintiff,        )
21                                            )
          v.                                  )
22                                            )
     Bonnie F. Gordon, Jamila Gordon,         )
23   James Gordon, III, and Jonathan          )
     Gordon,                                  )
24              Third-Party Defendants.       )
     _____         )
25

26

27   DEFENDANTS' MEMORANDUM IN SUPPORT OF              KLEIN ZELMAN ROTHERMEL, LLP
     THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED   485 MADISON AVENUE, 15TH FLOOR
28   FIRST AMENDED COMPLAINT - 1                       NEW YORK, NEW YORK 10022
       00085432;1                                      (212) 935-6020

# I. PRELIMINARY STATEMENT

Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein"), Phillip Huston ("Huston") and Kenneth Adamson ("Adamson") (collectively, "Defendants") hereby submit this memorandum in support of their motion to dismiss Plaintiff's Second Amended First Amended Complaint (the "2nd AFAC") pursuant to Fed. R. Civ. P. 1(b)(1), (2) and (6) and Fed. R. Civ. P. 41(b).

# II. INTRODUCTION

## A.    Procedural History

Gordon is a professional plaintiff, with no less than eleven similar cases pending in United States District Courts in the State of Washington. (Wolery Decl. ¶ 18.) Even Plaintiff himself admitted on his website (gordonworks.com) that he has "developed a system that shifts the 'financial' burden from [himself] back to those who choose to send [him] spam."[1]  In fact, Plaintiff previously admitted in his response to Defendants Impulse, Goldstein and Adamson's motion to dismiss the Amended Complaint that Plaintiff's discovery production was intended to "induc[e] IMG to settle."[2]  Plaintiffs are testing their luck at making their "spam business" extraordinarily lucrative by seeking statutory damages through a strategy of spam collection and serial litigation. Plaintiff's scheme becomes apparent when evaluating the case at bar.

Nearly three (3) years and five hundred thirty (530) docket entries ago, Plaintiff commenced this action by the filing of a summons and complaint on November 23, 2004 against Impulse (the "Original Complaint").  (Wolery Decl. ¶ 2.)  Since that time, Plaintiff and Siegel have demonstrated a pattern of misconduct and disregard for orders of this Court and the Federal Rules of Civil Procedure.

---

[1] (Moynihan Decl. Supp. Huston's Mot. Dismiss ¶ 18; Ex. C.)

[2] (Pl.'s Resp. Opp'n Impulse, Goldsetin & Adamson Mot. Dismiss at 17.)

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 2
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

More than one and a half years later, on June 13, 2006, Plaintiff filed his First Amended Complaint (the "FAC"), naming three (3) new defendants and adding new causes of action.[3]  (Wolery Decl. ¶3.)  Both the Original Complaint and the FAC were, *inter alia*, rife with vague, ambiguous and often conclusory allegations that Impulse (and subsequently, Defendants) had violated "at least one" prohibition of RCW § 19.190, *et seq.* (collectively referred to as "CEMA").  (Wolery Decl. ¶4.)  Defendants subsequently moved to dismiss the FAC or, in the alternative to require a more definite statement.[4]

In response to Defendants' motion to dismiss, Plaintiff unilaterally and in direct contravention of Fed. R. Civ. P. 15, filed an unauthorized Second Amended Complaint (the "SAC") on September 11, 2006.  (Wolery Decl. ¶6.)  On September 13, 2006, Defendants filed an objection to the unauthorized pleading and rejected the SAC. (Wolery Decl. ¶7.)  In an attempt to remedy his willful violation of Fed. R. Civ. P. 15, Plaintiff moved to amend his complaint on October 10, 2006.  (Wolery Decl. ¶8.) Seeking relief from Plaintiff's repeated violations of the Federal Rules of Civil Procedure and orders of the Court, on or about November 8, 2006, Defendants moved this Court for sanctions against Plaintiff.   (Wolery Decl. ¶9.)

On May 10, 2007, the Court granted in part and denied in part Plaintiff's motion to amend, permitting Plaintiff only to amend Section 4.3 of the FAC to include paragraphs 4.3.3, 4.3.4 and 4.3.5 to allege damages under the Prize Statute.  (May 10,

---

[3]Despite the Court's specific order denying Plaintiff's request to add new plaintiffs, Plaintiff surreptitiously added the d/b/a "Gordonworks.com" as a plaintiff in the action.  (Wolery Decl. ¶3.)

[4]Defendants Impulse, Goldstein and Adamson moved to dismiss the FAC on or about August 31, 2006.  Defendant Huston was not served with the FAC until November 2, 2006, and his motion to dismiss the FAC was filed on or about January 2, 2007.  (Wolery Decl. ¶15.)

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 3
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  2007 Order at 4-5.)  In its May 10 Order, the Court specifically referenced Plaintiff's

2  disregard of the Court's May 2, 2006 Order, as well as Rule 15 of the Federal Rules of

3  Civil Procedure.  (May 10 , 2007 Order at 3.)  Subsequently, on or about May 14, 2007,

4  "troubled by the vague and conclusory nature of the FAC," the Court granted in part

5  and denied in part Defendants' motion to dismiss, requiring Plaintiff to file a more

6  definite statement.   (May 14, 2007 Order at 11.)  The Court found the FAC to be "so

7  ambiguous that the Defendants cannot reasonably be expected to frame a responsive

8  pleading," citing Plaintiff's failure to identify the emails at issue. (May 14, 2007 Order

9  12-13.)

10         On May 25, 2007, this Court granted in part and denied in part Defendants'

11  motion for sanctions and sanctioned Siegel in the amount of One Thousand Five

12  Hundred Dollars ($1,500.00) to be paid to Defendants' for Plaintiff's failure to follow

13  the Federal Rules of Civil Procedure.[5]  (Wolery Decl. ¶ 11.)  The Court reiterated its

14  award of sanctions in its Order dated June 15, 2007.  (Id.)  Such Order specifically

15  states: "[s]anctions are imposed on Plaintiff's counsel for failure to comply with the

16  Federal Rules of Civil Procedure.  Plaintiff's counsel shall pay sanctions in the amount

17  of one thousand five hundred dollars ($1,500) to Defendants' counsel." (June 15, 2007

18  Order at 1-2.)   To date, Siegel has failed to pay to Defendants' counsel the sanctions

19  as ordered. (Wolery Decl. ¶ 12.)

20         Despite being sanctioned for repeated failures to abide by Court orders and the

21  Federal Rules of Civil Procedure, Plaintiff failed to file his AFAC and More Definite

22  Statement until June 22, 2007, nearly one (1) month past the time prescribed by Rule

23  _____

24         [5]Defendants respectfully refer the Court to Defendants' Memorandum in Support of

25  Defendants' Motion for Sanctions, filed November 8, 2006, for the factual basis of such motion and

26  the resulting Orders.

27  DEFENDANTS' MEMORANDUM IN SUPPORT OF                    KLEIN ZELMAN ROTHERMEL, LLP
    THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED          485 MADISON AVENUE, 15TH FLOOR
28  FIRST AMENDED COMPLAINT - 4                              NEW YORK, NEW YORK 10022
    00085432;1                                              (212) 935-6020

1  12(e) of the Federal Rules of Civil Procedure.[6]  (Wolery Decl. ¶ 13.)  Defendants filed

2  an objection to the offending pleadings on or about June 26, 2007 and returned same

3  to Plaintiff as rejected.  (Wolery Decl. ¶ 14.)  During the June 28, 2007 telephonic

4  hearing, and in the Court's subsequent order dated July 9, 2007, the Court found that

5  "[t]he Plaintiff has failed to comply with [the Court's May 14, 2007] order" and gave

6  Plaintiff "one final opportunity to remedy his vague complaint." (July 9, 2007 Order at

7  2).  The Court ordered Plaintiff to "file an amended pleading setting forth: a) the

8  number of emails at issue; b) the time frame during which the emails were sent' c) the

9  addresses and domain names that received the emails; and d) a brief summary of the

10 factual basis upon which Plaintiff claims that Impulse sent the emails."  (Id. at 2-3.)

11 Plaintiff was ordered to file and serve such amended pleading "no later than July 29,

12 2007."  (Id. at 2.)  Plaintiff's 2nd AFAC, filed on July 30, 2007, fails to comply with each

13 of the requirements set forth in the Court's July 9, 2007 Order.  (Wolery Decl. ¶ 16.)

14      Most recently, on or about August 23, 2007, Siegel filed a motion for leave to

15 withdraw as counsel.  (Wolery Decl. ¶ 17.)  The declarations in support of, and the

16 memorandum and declaration in opposition to, such motion were filed under seal.

17 (Id.)

18

19          **B.    <u>Summary of Violations</u>**

20      Plaintiff's pattern of misconduct is more specifically discussed in Part II.A, *supra*.

21 The following is a summary of such misconduct noted by Defendants and this Court:

22          •    "The Plaintiff has disregarded both an order of this Court and Rule

23 ───────────────

24      [6]Pursuant to Rules 12(e) and 6(a) of the Federal Rules of Civil Procedure, Plaintiff had until

25 May 28, 2007 to amend his pleading to provide a more definite statement in accordance with the

26 Court's May 14, 2007 Order.

27 DEFENDANTS' MEMORANDUM IN SUPPORT OF          KLEIN ZELMAN ROTHERMEL, LLP
   THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED   485 MADISON AVENUE, 15TH FLOOR
28 FIRST AMENDED COMPLAINT - 5                   NEW YORK, NEW YORK 10022
   00085432;1                                    (212) 935-6020

15 of the Federal Rules of Civil Procedure . . . The Plaintiff amended the caption of the [First Amended Complaint] in direct contravention of this Court's May 2, 2006 order. The Plaintiff then filed the [Second Amended Complaint] without seeking permission from the Court" in contravention of Fed. R. Civ. P. 15. (May 10, 2007 Order at 3.)

- To date, Siegel has failed to pay sanctions to Defendants' counsel in the amount of One Thousand Five Hundred Dollars ($1,500.00) as ordered by the Court on May 25, 2007 and again on June 15, 2007. (May 25, 2007 Order; June 15, 2007 Order at 1-2; Wolery Decl. ¶ 12.)

- Plaintiff failed to comply with the Court's May 14, 2007 Order and Fed. R. Civ. P. 12(e) by filing his purported More Definite Statement nearly one (1) month late, on June 22, 2007. Wolery Decl. ¶ 13.)

- "The Plaintiff has failed to comply with [the Court's May 14, 2007] order" requiring Plaintiff to file a More Definite Statement by filing a noncompliant pleading. (June 28, 2007 Order at 2.)

- The 2nd AFAC filed by Plaintiff on July 30, 2007, again fails to comply with the requirements sent forth in the Court's July 9, 2007 Order.

As evidenced by the foregoing, Plaintiff has, in bad faith, repeatedly disobeyed the Federal Rules of Civil Procedure and Orders of this Court. To date, Plaintiff has failed to file a pleading that complies with the Court's June 28, 2007 Order, and has failed to pay to Defendants' sanctions in the amount of One Thousand Five Hundred Dollars ($1,500.00) as ordered by the Court on May 25, 2007 and June 15, 2007.

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 6
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  (Wolery Decl. ¶ 12.)  It is evident that the previous monetary sanctions have been

2  insufficient induce Plaintiff and his counsel to comply with court orders and the

3  Federal Rules of Civil Procedure, and that more drastic remedies are warranted.  As a

4  result, the Court must find Siegel in contempt of this Court, Plaintiff's 2nd AFAC must

5  be dismissed with prejudice and Defendants must be awarded attorneys' fees incurred

6  in defending this action.

7

8  ### III.  LEGAL ARGUMENT

9  **A.    The 2nd AFAC Must Be Dismissal Under Fed. R. Civ. P. 41(b)**

10              1.    The Court's Inherent Power to Dismiss

11        "Parties may not wilfully, repeatedly, and persistently disobey court orders . . . .

12  There is-and there must be- sufficient play in the joints of our system to allow a district

13  judge to impose the ultimate sanction on such obstreperous parties." Estrada v.

14  Cohen, 244 F.3d 1050, 1060 (9th Cir. 2001).  A District Court has broad and inherent

15  power to regulate litigation before it. Van Bronkhorst v. Safeco Corp., 529 F.2d 943

16  (9th Cir. 1976).  Where the plaintiff fails to comply with the Federal Rules of Civil

17  Procedure or any order of court, a defendant may move for dismissal of an action.

18  Fed. R. Civ. P. 41(b).  "There is no question that a District Court has the power to

19  dismiss a claim with prejudice for failure to comply with an order of the court."  Van

20  Bronkhorst, 529 F.2d 943, 943; O'Brien v. Sinatra, 315 F.2d 637, 637 (9th Cir. 1963)

21  ("Both the state and federal courts have almost universally held or recognized that

22  there is inherent power in the courts, in the interest of the orderly administration of

23  justice, to dismiss for disobedience of court orders").  A dismissal under Fed. R. Civ. P.

24  41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

25

26

27  DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 7
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

28

2.    <u>Plaintiff's Repeated Violations</u>

In the present action, Plaintiff has failed on numerous occasions to comply with orders of the Court and the Federal Rules of Civil Procedure.  To date: 1) Plaintiff failed to comply with the Court's order denying his request to add new plaintiffs to the action by surreptitiously adding the d/b/a "Gordonworks.com" as a plaintiff in his FAC (Wolery Decl. ¶ 3); 2) Plaintiff failed to comply with Fed. R. Civ. P. 15 by filing the SAC without leave of the Court or consent of the parties (Wolery Decl. ¶ 6); 3) Plaintiff failed to comply with Fed. R. Civ. P. 12(e) by filing his purported More Definite Statement nearly one (1) month late and as a separate document (Wolery Decl. ¶ 13); 4) Plaintiff failed to comply with the Court's order requiring him to provide a more definite statement by providing an inadequate statement that did not properly address the issues raised in the Court's order (May 14, 2007 Order at; 5) Plaintiff failed to comply with the Court's order to pay sanctions to Defendants in the amount of One Thousand Five Hundred ($1,500.00) (Wolery Decl. ¶ 12); and 6) Plaintiff failed to comply with the Court's July 9, 2007 Order requiring him to provide an amended pleading by providing an inadequate 2nd AFAC that does not properly address the issues raised in the Court's order (discussed Part III.A.3., *infra*).

3.    <u>The 2nd AFAC Fails to Comply with the Court's Order</u>

Plaintiff was given "one final opportunity to remedy his vague complaint," and Plaintiff has failed. (July 9, 2007 Order at 2.)  Plaintiff was ordered to file "an amended pleading setting forth: a) the number of emails at issue; b) the time frame during which the emails were sent; c) the addresses and domain names that received the emails; and d) a brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails." (July 9, 2007 Order at 2-3.)

As noted by Plaintiff in his 2nd AFAC, each email allegedly sent is a separate and distinct violation. (Pl.'s 2nd AFAC at 15.)  For each separately identified statutory cause

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 8
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1  of action, Plaintiff has failed to identify the number of emails at issue, the time frame

2  during which the emails were sent, the addresses and domain names that received the

3  emails and a summary of the factual basis upon which Plaintiff claims that Impulse

4  sent the emails.  Rather, Section 4.1.1 refers to "thousands" of emails; Sections 3.7,

5  3.15, 3.16, 4.1.2, 4.2.2, 4.2.3 and 4.3.2 refer to "numerous" emails; and Section 4.1.3

6  refers to "at least one (1)" email. (Pl.'s 2nd AFAC at 11-12.)  Regarding the Court's

7  requirement that Plaintiff identify the addresses and domain names that received the

8  emails, Plaintiff simply states that Plaintiff "maintains electronic mail message accounts

9  with 'gordonworks.com', including under the address jim@gordonworks.com as well

10 as the domain name rcw19190020.com," and alleges that Defendants "have initiated

11 the transmission of numerous commercial electronic mail messages directed to and

12 through Plaintiff's interactive computer service, and/or to and through Plaintiff's

13 domain 'gordonworks.com', and/or further addressed to Plaintiff Gordon's email

14 addresses, including but not limited to jim@gordonworks.com." (Pl.'s 2nd AFAC at 6.)

15 This language and method of pleading is <u>identical</u> to Plaintiff's Original Complaint and

16 FAC, both of which the Court has already rejected as vague.

17     Plaintiff attempts to bolster his case by including irrelevant dates and purported

18 facts, and by submitting a CD-Rom containing nearly two thousand pages of emails

19 allegedly sent by Defendants.  Although factual allegations set forth in the complaint

20 "taken as true and construed in the light most favorable to [p]laintiffs", the Ninth

21 Circuit has elaborated on this rule, explaining that "courts should <u>only accept</u> as true

22 the <u>well-pleaded</u> facts, and <u>ignore</u> 'legal conclusions,' 'unsupported conclusions,'

23 'unwarranted inferences,' unwarranted deductions,' 'footless conclusions of law' or

24 '<u>sweeping legal conclusions cast in the form of factual allegations</u>.'" <u>Roe v. Nev.</u>, 332

25 F. Supp. 2d 1331, 1339 (D. Nev. 2004) (emphasis added) (citing <u>Epstein v. Wash.</u>

26 <u>Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996); quoting <u>W. Mining Council v. Watt,</u>

27
DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
28  FIRST AMENDED COMPLAINT - 9
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

643 F.2d 618, 624 (9th Cir. 1981)).  Identical to the pleadings previously rejected by this Court, Plaintiff's entire 2nd AFAC consists of precisely those "facts" which courts in the Ninth Circuit have suggested they should ignore– sweeping legal conclusions that Defendants have violated CEMA, CPA, CAN-SPAM and/or the Prize Statute, cast in the form of factual allegations.  There are virtually no "well-pleaded" facts for the Court to accept as true.

As evidenced by the foregoing, Plaintiff has failed to comply with the Court's July 9, 2007 Order.  Despite being given "one final opportunity," Plaintiff continues to fail to identify how each or any unique email is alleged to have violated CEMA, CPA, CAN-SPAM and/or the Prize Statute.  As discussed in Part I *supra*, this is all part of Plaintiff's scheme to avoid having to prove his case and instead to impose an enormous financial burden upon Defendants.

### 4.    Dismissal Under Fed. R. Civ. P. 41(b) is Appropriate

As a result of Plaintiff's repeated violations of Court orders and the Federal Rules of Civil Procedure, Defendants have been prejudiced and forced to expend in excess of one hundred thousand dollars on their legal defense.  It is evident that Plaintiff has no intention of abiding by court orders or the Federal Rules of Civil Procedure.  As in Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047 (9th Cir. 1971), none of the actions taken by the Court to date have accomplished compliance.  A District Judge need not exhaust all available sanctions short of dismissal before finally dismissing a case.  Von Poppenheim, 442 F.2d at 1053-1054; see also McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Where, as in this case, the record indicates that Plaintiff's continued noncompliance is not the result of misunderstanding or inadvertence, but rather a result of a conscious and deliberate decision, dismissal of the action is appropriate.  See O'Brien, 315 F.2d 637 (9th Cir. 1963).  In light of the foregoing, Plaintiff's 2nd AFAC should be dismissed, in its

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 10
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

1   entirety, with prejudice.

2

3       **B.     The 2nd AFAC Must Be Dismissed**
            **Under Fed. R. Civ. P. 12(b)(1)(2) & (6)**
4
    Plaintiff's 2nd AFAC is nearly identical to his FAC, except for Sections 4.3.3, 4.3.4 and
5
    4.3.5 relating to damages under the Prize Statute.  As a result, Defendants renew their
6
    prior motion to dismiss under Fed. R. Civ. P. 12(b)(1), (2) and (6), and respectfully
7
    refer the Court to Defendants' previous briefings[7] in support of the prior motions to
8
    dismiss the FAC on these grounds.
9

10
                              **IV.  CONCLUSION**
11
            In light of the foregoing arguments, Plaintiff's Second Amended First Amended
12
    Complaint should be dismissed, in its entirety, with prejudice.  Defendants respectfully
13
    requests that the Court:  1) dismiss Plaintiff's Second Amended First Amended
14
    Complaint, in its entirety, with prejudice;  and 2) award Defendants their costs and fees
15
    incurred in this action.
16
    RESPECTFULLY SUBMITTED, this 20th day of September, 2007.
17

18

19                          KLEIN ZELMAN ROTHERMEL LLP

20

21              By: _____
                    Sean A. Moynihan, admitted *pro hac vice*
22                  Stacy K. Wolery, admitted *pro hac vice*
                    Attorneys for Defendants Impulse Marketing
23                  Group, Inc., Jeffrey Goldstein, Kenneth
                    Adamson and Phillip Huston

24   _____

25          [7](Impulse, Goldstein and Adamson Mot. to Dismiss the 1st Am. Compl., dated Aug. 31,

26   2007); (Huston Mot. to Dismiss the 1st Am. Compl., dated Jan. 2, 2007).

27   DEFENDANTS' MEMORANDUM IN SUPPORT OF          KLEIN ZELMAN ROTHERMEL, LLP
     THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED   485 MADISON AVENUE, 15TH FLOOR
28   FIRST AMENDED COMPLAINT - 11                  NEW YORK, NEW YORK 10022
        00085432;1                                 (212) 935-6020

LIEBLER, CONNOR, IVEY, BERRY
& ST. HILAIRE


By: _____
    Floyd E. Ivey
    Local Counsel for Defendants Impulse
    Marketing Group, Inc., Jeffrey Goldstein,
    Kenneth Adamson and Phillip Huston

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 12
 00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020

## CERTIFICATE OF SERVICE

I, hereby, certify that on September 20, 2007, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Memorandum in Support of Defendants' Motion to Dismiss the Second Amended First Amended Complaint: Robert J. Siegel, Floyd E. Ivey and Sean A. Moynihan. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means:

Bonnie Gordon
9804 Buckingham Drive
Pasco, WA 99301

Jonathan Gordon
9804 Buckingham Drive
Pasco, WA 99301

James S. Gordon, III
9804 Buckingham Drive
Pasco, WA 99301

Robert Pritchett
1952 Thayer Drive
Richland, WA 99354

Jamila Gordon
9804 Buckingham Drive
Pasco, WA 99301

Emily Abbey
1407 2nd Avenue West, # 608
Seattle, WA 98119

Hon. Harold D. Clarke, Jr.
Special Discovery Master
Algeo Clarke & Erickson
E 102 Baldwin
Spokane, WA 99207

_____
Stacy K. Wolery, Esq.
Attorney for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein,
Phillip Huston and Kenneth Adamson

DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFFS' 2ND AMENDED
FIRST AMENDED COMPLAINT - 13
00085432;1

KLEIN ZELMAN ROTHERMEL, LLP
485 MADISON AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10022
(212) 935-6020