|   |   |
|---|---|
| 1 | Hon. Fred Van Sickle |
| 2 | Liebler, Ivey, Connor, Berry & St. Hilaire<br>By: Floyd E. Ivey |
| 3 | 1141 N. Edison, Suite C<br>P.O. Box 6125 |
| 4 | Kennewick, WA 99336<br>*Local Counsel for Defendants Impulse Marketing Group, Inc.,* |
| 5 | *Jeffrey Goldstein, Phillip Huston and Kenneth Adamson* |
| 6 | Klein Zelman Rothermel LLP<br>By: Sean A. Moynihan |
| 7 | 485 Madison Avenue, 15th Floor<br>New York, NY 10022 |
| 8 | (212) 935-6020<br>*Attorneys for Defendants Impulse Marketing Group, Inc.,* |
| 9 | *Jeffrey Goldstein, Phillip Huston and Kenneth Adamson* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON
# AT RICHLAND

| James S. Gordon, Jr., | ) Case No.: CV-04-5125-FVS |
|---|---|
| Plaintiff, | ) |
| | ) DEFENDANTS' |
| v. | ) REPLY MEMORANDUM |
| | ) IN FURTHER SUPPORT OF |
| | ) THEIR MOTION |
| Impulse Marketing Group, Inc., | ) TO DISMISS THE SECOND |
| Jeffrey Goldstein, Phillip Huston, | ) AMENDED FIRST AMENDED |
| and Kenneth Adamson, | ) COMPLAINT |
| Defendants. | ) |
| _____ | ) |
| Impulse Marketing Group, Inc., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| Bonnie F. Gordon, Jamila Gordon, | ) |
| James Gordon, III, and Jonathan Gordon, | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

00086390;1

## I. PRELIMINARY STATEMENT

Defendants Impulse Marketing Group, Inc. ("Impulse"), Jeffrey Goldstein ("Goldstein"), Phillip Huston ("Huston") and Kenneth Adamson ("Adamson") (collectively, "Defendants") hereby submit this reply memorandum in further support of their motion to dismiss Plaintiff's Second Amended First Amended Complaint (the "2nd AFAC").

## II. INTRODUCTION

Plaintiff claims in his Response to Motion to Dismiss Second Amended First Amended Complaint ("Response")[1] that Defendants' motion to dismiss pursuant to Fed.R.Civ.P.41(b) and Fed.R.Civ.P.12(b)(1)(2)(6) fails because Plaintiff's Second Amended First Amended Complaint ("2nd AFAC"), filed on July 30, 2007, fully complied with the Court's Order dated July 9, 2007 (the "July 9th Order").[2] Plaintiff not only claims that he has fully complied with the July 9th Order, he also claims in his Response to have provided more information in his 2nd AFAC than he was required to by the Court in the July 9th Order. For the reasons provided herein, and those provided in Defendants' Memorandum in Support of their Motion to Dismiss the Second Amended First Amended Complaint ("Motion to Dismiss"), Plaintiff's scattershot approach to amending his complaint, while consistent with his scheme to

---

[1] The Response is #536 on an already voluminous docket. For a detailed description of the procedural history relevant to the instant motion, Defendants respectfully refer the Court to the Declaration of Stacy K. Wolery in Support of Defendants' Motion to Dismiss the Second Amended First Amended Complaint dated September 20, 2007 ("Wolery Decl.").

[2] Pursuant to the July 9th Order, Plaintiff's 2nd AFAC was to be filed no later than July 29, 2007. (Wolery Decl. ¶¶15-16). Although only filed a day late, it is further evidence of Plaintiff's chronic noncompliance with orders issued by the Court.

00086390;1

prolong litigation with the intention of inducing a settlement[3], does not comply with the July 9th Order. Plaintiff is continuing his "hide the ball" tactics in an attempt to shift the cost of litigation entirely upon the Defendants. In doing so, Plaintiff has failed to comply with any of the clearly defined requirements set forth in the July 9th Order. As a result, his claim of compliance is without merit and his 2nd AFAC, described by the Court as his "one final opportunity," should be dismissed, in its entirety, with prejudice.

## III.  ARGUMENT

### 1.     The 2nd AFAC Fails to Comply with the Court's Order

Pursuant to the July 9th Order, Plaintiff was given "one final opportunity to remedy his vague complaint." (July 9th Order at 2-3.) The manner in which Plaintiff was to "remedy his vague complaint" was clearly set forth in the July 9th Order. Plaintiff was ordered to file "an amended pleading setting forth: a) the number of emails at issue; b) the time frame during which the emails were sent; c) the addresses and domain names that received the emails; and d) a brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails." (July 9, 2007 Order at 2-3.) Despite Plaintiff's claims to the contrary, Plaintiff's 2nd AFAC does not comply with the July 9th Order.

First, Plaintiff was ordered to set forth in his 2nd AFAC "[t]he number of emails at issue." (July 9th Order at 2.)  Plaintiff failed to do as he was ordered. Instead, Plaintiff claims he complied with this requirement of the July 9th Order by submitting a CD (Exhibit "A") along with its 2nd AFAC. This CD contains nearly two thousand pages of emails allegedly sent by Defendants. In his Response, Plaintiff attempts to portray the inclusion of this CD full of emails as not only complying with the July 9th Order, but as going "above and beyond" what had been required by the Court. (Response at 2.) Not

---

[3]See Pl.'s Resp. Opp'n Impulse, Goldstein & Adamson Mot. Dismiss at 17. For a description of Plaintiff's pattern of misconduct in this action, see "Summary of Violations" section in Def. Memo. in Support of Motion to Dismiss ("Memo at 5-6.)

00086390;1

only has Plaintiff not gone "above and beyond" the July 9th Order, he has failed to comply with the Order. The purpose of the Order was to allow Plaintiff one last chance to remedy a vague complaint. A CD crammed with thousands of emails does not accomplish that purpose. Plaintiff has <u>not</u> identified the number of emails at issue. He has merely attempted to create additional work for the Defendants.

As noted previously by Defendants in their Memorandum in Support of Motion to Dismiss, the 2nd AFAC itself creates only further confusion regarding the number of alleged emails at issue. Section 4.1.1 refers to "thousands" of emails; Section 3.7, 3.15, 3.16, 4.1.2, 4.2.2, 4.2.3 and 4.3.2 refer to "numerous" emails; and Section 4.1.3 refers to at least one (1)" email. (2nd AFAC at 11-12). Taken together, the 2nd AFAC and CD exhibit do not comply with the first requirement of the July 9th Order.

Second, Plaintiff was ordered to set forth in his 2nd AFAC "[t]he time frame during which the emails were sent." (July 9th Order at 2.) Plaintiff has failed to do as he was ordered. Instead, Plaintiff claims in his response that the CD exhibit containing the thousands of emails complies with this requirement. Plaintiff has not complied with this requirement. Merely providing a CD packed with emails fails to provide Defendants with a set time frame during which the emails at issue were allegedly sent. In addition, the 2nd AFAC itself provides no clear time frame. Instead, the 2nd AFAC merely alleges that Defendants "initiated the transmission of numerous commercial email messages" and have continued to "send commercial mail up until June 1, 2007" and "throughout the pendency of the litigation." (2nd AFAC ¶¶ 3.7-3.8.) Simply put, Plaintiff has <u>not</u> set forth a defined time frame. during which the emails were allegedly sent.

Third, Plaintiff was ordered to set forth in his 2nd AFAC "[t]he addresses and domain names that received the emails." (July 9th Order at 2.) Plaintiff has failed to do as he was ordered. Instead, Plaintiff again claims in his Response that his CD full of emails satisfies this requirement. Plaintiff's claim is without merit. Rather than clarify his vague complaint by specifically setting forth the addresses and domain names as he was

00086390;1

1  ordered to do, he has taken what can best be described as a "you figure it out"
2  approach and has simply pointed to the CD. This approach does <u>not</u> accomplish the
3  goal of the Order, which was to clarify the vague complaint in a way that would allow
4  the litigation to proceed in a "meaningful way." (July 9th Order at 2.)

5       Finally, Plaintiff was ordered to set forth in his 2nd AFAC a "brief summary of
6  the *factual basis* upon which the Plaintiff claims that Impulse sent the emails." (July 9th
7  Order at 20-3.) Plaintiff has failed to do as he was ordered, even though Plaintiff claims
8  in his response that complying with this requirement "was not difficult." (Response at
9  3) However, for the reasons set forth in Defendants' Motion to Dismiss, the 2nd AFAC,
10 like the Original Complaint and the FAC, contains virtually no "well-pleaded" facts that
11 support the sweeping legal conclusions regarding the emails allegedly sent by
12 Defendants. (See Motion to Dismiss at 9-10.)

14     2.  <u>The 2nd AFAC Should be Dismissed Under Fed.R.Civ.P.41(b) and Fed.R.Civ.P.12(b)(1)(2) & (6)</u>

16      The Court has the power to dismiss a claim with prejudice for failure to comply
17 with an order of the court." <u>Van Bronkhorst v. Safeco Corp.</u>, 529 F.2d 943, 943;
18 <u>O'Brien v. Sinatra</u>, 315 F.2d 637, 637 (9th Cir. 1963). The record is crowded with
19 examples of Plaintiff's noncompliance. His failure to properly comply with the July 9th
20 Order, his "one final opportunity," is merely the latest example. Based on record,
21 Plaintiff's noncompliance is not the result of misunderstanding, but rather a result of a
22 conscious and deliberate decision. For this reason, dismissal of the complaint in its
23 entirety is appropriate under Fed.R.Civ.P.41(b). <u>See</u> <u>O'Brien,</u> 315 F.2d 637 (9th Cir.
24 1963).

25      Finally, because the 2nd AFAC, even with the addition of the CD exhibit, remains
26 nearly identical to the FAC, Defendants renew their prior motion to dismiss

28 under Fed.R.Civ.P.12(b)(1)(2) & (6) and respectfully refer the Court to the applicable
   00086390;1

1  briefings.

## IV.  CONCLUSION

In light of the foregoing arguments, and the arguments set forth in Defendants' Memorandum in Support of Their Motion to Dismiss the Second Amended First Amended Complaint, Plaintiff's Second Amended First Amended Complaint should be dismissed under  Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 12(b)(1), (2) and (6). Defendants respectfully requests that the Court:  1) dismiss Plaintiff's Second Amended First Amended Complaint, in its entirety, with prejudice;  and 2) award Defendants their costs and fees incurred in this action.

RESPECTFULLY SUBMITTED, this 12th day of October, 2007.

KLEIN ZELMAN ROTHERMEL LLP

S/ SEAN A. MOYNIHAN
By:_____
Sean A. Moynihan, admitted *pro hac vice*
Attorneys for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Kenneth Adamson and Phillip Huston

LIEBLER, CONNOR, IVEY, BERRY
& ST. HILAIRE

S/ FLOYD E. IVEY
By:_____
Floyd E. Ivey
Local Counsel for Defendants Impulse Marketing Group, Inc., Jeffrey Goldstein, Kenneth Adamson and Phillip Huston

00086390;1

# **CERTIFICATE OF SERVICE**

I, hereby, certify that on October 12, 2007, I electronically filed this pleading with this Court. The Clerk of the Court will provide electronic notification using the CM/ECF system, which will send an electronic copy of the Defendants' Reply Memorandum in Further Support of Defendants' Motion to Dismiss the Second Amended First Amended Complaint: Robert J. Siegel and Sean A. Moynihan. I hereby certify that I have served the forgoing to the following non-CM/ECF participants by other means:

> Bonnie Gordon
> 9804 Buckingham Drive
> Pasco, WA 99301
>
> Jonathan Gordon
> 9804 Buckingham Drive
> Pasco, WA 99301
>
> James S. Gordon, III
> 9804 Buckingham Drive
> Pasco, WA 99301
>
> Robert Pritchett
> 1952 Thayer Drive
> Richland, WA 99354
>
> Jamila Gordon
> 9804 Buckingham Drive
> Pasco, WA 99301
>
> Emily Abbey
> 1407 2nd Avenue West, #608
> Seattle, WA 98119
>
> Hon. Harold D. Clarke, Jr.
> Special Discovery Master
> Algeo Clarke & Erickson
> E 102 Baldwin
> Spokane, WA 99207

S/ FLOYD E. IVEY

_____
Floyd E. Ivey, Esq.
Local Counsel for Defendants Impulse
Marketing Group, Inc., Jeffrey Goldstein,
Phillip Huston and Kenneth Adamson

00086390;1