UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR.,

        Plaintiff,

v.

IMPULSE MARKETING GROUP, INC., JEFFREY GOLDSTEIN, individually and as part of his marital community, PHILLIP HUSTON, individually and as part of his marital community, KENNETH ADAMSON, and JOHN DOES I-X,

        Defendants.

No. CV-04-5125-FVS

ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss the Second Amended First Amended Complaint, Ct. Rec. 531. The Plaintiff is proceeding pro se. The Defendants are represented by Floyd E. Ivey and Sean A. Moynihan.

The Court has previously held that the Plaintiff's complaint must identify four categories of information in order to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. It has twice permitted the Plaintiff to amend his pleadings in order to provide this information. The Plaintiff has failed to do so. The case will accordingly be dismissed.

**BACKGROUND**

On May 14, 2007, the Court denied the Defendants' motion to

dismiss the Plaintiff's First Amended Complaint ("FAC"). Order Granting In Part and Denying In Part Defendants' Motion to Dismiss, Ct. Rec. 482 ("May 14 Order"). The Court expressed concern, however, that the FAC relied upon vague statements and conclusory allegations. *Id*. at 11. Specifically, the Court found that the FAC's failure to identify the emails at issue rendered it impossible for the Defendants to frame a responsive pleading. It also found that, without a more particular description of the emails, the Plaintiff's claims could easily become a moving target. *Id*. at 12-13. The Court accordingly directed the Plaintiff to file a more definite statement identifying:

    a) The number of emails at issue;

    b) The time frame during which the emails were sent;

    c) The addresses and domain names that received the emails; and

    d) A brief summary of the factual basis upon which the Plaintiff claims that Impulse sent the emails.

*Id.* at 14.

The Plaintiff filed a more definite statement on June 22, 2007, Ct. Rec. 500. Like the FAC, it failed to limit the Plaintiff's claims to "a particular set of emails during a particular period of time." Order Vacating Scheduling Conference, Ct. Rec. 512 at 2. The Court ordered the Plaintiff to file an amended pleading setting forth the information described in its May 14 Order, thereby giving the Plaintiff "one final opportunity to remedy his vague complaint." *Id.* at 2-3.

The Plaintiff thereafter filed his Amended First Amended Complaint, Ct. Rec. 513 ("AFAC"). The AFAC differs from the FAC in

only two respects of significance. First, it alleges that the Plaintiff suffered damages as a result of the Defendants' violations of Washington's Prize Statute. AFAC ¶¶ 4.3.3-4.3.5. Second, three exhibits are attached to the AFAC. Exhibit A consists of a compact disc containing a software program and all of the emails at issue in this litigation. AFAC ¶ 3.8. Exhibit B consists of three requests the Plaintiff sent to the Defendants asking them to stop sending him commercial emails. *Id.* ¶ 3.9. Exhibit C consists of "a series of examples of emails from Defendants." *Id.* ¶ 3.17.

Before the Defendants filed their response to the Amended First Amended Complaint, the Plaintiff's attorneys moved to withdraw. The Court found that, under the circumstances presented in the motion to withdraw, further vigorous legal representation would be impossible. It accordingly granted the motion and stayed the action for 60 days in order to enable the Plaintiff to obtain new counsel. (Ct. Rec. 552.) The Plaintiff has not obtained new counsel.

The Defendants move to dismiss the AFAC on the grounds that it fails to comply with either the requirements of Rule 8 or this Court's prior orders. The Court agrees. As noted above, the AFAC is substantially identical to the FAC. While the Plaintiff's complaint now appears to state a cause of action under Washington's Prize Statute, RCW § 19.170 *et seq.*, it continues to rely upon vague allegations. It also fails to "limit his claims to a particular set of emails sent during a particular period of time." Order Vacating Scheduling Conference, Ct. Rec. 512 at 2.

Attachment A compounds rather than cures these defects. A

pleading burdened with thousands of attachments is neither short nor plain. The emails themselves are a proper subject for discovery, summary judgment, and trial. It is neither necessary nor appropriate to include each and every one of them in the complaint. The AFAC's sheer volume renders it unusable.

Nor does the Plaintiff's second response to the Defendants' motion to dismiss save the AFAC from dismissal. One week after the Defendants filed their reply in support of the motion to dismiss, the Plaintiff filed a Response to Defendant's Motion to Dismiss the Second Amended First Amended Complaint. (Ct. Rec. 551.) Rather than arguing that the AFAC satisfies Rule 8, this unauthorized surreply seeks to provide the information originally requested in the Court's May 14 Order. However, a plaintiff may not cure the deficiencies of his or her complaint by supplementing it in response to a motion to dismiss. *See Broan v. Bogan*, 320 F.3d 1023, 1027 n. 1 (9th Cir. 2003)(explaining, "Facts raised for the first time in plaintiff's opposition papers should not be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.") Precedent therefore indicates that the Court may not consider the Plaintiff's second response brief in ruling on the Defendants' motion to dismiss the AFAC.

More importantly, it would be unjust to permit the Plaintiff to "save" his complaint with an eleventh-hour filing. The parties have devoted a substantial amount of time, money, and energy to litigating the adequacy of the Plaintiff's FAC and AFAC. The Court has given the Plaintiff multiple opportunities to cure the defects identified by the

Defendants.  Having failed to take advantage of these opportunities, the Plaintiff may not prolong the litigation indefinitely through belated compliance.  The AFAC will be accordingly be dismissed.  The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion to Dismiss the Second Amended First Amended Complaint, **Ct. Rec. 531,** is **GRANTED.**

2. The outstanding Motion to Compel, **Ct. Rec. 391,** is **DENIED AS MOOT.**

3. This action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel **and the Plaintiff**, and **CLOSE THE FILE.**

**DATED** this  17th  day of July, 2008.

s/ Fred Van Sickle  
Fred Van Sickle  
Senior United States District Judge