UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR.,

    Plaintiff,

    v.

IMPULSE MARKETING, INC., JEFFREY GOLDSTEIN, PHILLIP HUSTON, and KENNETH ADAMSON,

    Defendants.

No. CV-04-5125-FVS

ORDER DENYING PLAINTIFF'S RULE 60(B) MOTION TO VACATE JUDGMENT

**THIS MATTER** comes before the Court on the Plaintiff's Rule 60(b) Motion To Vacate Judgment. (Ct. Rec. 564). Plaintiff is proceeding pro se. Defendants are represented by Floyd E. Ivey and Sean A. Moynihan.

**BACKGROUND**

Plaintiff, James Gordon, is a Washington resident and the registered user of the internet domain name "gordonworks.com." Defendants are Impulse Marketing Group, Inc. ("Impulse"), a Nevada corporation, and three of its employees, Kenneth Adamson, Jeffrey Goldstein, and Phil Huston. Impulse is an electronic marketing company that transacts business in Washington by sending commercial electronic mail messages (email) to Washington state residents. Impulse operates by collecting personally identifiable information from individuals who sign up to receive free products and/or services at websites run by Impulse and/or its marketing partners. In consideration for receiving free products and/or services from an

ORDER . . . - 1

Impulse related website, it requires that individuals using its websites agree to submit accurate personal subscriber information ("Subscriber Profiles"). By submitting their Subscriber Profiles, individuals grant Impulse the right to transfer the Subscriber Profiles to third parties for marketing purposes. Impulse Marketing derives revenue from the licensing and/or use of accurate Subscriber Profiles.

Plaintiff initiated the present lawsuit on November 23, 2004, alleging that Impulse violated Washington's Commercial Electronic Mail Act ("CEMA"), RCW § 19.190 et seq., and Washington's Consumer Protection Act ("CPA"), RCW § 19.86 et seq., by initiating and/or conspiring with others to initiate unsolicited commercial emails to various addresses at Plaintiff's domain, "gordonworks.com". Defendants moved to dismiss the complaint on January 26, 2005, but the Court denied this motion. (Ct. Rec. 2; Ct. Rec. 38).

On March 29, 2006, Plaintiff sought permission to amend the complaint. (Ct. Rec. 313). Plaintiff sought to add claims under the Federal CAN-SPAM Act (15 U.S.C. § 7701 et seq.), Washington's Deceptive Offers statute (RCW 19.170), Washington's Identity Crimes statute (RCW 9.35), and a new provision of CEMA (R.C.W. § 19.190.080). Plaintiff also sought to add additional defendants, Jeffrey Goldstein, Kenneth Adamson, and Phillip Huston, officers and/or directors of Impulse. On May 2, 2006, the Court granted Plaintiff leave to amend the complaint to include the additional claims and Defendants, but denied their request to name an additional party plaintiff. (Ct. Rec. 356).

ORDER . . . - 2

Plaintiff filed his First Amended Complaint ("FAC") on June 13, 2006. (Ct. Rec. 384). On August 31, 2006, Defendants moved to dismiss the FAC on a number of grounds. Without seeking leave of the Court, Plaintiff filed a Second Amended Complaint ("SAC"), (Ct. Rec. 448-3), along with a response to the motion to dismiss. Defendants objected to the SAC as an unauthorized pleading. Plaintiff then sought leave to file the SAC. The Court denied Plaintiff's request to file the SAC, but granted Plaintiff leave to plead damages for his Prize Statute claim.

On May 14, 2007, the Court denied Defendants' motion to dismiss the FAC. (Ct. Rec. 553). The Court expressed concern, however, that the FAC relied upon vague statements and conclusory allegations. *Id*. at 11. Plaintiff filed a more definite statement on June 22, 2007. (Ct. Rec. 500). Like the FAC, it failed to limit Plaintiff's claims to "a particular set of emails during a particular period of time." (Ct. Rec. 512 at 2). The Court ordered Plaintiff to file an amended pleading setting forth the information described in its May 14 Order, thereby giving Plaintiff "one final opportunity to remedy his vague complaint." *Id*. at 2-3.

Plaintiff thereafter filed his Amended First Amended Complaint ("AFAC"). (Ct. Rec. 513). The AFAC differed from the FAC in only two respects of significance. First, it alleged that Plaintiff suffered damages as a result of Defendants' violations of Washington's Prize Statute. AFAC ¶¶ 4.3.3-4.3.5. Second, three exhibits were attached to the AFAC. Exhibit A consisted of a compact disc containing a software program and all of the emails at issue in

this litigation. AFAC ¶ 3.8. Exhibit B consisted of three requests Plaintiff sent to Defendants asking them to stop sending him commercial emails. *Id.* ¶ 3.9. Exhibit C consisted of "a series of examples of emails from Defendants." *Id.* ¶ 3.17.

Defendants moved to dismiss the AFAC on the grounds that it failed to comply with either the requirements of Rule 8 or this Court's prior orders. The Court agreed and issued an order of dismissal, with prejudice, on July 17, 2008, in favor of Defendants on all causes of action. (Ct. Rec. 553). Defense counsel subsequently moved for an award of reasonable attorney's fees, and the Court granted Defendant's request, in part, on September 23, 2008. (Ct. Rec. 561). Plaintiff now moves the Court to vacate the judgment rendered in this case pursuant to Federal Rule of Civil Procedure 60(b).

**DISCUSSION**

Plaintiff's basis for reconsideration is the "propensity on the part of defendant's counsel to deny, lie, confuse, or obscure the truth." (Ct. Rec. 564 at 8). Plaintiff requests that the Court vacate the judgment due to fraud or misrepresentation of counsel. *Id*. Reconsideration is available under Rule 60(b) upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Here, Plaintiff fails to present a valid basis for Rule 60(b) relief. Plaintiff has demonstrated no new or different facts or circumstances, newly discovered evidence, or mistake,

inadvertence, surprise, or excusable neglect to warrant reconsideration. Nor has he alleged that relief is appropriate under Rule 60(b)(4)-(6). Plaintiff's allegations of defense counsel fraud are unsubstantiated and do not provided a basis for this Court to reconsider its judgment in this matter. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's motion for reconsideration (**Ct. Rec. 564**) is **DENIED**.

All pending motions, specifically **Ct. Rec. 573** and **Ct. Rec. 575**, are **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel for Defendants **and to Plaintiff**.

**DATED** this ___21st___ day of October, 2008.

                          S/Fred Van Sickle
                            Fred Van Sickle
              Senior United States District Judge